1  ELLIN DAVTYAN (238608)
   General Counsel
2  KIRSTEN GALLER (227171)
   Deputy General Counsel
3  JENNIFER SPERLING (310551)
   Assistant General Counsel
4  OFFICE OF GENERAL COUNSEL
   THE STATE BAR OF CALIFORNIA
5  845 South Figueroa Street
   Los Angeles, CA 90017
6  Tel.: (213) 765-1000
   Fax: (415) 538-2321
7  jennifer.sperling@calbar.ca.gov

8

9  Attorneys for Defendants,
   KRISTINA CHARLES, erroneously sued as "KRISTIN
10 CHARLES"; LOUISA AYRAPETYAN; BRANDON N.
   STALLINGS
11

12              UNITED STATES DISTRICT COURT

13            EASTERN DISTRICT OF CALIFORNIA

14 PAUL V. SINGER, in individual,          Case No.:  1:25-cv-00532-KES-SAB

15              Plaintiff,                 **DEFENDANTS KRISTINA CHARLES,**
                                           **LOUISA AYRAPETYAN, BRANDON N.**
16 vs.                                     **STALLINGS' NOTICE OF MOTION**
                                           **AND MOTION TO DISMISS**
17 CRAIG C.O. WATERS ESQ., et al.          **PLAINTIFF'S COMPLAINT;**
                                           **MEMORANDUM OF POINTS AND**
18              Defendants.                **AUTHORITIES IN SUPPORT**
                                           **THEREOF**
19
                                           DATE:        August 4, 2025
20                                         TIME:        1:30 p.m.
                                           JUDGE:       Hon. Kirk E. Sherriff
21                                         COURTROOM:   6, 7th Floor

22

23

24

25

26

27

28

---

1

## NOTICE OF MOTION AND MOTION TO DISMISS

2    TO PLAINTIFF, IN PRO PER, AND ALL PARTIES:

3        PLEASE TAKE NOTICE THAT ON August 4, 2025, at 1:30 p.m., in the Courtroom of

4    the Honorable Kirk E. Sherriff, Courtroom 6, 7th Floor, Robert E. Coyle United States

5    Courthouse, 2500 Tulare Street, Fresno, California, counsel for Defendants Kristina Charles,

6    Louisa Ayrapetyan, and Brandon Stallings ("State Bar Defendants") will and hereby do move

7    the Court for an Order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss

8    Plaintiff's Complaint as to Count One of the complaint, 42 U.S.C. § 1983, the only claim

9    against the State Bar Defendants.

10        The Motion is brought on the grounds, first, that the Plaintiff has not established that

11   subject matter jurisdiction exists against the State Bar Defendants sued in their official capacity

12   because the State Bar Defendants have Eleventh Amendment immunity to suit, therefore all

13   claims against the State Bar Defendants must be dismissed. *Pennhurst State Sch. & Hosp. v.*

14   *Halderman*, 465 U.S. 89, 100 (1984); *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th

15   Cir. 2023) (en banc). Additionally, the State Bar Defendants have absolute, quasi-judicial

16   immunity and/or qualified immunity. *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198

17   (9th Cir. 2021); *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995);

18   *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).

19        Second, even if the State Bar Defendants did not enjoy Eleventh Amendment immunity

20   in their official capacities, Plaintiff fails to state any tangible claim for relief against the State

21   Bar Defendants under 42 U.S.C. § 1983 because the State Bar Defendants' failure to investigate

22   or discipline another does not deprive the Plaintiff of any cognizable federal or constitutional

23   right. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because there is no violation of

24   rights, Plaintiff's request for punitive damages based on these allegations should be dismissed.

25   *Smith v. Wade*, 461 U.S. 30, 56 (1983). Nor can Plaintiff establish entitlement to the injunctive

26   relief he seeks, compelling government officials to investigate and discipline another. *Ex parte*

27   *Young*, 209 U.S. 123, 158 (1908).

28

Finally, Plaintiff is not entitled to attorney's fees because he is representing himself. *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011).

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I. C., pre-filing meet and confer is required in cases in which the parties are represented by counsel. Plaintiff is unrepresented in this matter. The State Bar is not required to meet and confer with unrepresented parties and did not do so in this case.

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I.A, the State Bar wishes to submit this motion for decision without oral argument.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, and oral arguments as may be presented to the Court, if oral argument is required.

Dated: June 9, 2025                        STATE BAR OF CALIFORNIA
                                           OFFICE OF THE GENERAL COUNSEL


                                           By: *JENNIFER SPERLING*
                                               JENNIFER SPERLING
                                               Assistant General Counsel
                                               Attorneys for Defendants,
                                               KRISTIN CHARLES, LOUISA AYRAPETYAN,
                                               BRANDON N. STALLINGS

# TABLE OF CONTENTS

I.    INTRODUCTION ...........................................................................................1

II.   FACTUAL BACKGROUND ........................................................................2

    A.   The State Bar of California Is the Administrative Arm of the California
       Supreme Court in Matters of Attorney Licensing and Discipline .....................2

    B.   Singer Alleges That He Was Damaged by the State Bar's Failure to
       Prosecute Attorney Craig Waters ...................................................................3

    C.   Singer Misnames the State Bar Defendants in the Complaint ....................3

III.  LEGAL STANDARD ....................................................................................5

IV.   ARGUMENT .................................................................................................6

    A.   The State Bar Defendants Are Entitled to Immunity ...............................6

       1.   The Eleventh Amendment to the United States Constitution Confers
          Immunity Upon State Bar Officials Sued in Their Official Capacity,
          and the Ex Parte Young Exception Is Inapplicable ...................................6

       2.   State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial
          Immunity .................................................................................................8

       3.   Defendants Charles, Ayrapetyan, and Stallings Are Entitled to
          Qualified Immunity ..................................................................................9

    B.   The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to
       State a Claim Upon Which Relief Can Be Granted ......................................11

       1.   Singer's First Cause of Action Under Section 1983 Should Be
          Dismissed Because It Fails as a Matter of Law........................................12

       2.   Singer Cannot Assert a Basis for Punitive Damages Against the State
          Bar Defendants in Their Individual Capacities ........................................14

       3.   Plaintiff Is Not Entitled to Injunctive Relief Because It Would
          Require the California Supreme Court to Discipline Waters .................15

       4.   Singer's Request for Attorney's Fees Fails As a Matter of Law.............15

    C.   The Complaint Should Be Dismissed Without Leave to Amend........................16

V.    CONCLUSION ............................................................................................17

# TABLE OF AUTHORITIES

**Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan*
    526 U.S. 40 (1999) ...........................................................................................12

*Ascon Properties, Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989) ........................................................................16

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) .....................................................................................9, 10

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .....................................................................................5, 12

*Ashelman v. Pope*
    793 F.2d 1072 (9th Cir. 1986) ....................................................................9, 12

*Bacon v. Woodward*
    104 F.4th 744 (9th Cir. 2024) ..........................................................................14

*Ballou v. McElvain*
    14 F.4th 1042 (9th Cir. 2021) ..........................................................................10

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) .......................................................................................5, 9

*Bennett v. People of State of Cal.*
    406 F.2d 36 (9th Cir. 1969) ..............................................................................13

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995) ..............................................................................16

*Breck v. Doyle*
    796 F. App'x 333 (9th Cir. 2019) ....................................................................13

*Byrd v. Maricopa Cnty. Sheriff's Dep't*
    629 F.3d 1135 (9th Cir. 2011) ...........................................................................5

*Cardenas v. Anzai*
    311 F.3d 929 (9th Cir. 2002) .............................................................................7

*Clark v. Coye*
    60 F.3d 600 (9th Cir. 1995) ..............................................................................15

*Clark v. Wash.*
    366 F.2d 678 (9th Cir. 1966) .............................................................................8

*Clegg v. Cult Awareness Network*
    18 F.3d 752 (9th Cir. 1994) ...............................................................................5

*Curry v. Yelp Inc.*
    875 F.3d 1219 (9th Cir. 2017) ...........................................................................6

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*
  489 U.S. 189 (1989) ............................................................................................11, 13

*Doe v. Lawrence Livermore Nat. Lab'y*
  131 F.3d 836 (9th Cir. 1997) ..............................................................................7

*Edelman v. Jordan*
  415 U.S. 651 (1974) .............................................................................................6

*Evans v. Skolnik*
  997 F.3d 1060 (9th Cir. 2021) ............................................................................10

*Ex parte Young*
  209 U.S. 123 (1908) .........................................................................................8, 15

*Felarca v. Birgeneau*
  891 F.3d 809 (9th Cir. 2018) ..............................................................................12

*Friedman v. Arizona*
  912 F.2d 328 (9th Cir. 1990) ..............................................................................16

*Gompper v. VISX, Inc.*
  298 F.3d 893 (9th Cir. 2002) ..............................................................................16

*Gonzalez v. Kangas*
  814 F.2d 1411 (9th Cir. 1987) ............................................................................16

*Hilton v. City of Wheeling*
  209 F.3d 1005 (7th Cir. 2000) ............................................................................10

*Hirsh v. Justices of Supreme Ct. of State of Cal.*
  67 F.3d 708 (9th Cir. 1995) ..............................................................................7, 8

*In re Att'y Disc. Sys.*
  19 Cal. 4th 582 (1998) ......................................................................................2, 15

*In re Rose*
  22 Cal. 4th 430 (2000) ......................................................................................2, 15

*Ivey v. Bd. Of Regents of Univ. of Alaska*
  673 F.2d 266 (9th Cir. 1982) ..............................................................................12

*J.K.J. v. City of San Diego*
  17 F.4th 1247 (9th Cir. 2021) ............................................................................10

*Jeffers v. Gomez*
  267 F.3d 895 (9th Cir. 2001) ................................................................................9

*Jessop v. City of Fresno*
  936 F.3d 937 (9th Cir. 2019) ..............................................................................10

*Johnson v. Riverside Healthcare Sys., LP*
  534 F.3d 1116 (9th Cir. 2008) ..........................................................................5, 6

*Kay v. Ehrler*
  499 U.S. 432 (1991) ............................................................................................16

*Kohn v. State Bar of California*
   87 F.4th 1023 (9th Cir. 2023) ................................................................3, 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*
   511 U.S. 375 (1994) ...................................................................................5

*L.F. v. Lake Wash. Sch. Dist. #414*
   947 F.3d 621 (9th Cir. 2020) .....................................................................14

*L.W. v. Grubbs*
   974 F.2d 119 (9th Cir. 1992) .....................................................................10

*Levanti v. Tippen*
   585 F. Supp. 499 (S.D. Cal. 1984) .............................................................8

*Linda R. S. v. Richard D.*
   410 U.S. 614 (1973) ...........................................................................10, 13

*Lund v. Cowan*
   5 F.4th 964 (9th Cir. 2021) .........................................................................7

*Miller v. Rykoff-Sexton, Inc.*
   845 F.2d 209 (9th Cir. 1998) .....................................................................16

*Mireles v. Waco*
   502 U.S. 9 (1991) .......................................................................................9

*Missouri v. Fiske*
   290 U.S. 18 (1933) .....................................................................................6

*Newland v. Dalton*
   81 F.3d 904 (9th Cir. 1996) .......................................................................16

*O'Connor v. State of Nev.*
   686 F.2d 749 (9th Cir. 1982) .....................................................................13

*Pearson v. Callahan*
   555 U.S. 223 (2009) ...................................................................................9

*Pennhurst State Sch. & Hosp. v. Halderman*
   465 U.S. 89 (1984) .....................................................................................6

*Putman v. State Bar of Cal.*
   2010 WL 3070435 (C.D. Cal. 2010) ..........................................................7

*Rickley v. Cnty. of Los Angeles*
   654 F.3d 950 (9th Cir. 2011) .....................................................................16

*Rodriguez v. Newsom*
   974 F.3d 998 (9th Cir. 2020) ...............................................................11, 13

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
   910 F.2d 561 (9th Cir. 1990) .................................................................2, 15

*Sato v. Orange County Dep't of Educ.*
   861 F.3d 923 (9th Cir. 2017) .....................................................................6

*Savage v. Glendale Union High Sch.*
   343 F.3d 1036 (9th Cir. 2003) ............................................................................5

*Saved Mag. v. Spokane Police Dept.*
   19 F.4th 1193 (9th Cir. 2021) ............................................................................9

*Scott v. Breeland*
   792 F.2d 925 (9th Cir. 1986) ............................................................................5

*Smith v. Arkansas State Highway Emp., Loc.,* 1315
   441 U.S. 463 (1979) ............................................................................13

*Smith v. Wade*
   461 U.S. 30 (1983) ............................................................................14

*Sweaney v. Ada Cnty., Idaho*
   119 F.3d 1385 (9th Cir. 1997) ............................................................................14

*Town of Castle Rock v. Gonzales*
   545 U.S. 748 (2005) ............................................................................11, 13

*United States v. Nogueira*
   403 F.2d 816 (9th Cir. 1968) ............................................................................8, 15

*Whittlestone, Inc. v. Handi-Craft Co.*
   618 F.3d 970 (9th Cir. 2010) ............................................................................16

*Will v. Mich. Dep't. of State Police*
   491 U.S. 58 (1989) ............................................................................3, 6, 7, 12

*Ybarra v. Bastian*
   647 F.2d 891 (9th Cir. 1981) ............................................................................14

**Statutes**

42 U.S.C. § 1983 ............................................................................passim

42 U.S.C. § 1988 ............................................................................3, 15, 16

Cal. Bus. & Prof. Code § 6001 ............................................................................2

Cal. Bus. & Prof. Code § 6044 ............................................................................2, 8, 15

Cal. Bus. & Prof. Code § 6070 ............................................................................2, 15

Cal. Bus. & Prof. Code § 6079.5 ............................................................................2

Cal. Bus. & Prof. Code § 6086.1 ............................................................................2

Cal. Bus. & Prof. Code § 6086.5 ............................................................................2, 8, 15

Fed. R. Civ. P. 12 ............................................................................1, 5, 6, 16

Fed. R. Civ. P. 60 ............................................................................4

**Rules**

Rules Proc. of State Bar, rule 2101 ............................................................2

Rules Proc. of State Bar, rule 2401 ............................................................2

Rules Proc. of State Bar, rule 2402 ....................................................2, 8, 15

Rules Proc. of State Bar, rule 2601 ............................................................2

**California Constitutional Provisions**

Cal. Const., art. VI, § 9............................................................................2

Motion to Dismiss Plaintiff's Complaint                    Case No. 1:25-cv-00532-KES-SAB

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

This action arises out of grievances that Plaintiff Paul V. Singer ("Singer") has against defendant Craig C.O. Waters, an attorney who is alleged to have made false statements to the court and to Singer in connection with a breach of contract dispute in which Waters represented the other party to the contract. Based on Waters' conduct, Singer filed a complaint with the State Bar of California ("State Bar"). The State Bar closed the complaint without recommending discipline.

Following closure of the complaint, Singer filed this lawsuit naming three State Bar officials and employees, Kristina Charles, Louisa Ayrapetyan, and Brandon Stallings, (together, the "State Bar Defendants") in a single cause of action under 42 U.S.C. § 1983. Plaintiff also asks that the Court to impose punitive damages on the State Bar Defendants because the State Bar previously failed to discipline Waters based on Singer's complaint and is seeking for this Court to order them to investigate and prosecute Waters now. The complaint also seeks attorney's fees and costs.

Singer's sole cause of action against the State Bar Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the State Bar Defendants are entitled to Eleventh Amendment sovereign immunity or, at the very minimum, have quasi-judicial and/or qualified immunity.

Even if this Court had subject matter jurisdiction (and it does not), Singer's claim under 42 U.S.C. § 1983 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Singer was not deprived of a cognizable federal or constitutional right when the State Bar exercised its discretion not to prosecute his bar complaint against Waters. Because there is no federal right to prosecutorial action against another, Singer has no claim for punitive damages resulting from the government's failure to so act. Singer's request for injunctive relief should be also dismissed because injunctive relief cannot be used to control a discretionary decision by State Bar officials, including the decision to investigate or recommend discipline of

1    an attorney. Singer's request for attorney's fees should be dismissed because there is no basis

2    for attorney's fees for a pro se litigant.

3        The deficiencies in Plaintiff's complaint are jurisdictional and cannot be cured through

4    amendment; therefore, the section 1983 claim against the State Bar Defendants should be

5    dismissed without leave to amend and the each of the State Bar Defendants should be dismissed

6    from this action.

7    **II.    FACTUAL BACKGROUND**

8        **A.    The State Bar of California Is the Administrative Arm of the California
9            Supreme Court in Matters of Attorney Licensing and Discipline**

10       The State Bar is a public corporation established by the California State Constitution; it

11   operates as the administrative arm of the California Supreme Court in attorney licensing,

12   discipline, and regulation. *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re*

13   *Rose*, 22 Cal. 4th 430, 438 (2000). The State Bar's Office of Chief Trial Counsel ("OCTC")

14   receives complaints against attorneys, has discretion to initiate an investigation, and, if charges

15   are warranted, file a notice of disciplinary charges in State Bar Court. *See* Cal. Bus. & Prof.

16   Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. The Chief Trial Counsel is

17   the officer within OCTC with authority over State Bar disciplinary action and reports directly to

18   the State Bar's Board of Trustees. *See* Cal. Bus. & Prof. Code § 6079.5; *see also* Rules Proc. of

19   State Bar, rule 2101.

20       Whether to close a complaint without filing a notice of disciplinary charges is solely

21   within OCTC's discretion, and OCTC's disciplinary investigations, including the complaints

22   themselves, remain confidential unless and until charges are filed. *See* Bus. & Prof. Code §

23   6086.1(b)(1); *see also* Rules Proc. of State Bar, rules 2401 *et seq.*, 2601. If liability is pursued,

24   the State Bar Court hears attorney discipline cases and makes recommendations of discipline to

25   the California Supreme Court, which retains inherent power to control all matters related to

26   attorney admissions and discipline. Bus. & Prof. Code § 6070; *see also See In re Att'y Disc.*

27   *Sys.*, 19 Cal. 4th 582, 598-99 (1998); *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561,

28   566-67 (9th Cir. 1990).

**B.    Singer Alleges That He Was Damaged by the State Bar's Failure to Prosecute Attorney Craig Waters**

Singer's complaint against the State Bar Defendants arises from Singer's underlying grievances against attorney Waters, who represented Singer's opponent in a suit brought by Singer after he failed to receive payments as promised in connection with a real estate transaction. Singer's allegations against Waters are set forth on pages 2 – 6 of the complaint. In sum, Singer alleges that Waters engaged in a pattern of unethical and fraudulent conduct, including filing frivolous motions, making false statements to the court, threatening witnesses, obstructing discovery and engaging in intentional delay. Dkt. 1, pp. 9-12. Based on these events, Singer filed a disciplinary complaint against attorney Waters with the State Bar on July 17, 2024. The State Bar closed the complaint without recommending discipline on September 19, 2024.

Singer alleges in Count I that the State Bar Defendants failed to investigate or discipline attorney Waters and this failure "constituted deliberate indifference to Singer's constitutional rights" under 42 U.S.C. § 1983. (Dkt. 1, Complaint, 9:16:19).[1] Based on their alleged "conscious disregard for Plaintiff's rights," Singer seeks punitive damages against the State Bar Defendants. Dkt. 1, pp. 7, 13. Singer also seeks prospective injunctive relief requiring the State Bar officials to investigate and discipline Waters. Dkt. 1, pp. 13-14. Finally, Singer seeks attorney's fees and costs under 42 U.S.C. § 1988. Dkt. 1, p. 14.

**C.    Singer Misnames the State Bar Defendants in the Complaint**

The State Bar Defendants named in the complaint are Kristin Charles, Office of Chief Trial; Louisa Ayrapetyan, Office of General Counsel; and Brandon Stallings, Office of General Counsel.[2] These Defendants are misnamed or misidentified.

---

[1] Singer's second through fifth causes of action are alleged against defendant Waters only.

[2] Although the punctuation used in the caption appears to offset the State Bar from the individually named Defendants, Singer does not name the State Bar as an entity as a defendant, Dkt. 1, p. 2, and the State Bar was not served as a party to this litigation. *See* Dkt. 7 (Summons). In any event, the State Bar has sovereign immunity and is not a person that can be sued under section 1983. *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989).

1    Kristin Charles does not match the name of any attorney in the State Bar Office of Chief

2  Trial Counsel. However, Kristina Charles is an attorney in the State Bar Office of Chief

3  Trial Counsel. The complaint's allegations against "Kristin Charles" point to Kristina Charles as the

4  intended defendant, despite the naming error. This appears to be a misnomer that does not

5  impact the State Bar's defenses on behalf of Kristina Charles who the State Bar represents as the

6  assumed defendant in this action.[3] If Singer does not indicate in reply that he has in fact

7  intended to sue another State Bar employee purportedly having the name Kristin Charles, the

8  State Bar respectfully requests that the Court correct this spelling error on its own motion,

9  without need for need for expending the parties' resources on filing and responding to an

10  amended complaint. *See* Fed. R. Civ. P. 60(a).

11    Louisa Ayrapetyan is a State Bar employe who is employed as an Executive Assistant

12  with the State Bar's Office of the Executive Director; she is not with the Office of General

13  Counsel as the complaint alleges. The complaint's allegations against Louisa Ayrapetyan point

14  to Louisa Ayrapetyan of the Office of the Executive Director as the intended defendant, despite

15  the titling error. This error in title does not impact the State Bar's defenses on behalf of Louisa

16  Ayrapetyan who the State Bar represents as the intended defendant in this action.

17    Defendant Brandon Stallings is an officer (Board Chair) of the State Bar Board of

18  Trustees; he is not with the Office of General Counsel as the complaint alleges. The complaint's

19  allegations against Brandon Stallings point to Brandon Stallings, Chair of the State Bar Board of

20  Trustees, as the intended defendant, despite the titling error.[4] This appears to be a

21  misidentification that does not impact the State Bar's defenses on behalf of Brandon Stallings

22  who the State Bar represents as the intended defendant in this action.

23

24

25

26  [3] The State Bar invites Singer to clarify if he intended to name Kristina Charles. If so, the State
    Bar respectfully requests that the Court correct this spelling error on its own motion, as the
27  misnomer does not affect the State Bar's representation of this defendant. *See* Fed. R. Civ. P.
    60(a).
28  [4] The roster for the Board of Trustees is available at https://www.calbar.ca.gov/About-Us/Who-
    We-Are/Board-of-Trustees/Roster.

-4-

1    **III.    LEGAL STANDARD**

2          A motion to dismiss under Rule 12(b)(1) tests the Court's subject matter jurisdiction.

3    *See, e.g., Savage v. Glendale Union High Sch*., 343 F.3d 1036, 1039–40 (9th Cir. 2003). When

4    subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction

5    bears the burden of establishing that jurisdiction exists[.]" *Scott v. Breeland*, 792 F.2d 925, 927

6    (9th Cir. 1986). Accordingly, in response to a Rule 12(b)(1) motion to dismiss, the court will

7    presume lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v.*

8    *Guardian Life Ins. Co. of Am*., 511 U.S. 375, 376–78 (1994).

9          Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which

10    relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable

11    legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

12    *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation

13    omitted). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a

14    plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl.*

15    *Corp. v. Twombly*, 550 U.S. 544, 570 (2007); that is, the plaintiff must allege facts that consist

16    of more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556

17    U.S. 662, 678 (2009). A plaintiff must also allege more than "labels and conclusions, and a

18    formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

19    Instead, the plaintiff must allege *facts* sufficient to "raise a right to relief above the speculative

20    level." *Id*. While a court must accept the allegations of the complaint as true and construe the

21    pleading in the light most favorable to the plaintiff, the "court is not required to accept legal

22    conclusions cast in the form of factual allegations if those conclusions cannot reasonably be

23    drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir.

24    1994). That Plaintiff is appearing pro se does not lessen his need to plead facts instead of

25    conclusions. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011)

26    (en banc).

27    //

28    //

1      Where, as here, leave to amend would prove futile, it is appropriate for the district court

2  to dismiss the complaint with prejudice. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th

3  Cir. 2017).

4  **IV.    ARGUMENT**

5      **A.    The State Bar Defendants Are Entitled to Immunity**

6      Each of Singer's claims fails because the State Bar Defendants are entitled to sovereign

7  immunity under the Eleventh Amendment and have quasi-judicial and/or qualified immunity.

8  As such, the State Bar Defendants are entitled to dismissal of the complaint under Rule 12(b)(1)

9  and Rule (12)(b)(6), because the Court lacks subject matter jurisdiction, and Plaintiff cannot

10  allege sufficient facts to state a claim.[5]

11          **1.    The Eleventh Amendment to the United States Constitution
              Confers Immunity Upon State Bar Officials Sued in Their Official
12            Capacity, and the Ex Parte Young Exception Is Inapplicable**

13      The Supreme Court has construed the Eleventh Amendment to extend to suits brought

14  against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974), *overruled*

15  *on other grounds*, *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 89, 93 (1989). This

16  jurisdictional bar applies regardless of the nature of the relief sought. *See Pennhurst*, 465 U.S. at

17  100–01; *Missouri v. Fiske*, 290 U.S. 18, 27 (1933). It is axiomatic, therefore, that neither the

18  state nor any of its agencies may be sued in federal court unless either the state consents to

19  waive its sovereign immunity or Congress abrogates it. *See Pennhurst State Sch. & Hosp. v.*

20  *Halderman*, 465 U.S. 89, 100 (1984). Under controlling Ninth Circuit precedent, the State Bar is

21  an arm of the state entitled to Eleventh Amendment immunity. *Kohn v. State Bar of California*,

22  87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *see also Hirsh v. Justices of Supreme Ct. of State*

23  _____

24  [5] In the Ninth Circuit, sovereign and sovereign-state immunity are appropriately analyzed under

25  either Rule 12(b)(1) or 12(b)(6). *See Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927
    n. 2 (9th Cir. 2017). Indeed, because a claim against defendants who are absolutely immune
26  from suit lacks a "cognizable legal theory," Plaintiffs' claims against the State Bar and its
    officers and employees in their official capacities are also subject to dismissal under Rule
27  12(b)(6). *See Johnson*, 534 F.3d at 1121. Accordingly, the State Bar Defendants move under
    both statutes.

28

*of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court." (citations omitted)).

The State Bar's Eleventh Amendment immunity also applies to individuals sued in their official capacity. *See Hirsh*, 67 F.3d at 715 (State Bar's immunity "extends to the individual defendants acting in their official capacities"); *see also, e.g., Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. However, under the *Ex Parte Young* exception, an individual may file suit against a state official for prospective relief to redress an ongoing violation of federal law. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 840 (9th Cir. 1997). But such an exception is only applicable if the plaintiff is seeking prospective rather than retrospective relief. *See Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021) (The "Eleventh Amendment does not permit retrospective declaratory relief.").  Relief that is "aimed at remedying a past violation of the law" is retrospective, whereas relief "aimed at remedying an ongoing violation of federal law" is prospective. *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).

Here, Singer has purported to sue State Bar Defendants Charles, Ayrapetyan, and Stallings, employees and officials of the State Bar, in their official capacity for injunctive relief. Dkt. 1, p.2 ("Sued in both their official capacities for injunctive relief . . . and their individual capacities for monetary relief, including punitive damages…"). But the relief he seeks is plainly retrospective, as he is seeking an order requiring "Defendant State Bar Officials to investigate and discipline Defendant Attorney [Waters]" based on the same conduct that resulted in the State Bar closing Singer's first complaint. Dkt. 1 at p. 13 Through this relief, Singer is seeking to remedy a past injury—the State Bar Defendants' prior failure to investigate and discipline Waters for alleged attorney misconduct. As such, the *Ex Parte Young* exception is inapplicable. //

But even if the relief could be characterized as prospective (and it is not), the *Ex Parte Young* exception is inapplicable where Plaintiff seeks to control the discretion of agency officials.  For more than a century, the Supreme Court has made clear that "[t]here is no doubt that the court cannot control the exercise of the discretion of an officer" and that "[i]t can only direct affirmative action where the officer having some duty to perform not involving discretion, but merely ministerial in its nature, refuses or neglects to take such action." *Ex parte Young*, 209 U.S. 123, 158 (1908). Indeed, "[n]either an injunction nor mandamus will lie against an officer . . . to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th Cir. 1968), citation and internal quotation marks omitted.

Here, Plaintiff's constitutional claim is premised on the State Bar Defendants' closure of his disciplinary complaint. But whether to open an investigation is purely a discretionary act by the State Bar's OCTC. *See* Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. Plaintiff cannot seek an injunction to control the discretionary decision of a State Bar official. *See Ex parte Young*, 209 U.S. at 158; *Nogueira*, 403 F.2d at 821–22. And, as discussed in subsections IV.A.3 and IV.B.1, there is no constitutional right to compel the government prosecution of another.

Accordingly, the State Bar Defendants sued in their official capacity have sovereign immunity and the *Ex Parte Young* exception is inapplicable here.

## 2. State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial Immunity

In addition to their Eleventh Amendment immunity, any claims brought against State Bar Defendants who work as prosecutors in the OCTC have quasi-judicial immunity from monetary damages, which Plaintiff is seeking here as against the State Bar Defendants in their individual capacities. *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966). Agency prosecuting attorneys, such as Defendant Charles, are entitled to quasi-judicial immunity so long as they perform functions like prosecutors in a setting like that of a court. *Hirsh*, 67 F.3d at 715 ("The Bar Court judges and prosecutors have

quasi-judicial immunity from monetary damages"). This immunity is absolute and cannot be overcome by allegations of bad faith, conspiracy, or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Here, Defendant Charles is entitled to absolute immunity from suit for damages. Though Plaintiff's factual allegations regarding Defendant Charles are spare (and lumped in with allegations against all the State Bar Defendants), it is clear that Singer is suing her in relation to her work as an attorney in the OCTC. As such, Defendant Charles is entitled to quasi-judicial immunity and dismissal is warranted.[6]

### 3. Defendants Charles, Ayrapetyan, and Stallings Are Entitled to Qualified Immunity

Singer's federal claims against the State Bar Defendants in their individual capacities are barred by qualified immunity. The doctrine of qualified immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198 (9th Cir. 2021); *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (citation omitted). A federal or state official is entitled to qualified immunity unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 235 (2009). "Addressing the second prong before the first is especially appropriate where 'a court will rather quickly and

---

[6] Singer's claims as against State Bar Defendants Louisa Ayrapetyan and Brandon Stallings are particularly attenuated because they are not prosecutors for the State Bar, However, Singer's allegations against Louisa Ayrapetyan and Brandon Stallings that they "ignored evidence" and failed to investigate or discipline Waters are prosecutorial in nature. Dkt. 1 pp. 7, 9. Based on the allegations, defendants Ayrapetyan and Stallings should be subject to qualified immunity as well, as a motion to dismiss assumes "that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 at 555.

1     easily decide that there was no violation of clearly established law.'" *Jessop v. City of Fresno*,

2     936 F.3d 937, 940 (9th Cir. 2019) (citation omitted).

3         A right is "clearly established" for purposes of the second prong of the qualified

4     immunity analysis if, "at the time of the challenged conduct, the contours of [the] right are

5     sufficiently clear that every reasonable official would have understood that what he is doing

6     violates that right." *al-Kidd*, 563 U.S. at 741 (cleaned up). "Conduct violates a 'clearly

7     established' right if the unlawfulness of the action in question is apparent in light of some pre-

8     existing law." *Ballou v. McElvain*, 14 F.4th 1042, 1049 (9th Cir. 2021) (cleaned up). Courts "do

9     not require a case directly on point, but existing precedent must have placed the statutory or

10    constitutional question beyond debate." *Jessop*, 936 F.3d at 940 (citation omitted). "[A]bsent

11    such cases," courts look "to a consensus of persuasive authorities." *J.K.J. v. City of San Diego*,

12    17 F.4th 1247, 1259 (9th Cir. 2021) (cleaned up). "This demanding standard protects all but the

13    plainly incompetent or those who knowingly violate the law." *Evans v. Skolnik*, 997 F.3d 1060,

14    1066 (9th Cir. 2021) (citation omitted).

15        The complaint contains no allegations that any action taken by the State Bar Defendants

16    violated any clearly established federal rights. Rather, Singer appears to frame the State Bar

17    Defendants' supposed violations as being indifferent to Singer's constitutional rights by failing

18    to investigate or prosecute attorney Waters. *See* Dkt. 1 at 9. This claim fails because "members

19    of the public have no constitutional right to sue state employees who fail to protect them against

20    harm inflicted by third parties." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992); *see also*,

21    *e.g.*, *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) (the Constitution "creates

22    areas in which the government has to let people alone; it does not entitle them to demand

23    services, such as police protection"). Moreover, Singer lacks standing to seek an investigation in

24    any event. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("The Court's prior decisions

25    consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority

26    when he himself is neither prosecuted nor threatened with prosecution."). The State Bar

27    Defendants are unaware of any authority holding employees and officials of a regulatory agency

28    liable for constitutional violations in similar circumstances. Indeed, the law is clear that the

Motion to Dismiss Plaintiff's Complaint            Case No. 1:25-cv-00532-KES-SAB

exact opposite proposition is true. Plaintiffs do not possess a constitutional right to demand a targeted investigation or prosecution of any persons. *See e.g., Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (holding that a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ."); *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) (cleaned up) (explaining that the right to petition the government under the First Amendment does not require government officials to "respond, or even listen, to citizens").

Here Singer alleges that attorney Waters has acted unethically and that the State Bar Defendants violated his constitutional rights by failing to act upon Singer's misconduct complaint. These allegations do not establish that any action taken by the State Bar Defendants violated any clearly established federal rights, much less that he has standing to bring any such constitutional claims. Singer has no affirmative right to receive a specific response or course of action from the State Bar, let alone the right request the prosecution of a specific individual. Nor does Plaintiff possess any cognizable interest in the prosecution of a third-party. *Town of Castle Rock*, 545 U.S. at 768. As Singer has no constitutional or other right arising under federal law to compel the State Bar to investigate or prosecute attorney Waters, State Bar Defendants Charles, Ayrapetyan, and Stallings are each entitled to qualified immunity and their dismissal is warranted.

### B.    The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted

Even assuming, *arguendo*, that this Court has subject matter jurisdiction over the complaint, Singer fails to state a claim upon which relief can be granted. Singer asserts a single claim against the State Bar Defendants under 42 U.S.C. § 1983. *See* Dkt. 1, p.9. Even if the claim could somehow survive the State Bar's sovereign immunity (which it cannot), the claim fails as a matter of law because the State Bar Defendants acting their official capacities are not "persons" subject to suit under section 1983 and Singer has failed to state a claim against the State Bar Defendants in their individual capacities because there is no federal right to compel prosecution. Because there is no cognizable claim, there is no entitlement to punitive damages.

Even if Singer could somehow assert a claim under federal law, the injunctive relief he seeks is unavailable here because a party cannot seek to control the discretionary decision of a government entity through an injunction, let alone the actions of the California Supreme Court. Nor can Plaintiff state a claim for entitlement to attorney's fees as a pro se litigant.

### 1.   Singer's First Cause of Action Under Section 1983 Should Be Dismissed Because It Fails as a Matter of Law

To establish a claim for relief under section 1983, Plaintiff must establish: (1) a deprivation of federal rights; (2) by a person acting under color of state law. *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

At the outset, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075, n.1 (9th Cir. 1986) ("The doctrine of respondeat superior does not apply in section 1983 civil rights cases."). Quite simply, public officials "may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). Singer's allegations do not distinguish between the State Bar Defendants and do not identify any individual actions taken by any State Bar Defendant that violated Singer's rights.

Notwithstanding the obvious pleading defects, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Bennett v. People of*

*State of Cal.*, 406 F.2d 36, 39 (9th Cir. 1969) (holding that state agencies "are not 'persons' within the meaning of the Civil Rights Act."). Nor does section 1983 abrogate Eleventh Amendment immunity. *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); *see also Breck v. Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019) (the Nevada State Bar is an arm of the State of Nevada that is immune from section 1983 damages claims). As such, Singer's claims against the State Bar Defendants in their official capacities fail as a matter of law. *See also* Section IV.A.1.

Singer's claims against the State Bar Defendants in their individual capacities also fail, because, as described in Section IV.A.3, Singer has no constitutional right to seek a targeted investigation or prosecution of a specific individual. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.*, 410 U.S. at 619. "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock*, 545 U.S. at 768 (2005). Indeed, as a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ." from which it follows that "the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide [that aid]." *Deshaney*, 489 U.S. 189 at 196 (cleaned up).

Nor does the right to petition under the First Amendment guarantee that the government will act on a complaint. "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . .. But this right is uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens." *Rodriguez*, 974 F.3d at 1010 (cleaned up); *see also Smith v. Arkansas State Highway Emp., Loc.,* 1315, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize [a complainant] and bargain with it."). "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government

entity . . . ignores (or threatens to ignore) communications . . ..” *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).[7]

Here, Singer's section 1983 claims are entirely premised on the allegations that the State Bar Defendants "knowingly and recklessly" ignored evidence of attorney Waters' misconduct, which resulted in harm to Singer, and the State Bar Defendants' failure to investigate or otherwise act on Singer's complaints about Waters amounted to a "conscious disregard for Plaintiff's … due process rights." Dkt. 1, pp. 7, 9. However, Singer does not have a due process right or other constitutional right to have the State Bar prosecute attorney Waters. Accordingly, Singer's claims under section 1983 should be dismissed.

### 2. Singer Cannot Assert a Basis for Punitive Damages Against the State Bar Defendants in Their Individual Capacities

Because Singer has not stated a violation of a federal right under section 1983 for which relief may be granted, Singer has not asserted a compensable injury for which punitive damages may be recovered against the State Bar Defendants. Section 1983 only permits punitive damages against state officials in their individual capacity where the plaintiff can demonstrate the individual defendant's "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Even if Singer had made allegations that the State Bar Defendants acted with evil motive (which he did not), Singer's claim for punitive damages would still fail due to the lack of a cognizable violation of a federally protected right. *Bacon v. Woodward*, 104 F.4th 744, 750 (9th Cir. 2024) (where firefighters had plausibly alleged callous disregard to their rights under the Free Exercise Clause). Because there is no federally protected right that the State Bar Defendant's actions could have violated, Singer's request for punitive damages based on those actions should be dismissed without leave to amend.

---

[7] To the extent that Singer's section 1983 claims are based on alleged violations of state law that are not also violations of a constitutional right, they also fail, as section 1983 "only creates a cause of action for violations of the federal 'Constitution and laws.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (citing 42 U.S.C. § 1983); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by . . . section [1983]. Violations of state law alone are insufficient.").

### 3.      Plaintiff Is Not Entitled to Injunctive Relief Because It Would Require the California Supreme Court to Discipline Waters

Singer's request for injunctive relief fails for the additional reason that Singer is improperly seeking to control "control the exercise of the discretion of an officer," *Ex parte Young*, 209 U.S. at 158. As discussed in Section IV.A.1, "[n]either an injunction nor mandamus will lie against an officer . . . to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th Cir. 1968), citation and internal quotation marks omitted. The State Bar's OCTC has prosecutorial discretion to investigate bar complaints and file charges. *See* Cal. Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. Moreover, any attorney discipline case prosecuted by OCTC is heard by the State Bar Court, which in turn, makes a recommendation of discipline to the California Supreme Court. *See* Bus. & Prof. Code § 6070; *In re Rose*, 22 Cal. 4th at 439. The California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline. *See In re Att'y Disc. Sys.*, 19 Cal. 4th at 598–99; *Rosenthal*, 910 F.2d at 566–67. In seeking an order from this Court directing the State Bar Defendants to investigate and discipline Waters, *see* Dkt. 1, p.13, Singer is seeking injunctive relief that would not only control the exercise of discretion by the State Bar, but also of the California Supreme Court.

The scope of federal injunctive relief against a state agency must always be narrowly tailored to enforce federal constitutional and statutory law only. *See Clark v. Coye*, 60 F.3d 600, 603–04 (9th Cir. 1995) (holding that based on concerns of comity and federalism, "[t]he district court will be deemed to have committed an abuse of discretion . . . if its injunction requires any more of state officers than demanded by federal constitutional or statutory law."). As discussed in Section IV.B.1., above, there is no federally protected right to enforce based on Singer's allegations. Thus, Singer's claim for injunctive relief against the State Bar Defendants should be dismissed.

### 4.      Singer's Request for Attorney's Fees Fails As a Matter of Law

Singer brings this suit in his own name and is representing himself in pro per. Dkt. 1, p. 1. Pro se litigants are not entitled to an award of attorney's fees under section 1988. See

*Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute on other grounds; *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987). "In [*Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991)], the Supreme Court held that section 1988 does not permit awards of attorney's fees to pro se plaintiffs who, being attorneys, represent themselves in successful civil rights actions." *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011), as amended on denial of reh'g and reh'g en banc (Oct. 4, 2011) (explaining that the Court adopted a per se rule, categorically precluding an award of attorney's fees under section 1988 to a pro se attorney-plaintiff). On this basis, Singer's request for attorneys' fees under section 1988 should be dismissed without leave to amend. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (where a plaintiff cannot recover damages as a matter of law, the proper procedural vehicle to dismiss the request is a motion under Rule 12(b)(6)).

## C.    The Complaint Should Be Dismissed Without Leave to Amend

When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim with prejudice. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (cleaned up). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* at 1160. Amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments").

Here, for the reasons stated above, Singer cannot state a claim against the State Bar Defendants (or the State Bar). Because the deficiencies in the complaint cannot be cured through amendment, the first cause of action and related request for injunctive relief and

punitive damages should be dismissed without leave to amend as to the State Bar Defendants and the State Bar Defendants dismissed from this action.

**V.    CONCLUSION**

For each of the foregoing reasons, the State Bar respectfully requests that the Court grant the motion to dismiss without leave to amend.

Dated: June 9, 2025                          STATE BAR OF CALIFORNIA
                                             OFFICE OF THE GENERAL COUNSEL


                                        By: *JENNIFER SPERLING*
                                             JENNIFER SPERLING
                                             Assistant General Counsel
                                             Attorneys for Defendants,
                                             KRISTIN CHARLES, LOUISA AYRAPETYAN,
                                             BRANDON N. STALLINGS

**DECLARATION OF SERVICE**

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 9, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, on June 9, 2025.

*Ryan Sullivan*
Ryan Sullivan