1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   LANN G. McINTYRE, SB# 106067
2     E-Mail: Lann.McIntyre@lewisbrisbois.com
   550 West C Street, Suite 1700
3  San Diego, California 92101
   Telephone: 619.233.1006
4  Facsimile:  619.233.8627

5  Attorneys for Defendant
   CRAIG C.O. WATERS, ESQ.

6

7

8                 UNITED STATES DISTRICT COURT

9             EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| 11  PAUL V. SINGER, in individual, | Case No. 1:25-cv-00532-KES-SAB |
| 12         Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16** |
| 13         vs. | |
| 14  CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, | |
| 15  OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE | |
| 16  BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA | Filed Concurrently with Notice of Special Motion to Strike; Declaration of Lann G. McIntyre; Request for Judicial Notice |
| 17  AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF | |
| 18  GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and | Judge:   Hon. Kirk E. Sherriff<br>Date:    July 7, 2025 |
| 19  DOES 1-40, | Time:    1:30 p.m.<br>Crtrm.:   6 |
| 20         Defendants. | District Judge:    Kirk E. Sherriff |
| 21 | Magistrate Judge: Stanley A. Boone |
| 22 | Trial Date:           None Set |

158201809.1                                          Case No. 1:25-cv-00532-KES-SAB

MPA ISO DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ................................................................................................................. 1

II. STATEMENT OF FACTS .................................................................................................... 1

    A. Singer Files a State Court Action Against a Defendant that Waters Represented. ................................................................................................................ 1

    B. Singer Files an Unsuccessful State Bar Complaint Against Waters Relating to Waters' February 21, 2023 Declaration. ............................................................... 2

    C. Singer Files His Complaint Against Waters. ........................................................... 3

III. CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST WATERS. ............................................ 4

    A. Legal Standard For Anti-SLAPP Motions. .............................................................. 4

    B. Federal Courts in California Allow Defendants to File Anti-SLAPP Motions Under California Code of Civil Procedure Section 425.16 to Strike Claims Based on California Law. .......................................................................... 5

    C. Waters Has Met His Burden Under the First Prong of Code of Civil Procedure Section 426.16 Because Singer's Complaint Arises From Petitioning Activity Before the Fresno County Superior Court. ............................... 5

    D. Singer Cannot Establish a Reasonable Probability of Prevailing on his State Court Claims Against Waters. ......................................................................... 7

        1. *The litigation privilege under California Civil Code section 47 serves as an absolute bar to Singer's state law claims.* ............................... 8

        2. *Singer does not state cognizable claims for either fraud or intentional misrepresentation.* .................................................................. 10

        3. *The Rooker-Feldman doctrine bars Singer's request to reopen the State Court Action.* ................................................................................. 11

        4. *Singer's request for this Court to order the California Department of Real Estate to open an investigation into Waters and other entities is barred because federal courts cannot command a state agency to open an investigation.* ............................................................. 12

IV. CONCLUSION ................................................................................................................... 13



158201809.1          i          Case No. 1:25-cv-00532-KES-SAB

MPA ISO DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) ................................................................... 13

*Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) .................................... 14

*Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006) ........................................... 9

*Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1129–30
    (N.D. Cal. 1999) .................................................................................................................... 5

*Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) ................................. 14

*Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997) ................................................................ 5

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2002) ....................................................................... 13

*Papasan v. Allain*, 478 U.S. 265, 276 (1986) ................................................................................ 14

*Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) ................................................................. 14

*Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ............................................................................... 13

*United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999) .............. 4, 5

*Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) ............................................ 6

**STATE CASES**

*Alberston v. Raboff* (1956) 46 Cal.2d .......................................................................................... 10

*Cabral v. Martins*, 177 Cal. App. 4th 471, 480 (2009) ............................................................... 6, 7

*Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 648 (1996) ................................. 7, 8

*Dove Audio v. Rosenfeld Meyer & Susman*, 47 Cal. App. 4th 777, 784–85 (1996) ........................ 7

*Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002) ..................................... 6

*Friedman v. Knecht*, 248 Cal. App. 2d 455 (1967) ................................................................... 9, 10

*Herterich v. Peltner*, 20 Cal. App. 5th 1132, 1142 (2018) ...................................................... 10, 11

*Ludwig v. Superior Court*, 37 Cal.App.4th 8, 19 (1995) ................................................................ 7

*Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1430 (2003) ............. 10, 11



158201809.1                                          ii                          Case No. 1:25-cv-00532-KES-SAB

MPA ISO DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

*Port Medical Wellness, Inc. v. Connecticut General Life Ins. Co.*, 24 Cal. App. 5th 153, 178 (2018) .......... 11

*Rohde v. Wolfe*, 154 Cal. App. 4th 28, 35 (2007) .......... 5

*Rubin v. Green*, 4 Cal. 4th 1187, 1193–94 (1993) .......... 10

*Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) .......... 6, 7

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54, 78 (2003) .......... 10, 11

*Silberg v. Anderson,* 50 Cal. 3d 205, 213 (1990) .......... 8

*Smith v. Hatch*, 271 Cal. App. 2d 39, 46 (1969) .......... 10

*State Farm General Ins. Co. v. Majorino*, 99 Cal. 4th 974, 975 (2002) .......... 4

*Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) .......... 11

*Towner v. County of Ventura*, 63 Cal. App. 5th 761, 770 (2021) .......... 7

*Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994) .......... 4

*Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002) .......... 8

**STATE STATUTES**

Cal. Civ. Code § 47(b)(2) .......... 8

Code Civ. Proc. § 425.16(a) .......... 5

Code of Civil Procedure section 2023.023 .......... 2

Code of Civil Procedure section 583.10 .......... 2

**OTHER AUTHORITIES**

Cal. Rules of Court, rule 2.200 .......... 10



## I. INTRODUCTION

In this quintessential SLAPP action, Plaintiff Paul V. Singer ("Singer") sues, among others, Defendant Craig Waters ("Waters"), the opposing counsel in an underlying state court action, based on two filings in that state court action in which Waters' client prevailed against Singer. Singer claims that Waters made misrepresentations in both a substitution of attorney and a February 21, 2023 declaration, which caused Singer to lose his state court action. Waters now brings this anti-SLAPP motion under Code of Civil Procedure section 425.16 to strike Singer's state law claims for Fraud and Intentional Misrepresentation; Equitable Relief to Reopen the Lower Court Case; and Equitable Relief to Open Investigation by the California Department of Real Estate. Waters satisfied prong one of section 425.16 because Singer's allegations against him are clearly based on petitioning activity before the Fresno Superior Court.

Waters also satisfies prong two of section 425.16 because Singer has no probability of prevailing in his state law claims. The litigation privilege under California Civil Code section 47 completely bars Singer's state law claims because they are based on filings Waters made in state court. The litigation privilege applies, even if a defendant is accused of fraud on the court. Additionally, Singer has not pled a cognizable claim for fraud/intentional misrepresentation because there is no evidence that Waters actually made a misrepresentation in either of the documents at issue in this case. This Court also has no power to entertain Singer's equitable state law claims.

Therefore, Waters respectfully requests that this Court grant his anti-SLAPP motion to strike Singer's state law claims.

## II. STATEMENT OF FACTS

### A. Singer Files a State Court Action Against a Defendant that Waters Represented.

On August 23, 2018, Singer in the California Superior Court, for the County of Fresno, filed a complaint against Brian Weldon ("Weldon") for breach of contract ("State Court Action"). (Declaration of Lann G. McIntyre ["McIntyre Decl."], Exh. 1, State Complaint, p. 1.) Waters represented Weldon in the State Court Action. (McIntyre Decl., Exh. 2, Answer, p. 1.) On January

1  12, 2022, Waters filed a substitution of attorney indicating that he had moved firms and now
2  worked at Modern Legal P.C. (McIntyre Decl., Exh. 3, Substitution of Attorney, p. 1.)

3  On February 21, 2023, Waters filed a motion for sanctions against Singer for abuse of
4  discovery process under California Code of Civil Procedure section 2023.023 *et seq.* (McIntyre
5  Decl., Exh. 4, Sanctions Motion, pp. 1–2.) In support of the motion, Waters filed a declaration
6  outlining the facts that led to him filing the motion for sanctions. (McIntyre Decl., Exh. 5, 2/21/23
7  Waters Declaration.) The declaration stated that Singer sent him an Affidavit of Truth on
8  November 8, 2022. (*Id.* at 2.) Waters attached the Affidavit to his declaration as Exhibit B. (*Id.* at
9  Exh. B.) The declaration also stated that Waters drafted a meet and confer letter addressed to
10 Singer on December 15, 2022, inquiring about outstanding requests for admission responses. (*Id.*
11 at 2.) The letter was attached to the Waters Declaration as Exhibit C. (*Id.* at Exh. C.) Additionally,
12 the declaration detailed a conversation Waters had with Ms. Leal, a public notary, regarding the
13 date and time when she notarized the Affidavit of Truth Singer mailed to Waters. (*Id.* at 4.)

14 Singer did not oppose the motion for sanctions. (McIntyre Dec., Exh. 6, Notice of Non-
15 Opposition.) The trial court granted the motion for sanctions on March 15, 2023. (McIntyre Decl.,
16 Exh. 7, 3/15/23 Order Granting Motion.)

17 On June 20, 2023, Singer requested dismissal of his complaint against Weldon. (McIntyre
18 Decl., Exh. 8, Request for Dismissal, p. 1.) The court granted Singer's request on the same day.
19 (*Id.*) Singer later moved to set aside the dismissal that he requested. (McIntyre Decl., Exh. 9,
20 10/3/2023 Motion.) However, the trial court denied Singer's motion, noting that his case appeared
21 to face mandatory dismissal under California Code of Civil Procedure section 583.10 for failure to
22 bring his case to trial within five years. (McIntyre Decl., Exh. 10, 3/19/24 Order, p. 2.)

23 **B.     Singer Files an Unsuccessful State Bar Complaint Against Waters Relating to
24           Waters' February 21, 2023 Declaration.**

25 After the trial court dismissed the State Court Action, Singer filed a bar complaint against
26 Waters on July 17, 2024. (McIntyre Decl., Exh. 11, Complaint, Exh. E, Bar Complaint.) The bar
27 complaint alleged that Waters made misrepresentations in the February 21, 2023 declaration that
28 caused a delay in the prosecution of Singer's State Court Action, and that Waters did not respond

1  to Singer's Affidavit of Truth. (*Id.* at 1–5.)

2      The State Bar closed Singer's bar complaint on September 19, 2024. (McIntyre Decl., Exh.
3  11, Complaint, Exh. F, Bar Letter, p. 1.) The State Bar found that the materials sent in with
4  Singer's bar complaint indicated "that there were delays due to disputes of fact and law between
5  the parties on both sides, which are best handled by the court." (*Id.* at 1.) The State Bar also ruled
6  that the allegations Singer presented with his bar complaint were "insufficient to support the
7  conclusion that [Waters] violated the Constitution or a federal or state law." (*Id.*)

8      **C.**    **<u>Singer Files His Complaint Against Waters.</u>**

9      On May 6, 2025, Singer filed this action against Waters and the State Bar of California for
10  (1) Deprivation of Constitutional Rights under 42 U.S.C. section 1983; (2) Fraud and Intentional
11  Misrepresentation; (3) Equitable Relief to Reopen the Lower Court Case; (4) Equitable Relief to
12  Open Investigation by the California Department of Real Estate; and (5) Violation of Federal Rule
13  of Civil Procedure ("FRCP") 11. (McIntyre Decl., Exh. 11, Complaint, p. 1.) Singer based his
14  fraud complaint on California state law and requested punitive damages. (*Id.* at 10.) He brought
15  his two equitable relief claims under California Code of Civil Procedure section 583.310 and
16  California Business and Professions Code sections 10140–10148 respectively. (*Id.* at 10–11.)
17  Singer's fraud and equitable relief claims are subject to this anti-SLAPP motion because they are
18  based on state law.

19      In his complaint, Singer alleged that Waters falsely represented to the court that he was a
20  new attorney in the State Court Action when Waters filed the substitution of attorney on January
21  12, 2022. (McIntyre Decl., Exh. 11, Complaint, p. 4.) Singer also alleged that Waters made
22  misrepresentations in the declaration he filed in support of the sanctions motion on February 21,
23  2023. (*Id.*) In particular, Singer claims that the December 15, 2022 meet and confer letter attached
24  to Waters' declaration "contradicted his role as counsel." (*Id.*) Further, Singer alleged the
25  conversation between Waters and the notary, as highlighted the declaration, did not occur. (*Id.* at
26  4–5.) Finally, Singer alleges that Waters did not respond to the Affidavit Truth sent by Singer and
27  attached to Waters' declaration. (*Id.* at 5.) There are no other allegations on which Singer bases his
28  causes of action against Waters. (McIntyre Decl., Exh. 11, Complaint.)

## III. CALIFORNIA CODE OF CIVIL PROCEDURE SECTION 425.16 BARS PLAINTIFF'S STATE LAW CLAIMS AGAINST WATERS.

### A. Legal Standard For Anti-SLAPP Motions.

In 1992, the California Legislature enacted the anti-SLAPP statute in order to combat increasing use of lawsuits designed to chill "a party's constitutional right of petition." *State Farm General Ins. Co. v. Majorino*, 99 Cal. 4th 974, 975 (2002). Commonly, "SLAPP suits are brought to obtain economic advantage over the defendant, not to vindicate a legally cognizable right of the Plaintiff." *Wilcox v. Superior Court*, 27 Cal. App. 4th 809, 816 (1994), partially reversed on other grounds.

The elements for a special motion to strike under California Code of Civil Procedure section 425.16 are set out as follows:

> (b)(1) A cause of action against a person arising from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue shall be subject to a special motion to strike, unless the court determines that the plaintiff has established that there is a probability that the plaintiff will prevail on the claim.
> (2) In making its determination, the court shall consider the pleadings, and supporting and opposing affidavits stating the facts upon which the liability or defense is based.
> (3) If the court determines that the plaintiff has established a probability that he or she will prevail on the claim, neither that determination nor the fact of the determination shall be admissible in evidence at any later stage of the case, or in any subsequent action, and no burden of proof or degree of proof otherwise applicable shall be effected by that determination in any later stage of the case or in any subsequent proceeding.

The California Legislature has defined the activities protected by the anti-SLAPP statute, which includes "any written or oral statement made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law" as well "as any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law" or "any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest." Cal. Code Civ. Proc., §§ 425.16(e)(1)(2) and (4).

Moreover, the California Legislature amended section 425.16 in January 1997 to prevent conflicting interpretations of the statute issued by the appellate courts. The Legislature stated that

henceforth the statute "**shall be construed broadly.**" Cal. Code Civ. Proc. § 425.16(a) (emphasis added); *see also Rohde v. Wolfe*, 154 Cal. App. 4th 28, 35 (2007) ["[S]tatements, writings and pleadings in connection with civil litigation are covered by the anti-SLAPP statute, and that statute does not require any showing that the litigated matter concerns a matter of public interest"].)

### B. Federal Courts in California Allow Defendants to File Anti-SLAPP Motions Under California Code of Civil Procedure Section 425.16 to Strike Claims Based on California Law.

The court in *Globetrotter Software, Inc. v. Elan Computer Group, Inc.*, 63 F. Supp. 2d 1127, 1129–30 (N.D. Cal. 1999) (*Globetrotter*), determined an anti-SLAPP statute applied in federal court:

> With respect to the applicability of the anti-SLAPP statute to claims filed in federal court, the Court turns to a recent decision from the Ninth Circuit, *United States v. Lockheed Missiles and Space Co., Inc.*, 171 F.3d 1208 (9th Cir.1999), in which the Ninth Circuit held that the statute was applicable to state law counterclaims asserted in a federal diversity action. The Court concluded that application of the statute to such claims would not result in a 'direct collision' with the Federal Rules. The Court went on to perform *an Erie* analysis, concluding that important substantive state interests are furthered by the anti-SLAPP statute, that no identifiable federal interest would be undermined by applying the anti-SLAPP statute in diversity actions. . . The *Erie* doctrine applies to pendent state law claims to the same extent it applies to state law claims before a federal court on the basis of diversity jurisdiction. *See Nathan v. Boeing Co.*, 116 F.3d 422, 423 (9th Cir.1997).

Accordingly, under the *Erie* analysis set forth in *Lockheed* the anti-SLAPP statute may be applied to state law claims which, as in this case, are asserted pendent to federal question claims. *Globetrotter*, 63 F. Supp. 2d at 1129–30; *accord Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1109 (9th Cir. 2003) (*Vess*) ["Motions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court."].)

### C. Waters Has Met His Burden Under the First Prong of Code of Civil Procedure Section 426.16 Because Singer's Complaint Arises From Petitioning Activity Before the Fresno County Superior Court.

Under the anti-SLAPP statute, a defendant carries the initial burden to show that the plaintiff's suit "arises from an act in furtherance of the defendant's rights of petition or free speech." Cal. Code Civ. Proc. § 425.16(b)(1); *Vess*, 317 F.3d at 1110. "The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the

plaintiff's 'intentions are ultimately beside the point.'" *Vess*, 317 F.3d at 1110, quoting *Equilon Enters., LLC v. Consumer Cause, Inc.*, 29 Cal. 4th 53, 67 (2002).

As noted above, an "act" encompassed by the anti-SLAPP statute includes (1) "any written or oral statement or writing made before a . . . judicial proceeding, or any other official proceeding authorized by law; [or] (2) any written or oral statement or writing made in connection with an issue under consideration or review by a . . . judicial body, or any other official proceeding authorized by law." Cal. Code Civ. Proc., § 425.16(e)(1) & (2). Under Section 425.16, "all communicative acts performed by attorneys as part of their representation of a client in a judicial proceeding or other petitioning context are per se protected as petitioning activity by the anti-SLAPP statute." *Cabral v. Martins*, 177 Cal. App. 4th 471, 480 (2009) (*Cabral*); *see also Rusheen v. Cohen*, 37 Cal. 4th 1048, 1056 (2006) (*Rusheen*) (anti-SLAPP statute protects "communicative conduct such as the filing, funding, and prosecution of a civil action," including such acts when "committed by attorneys in representing clients in litigation"); *Towner v. County of Ventura*, 63 Cal. App. 5th 761, 770 (2021) (*Towner*) ("[T]he filing of written documents in a judicial proceeding generally falls with the protection of the anti-SLAPP statute"). It is therefore well-settled that claims based on "litigation activity" are subject to the anti-SLAPP statute. *Church of Scientology v. Wollersheim*, 42 Cal. App. 4th 628, 648 (1996) (*Church of Scientology*) ("A cause of action 'arising from' defendant's litigation activity may appropriately be the subject of a section 425.16 motion to strike"). The anti-SLAPP statute specifically applies to "any act...in furtherance of the...right [to] petition." *Ludwig v. Superior Court*, 37 Cal.App.4th 8, 19 (1995); *see also Rusheen*, 37 Cal. 4th at 1056 ["Any act" includes communicative conduct such as the filing, funding, and prosecution of a civil action."].)

Here, Singer's state law claims against Waters are based on the content of Water's substitution of attorney and his February 21, 2023 declaration. (McIntyre Decl., Exh. 11, Complaint, pp. 4–5, 10–11.) Waters filed the documents in the course of his representation of Weldon in the State Court action. (McIntyre Decl., Exh. 3, Substitution of Attorney; McIntyre Decl., Exh. 5, 2/21/23 Declaration.) Thus, the filing of the declaration and the substitution of attorney qualify as protected petitioning activity under California Code of Civil Procedure section

425.16. *See* Cal. Code Civ. Proc., § 425.16(e)(1) & (2); *Cabral*, 177 Cal. App. 4th at 480; *Rusheen*, 37 Cal. 4th at 1056; *Towner*, Cal. App. 5th at 770.

### D. Singer Cannot Establish a Reasonable Probability of Prevailing on his State Court Claims Against Waters.

Under the anti-SLAPP Statute, once a defendant demonstrates that a lawsuit arises from protected conduct, the burden shifts to plaintiff to establish a probability that he will prevail on the claims asserted against the defendant. *Dove Audio v. Rosenfeld Meyer & Susman*, 47 Cal. App. 4th 777, 784–85 (1996). The plaintiff must produce competent, admissible evidence supporting his or her claims to meet his burden under California Code of Civil Procedure section 425.16. *Church of Scientology*, 42 Cal. App. 4th at 658. A plaintiff cannot rely on allegations in a complaint to satisfy his burden. *Id.* at 656.

Although plaintiff has the burden of proof as to the probability of prevailing, evidence presented by the defendant remains relevant, as the California Supreme Court explained in *Wilson v. Parker, Covert & Chidester*, 28 Cal.4th 811, 821 (2002), superseded by statute on other grounds:

> In deciding the question of potential merit, the trial court considers the pleadings and evidentiary submissions of both the plaintiff *and the defendant*. (Section 425.16, Subd. (b)(c).) Though the court does not weigh the credibility of or comparative probative strength of competing evidence, *it should grant the motion if, as a matter of law, the defendant's evidence supporting the motion defeats the plaintiff's attempt to establish evidentiary support for the claim*.
> (emphasis added.)

Here, Singer's claim against Waters fails as a matter of law on at least four independent grounds: because (1) the litigation privilege serves as an absolute bar to Singer's state law claims; (2) Singer has failed to plead a cognizable claim for fraud and intentional misrepresentation under California law; (3) the *Rooker-Feldman* doctrine bars Singer's equitable relief claim to reopen the State Court Action; and (4) Singer's equitable relief claim to open an investigation into Waters cannot proceed because a federal court does not have the power to order a California state agency to open an investigation.

///

///

### 1. *The litigation privilege under California Civil Code section 47 serves as an absolute bar to Singer's state law claims.*

A publication or broadcast made in any judicial proceeding is absolutely privileged according to California law. Cal. Civ. Code § 47(b)(2) ("A privileged publication or broadcast is one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . ."). This litigation privilege affords litigants and witnesses unfettered access to the court without fear of being harassed by derivative tort actions. *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (*Silberg*). Although originally enacted with reference to defamation, the privilege is now held applicable to any communication, whether or not it amounts to publication, **and to all torts except malicious prosecution**:

> In furtherance of the public policy purposes it is designed to serve, the privilege **described by § 47(2) has been given broad application**. Although originally enacted with reference to defamation (citations), the privilege is now held applicable to any communication, whether or not it amounts to a publication (citations), and all torts except malicious prosecution. (Citations.)

*Silberg*, 50 Cal. 3d at 211–12, emphasis added; *see also Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006); *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 39, 47 (2004) (*Hagberg*).

In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements made in the furtherance of justice. The California Supreme Court rejected the application of an "interest of justice" test because such a test was "***inconsistent with the absolute nature of the litigation privilege*** and its underlying policy purposes." *Silberg*, 50 Cal. 3d at 209, emphasis added. The *Silberg* decision discusses the important policy concerns furthered by the litigation privilege.

> The principle purpose of § 47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***. (Citations.) . . . .
>
> Given the importance to our justice system of ***insuring free access to the courts***, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and ***avoiding unending litigation***, it is not surprising that § 47(2), the litigation privilege, has been referred to as 'the backbone to an effective and smoothly operating judicial system.' (Citation.) . . . .
>
> ***To effectuate its vital purposes, the litigation privilege is held to be absolute in nature***. (*Silberg*, 50 Cal. 3d at 213–15, emphasis added.)



158201809.1    8    Case No. 1:25-cv-00532-KES-SAB

MPA ISO DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

1    Similarly, in *Friedman v. Knecht*, 248 Cal. App. 2d 455 (1967) (*Friedman*), the Court of
2 Appeal held that any doubt as to the application of the litigation privilege should be resolved in
3 favor of the defendant.

> ***At all events, it is held that doubts are to be resolved in favor of relevancy and pertinency***; that is to say, the matter to which the privilege does not extend must be so palpably wanting in relation to the subject matter of the controversy that there can be no reasonable doubt of its impropriety.  If the privilege is worth having, its purpose would be largely defeated if it were to vanish simply because one possible meaning of a statement made during judicial proceedings does not relate to them.
> (*Friedman*, 248 Cal. App. 2d at 460, emphasis added.)

8    The courts have accordingly given broad application to the litigation privilege. "To be
9 privileged under subdivision 2 of §47, the matter need not be relevant, pertinent or material to any
10 issue before the court, it only need have some connection or some relation to the judicial
11 proceeding." *Smith v. Hatch*, 271 Cal. App. 2d 39, 46 (1969). In *Rubin v. Green*, 4 Cal. 4th 1187,
12 1193–94 (1993), the California Supreme Court similarly held:

> For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege codified as section 47 (b). At least since then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46 Cal.2d 375, California courts have given the privilege an expansive reach. . . .
>
> In light of this extensive history, it is late in the day to contend that communications with 'some relation' to an anticipated lawsuit are not within the privilege.

17    Accordingly, in *Pollock v. University of Southern California*, 112 Cal. App. 4th 1416,
18 1430 (2003) (*Pollock*), the appellate court held that a party's perjurious declaration and personal e-
19 mails were within the scope of the litigation privilege because they related to potential and actual
20 litigation, despite plaintiff's contention that both communications qualified as tortious conduct.
21 Indeed, as the Court noted in *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,
22 107 Cal. App. 4th 54, 78 (2003) (*Shafer*), "[b]ecause the privilege applies without regard to malice
23 or evil motives, it has been characterized as absolute." In *Hagberg*, 32 Cal. 4th 39, 64, the
24 California Supreme Court held that a bank employee's statements to the police regarding a
25 customer's possession of an alleged counterfeit check were absolutely privileged. Likewise, in
26 *Herterich v. Peltner*, 20 Cal. App. 5th 1132, 1142 (2018) (*Herterich*), the court noted that even
27 committing a fraud upon the court is protected by the litigation privilege: "[w]hile we by no means
28 condone intentionally deceptive conduct before the courts, the litigation privilege is absolute."

1  Here, Singer contends that Waters made intentional misrepresentations to the trial court in
2  the State Court Action when he filed a substitution of attorney with the court and when he filed his
3  February 21, 2023 declaration in support of the sanctions motion. (McIntyre Decl., Exh. 11,
4  Complaint, pp. 2–3.) He bases his fraud/intentional misrepresentation and his equitable relief
5  claims on the content of the court documents. (*Id.* at 2–3, 10–11.) There are no allegations
6  involving Waters' conduct outside of the State Court Action on which Singer bases his claims.
7  Therefore, Singer's state law claims against Waters are absolutely barred by the litigation
8  privilege, regardless of whether they include unsubstantiated allegations that Waters lied to the
9  court. *Pollock*, 112 Cal. App. 4th at 1430; *Shafer*, 107 Cal. App. 4th at 78; *Herterich*, 20 Cal. App.
10 5th at 1142.

### 2.     *Singer does not state cognizable claims for either fraud or intentional misrepresentation.*

The elements for a California fraud claim are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) (*Thrifty*). A California claim for intentional misrepresentation contains the same elements as fraud. *Port Medical Wellness, Inc. v. Connecticut General Life Ins. Co.*, 24 Cal. App. 5th 153, 178 (2018) (*Port*). Both torts require evidence that the defendant knowingly made a misrepresentation. Waters cannot obtain such evidence.

First, the substitution of attorney Waters filed in the State Court Action does not contain a misrepresentation. Waters filed it to inform the parties in the State Court Action that he had changed firms. (McIntyre Decl., Exh. 2, Answer; McIntyre Decl., Exh. 3, Substitution of Attorney.) Indeed, if Waters had not filed the substitution informing all of the parties of his new address, he would have been incompliant with the California Rules of Court. *See* Cal. Rules of Court, rule 2.200 ("An attorney…whose mailing address, telephone number, fax number, or e-mail address…changes while an action is pending must serve on all parties and file a written notice of the change"). Thus, the substitution of attorney did not contain a misrepresentation, and

1  instead provided Singer with necessary information regarding the litigation. (McIntyre Decl., Exh.
2  3, Substitution of Attorney.)

3  Second, as the State Bar concluded when it closed the investigation into whether Waters
4  made misrepresentations in his February 21, 2023 declaration, the disagreement over the content
5  of the declaration amounted to mere "disputes of fact and law between parties on both sides,
6  which are best handled by the court.." (McIntyre Decl., Exh. 11, Complaint, Exh. F, p. 1.) Indeed,
7  the State Bar found that Singer's complaint could not support the conclusion that Waters had
8  "violated the Constitution or a federal law or state law." (*Id.*) Singer had the opportunity to dispute
9  the content of the February 21, 2023 declaration before the trial court, but he refused to file an
10 opposition to the sanctions motion. (McIntyre Decl., Exh. 6, Notice of Non-Opposition.) After
11 reviewing the motion and its supporting materials, the trial court granted the motion for sanctions.
12 (McIntyre Decl., Exh. 7, 3/15/23 Order Granting Motion.) Singer did not challenge the court's
13 order at any point during the remainder of the litigation, and would eventually file a request to
14 dismiss Weldon from the State Court Action. (McIntyre Decl., Exh. 8, Request for Dismissal.)

15 Thus, Waters cannot demonstrate that Singer made a misrepresentation in either the
16 substitution of attorney or the February 21, 2023 declaration. And, even if he did, there is no
17 evidence or even allegations that Waters suffered damages from relying on the information in
18 either document. Therefore, Waters has not plead a cognizable claim for either fraud or
19 misrepresentation based on California law. *Thrifty*, 218 Cal. App. 4th at 1239; *Port*, 24 Cal. App.
20 5th at 178.

21             **3.    *The Rooker-Feldman doctrine bars Singer's request to reopen the State***
22                       ***Court Action.***

23 In his complaint, Singer requests equitable relief for this Court to reopen the State Court
24 Action. (McIntyre Decl., Exh. 11, Complaint, pp. 10–11.) This Court does not have the power to
25 reopen state court actions after the state court has dismissed a case. "The *Rooker-Feldman*
26 doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the
27 judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (*Cooper*). The
28 *Rooker-Feldman* doctrine also bars claims that function as de facto appeals from state court orders

1  or judgments. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2002) (*Noel*). "It is a forbidden de facto
2  appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal
3  wrong allegedly committed by the state court, and seeks relief from the judgment of that court."
4  *Cooper*, 704 F.3d at 778, citing *Noel*, 341 F.3d at 1163. "*Rooker-Feldman* is confined to cases of
5  the kind from which the doctrine acquired its name: cases brought by state-court losers…inviting
6  district court review and rejection of [the state court's] judgments." *Skinner v. Switzer*, 562 U.S.
7  521, 532 (2011) (*Skinner*) (internal quotations omitted).

8        Here, Singer's request to reopen the State Court Action runs afoul of the *Rooker-Feldman*
9  doctrine. Indeed, his claim for equitable relief is exactly the kind of case that the Supreme Court
10 and the Ninth Circuit wish to bar. Singer is a state court "loser" who is seeking to challenge the
11 state court's order dismissing his action against Weldon through his federal complaint. In essence,
12 Singer is requesting that this Court set aside the state court order dismissing the case. (McIntyre
13 Decl., Exh. 11, Complaint, pp. 10–11.) This Court does not have jurisdiction to consider Singer's
14 request. *Cooper*, 704 F.3d at 777–78; *Noel*, 341 F.3d at 1155, 1163; *Skinner*, 562 U.S. at 532.

15     **4.** ***Singer's request for this Court to order the California Department of Real***
16         ***Estate to open an investigation into Waters and other entities is barred***
17         ***because federal courts cannot command a state agency to open an***
18         ***investigation.***

19       Singer's fourth cause of action requests equitable relief to command the California
20 Department of Real Estate to open an investigation into Waters and other entities. (McIntyre
21 Decl., Exh. 11, Complaint, p. 11.) Singer's claim, however, cannot continue in this Court. "The
22 Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent
23 unequivocal consent by the state." *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th
24 Cir. 2010) (*Krainski*), citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). "The Eleventh
25 Amendment jurisdictional bar applies regardless of the nature relief sought and extends to state
26 instrumentalities and agencies." *Krainski*, 616 F.3d at 967, citing *Papasan v. Allain*, 478 U.S. 265,
27 276 (1986). According to the Eleventh Amendment, a federal court cannot "grant injunctive relief
28 against a state instrumentality on the basis of state law." *Doe v. Regents of the Univ. of Cal.*, 891

1  F.3d 1147, 1153 (9th Cir. 2018) (*Doe*) (internal quotations omitted).

2  In this case, Singer requested that this Court issue an injunction ordering the California
3  Department of Real Estate to investigate Waters along with other entities under the California
4  Business and Professions Code. (McIntyre Decl., Exh. 11, Complaint, p. 11.) The Eleventh
5  Amendment prohibits this Court from issuing such an injunction. *Krainski*, 616 F.3d at 967; *Doe*,
6  891 F.3d at 1153. There is also no evidence that Singer sought permission from the state to file
7  this action. Thus, Singer's claim for equitable relief is not viable.

## IV. CONCLUSION

For the forgoing reasons, Waters respectfully requests that this Court grant this anti-SLAPP motion to strike Singer's state law claims from his complaint.

DATED: June 9, 2025          LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____
LANN G. McINTYRE
Attorneys for Defendant CRAIG C.O. WATERS, ESQ.



158201809.1                13                Case No. 1:25-cv-00532-KES-SAB
MPA ISO DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

**CERTIFICATE OF SERVICE**
*Singer v. Waters, et al.*
**U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 9, 2025, I served the following document(s): **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE PLAINTIFF'S COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16**.

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**Plaintiff Pro Per**
Paul V. Singer
4928 E. Washington Avenue
Fresno, CA 93727
Phone: 559-871-6400

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM) Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 9, 2025, at San Francisco, California.

*/s/ Nancy Lew-Pham*
Nancy Lew-Pham