# Exhibit 2

CRAIG C.O. WATERS, ESQ., SBN: 311109
**LAW OFFICE OF ROBERT C. ABRAMS**
5412 N. Palm Avenue, Suite 101
Fresno, California 93704
Telephone:   (559) 431-9710
Facsimile:   (559) 431-4108

Attorneys for Defendant,
BRIAN WELDON

E-FILED
7/3/2019 1:02 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

## IN THE SUPERIOR COURT OF CALIFORNIA

### COUNTY OF FRESNO
*****

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC, a California Limited Liability Company,<br><br>　　　　　　　　　　　　Plaintiffs,<br><br>vs.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive<br><br>　　　　　　　　　　　　Defendants. | Case No. 18CECG03151<br><br>**ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR:**<br>1) **BREACH OF CONTRACT**<br>2) **BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>3) **COMMON COUNTS;**<br>4) **CONVERSION;**<br>5) **INTENTIONAL MISREPRESENTATION**<br>6) **NEGLIGENT MISREPRESENTATION**<br>7) **UNJUST ENRICHMENT**<br>8) **ALTER EGO LIABILITY AND DAMAGES** |

　　　　Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants' unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

### GENERAL DENIAL

　　　　This answering Defendant in answer to the unverified Complaint, and pursuant to the provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each and every allegation contained therein and the whole thereof, including each and every purported cause of action contained in said Complaint, and denies, further, that Complainants have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all. Defendant further denies that Complainants have sustained any injury, damage or loss by

reason of any act, omission or omission to act on the part of this answering Defendant or its agents, employees or predecessors-in-interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees, and representatives were negligent in and about the matters alleged in the Complaint, and their negligence was the legal cause of Complainants' injuries and damages, if any.

### Second Affirmative Defense

2. As a second and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' damages, if any, were caused by the negligence and wrongful conduct of Complainants and their agents, employees, and representatives and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of Complainants and/or Complainants' agents, employees and representatives contributed to Complainants' damages if any.

### Third Affirmative Defense

3. As a third and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees and representatives failed to mitigate, minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum which Complainants may be awarded reduced by such sums as could have been mitigated, minimized or avoided.

### Fourth Affirmative Defense

4. As a fourth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are unenforceable in that Complainants have voluntarily and knowingly waived each and all of Complainants' alleged rights and causes of action against this Defendant.

////

////

ANSWER TO UNVERIFIED COMPLAINT

### Fifth Affirmative Defense

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

### Sixth Affirmative Defense

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

### Seventh Affirmative Defense

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

### Eighth Affirmative Defense

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

### Ninth Affirmative Defense

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

### Tenth Affirmative Defense

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

**Eleventh Affirmative Defense**

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

**Twelfth Affirmative Defense**

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

**Thirteenth Affirmative Defense**

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

**Fourteenth Affirmative Defense**

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

**Fifteenth Affirmative Defense**

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

**Sixteenth Affirmative Defense**

16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the material breach of contract by Complainants discharged Defendant from any obligation to Complainants.

////

////

### Seventeenth Affirmative Defense

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

### Eighteenth Affirmative Defense

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

### Nineteenth Affirmative Defense

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

### Twentieth Affirmative Defense

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

### Twenty-first Affirmative Defense

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

### Twenty-Second Affirmative Defense

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////

ANSWER TO UNVERIFIED COMPLAINT

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.

DATED: July 2, 2019.

LAW OFFICE OF ROBERT C. ABRAMS

_____
CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

PROOF OF SERVICE

STATE OF CALIFORNIA )
                    )
COUNTY OF FRESNO    )

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐ **BY OVERNIGHT DELIVERY:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒ **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **BY FAX:** I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

<u>Attorneys for Paul Singer</u>
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

Executed on July 3, 2019, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Kayla L. Waters

PROOF OF SERVICE