# Exhibit 4

E-FILED
2/21/2023 4:05 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

1 | CRAIG C.O. WATERS, ESQ. (SBN: 311109)
**MODERN LEGAL PC**
2 | 5412 N. Palm Avenue, Suite 105
3 | Fresno, California 93704
Telephone:   (559) 603-8522
4 | Facsimile:   (559) 777-6604
Email:   cwaters@modernlegalpc.com
5 |
6 | Attorney for Defendant and Cross-Complainant
BRIAN WELDON
7 |
8 | **IN THE SUPERIOR COURT OF CALIFORNIA**
9 | **COUNTY OF FRESNO**

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 18CECG03151<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** |
| BRIAN WELDON, an individual;<br><br>Cross-Complainant,<br><br>v.<br><br>PAUL SINGER, an individual; and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company; ROES 1 through 20, inclusive,<br><br>Cross-Defendants. | Assigned to Hon. Kristi Culver Kapetan, Dept. 403<br>Complaint filed: August 23, 2018<br>Cross-Complaint filed: September 21, 2020<br><br>**Date:**   March 15, 2023<br>**Time:**   3:27 p.m.<br>**Dept.:**   502 |

Defendant and Cross-Complainant BRIAN WELDON ("Defendant") respectfully submits this Memorandum of Points and Authorities in support of his motion for monetary sanctions against Plaintiff PAUL SINGER ("Plaintiff") in an amount equal to the reasonable attorneys' fees and costs incurred by Defendant in opposing Plaintiff's Motion to Deem Facts Admitted.

---

1

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SANCTIONS

## I.   INTRODUCTION AND SUMMARY ARGUMENT

On December 12, 2022, Defendant received a letter from Plaintiff wherein Plaintiff alleged he had served requests for admission on November 8, 2022 and that he was attempting to meet and confer by and through the letter. Defendant's counsel responded to the letter on December 15, 2022 informing Plaintiff that Defendant's counsel had not received any discovery, but Plaintiff never responded to the letter. On December 29, 2022, Defendant's counsel received Plaintiff's Motion to Deem the Truth of Matters Admitted ("Plaintiff's Discovery Motion") and again attempted to meet and confer with Plaintiff, this time by phone.

Plaintiff agreed to send a copy of the Requests to Defendant's counsel by email and the parties agreed to a response deadline of January 12, 2023. A variety of communications between the parties following the December 29, 2022 telephonic meet and confer showed that Plaintiff attempted to mask the mailing of a different document as the Requests, despite the extensive evidence to the contrary. Simply put: the Requests were not served in November, but were first received by Defendant's counsel on December 29, 2022, responses thereto were served as agreed on January 12, 2023 and Plaintiff was not entitled to the relief he sought by way of Plaintiff's Discovery Motion. Defendant incurred attorneys' fees and costs in opposing Plaintiff's Discovery Motion, which was unsuccessful. Plaintiff's Discovery Motion was a clear abuse of the discovery process and Defendant now seeks monetary sanctions against Plaintiff for costs incurred to oppose the same.

## II.   STATEMENT OF FACTS

On or about December 12, 2022, Defendant's counsel received a meet and confer letter from Plaintiff dated December 9, 2022, by certified mail with tracking number 7022 1670 0002 0008 6997 (the "6997 Tracking Number") (the "December 12 Meet and Confer Letter"). (**Exhibit A** to the Declaration of Craig C.O. Waters (the "Waters Dec.") filed concurrently herewith.) In the December 12 Meet and Confer Letter, Plaintiff alleged he had served requests for admission on Defendant's counsel on November 8, 2022 and had not received any responses. (**Exhibit A** to the Waters Dec.)

////

Modern Legal PC's mail processing protocol is to date-stamp and scan all incoming mail, including the envelope in which the mail is received, and save the scans into the firm's cloud-based software, by which the scanned mail is saved to the particular client's matter file. (Waters Dec. at ¶ 4).

Upon receiving the December 12 Meet and Confer Letter after it had been processed, Defendant's counsel reviewed the scanned mail for that day and the matter file for this case but found no record of any requests for admission having been served by Plaintiff. (Waters Dec. at ¶ 5.) The only mail item received during the time in question, around November 8, 2022, was an "Affidavit of Truth" that Defendant's counsel had received from Plaintiff on November 7, 2022 (the "November 7 Affidavit of Truth"). (Waters Dec. at ¶ 6.) The November 7 Affidavit of Truth was received by certified mail with tracking number 7022 1670 0002 0008 6096 (the "6096 Tracking Number"). (Waters Dec. at ¶7.) Indeed, on November 9, 2022, Defendant's counsel received a phone call from counsel for the escrow company involved in the subject transaction stating that they had also received an affidavit of truth from Plaintiff. (Waters Dec. at ¶ 7.)

On December 15, 2022, Defendant's counsel drafted a meet and confer response letter to Plaintiff informing him that no record of any requests for admission could be found and asked Plaintiff to send the requests that Plaintiff believed were outstanding (the "December 15 Response Letter"). (**Exhibit C** to the Waters Dec.) No response was ever received from Plaintiff. (Waters Dec. at ¶ 8.)

On or about December 29, 2022, approximately two weeks after Defendant responded to Plaintiff's meet and confer letter, Defendant received a copy of Plaintiff's Discovery Motion with the alleged requests for admission. (Waters Dec. at ¶ 9.) This was the first time Defendant's counsel had seen the alleged requests for admission (the "Requests"). (Waters Dec. at ¶ 9.)

After receiving Plaintiff's Discovery Motion, Defendant's counsel contacted Plaintiff by telephone to meet and confer regarding the Motion and the allegedly outstanding responses. (Waters Dec. at ¶ 10.) Defendant's counsel informed Plaintiff, once again, that no requests for admission had been received by Defendant's counsel. (Waters Dec. at ¶ 10.) Plaintiff represented that he had sent the requests by certified mail and that he had a tracking number. (Waters Dec. at ¶ 11.)

Defendant's counsel requested the tracking number and Plaintiff agreed to provide it after the call. (Waters Dec. at ¶ 11.)

During the meet and confer call, Defendant's counsel agreed to serve responses to the Requests no later than the end of the day on January 12, 2023. (Waters Dec. at ¶ 11.) Defendant's counsel requested that Plaintiff withdraw the Discovery Motion in light of the information provided to Plaintiff, but he refused. (Waters Dec. at ¶ 11.) After the phone call, Defendant's counsel drafted a confirming letter, which was sent to Plaintiff by mail and by email as Plaintiff requested. (Waters Dec. at ¶ 11.) On December 30, 2022, Defendant's counsel received an email from Plaintiff with a Certified Mail Receipt and USPS tracking page. (Waters Dec. at ¶ 12.) The tracking number identified on the Certified Mail Receipt was the 6096 Tracking Number and was one of three envelopes sent via certified mail by Plaintiff on that day. (**Exhibit D** to the Waters Dec.) The receipt for the Certified Mailing showed that Plaintiff sent three identical mailings to three separate zip codes, all weighing exactly the same amount. (**Exhibit D** to the Waters Dec.) This piqued Defendant's counsel's interest, as Defendant is the only active party in the matter and there are no other parties to be served with the Requests. (Waters Dec. at ¶ 13.)

Defendant's counsel reviewed the 6096 Tracking Number and compared it with the Firm's received mailings. (Waters Dec. at ¶ 14.) The tracking number was matched, not to any requests for admission as alleged, but to the November 7 Affidavit of Truth previously identified by Defendant's counsel. (Waters Dec. at ¶ 14.) The USPS tracking page shows that 6096 Tracking Number was marked as delivered at 10:03 a.m. on November 7, 2023. (Waters Dec. at ¶14.) Defendant's counsel's cloud-based software confirms that the document and its envelope with the 6096 Tracking Number was scanned into the software on November 7, 2022, at 10:13 a.m., approximately ten minutes later. (**Exhibit E** to the Waters Dec.)

On or about January 3, 2023, Defendant's counsel drafted a letter to Plaintiff wherein Defendant's counsel explained his findings and included a copy of the electronic records for the receipt of the November 7 Affidavit of Truth, not the Requests alleged by Plaintiff. (**Exhibit F** to Waters Dec.) **Defendant's counsel respectfully requested, in light of the findings, that Plaintiff withdraw his Motion to Deem the Truth of Matters Admitted.**

On or about January 5, 2023, Defendant's counsel received a responsive letter from Plaintiff stating that he disagreed with Defendant's counsel's findings. (Waters Dec. at ¶16.) Plaintiff claimed the November 7 Affidavit of Truth could not have been the document contained in the envelope scanned by Defendant's counsel's office because the November 7 Affidavit of Truth was notarized at 02:00 p.m. on November 4 and the 6096 Tracking Number was created before that time. (**Exhibit G** to the Waters Dec.)

On or about January 10, 2023, Defendant's counsel contacted J. Leal ("Ms. Leal"), the notary public who had notarized the November 7 Affidavit of Truth. (Waters Dec. at ¶ 17.) During the conversation, Ms. Leal stated that she forgot to enter the time for the notarization of the November 7 Affidavit of Truth in her notary log on the day of the signing. (Waters Dec. at ¶ 17.) She further stated that the week before Defendant's counsel contacted her, Plaintiff called her regarding the time of the notarization, and she informed him of the omission in her log. (Waters Dec. at ¶ 17.) Per Ms. Leal, upon finding the omission, she reviewed her appointment calendar for the day and found that her appointment with Plaintiff was at 09:00 a.m. on November 4, 2022. (Waters Dec. at ¶ 17.) When she informed Plaintiff of this fact, Plaintiff was adamant that it could not have been that early and that it could not have been before 02:00 p.m. (Waters Dec. at ¶ 17.) For reasons unknown, Ms. Leal accepted Plaintiff's representation and completed the notary log by filling in 02:00 p.m. as the time of the signing. (Waters Dec. at ¶ 17.) After Defendant's counsel's phone call with Ms. Leal, she confirmed the information in the call by text, and provided Defendant's counsel with a copy of her appointment log for the day of the signing. (**Exhibit H** to Waters Dec.)

On January 12, 2023, as agreed during the December 29, 2022 meet and confer call, Defendant's counsel served Defendant's responses to the Requests on Plaintiff by mail and email. (**Exhibit I** to the Waters Dec.) Plaintiff refused to withdraw Plaintiff's Discovery Motion, yet filed no reply brief in support of his Discovery Motion. The Court denied Plaintiff's Discovery Motion on February 7, 2023. Specifically, the Court ruled Plaintiff provided no proof of service showing the discovery requests in question were served on Defendant and that Defendant "provided uncontroverted evidence that the requests for admissions was not received until December 29, 2022

and [noted] that the only service information plaintiff eventually provided concerned a document facially unrelated to discovery . . . ." (the "Court's Ruling"). A true and correct copy of the Court's Ruling is attached as **Exhibit 1** to the Request for Judicial Notice (the "RJN"), filed concurrently herewith.)

### III.   LAW AND ARGUMENT

#### A.   Discovery and Motions for Sanctions Generally

The purpose of the Discovery Act is to enable the adverse party to discover facts in the possession of the opposing party relating to the claim(s) at issue and to take the "gaming element" out of trial preparation by enabling the parties to obtain the evidence necessary to evaluate and resolve their dispute beforehand. (*Greyhound Corp. v. Superior Court* (1961) 56 Cal.2d 355, 376; *Emerson Electric Company v. Superior Court* (1997) 16 Cal.4th 1101, 1107.)

The Court may impose monetary sanctions against a party for misuse of the discovery process, including an order that one engaging in the misuse of the discovery process pay the reasonable expenses, including the attorneys' fees incurred by anyone as a result of that conduct. (Cal. Code Civ. Proc. § 2023.030(a).) Misuse of the discovery process includes, but is not limited to: (1) using a discovery method in a manner that does not comply with its specified procedures; (2) employing a discovery method in a manner or to an extent that causes unwarranted annoyance, embarrassment, or oppression, or undue burden and expense; and (3) making or opposing, unsuccessfully and without substantial justification, a motion to compel or to limit discovery. (Cal. Code Civ. Proc. §§ 2023.010(b), 2023.010(c), and 2023.010(h).)

#### B.   Plaintiff's Actions Constitute Patent Abuse of the Discovery Process

First, Plaintiff attempted to use a discovery method in a manner that does not comply with its specified procedures. A party may make requests for admission by another party without leave of court but must serve the requests for admission on the party to whom they are directed. (Cal. Code Civ. Proc. §§ 2033.020 and 2033.070.) If a party that has been served with requests for admissions fails to serve timely responses, the propounding party may move for an order that the admissions be deemed admitted as facts. (Cal. Code Civ. Proc. § 2033.280(b).) If responses are served before the hearing on the motion, **then the motion is defeated.** (Cal. Code Civ. Proc. §

2033.280(c), emphasis added; *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 778.) As a threshold matter, Plaintiff did not serve the requests for admissions and refused to respond to Defendant's December 15, 2022 request for a copy of the requests. (Waters Dec. at ¶¶ 6-8.) It was not until Defendant received Plaintiff's Discovery Motion on December 29, 2022, that Defendant was first presented with the requests for admission. (Waters Dec. at ¶ 9.) Despite that fact and acting in good faith to conserve costs and judicial resources, on December 29, 2022, Defendant agreed to provide expedited responses on January 12, 2023 and requested Plaintiff withdraw Plaintiff's Discovery Motion, but Plaintiff refused. (Waters Dec. at ¶¶ 10-11, 15.) Defendant served responses to the requests nearly four weeks before the hearing on Plaintiff's Discovery Motion, yet Plaintiff still refused to withdraw his Discovery Motion. It is clear from Plaintiff's actions that the responses were irrelevant to him. Plaintiff's goal was to obtain an order deeming the requests admitted as facts, which is why he refused to withdraw the Discovery Motion even after being served with responses to his requests and to cost Defendant as much money as possible in attorneys' fees as the only represented party.

Second, Plaintiff erroneously employed a discovery method to an extent that caused unwarranted annoyance and undue burden and expense. During the course of communications regarding the requests, Plaintiff contended that Defendant's counsel could not have received the Affidavit of Truth in the November 8, 2022 mailing because the time of the certified mailing occurred before Plaintiff executed and had notarized the Affidavit of Truth. To evidence this, Plaintiff represented that he was in possession of the notary's log showing he signed the Affidavit of Truth at 02:00 p.m. on November 4, 2022 – nearly two hours after the certified mailing receipt was created. In an effort to confirm the timing of events, Defendant's counsel contacted the notary whose stamp appeared on Plaintiff's Affidavit of Truth. This is when Defendant's counsel learned that the notary's appointment book reflected Plaintiff signed the Affidavit of Truth at or about 09:00 a.m., but that Plaintiff had contacted the notary and convinced her to add a time stamp of 02:00 p.m. to her notary log. (Waters Dec. at ¶ 17.) Plaintiff's erroneous employment of requests for admission (i.e., failure to serve the requests, refusal to provide the requests to the responding party upon request, filing of the erroneous Discovery Motion, refusal to withdraw the Discovery Motion

after service of the responses, and persuading the notary to amend her notary log) caused significant annoyance and undue burden on Defendant in working in having to investigate and oppose Plaintiff's misleading claims.

Third, Plaintiff filed and refused to withdraw his Discovery Motion without substantial justification and was unsuccessful on that Discovery Motion after failing to file a reply brief. The court may excuse the imposition of sanctions if the Court makes written findings that the one subject to the sanctions acted with **substantial justification** making the imposition of the sanction unjust. (Cal. Code Civ. Proc. 2023.050(c).) Here, Defendant's counsel explained numerous times to Plaintiff that the requests for admission were not received, that Defendant's counsel doubted the Court would grant Plaintiff's Discovery Motion, and requested Plaintiff withdraw his Discovery Motion. (Waters Dec. at ¶¶ 8-17.) Further, Defendant offered to and did serve his responses to the requests two weeks after receiving them from Plaintiff and nearly four weeks before the hearing on Plaintiff's Discovery Motion. (Waters Dec. at ¶ 18.) The Court denied Plaintiff's Discovery Motion. Specifically, the Court ruled Plaintiff provided no proof of service showing the discovery requests in question were served on Defendant and that Defendant "**provided uncontroverted evidence that the requests for admissions was not received until December 29, 2022 and [noted] that the only service information plaintiff eventually provided concerned a document facially unrelated to discovery . . . .**" (See page 2 of **Exhibit 1** to the RJN, emphasis added.)

Plaintiff was without any, much less substantial, justification in filing and refusing to withdraw his Discovery Motion. Therefore, Defendant is entitled to monetary sanctions against Plaintiff to recover his reasonable attorneys' fees totaling $3,923.50 and costs totaling $17.48 related to Plaintiff's Discovery Motion.

## IV. CONCLUSION

Plaintiff has clearly abused the discovery process in an attempt to obtain his own requests deemed admitted as facts. While it is unclear whether Plaintiff intentionally did not serve the requests, his communications with and demands of the notary pertaining to her notary log and his refusal to withdraw his motion after being provided responses evidence his intent to abuse the discovery process for his own gain. Monetary sanctions should be imposed against Plaintiff in an

amount equal to Defendant's attorneys' fees totaling $3,685.00 and costs totaling $77.48 related to Plaintiff's Discovery Motion and filing of this Motion for Monetary Sanctions for his flippant treatment of the discovery process.

Dated: February 21, 2023

**MODERN LEGAL PC**

_____
CRAIG C.O. WATERS, Attorney for
BRIAN WELDON

# PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF FRESNO

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA 93704.

On February 21, 2023, I served the foregoing document(s) described as: **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** on the parties in this action as follows:

☐ **BY EMAIL:** I caused such document to be sent via email transmission to the offices of the addressee(s) as set forth below:

☐ **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒ **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
*paul@calscope.com*

Benchmark Logic Real Estate Investing & Consulting, LLC
c/o Paul Ventura Singer
*paul@calscope.com*

Executed on February 21, 2023, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____
Kayla L. Waters