# Exhibit 9

PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

PAUL SINGER: IN PRO PER

FILED
OCT 03 2023
SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY______________ DEPUTY

SUPERIOR COURT OF THE STATE OF CALIFORNIA, COUNTY OF FRESNO

UNLIMITED CIVIL

| | |
|---|---|
| PAUL SINGER, an individual<br><br>Plaintiff,<br><br>vs.<br><br>BRIAN WELDON, an individual<br>Defendant | Case No.: 18CECG03151<br><br>NOTICE OF MOTION AND MOTION TO VACATE DISMISSAL AND REINSTATE CASE:MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF PAUL SINGER; EXHIBITS<br><br>Date: March 19, 2024<br>Time: 3:30p.m.<br>Dept: 502<br><br>Date Action Filed: August 23, 2018 |

TO ALL INTERESTED PARTIES AND THEIR ATTORNEYS OF RECORD:

NOTICE IS HEREBY GIVEN than on September 19, 2023 , at 3:30 p.m., or as soon after that as the matter can be heard, in Dept. 502 of the above-entitled Court located at 1130 “O” Street, Fresno, California, Plaintiff PAUL SINGER,(hereinafter “Plaintiff”) will and hereby does move the Court for an order: (1) setting aside Plaintiff’s Request of Dismissal Civ-110, (hereinafter

"Dismissal") which was filed and entered on September 15, 2023, (2) Reinstate the Case to the civil Active list, (3) Enter Notice of Default as to Defendant BRIAN WELDON pursuant to defendant's failure to filed a timely answer to the Second Amended Complaint.

This Motion is made pursuant to California Code of Civil Procedure § 473(2)(b). Plaintiff believed dismissing the two other defendants to the case would allow plaintiff to then file Notice of Entry of Default against Defendant BRIAN WELDON for failing to meet September 15,2023 deadline to submit his Answer.

On September 15, 2023 Plaintiff submitted to the Court Clerk's office in effort to meet the requirements to enter notice of default judgment however due to plaintiff's mistake and inadvertance, in that the plaintiff made hereupon the California Judicial Counselor form: Request for Dismissal Civ-010 inadvertently dismissed the Second Amended complaint without prejudice. Under CCP Section 473(2)(b), Plaintiff seeks reinstatement of the case.

Furthermore, upon reinstatement of the case, Plaintiff request enter of default judgment against defendant, BRIAN WELDON due to aforementioned default to respond to the complaint, pursuant to California Code of Civil Procedure §585(a).

This Motion is made based upon this notice, the supporting Memorandum of Points and Authorities and the Declaration of PAUL SINGER and exhibits attached thereto, the pleading and papers on file herein, and upon such other matters as may be presented to the court at the time of the hearing.

Pursuant to Local Rule 1.06 (A) the court will make a tentative ruling on the merits of this matter by 2:00 p.m., the court day before the hearing. The complete text of the tentative rulings for the department may be downloaded off the court's website. If the party does not have online access,

.

they may call the dedicated phone number for the department as referenced in the local telephone directory between the hours of 2:00 p.m. and 4:00 p.m. on the court day before the hearing and receive the tentative ruling. If you do not call the court and the opposing party by 4:00 p.m. the court day before the hearing, no hearing will be held.

Dated 10-2-2023

PAUL SINGER,
PLAINTIFF – "IN PRO PER"

DECLARATION

I, PAUL SINGER , am the Plaintiff in this matter, and I declare the following in support of my motion to set aside the in my request for dismissal and reopen case:

CONTENTS

1. I, by my own mistake, improperly filled out the Civ-110 form by marking box 2: complaint when I should have marked box 6: others: CHRISTINA WELDON and FREEDOM INVESTMENTS, LLC.
2. I, am also unaware of any history of the records of the court in receivership of defendant BRIAN WELDON submitting his answer to the Second Amended Complaint, which was due by September 15, 2023.
3. The only remaining defendant in this case should be BRIAN WELDON, to which he has failed to file his answer with the court by the September 15, 2023 deadline, attached as Exhibit A.

INADVERTANCE, SURPRISE, MISTAKE, EXCUSABLE NEGLECT

4. I contend that my mistake was made in thereupon the document Request for Dismissal Civ-110 resulting in filing the Request for Dismissal on the complaint in error.
5. But for the above facts, I would have been able to apply for entry of default and clerk's default judgment against Defendant BRIAN WELDON had I not made such mistake, attached as Exhibit B.
6. I have attached the following exhibits to this declaration in support of my motion to set aside the Request for Dismissal/Reinstate Case:
   a. Exhibit A: Case Index history between September 13 to current – Case No. 18CECG03151
   b. Exhibit B: Application for Clerk's Default Judgment.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated: 10-2-2023

PAUL SINGER- PLAINITIFF – In Pro Per

**MEMORANDUM OF POINTS AND AUTHORIES IN SUPPORT OF MOTION TO SET ASIDE DISMISSAL**

I. INTRODUCTION

On August 8, 2023, the Courts granted under tentative ruling Plaintiff PAUL SINGER (hereinafter, "Plaintiff") to file his Second Amended Complaint against Defendant BRIAN WELDON (hereinafter "Defendant") for Breach of Contract, Breach of Implied Fair and Honesty Dealing, and Common Count by August 14, 2023. Defendant, BRIAN WELDON's counselor was personal severed on behalf of defendant on August 14, 2023 at location 5403 N. Palm Avenue, Suite 105, Fresno, California 93702. All other defendants CHRISTINA WELDON and FREEDOM INVESTMENTS, LLC were no included in the Second Amended Complaint (SAC) and therefore plaintiff intended to dismiss those defendants if Defendant BRIAN WELDON responded or failed to Answer either way.

On September 15, 2023, Plaintiff submitted form Civ-110 Request for Dismissal in this court to dismiss defendants CHRISTINA WELDON and FREEDOM INVESTMENTS, LLC. However, due to plaintiff's own errors made on the form, the court's clerks entered a dismissal on the entire Second Amended Complaint without prejudice. The moving plaintiff is now asking for a set aside of that dismissal due to plaintiff's own mistake on the document and reopen the complaint. Plaintiff now moves the court for Order to Set Aside Dismissal and Reinstate the Case, so that Plaintiff may resubmit his Application for Clerk's Entry of Default Judgment.

II. AUTHORITY OF COURT TO VACATE A DISMISSAL

California Code of Civil Procedure §473(2)(b) gives the court the authority to set aside the dismissal,

> "The court may, upon any terms as may be just, relieve a party, or his or her legal representative from a judgment, dismissal, order or other proceeding, taken against him or her through his or her mistake, inadvertance, surprise or excusable neglect."

DISCUSSION

On September 15, 2023, Plaintiff's error caused the mistake in filing a request for dismissal without prejudice, which plaintiff only the intended to dismiss the two other defendants, CHRISTINA WELDON and FREEDOM INVESTMENTS, LLC from the complaint. On September 15, 2023, the court clerk's office entered the dismissal of the entire complaint due to plaintiff's own clerical error. Plaintiff believed dismissing the two other defendants to the case would allow plaintiff to then file Notice of Entry of Default against Defendant BRIAN WELDON for failing to meet September 15,2023 deadline to submit his Answer. As such, the dismissal on September 15, 2023, was thus a surprise to the Plaintiff. The Court has the authority to vacate a Dismissal entered as a result of a "surprise." See: California Practice Guide, Civil Procedure Before Trial, Section 11:34.11 and 11:34.12 (citing Zamora v. Clayborn Contracting Group, Inc [2002] 28 Cal. 4th 249, 254-255). The reference "judgment, dismissal order or other proceeding" in CCP 473 refers to any step taken in a case from the commencement to the termination of a proceeding. See: Zellerin v. Brown (1991) 235 Cal. App. 3d 1097, 1105. Plaintiff has Good Cause for the relief requested herein, including a justifiable right to enter clerk's default judgment upon a defendant's failure to file a timely Answer.

III. AUTHORITY OF COURT TO ENFORCE ENTRY OF DEFAULT JUDGMENT

California Code of Civil Procedure §585(a) gives the court the authority to enforce entry of default judgment if the defendant fails to answer the complaint, as follows:

"(a) In an action arising upon contract or judgment for the recovery of money or damages only, it the defendant has, or if more than one defendant, if any of the defendants have, been served, other than by publication, and no answer, demurrer, notice of motion to strike of the character specified in subdivision (f), notice of

motion to transfer pursuant to Section 396b, notice of motion to dismiss pursuant to Article 2 (commencing with Section 583.210) of Chapter 1.5 of Title 8, notice of motion to quash service of summons or to stay or dismiss the action pursuant to Section 418.10, or notice of the filing of a petition for writ of mandate as provided in Section 418.10 has been filed with he clerk of the court within the time specified in summons, or within further time as may be allowed, the clerk, upon written application of the plaintiff, and proof of service of summons, shall enter the default of the defendant, or defendants so served and immediately thereafter enter judgment for the principal amount demanded in the complaint, in the statement required by Section 425.11, or in the statement provided for in Section 425.115, or a lesser amount if credit has been acknowledged, together with interest allowed by law or in accordance with the terms of the contract, and the costs against the defendant, or defendants, or against one or more of the defendants. If by rule of court, a schedule of attorneys' fees to be allowed has been adopted, the clerk may include the judgment attorneys' fees in accordance with the schedule (1) if the contract provides that attorneys' fees shall be allowed in the event of an action thereon, or (2) if the action is one in which the plaintiff is entitled to money or damages. The plaintiff shall file a written request at the time of application for entry of the default of the defendant or defendants, to have attorneys' fees fixed by the court, whereupon after the entry of the default, the court shall hear the application for determination of the attorneys' fees and shall render judgment for the attorneys' fees and for the other relief demanded in the complaint, in the statement required by Section 425.11, or in the statement

provided for in Section 425.115, or a lesser amount if credit has been acknowledged, and the costs against the defendant, or defendants, or against one or more of the defendants".

DISCUSSION

On August 14, 2023, Defendant BRIAN WELDON was served the SAC. Defendant BRIAN WELDON deadline to respond to the complaint was to be by September 15, 2023. Plaintiff has kept checking the case index online regarding his case and have found no record of any filing made by defendant and it by this lack of action taken by defendant, that had the error not been made, Plaintiff would have already obtained a clerk's default judgment against the Defendant BRIAN WELDON. Defendant has defaulted by failing to file any responding plead by September 15, 2023 and based on those records of the courts, it still remains unanswered even through the option of e-filing by the deadline with the courts as well. It would not be an abuse of discretion for the Court to set aside Dismissal and to reinstate the case to permit Plaintiff to enter application for clerk's default judgment against Defendant BRIAN WELDON, as it would result in the enforcement of the authority to do so. Subdivision (a) of section 585 applies "[i]n an action arising upon contract or judgment for the recovery of money or damages only, if the defendant has ... been served, other than by publication ...." (Italics supplied.) If so, upon written application of the plaintiff the clerk "shall enter the default of the defendant ... and immediately thereafter enter judgment ...." See Parish v. Peters (1991) 1 Cal. App. 4th 2051.

IV. CONCLUSION

For the foregoing reasons, the Court, in the furtherance of justice, has the authority to vacate the dismissal and reinstate the case. The accompanying Declaration of Paul Singer set forth the strong factual basis as to the merits of the Motion to Set Aside the Dismissal and Reinstate the Case.

There being good cause shown, Plaintiff now moves the court for Order to Set Aside Dismissal and Reinstate the Case. Furthermore, Plaintiff request that Plaintiff may resubmit his Application for the Entry of Clerk's Default Judgment against Defendant BRIAN WELDON.

Dated: 10-2, 2023

PAUL SINGER
PLAINTIFF- IN PRO PER

# EXHIBIT "A"



# Superior Court of California, County of Fresno

Register / Sign In

View Document 08/14/23 Proof of Service

View Document 08/14/23 Second Amended Complaint Filed

View Document 9-14-23 Request to Enter Default Denied

View Document 9-14-23 Memorandum of Costs filed

View Document 9/14/2023 Request for Dismissal filed

View Document 9/19/2023 Ex parte Filed

View Document 9/19/2023 Proposed Order for Ex Parte Hearing

View Document 9/21/23 Opposition to Ex Parte Application

View Document 9/21/23 Minute Order + CM

# EXHIBIT "B"

CIV-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY: STATE BAR NO: | FOR COURT USE ONLY |
|---|---|
| NAME: PAUL SINGER<br>FIRM NAME:<br>STREET ADDRESS: 4928 E. WASHINGTON STREET<br>CITY: FRESNO STATE: CA ZIP CODE: 93727<br>TELEPHONE NO.: FAX NO.:<br>E-MAIL ADDRESS:<br>ATTORNEY FOR (*name*): IN PRO PER | FILED<br>SEP 14 2023<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF FRESNO<br>BY ______ DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** FRESNO<br>STREET ADDRESS: 1130 "O" STREET<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: FRESNO, CALIFORNIA 93721<br>BRANCH NAME: SISKHOUSE COURT | |
| Plaintiff/Petitioner: PAUL SINGER, an individual<br>Defendant/Respondent: BRIAN WELDON, an individual | |
| **REQUEST FOR (Application)** [x] **Entry of Default** [x] **Clerk's Judgment** [ ] **Court Judgment** | CASE NUMBER:<br>18CECG03151 |

**Not for use in actions under the Fair Debt Buying Practices Act (Civ. Code, § 1788.50 et seq.);** (see form CIV-105)

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date):* 08/14/2023
   b. by *(name):* PAUL SINGER- PLAINITIFF
   c. [x] Enter default of defendant *(names):*
      BRIAN WELDON
   d. [ ] I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant *(names):*

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. [x] Enter clerk's judgment
      (1) [ ] for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
          [ ] Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) [x] under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) [ ] for default previously entered on *(date):*

2. **Judgment to be entered.**

| | Amount | Credits acknowledged | Balance |
|---|---|---|---|
| a. Demand of complaint . . . . . . . . . . . . . | $ 534600.00 | $ 00.00 | $ 534600.00 |
| b. Statement of damages* | | | |
| (1) Special . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| (2) General . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| c. Interest . . . . . . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| d. Costs *(see reverse)* . . . . . . . . . . . . . . | $ 797.00 | $ 00.00 | $ 797.00 |
| e. Attorney fees . . . . . . . . . . . . . . . . . . . | $ | $ | $ |
| f. **TOTALS** . . . . . . . . . . . . . . . . . . . . . . | $ 535397.00 | $ 00.00 | $ 535397.00 |

   g. **Daily damages** were demanded in complaint at the rate of: $ per day beginning *(date):*

   *(* Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.)*

3. [ ] *(Check if filed in an unlawful detainer case.)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4).*

Date: 09/14/2023

PAUL SINGER
(TYPE OR PRINT NAME)

[signature]
(SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| *FOR COURT USE ONLY* | (1) [ ] Default entered as requested on *(date):*<br>(2) [ ] Default NOT entered as requested *(state reason):*<br>Clerk, by ______, Deputy |
|---|---|



Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2023]

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure, §§ 585–587, 1169
www.courts.ca.gov

CIV-100

| Plaintiff/Petitioner: PAUL SINGER, an individual<br>Defendant/Respondent: BRIAN WELDON, an individual | CASE NUMBER:<br>18CECG03151 |
|---|---|

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☐ did **not** for compensation give advice or assistance with this form. If declarant has received **any** help or advice for pay from a legal document assistant or unlawful detainer assistant, state:

a. Assistant's name:

b. Street address, city, and zip code:

c. Telephone no.:

d. County of registration:

e. Registration no.:

f. Expires on *(date):*

5. ☒ **Declaration under Code Civ. Proc., § 585.5** *(for entry of default under Code Civ. Proc., § 585(a)).* This action

a. ☒ is ☐ is not on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).

b. ☐ is ☐ is not on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).

c. ☐ is ☐ is not on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was

a. ☐ **not mailed** to the following defendants, whose addresses are unknown to plaintiff or plaintiff's attorney *(names):*

b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:

(1) Mailed on *(date):* 09/14/2023

(2) To *(specify names and addresses shown on the envelopes):*
BRIAN WELDON C/O CRAIG WATERS ESQ:
MODERN LEGAL, PC: 5412 N. PALM AVENUE, Suite 105
Fresno, California 93704

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.

Date: 09/14/2023

PAUL SINGER
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):

| | | |
|---|---|---|
| a. | Clerk's filing fees | $ 797.00 |
| b. | Process server's fees | $ |
| c. | Other *(specify):* | $ |
| d. | | $ |
| e. | **TOTAL** | $ 797.00 |

f. ☐ Costs and disbursements are waived.

g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 7 is true and correct.

Date: 09/14/2023

PAUL SINGER
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)

CIV-100

| Plaintiff/Petitioner: PAUL SINGER, an individual<br>Defendant/Respondent: BRIAN WELDON, an individual | CASE NUMBER<br>18CECG03151 |
|---|---|

8. **Declaration of nonmilitary status** *(required for a judgment).*
No defendant/respondent named in item 1c is in the military service of the United States as defined by either the Servicemembers Civil Relief Act (see 50 U.S.C. § 3911(2)) or California Military and Veterans Code sections 400 and 402(f).

I know that no defendant/respondent named in item 1c is in the U.S. military service because *(check all that apply)*:

a. ☐ the search results that I received from *https://scra.dmdc.osd.mil/* say the defendant/respondent is not in the U.S. military service.

b. ☒ I am in regular communication with the defendant/respondent and know that they are not in the U.S. military service.

c. ☐ I recently contacted the defendant/respondent, and they told me that they are not in the U.S. military service.

d. ☐ I know that the defendant/respondent was discharged from U.S. military service on or about *(date)*:

e. ☐ the defendant/respondent is not eligible to serve in the U.S. military because they are:
☐ incarcerated ☐ a business entity

f. ☐ other *(specify)*:

**Note**

- U.S. military status can be checked online at *https://scra.dmdc.osd.mil/*.
- If the defendant/respondent is in the military service, or their military status is unknown, the defendant/respondent is entitled to certain rights and protections under federal and state law before a default judgment can be entered.
- For more information, see *https://selfhelp.courts.ca.gov/military-defaults*.

I declare under penalty of perjury under the laws of the State of California that the foregoing item 8 is true and correct.

Date: 09/14/2023

PAUL SINGER
(TYPE OR PRINT NAME)

▶ [signature]
(SIGNATURE OF DECLARANT)



For your protection and privacy, please press the Clear This Form button after you have printed the form.

Print this form | Save this form | Clear this form