1 **LEWIS BRISBOIS BISGAARD & SMITH LLP**
LANN G. McINTYRE, SB# 106067
2    E-Mail: Lann.McIntyre@lewisbrisbois.com
550 West C Street, Suite 1700
3 San Diego, California 92101
Telephone: 619.233.1006
4 Facsimile:  619.233.8627

5 Attorneys for Defendant
CRAIG C.O. WATERS, ESQ.

6

7

8                          UNITED STATES DISTRICT COURT

9          EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| 11 | PAUL V. SINGER, in individual, | Case No. 1:25-cv-00532-KES-SAB |
|---|---|---|
| 12 | Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |
| 13 | vs. | |
| 14 | CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, | |
| 15 | OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE | |
| 16 | BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA | Filed Concurrently with Notice of Motion to Dismiss; Declaration of Lann G. McIntyre; Request for Judicial Notice |
| 17 | AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF | |
| 18 | GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and | Judge:    Hon. Kirk E. Sherriff<br>Date:     July 7, 2025 |
| 19 | DOES 1-40, | Time:     1:30 p.m.<br>Crtrm.:   6 |
| 20 | Defendants. | District Judge:    Kirk E. Sherriff |
| 21 | | Magistrate Judge: Stanley A. Boone |
| 22 | | Trial Date:            None Set |

23

24        Defendant Craig C.O. Waters Esq. submits the following Memorandum of Points and

25 Authorities in support of their motion for an order dismissing the complaint filed by Plaintiff Paul

26 V. Singer pursuant to Federal Rule of Civil Procedure 12(b)(6.

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

## TABLE OF CONTENTS

Page

2

3   I.      INTRODUCTION..................................................................................................................1

4   II.     STATEMENT OF FACTS...................................................................................................1

5           A.      Singer Files a State Court Action Against a Defendant that Waters
                    Represented. .........................................................................................................1

6
            B.      Singer Files an Unsuccessful State Bar Complaint Against Waters Relating
7                   to Waters' February 21, 2023 Declaration. ............................................................2

8           C.      Singer Files His Complaint Against Waters. .........................................................3

9   III.    LEGAL ARGUMENT .........................................................................................................4

10          A.      Legal Authority Supporting the FRCP 12(b)(6) Motion.......................................4

11          B.      The Litigation Privilege Under California Civil Code Section 47 Serves as
                    an Absolute Bar to Singer's State Law Claims. ....................................................4
12
            C.      Singer Does Not State Cognizable Claims for Either Fraud or Intentional
13                  Misrepresentation. .................................................................................................7

14          D.      The *Rooker-Feldman* Doctrine Bars Singer's Request to Reopen the State
                    Court Action. .........................................................................................................8
15
            E.      Singer's Request for This Court to Order the California Department of Real
16                  Estate to Open an Investigation into Waters and Other Entities is Barred
                    Because Federal Courts Cannot Command a State Agency to Open an
17                  Investigation. .........................................................................................................9

18          F.      The *Noerr-Pennington* Doctrine Bars Singer's Section 1983 Deprivation of
                    Constitutional Rights Claim. ...............................................................................10
19
            G.      Singers' FRCP 11 Claim Is Barred Because the Federal Rules of Civil
20                  Procedure Are Not Actionable and Not Applicable to State Court
                    Proceedings. .........................................................................................................14
21
    IV.     CONCLUSION ..................................................................................................................14
22

23

24

25

26

27

28



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

## TABLE OF AUTHORITIES

2
**Page**

3

4   **FEDERAL CASES**

5   *Alers v. Bank of Am., NA*, Case No. CV 14-611-GW(JCGx), 2014 U.S. Dist. Lexis 199727,
        at *5– (C.D. Cal. Apr. 24, 2014) .......................................................................................... 14
6

*Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ...................................................................................... 4
7

*B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 540–41 (9th Cir. 2022)...................................... 12
8

*Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994) ......................................................................... 4
9

*Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) ..................................... 11
10

*Ezra v. Leifer*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–22
11        (C.D. Cal. June 27, 2018).............................................................................................. 14, 15

12   *Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006) ............................................ 5

13   *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005)................................ 13, 15

14   *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–44 (9th Cir. 2009) ..................................... 12

15   *Kimbell v. Benner*, Case No. CV 17-4767 FMO (SS), 2018 U.S. Dist. Lexis 120138, at *17
            (C.D. Cal June 29, 2018)................................................................................................... 15
16

*Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) .................................. 11
17

*Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) .......................................................... 4
18

*Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000)............................. 15
19

*Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2002) ......................................................................... 10
20

*Papasan v. Allain*, 478 U.S. 265, 276 (1986).................................................................................. 11
21

*Port Drum Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988) ................................................ 16
22

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 62 (1993) ............... 13
23

*Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999) ................................................................... 11
24

*Skinner v. Switzer*, 562 U.S. 521, 532 (2011) ................................................................................. 10
25

*Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006)....................................................... 12, 13
26

*Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).......................................... 4
27

*Wilson v. Leigh Law Grp., P.C. (LLG)*, Case No. 20-cv-03045-MMC, 2020 U.S. Dist.
28        Lexis 124830, at *11 (N.D. Cal. July 14, 2000) ....................................................... 13, 15

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**STATE CASES**

*Alberston v. Raboff* (1956) 46 Cal.2d 375................................................................................. 6

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007) .................................................. 4

*Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469 (2014)................................... 9

*Friedman v. Knecht*, 248 Cal. App. 2d 455 (1967) ............................................................. 6

*Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 39, 47 (2004) ......................... 5, 7

*Herterich v. Peltner*, 20 Cal. App. 5th 1132, 1142 (2018).................................................. 7

*Hills Trans. Co. v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 707 (1968) ............... 9

*Laufman v. Hall-Mack Co.*, 215 Cal. App. 2d 87, 89 (1963)........................................... 16

*Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996) ....................................................... 9

*Pollock v. University of Southern California*, 112 Cal. App. 4th 1416, 1430 (2003)....................... 7

*Port Medical Wellness, Inc. v. Connecticut General Life Ins. Co.*, 24 Cal. App. 5th 153, 178 (2018) ..................................................................................................... 8

*Rubin v. Green*, 4 Cal. 4th 1187, 1193–94 (1993) ............................................................. 6

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App. 4th 54, 78 (2003) ......................................................................................................... 7

*Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) ........................................................... 5, 6

*Smith v. Hatch*, 271 Cal. App. 2d 39, 46 (1969) ............................................................... 6

*Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) ........................................................................................................................ 8


**FEDERAL STATUTES**

F. R. Civ. P. 8(a)(2) ............................................................................................................. 4

Federal Rule of Civil Procedure ("FRCP") 11 .................................................................. 1

FRCP 12(b)(6) ................................................................................................................. 1, 4


**STATE STATUTES**

Business and Professions Code sections 10140–10148 ...................................................... 3

Cal. Civ. Code, § 47(b)(2) .................................................................................................. 5

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   Code of Civil Procedure section 2023.023...........................................................................................2

2   Code of Civil Procedure section 425.16..............................................................................................1

3   Code of Civil Procedure section 583.10..............................................................................................2

4

5   **<u>OTHER AUTHORITIES</u>**

6   Rules of Court, rule 2.200 .............................................................................................................8, 14

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

## I.   INTRODUCTION

The complaint filed by Plaintiff Paul Singer ("Singer") against Defendant Craig Waters ("Waters") is completely devoid of merit. The complaint focuses on alleged misconduct by Waters in a previous state court action involving Waters and Singer. Singer alleges that Waters made misrepresentations to the state court in a substitution of attorney and a declaration that Waters filed in the state court action.

However, Singer's claims arising solely from the two documents Waters filed are not viable. Indeed, Singer has failed to plead a single claim for which relief may be granted.[1] His state law claims for fraud and equitable relief are completely barred by the litigation privilege. They are also not viable for a variety of other reasons, including that Waters did not make a misrepresentation in any document filed in the previous state court action involving Waters and Craig, and because this Court may not consider a de facto appeal from a state court judgment, nor order a state agency to open an investigation.

Singer's federal claims for deprivation of constitutional rights and violation of Federal Rule of Civil Procedure ("FRCP") 11 are similarly not sustainable. Singer's deprivation of constitutional rights claim is barred by the *Noerr-Pennington* doctrine because it arises solely from actions Waters took in the previous state court action. Additionally, Singer cannot maintain his cause of action under FRCP 11 because the Federal Rules of Civil Procedure do not provide plaintiffs with private rights of action.

Therefore, Waters respectfully requests that this Court grant his FRCP 12(b)(6) motion to dismiss Singer's entire complaint.

## II.   STATEMENT OF FACTS

### A.   Singer Files a State Court Action Against a Defendant that Waters Represented.

On August 23, 2018, Singer in the California Superior Court, for the County of Fresno,

---

[1]   Concurrent with the filing of this Motion Attorney Waters also filed an anti-SLAPP motion as to the state law based claims pursuant to Code of Civil Procedure section 425.16.

1   filed a complaint against Brian Weldon ("Weldon") for breach of contract ("State Court Action").

2   (Declaration of Lann G. McIntyre ["McIntyre Decl."], Exh. 1, State Complaint, p. 1.) Waters

3   represented Weldon in the State Court Action. (McIntyre Decl., Exh. 2, Answer, p. 1.) On January

4   12, 2022, Waters filed a substitution of attorney indicating that he had moved firms and now

5   worked at Modern Legal P.C. (McIntyre Decl., Exh. 3, Substitution of Attorney, p. 1.)

6          On February 21, 2023, Waters filed a motion for sanctions against Singer for abuse of the

7   discovery process under California Code of Civil Procedure section 2023.023 *et seq.* (McIntyre

8   Decl., Exh. 4, Sanctions Motion, pp. 1–2.) In support of the motion, Waters filed a declaration

9   outlining the facts that led to him filing the motion for sanctions. (McIntyre Decl., Exh. 5, 2/21/23

10  Waters Declaration.) The declaration stated that Singer sent him an Affidavit of Truth on

11  November 8, 2022. (*Id.* at 2.) Waters attached the Affidavit to his declaration as Exhibit B. (*Id.* at

12  Exh. B.) The declaration also stated that Waters drafted a meet and confer letter addressed to

13  Singer on December 15, 2022, inquiring about outstanding requests for admission responses. (*Id.*

14  at 2.) The letter was attached to the Waters Declaration as Exhibit C. (*Id.* at Exh. C.) Additionally,

15  the declaration detailed a conversation Waters had with Ms. Leal, a public notary, regarding the

16  date and time when she notarized the Affidavit of Truth Singer mailed to Waters. (*Id.* at 4.)

17         Singer did not oppose the motion for sanctions. (McIntyre Dec., Exh. 6, Notice of Non-

18  Opposition.) The trial court granted the motion for sanctions on March 15, 2023. (McIntyre Decl.,

19  Exh. 7, 3/15/23 Order Granting Motion.)

20         On June 20, 2023, Singer requested dismissal of his complaint against Weldon. (McIntyre

21  Decl., Exh. 8, Request for Dismissal, p. 1.) The court granted Singer's request on the same day.

22  (*Id.*) Singer later moved to set aside the dismissal that he requested. (McIntyre Decl., Exh. 9,

23  10/3/2023 Motion.) However, the trial court denied Singer's motion, noting that his case appeared

24  to face mandatory dismissal under California Code of Civil Procedure section 583.10 for failure to

25  bring his case to trial within five years. (McIntyre Decl., Exh. 10, 3/19/24 Order, p. 2.)

26         **B.      Singer Files an Unsuccessful State Bar Complaint Against Waters Relating to**

27                 **Waters' February 21, 2023 Declaration.**

28         After the trial court dismissed the State Court Action, Singer filed a bar complaint against

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  Waters on July 17, 2024. (McIntyre Decl., Exh. 11, Complaint, Exh. E, Bar Complaint.) The bar

2  complaint alleged that Waters made misrepresentations in the February 21, 2023 declaration that

3  caused a delay in the prosecution of Singer's State Court Action, and that Waters did not respond

4  to Singer's Affidavit of Truth. (*Id.* at 1–5.)

5        The State Bar closed Singer's bar complaint on September 19, 2024. (McIntyre Decl., Exh.

6  11, Complaint, Exh. F, Bar Letter, p. 1.) The State Bar found that the materials sent in with

7  Singer's bar complaint indicated "that there were delays due to disputes of fact and law between

8  the parties on both sides, which are best handled by the court." (*Id.* at 1.) The State Bar also ruled

9  that the allegations Singer presented with his bar complaint were "insufficient to support the

10  conclusion that [Waters] violated the Constitution or a federal or state law." (*Id.*)

11        **C.**     **Singer Files His Complaint Against Waters.**

12        On May 6, 2025, Singer filed this action against Waters and the State Bar of California for

13  (1) Deprivation of Constitutional Rights under 42 U.S.C. section 1983 ("section 1983"); (2) Fraud

14  and Intentional Misrepresentation; (3) Equitable Relief to Reopen the Lower Court Case; (4)

15  Equitable Relief to Open Investigation by the California Department of Real Estate; and (5)

16  Violation of Federal Rule of Civil Procedure 11. (McIntyre Decl., Exh. 11, Complaint, p. 1.)

17  Singer based his fraud complaint on California state law and requested punitive damages. (*Id.* at

18  10.) He brought his two equitable relief claims under California Code of Civil Procedure section

19  583.310 and California Business and Professions Code sections 10140–10148 respectively. (*Id.* at

20  10–11.)

21        In his complaint, Singer alleged that Waters falsely represented to the court that he was a

22  new attorney in the State Court Action when Waters filed the substitution of attorney on January

23  12, 2022. (McIntyre Decl., Exh. 11, Complaint, p. 4.) Singer also alleged that Waters made

24  misrepresentations in the declaration he filed in support of the sanctions motion on February 21,

25  2023. (*Id.*) In particular, Singer claims that the December 15, 2022 meet and confer letter attached

26  to Waters' declaration "contradicted his role as counsel." (*Id.*) Further, Singer alleged the

27  conversation between Waters and the notary, as highlighted the declaration, did not occur. (*Id.* at

28  4–5.) Finally, Singer alleges that Waters did not respond to the Affidavit Truth sent by Singer and

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    attached to Waters' declaration. (*Id.* at 5.) There are no other allegations on which Singer bases his

2    causes of action against Waters. (McIntyre Decl., Exh. 11, Complaint.)

3    **III.    LEGAL ARGUMENT**

4         **A.    Legal Authority Supporting the FRCP 12(b)(6 Motion.**

5         A complaint is subject to dismissal under FRCP 12(b)(6) if the alleged facts do not entitle

6    the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's

7    obligation to provide the grounds of his entitlement to relief requires more than labels and

8    conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555.

9    Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted

10   deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979,

11   988 (9th Cir. 2001). Legal conclusions "must be supported by factual allegations." *Ashcroft v.*

12   *Iqbal*, 556 U.S. 662, 679 (2009). Nor are "naked assertions' devoid of 'further factual

13   enhancement" enough to survive dismissal. *Id.* at 678. Rather, a plaintiff is required to show,

14   through facts alleged, an entitlement to relief. *Id.* at 679, citing F. R. Civ. P. 8(a)(2).

15        Additionally, a court may consider items of which it may take judicial notice. *Barron v.*

16   *Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). In fact, a court may consider matters of public record

17   without converting a motion to dismiss into a request for summary judgment. *See Stone v. Writer's*

18   *Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996); *Lee v. City of Los Angeles*, 250

19   F.3d 668, 689 (9th Cir. 2001).

20        **B.    The Litigation Privilege Under California Civil Code Section 47 Serves as an**

21             **Absolute Bar to Singer's State Law Claims.**

22        In his complaint, Singer alleges state law claims for (2) Fraud and Intentional

23   Misrepresentation; (3) Equitable Relief to Reopen the Lower Court Case; (4) Equitable Relief to

24   Open Investigation by the California Department of Real Estate. (McIntyre Decl., Exh. 11,

25   Complaint, pp. 1, 10–11.) His state law claims are barred by the California litigation privilege

26   under California Civil Code section 47.

27        A publication or broadcast made in any judicial proceeding is absolutely privileged

28   according to California law. Cal. Civ. Code, § 47(b)(2) ("A privileged publication or broadcast is

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . .”). This litigation privilege affords

2  litigants and witnesses unfettered access to the court without fear of being harassed by derivative

3  tort actions. *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (*Silberg*). Although originally

4  enacted with reference to defamation, the privilege is now held applicable to any communication,

5  whether or not it amounts to publication, **and to all torts except malicious prosecution**:

6     In furtherance of the public policy purposes it is designed to serve, the privilege **described by § 47(2) has been given broad application**. Although originally enacted with reference
7     to defamation (citations), the privilege is now held applicable to any communication, whether or not it amounts to a publication (citations), and all torts except malicious
8     prosecution. (Citations.)

9  *Silberg*, 50 Cal. 3d  at 211–12, emphasis added; *see also Flores v. Emerich & Fike*, 416 F. Supp.

10  2d 885, 900 (E.D. Cal. 2006); *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 39, 47 (2004)

11  (*Hagberg*).

12     In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements

13  made in the furtherance of justice. The California Supreme Court rejected the application of an

14  “interest of justice” test because such a test was “***inconsistent with the absolute nature of the***

15  ***litigation privilege*** and its underlying policy purposes.” *Silberg*, 50 Cal. 3d at 209, emphasis

16  added. The *Silberg* decision discusses the important policy concerns furthered by the litigation

17  privilege.

18     The principle purpose of § 47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***.
19     (Citations.) . . . .

20     Given the importance to our justice system of ***insuring free access to the courts***, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality
21     to judgments, and ***avoiding unending litigation***, it is not surprising that § 47(2), the litigation privilege, has been referred to as ‘the backbone to an effective and smoothly
22     operating judicial system.’ (Citation.) . . . .

23     ***To effectuate its vital purposes, the litigation privilege is held to be absolute in nature***. (*Silberg*, 50 Cal. 3d  at 213–15, emphasis added.)
24

25     Similarly, in *Friedman v. Knecht*, 248 Cal. App. 2d 455 (1967) (*Friedman*), the Court of

26  Appeal held that any doubt as to the application of the litigation privilege should be resolved in

favor of the defendant.
27

28     ***At all events, it is held that doubts are to be resolved in favor of relevancy and pertinency***; that is to say, the matter to which the privilege does not extend must be so



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.’S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1  palpably wanting in relation to the subject matter of the controversy that there can be no
reasonable doubt of its impropriety.  If the privilege is worth having, its purpose would be
2  largely defeated if it were to vanish simply because one possible meaning of a statement
made during judicial proceedings does not relate to them.
3  (*Friedman*, 248 Cal. App. 2d at 460, emphasis added.)

4      The courts have accordingly given broad application to the litigation privilege. "To be

5  privileged under subdivision 2 of §47, the matter need not be relevant, pertinent or material to any

6  issue before the court, it only need have some connection or some relation to the judicial

7  proceeding." *Smith v. Hatch*, 271 Cal. App. 2d 39, 46 (1969). In *Rubin v. Green*, 4 Cal. 4th 1187,

8  1193–94 (1993), the California Supreme Court similarly held:

9      For well over a century, communications with 'some relation' to judicial proceedings have
been absolutely immune from tort liability by the privilege codified as section 47 (b). At
10     least since then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46 Cal.2d 375,
California courts have given the privilege an expansive reach. . . .
11
       In light of this extensive history, it is late in the day to contend that communications with
12     'some relation' to an anticipated lawsuit are not within the privilege.

13     Accordingly, in *Pollock v. University of Southern California*, 112 Cal. App. 4th 1416,

14  1430 (2003) (*Pollock*), the appellate court held that a party's perjurious declaration and personal e-

15  mails were within the scope of the litigation privilege because they related to potential and actual

16  litigation, despite plaintiff's contention that both communications qualified as tortious conduct.

17  Indeed, as the Court noted in *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,

18  107 Cal. App. 4th 54, 78 (2003) (*Shafer*), "[b]ecause the privilege applies without regard to malice

19  or evil motives, it has been characterized as absolute." In *Hagberg*, 32 Cal. 4th 39, 64, the

20  California Supreme Court held that a bank employee's statements to the police regarding a

21  customer's possession of an alleged counterfeit check were absolutely privileged. Likewise, in

22  *Herterich v. Peltner*, 20 Cal. App. 5th 1132, 1142 (2018) (*Herterich*), the court noted that even

23  committing a fraud upon the court is protected by the litigation privilege: "[w]hile we by no means

24  condone intentionally deceptive conduct before the courts, the litigation privilege is absolute."

25     Here, Singer contends that Waters made intentional misrepresentations to the trial court in

26  the State Court Action when he filed a substitution of attorney with the court and when he filed his

27  February 21, 2023 declaration in support of the sanctions motion. (McIntyre Decl., Exh. 11,

28  Complaint, pp. 2–3.) He bases his fraud/intentional misrepresentation and his equitable relief

158213143.1                          6                    Case No. 1:25-cv-00532-KES-SAB
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

1   claims on the content of the court documents. (*Id.* at 2–3, 10–11.) There are no allegations

2   involving Waters' conduct outside of the State Court Action on which Singer bases his claims.

3   Therefore, Singer's state law claims against Waters are absolutely barred by the litigation

4   privilege, regardless of whether they include unsubstantiated allegations that Waters lied to the

5   court. *Pollock*, 112 Cal. App. 4th at 1430; *Shafer*, 107 Cal. App. 4th at 78; *Herterich*, 20 Cal. App.

6   5th at 1142

7       **C.      Singer Does Not State Cognizable Claims for Either Fraud or Intentional**

8            **Misrepresentation.**

9       The elements for a California fraud claim are "(a) misrepresentation (false representation,

10  concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e.,

11  to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Thrifty Payless, Inc. v. The*

12  *Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) (*Thrifty*). A California claim for

13  intentional misrepresentation contains the same elements as fraud. *Port Medical Wellness, Inc. v.*

14  *Connecticut General Life Ins. Co.*, 24 Cal. App. 5th 153, 178 (2018) (*Port*). Both torts require

15  evidence that the defendant knowingly made a misrepresentation. Waters cannot obtain such

16  evidence.

17      First, the substitution of attorney Waters filed in the State Court Action does not contain a

18  misrepresentation. Waters filed it to inform the parties in the State Court Action that he had

19  changed firms. (McIntyre Decl., Exh. 2, Answer; McIntyre Decl., Exh. 3, Substitution of

20  Attorney.) Indeed, if Waters had not filed the substitution informing all of the parties of his new

21  address, he would have been incompliant with the California Rules of Court. *See* Cal. Rules of

22  Court, rule 2.200 ("An attorney…whose mailing address, telephone number, fax number, or e-

23  mail address…changes while an action is pending must serve on all parties and file a written

24  notice of the change"). Thus, the substitution of attorney did not contain a misrepresentation, and

25  instead provided Singer with necessary information regarding the litigation. (McIntyre Decl., Exh.

26  3, Substitution of Attorney.)

27      Second, as the State Bar concluded when it closed the investigation into whether Waters

28  made misrepresentations in his February 21, 2023 declaration, the disagreement over the content

158213143.1                                7                    Case No. 1:25-cv-00532-KES-SAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1 │ of the declaration amounted to mere "disputes of fact and law between parties on both sides,

2 │ which are best handled by the court.." (McIntyre Decl., Exh. 11, Complaint, Exh. F, p. 1.) Indeed,

3 │ the State Bar found that Singer's complaint could not support the conclusion that Waters had

4 │ "violated the Constitution or a federal law or state law." (*Id.*) Singer had the opportunity to dispute

5 │ the content of the February 21, 2023 declaration before the trial court, but he refused to file an

6 │ opposition to the sanctions motion. (McIntyre Decl., Exh. 6, Notice of Non-Opposition.) After

7 │ reviewing the motion and its supporting materials, the trial court granted the motion for sanctions.

8 │ (McIntyre Decl., Exh. 7, 3/15/23 Order Granting Motion.) Singer did not challenge the court's

9 │ order at any point during the remainder of the litigation, and would eventually file a request to

10 │ dismiss Weldon from the State Court Action. (McIntyre Decl., Exh. 8, Request for Dismissal.)

11 │     Thus, Waters cannot demonstrate that Singer made a misrepresentation in either the

12 │ substitution of attorney or the February 21, 2023 declaration. And, even if he did, there is no

13 │ evidence or even allegations that Waters suffered damages from relying on the information in

14 │ either document. Therefore, Waters has not plead a cognizable claim for either fraud or

15 │ misrepresentation based on California law. *Thrifty*, 218 Cal. App. 4th at 1239; *Port*, 24 Cal. App.

16 │ 5th at 178.

17 │     Additionally, Singer did not plead his fraud allegations with the particularity required by

18 │ California law. "Fraud allegations 'involve a serious attach on character' and therefore are pleaded

19 │ with specificity." *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469 (2014) (*Cansino*),

20 │ citing *Hills Trans. Co. v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 707 (1968).

21 │ "The particularity requirement demands that a plaintiff plead facts 'which show how, when,

22 │ where, to whom, and by what means the representations were tendered." *Cansino*, 224 Cal. App.

23 │ 4th at 1469, citing *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996). Here, Singer did not plead

24 │ his fraud claim with particularity because he does not explain how he relied upon Waters' alleged

25 │ misrepresentation and how that alleged misrepresentation caused him damages. (McIntyre Decl.,

26 │ Exh. 11, Complaint, pp. 4–6, 10.) Thus, Singer may not maintain his fraud claim against Waters.

27 │     **D.    The *Rooker-Feldman* Doctrine Bars Singer's Request to Reopen the State**

28 │         **Court Action.**

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    In his complaint, Singer requests equitable relief for this Court to reopen the State Court

2 Action. (McIntyre Decl., Exh. 11, Complaint, pp. 10–11.) This Court does not have the power to

3 reopen state court actions after the state court has dismissed a case. "The *Rooker-Feldman*

4 doctrine instructs that federal district courts are without jurisdiction to hear direct appeals from the

5 judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (*Cooper*). The

6 *Rooker-Feldman* doctrine also bars claims that function as de facto appeals from state court orders

7 or judgments. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2002) (*Noel*). "It is a forbidden de facto

8 appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal

9 wrong allegedly committed by the state court, and seeks relief from the judgment of that court."

10 *Cooper*, 704 F.3d at 778, citing *Noel*, 341 F.3d at 1163. "*Rooker-Feldman* is confined to cases of

11 the kind from which the doctrine acquired its name: cases brought by state-court losers…inviting

12 district court review and rejection of [the state court's] judgments." *Skinner v. Switzer*, 562 U.S.

13 521, 532 (2011) (*Skinner*) (internal quotations omitted).

14    Here, Singer's request to reopen the State Court Action runs afoul of the *Rooker-Feldman*

15 doctrine. Indeed, his claim for equitable relief is exactly the kind of case that the Supreme Court

16 and the Ninth Circuit wish to bar. Singer is a state court "loser" who is seeking to challenge the

17 state court's order dismissing his action against Weldon through his federal complaint. In essence,

18 Singer is requesting that this Court set aside the state court order dismissing the case. (McIntyre

19 Decl., Exh. 11, Complaint, pp. 10–11.) This Court does not have jurisdiction to consider Singer's

20 request. *Cooper*, 704 F.3d at 777–78; *Noel*, 341 F.3d at 1155, 1163; *Skinner*, 562 U.S. at 532.

21    **E.    Singer's Request for This Court to Order the California Department of Real**

22    **Estate to Open an Investigation into Waters and Other Entities is Barred**

23    **Because Federal Courts Cannot Command a State Agency to Open an**

24    **Investigation.**

25    Singer's fourth cause of action requests equitable relief to command the California

26 Department of Real Estate to open an investigation into Waters and other entities. (McIntyre

27 Decl., Exh. 11, Complaint, p. 11.) Singer's claim, however, cannot continue in this Court. "The

28 Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1    unequivocal consent by the state." *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th

2    Cir. 2010) (*Krainski*), citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). "The Eleventh

3    Amendment jurisdictional bar applies regardless of the nature relief sought and extends to state

4    instrumentalities and agencies." *Krainski*, 616 F.3d at 967, citing *Papasan v. Allain*, 478 U.S. 265,

5    276 (1986). According to the Eleventh Amendment, a federal court cannot "grant injunctive relief

6    against a state instrumentality on the basis of state law." *Doe v. Regents of the Univ. of Cal.*, 891

7    F.3d 1147, 1153 (9th Cir. 2018) (*Doe*) (internal quotations omitted).

8         In this case, Singer requested that this Court issue an injunction ordering the California

9    Department of Real Estate to investigate Waters along with other entities under the California

10   Business and Professions Code. (McIntyre Decl., Exh. 11, Complaint, p. 11.) The Eleventh

11   Amendment prohibits this Court from issuing such an injunction. *Krainski*, 616 F.3d at 967; *Doe*,

12   891 F.3d at 1153. There is also no evidence that Singer sought permission from the state to file

13   this action. Thus, Singer's claim for equitable relief is not viable.

14        **F.      The *Noerr-Pennington* Doctrine Bars Singer's Section 1983 Deprivation of**

15                **Constitutional Rights Claim.**

16        Singer bases his section 1983 deprivation of constitutional rights claim on the content of

17   the substitution of attorney and the February 21, 2023 declaration filed in the State Court Action.

18   (McIntyre Decl., Exh. 11, Complaint, pp. 2–3, 9.) According to Singer, Waters made false

19   statements in the substitution of attorney of attorney and the declaration. (*Id.*) However, because

20   Singer has based his section 1983 claim on documents filed in the State Court Action, his section

21   1983 claim is barred by the *Noerr-Pennington* doctrine.

22        "The *Noerr-Pennington* doctrine derives from the Petition Clause of the First Amendment

23   and provides that 'those who petition any department of the government for redress are generally

24   immune from statutory liability for their petitioning conduct." *Kearney v. Foley & Lardner, LLP*,

25   590 F.3d 638, 643–44 (9th Cir. 2009) (*Kearney*), citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929

26   (9th Cir. 2006) (*Sosa*). "To determine whether a defendant's conduct, which allegedly violates a

27   statute is immunized under *Noerr-Pennington*, [federal courts] apply a three-step analysis to

28   determine: (1) "whether the lawsuit imposes a burden on petitioning rights; (2) whether the alleged

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1   activities constitute protected petitioning activity; and (3) whether the statute at issue may

2   construed to avoid that burden." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 540–41 (9th Cir.

3   2022) (*B&G Foods*) (internal quotations omitted). The answer to all three of the questions in

4   analysis in this case is "yes", and therefore the *Noerr-Pennington* doctrine bars Singer's section

5   1983 claim against Waters. *Id.*

6          In question one, the court analyzes whether a lawsuit imposes a burden on petitioning

7   rights. "In conducting this inquiry, [federal courts] do not consider any alleged misconduct tied to

8   the petitioning activities," but instead determine whether the lawsuit "places a burden on

9   [defendant's] ability to prosecute its suit." *B&G Foods*, 29 F.4th at 535 (internal quotations

10  omitted). The right to petition "extends to all departments of the government and includes access

11  to courts." *Kearney*, 590 F.3d at 644, citing *Sosa*, 437 F.3d at 929. The Supreme Court has

12  "extended the doctrine to provide immunity for the use of the channels and procedures of state and

13  federal courts to advocate causes." *Id.* (Internal quotations omitted).

14         Here, Singer's lawsuit places a burden on Waters' petitioning activity. Singer has based his

15  section 1983 claim on alleged misrepresentations Waters made in his substitution of attorney and

16  his February 21, 2023 declaration both filed in Fresno County Superior Court. (McIntyre Decl.,

17  Exh. 11, Complaint, pp. 2–3, 9.) If successful, Singer's lawsuit would completely prevent Waters

18  from engaging in petitioning activity–filing documents in a state trial court. *Kearney*, 590 F.3d at

19  644, citing *Sosa*, 437 F.3d at 929. Therefore, the answer to question one of the *Noerr-Pennington*

20  analysis is "yes."

21         For question two of the *Noerr-Pennington* analysis, federal courts determine whether the

22  defendant's conduct is protected petitioning activity. If the court finds that defendant's conduct is

23  protected petitioning activity, it then decides whether the sham exception to *Noerr-Pennington*

24  applies. *B&G Foods*, 29 F.4th at 535–36. "*Noerr-Pennington* immunity…[applies] to defensive

25  pleadings." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (*Freeman*).

26         In this case, Singer is attempting to hold Waters liable for two documents he filed in

27  defense of the State Court Action–the substitution of attorney and the February 21, 2023

28  declaration. (McIntyre Decl., Exh. 11, Complaint, pp. 2–3, 9.) Thus, Waters' conduct qualifies as

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1  petitioning activity protected by *Noerr Pennington*. *Freeman*, 410 F.3d at 1184; *B&G Foods*, 29

2  F.4th at 540–41.

3       The court next ascertains whether the sham exception to *Noerr-Pennington* applies to the

4  case. "Sham petitioning is not protected" by the *Noerr-Pennington* doctrine. *B&G Foods*, 29 F.4th

5  at 536. There are three circumstances where the sham exception applies in the litigation context:

6  (1) when a lawsuit is objectively baseless; (2) when a party brings a series of meritless lawsuits;

7  and (3) if the allegedly unlawful conduct involves making intentional misrepresentations to the

8  court that deprived the court of its legitimacy. *Id.* at 537–38, quoting *Sosa*, 437 F.3d at 938; *Kottle*

9  *v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998).

10      "Litigation activity is considered objectively baseless only where 'no reasonable litigant

11  could realistically expect success on the merits.'" *Wilson v. Leigh Law Grp., P.C. (LLG)*, Case No.

12  20-cv-03045-MMC, 2020 U.S. Dist. Lexis 124830, at *11 (N.D. Cal. July 14, 2000) (*Wilson*),

13  citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 62 (1993).

14  Additionally, an alleged misrepresentation does not deprive the court of its legitimacy if the

15  plaintiff had the opportunity to respond to the alleged misrepresentation in the previous action.

16  *Ezra v. Leifer*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–22 (C.D.

17  Cal. June 27, 2018) (*Ezra*).

18      Here, the sham exception to *Noerr-Pennington* does not apply. First, neither of the

19  documents Waters filed in the State Court Action were objectively basis. As already stated, Waters

20  was required by California law to file the substitution of attorney once he changed firms. (*See* Cal.

21  Rules of Court, rule 2.200 ("An attorney…whose mailing address, telephone number, fax number,

22  or e-mail address…changes while an action is pending must serve on all parties and file a written

23  notice of the change"). Additionally, the February 21, 2023 declaration was not objectively

24  baseless because Waters prevailed on the sanctions motion that he filed against Singer. (McIntyre

25  Decl., Exh. 7, 3/15/23 Order Granting Motion.) Indeed, Waters prevailed in the entire action.

26  (McIntyre Decl., Exh. 8, Request for Dismissal, p. 1; McIntyre Decl., Exh. 10, 3/19/24 Order, p.

27  2.)

28      Second, this case does not involve a series of meritless lawsuits. This case involved one

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

158213143.1                                    12                        Case No. 1:25-cv-00532-KES-SAB

1  lawsuit in which Waters prevailed. (McIntyre Decl., Exh. 8, Request for Dismissal, p. 1; McIntyre

2  Decl., Exh. 10, 3/19/24 Order, p. 2.) Therefore, the lawsuit could not have been meritless.

3        Third, the alleged misrepresentations that Waters made in his substitution of attorney and

4  his February 21, 2023 declaration did not deprive the state court of its legitimacy. Singer had

5  notice of the alleged misrepresentations Waters made in the documents because Waters served

6  him with both documents. (McIntyre Decl., Exh. 3, Substitution of Attorney, p. 2; McIntyre Decl.,

7  Exh. 5, 2/21/23 Declaration, p. 51.) However, Singer did not inform the court of any alleged

8  misrepresentations Waters made. Indeed, Singer did not oppose Waters' motion for sanctions,

9  despite having the opportunity to file an opposition. (McIntyre Decl., Exh. 6, Notice of Non-

10  Opposition.) Since Singer chose not to inform the state court of any purported misrepresentations

11  made by Waters despite having an opportunity to do so, Waters' alleged misrepresentations did

12  not deprive the State Court Action of its legitimacy. *Ezra*, Case No. CV 18-871-MWF (KS), 2018

13  U.S. Dist. Lexis 142005, at *21–22; *Alers v. Bank of Am., NA*, Case No. CV 14-611-GW(JCGx),

14  2014 U.S. Dist. Lexis 199727, at *5– (C.D. Cal. Apr. 24, 2014). Because none of the three sham

15  exception circumstances apply to this case, it is evident that Waters' alleged conduct is petitioning

16  activity protected by the *Noerr-Pennington* doctrine.

17        In the third *Noerr-Pennington* question, federal courts analyze whether section 1983 "can

18  be construed to avoid burdening [d]efendants' petition clause rights." *B&G Foods*, 29 F.4th at

19  540. Courts have already noted that the *Noerr-Pennington* doctrine bars section 1983 claims

20  "based on *any* protected petitioning conduct." *Id.* at 540–41; *Manistee Town Ctr. v. City of*

21  *Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000). In this case, Waters' filing of defensive pleadings

22  is protected petitioning conduct that did not deprive the State Court Action of legitimacy.

23  Therefore, the answer to question of the *Noerr-Pennington* doctrine is "yes." *Freeman*, 410 F.3d

24  at 1184; *Ezra*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–22;

25  *Wilson*, Case No. 20-cv-03045-MMC, 2020 U.S. Dist. Lexis 124830, at *11.

26        The answer to all three of the *Noerr-Pennington* analysis questions is "yes." Therefore, the

27  *Noerr-Pennington* doctrine serves an absolute bar to Singer's section 1983 claim against Waters.

28  *B&G Foods*, 29 F.4th at 540–41.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   ///

2   ///

3   **G.      Singers' FRCP 11 Claim Is Barred Because the Federal Rules of Civil**

4   **Procedure Are Not Actionable and Not Applicable to State Court Proceedings.**

5   Singer alleges a claim for violation of FRCP 11 against Waters. (McIntyre Decl., Exh. 11,

6   Complaint, p. 11.) However, the claim is not viable for two reasons. First, the Federal Rules of

7   Civil Procedure "do not provide a legal basis for a claim." *Kimbell v. Benner*, Case No. CV 17-

8   4767 FMO (SS), 2018 U.S. Dist. Lexis 120138, at *17 (C.D. Cal June 29, 2018), citing *Port Drum*

9   *Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988). Second, Singer's FRCP 11 claim against

10  Waters is based on Waters' alleged conduct in the State Court Action. (McIntyre Decl., Exh. 11,

11  Complaint, pp. 8–9, 11.) The Federal Rules of Civil Procedure are not applicable in state court.

12  *Laufman v. Hall-Mack Co.*, 215 Cal. App. 2d 87, 89 (1963). Therefore, Waters cannot be held

13  liable for violating FRCP 11. Thus, Singer's FRCP 11 claim against Waters cannot survive

14  scrutiny.

15  **IV.      CONCLUSION**

16  For the forgoing reasons, Waters respectfully requests that this Court grant his motion to

17  dismiss Singer's complaint, along with the anti-SLAPP motion also set for hearing at the same

18  time.

19

20  DATED:  June 9, 2025                        LEWIS BRISBOIS BISGAARD & SMITH LLP

21

22                                             By: _____

23                                             LANN G. McINTYRE
                                               Attorneys for Defendant CRAIG C.O. WATERS,
24                                             ESQ.

25

26

27

28



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

**CERTIFICATE OF SERVICE**
*Singer v. Waters, et al.*
**U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On June 9, 2025, I served the following document(s):  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**.

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**Plaintiff Pro Per**
Paul V. Singer
4928 E. Washington Avenue
Fresno, CA 93727
Phone: 559-871-6400

The documents were served by the following means:

☒     (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒     (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on June 9, 2025, at San Francisco, California.

Nancy Lew-Pham



158213143.1                    1                    Case No. 1:25-cv-00532-KES-SAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT