# Exhibit 1

JIM A. TREVINO, SBN 237795
Law Office of Jim A. Trevino
700 E. Shaw Ave., Ste. 202
Fresno, California 93710
Telephone: (559) 579-1333
Facsimile: (559) 579-1343
trevinolaw@aol.com

Attorney for Plaintiffs

E-FILED
8/23/2018 3:45 PM
FRESNO COUNTY SUPERIOR COURT
By: S. Zavala, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF FRESNO
## UNLIMITED CIVIL DIVISION

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>Defendants. | Case No: 18CECG03151<br><br>**COMPLAINT FOR BREACH OF CONTRACT; BREACH OF THE COVANENT OF GOOD FAITH AND FAIR DEALING; COMMON COUNTS; CONVERSION; INTENTIONAL MISREPRESENTATION; NEGLIGNENT MISREPRESENTATION UNJUST ENRICHMENT; ALTER EGO LIABILITY AND DAMAGES** |

Plaintiffs, PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC, a California Limited Liability Company allege:

**PRELIMINARY ALLEGATIONS**

1. Plaintiff, PAUL SINGER is, and at all times herein mentioned was, an individual and resident of Fresno County, California.

2. Plaintiff, BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC, is a California Limited Liability Company doing business in Fresno County, California.

3.     Defendant, BRIAN WELDON, is, at all times herein mentioned, an individual and resident of Fresno County, California. Plaintiff further alleges that Defendant, BRIAN WELDON, is, and at all times mentioned was, an owner, manager, and/or officer and shareholder of Defendant FREEDOM INVESTMENTS, LLC, and is the individual who personally committed the acts alleged in this action. Plaintiff further alleges that at all times herein mentioned BRIAN WELDON held himself out to be a general contractor duly licensed with the State of California, Department of Consumer Affairs, Contractors State License Board.

4.     Defendant FREEDOM INVESTMENTS, LLC, on information and belief, is a California Limited Liability Company duly formed and licensed in the State of California and authorized to conduct and is doing business in State of California. Plaintiffs further allege that Defendant FREESOM INVESTMENTS, LLC is the alter ego of defendant BRIAN WELDON and DOES 1 through 50.

5.     Plaintiffs are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, and sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff will amend this complaint to show the true names and capacities of said DOE defendants once ascertained.

6.     Plaintiffs are informed and believes, and based on that information and belief allege, that each of the defendants designated as a DOE is negligently, recklessly, wantonly, intentionally, or otherwise legally responsible for the events, happenings, and resultant harm referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

7.     Plaintiffs allege that at all times mentioned in this complaint, each of the defendants were the agents and employees of the other defendants, and in doing the things alleged in this complaint, and said defendants were acting within the course, scope, permission, authorization, and authority of their agency and employment, and each acted with the ratification, consent, acquiescence, and permission of the others. Each defendant, when acting as a principal, was negligent in the hiring, and supervision of each other defendant, who was an agent or employee for the other defendants.

8.     Defendant BRIAN WELDON (hereinafter WELDON) is liable for the acts of Defendant, FREEDOM INVESTMENTS, LLC, (hereinafter FREEDOM) as alleged in this complaint is the alter ego of the individual Defendant. Recognition of the privilege of the separate existence of

Defendant FREEDOM, would promote injustice because, among other actions, this natural Defendant have in bad faith dominated and controlled Defendant FREEDOM, in a manner which the unity of interest in ownership between Defendant WELDON and Defendant FREEDOM that creates a separateness between said defendants and defendant corporation has ceased and would promote injustice and fraud as follows, which includes but is not limited to:

a. Defendant WELDON is the owner, manager, and controlling officer for Defendant FREEDOM, and has disregarded the corporate status of this entity, treating the property and assets of this entity as his own personal property;

b. Defendant WELDON commingled funds and other assets of Defendant FREEDOM with his funds and other assets for his own convenience;

c. Defendant WELDON used funds and other assets of Defendant FREEDOM, to other than corporate uses;

d. Defendant WELDON treated the assets of the Defendant FREEDOM, as his own;

e. Defendant WELDON used Defendant FREEDOM, as a mere shell, instrumentality, or conduit for his own purpose.

f. Defendant WELDON substantially owns all of the shares of Defendant FREEDOM;

g. Defendant FREEDOM, is, and at all times herein mentioned was, a mere shell and sham without adequate capital, assets, stock, stockholders, and/or members, conceived, intended and used by Defendant WELDON as a mere conduit to avoid individual liability and for the purpose of substituting a financially insolvent entities in the place of his personal liability;

h. At no time after Defendant FREEDOM, was formed did it have any members and/or managing members;

i. At no time after the defendant FREEDOM, was formed did it ever legally form a legal business entity or issue any shares, membership interests or ownership interests;

j. Defendant WELDON has withdrawn funds from the accounts of Defendant FREEDOM and/or used real and/or personal property belonging to Defendant FREEDOM for his personal use;

k.  Defendants WELDON completely control, dominate, manage and has operated Defendant FREEDOM and intermingle the assets of the Defendant TAHOE to suit the convenience and whim of Defendant WELDON, including but not limited to transferring without adequate consideration; and

l.  Defendant FREEDOM is a mere shells, conduit and instrumentality through, which Defendant WELDON carries on business and has conducted business in the past ignoring the corporate existence and form of Defendant FREEDOM. Defendant WELDON exercised complete control and dominance of Defendant FREEDOM to such an extent that any individuality or separateness of by and between Defendant FREEDOM and Defendant WELDON does not exist.

## FACTUAL ALLEGATIONS

10. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations as if fully set forth herein.

11. On or about July 18, 2015, in Fresno County, California, Plaintiff PAUL SINGER and Defendant WELDON entered into a verbal agreement to purchase and rehabilitate real property located at 3549 E. Douglas Avenue, Visalia, California and legally described as follows:

> PARCEL NO. 1 OF PARCEL MAP 3432, IN THE CITY OF VISALIA, COUNTY OF TULARE, STATE OF CALIFORNIA, AS PER MAP RECOREDED IN BOOK 35, PAGE 34, OF MAPES IN THE OFFICE OF THE COUNTY RECOREDER OF SAID COUNTY

Hereinafter referred to as the Douglas Property.

12. Pursuant to the agreement Defendants WELDON and/or FREEDOM agreed to purchase the Douglas Property and provide all necessary funds for materials, supplies, permits, and subcontractor fees and Plaintiffs SINGER and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC (hereinafter Plaintiffs) agreed to oversee the Douglas Property renovations, provide labor to perform all renovations and hire all subcontractors. The parties further agreed that upon the sale of the Douglas Property any and all profits would be disbursed as follows: forty-five percent (45%) to Plaintiffs and fifty-five percent (55%) to Defendants WELDON and/or FREEDOM. In addition, the parties agreed that Plaintiff SINGER would be compensated for his labor at the rate of $15.00 per hour.

13. On or about May 7, 2016, the verbal contract terms (set forth above) were reduced to writing and signed by each party. Although the written contract was signed on May 7, 2016 the effective date of the written contract was July 18, 2015 (a true and correct copy of the written contract is attached hereto as Exhibit "A" and incorporated herein by reference).

13. On or about July 23, 2015 Defendants WELDON and/or FREEDOM purchased the Douglas Property and thereafter Plaintiffs began construction to rehabilitate the property. Plaintiffs concluded their labor and other services pursuant to the contract in November 2016 and expended total hours of 3,320. At the conclusion of Plaintiffs labor and other services, the total amount due and owing to Plaintiffs was $49,800.00.

14. During the rehabilitation of the Douglas Property, Plaintiffs, on information and belief, were aware of offers to purchase the property for the sum of $367,000.00. Plaintiffs are further informed, and thereon believe, the offers were conveyed to Defendants WELDON and/or FREEDOM.

15. Plaintiffs are informed and thereon believe, on or after April 28, 2017, Defendants WELDON and/or FREEDOM sold the Douglas Property, for an unknown amount and refused to disclose any information regarding the sale to Plaintiffs. In addition, Plaintiffs are informed and thereon believe that escrow for the Douglas Property has closed and the sales profit were paid to Defendant WELDON and/or FREEDOM in an unknown amount.

16. Plaintiffs have made demand on Defendants WELDON and FREEDOM for the payment of Plaintiffs wages due for labor services and for Plaintiffs' forty-five percent (45%) of the sales profit. As of the date of this complaint no sums have been paid to Plaintiffs.

## FIRST CAUSE OF ACTION
### (Breach of Contract as to all Defendants)

15. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations and paragraphs 10 through 15 of the Factual Allegations as if fully set forth herein.

16. Pursuant to the written contract, Plaintiffs performed the work and labor for, and furnished all necessary services used or consumed in and which were actually used or consumed in the work of improvement, and performed all other conditions, covenants, and promises under the contract, on their part to be performed.

17. Plaintiffs have performed all other conditions, covenants, and promises under the contract, on their part.

18. Although demand has been made since the close of escrow for the Douglas Property no part of the contract price for the labor and services has been paid and the sum of $49,800.00 is still due and owing to Plaintiffs. In addition not part of the forty-five percent (45%) of the sales profits have been paid to Plaintiffs and the sum in excess of $25,000.00 and/or an amount according to proof is still due and owing to Plaintiffs.

19. As a direct and proximate result of the Defendants WELDON and FREEDOMS breach of contract as alleged above Plaintiffs have been damaged in an amount in excess of $74,800.00, and/or according to proof.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing as to all Defendants)

20. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; and paragraphs 16 through 19 of the First Cause of Action as if fully set forth herein.

21. California law implies a covenant of good faith and fair dealing in all contracts between parities entered into in the State of California.

22. As a result of the actions of Defendants WELDON and FREEDOM, as alleged above, said Defendants, and each of them, have violated the implied covenant of good fair and fair dealing contained in the written agreement as alleged above.

23. As a direct, legal and proximate result of the breach of the implied covenant of good faith and fair dealing by Defendants WELDON and FREEDOM, Plaintiffs have been denied the benefits of the written agreements as alleged herein, all to Plaintiffs damages in excess $74,800.00 and according to proof.

## THIRD CAUSE OF ACTION
### (Common Counts for Work, Labor or Services Preformed as to all Defendants)

24. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; and paragraphs 10 through 15 of the Factual Allegations as if fully set forth herein.

25. Plaintiffs alleges that Defendants WELDON and/or FREEDOM became indebted to Plaintiffs within the last two years for work, labor or services rendered at the special insistence and request of said Defendants and for which Defendants, and each of them, agreed to pay Plaintiffs the sum of $49,800.00 and/or according to proof.

26. Plaintiffs allege the sum of $49,800.00 and/or according to proof, which is the reasonable value, is due and unpaid despite Plaintiffs demands.

27. As a direct and proximate result of the Defendants WELDON and FREEDOMS failure to pay Plaintiff for their work, labor and/or services performed, as alleged above, Plaintiffs have been damaged in an amount in excess of $49,800.00, and/or according to proof.

## FOURTH CAUSE OF ACTION
### (Conversion as to all Defendants)

28. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action; and paragraphs 21 and 22 of the Second Cause of Action as if fully set forth herein.

29. At all times herein mentioned, and in particular on or after April 18, 2017, Plaintiffs were and still is, the owner and was, and still is, entitled to the possession of funds which consisted of compensation for labor and/or service and forty-five percent (45%) of the Douglas Property sales profits.

30. On or about April 18, 2017, and at Clovis, Fresno County, California, the property described above had a value in excess of $74,800.00 and/or according to proof.

31. On or about April 18, 2017, Defendants WELDON and/or FREEDOM took the property described above from Plaintiff's possession and converted the same to their own use.

32. As a proximate result of the Defendants WELDON and FREEDOM's conduct as alleged above, Plaintiffs have suffered economic damages in the amount in excess of $74,800.00 and according to proof.

33. As an additional direct and natural result of the conduct of Defendants WELDON and FREEDOM, and each of their acts and conduct as alleged above, they have been guilty of oppression and malice as defined by section 3492 of the Civil Code, and has displayed a callous and reckless disregard to the Plaintiffs' rights, thereby entitling Plaintiffs to an award of punitive damages, to be assessed against the Defendants, and each of them, in an amount sufficient to deter such conduct and behavior in the future and according to proof.

## FIFTH CAUSE OF ACTION
### (Intentional Misrepresentation as to all Defendants)

34. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action;

and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third Cause of Action; and paragraphs 29 through 33 of the Fourth Cause of Action as if fully set forth herein.

35. On or about July 18, 2015, Defendants WELDON and FREEDOM made the following representation to the Plaintiffs: Defendants WELDON and/or FREEDOM would compensate Plaintiffs at the rate of $15.00 per hour for Plaintiffs work, labor and/or services for the rehabilitation of the Douglas Property; upon the sale of the Douglas Property any and all profits would be disbursed as follows: forty-five percent (45%) to Plaintiff BENCMARK and fifty-five percent (55%) to Defendants WELDON and/or FREEDOM; and Defendants WELDON and/or FREEDOM would use their best efforts to market and sell the Douglas Property in order to obtain the maximum profits.

36. The representations made by the Defendants WELDON and FREEDOM were in fact false. The true facts were Defendants WELDON and FREEDOM did not intend to pay Plaintiffs for the work labor and/or services preformed nor did said Defendants intend to pay Plaintiffs their forty-five percent (45%) share of the Douglas Property sales proceeds and intended to keep all the profits.

37. When Defendants WELDON and FREEDOM made these representations, they knew them to be false and made these representations with the intention to deceive and defraud the Plaintiff sand to induce the Plaintiffs to act in reliance on these representations in the manner hereafter alleged, or with the expectation that the plaintiffs would so act.

38. Plaintiff, at the time these representations were made by Defendants WELDON and FREEDOM, and at the time the Plaintiffs took the actions herein alleged, was ignorant of the falsity of the Defendants' representations and believed them to be true. In reliance on these representations, Plaintiffs were induced to and did enter into the agreement to provide their work, labor and service to rehabilitate and renovate the Douglas Property. Had the Plaintiffs known the actual facts, they would not have taken such action. Plaintiffs' reliance on the Defendants' representations was justified because the parties entered into a contractual relationship and there was no reason to doubt the word of Defendants WELDON and FREEDOM.

39. As a proximate result of the fraudulent conduct of Defendants WELDON and FREEDOM as herein alleged, Plaintiffs did provide work, labor and/or services for which they have not been compensated in the amount in excess of $74,800.00 and/or according to proof,

which includes Plaintiffs forty-five percent (45%) share of the Douglas Property sales profits and thereby suffered damages in said amount.

40. The aforementioned conduct of Defendants WELDON and FREEDOM were intentional misrepresentations, deceit, or concealment of a material fact known to said Defendants with the intention on the part of said Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiffs to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation as to all Defendants)

41. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action; and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third Cause of Action; paragraphs 29 through 33 of the Fourth Cause of Action; and paragraphs 35 and 36 of the Fifth Cause of Action as if fully set forth herein.

42. When Defendants WELDON and FREEDOM made these representations, they had no reasonable ground for believing them to be true in that, said Defendants did not have the financial means to pay Plaintiffs.

43. Defendants WELDON and FREEDOM made these representations with the intention of inducing the Plaintiffs to act in reliance on these representations in the manner as alleged in Paragraph 38, which is hereby incorporated herein by reference as fully set forth herein, or with the expectation that the Plaintiffs would so act.

44. As a proximate result of the negligent conduct of Defendants WELDON and FREEDOM as herein alleged, Plaintiffs did provide work, labor and/or services for which they have not been compensated in the amount in excess of $74,800.00 and/or according to proof, which includes Plaintiffs forty-five percent (45%) share of the Douglas Property sales profits and thereby suffered damages in said amount.

### SEVENTH CAUSE OF ACTION
### (Unjust Enrichment Based Upon Fraud as to all Defendants)

45. Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action;

and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third Cause of Action; paragraphs 29 through 33 of the Fourth Cause of Action; and paragraphs 35 through 39 of the Fifth Cause of Action; and paragraphs 42 through 44 of the Sixth Cause of Action as if fully set forth herein.

33. On or about April 15, 2016, Plaintiffs for the benefit of Defendants WELDON and FREEDOM provided work, labor and/or services related to the rehabilitation and renovation of the Douglas Property in anticipation of being compensated in the sum of in excess of $79,000.00 and/or according to proof. Defendants WELDON and FREEDOM have unjustly retained this benefit at Plaintiffs' expense.

34. Plaintiffs' has suffered substantial harm and injury based upon Defendants WELDON and FREEDOM's acts of failing to pay Plaintiffs.

35. As a proximate result of the conduct of Defendants WELDON and FREEDOM, as herein alleged, Plaintiffs have been deprived of the sum of in excess of $74,800 and according to proof and thereby suffered damages in said amount.

WHEREFORE, Plaintiffs pray for the following judgment:

FOR THE FIRST, SECOND, SIXTH AND SEVENTH CAUSES OF ACTION

1. For damages in excess of $74,800.00 and/or according to proof;

FOR THE THIRD CAUSE OF ACTION

2. For damages in excess of $49,800 and/or according to proof;

FOR THE FOURTH AND FIFTH CAUSES OF ACTION

3. For damages in excess of $74,800.00 and/or according to proof; and

4. For punitive damages in the sum according to proof; and

FOR ALL CAUSE OF ACTION

6. For attorney's fees and costs incurred herein; and

7. For that other and further relief, both legal and equitable, that this Court deems proper and just in the premises.

Dated: _____

JIM A. TREVINO, Attorney for Plaintiffs

This Contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC, (BLREIC,Inc.) ("First Party"), and Brian Weldon of Freedom Investments, LLC, ("Second Party"). The term of this Agreement shall begin on [July 18, 2015] and shall continue through to the sale and the distribution of the agreed upon percentage of profit.

The specific terms of this Contract are as follows:

1. Brian Weldon of Freedom Investments, LLC, shall purchase the real property located at 3549 E. Douglas Ave., Visalia, CA of Tulare County, APN: 103-306-029-000, PARCEL 1 OF PARCEL MAP 3432 PM 35-34, from here to be referred to as the "Douglas House", and provide needed funds for materials, supplies, permits and subcontractor fees.

2. Paul Singer of BLREIC,Inc., shall oversee the renovation and completion of the Douglas House and vet subcontractors for renovations needed.

3. Brian Weldon of Freedom Investment, LLC, shall pay BLREIC,Inc., $15/hour for any labor performed. Labor performed by BLREIC,Inc. shall be performed under Brian Weldon's General Contractor's license.

4. BLREIC,Inc, shall receive 45% of profit from the final sale of the Douglas House.

In consideration of the mutual promises set forth herein, the First Party covenants and agrees that it shall perform rehabilitation of real estate in the partnership.

The Second Party covenants and agrees that it shall oversee and/or perform various aspects of renovations required for this investment partnership.

This Contract may not be modified in any manner unless in writing and signed by both Parties. This document and any attachments hereto constitute the entire agreement between the Parties. This Contract shall be binding upon the Parties, their successors, heirs and assigns and shall be enforced under the laws of the State of California.

_Brian Weldon Mgr_
(Signature)

Brian Weldon Mgr
(Printed Name)

5486 W. Sample
(Address)

Date: 5-7- , 2016

_Paul V. Singer_
(Signature)

PAUL V. SINGER
(Printed Name)

4928 E. DOUGLAS AVE
FRESNO (Address) 93727

Date: 5-7 , 2016


EXHIBIT A