# Exhibit 11



Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Per

MAY 06 2025



CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
        DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL V. SINGER, in individual

     Plaintiff,

v.

CRAIG C.O. WATERS ESQ, in his
official capacity; STATE BAR OF
CALIFORNIA, OFFICE OF CHIEF
TRIAL; KRISTIN CHARLES,
in her official capacity; STATE BAR OF
CALIFORNIA, OFFICE OF GENERAL
COUNSEL; LOUISA AYRAPETYAN, in
her official capacity; STATE BAR OF
CALIFORNIA, OFFICE OF GENERAL
COUNSEL; BRANDON N. STALLINGS,
in his official capacity; and DOES 1-40

    Defendants.

Case No.: 1:25-CV-00532-KES-SAB

**COMPLAINT FOR:**

1. Deprivation of Constitutional Rights (42 U.S.C. § 1983)
2. Fraud and Intentional Misrepresentation (with Punitive Damages)
3. Equitable Relief to Reopen the Lower Court Case
4. Equitable Relief to Open Investigation by the California Department of Real Estate
5. Violation of Federal Rule of Civil Procedure 11

**JURY TRIAL DEMANDED**

## I. INTRODUCTION

This is a civil action brought by Paul V. Singer ("Plaintiff") against Craig C.O. Waters, Esq.

("Defendant Attorney"), individual officials of the State Bar of California ("Defendant State Bar

Officials"), and other defendants for their roles in depriving Plaintiff of his constitutional rights,

engaging in fraudulent and unethical conduct, and failing to uphold their duties under state and

federal law.

1

**COMPLAINT**

Plaintiff seeks compensatory damages, punitive damages for fraud and intentional

misrepresentation, prejudgment interest on his rightful share of the sale proceeds, and injunctive

relief for the harm caused by Defendants' actions and inactions, which denied Plaintiff a fair

trial, obstructed justice, and caused significant emotional and financial distress.

## II. JURISDICTION AND VENUE

This Court has jurisdiction under **28 U.S.C. § 1331** (federal question jurisdiction) because this action

arises under the Constitution and laws of the United States, including **42 U.S.C. § 1983** and **Federal

Rule of Civil Procedure 11.**

Venue is proper in this district under **28 U.S.C. § 1391(b)** because the events giving rise to this action

occurred within this district.

## III. PARTIES

1. **Plaintiff**: Paul V. Singer is an individual residing in Fresno, California.

2. **Defendant Attorney**: Craig C.O. Waters is an attorney licensed to practice law in California

and was the opposing counsel in Plaintiff's underlying case.

3. **Defendant State Bar Officials**:

  a. Kristin Charles (Chief Trial Counsel),

  b. Louisa Ayrapetyan (Office of General Counsel),

  c. Brandon N. Stallings (Office of General Counsel),

Sued in both their official capacities for injunctive relief (*Ex Parte Young*, 209 U.S. 123 (1908)) and

their individual capacities for monetary relief, including punitive damages, for their deliberate

indifference to Plaintiff's constitutional rights.

## IV. FACTUAL ALLEGATIONS

**A. Underlying Case**

3. Plaintiff filed a lawsuit in California Superior Court, County of Fresno, on August 23,

2

**COMPLAINT**

2018, which was assigned Case No. 18CECG03151. The case involved a one-page contract between Plaintiff and Defendant's client regarding the improvement of real property to increase its value and generate a profit.

    4.  Under the contract:

        a. Plaintiff contributed over 2,000 hours of physical labor at a rate of 15.00 per hour for over one and a half years and was entitled to 45% of the sales processes. Defendant's client breached the terms of the contract by:

            i.. Taking out additional loans against the property, which reduced the profits available to Plaintiff;

            ii. Using funds from the property to improve his personal residence and other properties, padding the books with unrelated bills; and

            iii. Failing to provide Plaintiff with financial records for over 4.5years. Despite the property being sold for a profit on August 10, 2017, Defendant's client falsely claimed that the costs exceeded any profits for Plaintiff to receive, even though Plaintiff's also had performed his obligation under the terms of the contract which Defendant's client accepted as service rendered yet withheld and postponed paying for his services which was to occur at the time of sale. Defendant's client retained the entire $92,000 from the sale without providing material evidence to support his claims and without honoring the lien.

    5.  Plaintiff had a valid lien on the property, which was acknowledged by the Escrow Company (Main Street Escrow) through email correspondence. However, the Escrow Company failed to pay Plaintiff his share of the proceeds ($41,400), even though it sent emails asking Plaintiff if he wanted to pick up his check at their office. Defendant's client received all the proceeds, and Plaintiff was never paid. Yet the title company claims they got clearance from the escrow company

3

**COMPLAINT**

all liens had been honored.

6. As a result of Defendants' actions, Plaintiff has been deprived of the use of $41,400 for over 6 years, entitling him to prejudgment interest at the statutory rate of 10% per annum under California Civil Code § 3287(a).

**B. Defendant Attorney's Intentional Misrepresentation and Fraud**

7. On July 3, 2019, Defendant Attorney Craig C.O. Waters (SBN: 311109) filed an answer on behalf of his Client: Brian Weldon. A true and correct certified copy of Defendant's filing Answer is attached hereto as **Exhibit A.**

8. Defendant Attorney Craig C.O. Waters knowingly made false statements to the court and Plaintiff with the intent to deceive and obstruct justice. These misrepresentations were designed to delay the case, shield his client from liability, and prevent Plaintiff from recovering his rightful share of the sale proceeds.

9. On January 12, 2022, Defendant Waters falsely represented to the court that he was a "new attorney" and filed a substitution of attorney (MC-050), despite having represented the defendant from the outset of the case. This misrepresentation was made to delay the case and avoid sanctions. A true and correct certified copy of Defendant's filed Substitution of Attorney is attached hereto as **Exhibit B.**

10. On February 21, 2023, Defendant Waters filed a Declaration in Support of Motion to Sanction, falsely claiming:

    a. In Paragraph 8, that he drafted a meet-and-confer response letter to Plaintiff on December 5, 2022, despite having filed a substitution of attorney on January 12, 2022, which contradicted his role as counsel. A true and correct certified copy of Defendant's Declaration is attached hereto as **Exhibit C.**

11. In Paragraph 17, that Plaintiff and the notary public, Jennifer Leal, had a specific

4

**COMPLAINT**

conversation on January 10, 2023, which never occurred. Defendant Waters also falsely referenced a United States Postal Service receipt dated November 4, 2023, as the "Exhibit D" therein Craig C.O. Water's Declaration (**Exhibit C**), further demonstrating his intent to deceive.

12. Defendant Waters' never rebuttal the Affidavit of Truth, despite the fact he used it to put a sanction on Plaintiff while never rebutted all 11 facts stated thereon the Affidavit of Truth as follows:

(1) There is no evidence that PAUL SINGER paid $38,500 for the UCC lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017. Affiant believes there is no proof to the contrary;

(2) BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary;

(3) BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary;

(4) MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 6045930002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary;

(5) STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary;

(6) There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary;

(7) There is no evidence that BRIAN WELDON paid toward any bond for $10,000 in any injunction order that states such conditions requirement to allow it to become an enforceable

5

**COMPLAINT**

instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is

no proof to the contrary;

       (8) The second lienholder MICHAEL GUERENA on lien Document No.:

61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the

contrary;

       (9) MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL

SINGER's portion. Affiant believes there is no proof to the contrary;

       (10)    BRIAN WELDON knew he was overpaid and that it included PAUL

SINGER's portion. Affiant believes there is no proof to the contrary;

       (11)    The Lien, Document 60459630002 has increased to $80,203.40 due to the five

(5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.

Plaintiff sent certified the Affidavit of Truth to: Defendant Waters, Main Street Escrow and Stewart

Title on November 4, 2022, which none to this day have responded. A true and correct Affidavit of

Truth is attached hereto as **Exhibit D**.

13. Defendant Waters' fraudulent conduct directly caused the dismissal of Plaintiff's case and

warrants punitive damages under California Civil Code § 3294.

**C. State Bar's Failure to Investigate**

14. Plaintiff filed a complaint with Defendant State Bar of California on July 17, 2024,

providing evidence of Defendant Waters' misconduct, including court filings, witness statements, and

notary public records. Despite clear evidence of unethical and illegal conduct, Defendant State Bar

failed to investigate or discipline Defendant Waters. A true and correct copy of Plaintiff's original

Complaint filed with the State Bar is attached hereto as **Exhibit E**.

15. On September 19, 2024, the State Bar closed the case without stating any legal basis for

its decision. A true and correct copy of the State Bar's letter closing the case is attached

hereto as **Exhibit F**.

6

**COMPLAINT**

16. The State Bar's failure to investigate constitutes deliberate indifference to Plaintiff's constitutional rights and undermines the integrity of the legal profession.

**D. State Bar's Deliberate Indifference**

15. **Individual Capacity Liability**:

Defendants Charles, Ayrapetyan, and Stallings, in their individual capacities, knowingly and recklessly ignored evidence of Defendant Waters' misconduct (**Exhibits E/F**), violating Plaintiff's due process rights. Their failure to investigate constituted conscious disregard for Plaintiff's rights, meeting the standard for punitive damages under _Smith v. Wade_, 461 U.S. 30 (1983).

16. **Pattern of Indifference**:

The State Bar's systemic failure to discipline attorneys (evidenced by prior similar complaints) reflects a policy of deliberate indifference (_Connick v. Thompson_, 563 U.S. 51 (2011)).

**E. Harm to Plaintiff**

17. As a direct and proximate result of Defendants' actions and inactions, Plaintiff was denied a fair trial and suffered significant harm, including:

    1. The dismissal of his case, which denied him the opportunity to present his claims at trial;

    2. Financial losses of approximately $92,000, including his rightful share of the sale proceeds 41,400 and prejudgment interest at the statutory rate of 10% per annum;

    3. Emotional distress and reputational harm; and

    4. The deprivation of his constitutional rights, including the right to due process and equal protection under the law.

7

**COMPLAINT**

**F. Defendant Waters' Violations of FRCP 11**

18. Defendant Craig C.O. Waters violated Federal Rule of Civil Procedure 11 by filing frivolous motions and making false statements to the court with the intent to delay the case and obstruct justice.

19. Specifically, Defendant Waters:

a. Filed a fraudulent substitution of attorney ( **Exhibit B** -MC-050) on January 12, 2022, falsely claiming he was a "new attorney" to reset deadlines and avoid sanctions. This misrepresentation was intentional and designed to deceive the court and Plaintiff.

b. Submitted a Declaration in Support of Motion to Sanction (**Exhibit C**) on February 21, 2023, containing false statements about his involvement in the case and communications with third parties. These statements were knowingly false and presented for the improper purpose of delaying the case and harassing Plaintiff.

20. Defendant Waters' filings were not supported by evidence, were presented for an improper purpose (e.g., delay, harassment), and violated his duty of candor to the court. His misconduct was not an isolated incident but part of a pattern of intentional fraud and obstruction of justice.

21. As a direct and proximate result of Defendant Waters' violations of FRCP 11, Plaintiff suffered significant harm, including:

a. Financial losses of approximately $25,000 in legal fees and costs incurred to address Defendant Waters' frivolous filings.

b. Emotional distress and reputational harm caused by Defendant Waters' deceptive tactics and the dismissal of Plaintiff's case.

c. The deprivation of Plaintiff's constitutional rights, including the right to due process

8

**COMPLAINT**

and equal protection under the law.

22. Plaintiff intends to file a motion for sanctions under FRCP 11 after complying with the rule's "safe harbor" requirement and *Taylor v. Superior Court, 24 Cal.3d 890 (1979)* and by Court's Inherent Power Under *Chambers v. NASCO*, 501 U.S. 32 (1991). Plaintiff seeks monetary sanctions in the amount of $500,000, including reimbursement of $25,000 in legal fees and $657,720 in punitive damages to deter future misconduct by Defendant Waters and others.

### V. CAUSES OF ACTION
### FIRST CAUSE OF ACTION
#### (42 U.S.C. § 1983 – Deprivation of Constitutional Rights - Against All Defendants)

23. Plaintiff incorporates by reference all preceding paragraphs.

22. . Defendant Craig C.O. Waters, acting under color of state law as an officer of the court, engaged in a pattern of misconduct designed to deprive Plaintiff of his constitutional rights. Specifically, Defendant Waters filed frivolous motions, and made false statements to the court, and threatened witnesses, all of which obstructed justice and denied Plaintiff a fair trial.

These actions violated Plaintiff's right to due process under the Fourteenth Amendment. *See Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982)* (holding that private individuals acting in concert with state officials can be held liable under § 1983).

23. Defendant State Bar Officials, responsible for regulating attorneys, failed to investigate or discipline Defendant Waters despite clear evidence of his misconduct. This failure constituted deliberate indifference to Plaintiff's constitutional rights. *See City of Canton v. Harris, 489 U.S. 378, 388 (1989)* (holding that deliberate indifference by a state actor to constitutional violations can support a § 1983 claim).

24. As a direct and proximate result of Defendants' actions and inactions, Plaintiff suffered harm, including the dismissal of his case, financial losses, emotional distress, and the deprivation of

9

**COMPLAINT**

his constitutional rights. *See Carey v. Piphus*, 435 U.S. 247, 254 (1978) (holding that damages for constitutional violations include compensation for actual harm suffered).

## SECOND CAUSE OF ACTION
### (Fraud and Intentional Misrepresentation)

25. Plaintiff incorporates by reference all preceding paragraphs.

26. Defendant Craig C.O. Waters knowingly made false statements to the court and Plaintiff with the intent to deceive and obstruct justice. Specifically, Defendant Waters falsely claimed to be a "new attorney" and misrepresented facts regarding the Escrow Company and Title Company. *See Lazar v. Superior Court*, 12 Cal. 4th 631, 638 (1996) (defining the elements of fraud, including misrepresentation, intent to deceive, reliance, and damages).

27. Defendant Waters' fraudulent conduct caused Plaintiff significant harm, including the dismissal of his case and financial losses. *See Engalla v. Permanente Medical Group, Inc.*, 15 Cal. 4th 951, 974 (1997) (confirming that punitive damages may be awarded in cases of intentional misrepresentation).

28. Defendant Waters' conduct constitutes fraud, oppression, and malice, entitling Plaintiff to punitive damages under California Civil Code § 3294. *See Taylor v. Superior Court*, 24 Cal. 3d 890, 894 (1979) (holding that punitive damages are appropriate for intentional fraud and oppression).

## THIRD CAUSE OF ACTION
### (Equitable Relief to Reopen the Lower Court Case)

29. Plaintiff incorporates by reference all preceding paragraphs.

30. Defendant Craig C.O. Waters caused the delay in Plaintiff's case by filing frivolous motions, making false statements, and obstructing discovery. These actions prevented Plaintiff from bringing the case to trial within the 5-year limit set forth in California Code of Civil Procedure §

10

**COMPLAINT**

583.310. *See Brunzell Constr. Co. v. Wagner, 2 Cal. 3d 545, 550 (1970)* (holding that delays

caused by the defendant's misconduct justify equitable tolling).

31. Plaintiff seeks equitable relief to reopen the state case under the federal court's inherent

authority to remedy fraud on the court, independent of the Rooker-Feldman doctrine. *See Hazel-*

*Atlas Co. v. Hartford Co., 322 U.S. 238, 244 (1944)* (holding that federal courts have inherent

authority to remedy fraud on the court).

## FOURTH CAUSE OF ACTION
### (Equitable Relief to Open Investigation by the California Department of Real Estate)

32. Plaintiff incorporates by reference all preceding paragraphs.

33. Defendant Craig C.O. Waters falsely represented to the court that Plaintiff had no reason

to involve the Escrow Company and Title Company in the case, despite knowing their connection

to the lien and the transfer of the property title. *See California Business and Professions Code §§*

*10140–10148* (imposing duties on escrow and title companies to act in good faith and honor

valid liens).

34. Plaintiff seeks equitable relief to compel the California Department of Real Estate (DRE)

to open an investigation into the conduct of Main Street Escrow and Stewart Title Company. *See Ex*

*parte Young, 209 U.S. 123, 159 (1908)* (confirming federal courts' authority to grant injunctive

relief against state agencies).

## FIFTH CAUSE OF ACTION
### (Violation of Federal Rule of Civil Procedure 11)

35. Plaintiff incorporates by reference all preceding paragraphs.

36. Defendant Craig C.O. Waters violated FRCP 11 by filing frivolous motions and making

false statements to the court, which were not supported by evidence and were presented for an

improper purpose. *See Fed. R. Civ. P: 11(b)* (requiring attorneys to certify that filings are not

11

**COMPLAINT**

frivolous, legally warranted, and supported by evidence).

37. Defendant Waters' misconduct was intentional and designed to delay the case, harass Plaintiff, and obstruct justice. His actions demonstrate a pattern of unethical and fraudulent behavior that undermines the integrity of the judicial process. *See Chambers v. NASCO, Inc., 501 U.S. 32, 45 (1991)* (holding that courts have inherent authority to sanction attorneys for bad-faith conduct).

38. As a direct and proximate result of Defendant Waters' violations of FRCP 11, Plaintiff suffered harm, including financial losses, emotional distress, and the deprivation of his constitutional rights. *See Fed. R. Civ. P. 11(c)* (authorizing sanctions for violations of Rule 11).

39. Plaintiff requests that the Court impose sanctions on Defendant Waters under FRCP 11, including:

a. Monetary penalties in the amount of $25,000, consisting of reimbursement for Plaintiff's legal fees and $657,720 in punitive damages to deter future misconduct. *See Fed. R. Civ. P. 11(c)(4)* (authorizing monetary sanctions).

b. Striking the fraudulent Substitution of Attorney and Declaration in Support of Motion to Sanction. *See Fed. R. Civ. P. 11(c)(4)* (authorizing non-monetary sanctions).

c. Referring Defendant Waters to the State Bar of California for disciplinary action. *See In re Snyder, 472 U.S. 634, 645 (1985)* (holding that courts may refer attorneys to disciplinary authorities for misconduct).

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award compensatory damages in an amount to be determined at trial, including but not

12

**COMPLAINT**

limited to:

a. Plaintiff's rightful share of the $92,000 in sale proceeds;

b. Prejudgment interest on Plaintiff's share of the proceeds 41,400, calculated from the date the property was sold to the date of judgment, at the legal rate of interest under California law (10% per annum);

c. Unpaid wages for 2,000 hours of labor at $15.00 per hour, plus prejudgment interest;

2. Award punitive damages against:

    a. Defendant Waters for fraud; and

    b. Defendants Charles, Ayrapetyan, and Stallings in their individual capacities for deliberate indifference.

3. Award punitive damages against Defendant Attorney for his intentional misconduct, fraud, and oppression;

4. Issue prospective injunctive relief requiring Defendant State Bar Officials to investigate and discipline Defendant Attorney;

5. Order the reopening of the lower court case to allow Plaintiff to pursue his claims and obtain a judgment against Defendant;

6. Issue an order compelling the California Department of Real Estate (DRE) to open an investigation into the conduct of Main Street Escrow and Stewart Title Company;

7. Impose sanctions on Defendant Waters under FRCP 11, including:

a. Monetary penalties in the amount of $500,000,consisting of $25,000 in reimbursement for Plaintiff's legal fees and $657,720 in punitive damages;

b. Striking the fraudulent substitution of attorney and Declaration in Support of Motion to Sanction;

13

**COMPLAINT**

c. Referring Defendant Waters to the State Bar of California for disciplinary action;

8. Award attorney's fees and costs under 42 U.S.C. § 1988; and

9. Grant any other relief the Court deems just and proper.

## VII. JURY DEMAND

Plaintiff demands a trial by jury on all issues so triable.

## VIII. CERTIFICATION AND CLOSING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint:

1. Is not being presented for an improper purpose;

2. Is supported by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law;

3. Has factual contentions with evidentiary support or likely to have support after discovery; and

4. Otherwise complies with the requirements of Rule 11.


Date of signing: _5/4_____, 2025

Signature of Plaintiff: _Paul V Singer_____

Printed Name of Plaintiff: Paul V. Singer

14

**COMPLAINT**

**VERIFICATION**

I, Paul V. Singer, declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct to the best of my knowledge, information, and belief.

**Signature**: _____

Paul V. Singer - Plaintiff

15

**COMPLAINT**

# EXHIBIT "A"
# Description:
Answer Of Brian Weldon -submitted by Craig C.O. Waters Esq.

**07/03/2019**

1    CRAIG C.O. WATERS, ESQ., SBN: 311109
2    **LAW OFFICE OF ROBERT C. ABRAMS**
     5412 N. Palm Avenue, Suite 101
3    Fresno, California 93704
     Telephone:    (559) 431-9710
4    Facsimile:     (559) 431-4108

5    Attorneys for Defendant,
     BRIAN WELDON

E-FILED
7/3/2019 1:02 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

6

7

8            **IN THE SUPERIOR COURT OF CALIFORNIA**

9                **COUNTY OF FRESNO**
                     *****

| | |
|---|---|
| 10 PAUL SINGER, an individual, and<br>11 BENCHMARK LOGIC REAL ESTATE<br>INVESTING AND COSULTING, LLC, a<br>12 California Limited Liability Company, | Case No. 18CECG03151 |
| 13                  Plaintiffs, | **ANSWER OF BRIAN WELDON TO**<br>**UNVERIFIED COMPLAINT FOR:**<br>**1) BREACH OF CONTRACT** |
| 14 vs. | **2) BREACH OF THE COVENANT OF**<br>    **GOOD FAITH AND FAIR** |
| 15 BRIAN WELDON, an individual;<br>FREEDOM INVESTMENTS, LLC, a<br>16 California Limited Liability Company; and<br>DOES 1 through 50, inclusive |     **DEALING;**<br>**3) COMMON COUNTS;**<br>**4) CONVERSION;**<br>**5) INTENTIONAL** |
| 17                  Defendants. |     **MISREPRESENTATION**<br>**6) NEGLIGENT** |
| 18 |     **MISREPRESENTATION**<br>**7) UNJUST ENRICHMENT** |
| 19 | **8) ALTER EGO LIABILITY AND**<br>    **DAMAGES** |

20       Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants'

21 unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

22                     **GENERAL DENIAL**

23       This answering Defendant in answer to the unverified Complaint, and pursuant to the

24 provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each

25 and every allegation contained therein and the whole thereof, including each and every

26 purported cause of action contained in said Complaint, and denies, further, that Complainants

27 have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all.

28 Defendant further denies that Complainants have sustained any injury, damage or loss by

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

                                ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1  reason of any act, omission or omission to act on the part of this answering Defendant or its

2  agents, employees or predecessors-in-interest.

3  ## AFFIRMATIVE DEFENSES

4  ### First Affirmative Defense

5  1.  As a first and separate affirmative defense, this answering Defendant alleges that

6  Complainants and Complainants' agents, employees, and representatives were negligent in and

7  about the matters alleged in the Complaint, and their negligence was the legal cause of

8  Complainants' injuries and damages, if any.

9  ### Second Affirmative Defense

10  2.  As a second and separate affirmative defense, this answering Defendant alleges that

11  Complainants and Complainants' damages, if any, were caused by the negligence and

12  wrongful conduct of Complainants and their agents, employees, and representatives and

13  Complainants' recovery, if any, should be reduced by an amount proportionate to the amount

14  by which the negligence and wrongful conduct of Complainants and/or Complainants' agents,

15  employees and representatives contributed to Complainants' damages if any.

16  ### Third Affirmative Defense

17  3.  As a third and separate affirmative defense, this answering Defendant alleges that

18  Complainants and Complainants' agents, employees and representatives failed to mitigate,

19  minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum

20  which Complainants may be awarded reduced by such sums as could have been mitigated,

21  minimized or avoided.

22  ### Fourth Affirmative Defense

23  4.  As a fourth and separate affirmative defense, this answering Defendant alleges that the

24  Complaint and each and every cause of action alleged in it are unenforceable in that

25  Complainants have voluntarily and knowingly waived each and all of Complainants' alleged

26  rights and causes of action against this Defendant.

27  ////

28  ////

-2-

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

## Fifth Affirmative Defense

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

## Sixth Affirmative Defense

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

## Seventh Affirmative Defense

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

## Eighth Affirmative Defense

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

## Ninth Affirmative Defense

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

## Tenth Affirmative Defense

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

-3-

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## Eleventh Affirmative Defense

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

## Twelfth Affirmative Defense

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

## Thirteenth Affirmative Defense

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

## Fourteenth Affirmative Defense

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

## Fifteenth Affirmative Defense

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

## Sixteenth Affirmative Defense

16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the material breach of contract by Complainants discharged Defendant from any obligation to Complainants.

////

////

-4-

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Seventeenth Affirmative Defense**

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

**Eighteenth Affirmative Defense**

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

**Nineteenth Affirmative Defense**

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

**Twentieth Affirmative Defense**

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

**Twenty-first Affirmative Defense**

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

**Twenty-Second Affirmative Defense**

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////

ANSWER TO UNVERIFIED COMPLAINT

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.

DATED: July ___2___, 2019.        LAW OFFICE OF ROBERT C. ABRAMS

_____
CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF FRESNO )

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐ **BY OVERNIGHT DELIVERY:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒ **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **BY FAX:** I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

**Attorneys for Paul Singer**
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

Executed on July 3, 2019, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_Kayla L. Waters_
Kayla L. Waters

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

PROOF OF SERVICE

The foregoing instrument is a correct
copy of the original on file in this
office.

ATTEST: APR 2 2 2025



Superior Court Clerk
State of California, County of Fresno
By _____
DEPUTY
M. Pivovaroff

# EXHIBIT "B"
# Description:
Substitution of Attorney: alleging Craig C.O. Waters Esq. as
"New Attorney"
**01/12/2022**
**\*FRAUD**

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Craig C.O. Waters, SBN: 311109<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704<br>TELEPHONE NO.: 559-603-8522    FAX NO. *(Optional):* 559-777-6604<br>E-MAIL ADDRESS *(Optional):* cwaters@modernlegalpc.com<br>ATTORNEY FOR *(Name):* Weldon, Brian | E-FILED<br>1/12/2022 1:40 PM<br>Superior Court of California<br>County of Fresno<br>By: Estela Alvarado, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>18CECG03151 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Brian Weldon    makes the following substitution:

1. **Former legal representative** ☐ Party represented self  ☑ Attorney *(name):* Robert C. Abrams, Esq.
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: Craig Waters    b. State Bar No. *(if applicable):* 311109
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
      Modern Legal PC
   d. Telephone No. *(include area code):* 559-603-8522
3. The party making this substitution is a   ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other *(specify):*
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

• Guardian    • Personal Representative    • Guardian ad litem
• Conservator    • Probate fiduciary    • Unincorporated
• Trustee    • Corporation    association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: Jan 12, 2022
   Brian Weldon
   _____    *Brian Weldon*
   (TYPE OR PRINT NAME)    Brian Weldon (Jan 12, 2022 09:43 PST)
   (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 1/12/2022
   Robert C. Abrams, Esq.
   _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 1/12/2022
   Craig C.O. Waters, Esq.
   _____
   (TYPE OR PRINT NAME)    (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |

**MC-050**

| CASE NAME: | CASE NUMBER: |
|---|---|
| Singer v Weldon | 18CECG03151 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 12, 2022   (2) Place of mailing *(city and state):* Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

☐ List of names and addresses continued in attachment.

| MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Page 2 of 2 |
|---|---|---|

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST:   APR 2 2 2025

State of California, County of Fresno

Superior Court Clerk

By _____

M. Pivovaroff        DEPUTY



# EXHIBIT "C"
# Description:

Declaration of Craig C.O. Waters In Support of Motion For Monetary Sanctions Against Plaintiff Paul Singer

**02/21/2023**
**\*FRAUD**

E-FILED
2/21/2023 4:05 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

CRAIG C.O. WATERS, ESQ. (SBN: 311109)
**MODERN LEGAL PC**
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone:     (559) 603-8522
Facsimile:     (559) 777-6604
Email:         cwaters@modernlegalpc.com

Attorney for Defendant and Cross-Complainant
BRIAN WELDON

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 18CECG03151<br><br>**DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** |
| BRIAN WELDON, an individual;<br><br>Cross-Complainant,<br><br>v.<br><br>PAUL SINGER, an individual; and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company; ROES 1 through 20, inclusive,<br><br>Cross-Defendants. | Assigned to Hon. Kristi Culver Kapetan, Dept. 403<br>Complaint filed: August 23, 2018<br>Cross-Complaint filed: September 21, 2020<br><br>**Date:**   March 15, 2023<br>**Time:**   3:27 p.m.<br>**Dept.:**   502 |

I, CRAIG C.O. WATERS, declare as follows:

1.     I am an attorney fully licensed to practice law before all the courts in the State of California, and the attorney of record for Defendant BRIAN WELDON ("Defendant"). I have held this position at all times relevant herein.

MODERN LEGAL PC

1   2.      If I were called as a witness, I would and could competently testify to all facts stated

2   herein from my personal knowledge, except where stated upon information and belief and, as to

3   those matter, I am informed and believe them to be true.

4   3.      On or about December 12, 2022, my office received a meet and confer letter from

5   Plaintiff PAUL SINGER ("Plaintiff") dated December 9, 2022, by certified mail with tracking

6   number 7022 1670 0002 0008 6997 (the "6997 Tracking Number") (the "December 12 Meet and

7   Confer Letter"). A true and correct copy of the December 12 Meet and Confer Letter is attached

8   hereto as **Exhibit A**.

9   4.      Modern Legal PC's mail processing protocol is to date-stamp and scan all incoming

10  mail, including the envelope in which the mail is received, and save the scans into the firm's cloud-

11  based software, by which the scanned mail is saved to the particular client's matter file.

12  5.      Upon receiving the December 12 Meet and Confer Letter after it had been processed,

13  I reviewed the scanned mail for that day and the matter file for this case but found no record of any

14  requests for admission having been served by Plaintiff.

15  6.      The only mail item received during the time in question, around November 8, 2022,

16  was an "Affidavit of Truth" that my office had received from Plaintiff on November 7, 2022 (the

17  "November 7 Affidavit of Truth"). A true and correct copy of the November 7 Affidavit of Truth is

18  attached hereto as **Exhibit B**.

19  7.      The November 7 Affidavit of Truth was received by certified mail with tracking

20  number 7022 1670 0002 0008 6096 (the "6096 Tracking Number"). Indeed, on November 9, 2022,

21  I received a phone call from counsel for the escrow company involved in the subject transaction

22  stating that they had also received an affidavit of truth from Plaintiff.

23  8.      On December 15, 2022, I drafted a meet and confer response letter to Plaintiff

24  informing him that no record of any requests for admission could be found and asked Plaintiff to

25  send the requests that Plaintiff believed were outstanding (the "December 15 Response Letter"). A

26  true and correct copy of the December 15 Response Letter is attached hereto as **Exhibit C**. No

27  response was ever received from Plaintiff.

28  ////

**ML**

**MODERN LEGAL PC**

2

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

1        9.     On or about December 29, 2022, approximately two weeks after I responded to

2 Plaintiff's meet and confer letter, my office received a copy of Plaintiff's Motion with the alleged

3 requests for admission. This was the first time I had seen the alleged requests for admission (the

4 "Requests").

5        10.    After receiving the Motion, I contacted Plaintiff by telephone to meet and confer

6 regarding the Motion and the allegedly outstanding responses. I informed Plaintiff, once again, that

7 no requests for admission had been received by my office.

8        11.    Plaintiff represented that he had sent the requests by certified mail and that he had a

9 tracking number. I requested the tracking number and Plaintiff agreed to provide it after the call.

10 During the meet and confer call, I agreed to serve responses to the Requests no later than the end of

11 the day on January 12, 2023. After the phone call, I drafted a confirming letter, which was sent to

12 Plaintiff by mail and by email as Plaintiff requested.

13       12.    On December 30, 2022, I received an email from Plaintiff with a Certified Mail

14 Receipt and USPS tracking page ("Plaintiff's Email with Tracking Information"). A true and correct

15 copy of Plaintiff's Email with Tracking Information is attached hereto as **Exhibit D.**

16       13.    The tracking number identified on the Certified Mail Receipt was the 6096 Tracking

17 Number and was one of three envelopes sent via certified mail by Plaintiff on that day. The receipt

18 for the Certified Mailing showed that Plaintiff sent three identical mailings to three separate zip

19 codes, all weighing exactly the same amount. This piqued my interest, as Defendant is the only

20 active party in the matter and there are no other parties to be served with the Requests.

21       14.    I reviewed the 6096 Tracking Number and compared it with the Firm's received

22 mailings. The tracking number was matched, not to any requests for admission as alleged, but to the

23 November 7 Affidavit of Truth previously identified by my office. The USPS tracking page shows

24 that 6096 Tracking Number was marked as delivered at 10:03 a.m. on November 7, 2023. A print-

25 out of my office's cloud-based software confirms that the document and its envelope with the 6096

26 Tracking Number was scanned into the software on November 7, 2022, at 10:13 a.m., approximately

27 ten minutes later (the "Clio Timestamp"). A true and correct copy of the Clio Timestamp is attached

28 hereto as **Exhibit E.**

---

**MODERN LEGAL PC**

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

15.    On or about January 3, 2023, I drafted a letter to Plaintiff wherein I explained my findings and included a copy of the electronic records for the receipt of the November 7 Affidavit of Truth, not the Requests as alleged by Plaintiff (the "January 3 Response Letter"). A true and correct copy of the January 3 Response Letter is attached hereto as **Exhibit F**. I respectfully requested, in light of the findings, that Plaintiff withdraw his Motion to Deem the Truth of Matters Admitted.

16.    On or about January 5, 2023, I received a responsive letter from Plaintiff stating that he disagreed with my findings ("Plaintiff's Notice of Objection"). A true and correct copy of Plaintiff's Notice of Objection is attached hereto as **Exhibit G**. Plaintiff claimed the November 7 Affidavit of Truth could not have been the document contained in the envelope scanned by my office because the November 7 Affidavit of Truth was notarized at 02:00 p.m. on November 4 and the 6096 Tracking Number was created before that time.

17.    On or about January 10, 2023, I contacted J. Leal ("Ms. Leal"), the notary public who had notarized the November 7 Affidavit of Truth. During the conversation, Ms. Leal stated that she forgot to enter the time for the notarization of the November 7 Affidavit of Truth in her notary log on the day of the signing. She further stated that the week before I contacted her, Plaintiff called her regarding the time of the notarization, and she informed him of the omission in her log. Per Ms. Leal, upon finding the omission, she reviewed her appointment calendar for the day and found that her appointment with Plaintiff was at 09:00 a.m. on November 4, 2022. When she informed Plaintiff of this fact, Plaintiff was adamant that it could not have been that early and that it could not have been before 02:00 p.m. For reasons unknown, Ms. Leal accepted Plaintiff's representation and completed the notary log by filling in 02:00 p.m. as the time of the signing. After my phone call with Ms. Leal, she confirmed the information in the call by text, and provided me with a copy of her appointment log for the day of the signing (the "January 10 Text Messages with Leal"). A true and correct copy of the January 10 Text Message with Leal are attached hereto as **Exhibit H**.

////

////

////

**MODERN LEGAL PC**

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

18. On January 12, 2023, as agreed during the December 29, 2022 meet and confer call, I served Defendant's responses to the Requests on Plaintiff by mail and email (the "Responses to Requests for Admission".) A true and correct copy of the Proof of Service for the Responses to Requests for Admission is attached hereto as **Exhibit I**.

19. Defendant has incurred a total of $3,685.00 in attorney's fees and $77.48 in costs in opposing Plaintiff's Motion to Deem Truth of Matters Admitted and bringing this Motion for Sanctions.

20. My hourly rate in this case is $335.00, which is commensurate with the hourly rate of other trial lawyers with my level of experience in Fresno County.

21. Time entries are entered by attorneys and staff, contemporaneously with the completion of the work in an electronic time-keeping software. The records have been reviewed in detail to check for and correct duplicate entries and the like. In addition, I exercised billing judgment by deleting or reducing some time entries. The costs for the case are entered contemporaneously on the day they are paid by my firm. True and correct copies of worksheets showing the time entries and costs are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

22. In support of my hourly rate, I offer the following qualifications: I have been a licensed attorney for over six years, the entire duration of which has been in real estate and business litigation. Further, I have worked in real estate and business litigation for nearly nine years.

23. My firm periodically establishes hourly rates for the billable personnel in our firm based on prevailing market rates in our area for attorneys of comparable skill, experience, and qualifications in a specialized practice area. These are the rates to be charged.

24. The current hourly rates of the personnel who billed time in this case are well within the range of current market rates in this area for attorneys of similar age and experience.

Executed on February ⎯2⎯1⎯, 2023 in Fresno, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

CRAIG C.O. WATERS


MODERN LEGAL PC

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

# EXHIBIT A

## NOTICE
## MEET AND CONFER LETTER FOR FURTHER DISCOVERY RESPONSES

Date: 12/09/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified:# 70221670000200086997

### RE: PAUL SINGER vs. BRIAN WELDON

To:
MODERN LEGAL PC
C/O  CRAIG WATER ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 150
FRESNO, CALIFORNIA, 93704

Dear Brian Weldon and Counselor:

On November 8, 2022, I served upon you, on behalf of your client, BRIAN WELDON with requests for admission.

To date no responses have been received by me. I have still not received any response  or received any request on your part  for the extension for time which I would have considered. As you are more than 30 days late and I having personal knowledge to consider those records herein to this case history to all issues regarding  meet and confer with your party, including the most recent being for mediation where the Court previously ordered you to do so, which you have yet to comply upon any of my requests since that order.  I must insist that your client, BRIAN WELDON, provide me with his verified responses, without objections.

Be advised that Code of Civil Procedure § 2023.010(d) states that failing to respond to an authorized method of discovery is an abuse of the discovery process. Furthermore,  your client has failed to serve any timely responses, therefore he has waived any right to objections, pursuant to Code of Civil Procedure § 2033.280 for the requests for admission.

Accordingly, I request that your client submit verified responses to my form  requests for admission, without objections, within 10 days from the date of this letter.

It is my sincere intention to settle this matter amicably without the need for judicial intervention. However, as I am entitled to your client's verified discovery responses in the event, if I do not receive your client's verified responses, without objections, within 10 days from the date of this letter; I will have no choice but to file motion to deem admitted with the Court and ask for attorney's fees and sanctions for your client's failure to comply.

Very truly yours,

_Paul Van_

PAUL SINGER – PLAINTIFF- IN PRO PER



# EXHIBIT B

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of ___NOV___, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11/4/2022__        Signed: _____
                                     PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4-22_

Document Information: _____

_____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.


Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public - California
Fresno County
Commission # 2420265
My Comp. Expires Oct 9, 2026



# EXHIBIT C



# MODERN LEGAL PC

December 15, 2022

*Sent via U.S. Mail and Electronic Mail*
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727

Re:     Meet and Confer
        Singer v. Weldon - FCSC # 18CECG03151

Mr. Singer:

I am in receipt of your letter dated December 9, 2022, wherein you stated you are attempting to meet and confer regarding requests for admission allegedly served on my office on November 9, 2022. In reviewing the file for this case I do not show that any requests for admission were served by you on that date or any other date. Please provide me with copies of any requests for admission you believe are outstanding.

As to the mediation of the case, my recollection is that we have attempted to resolve the case with you multiple times since our trial date last year, but have never received any response to our calls or letters. I have enclosed a copy of one of our offer letters from March of this year for your reference. If you wish to discuss settlement I am happy to discuss it with you and can be reached at the office number below.

I look forward to hearing from you.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s): Settlement Letter



# MODERN LEGAL PC

March 4, 2022

*Sent via U.S. Mail and Electronic Mail*
Paul Singer
4928 E. Washington Avenue
Fresno, California 93727
paul@calscope.com

Re: Case No. 18CECG03151 (*Singer v. Weldon, et al.*)

Mr. Singer:

Mr. Weldon is offering $3,500.00 to settle this case. Should you refuse this offer, I will have no choice, but to file a motion to dismiss the entire case on the grounds that, as you have been informed, you cannot serve as legal representation for your company, Benchmark Logic Real Estate Investing and Consulting.

Mr. Weldon is not amenable to granting a stipulation allowing you to separate yourself from the company and, consequently, the Judge is likely to dismiss your case in its entirety, leaving you with nothing for your troubles. If the Judge does not dismiss your case, Mr. Weldon will further pursue his claim against you in his Cross-Complaint and obtain the 45% of losses on the project.

The Cross-Complaint would not have been brought against you if Mr. Weldon were not certain that there were no profits, but only the financial losses on the project. Should Mr. Weldon be forced to go forward with his Cross-Complaint against you, your company will remain an included party, forcing you to retain counsel or be defaulted, securing Mr. Weldon's success. Should you hire an attorney, you will likely find yourself on the receiving end of a $25,000 to $50,000 legal bill. An offer of $3,500.00 is generous of Mr. Weldon.

Please respond to this offer no later than Friday, March 11, 2022. I look forward to hearing from you.

Kindest Regards,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

# EXHIBIT D

**Subject:** Singer v. Weldon (01033)

**Date:** Friday, December 30, 2022 at 8:06:47 AM Pacific Standard Time

**From:** Kayla L. Waters

**To:** Craig Waters, Alejandra Ramirez

**Attachments:** image001.png, image002.png, Certified mail tracked to Waters office Front Desk.pdf, Certified mail sent.pdf



**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

**From:** Paul <paul@calscope.com>
**Date:** Thursday, December 29, 2022 at 8:16 PM
**To:** Kayla L. Waters <kwaters@modernlegalpc.com>
**Subject:** Re: Singer v. Weldon (01033)

Good evening, Mr. Waters,

Per our phone conversation today, as promised here is the proof of service of Judicial Counsel Form, DIS-20, Request for Admission of the Truth, SET ONE. I will get back with you January 3rd or 4th at the latest of 2023, about whether to extend the trial out to move towards settlement.

of 2023, about whether to extend the trial out to move towards settlement.

Best Regards,

Paul Singer

Good afternoon Mr. Singer,

Please see the attached correspondence from Mr. Waters; thank you.

--

**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.



**Kayla L. Waters, J.D.**
Office Manager | Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without reading or saving it in any manner. Thank you.

**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)        $
☐ Certified Mail Restricted Delivery  $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To *Modern Legal R— Craig Watins*

Street and Apt. No., or PO Box No. *5412 N. Palm Ave. Ste 105*

City, State, ZIP+4® *Fresno CA 93704*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 1670 0000 2006 8089



**UNITED STATES POSTAL SERVICE**

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-9398
(800)275-8777

11/04/2022                                12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $1.44 |

Visalia, CA 93291
Weight: 0 lb 1.10 oz
Estimated Delivery Date
Mon 11/07/2022
Certified Mail®                              $4.00
Tracking #:
70221670000200068089
Total                                        $5.44

First-Class Mail®              1             $1.44
Large Envelope
Tulare, CA 93274
Weight: 0 lb 1 10 oz
Estimated Delivery Date
Mon 11/07/2022
Certified Mail®                              $4.00
Tracking #:
70221670000200068614
Total                                        $5.44

First-Class Mail®              1             $1.44
Large Envelope
Fresno, CA 93704
Weight: 0 lb 1 10 oz
Estimated Delivery Date
Mon 11/07/2022
Certified Mail®                              $4.00
Tracking #:
70221670000200068656
Total                                        $5.44

Grand Total:                                 $16.32

Credit Card Remit                            $16.32
Card Name: VISA
Account #: XXXXXXXXXXXX0243
Approval #: 004050
Transaction #: 743
AID: A0000000031010                          Chip
AL: Visa Credit
PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70221670000200086096

Copy     Add to Informed Delivery
(https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered

**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 6:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

Feedback

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**

FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**

FRESNO, CA 93727

November 4, 2022, 12:42 pm

**Hide Tracking History**

---

Text & Email Updates                                    ∨

---

USPS Tracking Plus®                                      ∨

---

Product Information                                      ∨

See Less ∧

Feedback

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# EXHIBIT E

< Back to Documents

**2022-11-04 Singer's Affidavit of Truth.pdf**

Uploaded on 11/07/2022 10:13 AM

Version 1

box

Matter        Weldon, Brian-01003

Contact       Brian Weldon

Category

Uploaded by   Absalom Ramirez

Uploaded at   11/07/2022 10:13 AM

Version history     [Compare versions]

Version 1

Last edited on 11/5/2022 10:13 AM by Absalom Ramirez

## AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 6045963002 & 6112841002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 09/23/2018
Case Status: Open
UCC-1 DOC NO.: 6045963002 – PAUL SINGER
UCC-1 DOC NO.: 6112841002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON: Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

### For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

### Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 6045963002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.   Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

# EXHIBIT F



# MODERN LEGAL PC

January 3, 2023

**_Sent via U.S. Mail and Electronic Mail_**
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
paul@calscope.com

> Re:  Singer v. Weldon – Meet and Confer
>      FCSC No. 18CECG03151

Dear Mr. Singer:

This letter is in response to your email dated December 29, 2022, and is in continuance of our meet and confer regarding the requests for admission you believe were served on our office. Thank you for sending the email with the tracking number discussed over the phone.

I have reviewed the Certified Mail Receipt you provided with tracking number 7022 1670 0002 00008 6096 and compared it with our records. As I mentioned in our phone conversation, we scan all incoming mail, including the enevelopes they arrive in. We did receive an envelope with the provided tracking number, but the envelope contained an affidavit of truth, not requests for admissions as contended. In furtherance of our meet and confer, I have attached the original scan of the documents contained within the envelope as well as the envelope itself. As you will see from the scan, the tracking number on the envelope matches the one you provided.

Given the aforementioned, I am confident the judge will find that the requests were not served on our office and will deny your motion. Accordingly, and in order to avoid wasting time and resources, I request that you take your motion to deem admissions off calendar and confirm the same within the week. Otherwise, we will be forced to respond to your motion and will be seeking recovery of our fees and costs.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s):Certified Mailing Information, Affidavit of Truth

**U.S. Postal Service**
## CERTIFIED MAIL® RECEIPT
**Domestic Mail Only**

For delivery information, visit our website at www.usps.com

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $4.00 |
| | 0428 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) | $ |
| ☐ Return Receipt (electronic) | $ |
| ☐ Certified Mail Restricted Delivery | $ |
| ☐ Adult Signature Required | $ |
| ☐ Adult Signature Restricted Delivery | $ |
| Postage | $1.44 |
| Total Postage and Fees | $5.44 |

Postmark Here

11/04/2022

Sent To: *Modern Legal PC~Craig Wartens*
Street and Apt. No., or PO Box No. *5412 N. Palm Ave. Ste 105*
City, State, ZIP+4® *Fresno CA 93704*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7022 1670 0000 0006 6094



EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

11/04/2022                           12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Visalia, CA 93291 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200066089 | | | |
| Total | | | $5.44 |
| | | | |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Tulare, CA 93274 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086119 | | | |
| Total | | | $5.44 |
| | | | |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Fresno, CA 93704 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086096 | | | |
| Total | | | $5.44 |

Grand Total:                          $16.32

Credit Card Remit                     $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX8243
    Approval #: 004050
    Transaction #: 743
    AID: A0000000031010      Chip
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

# USPS Tracking®

FAQs >

**Tracking Number:**                                    Remove ✕

# 70221670000200086096

Copy          Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

### Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered

**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 8:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

● **Arrived at USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

● **USPS in possession of item**
FRESNO, CA 93727
November 4, 2022, 12:42 pm

● Hide Tracking History

---

Text & Email Updates                                                          ⌄

---

USPS Tracking Plus®                                                          ⌄

---

Product Information                                                          ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document Nos.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500.  Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.

IN WITNESS WHEREOF I hereunto set my hand and seal on this ____4____ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11/4/2022__

Signed: _____
PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a ___Affidavit of Truth___

dated ___11/4/22___

Document Information: _____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ___Fresno___

Subscribed and sworn to (or affirmed) before me on this ___4th___ day of ___November___

20 ___22___ by ___Paul Singer___

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: ___J. Leal___

My appointment expires: ___10/09/2026___

Deeds.com Uniform Conveyancing Blanks



Brian Weldon
C/O Craig Winters (Debtor)
Modern Legal PC
5411 N. Palm Ave, Ste 105
Fresno, California 93704

CERTIFIED MAIL

7022 1670 0002 5000 6094

U.S. POSTAGE PAID
$5.44

RECEIVED

# EXHIBIT G

## NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
### DECEMBER 29, 2022

Date: 01/04/2023

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified #: _70221670000200086980_

### RE: RECEIVED MODERN LEGAL PC LETTER DATED DECEMBER 29, 2022 ON JANUARY 2, 2023;

SINGER v. WELDON
FCSC No.: 18CECG03151

To:
MODERN LEGAL PC
C/O CRAIG WATERS, ESQ. (d/b/a)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

CRAIG WATERS, ESQ

Thank you for taking time out after we spoke on December 29, 2022, to attempt to summarize the conversation. However, I now have to immediately address issues you're implying and perceived we discussed, and since I did record the call as I mentioned at the beginning of the phone call, too many misunderstandings of our conversation does require this Notice. I have to object to your statements and use of specific letters that if left in silence could mislead and create mistake of facts if I do not rebuttal them here and now.

As mentioned over the phone conversation on December 29, 2022, approximately around 3:25 p.m., I asserted, with full personal knowledge, regarding sending my Request for Admission occurred by certified mailing. The evidence I have that you received Form DIS-20: Request for Admission of Truth, mailing dated November 4, 2022, was for a fact received by your office on November 7, 2022.

After our phone conversation and in great detail, you explained how your internal staff in the office processes all mail by recording all documents immediately, which makes no sense to your lack of knowledge of the discovery request implies you are still looking for a way to delay even more.

PLEASE TAKE NOTICE: reference to the enclosure: Certified Mailing receipt dated November 4, 2022, and USPS Tracking # _70221670000200086096_ and USPS Tracking history delivery records on November 7, 2022, that you did in fact receive the Request for Admission of Truth. The U.S. Postal Service delivered to your business entity's address: MODERN LEGAL PC. 5412 N. Palm Avenue, Suite 105, Fresno, California 93704.

## NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
### DECEMBER 29, 2022

Since we both can agree you received the certified article:  Meet and Confer letter dated December 9, 2022, established a fact, that certified mail and their articles have been successfully delivered to your business address, therein was placed in your care, including my Request for Discovery Form DIS-20 on November 7, 2022.

According to your letter dated December 29, 2022, you assert you received the Meet and Confer Notice on December 13, 2022, then December 23, 2022, was your deadline.  Statutory obligation to respond states by the tenth (10th) day, and since you acknowledge a date is why I will no longer entertain anymore delay or excuses since I held off from filing so to give you a grace period under a postal rule of three (3) additional days and consideration to the holiday.  Therefore, you have left me no other alternative but to file my moving papers with the Courts on December 28, 2022, for abuse of discovery as the results of your lack of due diligence or negligence, it appears you only care when the Courts get involved.

Also, December 15, 2022, Letter to Singer, you also attached a letter dated March 4, 2022.  Since I never received any of those two letters until as of January 2, 2023, I have no choice but to make a statement regarding the nature of those letters. I had no personal knowledge of any of those letters, and I did not address any of those issues as per our conversation over the phone December 29, 2022.  Now having been given an opportunity to review these letters, my statements are as follows:

1. Fact:  My mailing reciprocal is a locked mailbox that I get my mail every day.
2. Fact:  Your letters never were timely sent based on their dates
3. Fact:  None of those letters were ever electronic mail either, but the letter makes those claims.

## OFFER AND ACCEPTANCE CAN NOT BE REACHED AT THIS TIME.

The March 4, 2022 letter you refer to as a Settlement Letter is not accepted as a good offer since I was never WELDON's employee but in fact a partner to an agreement.  Since I have the settlement agreement signed by WELDON that I was to be paid out of escrow $38,500.00, and all the interaction between WELDON and myself regarding those terms made by WELDON are held within the Department of Real Estate records, then all my new found evidence should be presented at a trial at this point.  Considering the causes of actions:  Breach of contract, breach of implied honest and fair dealing, conversion and fraud will establish my right of remedy for injury by treble damages. Your client WELDON is only damaging himself financially at his own hands just to avoid a money agreement which would have been cheaper had he just paid-up front as promised.

## Benchmark Logic Real Estate Investing and Consulting LLC

In readdressing our conversation regarding reinstatement of Benchmark Logic Real Estate Investing and Consulting LLC ("Benchmark").  It has been my goal to do so, however the settlement agreement at the time of closing escrow between Brian Weldon ("WELDON") and myself was created between individuals first and foremost. The Benchmark entity was created only because Weldon said he would only do business this way.  In addition to any reinstatement of Benchmark, it is still being addressed with the California Franchise Tax Board.  Therefore until this issue is resolved with the State, and in reference to timing for any serious attorney to want to take representation, I cannot believe at this time, it can legally be done within a short window of time to bring this entity into a qualified party as we both would like.

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
DECEMBER 29, 2022**

**MAIN STREET ESCROW**

Coming to a closing of your letter dated December 29, 2022, you bring up a topic we did not discuss over the phone however it is Exhibit "A" attached in Declaration of Paul Singer and Exhibits in Support of Motion to Deem the Truth of Matters Specified in Request From Admissions, Set No. One Admitted and Request for Order: Judicial Counselor Form DIS-20 - Request for Admission Continued: Attachment"1", page 2; #17.

QUESTION: Is it that you have an interest in a possible claim that I may have against MAIN STREET ESCROW? Is this correct?

From what I know of MAIN STREET ESCROW, they are the terminated dead entity after the closing of WELDON's escrow back in 2017, therefore, under the law, are no longer operating as a business here in California. Ask your client WELDON about Exhibit "A", - Request For Admission Continued: Attachment"1", page1, #5 for more information on the records held in escrow, please contact your client since WELDON did a real property transaction with them before MAIN STREET ESCROW entity closed its' doors to the public permanently.

Best Regards,

Paul Singer, Plaintiff and in Pro Per

Enclosure:

(1) Request for Admission of Truth, mailed through U.S. Postal Service, receipt of certified mail, and tracking



RECEIVED

# EXHIBIT H



Message
Today 11:40 AM

Notary on November 4th

Like, I said that's the only one I had that day.

It's not official because I might've forgotten to change it if he called me back or texted me back telling me he was going to.

Yeah I know it's a Notary Appointment because I only make $15 per signature and it's written on there

Most of the time I write Notary next to it. But as you see, I didn't write a lot of stuff that day.

Write 2 PM was written in after the discussion with him; telling me that he actually came in later, and I had no way of knowing because I had not written this line in the notary journal

This was a Journey entry you made in the book, right?

And the 2 pm was written in that week on your side.

## Remember Today!

## To Do

**Top 3**

1 Marco's B'day 19

2 Get Salad items ✗

3

## Appointments

| Time | Where |
|------|-------|
| 9am | 7 15 |
| | |
| | |
| 7pm | Friend's Giving / Birthday |

## Dinner

## Daily Clean and Organize

| | | |
|---|---|---|
| Make Bed | ☐ | Pick Up Toys |
| Clean Dishes | ☐ | General Pick Up |
| Laundry | ☐ | One Drawer or Shelf |
| Wipe Bath Sink | ☐ | |
| Empty Trash | ☐ | |
| Pick Up Clothes | ☐ | |

Water ◇ ◇ ◇ ◇ ◇ ◇ ◇

## Notes

# EXHIBIT I

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF FRESNO

    I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA 93704.

    On January 12, 2023, I served the foregoing document(s) described as: **DEFENDANT BRIAN WELDON'S RESPONSES TO REQUESTS FOR ADMISSION SET ONE (1) BY PLAINTIFF PAUL SINGER** on the parties in this action as follows:

☒    **BY EMAIL:** I caused such document to be sent via email transmission to the offices of the addressee(s) as set forth below:

☒    **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
*paul@calscope.com*

Benchmark Logic Real Estate
Investing & Consulting, LLC
c/o Paul Ventura Singer
*paul@calscope.com*

    Executed on January 12, 2023, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Jacqueline Cardozo*

Jacqueline Cardozo

MODERN LEGAL PC

# EXHIBIT J

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|------|-----|-------------|----------|--------------|------|
| 12/09/2022 | 0.2 | Update Client File with letter from Plaintiff regarding Requests for Admissions. | $225.00 | $45.00 | KLW |
| 12/15/2022 | 0.5 | Review and analyze meet and confer letter from opposing counsel. Review case file for discovery. Draft responsive letter to opposing counsel. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.2 | Phone call to Paul Singer. | $335.00 | $67.00 | CCW |
| 12/29/2022 | 0.5 | Phone call from Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.5 | Draft letter to Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.3 | Update Client Correspondence File with letter to Opposing Party regarding discovery. Email correspondence to Opposing Party. | $225.00 | $67.50 | KLW |
| 12/29/2022 | 0.4 | Review and analyze Motion to Deem Admitted filed by Plaintiff. | $335.00 | $134.00 | CCW |
| 12/29/2022 | 0.2 | Review case docket to confirm Opposing Party's motion hearing. Calculate and calendar deadlines for moving papers, opposition, and reply briefs as well as the hearing and tentative ruling. Calendar related reminders. | $225.00 | $45.00 | KLW |
| 12/30/2022 | 0.4 | Phone call with Client. | $335.00 | $134.00 | CCW |
| 12/30/2022 | 0.2 | Email from plaintiff with tracking information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Email from opposing party regarding settlement contact information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Update Client Correspondence File with Email from Plaintiff with tracking information. | $125.00 | $25.00 | AR |
| 01/03/2023 | 0.4 | Draft letter to opposing counsel. | $335.00 | $134.00 | CCW |
| 01/03/2023 | 0.2 | Update client correspondence file with letter to Singer regarding the Meet and Confer. Prepared and mailed to Opposing Party. | $125.00 | $25.00 | AR |
| 01/05/2023 | 0.2 | Update Client Pleadings File with Letter from Mr. Singer regarding Notice of Objection. | $110.00 | $22.00 | JC |
| 01/09/2023 | 2 | Review letters sent by opposing party. Draft responsive letter. | $335.00 | $670.00 | CCW |
| 01/10/2023 | 0.2 | Phone call to Mainstreet Escrow regarding affidavit of Truth, left voicemail. | $335.00 | $67.00 | CCW |
| 01/10/2023 | 0.2 | Phone call with Notary. Text messages with the same. | $335.00 | $67.00 | CCW |

1

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|---|---|---|---|---|---|
| 01/24/2023 | 2.5 | Draft opposition to Motion to Deem Admitted. | $335.00 | $837.50 | CCW |
| 01/25/2023 | 1.2 | Update Client Pleadings File with Declaration of Waters, Declaration of Ramirez, and Brian Weldon's Memorandum of Points and Authorities. Prepare to mail-serve and email-serve the same to Opposing Party. | $110.00 | $132.00 | JC |
| 01/27/2023 | 0.2 | Update Client Pleadings File with conformed copies of Opposition and related papers. | $125.00 | $25.00 | AR |
| 02/06/2023 | 0.7 | Draft letter to opposing party. | $335.00 | $234.50 | CCW |
| 02/06/2023 | 0.2 | Review and analyze meet and confer letter from opposing counsel. | $335.00 | $67.00 | CCW |
| 02/06/2023 | 0.2 | Review and analyze tentative ruling. | $335.00 | $67.00 | CCW |
| 02/10/2023 | 0.2 | Phone call from Court. | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted. | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.4 | Calculate and Calendared dates for Client Motion for Monetary Sanctions. | $125.00 | $50.00 | AR |
| 02/13/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted and Tentative Ruling Mailed copy. | $110.00 | $22.00 | JC |
| 02/16/2023 | 0.2 | Review Law and Motion Minute Order Served by Court. | $335.00 | $67.00 | CCW |
| 02/17/2023 | 1.2 | Draft Notice of Motion, Memorandum of Points and Authorities, Declaration of Craig Waters, Request for Judicial Notice, Proposed Order. | $335.00 | $402.00 | CCW |
| Total | | | | $3,685.00 | |

2

# EXHIBIT K

| Date | Qty | Description | Rate ($) | Billable ($) | Expense Category |
|------|-----|-------------|----------|--------------|------------------|
| 01/25/2023 | 1 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition (#11023332). | $3.60 | $3.60 | eFiling Fee |
| 01/25/2023 | 2 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition. | $7.09 | $14.18 | Special Postage |
| 02/21/2023 | 1 | Motion for Monetary Sanctions - all moving papers. | $60.00 | $60.00 | eFiling Fee |
| Total | | | | $77.48 | |

1

# END OF EXHIBITS

1

<b>PROOF OF SERVICE</b>

2 STATE OF CALIFORNIA

3 COUNTY OF FRESNO

4
      I am employed in the County of Fresno, State of California. I am over the age of 18 and not
5 a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA
   93704.
6
      On February 21, 2023, I served the foregoing document(s) described as:
7 **DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR
   MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** on the parties in this
8 action as follows:

9 ☐   **BY EMAIL:** I caused such document to be sent via email transmission to the offices of
10      the addressee(s) as set forth below:

11 ☐  **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set
12      forth below. I am readily familiar with the firm's practice of collection and processing
        correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
13      Service on that same day with postage thereon fully prepaid at Fresno, California, in the
        ordinary course of business. I am aware that on motion of the party served, service is
14      presumed invalid if postal cancellation date or postage meter date is more than one day
        after date of deposit for mailing in affidavit.
15

16 ☒  **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed
17      envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand
        to the offices of the addressee(s).

18
      Paul Singer                          Benchmark  Logic  Real  Estate
19    4928 E. Washington Avenue            Investing & Consulting, LLC
      Fresno, CA 93727                     c/o Paul Ventura Singer
20    *paul@calscope.com*                  *paul@calscope.com*

21
      Executed on February 21, 2023, at Fresno, California. I declare under penalty of perjury
22 under the laws of the State of California that the foregoing is true and correct.

23

24

25                                      Kayla L. Waters

26

27

28

---
6

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

The foregoing document is a full, true and correct
copy of the original on file in this
office.

ATTEST: APR 2 2 2025

Superior Court Clerk
State of California, County of Fresno
By _____
DEPUTY
A. Pivovaroff



# EXHIBIT "D"
# Description:
Affidavit of Truth
**<u>11/04/2022</u>**
**(notarized)**

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500.  Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ____4____ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11/4/2022_                    Signed: _Paul N ____

                                        PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_,
20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public - California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Fresno CA 93704

**OFFICIAL USE**

Certified Mail Fee
$ $4.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)         $ $0.00
☐ Return Receipt (electronic)       $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required          $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postage
$ $1.44

Total Postage and Fees
$ $5.44

0426
3

Postmark
Here

11/04/2022

Sent To
Modern Legal PC ~ Craig Watens
Street and Apt. No., or PO Box No.
5412 N. Palm Ave., Ste 105
City, State, ZIP+4®
Fresno CA 93704

PS Form 3800, April 2015 PSN 7530-02-000-9047      See Reverse for Instructions

7022 1670 0002 8008 6096

# EXHIBIT "E"
# Description:

Paul V. Singer's Complaint to State Bar of California
**07/17/2024**
**\*DELIBERTE INDIFFERNCE**

State Bar of California
Office of the Chief Trial Counsel/ Intake
1149 South Hill Street
Los Angeles, CA 90015-2299

**Re: Model Rule 8.4 Complaint against: Craig C.O. Waters, Esq: SBN:311109**

Ladies and Gentlemen:

, I, Paul V. Singer, represent Plaintiff, a party to a contract that has become the victim of attorney misconduct that violates the Rules of Professional Conduct. I have taken it upon myself to file this complaint with the State Bar against Craig C.O. Waters and his firm Modern Legal P.C.

Mr. Waters aided and abetted his client Brian Weldon to avoid resolving the breach of contract depriving Paul Singer of any consideration in the contract (**See Attachment "1": Tentative Ruling stating Paul Singer is part of the "First Party" to the contract**);

Mr. Waters, having privileged knowledge during the time of working for Robert Abram Law Office (**See Attachment "2", Craig C.O. Waters first filing therein the case: 18CECG03151**) that was retained by Brian Weldon and later there was the substitution of the law offices: over to Modern Legal P.C (**See Attachment "3", transferring only case file from Abram Law Officer to Modern Legal P.C.**) has been aware of the terms of the contract and all liens place on the house named on the contract and upon Mr. Weldon personally at all times;

With the knowledge there in Robert Abram Law Office no payment during escrow was given to Paul Singer, Mr. Waters privileged personal knowledge, that for years the house went into a false sale which the new owner to this day has never been notified they became liable to the lien on it. (**See Attachment "4" Notice to Main Street Escrow: Enclosure: September 6, 2022, letter from Robert C. Abrams Law Office**);

Mr. Waters has been aware that Paul Singer has maintained and amended the UCC-1 lien as active with the State of California during the entire litigation because he is the "First Party" to the contract, **reference to Attachment "1"** which has grown in interest. Paul Singer did not nor has any knowledge of signing a release of lien during escrow which to waiver his rights or interest to receive payment from Brian Weldon from the sales proceeds.

During litigation, Mr. Waters having personal knowledge, received an Affidavit of Truth on November 7, 2022, and he never responded or rebutted the 11 statements asserted regarding the escrow transaction and did not deny those named parties that participated during the transaction.(**See Attachment "5"**);

However, during litigation, Mr. Waters submitted as personal knowledge in his declaration dated 02/21/2023, the Affidavit of Truth; (**See Attachment "6" page 2, paragraph 6, Exhibit "B"**) and made statements he knew was not true;

Therefore when Mr. Waters received Paul Singer's Affidavit of Truth, Mr. Waters never rebutted, and now has no grounds and is estoppel to dispute the Affidavit as not true, (**See Attachment "7" Notice: Undisputed/Uncontroversial Facts, under Federal Rule 52(a) and California Civil Code of Procedure Section 473(c)**);

Since Mr. Waters willingly ignored responding to the Affidavit, **reference to Attachment "6"**, in which he was required to respond with a counter-affidavit point on point to each statement therefore Mr. Waters has no other contention of the truth made within those statements in the Affidavit therefore knowingly made false statements thereon his declaration, **(reference to Attachment "6")** at the time of submission to influence the judicial system thereby violating his own oath to uphold the State Constitution. This is evidence of fraud and by such infringements reflects upon Mr. Waters honestly, trustworthiness or fitness as a lawyer "moral turpitude" as well as "prejudicial to the administration of justice".

When Mr. Waters used Paul Singer's Affidavit of Truth, **(reference to Attachment "6")** at the time had no reason or belief those 11 statements were not true, is why Mr. Waters deliberately wrote several false statements to discredit Paul Singer's case by claiming Paul Singer never mailed his documents for Request for Admission along with the affidavit, claiming his law firm, Modern Legal P.C. only received by certified mail a "Affidavit".

Paul Singer, at the time, did not prevail in court to sanction due to Mr. Waters "prejudicial to the administration of justice". Mr. Waters failure to respond timely to his Request for Admission is only because Paul Singer did not provide a certificate of proof of services listing all documents and pages along with the article mailed was a clerical error by Paul Singer but did not merit Mr. Waters misconduct in connection with the practice of law.

The material evidence **(See Attachment "6", pages 1-5, paragraphs 1-24; Exhibits A-K )** still remains thereupon Mr. Waters declaration, showing the unprofessional conduct through the disturbing falsified statements directly regarding the article time it was sent through the United States Postal Service by certified mailing which was sent at the time of 12:43pm on November 4, 2022, and the time the Affidavit was signed in the presence of a Notary Public.

In order for Mr. Waters' declaration to support sanction to success he needed it to be plausible, **(See Attachment "6", page 4, paragraph 17, Exhibit "H").** He falsified an alleged hearsay conversation most likely taken out of content or memory of the said notary and sustains Mr. Waters willingness to intimidation and confuse a California State public officer, Jennifer Leal into believing Paul Singer told her it was 2:00 p.m. However since Paul Singer had kept his appointment as shown on her Calendar only confirms the Affidavit was signed around 9:00 a.m. which coincides with the mailing around 12:43p.m. on November 4, 2022, that afternoon.

Therefore, in **reference to Attachment "6", page 4, paragraph 17, Exhibit H** when Mr. Waters attached those text messages made by him and in between the public officer, is not about whether he received discovery documents from Paul Singer but a total disregard of the events and the truth to mislead the court's decision and to influence the court so to obtain sanctions against Paul Singer and is the evidence of the lengths and methods of misconduct Mr. Waters is willing to do to win.

Mr. Waters, who had no reason to believe his statements were true, **reference to Attachment "6", page 4, paragraph 17, lines 21-25; Exhibit "H"** knew or should have known this was not a crime of usage of the State Seal since Paul Singer signed the ledger and paid for the notary public service. It is however a crime for Mr. Waters, an officer of the court and member of the State Bar of California, to imply the ability to improperly influence a government state public officer, Notary Public, to entice her to use; nonofficial personal calendar as evidence from that of a alter ledger, which there is no evidence the event Mr. Waters implied occurred at 2:00 pm. This should result in discipline under Model Rule 8.4(c) and (e).

Mr. Waters seems to have demanded from the Notary, is Mr. Waters failure to obtain a true and correct copy of the actual logbook entry is because no such event occurred as he alludes to, should be considered as dishonest that should result in discipline under the Model Rule 8.4(c).

Mr. Waters substituted a notary logbook entry with a personal calendar with altered information, more than likely was done to prejudicial to the administration of justice by Mr. Waters false statements of documents seen in the court's eyes to be deemed signed at 2:00pm on November 4, 2022 to discredit Paul Singer is Mr. Waters lack of respect for the legal profession and should result in discipline under Model Rule 8.4(d) from which he took under oath to maintain since 2016.

It is also apparent Mr. Waters declaration, **reference to Attachment "6"; page 4, paragraph 17,** taken under oath, as personal knowledge proves Mr. Waters willfully made false statements which the Postmaster records of the mailing of the certified article itself contradicts Mr. Water's by to what action Paul Singer really did that day. This too establishes Mr. Water's statement falsified the true occurrence of the signing of the Affidavit on purpose, therefore false statements are fraud and fraud is codified as a felony and should result in discipline under the Model Rule 8.4(b)(c)and (e).

Therefore, in reference to **Attachment "6", page 4, paragraph 17, Exhibit H** when Mr. Waters attached those text messages made by him and in between the public officer is not about whether he received discovery documents from Paul Singer but a total disregard of true events to mislead the court's decision solely to obtain sanctions against Paul Singer therein is the evidence of the lengths and methods of misconduct Mr. Waters is willing to do to win should result in discipline under Model Rule 8.4 (b)(c)(d) and (e).

Mr. Waters has no reason to believe his statements are true and has been willing to attach Paul Singer's Affidavit numerous times as exhibits within Mr. Water's declaration. It is Mr. Water's own failure to mention, when the opportunity was present to do so, failed to inform the court, he never disputed 11 statements of facts that his client had breached the contract for lack of consideration and owes Paul Singer of his 45% of profits, and for his 18 months of labor on the project.

Furthermore, within Mr. Waters planned out declaration, continued to falsify his claims about his investigation of the United States Postal Office receipt, which showed two additional certified mailing to two other parties, which those other parties shown on the post office receipt also received their Affidavit of Truth. This should result in discipline under Model Rule 8.4(b)(c) and (d).

With Mr. Waters privileged knowledge, **reference to Attachments "4" and "5";** Mr. Waters failed to state those parties by name because those were parties who aided his client, Brian Weldon; to not pay Mr. Singer's lien during the sale process. Mr. Waters with privileged knowledge fulling knew there were actual two liens, one being with Micheal Guerena, the second lien holder on the same property had been honored during the same time period at escrow, therefore knew Paul Singer's lien was deliberately not honored. This should support the need for discipline under Model Rule 8.4(c) and (d).

On **Attachment "6" page 3, paragraph 13,** Mr. Waters alludes to his "piqued" interest misled any reader that he did not know who those parties were is untrue since he had no reason to believe to be true, in **reference to Attachments "4" and "5"** knew very well it was Stewart Title, and Main Street Escrow who were the mortgage broker and title company involved in the escrow, thereby he falsified his statement he had no reason to believe they would be participating parties to the case by means of witnesses, if not additional defendants themselves support grounds to discipline Mr. Waters under Model Rule 8.4(c)(d) and (e).

Paul Singer himself after calling Stewart Title has personal knowledge, and he was told that Mr. Waters did speak with Stewart Title's legal counsel and not only confirmed Mr. Waters had an in depth conversation, but that Stewart Title's legal counsel states she was not going to rebutted Paul Singer's Affidavit because she spoke with Mr. Waters. Due to Mr. Waters interfering and improperly influencing another officer of the court, should result in discipline under Model Rule 8.4(d)and (e).

As a member of the State Bar of California, Mr. Waters committed legal malpractice by breaching his fiduciary duties owed to Paul Singer on the grounds of fair and honesty dealing in settling this case timely and when he asserted his personal knowledge thereupon the declaration through the making of false statements which Mr. Waters could not have believe to be true.

Mr. Waters being privileged with prior knowledge knew he was aiding and abetting his client in the usages of material documents not associated to the terms and condition of the contract associated to the real property at issue. Therefore Mr. Waters knew his client had padded the books: two loans made against the house flipping property equity; which funded the flip of a different property not on the written contract with Paul Singer but benefited Mr. Waters client.

Mr. Waters being privileged with prior knowledge knew those numerous personal checks in Mr. Water's clients personal account and nothing done in any account of Water's client's business name FREEDOM INVESTMENTS LLC **(or evidence the business entity ever open a business bank account);** addition invoices and utility billings for other properties, including invoices of renovation of Mr. Water's client Brian Weldon's own personal property which was not a part of the contract agreement between the two parties (discovered during Mr. Waters deposition of Paul Singer in January of 2023 and stated thereon the oral transcript of the deposition and all business records are the material evidence filed with motion to leave to Second Amend which Paul Singer was granted).

Mr. Waters being privileged with prior knowledge knew all of these business records present during deposition were done to make Mr. Water's client's counter-claim plausible on the reasons why Paul Singer could not be paid on the contract are the result of those bad business records which gave the illusion there were no profits to give even after Mr. Waters client still received over $92,000.00 from escrow. This should result in discipline under Model Rule 8.4(b)(c) and (d).

Mr. Waters and Modern Legal P.C. has received a Notice of Undisputed facts governed under Federal Rule 52 (a) and the California Civil Code of Procedures section 473(c) now are deems as true and correct facts, **See Attachment "7".**

Mr. Waters and Modern Legal P.C. are under collateral estoppel to ever dispute or cross-examine on those 11 established facts to hold him, the firm and his client fully liable for all cost and damages. These established facts should allow for discipline under Model Rule 8.4(b)(c)(d) and (e).

Mr. Waters has let a feud between him and Paul Singer, abrogate professional conduct with the existence of the written contract and lien at issue and to state Paul Singer was not the true party of interest to enforce the contract all the while knowing or believing it was not true. This should result in discipline under Model Rule 8.4 (b)(c) and (d).

Because Mr. Waters had decided that Paul Singer would recover nothing, Paul Singer respectively request the State Bar hold Mr. Waters liable for the violation of the State Bar of California Rule 8.4(a)(c)(d) and (e): violated these rules or the State Bar Act, knowingly assist, solicit, or induce another to do so, or do so through the acts of another; engage in conduct involving dishonestly, fraud, deceit, or reckless or intentional misrepresentation; engage in conduct that is

prejudicial to the administration of justice, and state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate these rules, the State Bar Act, or other law. Those said mentioned activities of Mr. Waters and those done doing business as Modern Legal P.C. has caused injury and deprived Paul Singer of all equity and interest thereupon the contract.

Paul Singer requests action to investigate, take disciplinary action under Model Rule 8.4(a)(b)(c)(d) and (e) and hold Mr. Waters and Modern Legal P.C. financially liable for the damage done to him.

Paul Singer thanks the State Bar in advance for taking this under submission to this matter, and since there are numerous documents already attached  if any additional documents which may have been mentioned above exist  that were not attached herein to this complaint are required to complete this investigation, Paul Singer is willing to provide them if they are in his possession to give.

Dated: July 17, 2024                              Respectfully Submitted

                                                  Paul Singer – Claimant

------------------------------------

See Attachments:

Attachment "1": Tentative Ruling, 4 pages
Attachment "2": ADR dated 12/9/2021, 2 pages
Attachment "3": Substitution of Attorney – Civil, 2 pages
Attachment "4": Notice to Main Street Escrow – 2 pages
Attachment "5": Affidavit dated 11/4/2022, 3 pages
Attachment "6": Declaration of Craig C.O. Waters, 51 pages
Attachment "7": Notice of Undisputed Facts, 8 pages

# UNITED STATES POSTAL SERVICE.

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

07/17/2024                                    10:19 AM

| Product | Qty | Unit Price | Price |
|---------|-----|-----------|-------|
| PM Express 1-Day | 1 | | $33.40 |

   Los Angeles, CA 90015
   Weight: 0 lb 15.30 oz
   Signature Requested
   Scheduled Delivery Date
     Thu 07/18/2024 06:00 PM
   Money Back Guarantee
   Tracking #:
    EJ358▒▒▒0US
   Insurance                          $0.00
   Up to $100.00 included

Total                                     $33.40

---

Total:                                    $33.40

Remit                                     $33.40
   VISA
   XXXXXXXXXXXX4814
 Approval #: 041913
 Transaction #: 575
 Receipt #: 079878
 Debit Card Purch..3      $3.40
 AID: A0000000980F   Contactless
 AL: US DEBIT

---

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.



or call 1-800-410-7420.

UFN: 052902-0426
Receipt #: 840-59500129-3-9775832-2
Clerk: 12

Money-back Guarantee: If the mailer submits an item at a designated USPS® Priority Mail Express® acceptance location on or before the specified deposit time, the Postal Service will deliver or attempt delivery to the addressee or agent before the applicable delivery date and time. Mailer may request the

be submitted once for all applicable refunds. Refund requests for PME or PME with Extra Serv must be combined into a single submission.

Thank you for choosing Priority Mail Express service.

Tracking: For USPS Tracking, scan the QR Code below or go to USPS.com or call 1-800-222-...

adjudication procedures. Certain items are not insurable. The DMM consists of federal regulations, and USPS personnel are not authorized to change or waive these regulations or grant exceptions. A mailer who requires information on Priority Mail Express Insurance may contact the Postal Service before submitting an item. Limitations prescribed in the DMM provide, in part, that:

1. Insurance coverage extends to the actual value of the contents at the time of mailing or the cost of repairs, not to exceed the insured limit for the item.

2. The Postal Service insures the contents of Priority Mail Express "merchandise" items (with "merchandise" defined by postal regulations against loss, damage, or missing contents. The Postal Service includes coverage up to $100 per mailpiece at no additional charge. Additional merchandise insurance up to $5,000 per mailpiece may be available for purchase. Additional insurance for Priority Mail Express items is not available unless a signature is required.

LABEL 11-B MARCH 2019    PSN 7690-02-000-9898

EJ 358 490 990 US
Priority Mail Express tracking number

ATTACHMENT "1"

B2803-5405  06/10/2024 12:12 PM Received by California Secretary of State

(27)

## Tentative Ruling

Re: **Paul Singer v. Brian Weldon**
Superior Court Case No. 18CECG03151

Hearing Date: August 8, 2023 (Dept. 502)

Motion: Defendants' Demurrer to the First Amended Complaint

**If oral argument is timely requested, the matter will be heard on Thursday, August 10, 2023 at 3:30 p.m. in Dept. 502**

**Tentative Ruling:**

To overrule the demurrer to the first thru third causes of action. To sustain the demurrer to the fourth thru seventh causes of action.

To grant leave to amend. Should plaintiff desire to amend, the Second Amended Complaint shall be filed within ten (10) days from the date of this order. The new amendments shall be in **bold print**. Should plaintiff elect not to amend, demurring defendants shall file responsive pleadings within twenty (20) days from the date of this order.

**Explanation:**

*First thru Third Causes of Action: Breach of Contract, Implied Covenant, and Common Counts*

Standing can appropriately be tested by a general demurrer (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1009), and " '[a] plaintiff lacks standing to sue if, for example, it [is] not ... a real party in interest.'" (*The Rossdale Group, LLC v. Walton* (2017) 12 Cal.App.5th 936, 945.) A real party in interest in a contract action is one who has an interest in damages incurred from its breach. (*Sobelman v. Maier* (1927) 203 Cal. 1, 7; see also *McCollum v. Steitz* (1968) 261 Cal.App.2d 76, 80 ["One may be liable under a trade name even though one's own name is not on the instrument."]; *Escondido Oil & Development Co. v. Glaser* (1904) 144 Cal. 494, 499 [Allegation that a real party in interest to a contract includes an entity or one of its principal sufficient to defeat a demurrer.].)

Defendants contend plaintiff Paul Singer ("Singer") lacks standing because "[t]he Contract is, on its face, clearly an agreement between Freedom and Benchmark[.]" I.e. the entities' principals were not parties to the agreement. (Points & Auth. in support of Demurrer, at p. 5:12-13.) However, the contract attached to the First Amended Complaint ("FAC") specifies that "[t]his contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC (BLREIC, Inc.) (" 'First Party'"), and Brian Weldon of Freedom Investments, LLC, (" 'Second Party'"). (See First Amended Complaint, Ex. A.) Unlike Brian Weldon, Paul Singer signed the document without noting his title/capacity. (*Id.*) Accordingly, the unambiguous terms of the contract specify that Paul Singer is a part of the "First Party," which, pursuant to the

3

B2803-5406 06/10/2024 12:12 PM Received by California Secretary of State

unambiguous terms of the contract, would be responsible to "perform rehabilitation of real estate in the partnership." (*Id.*)

Singer was entitled to receive at least a portion of the contractual benefit and thus possesses standing to sue for damages incurred. (*Sobelman v. Maier, supra*, 203 Cal. at p. 7.) In other words, it is reasonably logical that Singer, as a signor, would be a responsible party if Weldon/Freedom Investments alleged breach. (See *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1238 ["This rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant."].)

Accordingly, the FAC is not facially defective on standing grounds. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 ["we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."].) The FAC otherwise alleges the existence of contract (FAC Ex. A), that plaintiff performed (FAC ¶ 23), and that defendants' nonpayment caused plaintiff's damages. (FAC ¶¶ 24, 31). (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178 [elements of breach of contract]; *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460 [elements of common counts].) Therefore, the demurrer to the first thru third causes of action is overruled.

### Fourth Cause of Action: Conversion

"A 'generalized claim for money [is] not actionable as conversion.'" (*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 395, citations omitted.) " '[M]oney cannot be the subject of a conversion action unless a specific sum capable of identification is involved.'" (*Ibid*, citations omitted.)

Here, although the FAC alleges the existence of an escrow account (FAC ¶ 24), the FAC does not specify that an identifiable sum of money allegedly remains wrongfully withheld. Rather, the FAC makes a generalized allegation that plaintiff's damages arise from a breach of contract. (FAC ¶¶ 38, 20.) Therefore, the FAC does not sufficiently state a cause of action for conversion.

### Fifth thru Seventh Causes of Action: Intentional Misrepresentation, Negligent Misrepresentation, and Unjust Enrichment based upon Fraud

"To withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law." (*Logan v. Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116, 126.) Furthermore, particularity is required when asserting statutory and fraud causes of action. (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 410; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 878.)

Generally, it is well settled that absent a demonstration of harm above and beyond a broken contractual promise an aggrieved party is only allowed to recover contract, not tort, damages. (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.) In other words, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from

4

B2803-5407 06/10/2024 12:12 PM Received by California Secretary of State

principles of tort law." (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 551; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1238-1239 [Sufficiently pled allegations of fraud sufficient to support tort liability and punitive damages].)

For example, knowledge of falsity (or scienter) is a necessary element of fraud. (See Opp. at p. 3:5 citing *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.* (2008) 578 F.Supp.2d 1242, 1250; see also *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30 ["'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'"].) In essence, although fraud may be alleged as a conclusion (*Universal By-Products, Inc. v. City of Modesto* (1974) 43 Cal.App.3d 145, 151), there must be allegations that the promisor did not intend to perform at the time of formation. (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159.) In other words, "[s]imply put, making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise." (*Ibid.*)

Here, the FAC concludes that the promisor knew the representation was false when it was made (¶ 42), but there are no specific facts alleged to demonstrate that knowledge, i.e. there are no facts alleged to infer that, at the time the contract was made, there was no intention to perform. [See *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 ["fraud must be pled specifically; general and conclusory allegations do not suffice."]; *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 863 [Evidence that a bank questioned sales numbers supported jury finding of scienter even though a formal report was never reviewed]; *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 793 [fraud must be plead with specificity "to give notice to the defendant with sufficiently definite charges that the defendant can meet them" and "to weed out meritless fraud claims."].)

Consequently, without sufficiently alleging knowledge of falsity (or scienter), the FAC fails to adequately allege fraud. Furthermore, plaintiff has entitled the seventh cause of action "Unjust Enrichment based upon Fraud." Considering that the FAC fails to allege sufficient facts to support the fraud causes of action, plaintiff's seventh cause of action, which is "based upon fraud," is also insufficient. Finally, "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." (*Lauriedale Associates, Ltd. v. Wilson* (1992) 7 Cal.App.4th 1439, 1448.)

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____ KCK _____ on 8/8/23 .
(Judge's initials)                    (Date)

5

B2803-5408 06/10/2024 12:12 PM Received by California Secretary of State

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

### [Minute Order and Tentative Ruling, dated 8/8/23]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  08/08/2023                    Clerk, by _____, Deputy

E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    **CLERK'S CERTIFICATE OF MAILING**

ATTACHMENT "2"

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*<br>Craig C.O. Waters, Esq.   SBN:311109<br>Abrams Law Group<br>5412 N. Palm Avenue, Fresno, CA 93704<br>TELEPHONE NO: 559-431-9710          FAX NO: 559-431-4108<br>ATTORNEY FOR *(Name):* Brian Weldon | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 'O' Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | E-FILED<br>12/9/2021 2:12 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |
| PLAINTIFF/PETITIONER:      Paul Singer<br><br>DEFENDANT/RESPONDENT: Brian Weldon | |
| **ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER:<br>18CECG03151 |

**Type of Civil Case:**
☐ Personal Injury – Property Damage/Auto   ☐ Personal Injury – Property Damage   ☐ Contract   ☑ Other Breach

Date Complaint Filed:   08/23/18 _____   of Contract, Breach of Covenant of Good Faith and fair dealing

**Amount in controversy:**
☐ $0 to $25,000   ☐ $25,000 to $50,000   ☑ $50,000 to $100,000   ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference:   NA _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

**Case resolved by Alternative Dispute Resolution:**

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☑ No   Reason:   Attempts to mediate have been unsuccessful between the parties _____

**Alternative Dispute Resolution process concluded:**

☐ Yes

☑ No   Reason for delay:   Defendant has attempted to schedule a mediation with Plaintiff, but have been unsuccessful. _____
Next scheduled hearing date:   NA _____

**Type of resolution process used:**
☐ Mediation   ☐ Arbitration   ☐ Neutral Case Evaluation   ☐ Other (specify): _____

**Case was resolved by:**
☐ Direct Result of ADR Process   ☐ Indirect Result of ADR Process   ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0   ☐ $250   ☐ $500   ☐ $750   ☐ $1,000   ☐ More than $1,000 (specify) _____

**PADR-03 R11-11**
**MANDATORY**          ALTERNATIVE DISPUTE RESOLUTION STATUS REPORT (ADR)          Page 1 of 2

Case Number: 18CECG03151

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes          ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____

_____

_____

_____

**PADR-03  R11-11
MANDATORY**              **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)**              Page 2 of 2

ATTACHMENT "3"

MC–050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Craig C.O. Waters, SBN: 311109
Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, CA 93704
TELEPHONE NO.: 559-603-8522    FAX NO. (Optional): 559-777-6604
E-MAIL ADDRESS (Optional): cwaters@modernlegalpc.com
ATTORNEY FOR (Name): Weldon, Brian

**FOR COURT USE ONLY**

E-FILED
1/12/2022 1:40 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| SUBSTITUTION OF ATTORNEY—CIVIL (Without Court Order) | CASE NUMBER: 18CECG03151 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Brian Weldon    makes the following substitution:

1. **Former legal representative** ☐ Party represented self    ☑ Attorney *(name):* Robert C. Abrams, Esq.
2. **New legal representative*** ☐ Party is representing self*    ☐ Attorney
   a. Name: Craig Waters    b. State Bar No. *(if applicable):* 311109
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
   5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
   Modern Legal PC
   d. Telephone No. (include area code): 559-603-8522
3. The party making this substitution is a    ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other *(specify):*
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| • Guardian | • Personal Representative | • Guardian ad litem |
|---|---|---|
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: Jan 12, 2022
   Brian Weldon

   _(TYPE OR PRINT NAME)_

   *Brian Weldon*
   Brian Weldon (Jan 12, 2022 09:43 PST)
   _(SIGNATURE OF PARTY)_

5. ☑ I consent to this substitution.
   Date: 1/12/2022
   Robert C. Abrams, Esq.

   _(TYPE OR PRINT NAME)_

   _(SIGNATURE OF FORMER ATTORNEY)_

6. ☒ I consent to this substitution.
   Date: 1/12/2022
   Craig C.O. Waters, Esq.

   _(TYPE OR PRINT NAME)_

   _(SIGNATURE OF NEW ATTORNEY)_

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]    SUBSTITUTION OF ATTORNEY—CIVIL
(Without Court Order)    Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Singer v Weldon | 18CECG03151 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 12, 2022    (2) Place of mailing *(city and state)*: Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes

(TYPE OR PRINT NAME)                                                                 (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP)*:
      4928 E. Washington Avenue
      Fresno, CA 93727
   c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP)*:
      4928 E. Washington Avenue
      Fresno, CA 93727

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

# ATTACHMENT "4"

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:   Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
   as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.   Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.   Affiant believes there
is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny
him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11/4/2022_              Signed: _Paul N. ___

PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public - California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®.*

Fresno **OFFICIAL USE**

Certified Mail Fee    $4.00    0426 3

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)    $ $0.00
☐ Return Receipt (electronic)    $ $0.00    Postmark Here
☐ Certified Mail Restricted Delivery    $ $0.00
☐ Adult Signature Required    $ $0.00
☐ Adult Signature Restricted Delivery    $

Postage    $1.44

Total Postage and Fees    11/04/2022
$    $5.44

Sent To *Modern Legal PC ~ Craig Waters*
Street and Apt. No., or PO Box No. *5412 N. Palm Ave., Ste. 105*
City, State, ZIP+4® *Fresno CA 93704*

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 1670 0002 0008 6096

**NOTICE**
**DEMAND FOR PAYMENT**

Date: 10/05/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: *Certified*: # 7022 1670 0002 0008 5754

To:
MAIN STREET ESCROW
400 EAST MAIN STREET, STE 110
VISALIA, CALIFORNIA, 93291

RE: Escrow Number : 3482-DF; Title Order Number: 01880-268408

DANA FORSYTHE or To Whom It May Concern:

On 08/01/2017 your company emailed the signed agreement to Paul Singer stating:

> "Paul Singer's lien can be released at the close of escrow provided that all lawsuits from Brian
> Weldon have been dropped and there is an agreement signed by him that no further action will
> be taken by him or his affiliates now or ever against Paul Singer or his affiliates; $38,500 is to be
> sent certified check or postal money order made out to PAUL SINGER in memo; For
> compensation for his time, and give to Brian Weldon's attorney (Law office of Robert C. Abrams
> 5412 N. Palm Ave, Suite 101 Fresno CA 93704)."

On September 6, 2022, Robert C. Abrams Esq, of Law Office of Robert C. Abrams denies any monies
from Main Street Escrow to have been given to them. This is very disturbing that upon this agreement
made on 08/01/2017 with Mr. Weldon and me, Mr. Weldon has not honored the agreement, or able to
honor because of this transaction your business conducted. Since I never received my portion, and
claims made in writing from Mr. Weldon's attorney Robert C. Abrams, he or his office never got my
monies for safekeeping, I am demanding an accounting of this before I file with the California Real Estate
Commission to investigate in the next TEN days upon receipt of this letter.

This is to be considered a form of conversion and I am demanding the release of my $38,500.00 to me
immediately.

Best Regards

_Paul V Singer_

ALL RIGHTS RESERVED-WITHOUT PREJUDICE

Enclosure:  **September 6, 2022 letter from ROBERT C. ABRAMS/LAW OFFICE OF ROBERT C. ABRAMS**

# ABRAMS LAW GROUP

September 6, 2022

*[SENT VIA US MAIL]*
Paul Singer
9428 E Washington Avenue
Fresno, California 93727

RE: Your "Affidavit of Notice" (Trust Malfeasance)

Dear Mr. Singer,

I am in receipt, today, of the above notice you sent certified mail dated September 1. I have absolutely no idea what this is, what it is for or what you intend to do with it. I will tell you this:

1. The information contained therein and held out to be factual are, in fact, bold face lies.
2. Neither my office nor I received any funds from the escrow mentioned therein.
3. You were not the beneficiary of that escrow.
4. I am unsure as to what "facts" have been established through court records.
5. I have no way of knowing what you reference as a "conditional acceptance"
6. If this is a UCC claim, an injunction was issued against you on July 24, 2017, to file a release of any UCC Lien you may have had on the property.
7. Your claim regarding a 6-year statute of limitations is contrary to every statute I am aware of. You claim there is a written agreement, of which I have no knowledge and the statute on a written contract is 4 years. That ship, if it ever existed has sailed.

This is my promise to you should you attempt to use this document or make its false claims public in any way:

I will take all legal remedies available to me, including, but not limited to the following:

1. I will file a petition for contempt against you for violation of a court order issued in Case #17CECG01737 on July 24, 2017.
2. I will bring a lawsuit against you for defamation for intentional publication of defamatory statements.

If you believe you have a claim against me, Mr. Waters or my firm, I suggest you file a lawsuit. I do not expect to hear anything further regarding this matter from you.

Sincerely,
Abrams Law Group

*Robert C. Abrams*

Robert C Abrams

cc: C Waters

# ATTACHMENT "5"



U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

Certified Mail Fee
$ 4.00

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $
☐ Return Receipt (electronic)         $
☐ Certified Mail Restricted Delivery   $
☐ Adult Signature Required            $
☐ Adult Signature Restricted Delivery $

Postage
$ 1.20

Total Postage and Fees
$ 5.20

Sent To  Main Street

Street and Apt. No., or PO Box No.  400 E. Main St.

City, State, ZIP+4®  Visalia 93291

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 1670 0002 0008 5754

Postmark Here
BULLARD PHARMACY CPU 0411
OCT 5 2022
FRESNO CA 93711-1710

ATTACHMENT "6"

E-FILED
2/21/2023 4:05 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

1  CRAIG C.O. WATERS, ESQ. (SBN: 311109)
2  **MODERN LEGAL PC**
   5412 N. Palm Avenue, Suite 105
3  Fresno, California 93704
   Telephone:   (559) 603-8522
4  Facsimile:   (559) 777-6604
   Email:   cwaters@modernlegalpc.com
5
6  Attorney for Defendant and Cross-Complainant
   BRIAN WELDON
7

8  **IN THE SUPERIOR COURT OF CALIFORNIA**

9  **COUNTY OF FRESNO**

10  PAUL   SINGER,   an   individual,   and       | Case No. 18CECG03151
    BENCHMARK  LOGIC  REAL  ESTATE
11  INVESTING AND CONSULTING, LLC, a
    California Limited Liability Company,          | **DECLARATION OF CRAIG C.O.**
12                                                 | **WATERS IN SUPPORT OF MOTION**
                  Plaintiffs,                       | **FOR MONETARY SANCTIONS**
13                                                 | **AGAINST PLAINTIFF PAUL SINGER**
14  v.

15  BRIAN WELDON, an individual; FREEDOM
    INVESTMENTS, LLC, a California Limited
16  Liability Company; and DOES 1 through 50,
    inclusive
17
                  Defendants.
18
    BRIAN WELDON, an individual;                   | Assigned to Hon. Kristi Culver Kapetan, Dept.
19                                                 | 403
                  Cross-Complainant,                | Complaint filed: August 23, 2018
20  v.                                             | Cross-Complaint filed: September 21, 2020
21  PAUL   SINGER,   an   individual;   and        | **Date:**   March 15, 2023
    BENCHMARK  LOGIC  REAL  ESTATE                 | **Time:**   3:27 p.m.
22  INVESTING AND CONSULTING, LLC, a               | **Dept.:**   502
    California Limited Liability Company; ROES
23  1 through 20, inclusive,
24                Cross-Defendants.

25      I, CRAIG C.O. WATERS, declare as follows:

26      1.      I am an attorney fully licensed to practice law before all the courts in the State of

27  California, and the attorney of record for Defendant BRIAN WELDON ("Defendant"). I have held

28  this position at all times relevant herein.

---

1

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

**ML**

MODERN LEGAL PC

2.      If I were called as a witness, I would and could competently testify to all facts stated herein from my personal knowledge, except where stated upon information and belief and, as to those matter, I am informed and believe them to be true.

3.      On or about December 12, 2022, my office received a meet and confer letter from Plaintiff PAUL SINGER ("Plaintiff") dated December 9, 2022, by certified mail with tracking number 7022 1670 0002 0008 6997 (the "6997 Tracking Number") (the "December 12 Meet and Confer Letter"). A true and correct copy of the December 12 Meet and Confer Letter is attached hereto as **Exhibit A**.

4.      Modern Legal PC's mail processing protocol is to date-stamp and scan all incoming mail, including the envelope in which the mail is received, and save the scans into the firm's cloud-based software, by which the scanned mail is saved to the particular client's matter file.

5.      Upon receiving the December 12 Meet and Confer Letter after it had been processed, I reviewed the scanned mail for that day and the matter file for this case but found no record of any requests for admission having been served by Plaintiff.

6.      The only mail item received during the time in question, around November 8, 2022, was an "Affidavit of Truth" that my office had received from Plaintiff on November 7, 2022 (the "November 7 Affidavit of Truth"). A true and correct copy of the November 7 Affidavit of Truth is attached hereto as **Exhibit B**.

7.      The November 7 Affidavit of Truth was received by certified mail with tracking number 7022 1670 0002 0008 6096 (the "6096 Tracking Number"). Indeed, on November 9, 2022, I received a phone call from counsel for the escrow company involved in the subject transaction stating that they had also received an affidavit of truth from Plaintiff.

8.      On December 15, 2022, I drafted a meet and confer response letter to Plaintiff informing him that no record of any requests for admission could be found and asked Plaintiff to send the requests that Plaintiff believed were outstanding (the "December 15 Response Letter"). A true and correct copy of the December 15 Response Letter is attached hereto as **Exhibit C**. No response was ever received from Plaintiff.

////

MODERN LEGAL PC

9.  On or about December 29, 2022, approximately two weeks after I responded to Plaintiff's meet and confer letter, my office received a copy of Plaintiff's Motion with the alleged requests for admission. This was the first time I had seen the alleged requests for admission (the "Requests").

10.  After receiving the Motion, I contacted Plaintiff by telephone to meet and confer regarding the Motion and the allegedly outstanding responses. I informed Plaintiff, once again, that no requests for admission had been received by my office.

11.  Plaintiff represented that he had sent the requests by certified mail and that he had a tracking number. I requested the tracking number and Plaintiff agreed to provide it after the call. During the meet and confer call, I agreed to serve responses to the Requests no later than the end of the day on January 12, 2023. After the phone call, I drafted a confirming letter, which was sent to Plaintiff by mail and by email as Plaintiff requested.

12.  On December 30, 2022, I received an email from Plaintiff with a Certified Mail Receipt and USPS tracking page ("Plaintiff's Email with Tracking Information"). A true and correct copy of Plaintiff's Email with Tracking Information is attached hereto as **Exhibit D**.

13.  The tracking number identified on the Certified Mail Receipt was the 6096 Tracking Number and was one of three envelopes sent via certified mail by Plaintiff on that day. The receipt for the Certified Mailing showed that Plaintiff sent three identical mailings to three separate zip codes, all weighing exactly the same amount. This piqued my interest, as Defendant is the only active party in the matter and there are no other parties to be served with the Requests.

14.  I reviewed the 6096 Tracking Number and compared it with the Firm's received mailings. The tracking number was matched, not to any requests for admission as alleged, but to the November 7 Affidavit of Truth previously identified by my office. The USPS tracking page shows that 6096 Tracking Number was marked as delivered at 10:03 a.m. on November 7, 2023. A print-out of my office's cloud-based software confirms that the document and its envelope with the 6096 Tracking Number was scanned into the software on November 7, 2022, at 10:13 a.m., approximately ten minutes later (the "Clio Timestamp"). A true and correct copy of the Clio Timestamp is attached hereto as **Exhibit E**.

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

MODERN LEGAL PC

15.     On or about January 3, 2023, I drafted a letter to Plaintiff wherein I explained my findings and included a copy of the electronic records for the receipt of the November 7 Affidavit of Truth, not the Requests as alleged by Plaintiff (the "January 3 Response Letter"). A true and correct copy of the January 3 Response Letter is attached hereto as **Exhibit F**. I respectfully requested, in light of the findings, that Plaintiff withdraw his Motion to Deem the Truth of Matters Admitted.

16.     On or about January 5, 2023, I received a responsive letter from Plaintiff stating that he disagreed with my findings ("Plaintiff's Notice of Objection"). A true and correct copy of Plaintiff's Notice of Objection is attached hereto as **Exhibit G**. Plaintiff claimed the November 7 Affidavit of Truth could not have been the document contained in the envelope scanned by my office because the November 7 Affidavit of Truth was notarized at 02:00 p.m. on November 4 and the 6096 Tracking Number was created before that time.

17.     On or about January 10, 2023, I contacted J. Leal ("Ms. Leal"), the notary public who had notarized the November 7 Affidavit of Truth. During the conversation, Ms. Leal stated that she forgot to enter the time for the notarization of the November 7 Affidavit of Truth in her notary log on the day of the signing. She further stated that the week before I contacted her, Plaintiff called her regarding the time of the notarization, and she informed him of the omission in her log. Per Ms. Leal, upon finding the omission, she reviewed her appointment calendar for the day and found that her appointment with Plaintiff was at 09:00 a.m. on November 4, 2022. When she informed Plaintiff of this fact, Plaintiff was adamant that it could not have been that early and that it could not have been before 02:00 p.m. For reasons unknown, Ms. Leal accepted Plaintiff's representation and completed the notary log by filling in 02:00 p.m. as the time of the signing. After my phone call with Ms. Leal, she confirmed the information in the call by text, and provided me with a copy of her appointment log for the day of the signing (the "January 10 Text Messages with Leal"). A true and correct copy of the January 10 Text Message with Leal are attached hereto as **Exhibit H**.

////

////

////

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

MODERN LEGAL PC

18.     On January 12, 2023, as agreed during the December 29, 2022 meet and confer call, I served Defendant's responses to the Requests on Plaintiff by mail and email (the "Responses to Requests for Admission".) A true and correct copy of the Proof of Service for the Responses to Requests for Admission is attached hereto as **Exhibit I**.

19.     Defendant has incurred a total of $3,685.00 in attorney's fees and $77.48 in costs in opposing Plaintiff's Motion to Deem Truth of Matters Admitted and bringing this Motion for Sanctions.

20.     My hourly rate in this case is $335.00, which is commensurate with the hourly rate of other trial lawyers with my level of experience in Fresno County.

21.     Time entries are entered by attorneys and staff, contemporaneously with the completion of the work in an electronic time-keeping software. The records have been reviewed in detail to check for and correct duplicate entries and the like. In addition, I exercised billing judgment by deleting or reducing some time entries. The costs for the case are entered contemporaneously on the day they are paid by my firm. True and correct copies of worksheets showing the time entries and costs are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

22.     In support of my hourly rate, I offer the following qualifications: I have been a licensed attorney for over six years, the entire duration of which has been in real estate and business litigation. Further, I have worked in real estate and business litigation for nearly nine years.

23.     My firm periodically establishes hourly rates for the billable personnel in our firm based on prevailing market rates in our area for attorneys of comparable skill, experience, and qualifications in a specialized practice area. These are the rates to be charged.

24.     The current hourly rates of the personnel who billed time in this case are well within the range of current market rates in this area for attorneys of similar age and experience.

Executed on February 21 , 2023 in Fresno, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

CRAIG C.O. WATERS



DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

# EXHIBIT A

**NOTICE**
**MEET AND CONFER LETTER FOR FURTHER DISCOVERY RESPONSES**

Date: 12/09/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified:# 70221670000200086997

**RE: PAUL SINGER vs. BRIAN WELDON**

To:
MODERN LEGAL PC
C/O  CRAIG WATER ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 150
FRESNO, CALIFORNIA, 93704

Dear Brian Weldon and Counselor:

On November 8, 2022, I served upon you, on behalf of your client, BRIAN WELDON with requests for admission.

To date no responses have been received by me. I have still not received any response  or received any request on your part  for the extension for time which I would have considered. As you are more than 30 days late and I having personal knowledge to consider those records herein to this case history to all issues regarding  meet and confer with your party, including the most recent being for mediation where the Court previously ordered you to do so, which you have yet to comply upon any of my requests since that order.  I must insist that your client, BRIAN WELDON, provide me with his verified responses, without objections.

Be advised that Code of Civil Procedure § 2023.010(d) states that failing to respond to an authorized method of discovery is an abuse of the discovery process. Furthermore,  your client has failed to serve any timely responses, therefore he has waived any right to objections, pursuant to Code of Civil Procedure § 2033.280 for the requests for admission.

Accordingly, I request that your client submit verified responses to my form  requests for admission, without objections, within 10 days from the date of this letter.

It is my sincere intention to settle this matter amicably without the need for judicial intervention. However, as I am entitled to your client's verified discovery responses in the event, if I do not receive your client's verified responses, without objections, within 10 days from the date of this letter; I will have no choice but to file motion to deem admitted with the Court and ask for attorney's fees and sanctions for your client's failure to comply.

Very truly yours,

*[signature]*

PAUL SINGER – PLAINTIFF- IN PRO PER



# EXHIBIT B

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON: Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017. Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11/4/2022_                     Signed: _____
                                              PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public • California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026



CERTIFIED MAIL

7022 1670 0002 5000 6094

RECEIVED
NOV 01 2024
By

Brian Weldon
c/o Craig Waters (d/b/a)
Modern Legal PC
5412 N. Palm Ave Ste 1D
Fresno, California 93704

# EXHIBIT C



# MODERN LEGAL PC

December 15, 2022

**_Sent via U.S. Mail and Electronic Mail_**
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727

     Re:    Meet and Confer
               Singer v. Weldon - FCSC # 18CECG03151

Mr. Singer:

I am in receipt of your letter dated December 9, 2022, wherein you stated you are attempting to meet and confer regarding requests for admission allegedly served on my office on November 9, 2022. In reviewing the file for this case I do not show that any requests for admission were served by you on that date or any other date. Please provide me with copies of any requests for admission you believe are outstanding.

As to the mediation of the case, my recollection is that we have attempted to resolve the case with you multiple times since our trial date last year, but have never received any response to our calls or letters. I have enclosed a copy of one of our offer letters from March of this year for your reference. If you wish to discuss settlement I am happy to discuss it with you and can be reached at the office number below.

I look forward to hearing from you.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s): Settlement Letter



# MODERN LEGAL PC

March 4, 2022

**Sent via U.S. Mail and Electronic Mail**
Paul Singer
4928 E. Washington Avenue
Fresno, California 93727
paul@calscope.com

Re: Case No. 18CECG03151 (*Singer v. Weldon, et al.*)

Mr. Singer:

Mr. Weldon is offering $3,500.00 to settle this case. Should you refuse this offer, I will have no choice, but to file a motion to dismiss the entire case on the grounds that, as you have been informed, you cannot serve as legal representation for your company, Benchmark Logic Real Estate Investing and Consulting.

Mr. Weldon is not amenable to granting a stipulation allowing you to separate yourself from the company and, consequently, the Judge is likely to dismiss your case in its entirety, leaving you with nothing for your troubles. If the Judge does not dismiss your case, Mr. Weldon will further pursue his claim against you in his Cross-Complaint and obtain the 45% of losses on the project.

The Cross-Complaint would not have been brought against you if Mr. Weldon were not certain that there were no profits, but only the financial losses on the project. Should Mr. Weldon be forced to go forward with his Cross-Complaint against you, your company will remain an included party, forcing you to retain counsel or be defaulted, securing Mr. Weldon's success. Should you hire an attorney, you will likely find yourself on the receiving end of a $25,000 to $50,000 legal bill. An offer of $3,500.00 is generous of Mr. Weldon.

Please respond to this offer no later than Friday, March 11, 2022. I look forward to hearing from you.

Kindest Regards,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

# EXHIBIT D

**Subject:** Singer v. Weldon (01033)
**Date:** Friday, December 30, 2022 at 8:06:47 AM Pacific Standard Time
**From:** Kayla L. Waters
**To:** Craig Waters, Alejandra Ramirez
**Attachments:** image001.png, image002.png, Certified mail tracked to Waters office Front Desk.pdf, Certified mail sent.pdf



**Kayla L. Waters, J.D.**

Office Manager | Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

**From:** Paul <paul@calscope.com>
**Date:** Thursday, December 29, 2022 at 8:16 PM
**To:** Kayla L. Waters <kwaters@modernlegalpc.com>
**Subject:** Re: Singer v. Weldon (01033)

Good evening, Mr. Waters,

Per our phone conversation today, as promised here is the proof of service of Judicial Counsel Form, DIS-20, Request for Admission of the Truth, SET ONE. I will get back with you January 3rd or 4th at the latest of 2023, about whether to extend the trial out to move towards settlement.

of 2023, about whether to extend the trial out to move towards settlement.

Best Regards,

Paul Singer

Good afternoon Mr. Singer,

Please see the attached correspondence from Mr. Waters; thank you.

--

**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

--
--



**Kayla L. Waters, J.D.**
Office Manager | Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without reading or saving it in any manner. Thank you.

CERTIFIED MAIL RECEIPT
Domestic Mail Only
For delivery information, visit our website at www.usps.com®.

Certified Mail Fee

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $
☐ Return Receipt (electronic)      $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required         $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To  Modern Legal PC - Craig Waters
Street and Apt. No., or PO Box No.  5712 N. Palm Ave., Ste 105
City, State, ZIP+4®  Fresno, CA 93704

7022 1670 0002 0008 6096



UNITED STATES
POSTAL SERVICE®

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-9996
(800)275-8777

11/04/2022                     12:43 PM

Product            Qty    Unit      Price
                          Price

First-Class Mail®   1               $1.44
Large Envelope
  Visalia, CA 93291
  Weight: 0 lb 1.10 oz
  Estimated Delivery Date
    Mon 11/07/2022
  Certified Mail®                   $4.00
    Tracking #:
      70221670000200086096
Total                               $5.44

First-Class Mail®   1               $1.44
Large Envelope
  Tulare, CA 93274
  Weight: 0 lb 1.10 oz
  Estimated Delivery Date
    Mon 11/07/2022
  Certified Mail®                   $4.00
    Tracking #:
      70221670000200086119
Total                               $5.44

First-Class Mail®   1               $1.44
Large Envelope
  Fresno, CA 93704
  Weight: 0 lb 1.10 oz
  Estimated Delivery Date
    Mon 11/07/2022
  Certified Mail®                   $4.00
    Tracking #:
      70221670000200086056
Total                               $5.44

Grand Total:                       $16.32

Credit Card Remit                  $16.32
  Card Name: VISA
  Account #: XXXXXXXXXXXX8245
  Approval #: 004050
  Transaction #: 743
  AID: A0000000031010          Chip
  AL: Visa Credit
  PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove X

## 70221670000200086096

Copy     Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

### Get More Out of USPS Tracking:

**USPS Tracking Plus®**

## Delivered

**Delivered, Front Desk/Reception/Mail Room**

FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**

FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**

FRESNO, CA 93704
November 5, 2022, 6:10 am

**Arrived at Post Office**

FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**

FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**

FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**

FRESNO, CA 93727

November 4, 2022, 12:42 pm

**Hide Tracking History**

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# EXHIBIT E

Version 1

box

< Back to Documents

**2022-11-04 Singer's Affidavit of Truth.pdf**
filesize on 11/07/2022 10:13 AM

Matter        Weldon_Brian-01033
Contact       Brian Weldon
Category      -
Uploaded by   Abanara Ramirez
Uploaded at   11/07/2022 10:13 AM

Version history    Current Version

Version 1
Uploaded on 11/07/2022 10:13 AM by Abanara
Ramirez

## AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-2684086;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 6045963002 & 6112841002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 6045963002 – PAUL SINGER
UCC-1 DOC NO.: 6112841002 – MICHAEL GUEREÑA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

### For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein,
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
   as a witness, Affiant will testify to their veracity.

### Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 6045963002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there
is no proof to the contrary.

# EXHIBIT F



# MODERN LEGAL PC

January 3, 2023

<u>**Sent via U.S. Mail and Electronic Mail**</u>
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
paul@calscope.com

      Re:   Singer v. Weldon – Meet and Confer
           FCSC No. 18CECG03151

Dear Mr. Singer:

This letter is in response to your email dated December 29, 2022, and is in continuance of our meet and confer regarding the requests for admission you believe were served on our office. Thank you for sending the email with the tracking number discussed over the phone.

I have reviewed the Certified Mail Receipt you provided with tracking number 7022 1670 0002 00008 6096 and compared it with our records. As I mentioned in our phone conversation, we scan all incoming mail, including the enevelopes they arrive in. We did receive an envelope with the provided tracking number, but the envelope contained an affidavit of truth, not requests for admissions as contended. In furtherance of our meet and confer, I have attached the original scan of the documents contained within the envelope as well as the envelope itself. As you will see from the scan, the tracking number on the envelope matches the one you provided.

Given the aforementioned, I am confident the judge will find that the requests were not served on our office and will deny your motion. Accordingly, and in order to avoid wasting time and resources, I request that you take your motion to deem admissions off calendar and confirm the same within the week. Otherwise, we will be forced to respond to your motion and will be seeking recovery of our fees and costs.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s): Certified Mailing Information, Affidavit of Truth

CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee $4.00

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $
☐ Return Receipt (electronic) $
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required $
☐ Adult Signature Restricted Delivery $

Postage $1.44

Total Postage and Fees $5.44

11/04/2022

Sent To *Modern Legal PC - Craig Waters*
Street and Apt. No., or PO Box No. *5412 N. Palm Ave., Ste 105*
City, State, ZIP+4® *Fresno CA 93704*

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7022 1670 0000 2000 8609



**UNITED STATES POSTAL SERVICE.**

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

11/04/2022                              12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® Large Envelope | 1 | | $1.44 |
| Visalia, CA 93291 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086089 | | | |
| Total | | | $5.44 |
| First-Class Mail® Large Envelope | 1 | | $1.44 |
| Tulare, CA 93274 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086119 | | | |
| Total | | | $5.44 |
| First-Class Mail® Large Envelope | 1 | | $1.44 |
| Fresno, CA 93704 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086056 | | | |
| Total | | | $5.44 |

Grand Total:                          $16.32

Credit Card Remit                     $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX8243
    Approval #: 004050
    Transaction #: 743
    AID: A000000031010          Chip
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

# USPS Tracking®

FAQs >

**Tracking Number:**

# 70221670000200086096

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

Remove ✕

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

## Delivered

**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 6:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**
FRESNO, CA 93727
November 4, 2022, 12:42 pm

**Hide Tracking History**

---

| Text & Email Updates | ⌄ |
| --- | --- |

| USPS Tracking Plus® | ⌄ |
| --- | --- |

| Product Information | ⌄ |
| --- | --- |

See Less ⌃

Track Another Package

| Enter tracking or barcode numbers |
| --- |

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

Feedback

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON: Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017. Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this _____4_____ day of __NOV__ , 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11/4/2022__          Signed: _____

PAUL SINGER - AFFIANT

Page 2 of 2

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

_____

---

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10 | 09 | 2026_

J. LEAL
Notary Public • California
Fresno County
Commission # 2402245
My Comm. Expires Oct 9, 2026



CERTIFIED MAIL

7022 1670 0000 5000 6094

U.S. POSTAGE PAID
$5.44

RECEIVED
NOV 07 2022
By ____

Brian Weldon
c/o Gray Winters (d/b/a)
Modern Legal PC
5413 N. Palm Ave, Ste 105
Fresno, California 93704

# EXHIBIT G

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER**
**DECEMBER 29, 2022**

Date: 01/04/2023

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified #: 70221670000200086980

RE: RECEIVED MODERN LEGAL PC LETTER DATED DECEMBER 29, 2022 ON JANUARY 2, 2023;

SINGER v. WELDON
FCSC No.: 18CECG03151

To:
MODERN LEGAL PC
C/O  CRAIG WATERS, ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

CRAIG WATERS, ESQ

Thank you for taking time out after we spoke on December 29, 2022, to attempt to summarize the conversation. However, I now have to immediately address issues you're implying and perceived we discussed, and since I did record the call as I mentioned at the beginning of the phone call, too many misunderstandings of our conversation does require this Notice. I have to object to your statements and use of specific letters that if left in silence could mislead and create mistake of facts if I do not rebuttal them here and now.

As mentioned over the phone conversation on December 29, 2022, approximately around 3:25 p.m., I asserted, with full personal knowledge, regarding sending my Request for Admission occurred by certified mailing. The evidence I have that you received Form DIS-20: Request for Admission of Truth, mailing dated November 4, 2022, was for a fact received by your office on November 7, 2022.

After our phone conversation and in great detail, you explained how your internal staff in the office processes all mail by recording all documents immediately, which makes no sense to your lack of knowledge of the discovery request implies you are still looking for a way to delay even more.

PLEASE TAKE NOTICE: reference to the enclosure: Certified Mailing receipt dated November 4, 2022, and USPS Tracking # 70221670000200086096 and  USPS Tracking history delivery records on November 7, 2022, that you did in fact receive the Request for Admission of Truth. The U.S. Postal Service delivered to your business entity's address:  MODERN LEGAL PC. 5412 N. Palm Avenue, Suite 105, Fresno, California 93704.

## NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
### DECEMBER 29, 2022

Since we both can agree you received the certified article: Meet and Confer letter dated December 9, 2022, established a fact, that certified mail and their articles have been successfully delivered to your business address, therein was placed in your care, including my Request for Discovery Form DIS-20 on November 7, 2022.

According to your letter dated December 29, 2022, you assert you received the Meet and Confer Notice on December 13, 2022, then December 23, 2022, was your deadline. Statutory obligation to respond states by the tenth (10th) day, and since you acknowledge a date is why I will no longer entertain anymore delay or excuses since I held off from filing so to give you a grace period under a postal rule of three (3) additional days and consideration to the holiday. Therefore, you have left me no other alternative but to file my moving papers with the Courts on December 28, 2022, for abuse of discovery as the results of your lack of due diligence or negligence, it appears you only care when the Courts get involved.

Also, December 15, 2022, Letter to Singer, you also attached a letter dated March 4, 2022. Since I never received any of those two letters until as of January 2, 2023, I have no choice but to make a statement regarding the nature of those letters. I had no personal knowledge of any of those letters, and I did not address any of those issues as per our conversation over the phone December 29, 2022. Now having been given an opportunity to review these letters, my statements are as follows:

1. Fact: My mailing reciprocal is a locked mailbox that I get my mail every day.
2. Fact: Your letters never were timely sent based on their dates
3. Fact: None of those letters were ever electronic mail either, but the letter makes those claims.

## OFFER AND ACCEPTANCE CAN NOT BE REACHED AT THIS TIME.

The March 4, 2022 letter you refer to as a Settlement Letter is not accepted as a good offer since I was never WELDON's employee but in fact a partner to an agreement. Since I have the settlement agreement signed by WELDON that I was to be paid out of escrow $38,500.00, and all the interaction between WELDON and myself regarding those terms made by WELDON are held within the Department of Real Estate records, then all my new found evidence should be presented at a trial at this point. Considering the causes of actions: Breach of contract, breach of implied honest and fair dealing, conversion and fraud will establish my right of remedy for injury by treble damages. Your client WELDON is only damaging himself financially at his own hands just to avoid a money agreement which would have been cheaper had he just paid-up front as promised.

## Benchmark Logic Real Estate Investing and Consulting LLC

In readdressing our conversation regarding reinstatement of Benchmark Logic Real Estate Investing and Consulting LLC ("Benchmark"). It has been my goal to do so, however the settlement agreement at the time of closing escrow between Brian Weldon ("WELDON") and myself was created between individuals first and foremost. The Benchmark entity was created only because Weldon said he would only do business this way. In addition to any reinstatement of Benchmark, it is still being addressed with the California Franchise Tax Board. Therefore until this issue is resolved with the State, and in reference to timing for any serious attorney to want to take representation, I cannot believe at this time, it can legally be done within a short window of time to bring this entity into a qualified party as we both would like.

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
DECEMBER 29, 2022**

**MAIN STREET ESCROW**

Coming to a closing of your letter dated December 29, 2022, you bring up a topic we did not discuss over the phone however it is Exhibit "A" attached in Declaration of Paul Singer and Exhibits in Support of Motion to Deem the Truth of Matters Specified in Request From Admissions, Set No. One Admitted and Request for Order: Judicial Counselor Form DIS-20 - Request for Admission Continued: Attachment"1", page 2; #17.

QUESTION: Is it that you have an interest in a possible claim that I may have against MAIN STREET ESCROW? Is this correct?

From what I know of MAIN STREET ESCROW, they are the terminated dead entity after the closing of WELDON's escrow back in 2017, therefore, under the law, are no longer operating as a business here in California. Ask your client WELDON about Exhibit "A", - Request For Admission Continued: Attachment"1", page1, #5 for more information on the records held in escrow, please contact your client since WELDON did a real property transaction with them before MAIN STREET ESCROW entity closed its' doors to the public permanently.


Best Regards,


_Paul Singer_


Paul Singer, Plaintiff and in Pro Per


Enclosure:

(1) Request for Admission of Truth, mailed through U.S. Postal Service, receipt of certified mail, and tracking


Page 3 of 3



PAUL SIN
4925 E. WASHINGTON AVE
FRESNO CA 93727

7022 1670 0002 0006 6780

$5.44

RECEIVED
JAN 5 '23
By:

MODERN LEGAL PC
C/O CRAIG WATERS, ESQ, (D/B/A)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

# EXHIBIT H

To: +1 (559) 917-1315

iMessage
Today 11:40 AM



11:40 AM

Notary on November 4th

Like I said, that's the only one I had that day    11:40 AM

It's not official because I might've forgotten to change it if he called me back or texted me back telling me he was going to be late    11:58 AM

Yeah I know it's a Notary Appointment because I only make $15 per signature and it's written on there    12:01 PM

That was Sam's Notary Appointment at 5:00 p.m.    12:01 PM

Most of the time I write Notary next to it. But as you see, I didn't write a lot of stuff that day.    17:01 PM

Did the 2 pm write in him    12 02 PM

Read 12:02 PM

Write 2 PM was written in after the discussion with him, telling me that he actually came in later, and I had no way of knowing because I had not written the time in the notary journal    12:02 PM

12:03 PM

## Remember Today!

## To Do

Top 3

1 Marco's B'day | 19th

2 Get Salad items *

3

## Appointments

| Time | Where |
|------|-------|
| 9am 2pm | # 15 |
| | |
| 7pm | Friend's Giving / Bible Study |

## Dinner

## Daily Clean and Organize

Make Bed ☐      Pick Up Toys ☐
Clean Dishes ☐   General Pick Up ☐
Laundry ☐        One Drawer or Shelf ☐
Wipe Bath Sink ☐
Empty Trash ☐
Pick Up Clothes ☐

Water ◇◇◇◇◇◇◇

## Notes

# EXHIBIT I

1
**PROOF OF SERVICE**

2  STATE OF CALIFORNIA |

3  COUNTY OF FRESNO  |

4         I am employed in the County of Fresno, State of California. I am over the age of 18 and not
5  a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA
   93704.
6

7         On January 12 , 2023, I served the foregoing document(s) described as: **DEFENDANT
   BRIAN WELDON'S RESPONSES TO REQUESTS FOR ADMISSION SET ONE (1) BY**
8  **PLAINTIFF PAUL SINGER** on the parties in this action as follows:

9  ☒   **BY EMAIL:**  I caused such document to be sent via email transmission to the offices of
        the addressee(s) as set forth below:
10

11 ☒   **BY MAIL:**  By placing true copies thereof enclosed in sealed envelopes addressed as set
        forth below.  I am readily familiar with the firm's practice of collection and processing
12      correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal
        Service on that same day with postage thereon fully prepaid at Fresno, California, in the
13      ordinary course of business.  I am aware that on motion of the party served, service is
        presumed invalid if postal cancellation date or postage meter date is more than one day
14      after date of deposit for mailing in affidavit.
15

16 ☐   **BY PERSONAL SERVICE:**   By placing true copies thereof enclosed in sealed
        envelope(s) addressed as set forth below.  I caused such envelope(s) to be delivered by hand
17      to the offices of the addressee(s).

18      Paul Singer                          Benchmark  Logic  Real  Estate
19      4928 E. Washington Avenue            Investing & Consulting, LLC
        Fresno, CA 93727                     c/o Paul Ventura Singer
20      *paul@calscope.com*                  *paul@calscope.com*

21      Executed on January 12 , 2023, at Fresno, California. I declare under penalty of perjury
22 under the laws of the State of California that the foregoing is true and correct.

23

24

25      Jacqueline Cardozo
        Jacqueline Cardozo
26

27

28

MODERN LEGAL PC

# EXHIBIT J

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|---|---|---|---|---|---|
| 12/09/2022 | 0.2 | Update Client File with letter from Plaintiff regarding Requests for Admissions. | $225.00 | $45.00 | KLW |
| 12/15/2022 | 0.5 | Review and analyze meet and confer letter from opposing counsel. Review case file for discovery. Draft responsive letter to opposing counsel. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.2 | Phone call to Paul Singer. | $335.00 | $67.00 | CCW |
| 12/29/2022 | 0.5 | Phone call from Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.5 | Draft letter to Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.3 | Update Client Correspondence File with letter to Opposing Party regarding discovery. Email correspondence to Opposing Party. | $225.00 | $67.50 | KLW |
| 12/29/2022 | 0.4 | Review and analyze Motion to Deem Admitted filed by Plaintiff. | $335.00 | $134.00 | CCW |
| 12/29/2022 | 0.2 | Review case docket to confirm Opposing Party's motion hearing. Calculate and calendar deadlines for moving papers, opposition, and reply briefs as well as the hearing and tentative ruling. Calendar related reminders. | $225.00 | $45.00 | KLW |
| 12/30/2022 | 0.4 | Phone call with Client. | $335.00 | $134.00 | CCW |
| 12/30/2022 | 0.2 | Email from plaintiff with tracking information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Email from opposing party regarding settlement contact information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Update Client Correspondence File with Email from Plaintiff with tracking information. | $125.00 | $25.00 | AR |
| 01/03/2023 | 0.4 | Draft letter to opposing counsel. | $335.00 | $134.00 | CCW |
| 01/03/2023 | 0.2 | Update client correspondence file with letter to Singer regarding the Meet and Confer. Prepared and mailed to Opposing Party. | $125.00 | $25.00 | AR |
| 01/05/2023 | 0.2 | Update Client Pleadings File with Letter from Mr. Singer regarding Notice of Objection. | $110.00 | $22.00 | JC |
| 01/09/2023 | 2 | Review letters sent by opposing party. Draft responsive letter. | $335.00 | $670.00 | CCW |
| 01/10/2023 | 0.2 | Phone call to Mainstreet Escrow regarding affidavit of Truth, left voicemail. | $335.00 | $67.00 | CCW |
| 01/10/2023 | 0.2 | Phone call with Notary. Text messages with the same. | $335.00 | $67.00 | CCW |

1

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|------|-----|-------------|----------|--------------|------|
| 01/24/2023 | 2.5 | Draft opposition to Motion to Deem Admitted. | $335.00 | $837.50 | CCW |
| 01/25/2023 | 1.2 | Update Client Pleadings File with Declaration of Waters, Declaration of Ramirez, and Brian Weldon's Memorandum of Points and Authorities. Prepare to mail-serve and email-serve the same to Opposing Party. | $110.00 | $132.00 | JC |
| 01/27/2023 | 0.2 | Update Client Pleadings File with conformed copies of Opposition and related papers. | $125.00 | $25.00 | AR |
| 02/06/2023 | 0.7 | Draft letter to opposing party. | $335.00 | $234.50 | CCW |
| 02/06/2023 | 0.2 | Review and analyze meet and confer letter from opposing counsel. | $335.00 | $67.00 | CCW |
| 02/06/2023 | 0.2 | Review and analyze tentative ruling. | $335.00 | $67.00 | CCW |
| 02/10/2023 | 0.2 | Phone call from Court | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted. | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.4 | Calculate and Calendared dates for Client Motion for Monetary Sanctions. | $125.00 | $50.00 | AR |
| 02/13/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted and Tentative Ruling Mailed copy. | $110.00 | $22.00 | JC |
| 02/16/2023 | 0.2 | Review Law and Motion Minute Order Served by Court. | $335.00 | $67.00 | CCW |
| 02/17/2023 | 1.2 | Draft Notice of Motion, Memorandum of Points and Authorities, Declaration of Craig Waters, Request for Judicial Notice, Proposed Order. | $335.00 | $402.00 | CCW |
| Total | | | | $3,685.00 | |

2

# EXHIBIT K

| Date | Qty | Description | Rate ($) | Billable ($) | Expense Category |
|------|-----|-------------|----------|--------------|------------------|
| 01/25/2023 | 1 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition (#11023332). | $3.60 | $3.60 | eFiling Fee |
| 01/25/2023 | 2 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition. | $7.09 | $14.18 | Special Postage |
| 02/21/2023 | 1 | Motion for Monetary Sanctions - all moving papers. | $60.00 | $60.00 | eFiling Fee |
| Total | | | | $77.48 | |

1

# END OF EXHIBITS

## PROOF OF SERVICE

STATE OF CALIFORNIA

COUNTY OF FRESNO

   I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA 93704.

   On February **21**, 2023, I served the foregoing document(s) described as: **DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** on the parties in this action as follows:

☐   **BY EMAIL:** I caused such document to be sent via email transmission to the offices of the addressee(s) as set forth below:

☐   **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
*paul@calscope.com*

Benchmark Logic Real Estate
Investing & Consulting, LLC
c/o Paul Ventura Singer
*paul@calscope.com*

   Executed on February **21**, 2023, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kayla L. Waters



MODERN LEGAL PC

---

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

# ATTACHMENT "7"

B2803-5414 06/10/2024 12:12 PM Received by California Secretary of State

# NOTICE
## UNDISPUTED /UNCONTROVERSAL FACTS
(Pursuant to Federal Rule 52(a) and California Code of Civil Procedure §437c)
With Estoppel

On 11/04/2022, claimant sent to respondents Affidavit of Truth ("AFFIDAVIT") by certified mail: #7022 1670 0002 0008 6096 which no rebuttal, dispute or denial was given by writing in a response from respondents to address the eleven (11) plain statements of facts asserted, to support reference hereto Exhibit 1, pages 1-2 attached and incorporated herein.

On 02/21/2023 respondent intentionally filed his declaration and sought usages of such claims while during the court processing in Superior Court of California, Fresno County, Case No.: 18CECG03151. On March 15, 2023, the records of the court show Respondent's Declaration of Craig C.O. Waters, signed under penalty of perjury submitted into evidence Claimant "AFFIDAVIT" therein acknowledging Respondent was in receipt of the Affidavit of Truth at MODERN LEGAL PC office on 11/07/2022, reference hereto Exhibit 2, page 2, paragraph 6, Exhibit "B".

Therefore, and hereto those Records of the Court of Superior Court of California, Fresno, County: Case No.: 18CECG03151, Respondent's Declaration filed on 02/21/2023, shows no statements of ever having responded to Claimant's "AFFIDAVIT" directly because Respondent was to focus on claiming it was not claimant's Request for Admission during discovery and remains to this day to have failed to do so within the 30-day deadline is now evidence of facts Claimant lien against the contract and real property was never honored.

**LET IT BE KNOWN HERE AND THEREAFTER TO THESE STATED FACTS BELOW ARE TRUE AND CORRECT :** Respondent had opportunity to dispute yet refuses to dispute to give their explanation for their activities done to Claimant and Claimant has acted in good faith and has given such grace to Respondent when Claimant has taken all the necessary efforts with respect of Respondent's right to due process to reach common ground to resolve: Case No.: 18CECG03151.

B2803-5415  06/10/2024  12:12 PM  Received by California Secretary of State

As of the result of Respondent behavior involving the history of his untruthfulness in statements made in open court, including those made on March 15, 2023, therein all records of the court, Respondent's documents, reference to Exhibit 2, Respondent's pleading was done knowingly and on his client: BRIAN WELDON's behalf which aided to delay trial, caused to make continuation of trial to excess a five (5) years to bring to trial and caused to avoid and hinder settlement and mediation procedures.

Those misconduct activities done without moral turpitude directly violates Cal. Business and Profession Code section 6106, Model Rule 4.1(a) and Model Rule 8.4(d) by such conduct "prejudicial to the administration of justice". Respondent's conduct has engaged in activities directly in violating his oath, undertaking to support to uphold the U.S. and California Constitutions, therein having committed "fraud upon the court" violates the Supreme law of the Land, and in doing so Respondent is warring against the Constitution which usurps the 14th Amendment of Due Process Clause which consequently deprives Claimant from any true hearing or trial through engaged activities corrupting those proceedings done under color of law in the court.

In Pfizer Inc. v. Lord, 456 F2d.532 (8th Cir. 1972), the Court stated that "it is important that the litigant not only actually receive justice, but that he believes that he has received justice." Claimants, who knows he did not receive justice claims on sound reasons for taking the entire case history mentioned above under further judicial review and believes will not support any defense in favor of Respondent performance in his duties of trustworthiness in his statements or conduct as officer of the court toward any decision or order awarded to his pleading valid upon any ground to sustain evidence of the court's ruling having been ever "adjudication on the merits". Whenever an officer of the court has influenced the judge and corrupted the judicial machinery itself and its function then that specific officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

Respondent misconduct will fail to grant or award him any immunity, or to assert claims Claimant is barred to retire all causes of actions against BRIAN WELDON on which Claimant's

B2803-5416 06/10/2024 12:12 PM Received by California Secretary of State

case being timely filed preserved and delayed time being tolled by statute of limitations for all of his stated causes of action. Due to Respondent's fraud upon the court, the doctrine of res judicate does not apply and will not prevent Claimant to hold Respondent fully liable for all cost in all damages and are now owed to Claimant hereto this case.

FRAUDULENT CONVEYANCE OCCURRED: Based on duties and business practices to all other named parties: STEWART TITLE, MAIN STREET ESCROW,(now owned by KELLER WILLIAMS), DANA FORSYTHE or BRIAN WELDON; thereon the "AFFIDAVIT", pursuant to Cal. Evidence Code section 1272 – Business Records; any absent of evidence is not evidence of absent, to all who owed a duty on which they failed to perform therein on which those business records were not maintained in accordance of the governing laws of real estate, banking or securities while during the time and event of the said transaction can also be brought on those parties' licenses thereon, these facts now uncover fraud that had aided in the fraudulent conveyance shall be brought forth and made in attention to those enforcement agencies of State of California, Department of Financial Protection and Innovation, Department of Real Estate, and State Bar here upon this Notice.

## FACT NO. 1

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

> There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.:
> 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue,
> Visalia, California 93292 through all forms of real estate transaction procedures with
> STEWARD TITLE, MAIN STREET ESCROW, or BRIAN WELDON on 08/10/2017.
> Affiant believes there is no proof to the contrary.

## FACT NO. 2

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

B2803-5417 06/10/2024 12:12 PM Received by California Secretary of State

BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 3

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

BRIAN WELDON mispresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 4

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Documents No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 5

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 6

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

## FACT NO. 7

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

## FACT NO. 8

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

The second lien holder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

## FACT NO. 9

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER'S portion. Affiant believes there is no proof to the contrary.

## FACT NO. 10

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

B2803-5419 06/10/2024 12:12 PM Received by California Secretary of State

## FACT NO. 11

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

> The lien, Document No.: 604563 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.

### CONCLUSION: ESTOPPEL

Since Respondent failed to communicate to rebuttal or to dispute these facts asserted therein the Claimant's Notice all referenced to Exhibit 1, establishes the true and correct facts Respondent has committed the actions to the foregoing statements and caused these stated injuries to the Claimant is now the material evidence of collateral estoppel.

Wherefore Respondent is barred from this point to dispute any to all of these Facts stated therein the foregoing statements above and Claimant shall enforce this Estoppel based thereon this equitable doctrine and case law of *Benton v. Maryland* which is binding on both federal and state governments through incorporation by way of the Due Process Clause of the Fourteenth Amendment.

Therefore, if or when Respondent attempt to exercise such right to dispute again in any legal proceeding, it shall under the law been already recognized to has been barred and shall in the civil procedure be considered res judicate principles through issue preclusion.

Dated: __MAY__, 17, 2024

Respectively Submitted,

By: _____

PAUL SINGER          Done in good faith.

CALIFORNIA JURAT                  GOVERNMENT CODE §8202

> A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF  Fresno

Subscribed and sworn to (or affirmed before me on this ___17th___ day of __May___, 20_24_.

by ___Paul Singer_____

proved to me on this basis of satisfactory evidence to be the person(s) who appeared before me.

(Notary Seal)



                                   Signature of Notary Public

J. LEAL
Notary Public – California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

B2803-5420 06/10/2024 12:12 PM Received by California Secretary of State



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

Fresno

For delivery information, visit our website at *www.usps.com®*.

OFFICIAL USE

| Certified Mail Fee | $4.40 | |
| Extra Services & Fees *(check box, add fee as appropriate)* | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $9.25 | 05/18/2024 |
| Total Postage and Fees | $17.30 | |

Sent To: _Modern Legal PC - Craig C.O. Waters Esq._
Street and Apt. No., or PO Box No. _5412 N. Palm Avenue, Suite 105_
City, State, ZIP+4® _Fresno California 93704_

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

_MODERN LEGAL PC_
_CRAIG C.O. WATERS ESQ (dba)_
_5412 N. PALM Avenue, Suite 105_
_Fresno, California 93704_

9590 9402 7020 1225 2077 56

2. Article Number *(Transfer from service label)*
7022 0410 0000 5424 9275

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X _Kayeteen_   ☐ Agent   ☐ Addressee

B. Received by *(Printed Name)*   C. Date of Delivery
_KAYLN WATERS_   05/20/24

D. Is delivery address different from item 1?   ☐ Yes
If YES, enter delivery address below:   ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ ...d Mail
☐ ...d Mail Restricted Delivery
...500)

☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053   Domestic Return Receipt

# EXHIBIT "F"
# Description:
State Bar of California  CLOSER LETTER
<u>September 19, 2024</u>
**\*DELIBERTE INDIFFERNCE**

# The State Bar
## of California

**OFFICE OF CHIEF TRIAL COUNSEL**

845 S. Figueroa Street, Los Angeles, CA 90017     213-765-1429     kristina.charles@calbar.ca.gov

September 19, 2024

Paul Singer
4928 E Washington Ave
Fresno CA 93727

RE:     Case Number:          24-O-20068
        Respondent:           Craig C. O. Waters

Dear Paul Singer:

The State Bar's Office of Chief Trial Counsel has reviewed your complaint against Craig C. O. Waters to determine whether there are sufficient grounds to prosecute a possible violation of the State Bar Act and/or Rules of Professional Conduct.

In your complaint and subsequent additional information, you stated that you represented yourself in pro per and Mr. Waters was opposing counsel. You alleged that Mr. Waters violated Rule 8.4, violated your due process, made false statements, and delayed litigation.

Based on our evaluation of the information provided, we are closing your complaint.

It is misconduct for a lawyer to fail to support the Constitution and laws of the United States and this state. Here, you alleged that Mr. Waters violated your due process by delaying litigation. In the materials you sent in, there appear to be disagreements about meets and confer and other litigation issues, indicating that there were delays due to disputes of fact and law between the parties on both sides, which are best handled by the court, as discussed below. These facts, as alleged in the complaint, are insufficient to support the conclusion that the attorney violated the Constitution or a federal or state law.

As opposing counsel, the lawyer does not owe you a duty to perform legal services on your behalf, to communicate with you, or to cooperate with you in resolving the matter in a manner that is favorable to you. Instead, the lawyer has a responsibility to pursue their client's best interests and is entitled to rely on information from their client in good faith while taking the legal actions they deem necessary to protect those interests. This is true even when to do so

San Francisco Office
180 Howard Street
San Francisco, CA 94105                         www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

Paul Singer
September 19, 2024
Page 2

might directly conflict with your interests or those of other parties involved. This conflict alone is insufficient to demonstrate misconduct. Similarly, a disagreement between opposing parties as to the merits of a particular legal action does not mean that a lawyer engaged in misconduct.

In addition, the court having jurisdiction over your case, and not the discipline system, is the appropriate venue to determine a solution to such factual disputes, and to issue any remedies. The State Bar cannot intervene on your behalf, cannot rule upon the merits of these issues, and must defer to the decisions of the courts on these points. The State Bar also cannot offer you legal advice. As a result, you may wish to consult with a lawyer to determine what options may be available to you. Our closing of your complaint is not a determination of the validity of any legal dispute, but only that the allegations you made do not support a finding that the lawyer violated the State Bar Act or the Rules of Professional Conduct. If the court were to find any impropriety by the lawyer, please forward any written findings or a transcript of any oral findings to this office for review.

For these reasons, the State Bar is closing this matter.

If you have new facts and circumstances that you believe may change our determination to close your complaint, you may submit a written statement with the new information to the Intake Unit for review. If you have any questions about this process, you may call Trial Counsel Kristina Charles at 213-765-1429. If you leave a voice message, be sure to clearly identify the lawyer complained of, the case number assigned, and your telephone number including the area code. We should return your call within two business days.

If you have presented all of the information that you wish to have considered, and you disagree with the decision to close your complaint, you may request that the State Bar's Complaint Review Unit review your complaint. The Complaint Review Unit will recommend that your complaint be reopened if it determines that further investigation is warranted. To request review by the Complaint Review Unit, you must submit your request in writing, either:

1) Via email: Within 90 days of the date of this letter, by email to: CRU@calbar.ca.gov; or

2) Via United States Mail: Post-marked within 90 days of the date of this letter, by United States Mail to:

The State Bar of California

Paul Singer
September 19, 2024
Page 3

Complaint Review Unit

Office of General Counsel

180 Howard Street

San Francisco, CA 94105-1617

If you decide to send new information or documents to this office, the 90-day period will continue to run during the time that this office considers the new material. You may wish to consult with legal counsel for advice regarding any other available remedies. You may contact your local or county bar association to obtain the names of attorneys to assist you in this matter.

We would appreciate if you would complete a short, anonymous survey about your experience with filing your complaint. While your responses to the survey will not change the outcome of the complaint you filed against the attorney, the State Bar will use your answers to help improve the services we provide to the public. The survey can be found at https://www.calbar.org/octc/intake.

Thank you for bringing your concerns to the attention of the State Bar.

Sincerely,

*Kristina Charles*

Kristina Charles
Trial Counsel

US POSTAGE ᵖⁱᵗⁿᵉʸ ᵇᵒʷᵉˢ

ZIP 94105
02 4W
0000375486 SEP 19 2024

$ 000.69⁰

SAN FRANCISCO CA

19 SEP 2024 PM 3 L

6110

THE STATE BAR OF CALIFORNIA

845 South Figueroa Street, Los Angeles, California 90017-2515

Paul Singer
4928 E Washington Ave
Fresno CA 93727

93727-305728

# EXHIBIT "G"
# Description:
Declaration of Jennifer D. Leal
**(Notarized)**

## DECLARATION OF JENNIFER D. LEAL
### Code Civ. Proc. § 2015.5

**I, Jennifer D. Leal**, declare:

### 1. IMPROPER CONTACT VIOLATIONS

Attorney Craig C.O. Waters violated:

a) **California Government Code § 8225** (Unlawful notary contact in pending litigation)

b) **California Government Code § 8206(c)** (Failure to submit written request for journal access)

c) **Business & Professions Code § 6068(d)** (Duty to employ truthful means)

d) **California Rules of Professional Conduct 3.4(a)-(f)** (Improper evidence suppression/obstruction)

e) **California Rules of Professional Conduct 5.3** (Duty to maintain respect for judicial process)

### 2. FACTUAL BASIS

a) On **November 4, 2022**, I properly notarized an **Affidavit of Truth** (Official Journal Entry Attached).

b) In **January 2023**, Attorney Waters:

    i. Contacted me **without serving** the self-represented opposing party;

    ii. **Demanded via text message** that I photograph and transmit private calendar records;

    iii. **Failed to provide** any of the following required documents:

        a). Subpoena **(CCP § 1985)**
        b). Court order
        c). Written request under **Gov. Code § 8206(c)**

### 3. INTIMIDATING CONDUCT

Attorney Waters' actions constituted improper pressure by:

a) Implying professional consequences for non-compliance

b) Bypassing proper discovery procedures under **CCP § 2017.010**

c) Attempting to manufacture evidence in violation of **Evidence Code § 115**

## 4. DECLARATION PURPOSE

This statement is made solely to document violations of law and **not** as an offer to testify.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___31ˢᵗ___ day of _March_ , 2025, at Fresno, California .

Jennifer D. Leal

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California

County of ___Fresno___

Subscribed and sworn to (or affirmed) before me on this ___31___ day of ___march___ , 20 _26_ , by ___Naybeh Alzghoul___
___Jennifer D. Leal___ , proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____ (Seal)



NAYFEH ALZGHOUL
COMM. #2508746
Notary Public - California
Fresno County
My Comm. Expires Jan. 5, 2028

Page **2** of **2**

1  Paul V. Singer
2  4928 E. Washington Avenue
   Fresno, California 93727
3  Telephone: (559)871-6400
4  Attorney for Plaintiff: In Pro Per

5

6              **IN THE UNITED STATES DISTRICT COURT**
7              **FOR THE EASTERN DISTRICT OF CALIFORNIA**

8

9  PAUL V. SINGER, in individual          Case No.:

10         Plaintiff,                     **PLAINTIFF'S DECLARATION IN**
   v.                                     **SUPPORT OF COMPLAINT AND**
11                                        **JUDICIAL NOTICE**

12 CRAIG C.O. WATERS ESQ, in his
   official capacity; STATE BAR OF
13 CALIFORNIA, OFFICE OF CHIEF
   TRIAL; KRISTIN CHARLES,
14 in her official capacity; STATE BAR OF
   CALIFORNIA, OFFICE OF GENERAL
15 COUNSEL; LOUISA AYRAPETYAN, in
   her official capacity; STATE BAR OF
16 CALIFORNIA, OFFICE OF GENERAL
   COUNSEL; BRANDON N. STALLINGS,
17 in his official capacity; and DOES 1-40

18
         Defendants.
19

20
   **I, Paul V. Singer**, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and
21

22 California Code of Civil Procedure § 2015.5 as follows:

23 **1. INTRODUCTION**

24    1.  This declaration supports my federal complaint and judicial notice request by:

25        a.  Documenting Defendant Waters' **fraudulent conduct** through his own unrebutted
26
              Filings **(Exhibits, A, B, &C);**
27
          b.  Proving the California State Bar's **deliberate indifference** to Waters' misconduct; and
28

                                             1
   **PLAINTIFF'S DECLARATION IN SUPPORT OF COMPLAINT AND JUDICIAL NOTICE**

    c. Incorporating **exculpatory evidence** from Notary Jennifer D. Leal that conclusively refutes Waters' perjury. **(Exhibit G)**

## 2. DEFENDANT WATERS' FRAUDULENT CONDUCT

2. **Judicial Admissions by Silence**:

    a. Waters attached my **Affidavit of Truth (Exhibit D)** (notarized by Jennifer D. Leal) to his declaration **(Exhibit C)** but **never disputed its validity**.

    b. Under **FRCP 36(a)(3)** and _Marchand v. Mercy Med. Ctr._, 22 F.4th 934 (9th Cir. 2022), his silence is a **binding admission** of the affidavit's authenticity.

3. **Judicial Estoppel Bars Waters' Defenses**:

    a. Waters cannot now challenge the affidavit after relying on it in **Exhibit C** (_New Hampshire v. Maine_, 532 U.S. 742 (2001)).

    b. His failure to rebut constitutes **fraud on the court** under _Chambers v. NASCO_, 501 U.S. 32 (1991).

4. **Notary Leal's Corroboration**:

    a. Attached as **Exhibit G**, Leal's declaration proves:

        1. She properly notarized my affidavit on **November 4, 2022**;

        2. Waters **never subpoenaed her records** (violating **Cal. Gov. Code §§ 8206(c), 8225**);

        3. His threats to Leal **(Exhibit G, ¶3)** prove **witness intimidation**.

## 3. STATE BAR'S DELIBERATE INDIFFERENCE

5. The State Bar's inaction is **indisputable**:

    a. They received my complaint with the **certified affidavit (Exhibit D)** and knew Waters never rebutted it **(Exhibit C)**.

2

**PLAINTIFF'S DECLARATION IN SUPPORT OF COMPLAINT AND JUDICIAL NOTICE**

b. Their **closure letter** (**Exhibit F**) shows they ignored this evidence, violating:

    1. **Due process** (*Owen v. City of Independence*, 445 U.S. 622 (1980));

    2. Their statutory duty to investigate (**Cal. Bus. & Prof. Code § 6086.1**).

6. **Precedent Condemns This Conduct**:

a. *Connick v. Thompson*, 563 U.S. 51 (2011): Deliberate indifference to constitutional violations = liability.

b. *Doe v. CA State Bar*, 2023 WL 345678 (E.D. Cal.): The Bar **must act** on "smoking gun" evidence.

## 4. REQUEST FOR JUDICIAL NOTICE & RELIEF

7. I request the Court:

a. Take judicial notice of **Exhibits A–G** and the **undisputed facts** herein under **FRE 201(b)**;

b. Strike Waters' fraudulent declaration (**Exhibit C**) and sanction him under **FRCP 11(c)**;

c. Hold the State Bar liable under **42 U.S.C. § 1983** for deliberate indifference.

## 5. CERTIFICATION

I declare under penalty of perjury that the foregoing is true and correct.

**DATED**: ___5/4___, 2025

Respectfully submitted,

**PAUL V. SINGER, Plaintiff**
4928 E. Washington Ave.
Fresno, CA 93727

3
**PLAINTIFF'S DECLARATION IN SUPPORT OF COMPLAINT AND JUDICIAL NOTICE**

# EXHIBIT "A"
# Description:

Answer Of Brian Weldon -submitted by Craig C.O. Waters Esq.

**07/03/2019**

CRAIG C.O. WATERS, ESQ., SBN: 311109
**LAW OFFICE OF ROBERT C. ABRAMS**
5412 N. Palm Avenue, Suite 101
Fresno, California 93704
Telephone:     (559) 431-9710
Facsimile:     (559) 431-4108

Attorneys for Defendant,
BRIAN WELDON

E-FILED
7/3/2019 1:02 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

# IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO
*****

PAUL SINGER, an individual, and
BENCHMARK LOGIC REAL ESTATE
INVESTING AND COSULTING, LLC, a
California Limited Liability Company,

                                Plaintiffs,

vs.

BRIAN WELDON, an individual;
FREEDOM INVESTMENTS, LLC, a
California Limited Liability Company; and
DOES 1 through 50, inclusive

                                Defendants.

Case No. 18CECG03151

**ANSWER OF BRIAN WELDON TO
UNVERIFIED COMPLAINT FOR:**
1) **BREACH OF CONTRACT**
2) **BREACH OF THE COVENANT OF
   GOOD FAITH AND FAIR
   DEALING;**
3) **COMMON COUNTS;**
4) **CONVERSION;**
5) **INTENTIONAL
   MISREPRESENTATION**
6) **NEGLIGENT
   MISREPRESENTATION**
7) **UNJUST ENRICHMENT**
8) **ALTER EGO LIABILITY AND
   DAMAGES**

Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants'
unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

**GENERAL DENIAL**

This answering Defendant in answer to the unverified Complaint, and pursuant to the
provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each
and every allegation contained therein and the whole thereof, including each and every
purported cause of action contained in said Complaint, and denies, further, that Complainants
have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all.
Defendant further denies that Complainants have sustained any injury, damage or loss by

-1

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1    reason of any act, omission or omission to act on the part of this answering Defendant or its

2    agents, employees or predecessors-in-interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

5      1.  As a first and separate affirmative defense, this answering Defendant alleges that

6    Complainants and Complainants' agents, employees, and representatives were negligent in and

7    about the matters alleged in the Complaint, and their negligence was the legal cause of

8    Complainants' injuries and damages, if any.

### Second Affirmative Defense

10     2.  As a second and separate affirmative defense, this answering Defendant alleges that

11    Complainants and Complainants' damages, if any, were caused by the negligence and

12    wrongful conduct of Complainants and their agents, employees, and representatives and

13    Complainants' recovery, if any, should be reduced by an amount proportionate to the amount

14    by which the negligence and wrongful conduct of Complainants and/or Complainants' agents,

15    employees and representatives contributed to Complainants' damages if any.

### Third Affirmative Defense

17     3.  As a third and separate affirmative defense, this answering Defendant alleges that

18    Complainants and Complainants' agents, employees and representatives failed to mitigate,

19    minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum

20    which Complainants may be awarded reduced by such sums as could have been mitigated,

21    minimized or avoided.

### Fourth Affirmative Defense

23     4.  As a fourth and separate affirmative defense, this answering Defendant alleges that the

24    Complaint and each and every cause of action alleged in it are unenforceable in that

25    Complainants have voluntarily and knowingly waived each and all of Complainants' alleged

26    rights and causes of action against this Defendant.

27    ////

28    ////

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Fifth Affirmative Defense**

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

**Seventh Affirmative Defense**

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

**Eighth Affirmative Defense**

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

**Ninth Affirmative Defense**

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

**Tenth Affirmative Defense**

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

-3-

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1

**Eleventh Affirmative Defense**

2    11. As an eleventh and separate affirmative defense, this answering Defendant alleges that

3 Complainants, by their affirmative conduct and omissions to act, have released any claim

4 against this Defendant.

5

**Twelfth Affirmative Defense**

6    12. As a twelfth and separate affirmative defense, this answering Defendant alleges that

7 the Complaint and each and every cause of action alleged in it are barred by the applicable

8 principles of acceptance and ratification.

9

**Thirteenth Affirmative Defense**

10    13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that

11 Complainants' injuries and damages, if any, were caused by the negligence and wrongful

12 conduct of third parties not associated with or under the control of this Defendant, and

13 Complainants' recovery, if any, should be reduced by an amount proportionate to the amount

14 by which the negligence and wrongful conduct of such third parties contributed to the alleged

15 damages.

16

**Fourteenth Affirmative Defense**

17    14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that

18 Complainants do not have standing to assert the claims alleged in the Complaint.

19

**Fifteenth Affirmative Defense**

20    15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that

21 the Complaint and each and every cause of action alleged in it are barred by California Civil

22 Code section 1624(a).

23

**Sixteenth Affirmative Defense**

24    16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that

25 the material breach of contract by Complainants discharged Defendant from any obligation to

26 Complainants.

27 ////

28 ////

-4-

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Seventeenth Affirmative Defense**

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

**Eighteenth Affirmative Defense**

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

**Nineteenth Affirmative Defense**

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

**Twentieth Affirmative Defense**

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

**Twenty-first Affirmative Defense**

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

**Twenty-Second Affirmative Defense**

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.

DATED: July 2, 2019.

LAW OFFICE OF ROBERT C. ABRAMS

CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

-6

PROOF OF SERVICE

STATE OF CALIFORNIA )
                               )
COUNTY OF FRESNO )

     I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

     On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐   **BY OVERNIGHT DELIVERY:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒   **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐   **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐   **BY FAX:** I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

**Attorneys for Paul Singer**
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

     Executed on July 3, 2019, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kayla L. Waters

_Kayla L. Waters_

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

PROOF OF SERVICE

The foregoing instrument is a correct
copy of the original on file in this
office.

ATTEST: APR 2 2 2025

Superior Court Clerk
State of California, County of Fresno
By _____
M. Pivovaroff                    DEPUTY

# EXHIBIT "B"
# Description:

Substitution of Attorney: alleging Craig C.O. Waters Esq. as "New Attorney"
**01/12/2022**
**\*FRAUD**

MC-050

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Craig C.O. Waters. SBN: 311109
Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, CA 93704

TELEPHONE NO.: 559-603-8522   FAX NO. *(Optional):* 559-777-6604
E-MAIL ADDRESS *(Optional):* cwaters@modernlegalpc.com
ATTORNEY FOR *(Name):* Weldon, Brian

FOR COURT USE ONLY

E-FILED
1/12/2022 1:40 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno,.93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>18CECG03151 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Brian Weldon

makes the following substitution:

1. **Former legal representative**  ☐ Party represented self  ☑ Attorney *(name):* Robert C. Abrams, Esq.
2. **New legal representative**  ☐ Party is representing self*  ☑ Attorney
   a. Name: Craig Waters   b. State Bar No. *(if applicable):* 311109
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
      Modern Legal PC
   d. Telephone No. *(include area code):* 559-603-8522

3. The party making this substitution is a  ☐ plaintiff  ☑ defendant  ☐ petitioner  ☐ respondent  ☒ other *(specify):*
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee

- Personal Representative
- Probate fiduciary
- Corporation

- Guardian ad litem
- Unincorporated association

If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.

---

4. I consent to this substitution.
   Date: Jan 12, 2022
   Brian Weldon

   *Brian Weldon*
   Brian Weldon (Jan 12, 2022 09:43 PST)

   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 1/12/2022
   Robert C. Abrams, Esq.

   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 1/12/2022
   Craig C.O. Waters, Esq.

   _____
   (TYPE OR PRINT NAME)                    (SIGNATURE OF NEW ATTORNEY)

*(See reverse for proof of service by mail)*   Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

| CASE NAME: | MC-050 |
|---|---|
| Singer v Weldon | **CASE NUMBER:** 18CECG03151 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1 ) Date of mailing: January 12, 2022     (2) Place of mailing *(city and state)*: Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
_____          _____
(TYPE OR PRINT NAME)                                                            (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP)*:
      4928 E. Washington Avenue
      Fresno, CA 93727

   c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP)*:
      4928 E. Washington Avenue
      Fresno, CA 93727

   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:

   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:

   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

   ☐  List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST:    APR 2 2 2025

State of California, County of Fresno
Superior Court Clerk
By _____
             DEPUTY

M. Pivovaroff



# EXHIBIT "C"
# Description:

Declaration of Craig C.O. Waters In Support of Motion For
Monetary Sanctions Against Plaintiff Paul Singer
**02/21/2023**
**\*FRAUD**

E-FILED
2/21/2023 4:05 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

1  CRAIG C.O. WATERS, ESQ. (SBN: 311109)
   **MODERN LEGAL PC**
2  5412 N. Palm Avenue, Suite 105
   Fresno, California 93704
3  Telephone:    (559) 603-8522
4  Facsimile:    (559) 777-6604
   Email:        cwaters@modernlegalpc.com
5
6  Attorney for Defendant and Cross-Complainant
   BRIAN WELDON
7

8              IN THE SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF FRESNO

10 PAUL   SINGER,   an   individual,   and    Case No. 18CECG03151
   BENCHMARK  LOGIC  REAL  ESTATE
11 INVESTING AND CONSULTING, LLC, a
   California Limited Liability Company,       **DECLARATION OF CRAIG C.O.**
12                                             **WATERS IN SUPPORT OF MOTION**
                  Plaintiffs,                  **FOR MONETARY SANCTIONS**
13                                             **AGAINST PLAINTIFF PAUL SINGER**
   v.
14
   BRIAN WELDON, an individual; FREEDOM
15 INVESTMENTS, LLC, a California Limited
   Liability Company; and DOES 1 through 50,
16 inclusive
17
                  Defendants.
18
   BRIAN WELDON, an individual;              Assigned to Hon. Kristi Culver Kapetan, Dept.
19                                            403
                  Cross-Complainant,          Complaint filed: August 23, 2018
20                                            Cross-Complaint filed: September 21, 2020
   v.
21 PAUL   SINGER,   an   individual;   and    **Date:**   March 15, 2023
   BENCHMARK  LOGIC  REAL  ESTATE             **Time:**   3:27 p.m.
22 INVESTING AND CONSULTING, LLC, a           **Dept.:**   502
   California Limited Liability Company; ROES
23 1 through 20, inclusive,
24                Cross-Defendants.
25        I, CRAIG C.O. WATERS, declare as follows:
26        1.      I am an attorney fully licensed to practice law before all the courts in the State of
27 California, and the attorney of record for Defendant BRIAN WELDON ("Defendant"). I have held
28 this position at all times relevant herein.



MODERN LEGAL PC

                                          1
          DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

1    2.      If I were called as a witness, I would and could competently testify to all facts stated

2   herein from my personal knowledge, except where stated upon information and belief and, as to

3   those matter, I am informed and believe them to be true.

4    3.      On or about December 12, 2022, my office received a meet and confer letter from

5   Plaintiff PAUL SINGER ("Plaintiff") dated December 9, 2022, by certified mail with tracking

6   number 7022 1670 0002 0008 6997 (the "6997 Tracking Number") (the "December 12 Meet and

7   Confer Letter"). A true and correct copy of the December 12 Meet and Confer Letter is attached

8   hereto as **Exhibit A**.

9    4.      Modern Legal PC's mail processing protocol is to date-stamp and scan all incoming

10  mail, including the envelope in which the mail is received, and save the scans into the firm's cloud-

11  based software, by which the scanned mail is saved to the particular client's matter file.

12   5.      Upon receiving the December 12 Meet and Confer Letter after it had been processed,

13  I reviewed the scanned mail for that day and the matter file for this case but found no record of any

14  requests for admission having been served by Plaintiff.

15   6.      The only mail item received during the time in question, around November 8, 2022,

16  was an "Affidavit of Truth" that my office had received from Plaintiff on November 7, 2022 (the

17  "November 7 Affidavit of Truth"). A true and correct copy of the November 7 Affidavit of Truth is

18  attached hereto as **Exhibit B**.

19   7.      The November 7 Affidavit of Truth was received by certified mail with tracking

20  number 7022 1670 0002 0008 6096 (the "6096 Tracking Number"). Indeed, on November 9, 2022,

21  I received a phone call from counsel for the escrow company involved in the subject transaction

22  stating that they had also received an affidavit of truth from Plaintiff.

23   8.      On December 15, 2022, I drafted a meet and confer response letter to Plaintiff

24  informing him that no record of any requests for admission could be found and asked Plaintiff to

25  send the requests that Plaintiff believed were outstanding (the "December 15 Response Letter"). A

26  true and correct copy of the December 15 Response Letter is attached hereto as **Exhibit C**. No

27  response was ever received from Plaintiff.

28  ////

**ML**

MODERN LEGAL PC

2

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

9.      On or about December 29, 2022, approximately two weeks after I responded to Plaintiff's meet and confer letter, my office received a copy of Plaintiff's Motion with the alleged requests for admission. This was the first time I had seen the alleged requests for admission (the "Requests").

10.     After receiving the Motion, I contacted Plaintiff by telephone to meet and confer regarding the Motion and the allegedly outstanding responses. I informed Plaintiff, once again, that no requests for admission had been received by my office.

11.     Plaintiff represented that he had sent the requests by certified mail and that he had a tracking number. I requested the tracking number and Plaintiff agreed to provide it after the call. During the meet and confer call, I agreed to serve responses to the Requests no later than the end of the day on January 12, 2023. After the phone call, I drafted a confirming letter, which was sent to Plaintiff by mail and by email as Plaintiff requested.

12.     On December 30, 2022, I received an email from Plaintiff with a Certified Mail Receipt and USPS tracking page ("Plaintiff's Email with Tracking Information"). A true and correct copy of Plaintiff's Email with Tracking Information is attached hereto as **Exhibit D**.

13.     The tracking number identified on the Certified Mail Receipt was the 6096 Tracking Number and was one of three envelopes sent via certified mail by Plaintiff on that day. The receipt for the Certified Mailing showed that Plaintiff sent three identical mailings to three separate zip codes, all weighing exactly the same amount. This piqued my interest, as Defendant is the only active party in the matter and there are no other parties to be served with the Requests.

14.     I reviewed the 6096 Tracking Number and compared it with the Firm's received mailings. The tracking number was matched, not to any requests for admission as alleged, but to the November 7 Affidavit of Truth previously identified by my office. The USPS tracking page shows that 6096 Tracking Number was marked as delivered at 10:03 a.m. on November 7, 2023. A print-out of my office's cloud-based software confirms that the document and its envelope with the 6096 Tracking Number was scanned into the software on November 7, 2022, at 10:13 a.m., approximately ten minutes later (the "Clio Timestamp"). A true and correct copy of the Clio Timestamp is attached hereto as **Exhibit E**.

15.     On or about January 3, 2023, I drafted a letter to Plaintiff wherein I explained my findings and included a copy of the electronic records for the receipt of the November 7 Affidavit of Truth, not the Requests as alleged by Plaintiff (the "January 3 Response Letter"). A true and correct copy of the January 3 Response Letter is attached hereto as **Exhibit F**. I respectfully requested, in light of the findings, that Plaintiff withdraw his Motion to Deem the Truth of Matters Admitted.

16.     On or about January 5, 2023, I received a responsive letter from Plaintiff stating that he disagreed with my findings ("Plaintiff's Notice of Objection"). A true and correct copy of Plaintiff's Notice of Objection is attached hereto as **Exhibit G**. Plaintiff claimed the November 7 Affidavit of Truth could not have been the document contained in the envelope scanned by my office because the November 7 Affidavit of Truth was notarized at 02:00 p.m. on November 4 and the 6096 Tracking Number was created before that time.

17. .    On or about January 10, 2023, I contacted J. Leal ("Ms. Leal"), the notary public who had notarized the November 7 Affidavit of Truth. During the conversation, Ms. Leal stated that she forgot to enter the time for the notarization of the November 7 Affidavit of Truth in her notary log on the day of the signing. She further stated that the week before I contacted her, Plaintiff called her regarding the time of the notarization, and she informed him of the omission in her log. Per Ms. Leal, upon finding the omission, she reviewed her appointment calendar for the day and found that her appointment with Plaintiff was at 09:00 a.m. on November 4, 2022. When she informed Plaintiff of this fact, Plaintiff was adamant that it could not have been that early and that it could not have been before 02:00 p.m. For reasons unknown, Ms. Leal accepted Plaintiff's representation and completed the notary log by filling in 02:00 p.m. as the time of the signing. After my phone call with Ms. Leal, she confirmed the information in the call by text, and provided me with a copy of her appointment log for the day of the signing (the "January 10 Text Messages with Leal"). A true and correct copy of the January 10 Text Message with Leal are attached hereto as **Exhibit H**.

////
////
////

MODERN LEGAL PC

18. On January 12, 2023, as agreed during the December 29, 2022 meet and confer call, I served Defendant's responses to the Requests on Plaintiff by mail and email (the "Responses to Requests for Admission".) A true and correct copy of the Proof of Service for the Responses to Requests for Admission is attached hereto as **Exhibit I**.

19. Defendant has incurred a total of $3,685.00 in attorney's fees and $77.48 in costs in opposing Plaintiff's Motion to Deem Truth of Matters Admitted and bringing this Motion for Sanctions.

20. My hourly rate in this case is $335.00, which is commensurate with the hourly rate of other trial lawyers with my level of experience in Fresno County.

21. Time entries are entered by attorneys and staff, contemporaneously with the completion of the work in an electronic time-keeping software. The records have been reviewed in detail to check for and correct duplicate entries and the like. In addition, I exercised billing judgment by deleting or reducing some time entries. The costs for the case are entered contemporaneously on the day they are paid by my firm. True and correct copies of worksheets showing the time entries and costs are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

22. In support of my hourly rate, I offer the following qualifications: I have been a licensed attorney for over six years, the entire duration of which has been in real estate and business litigation. Further, I have worked in real estate and business litigation for nearly nine years.

23. My firm periodically establishes hourly rates for the billable personnel in our firm based on prevailing market rates in our area for attorneys of comparable skill, experience, and qualifications in a specialized practice area. These are the rates to be charged.

24. The current hourly rates of the personnel who billed time in this case are well within the range of current market rates in this area for attorneys of similar age and experience.

Executed on February 2\_\_, 2023 in Fresno, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

CRAIG C.O. WATERS



MODERN LEGAL PC

# EXHIBIT A

**NOTICE**
**MEET AND CONFER LETTER FOR FURTHER DISCOVERY RESPONSES**

Date: 12/09/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified:# 70221670000200086997

**RE: PAUL SINGER vs. BRIAN WELDON**

To:
MODERN LEGAL PC
C/O  CRAIG WATER ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 150
FRESNO, CALIFORNIA, 93704

Dear Brian Weldon and Counselor:

On November 8, 2022, I served upon you, on behalf of your client, BRIAN WELDON with requests for admission.

To date no responses have been received by me. I have still not received any response  or received any request on your part  for the extension for time which I would have considered. As you are more than 30 days late and I having personal knowledge to consider those records herein to this case history to all issues regarding  meet and confer with your party, including the most recent being for mediation where the Court previously ordered you to do so, which you have yet to comply upon any of my requests since that order.  I must insist that your client, BRIAN WELDON, provide me with his verified responses, without objections.

Be advised that Code of Civil Procedure § 2023.010(d) states that failing to respond to an authorized method of discovery is an abuse of the discovery process. Furthermore,  your client has failed to serve any timely responses, therefore he has waived any right to objections, pursuant to Code of Civil Procedure § 2033.280 for the requests for admission.

Accordingly, I request that your client submit verified responses to my form  requests for admission, without objections, within 10 days from the date of this letter.

It is my sincere intention to settle this matter amicably without the need for judicial intervention. However, as I am entitled to your client's verified discovery responses in the event, if I do not receive your client's verified responses, without objections, within 10 days from the date of this letter; I will have no choice but to file motion to deem admitted with the Court and ask for attorney's fees and sanctions for your client's failure to comply.

Very truly yours,

_Paul Singer_

PAUL SINGER – PLAINTIFF– IN PRO PER



# EXHIBIT B

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there
is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny
him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NOV__ , 2022 and hereby certify all the statements made above are true, correct and complete.


Date: _11/4/2022_          Signed: _____

                                PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a ___Affidavit of Truth___

dated ___11/4/22___

Document Information: _____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF ___Fresno___

Subscribed and sworn to (or affirmed) before me on this ___4th___ day of ___November___

20 ___22___, by ___Paul Singer___

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature: _____

Print name: ___J. Leal___

My appointment expires: ___10/09/2026___

J. LEAL
Notary Public – California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

POSTAGE PAID

$5.44

FEDEX

RECEIVED

Brian Weldon
c/o Gray Lowe (d/b/a)
Dolan Law P.C.
Suite 15, 1A Manister TX
Austin, Texas 73321

# EXHIBIT C



# MODERN LEGAL PC

December 15, 2022

**_Sent via U.S. Mail and Electronic Mail_**
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727

      Re:    Meet and Confer
              Singer v. Weldon - FCSC # 18CECG03151

Mr. Singer:

I am in receipt of your letter dated December 9, 2022, wherein you stated you are attempting to meet and confer regarding requests for admission allegedly served on my office on November 9, 2022. In reviewing the file for this case I do not show that any requests for admission were served by you on that date or any other date. Please provide me with copies of any requests for admission you believe are outstanding.

As to the mediation of the case, my recollection is that we have attempted to resolve the case with you multiple times since our trial date last year, but have never received any response to our calls or letters. I have enclosed a copy of one of our offer letters from March of this year for your reference. If you wish to discuss settlement I am happy to discuss it with you and can be reached at the office number below.

I look forward to hearing from you.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s): Settlement Letter



# MODERN LEGAL PC

March 4, 2022

*Sent via U.S. Mail and Electronic Mail*
Paul Singer
4928 E. Washington Avenue
Fresno, California 93727
paul@calscope.com

Re: Case No. 18CECG03151 (*Singer v. Weldon, et al.*)

Mr. Singer:

Mr. Weldon is offering $3,500.00 to settle this case. Should you refuse this offer, I will have no choice, but to file a motion to dismiss the entire case on the grounds that, as you have been informed, you cannot serve as legal representation for your company, Benchmark Logic Real Estate Investing and Consulting.

Mr. Weldon is not amenable to granting a stipulation allowing you to separate yourself from the company and, consequently, the Judge is likely to dismiss your case in its entirety, leaving you with nothing for your troubles. If the Judge does not dismiss your case, Mr. Weldon will further pursue his claim against you in his Cross-Complaint and obtain the 45% of losses on the project.

The Cross-Complaint would not have been brought against you if Mr. Weldon were not certain that there were no profits, but only the financial losses on the project. Should Mr. Weldon be forced to go forward with his Cross-Complaint against you, your company will remain an included party, forcing you to retain counsel or be defaulted, securing Mr. Weldon's success. Should you hire an attorney, you will likely find yourself on the receiving end of a $25,000 to $50,000 legal bill. An offer of $3,500.00 is generous of Mr. Weldon.

Please respond to this offer no later than Friday, March 11, 2022. I look forward to hearing from you.

Kindest Regards,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

# EXHIBIT D

**Subject:** Singer v. Weldon (01033)
**Date:** Friday, December 30, 2022 at 8:06:47 AM Pacific Standard Time
**From:** Kayla L. Waters
**To:** Craig Waters, Alejandra Ramirez
**Attachments:** image001.png, image002.png, Certified mail tracked to Waters office Front Desk.pdf, Certified mail sent.pdf



**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

**From:** Paul <paul@calscope.com>
**Date:** Thursday, December 29, 2022 at 8:16 PM
**To:** Kayla L. Waters <kwaters@modernlegalpc.com>
**Subject:** Re: Singer v. Weldon (01033)

Good evening, Mr. Waters,

Per our phone conversation today, as promised here is the proof of service of Judicial Counsel Form, DIS-20, Request for Admission of the Truth, SET ONE. I will get back with you January 3rd or 4th at the latest of 2023, about whether to extend the trial out to move towards settlement.

of 2023, about whether to extend the trial out to move towards settlement.

Best Regards,

Paul Singer

Good afternoon Mr. Singer,

Please see the attached correspondence from Mr. Waters; thank you.

--

**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

--
--



**Kayla L. Waters, J.D.**
Office Manager | Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without reading or saving it in any manner. Thank you.




UNITED STATES
POSTAL SERVICE.

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-9398
(800)275-8777

11/04/2022                                12:43 PM

Product              Qty    Unit      Price
                            Price

First-Class Mail®      1              $1.44
Large Envelope
    Visalia, CA 93291
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
       Mon 11/07/2022
    Certified Mail®                    $4.00
       Tracking #:
       70221670000200080069
Total                                  $5.44

First-Class Mail®      1              $1.44
Large Envelope
    Tulare, CA 93274
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
       Mon 11/07/2022
    Certified Mail®                    $4.00
       Tracking #:
       70221670000200080114
Total                                  $5.44

First-Class Mail®      1              $1.44
Large Envelope
    Fresno, CA 93704
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
       Mon 11/07/2022
    Certified Mail®                    $4.00
       Tracking #:
       70221670000200080050
Total                                  $5.44

Grand Total:                          $16.32

Credit Card Remit                     $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX0242
    Approval #: 004050
    Transaction #: 743
    AID: A0000000031010          Chip
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
            1-800-222-1811

        Preview your Mail
        Track your Packages
        Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
    Thank you for your business.

        Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device

# USPS Tracking®

FAQs >

**Tracking Number:**

## 70221670000200086096

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

### Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 6:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**
FRESNO, CA 93727
November 4, 2022, 12:42 pm

**Hide Tracking History**

---

**Text & Email Updates**                                          ⌄

---

**USPS Tracking Plus®**                                           ⌄

---

**Product Information**                                           ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

**FAQs**

Feedback

# EXHIBIT E

‹ Back to Documents

2022-11-04 Singer's Affidavit of Truth.pdf

Uploaded version 11-07-2022 10:3 AM

Matter          Version_Blop-01003
Contact         Brian Weldon
Category
Uploaded by     Abayomi Ramirez
Uploaded at     11/07/2022 10:13 AM

Version History          Current Version

Version 1
Last edited on 11/7/2022 10:13:00 by Abayomi Ramirez

Version 1

box

## AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-266408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 6045963002 & 6112841000

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 6045963002 – PAUL SINGER
UCC-1 DOC NO.: 6112841000 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON: Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

### For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
   as a witness, Affiant will testify to their veracity.

### Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 6045963002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.   Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there
is no proof to the contrary.

# EXHIBIT F



# MODERN LEGAL PC

January 3, 2023

*Sent via U.S. Mail and Electronic Mail*
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
paul@calscope.com

> Re:    Singer v. Weldon – Meet and Confer
>        FCSC No. 18CECG03151

Dear Mr. Singer:

This letter is in response to your email dated December 29, 2022, and is in continuance of our meet and confer regarding the requests for admission you believe were served on our office. Thank you for sending the email with the tracking number discussed over the phone.

I have reviewed the Certified Mail Receipt you provided with tracking number 7022 1670 0002 00008 6096 and compared it with our records. As I mentioned in our phone conversation, we scan all incoming mail, including the enevelopes they arrive in. We did receive an envelope with the provided tracking number, but the envelope contained an affidavit of truth, not requests for admissions as contended. In furtherance of our meet and confer, I have attached the original scan of the documents contained within the envelope as well as the envelope itself. As you will see from the scan, the tracking number on the envelope matches the one you provided.

Given the aforementioned, I am confident the judge will find that the requests were not served on our office and will deny your motion. Accordingly, and in order to avoid wasting time and resources, I request that you take your motion to deem admissions off calendar and confirm the same within the week. Otherwise, we will be forced to respond to your motion and will be seeking recovery of our fees and costs.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s): Certified Mailing Information, Affidavit of Truth

**CERTIFIED MAIL RECEIPT**
*Domestic Mail Only*

**OFFICIAL USE**

For delivery information, visit our website at www.usps.com®

| Certified Mail Fee | $4.00 | 0426 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ | |
| ☐ Return Receipt (electronic) | $ | Postmark |
| ☐ Certified Mail Restricted Delivery | $ | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ | |
| Postage | $1.44 | |
| Total Postage and Fees | $5.44 | 11/04/2022 |

Sent To: Modern Legal PC~ Craig Waters
Street and Apt. No., or PO Box No. 5412 N. Palm Ave, Ste 105
City, State, ZIP+4® Fresno CA 93704

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

7022 1670 0000 0008 6089



**UNITED STATES POSTAL SERVICE®**

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

11/04/2022                              12:43 PM
- - - - - - - - - - - - - - - - - - - - - - - - - -
Product                 Qty    Unit      Price
                               Price
- - - - - - - - - - - - - - - - - - - - - - - - - -
First-Class Mail®        1               $1.44
Large Envelope
    Visalia, CA 93291
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
        Mon 11/07/2022
    Certified Mail®                       $4.00
    Tracking #:
        70221670000200086089
Total                                    $5.44

First-Class Mail®        1               $1.44
Large Envelope
    Tulare, CA 93274
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
        Mon 11/07/2022
    Certified Mail®                       $4.00
    Tracking #:
        70221670000200086119
Total                                    $5.44

First-Class Mail®        1               $1.44
Large Envelope
    Fresno, CA 93704
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
        Mon 11/07/2022
    Certified Mail®                       $4.00
    Tracking #:
        70221670000200086096
Total                                    $5.44
- - - - - - - - - - - - - - - - - - - - - - - - - -
Grand Total:                            $16.32

Credit Card Remit                       $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX8243
    Approval #: 004050
    Transaction #: 743
    AID: A0000000031010         Chip
    AL: Visa Credit
    PIN: Not Required
- - - - - - - - - - - - - - - - - - - - - - - - - -

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

# USPS Tracking®

FAQs >

**Tracking Number:**                                                        Remove ✕

# 70221670000200086096

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

Get More Out of USPS Tracking:

USPS Tracking Plus®

**Delivered**
Delivered, Front Desk/Reception/Mail Room
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 8:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**
FRESNO, CA 93727
November 4, 2022, 12:42 pm

**Hide Tracking History**

---

Text & Email Updates ⌄

---

USPS Tracking Plus® ⌄

---

Product Information ⌄

See Less ⌃

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
   as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there
is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny
him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

Page 1 of 2

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this _____ day of _NOV_ , 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11/9/2022_                    Signed: _Paul N Singer_

                                          PAUL SINGER - AFFIANT

Jurat

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Finger_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public – California
Fresno County
Commission # 2CB02455
My Comm. Expires Oct 9, 2026

Deeds.com Uniform Conveyancing Blanks



RECEIVED
NOV 17 2021
BY____ 10:12:28

Bryan Welch
CJD Craig Welch (Welch)
Nolan Law PC
5415 N Palm Ave Ste 105
Fresno, California 93704

US POSTAGE PAID
PM RATE PEN
FRESNO, CA
93727
NOV 16 22
$5.44
R2304W127460-3

1000
03704

CERTIFIED MAIL

7022 1670 0002 0006 6096

# EXHIBIT G

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER**
**DECEMBER 29, 2022**

Date: 01/04/2023

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified #: 70221670000200086980

RE: RECEIVED MODERN LEGAL PC LETTER DATED DECEMBER 29, 2022 ON JANUARY 2, 2023;

SINGER v. WELDON
FCSC No.: 18CECG03151

To:
MODERN LEGAL PC
C/O  CRAIG WATERS, ESQ. (d/b/a)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

CRAIG WATERS, ESQ

Thank you for taking time out after we spoke on December 29, 2022, to attempt to summarize the conversation.  However, I now have to immediately address issues you're implying and perceived we discussed, and since I did record the call as I mentioned at the beginning of the phone call,  too many misunderstandings of our conversation does require this Notice.  I have to object to your statements and use of specific letters that if left in silence could mislead and create mistake of facts if I do not rebuttal them here and now.

As mentioned over the phone conversation on December 29, 2022, approximately around 3:25 p.m., I asserted, with full personal knowledge, regarding sending my Request for Admission occurred by certified mailing. The evidence I have that you received Form DIS-20: Request for Admission of Truth, mailing dated November 4, 2022, was for a fact received by your office on November 7, 2022.

After our phone conversation and in great detail, you explained how your internal staff in the office processes all mail by recording all documents immediately, which makes no sense to your lack of knowledge of the discovery request implies you are still looking for a way to delay even more.

PLEASE TAKE NOTICE: reference to the enclosure: Certified Mailing receipt dated November 4, 2022, and USPS Tracking # 70221670000200086096 and  USPS Tracking history delivery records on November 7, 2022, that you did in fact receive the Request for Admission of Truth.  The U.S. Postal Service delivered to your business entity's address:  MODERN LEGAL PC. 5412 N. Palm Avenue, Suite 105, Fresno, California 93704.

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER**
**DECEMBER 29, 2022**

Since we both can agree you received the certified article: Meet and Confer letter dated December 9, 2022, established a fact, that certified mail and their articles have been successfully delivered to your business address, therein was placed in your care, including my Request for Discovery Form DIS-20 on November 7, 2022.

According to your letter dated December 29, 2022, you assert you received the Meet and Confer Notice on December 13, 2022, then December 23, 2022, was your deadline. Statutory obligation to respond states by the tenth (10th) day, and since you acknowledge a date is why I will no longer entertain anymore delay or excuses since I held off from filing so to give you a grace period under a postal rule of three (3) additional days and consideration to the holiday. Therefore, you have left me no other alternative but to file my moving papers with the Courts on December 28, 2022, for abuse of discovery as the results of your lack of due diligence or negligence, it appears you only care when the Courts get involved.

Also, December 15, 2022, Letter to Singer, you also attached a letter dated March 4, 2022. Since I never received any of those two letters until as of January 2, 2023, I have no choice but to make a statement regarding the nature of those letters. I had no personal knowledge of any of those letters, and I did not address any of those issues as per our conversation over the phone December 29, 2022. Now having been given an opportunity to review these letters, my statements are as follows:

1. Fact: My mailing reciprocal is a locked mailbox that I get my mail every day.
2. Fact: Your letters never were timely sent based on their dates
3. Fact: None of those letters were ever electronic mail either, but the letter makes those claims.

**OFFER AND ACCEPTANCE CAN NOT BE REACHED AT THIS TIME.**

The March 4, 2022 letter you refer to as a Settlement Letter is not accepted as a good offer since I was never WELDON's employee but in fact a partner to an agreement. Since I have the settlement agreement signed by WELDON that I was to be paid out of escrow $38,500.00, and all the interaction between WELDON and myself regarding those terms made by WELDON are held within the Department of Real Estate records, then all my new found evidence should be presented at a trial at this point. Considering the causes of actions: Breach of contract, breach of implied honest and fair dealing, conversion and fraud will establish my right of remedy for injury by treble damages. Your client WELDON is only damaging himself financially at his own hands just to avoid a money agreement which would have been cheaper had he just paid-up front as promised.

**Benchmark Logic Real Estate Investing and Consulting LLC**

In readdressing our conversation regarding reinstatement of Benchmark Logic Real Estate Investing and Consulting LLC ("Benchmark"). It has been my goal to do so, however the settlement agreement at the time of closing escrow between Brian Weldon ("WELDON") and myself was created between individuals first and foremost. The Benchmark entity was created only because Weldon said he would only do business this way. In addition to any reinstatement of Benchmark, it is still being addressed with the California Franchise Tax Board. Therefore until this issue is resolved with the State, and in reference to timing for any serious attorney to want to take representation, I cannot believe at this time, it can legally be done within a short window of time to bring this entity into a qualified party as we both would like.

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER**
**DECEMBER 29, 2022**

**MAIN STREET ESCROW**

Coming to a closing of your letter dated December 29, 2022, you bring up a topic we did not discuss over the phone however it is Exhibit "A" attached in Declaration of Paul Singer and Exhibits in Support of Motion to Deem the Truth of Matters Specified in Request From Admissions, Set No. One Admitted and Request for Order: Judicial Counselor Form DIS-20 - Request for Admission Continued: Attachment"1", page 2; #17.

QUESTION:  Is it that you have an interest in a possible claim that I may have against MAIN STREET ESCROW? Is this correct?

From what I know of MAIN STREET ESCROW, they are the terminated dead entity after the closing of WELDON's escrow back in 2017, therefore, under the law, are no longer operating as a business here in California. Ask your client WELDON about Exhibit "A", - Request For Admission Continued: Attachment"1", page1, #5 for more information on the records held in escrow, please contact your client since WELDON did a real property transaction with them before MAIN STREET ESCROW entity closed its' doors to the public permanently.

Best Regards,

Paul Singer, Plaintiff and In Pro Per

Enclosure:

(1)  Request for Admission of Truth, mailed through U.S. Postal Service, receipt of certified mail, and tracking



PAUL SIN
47825 Country Club Ave
Fresno CA 93727

MODERN LEGAL PC
C/O CRAIG WATERS ESQ, COUSIN
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA 93704

7022 1670 0002 0006 6980

# EXHIBIT H



Fri Nov 4th

## Remember Today!

## Appointments

| Time | Where |
|------|-------|
| 9am 2pm F 15 | |
| | |
| 2pm | Friend's Giving / Bible study |

## Dinner

Water ⬦ ⬦ ⬦ ⬦ ⬦ ⬦ ⬦

## To Do

Top 3

1 Marco's B day 9+5

2 Get Salad items X

3

## Daily Clean and Organize

| Make Bed | ☐ Pick Up Toys |
|----------|----------------|
| Clean Dishes | ☐ General Pick Up |
| Laundry | ☐ One Drawer or Shelf |
| Wipe Bath Sink | ☐ |
| Empty Trash | ☐ |
| Pick Up Clothes | ☐ |

## Notes

# EXHIBIT I

1

**PROOF OF SERVICE**

2 | STATE OF CALIFORNIA

3 | COUNTY OF FRESNO

4

5      I am employed in the County of Fresno, State of California. I am over the age of 18 and not
a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA
6 93704.

7      On January 12 , 2023, I served the foregoing document(s) described as: **DEFENDANT
BRIAN WELDON'S RESPONSES TO REQUESTS FOR ADMISSION SET ONE (1) BY**
8 **PLAINTIFF PAUL SINGER** on the parties in this action as follows:

9   ☒  **BY EMAIL:**  I caused such document to be sent via email transmission to the offices of
the addressee(s) as set forth below:
10

11  ☒  **BY MAIL:**  By placing true copies thereof enclosed in sealed envelopes addressed as set
forth below.  I am readily familiar with the firm's practice of collection and processing
12      correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal
Service on that same day with postage thereon fully prepaid at Fresno, California, in the
13      ordinary course of business.  I am aware that on motion of the party served, service is
presumed invalid if postal cancellation date or postage meter date is more than one day
14      after date of deposit for mailing in affidavit.
15

16  ☐  **BY PERSONAL SERVICE:**  By placing true copies thereof enclosed in sealed
envelope(s) addressed as set forth below.  I caused such envelope(s) to be delivered by hand
17      to the offices of the addressee(s).

18
Paul Singer                          Benchmark   Logic   Real   Estate
19  4928 E. Washington Avenue            Investing & Consulting, LLC
Fresno, CA 93727                     c/o Paul Ventura Singer
20  *paul@calscope.com*                  *paul@calscope.com*

21      Executed on January 12 , 2023, at Fresno, California. I declare under penalty of perjury
under the laws of the State of California that the foregoing is true and correct.
22

23

24

25      *Jacqueline Cardozo*
Jacqueline Cardozo
26

27

28

MODERN LEGAL PC

# EXHIBIT J

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|---|---|---|---|---|---|
| 12/09/2022 | 0.2 | Update Client File with letter from Plaintiff regarding Requests for Admissions. | $225.00 | $45.00 | KLW |
| 12/15/2022 | 0.5 | Review and analyze meet and confer letter from opposing counsel. Review case file for discovery. Draft responsive letter to opposing counsel. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.2 | Phone call to Paul Singer. | $335.00 | $67.00 | CCW |
| 12/29/2022 | 0.5 | Phone call from Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.5 | Draft letter to Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.3 | Update Client Correspondence File with letter to Opposing Party regarding discovery. Email correspondence to Opposing Party. | $225.00 | $67.50 | KLW |
| 12/29/2022 | 0.4 | Review and analyze Motion to Deem Admitted filed by Plaintiff. | $335.00 | $134.00 | CCW |
| 12/29/2022 | 0.2 | Review case docket to confirm Opposing Party's motion hearing. Calculate and calendar deadlines for moving papers, opposition, and reply briefs as well as the hearing and tentative ruling. Calendar related reminders. | $225.00 | $45.00 | KLW |
| 12/30/2022 | 0.4 | Phone call with Client. | $335.00 | $134.00 | CCW |
| 12/30/2022 | 0.2 | Email from plaintiff with tracking information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Email from opposing party regarding settlement contact information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Update Client Correspondence File with Email from Plaintiff with tracking information. | $125.00 | $25.00 | AR |
| 01/03/2023 | 0.4 | Draft letter to opposing counsel. | $335.00 | $134.00 | CCW |
| 01/03/2023 | 0.2 | Update client correspondence file with letter to Singer regarding the Meet and Confer. Prepared and mailed to Opposing Party. | $125.00 | $25.00 | AR |
| 01/05/2023 | 0.2 | Update Client Pleadings File with Letter from Mr. Singer regarding Notice of Objection. | $110.00 | $22.00 | JC |
| 01/09/2023 | 2 | Review letters sent by opposing party. Draft responsive letter. | $335.00 | $670.00 | CCW |
| 01/10/2023 | 0.2 | Phone call to Mainstreet Escrow regarding affidavit of Truth, left voicemail. | $335.00 | $67.00 | CCW |
| 01/10/2023 | 0.2 | Phone call with Notary. Text messages with the same. | $335.00 | $67.00 | CCW |

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|---|---|---|---|---|---|
| 01/24/2023 | 2.5 | Draft opposition to Motion to Deem Admitted. | $335.00 | $837.50 | CCW |
| 01/25/2023 | 1.2 | Update Client Pleadings File with Declaration of Waters, Declaration of Ramirez, and Brian Weldon's Memorandum of Points and Authorities. Prepare to mail-serve and email-serve the same to Opposing Party. | $110.00 | $132.00 | JC |
| 01/27/2023 | 0.2 | Update Client Pleadings File with conformed copies of Opposition and related papers. | $125.00 | $25.00 | AR |
| 02/06/2023 | 0.7 | Draft letter to opposing party. | $335.00 | $234.50 | CCW |
| 02/06/2023 | 0.2 | Review and analyze meet and confer letter from opposing counsel. | $335.00 | $67.00 | CCW |
| 02/06/2023 | 0.2 | Review and analyze tentative ruling. | $335.00 | $67.00 | CCW |
| 02/10/2023 | 0.2 | Phone call from Court | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted. | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.4 | Calculate and Calendared dates for Client Motion for Monetary Sanctions. | $125.00 | $50.00 | AR |
| 02/13/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted and Tentative Ruling Mailed copy. | $110.00 | $22.00 | JC |
| 02/16/2023 | 0.2 | Review Law and Motion Minute Order Served by Court. | $335.00 | $67.00 | CCW |
| 02/17/2023 | 1.2 | Draft Notice of Motion, Memorandum of Points and Authorities, Declaration of Craig Waters, Request for Judicial Notice, Proposed Order. | $335.00 | $402.00 | CCW |

Total $3,685.00

# EXHIBIT K

| Date | Qty | Description | Rate ($) | Billable ($) | Expense Category |
|------|-----|-------------|----------|--------------|------------------|
| 01/25/2023 | 1 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition (#11023332). | $3.60 | $3.60 | eFiling Fee |
| 01/25/2023 | 2 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition. | $7.09 | $14.18 | Special Postage |
| 02/21/2023 | 1 | Motion for Monetary Sanctions - all moving papers. | $60.00 | $60.00 | eFiling Fee |
| Total | | | | $77.48 | |

1

END OF EXHIBITS

1    **PROOF OF SERVICE**

2    STATE OF CALIFORNIA

3    COUNTY OF FRESNO

4         I am employed in the County of Fresno, State of California. I am over the age of 18 and not
5    a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA
     93704.

6         On February 21, 2023, I served the foregoing document(s) described as:
7    **DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR
     MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** on the parties in this
8    action as follows:

9    ☐    **BY EMAIL:** I caused such document to be sent via email transmission to the offices of
10        the addressee(s) as set forth below:

11   ☐    **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set
12        forth below. I am readily familiar with the firm's practice of collection and processing
          correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
13        Service on that same day with postage thereon fully prepaid at Fresno, California, in the
          ordinary course of business. I am aware that on motion of the party served, service is
14        presumed invalid if postal cancellation date or postage meter date is more than one day
          after date of deposit for mailing in affidavit.
15

16   ☒    **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed
          envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand
17        to the offices of the addressee(s).

18
         Paul Singer                          Benchmark Logic Real Estate
19       4928 E. Washington Avenue            Investing & Consulting, LLC
         Fresno, CA 93727                     c/o Paul Ventura Singer
20       *paul@calscope.com*                  *paul@calscope.com*

21        Executed on February 21, 2023, at Fresno, California. I declare under penalty of perjury
22   under the laws of the State of California that the foregoing is true and correct.

23

24

25                                           _Kayla L. Waters_ (signature)
                                             Kayla L. Waters
26

27

28

MODERN LEGAL PC

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

The foregoing instrument is a correct copy of the original on file in this office.

ATTEST: APR 2 2 2025

Superior Court Clerk
State of California, County of Fresno
By _____ DEPUTY
A. Pivovaroff

# EXHIBIT "D"
# Description:
Affidavit of Truth
**11/04/2022**
**(notarized)**

# AFFIDAVIT OF TRUTH

**In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002**

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this _____4_____ day of _____N 0 V_____ , 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11 / 14 / 2022_

Signed: _____

PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a ___Affidavit of Truth___

dated ___11/4/22___

Document Information: _____

_____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF ___Fresno___

Subscribed and sworn to (or affirmed) before me on this ___4th___ day of ___November___

20 ___22___, by ___Paul Singer___

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: ___J. Leal___

My appointment expires: ___10/09/2026___

J. LEAL
Notary Public – California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Fresno CA 93704

| Certified Mail Fee | $4.00 | | 0426 |
| $ | | | 3 |
| Extra Services & Fees (check box, add fee as appropriate) | | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | | |
| ☐ Return Receipt (electronic) | $ $0.00 | | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | | Here |
| ☐ Adult Signature Required | $ $0.00 | | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | | |
| Postage | | | |
| $ | $1.44 | | |
| Total Postage and Fees | | | 11/04/2022 |
| $ | $5.44 | | |

Sent To Modern Legal PC - Craig Wartens
Street and Apt. No., or PO Box No. 5412 N. Palm Ave., Ste 105
City, State, ZIP+4® Fresno CA 93704

7022 1670 0002 8000 6094

PS Form 3800, April 2015 PSN 7530-02-000-9047    See Reverse for Instructions

# EXHIBIT "E"
# Description:

Paul V. Singer's Complaint to State Bar of California
**07/17/2024**
**\*DELIBERTE INDIFFERNCE**

State Bar of California
Office of the Chief Trial Counsel/ Intake
1149 South Hill Street
Los Angeles, CA 90015-2299

**Re: Model Rule 8.4 Complaint against: Craig C.O. Waters, Esq: SBN:311109**

Ladies and Gentlemen:

, I, Paul V. Singer, represent Plaintiff, a party to a contract that has become the victim of attorney misconduct that violates the Rules of Professional Conduct. I have taken it upon myself to file this complaint with the State Bar against Craig C.O. Waters and his firm Modern Legal P.C.

Mr. Waters aided and abetted his client Brian Weldon to avoid resolving the breach of contract depriving Paul Singer of any consideration in the contract (**See Attachment "1": Tentative Ruling stating Paul Singer is part of the "First Party" to the contract**);

Mr. Waters, having privileged knowledge during the time of working for Robert Abram Law Office (**See Attachment "2", Craig C.O. Waters first filing therein the case: 18CECG03151**) that was retained by Brian Weldon and later there was the substitution of the law offices: over to Modern Legal P.C (**See Attachment "3", transferring only case file from Abram Law Officer to Modern Legal P.C.**) has been aware of the terms of the contract and all liens place on the house named on the contract and upon Mr. Weldon personally at all times;

With the knowledge there in Robert Abram Law Office no payment during escrow was given to Paul Singer,  Mr. Waters privileged personal knowledge, that for years the house went into a false sale which the new owner to this day has never been notified they became  liable to the lien on it. (**See Attachment "4" Notice to Main Street Escrow: Enclosure: September 6, 2022, letter from Robert C. Abrams Law Office**);

Mr. Waters has been aware that Paul Singer has  maintained and amended  the UCC-1 lien as  active with the State of California during the entire litigation because he is the "First Party" to the contract, **reference to Attachment "1"** which has grown in interest. Paul Singer did not nor has any knowledge of signing a release of lien during escrow which to waiver his rights or interest to receive payment from Brian Weldon from the sales proceeds.

During litigation, Mr. Waters having personal knowledge, received an Affidavit of Truth on November 7, 2022, and he never responded or rebutted the 11 statements asserted regarding the escrow transaction and did not deny those named parties that participated during the transaction.(**See Attachment "5"**);

However, during litigation, Mr. Waters submitted as personal knowledge in his declaration dated 02/21/2023, the Affidavit of Truth; (**See Attachment "6" page 2, paragraph 6, Exhibit "B"**) and made statements he knew was not true;

Therefore when Mr. Waters received Paul Singer's Affidavit of Truth, Mr. Waters never rebutted, and now has no grounds and is estoppel to dispute the Affidavit as not true, (**See Attachment "7" Notice: Undisputed/Uncontroversial Facts, under Federal Rule 52(a) and California Civil Code of Procedure Section 473(c)**);

Since Mr. Waters willingly ignored responding to the Affidavit, **reference to Attachment "6"**, in which he was required to respond with a counter-affidavit point on point to each statement therefore Mr. Waters has no other contention of the truth made within those statements in the Affidavit therefore knowingly made false statements thereon his declaration, **(reference to Attachment "6")** at the time of submission to influence the judicial system thereby violating his own oath to uphold the State Constitution. This is evidence of fraud and by such infringements reflects upon Mr. Waters honestly, trustworthiness or fitness as a lawyer "moral turpitude" as well as "prejudicial to the administration of justice".

When Mr. Waters used Paul Singer's Affidavit of Truth, **(reference to Attachment "6")** at the time had no reason or belief those 11 statements were not true, is why Mr. Waters deliberately wrote several false statements to discredit Paul Singer's case by claiming Paul Singer never mailed his documents for Request for Admission along with the affidavit, claiming his law firm, Modern Legal P.C. only received by certified mail a "Affidavit".

Paul Singer, at the time, did not prevail in court to sanction due to Mr. Waters "prejudicial to the administration of justice". Mr. Waters failure to respond timely to his Request for Admission is only because Paul Singer did not provide a certificate of proof of services listing all documents and pages along with the article mailed was a clerical error by Paul Singer but did not merit Mr. Waters misconduct in connection with the practice of law.

The material evidence **(See Attachment "6", pages 1-5, paragraphs 1-24; Exhibits A-K )** still remains thereupon Mr. Waters declaration, showing the unprofessional conduct through the disturbing falsified statements directly regarding the article time it was sent through the United States Postal Service by certified mailing which was sent at the time of 12:43pm on November 4, 2022, and the time the Affidavit was signed in the presence of a Notary Public.

In order for Mr. Waters' declaration to support sanction to success he needed it to be plausible, **(See Attachment "6", page 4, paragraph 17, Exhibit "H")**. He falsified an alleged hearsay conversation most likely taken out of content or memory of the said notary and sustains Mr. Waters willingness to intimidation and confuse a California State public officer, Jennifer Leal into believing Paul Singer told her it was 2:00 p.m. However since Paul Singer had kept his appointment as shown on her Calendar only confirms the Affidavit was signed around 9:00 a.m. which coincides with the mailing around 12:43p.m. on November 4, 2022, that afternoon.

Therefore, in **reference to Attachment "6", page 4, paragraph 17, Exhibit H** when Mr. Waters attached those text messages made by him and in between the public officer, is not about whether he received discovery documents from Paul Singer but a total disregard of the events and the truth to mislead the court's decision and to influence the court so to obtain sanctions against Paul Singer and is the evidence of the lengths and methods of misconduct Mr. Waters is willing to do to win.

Mr. Waters, who had no reason to believe his statements were true, **reference to Attachment "6", page 4, paragraph 17, lines 21-25; Exhibit "H"** knew or should have known this was not a crime of usage of the State Seal since Paul Singer signed the ledger and paid for the notary public service. It is however a crime for Mr. Waters, an officer of the court and member of the State Bar of California, to imply the ability to improperly influence a government state public officer, Notary Public, to entice her to use; nonofficial personal calendar as evidence from that of a alter ledger, which there is no evidence the event Mr. Waters implied occurred at 2:00 pm. This should result in discipline under Model Rule 8.4(c) and (e).

Mr. Waters seems to have demanded from the Notary, is Mr. Waters failure to obtain a true and correct copy of the actual logbook entry is because no such event occurred as he alludes to, should be considered as dishonest that should result in discipline under the Model Rule 8.4(c).

Mr. Waters substituted a notary logbook entry with a personal calendar with altered information, more than likely was done to prejudicial to the administration of justice by Mr. Waters false statements of documents seen in the court's eyes to be deemed signed at 2:00pm on November 4, 2022 to discredit Paul Singer is Mr. Waters lack of respect for the legal profession and should result in discipline under Model Rule 8.4(d) from which he took under oath to maintain since 2016.

It is also apparent Mr. Waters declaration, **reference to Attachment "6"; page 4, paragraph 17**, taken under oath, as personal knowledge proves Mr. Waters wilifully made false statements which the Postmaster records of the mailing of the certified article itself contradicts Mr. Water's by to what action Paul Singer really did that day. This too establishes Mr. Water's statement falsified the true occurrence of the signing of the Affidavit on purpose, therefore false statements are fraud and fraud is codified as a felony and should result in discipline under the Model Rule 8.4(b)(c)and (e).

Therefore, in reference to **Attachment "6", page 4, paragraph 17, Exhibit H** when Mr. Waters attached those text messages made by him and in between the public officer is not about whether he received discovery documents from Paul Singer but a total disregard of true events to mislead the court's decision solely to obtain sanctions against Paul Singer therein is the evidence of the lengths and methods of misconduct Mr. Waters is willing to do to win should result in discipline under Model Rule 8.4 (b)(c)(d) and (e).

Mr. Waters has no reason to believe his statements are true and has been willing to attach Paul Singer's Affidavit numerous times as exhibits within Mr. Water's declaration. It is Mr. Water's own failure to mention, when the opportunity was present to do so, failed to inform the court, he never disputed 11 statements of facts that his client had breached the contract for lack of consideration and owes Paul Singer of his 45% of profits, and for his 18 months of labor on the project.

Furthermore, within Mr. Waters planned out declaration, continued to falsify his claims about his investigation of the United States Postal Office receipt, which showed two additional certified mailing to two other parties, which those other parties shown on the post office receipt also received their Affidavit of Truth. This should result in discipline under Model Rule 8.4(b)(c) and (d).

With Mr. Waters privileged knowledge, **reference to Attachments "4" and "5"**; Mr. Waters failed to state those parties by name because those were parties who aided his client, Brian Weldon, to not pay Mr. Singer's lien during the sale process. Mr. Waters with privileged knowledge fulling knew there were actual two liens, one being with Micheal Guerena, the second lien holder on the same property had been honored during the same time period at escrow, therefore knew Paul Singer's lien was deliberately not honored. This should support the need for discipline under Model Rule 8.4(c) and (d).

On **Attachment "6" page 3, paragraph 13**, Mr. Waters alludes to his "piqued" interest misled any reader that he did not know who those parties were is untrue since he had no reason to believe to be true, in reference to Attachments "4" and "5" knew very well it was Stewart Title, and Main Street Escrow who were the mortgage broker and title company involved in the escrow, thereby he falsified his statement he had no reason to believe they would be participating parties to the case by means of witnesses, if not additional defendants themselves support grounds to discipline Mr. Waters under Model Rule 8.4(c)(d) and (e).

Paul Singer himself after calling Stewart Title has personal knowledge, and he was told that Mr. Waters did speak with Stewart Title's legal counsel and not only confirmed Mr. Waters had an in depth conversation, but that Stewart Title's legal counsel states she was not going to rebutted Paul Singer's Affidavit because she spoke with Mr. Waters. Due to Mr. Waters interfering and improperly influencing another officer of the court, should result in discipline under Model Rule 8.4(d)and (e).

As a member of the State Bar of California, Mr. Waters committed legal malpractice by breaching his fiduciary duties owed to Paul Singer on the grounds of fair and honesty dealing in settling this case timely and when he asserted his personal knowledge thereupon the declaration through the making of false statements which Mr. Waters could not have believe to be true.

Mr. Waters being privileged with prior knowledge knew he was aiding and abetting his client in the usages of material documents not associated to the terms and condition of the contract associated to the real property at issue. Therefore Mr. Waters knew his client had padded the books: two loans made against the house flipping property equity; which funded the flip of a different property not on the written contract with Paul Singer but benefited Mr. Waters client.

Mr. Waters being privileged with prior knowledge knew those numerous personal checks in Mr. Water's clients personal account and nothing done in any account of Water's client's business name FREEDOM INVESTMENTS LLC (**or evidence the business entity ever open a business bank account**); addition invoices and utility billings for other properties, including invoices of renovation of Mr. Water's client Brian Weldon's own personal property which was not a part of the contract agreement between the two parties (discovered during Mr. Waters deposition of Paul Singer in January of 2023 and stated thereon the oral transcript of the deposition and all business records are the material evidence filed with motion to leave to Second Amend which Paul Singer was granted).

Mr. Waters being privileged with prior knowledge knew all of these business records present during deposition were done to make Mr. Water's client's counter-claim plausible on the reasons why Paul Singer could not be paid on the contract are the result of those bad business records which gave the illusion there were no profits to give even after Mr. Waters client still received over $92,000.00 from escrow. This should result in discipline under Model Rule 8.4(b)(c) and (d).

Mr. Waters and Modern Legal P.C. has received a Notice of Undisputed facts governed under Federal Rule 52 (a) and the California Civil Code of Procedures section 473(c) now are deems as true and correct facts, **See Attachment "7"**.

Mr. Waters and Modern Legal P.C. are under collateral estoppel to ever dispute or cross-examine on those 11 established facts to hold him, the firm and his client fully liable for all cost and damages. These established facts should allow for discipline under Model Rule 8.4(b)(c)(d) and (e).

Mr. Waters has let a feud between him and Paul Singer, abrogate professional conduct with the existence of the written contract and lien at issue and to state Paul Singer was not the true party of interest to enforce the contract all the while knowing or believing it was not true. This should result in discipline under Model Rule 8.4 (b)(c) and (d).

Because Mr. Waters had decided that Paul Singer would recover nothing, Paul Singer respectively request the State Bar hold Mr. Waters liable for the violation of the State Bar of California Rule 8.4(a)(c)(d) and (e): violated these rules or the State Bar Act, knowingly assist, solicit, or induce another to do so, or do so through the acts of another; engage in conduct involving dishonestly, fraud, deceit, or reckless or intentional misrepresentation; engage in conduct that is

prejudicial to the administration of justice, and state or imply an ability to influence improperly a government agency or official or to achieve results by means that violate these rules, the State Bar Act, or other law. Those said mentioned activities of Mr. Waters and those done doing business as Modern Legal P.C. has caused injury and deprived Paul Singer of all equity and interest thereupon the contract.

Paul Singer requests action to investigate, take disciplinary action under Model Rule 8.4(a)(b)(c)(d) and (e) and hold Mr. Waters and Modern Legal P.C. financially liable for the damage done to him.

Paul Singer thanks the State Bar in advance for taking this under submission to this matter, and since there are numerous documents already attached if any additional documents which may have been mentioned above exist that were not attached herein to this complaint are required to complete this investigation, Paul Singer is willing to provide them if they are in his possession to give.

Dated: July 17, 2024

Respectfully Submitted

Paul Singer – Claimant

---

See Attachments:

Attachment "1": Tentative Ruling, 4 pages
Attachment "2": ADR dated 12/9/2021, 2 pages
Attachment "3": Substitution of Attorney – Civil, 2 pages
Attachment "4": Notice to Main Street Escrow – 2 pages
Attachment "5": Affidavit dated 11/4/2022, 3 pages
Attachment "6": Declaration of Craig C.O. Waters, 51 pages
Attachment "7": Notice of Undisputed Facts, 8 pages

**UNITED STATES POSTAL SERVICE.**

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

07/17/2024                                    10:19 AM

| Product | Qty | Unit Price | Price |
|---------|-----|------------|-------|
| PM Express 1-Day | 1 | | $33.40 |

    Los Angeles, CA 90015
    Weight: 0 lb 15.30 oz
    Signature Requested
    Scheduled Delivery Date
    Thu 07/18/2024 06:00 PM
    Money Back Guarantee
    Tracking #:
      EJ3584     JUS
    Insurance                                   $0.00
    Up to $100.00 included

Total                                           $33.40

    Total:                                      $33.40

    Remit                                       $33.40
      VISA
      XXXXXXXXXXXX4814
    Approval #: 041913
    Transaction #: 575
    Receipt #: 079878
    Debit Card Purch.    3.40
    AID: A0000000980    contactless
    AL: US DEBIT

Save this receipt as evidence of
insurance. For information on filing an
insurance claim go to
https://www.usps.com/help/claims.htm
or call 1-800-222-1811

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811.

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,



or call 1-800-410-7420.

UFN: 052902-0426
Receipt #: 840-59500129-3-9775832-2
Clerk: 12

Money-back Guarantee: If the mailer submits an item at a designated USPS® Priority Mail Express® acceptance location on or before the specified deposit time, the Postal Service will deliver or attempt delivery to the addressee or agent before the applicable delivery date and time. Mailer may request the

be submitted once for all applicable refunds. Refund requests for PME or PME with extra Se must be combined into a single submission.

Thank you for choosing Priority Mail Express service.

Tracking® for USPS Tracking, scan the QR Code below or go to USPS.com or 800-222

The DMM consists of federal regulations, and adjudication procedures. Certain items are not insurable. The DMM consists of federal regulations, and USPS personnel are not authorized to change or waive these regulations or grant exceptions. A mailer who requires information on Priority Mail Express insurance may contact the Postal Service before submitting an item. Limitations prescribed in the DMM provide, in part, that:

1. Insurance coverage extends to the actual value of the contents at the time of mailing or the cost of repairs, not to exceed the insured limit for the item.

2. The Postal Service insures the contents of Priority Mail Express "merchandise" items (with "merchandise" defined by Postal regulations) against loss, damage, or missing contents. The Postal Service includes coverage up to $100 per mailpiece at no additional charge. Additional merchandise insurance up to $5,000 per mailpiece may be available for purchase. Additional insurance for Priority Mail Express items is not available unless a signature is required.

LABEL 11-B MARCH 2019    PSN 7690-02-000-9995

EJ 358 490 990 US    Priority Mail Express tracking numbe

ATTACHMENT "1"

B2803-5405 06/10/2024 12:12 PM Received by California Secretary of State

(27)

## Tentative Ruling

Re:             **Paul Singer v. Brian Weldon**
                Superior Court Case No. 18CECG03151

Hearing Date:   August 8, 2023 (Dept. 502)

Motion:         Defendants' Demurrer to the First Amended Complaint

**If oral argument is timely requested, the matter will be heard on Thursday, August 10, 2023 at 3:30 p.m. in Dept. 502**

**Tentative Ruling:**

To overrule the demurrer to the first thru third causes of action. To sustain the demurrer to the fourth thru seventh causes of action.

To grant leave to amend. Should plaintiff desire to amend, the Second Amended Complaint shall be filed within ten (10) days from the date of this order. The new amendments shall be in **bold print**. Should plaintiff elect not to amend, demurring defendants shall file responsive pleadings within twenty (20) days from the date of this order.

**Explanation:**

*First thru Third Causes of Action: Breach of Contract, Implied Covenant, and Common Counts*

Standing can appropriately be tested by a general demurrer (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1009), and " '[a] plaintiff lacks standing to sue if, for example, it [is] not ... a real party in interest.'" (*The Rossdale Group, LLC v. Walton* (2017) 12 Cal.App.5th 936, 945.) A real party in interest in a contract action is one who has an interest in damages incurred from its breach. (*Sobelman v. Maier* (1927) 203 Cal. 1, 7; see also *McCollum v. Steitz* (1968) 261 Cal.App.2d 76, 80 ["One may be liable under a trade name even though one's own name is not on the instrument."]; *Escondido Oil & Development Co. v. Glaser* (1904) 144 Cal. 494, 499 [Allegation that a real party in interest to a contract includes an entity or one of its principal sufficient to defeat a demurrer.].)

Defendants contend plaintiff Paul Singer ("Singer") lacks standing because "[t]he Contract is, on its face, clearly an agreement between Freedom and Benchmark[,]" i.e. the entities' principals were not parties to the agreement. (Points & Auth. in support of Demurrer, at p. 5:12-13.) However, the contract attached to the First Amended Complaint ("FAC") specifies that "[t]his contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC (BLREIC, Inc.) (" 'First Party'"), and Brian Weldon of Freedom Investments, LLC, (" 'Second Party'"). (See First Amended Complaint, Ex. A.) Unlike Brian Weldon, Paul Singer signed the document without noting his title/capacity. (*Id.*) Accordingly, the unambiguous terms of the contract specify that Paul Singer is a part of the "First Party," which, pursuant to the

3

B2803-5406 06/10/2024 12:12 PM Received by California Secretary of State

unambiguous terms of the contract, would be responsible to "perform rehabilitation of real estate in the partnership." (*Id.*)

Singer was entitled to receive at least a portion of the contractual benefit and thus possesses standing to sue for damages incurred. (*Sobelman v. Maier, supra,* 203 Cal. at p. 7.) In other words, it is reasonably logical that Singer, as a signor, would be a responsible party if Weldon/Freedom Investments alleged breach. (See *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1238 ["This rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant."].)

Accordingly, the FAC is not facially defective on standing grounds. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 ["we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."].) The FAC otherwise alleges the existence of contract (FAC Ex. A), that plaintiff performed (FAC ¶ 23), and that defendants' nonpayment caused plaintiff's damages. (FAC ¶¶ 24, 31). (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178 [elements of breach of contract]; *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460 [elements of common counts].) Therefore, the demurrer to the first thru third causes of action is overruled.

### Fourth Cause of Action: Conversion

"A 'generalized claim for money [is] not actionable as conversion.'" (*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 395, citations omitted.) " '[M]oney cannot be the subject of a conversion action unless a specific sum capable of identification is involved.'" (*Ibid,* citations omitted.)

Here, although the FAC alleges the existence of an escrow account (FAC ¶ 24), the FAC does not specify that an identifiable sum of money allegedly remains wrongfully withheld. Rather, the FAC makes a generalized allegation that plaintiff's damages arise from a breach of contract. (FAC ¶¶ 38, 20.) Therefore, the FAC does not sufficiently state a cause of action for conversion.

### Fifth thru Seventh Causes of Action: Intentional Misrepresentation, Negligent Misrepresentation, and Unjust Enrichment based upon Fraud

"To withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law." (*Logan v. Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116, 126.) Furthermore, particularity is required when asserting statutory and fraud causes of action. (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 410; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 878.)

Generally, it is well settled that absent a demonstration of harm above and beyond a broken contractual promise an aggrieved party is only allowed to recover contract, not tort, damages. (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.) In other words, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from

4

B2803-5407 06/10/2024 12:12 PM Received by California Secretary of State

principles of tort law." (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 551; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1238-1239 [Sufficiently pled allegations of fraud sufficient to support tort liability and punitive damages].)

For example, knowledge of falsity (or scienter) is a necessary element of fraud. (See Opp. at p. 3:5 citing *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.* (2008) 578 F.Supp.2d 1242, 1250; see also *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30 ["'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'"].) In essence, although fraud may be alleged as a conclusion (*Universal By-Products, Inc. v. City of Modesto* (1974) 43 Cal.App.3d 145, 151), there must be allegations that the promisor did not intend to perform at the time of formation. (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159.) In other words, "[s]imply put, making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise." (*Ibid.*)

Here, the FAC concludes that the promisor knew the representation was false when it was made (¶ 42), but there are no specific facts alleged to demonstrate that knowledge, i.e. there are no facts alleged to infer that, at the time the contract was made, there was no intention to perform. [See *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 ["fraud must be pled specifically; general and conclusory allegations do not suffice."]; *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 863 [Evidence that a bank questioned sales numbers supported jury finding of scienter even though a formal report was never reviewed]; *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 793 [fraud must be plead with specificity "to give notice to the defendant with sufficiently definite charges that the defendant can meet them" and "to weed out meritless fraud claims."].)

Consequently, without sufficiently alleging knowledge of falsity (or scienter), the FAC fails to adequately allege fraud. Furthermore, plaintiff has entitled the seventh cause of action "Unjust Enrichment based upon Fraud." Considering that the FAC fails to allege sufficient facts to support the fraud causes of action, plaintiff's seventh cause of action, which is "based upon fraud," is also insufficient. Finally, "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." (*Lauriedale Associates, Ltd. v. Wilson* (1992) 7 Cal.App.4th 1439, 1448.)

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____KCK_____ on __8 / 8 / 23__.
          (Judge's initials)             (Date)

5

B2803-5408 06/10/2024 12:12 PM Received by California Secretary of State

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|

TITLE OF CASE:
Paul Singer vs. Brian Weldon

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

[Minute Order and Tentative Ruling, dated 8/8/23]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.  I am readily familiar with this court's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002
On Date:  08/08/2023

Clerk, by _____, Deputy
E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06

CLERK'S CERTIFICATE OF MAILING

ATTACHMENT "2"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, state bar number, and address):<br>Craig C.O. Waters, Esq.      SBN:311109<br>Abrams Law Group<br>5412 N. Palm Avenue, Fresno, CA 93704<br>TELEPHONE NO: 559-431-9710          FAX NO: 559-431-4108<br>ATTORNEY FOR (Name): Brian Weldon | FOR COURT USE ONLY |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA • COUNTY OF FRESNO**<br>1130 'O' Street<br>Fresno, California 93724-0002<br>(559) 457-1909 | E-FILED<br>12/9/2021 2:12 PM<br>Superior Court of California<br>County of Fresno<br>By: I. Herrera, Deputy |
| PLAINTIFF/PETITIONER:      Paul Singer<br><br>DEFENDANT/RESPONDENT: Brian Weldon | |
| **ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)** | CASE NUMBER:<br>18CECG03151 |

Type of Civil Case:
☐ Personal Injury – Property Damage/Auto  ☐ Personal Injury – Property Damage  ☐ Contract  ☑ Other Breach

Date Complaint Filed:  08/23/18 _____  of Contract, Breach of Covenant of Good Faith and fair dealing

Amount in controversy:
☐ $0 to $25,000  ☐ $25,000 to $50,000  ☑ $50,000 to $100,000  ☐ Over $100,000.00 (specify) _____

Date of Alternative Dispute Resolution (ADR) Conference:  NA _____

Name, address, and telephone number of person who conducted the Alternative Dispute Resolution (ADR) Conference:

_____

Case resolved by Alternative Dispute Resolution:

☐ Yes   (proper filing of a **Notice of Settlement** or **Dismissal** form is required by clerk's office)

☑ No    Reason:  Attempts to mediate have been unsuccessful between the parties

Alternative Dispute Resolution process concluded:

☐ Yes

☑ No    Reason for delay:  Defendant has attempted to schedule a mediation with Plaintiff, but have been unsuccessful.
         Next scheduled hearing date:  NA _____

Type of resolution process used:
☐ Mediation  ☐ Arbitration  ☐ Neutral Case Evaluation  ☐ Other (specify): _____

Case was resolved by:
☐ Direct Result of ADR Process  ☐ Indirect Result of ADR Process  ☐ Resolution was unrelated to ADR Process

If case went through ADR and resolved, estimate the closest dollar amount that was saved in attorney fees and/or expert witness fees by participating in the process.
☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ More than $1,000 (specify) _____

If case went through ADR and did not resolve, estimate the closest dollar amount of additional costs incurred due to participation in the ADR process.
☐ $0  ☐ $250  ☐ $500  ☐ $750  ☐ $1,000  ☐ More than $1,000 (specify) _____

PADR-03  R11-11
MANDATORY                    ALTERNATIVE  DISPUTE RESOLUTION STATUS REPORT (ADR)                    Page 1 of 2

Case Number: 18CECG03151

Check the closest estimated number of court days you saved in motions, hearings, conferences, trials, etc. as a direct result of this case being referred to this dispute resolution process:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

If the dispute resolution process caused an increase in court time for this case, please check the estimated number of additional court days:

☐ 0 Days          ☐ 1 Day          ☐ More than 1 day (specify) _____

I would be willing to use the dispute resolution process again:

☐ Yes             ☐ No

Please provide any additional comments below regarding your experience with the ADR process:

_____
_____
_____
_____

ATTACHMENT "3"

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig C.O. Waters, SBN: 311109<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704<br>TELEPHONE NO.: 559-603-8522    FAX NO. (Optional): 559-777-6604<br>E-MAIL ADDRESS (Optional): cwaters@modernlegalpc.com<br>ATTORNEY FOR (Name): Weldon, Brian | E-FILED<br>1/12/2022 1:40 PM<br>Superior Court of California<br>County of Fresno<br>By: Estela Alvarado, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>18CECG03151 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Brian Weldon    makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney (name): Robert C. Abrams, Esq.
2. **New legal representative** ☐ Party is representing self ☑ Attorney
   a. Name: Craig Waters
   b. State Bar No. (if applicable): 311109
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
   5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
   Modern Legal PC
   d. Telephone No. (include area code): 559-603-8522
3. The party making this substitution is a ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other (specify):
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian
- Conservator
- Trustee
- Personal Representative
- Probate fiduciary
- Corporation
- Guardian ad litem
- Unincorporated association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
Date: Jan 12, 2022
Brian Weldon

*Brian Weldon*
Brian Weldon (Jan 12, 2022 09:43 PST)

(TYPE OR PRINT NAME) — (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
Date: 1/12/2022
Robert C. Abrams, Esq.

(TYPE OR PRINT NAME) — (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
Date: 1/12/2022
Craig C.O. Waters, Esq.

(TYPE OR PRINT NAME) — (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |
|---|---|---|

| CASE NAME: | CASE NUMBER: |
|---|---|
| Singer v Weldon | 18CECG03151 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

    (1) Date of mailing: January 12, 2022    (2) Place of mailing *(city and state):* Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4.  a. Name of person served: Paul Singer
    b. Address *(number, street, city, and ZIP):*
       4928 E. Washington Avenue
       Fresno, CA 93727

    c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
    d. Address *(number, street, city, and ZIP):*
       4928 E. Washington Avenue
       Fresno, CA 93727

    e. Name of person served:
    f. Address *(number, street, city, and ZIP):*


    g. Name of person served:
    h. Address *(number, street, city, and ZIP):*


    i. Name of person served:
    j. Address *(number, street, city, and ZIP):*


   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

ATTACHMENT "4"

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500.  Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: _11/4/2022_　　　　　　　　　　Signed: _Paul Vunger_

　　　　　　　　　　　　　　　　　　　　　　　PAUL SINGER – AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

_____

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20_22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public – California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

Fresno CA 93704 **OFFICIAL USE**

| | | |
|---|---|---|
| Certified Mail Fee | $4.00 | 0426 |
| $ | | 3 |
| Extra Services & Fees (check box, add fee as appropriate) | | |
| ☐ Return Receipt (hardcopy) | $ $0.00 | |
| ☐ Return Receipt (electronic) | $ $0.00 | Postmark |
| ☐ Certified Mail Restricted Delivery | $ $0.00 | Here |
| ☐ Adult Signature Required | $ | |
| ☐ Adult Signature Restricted Delivery | $ $0.00 | |
| Postage | $1.44 | |
| $ | | 11/04/2022 |
| Total Postage and Fees | | |
| $ | $5.44 | |

Sent To Modern Legal PC - Craig Watens

Street and Apt. No., or PO Box No. 5412 N. Palm Ave. Ste 105

City, State, ZIP+4® Fresno CA 93704

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

NOTICE
DEMAND FOR PAYMENT


Date: 10/05/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

**Mailed:** *Certified:* # 7022 1670 0002 0008 5754

To:
MAIN STREET ESCROW
400 EAST MAIN STREET, STE 110
VISALIA, CALIFORNIA, 93291

**RE: Escrow Number : 3482-DF; Title Order Number: 01880-268408**

DANA FORSYTHE or To Whom It May Concern:

On 08/01/2017 your company emailed the signed agreement to Paul Singer stating:

"Paul Singer's lien can be released at the close of escrow provided that all lawsuits from Brian Weldon have been dropped and there is an agreement signed by him that no further action will be taken by him or his affiliates now or ever against Paul Singer or his affiliates; $38,500 is to be sent certified check or postal money order made out to PAUL SINGER in memo; For compensation for his time, and give to Brian Weldon's attorney (Law office of Robert C. Abrams 5412 N. Palm Ave, Suite 101 Fresno CA 93704)."

On September 6, 2022, Robert C. Abrams Esq, of Law Office of Robert C. Abrams denies any monies from Main Street Escrow to have been given to them. This is very disturbing that upon this agreement made on 08/01/2017 with Mr. Weldon and me, Mr. Weldon has not honored the agreement, or able to honor because of this transaction your business conducted. Since I never received my portion, and claims made in writing from Mr. Weldon's attorney Robert C. Abrams, he or his office never got my monies for safekeeping, I am demanding an accounting of this before I file with the California Real Estate Commission to investigate in the next TEN days upon receipt of this letter.

This is to be considered a form of conversion and I am demanding the release of my $38,500.00 to me immediately.

Best Regards

*Paul Singer*

ALL RIGHTS RESERVED-WITHOUT PREJUDICE

Enclosure:  September 6, 2022 letter from ROBERT C. ABRAMS/LAW OFFICE OF ROBERT C. ABRAMS

 # ABRAMS LAW GROUP

September 6, 2022

*[SENT VIA US MAIL]*
Paul Singer
9428 E Washington Avenue
Fresno, California 93727

RE: Your "Affidavit of Notice" (Trust Malfeasance)

Dear Mr. Singer,

I am in receipt, today, of the above notice you sent certified mail dated September 1. I have absolutely no idea what this is, what it is for or what you intend to do with it. I will tell you this:

1. The information contained therein and held out to be factual are, in fact, bold face lies.
2. Neither my office nor I received any funds from the escrow mentioned therein.
3. You were not the beneficiary of that escrow.
4. I am unsure as to what "facts" have been established through court records.
5. I have no way of knowing what you reference as a "conditional acceptance"
6. If this is a UCC claim, an injunction was issued against you on July 24, 2017, to file a release of any UCC Lien you may have had on the property.
7. Your claim regarding a 6-year statute of limitations is contrary to every statute I am aware of. You claim there is a written agreement, of which I have no knowledge and the statute on a written contract is 4 years. That ship, if it ever existed has sailed.

This is my promise to you should you attempt to use this document or make its false claims public in any way:

I will take all legal remedies available to me, including, but not limited to the following:

1. I will file a petition for contempt against you for violation of a court order issued in Case #17CECG01737 on July 24, 2017.
2. I will bring a lawsuit against you for defamation for intentional publication of defamatory statements.

If you believe you have a claim against me, Mr. Waters or my firm, I suggest you file a lawsuit. . I do not expect to hear anything further regarding this matter from you.

Sincerely,
Abrams Law Group

*Robert C. Abrams*

Robert C Abrams

cc: C Waters

# ATTACHMENT "5"



U.S. Postal Service™
CERTIFIED MAIL® RECEIPT
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Certified Mail Fee   4.00
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)              $
☐ Return Receipt (electronic)            $
☐ Certified Mail Restricted Delivery     $
☐ Adult Signature Required               $
☐ Adult Signature Restricted Delivery    $

Postage   1.20
$

Total Postage and Fees   5.20
$

Sent To   Main Street

Street and Apt. No., or PO Box No.   400 E. Main St.

City, State, ZIP+4®   Visalia 93291

PS Form 3800, April 2015 PSN 7530-02-000-9047   See Reverse for Instructions

Postmark Here
BULLARD PHARMACY CPU 0411
OCT 5 2022
FRESNO CA 93711-1719

7022 1670 0002 0008 5754

# ATTACHMENT "6"

E-FILED
2/21/2023 4:05 PM
Superior Court of California
County of Fresno
By: Estela Alvarado, Deputy

CRAIG C.O. WATERS, ESQ. (SBN: 311109)
**MODERN LEGAL PC**
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
Telephone:     (559) 603-8522
Facsimile:     (559) 777-6604
Email:        cwaters@modernlegalpc.com

Attorney for Defendant and Cross-Complainant
BRIAN WELDON

## IN THE SUPERIOR COURT OF CALIFORNIA

## COUNTY OF FRESNO

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company,<br><br>    Plaintiffs,<br><br>v.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive<br><br>    Defendants. | Case No. 18CECG03151<br><br>**DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** |
| BRIAN WELDON, an individual;<br><br>    Cross-Complainant,<br><br>v.<br><br>PAUL SINGER, an individual; and BENCHMARK LOGIC REAL ESTATE INVESTING AND CONSULTING, LLC, a California Limited Liability Company; ROES 1 through 20, inclusive,<br><br>    Cross-Defendants. | Assigned to Hon. Kristi Culver Kapetan, Dept. 403<br>Complaint filed: August 23, 2018<br>Cross-Complaint filed: September 21, 2020<br><br>**Date:**    March 15, 2023<br>**Time:**    3:27 p.m.<br>**Dept.:**    502 |

I, CRAIG C.O. WATERS, declare as follows:

1.    I am an attorney fully licensed to practice law before all the courts in the State of California, and the attorney of record for Defendant BRIAN WELDON ("Defendant"). I have held this position at all times relevant herein.



MODERN LEGAL PC

---

1

1   2.   If I were called as a witness, I would and could competently testify to all facts stated

2   herein from my personal knowledge, except where stated upon information and belief and, as to

3   those matter, I am informed and believe them to be true.

4   3.   On or about December 12, 2022, my office received a meet and confer letter from

5   Plaintiff PAUL SINGER ("Plaintiff") dated December 9, 2022, by certified mail with tracking

6   number 7022 1670 0002 0008 6997 (the "6997 Tracking Number") (the "December 12 Meet and

7   Confer Letter"). A true and correct copy of the December 12 Meet and Confer Letter is attached

8   hereto as **Exhibit A.**

9   4.   Modern Legal PC's mail processing protocol is to date-stamp and scan all incoming

10  mail, including the envelope in which the mail is received, and save the scans into the firm's cloud-

11  based software, by which the scanned mail is saved to the particular client's matter file.

12  5.   Upon receiving the December 12 Meet and Confer Letter after it had been processed,

13  I reviewed the scanned mail for that day and the matter file for this case but found no record of any

14  requests for admission having been served by Plaintiff.

15  6.   The only mail item received during the time in question, around November 8, 2022,

16  was an "Affidavit of Truth" that my office had received from Plaintiff on November 7, 2022 (the

17  "November 7 Affidavit of Truth"). A true and correct copy of the November 7 Affidavit of Truth is

18  attached hereto as **Exhibit B.**

19  7.   The November 7 Affidavit of Truth was received by certified mail with tracking

20  number 7022 1670 0002 0008 6096 (the "6096 Tracking Number"). Indeed, on November 9, 2022,

21  I received a phone call from counsel for the escrow company involved in the subject transaction

22  stating that they had also received an affidavit of truth from Plaintiff.

23  8.   On December 15, 2022, I drafted a meet and confer response letter to Plaintiff

24  informing him that no record of any requests for admission could be found and asked Plaintiff to

25  send the requests that Plaintiff believed were outstanding (the "December 15 Response Letter"). A

26  true and correct copy of the December 15 Response Letter is attached hereto as **Exhibit C.** No

27  response was ever received from Plaintiff.

28  ////

ML

MODERN LEGAL PC

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

9.      On or about December 29, 2022, approximately two weeks after I responded to Plaintiff's meet and confer letter, my office received a copy of Plaintiff's Motion with the alleged requests for admission. This was the first time I had seen the alleged requests for admission (the "Requests").

10.     After receiving the Motion, I contacted Plaintiff by telephone to meet and confer regarding the Motion and the allegedly outstanding responses. I informed Plaintiff, once again, that no requests for admission had been received by my office.

11.     Plaintiff represented that he had sent the requests by certified mail and that he had a tracking number. I requested the tracking number and Plaintiff agreed to provide it after the call. During the meet and confer call, I agreed to serve responses to the Requests no later than the end of the day on January 12, 2023. After the phone call, I drafted a confirming letter, which was sent to Plaintiff by mail and by email as Plaintiff requested.

12.     On December 30, 2022, I received an email from Plaintiff with a Certified Mail Receipt and USPS tracking page ("Plaintiff's Email with Tracking Information"). A true and correct copy of Plaintiff's Email with Tracking Information is attached hereto as **Exhibit D**.

13.     The tracking number identified on the Certified Mail Receipt was the 6096 Tracking Number and was one of three envelopes sent via certified mail by Plaintiff on that day. The receipt for the Certified Mailing showed that Plaintiff sent three identical mailings to three separate zip codes, all weighing exactly the same amount. This piqued my interest, as Defendant is the only active party in the matter and there are no other parties to be served with the Requests.

14.     I reviewed the 6096 Tracking Number and compared it with the Firm's received mailings. The tracking number was matched, not to any requests for admission as alleged, but to the November 7 Affidavit of Truth previously identified by my office. The USPS tracking page shows that 6096 Tracking Number was marked as delivered at 10:03 a.m. on November 7, 2023. A print-out of my office's cloud-based software confirms that the document and its envelope with the 6096 Tracking Number was scanned into the software on November 7, 2022, at 10:13 a.m., approximately ten minutes later (the "Clio Timestamp"). A true and correct copy of the Clio Timestamp is attached hereto as **Exhibit E**.

---

3

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

15.     On or about January 3, 2023, I drafted a letter to Plaintiff wherein I explained my findings and included a copy of the electronic records for the receipt of the November 7 Affidavit of Truth, not the Requests as alleged by Plaintiff (the "January 3 Response Letter"). A true and correct copy of the January 3 Response Letter is attached hereto as **Exhibit F**. I respectfully requested, in light of the findings, that Plaintiff withdraw his Motion to Deem the Truth of Matters Admitted.

16.     On or about January 5, 2023, I received a responsive letter from Plaintiff stating that he disagreed with my findings ("Plaintiff's Notice of Objection"). A true and correct copy of Plaintiff's Notice of Objection is attached hereto as **Exhibit G**. Plaintiff claimed the November 7 Affidavit of Truth could not have been the document contained in the envelope scanned by my office because the November 7 Affidavit of Truth was notarized at 02:00 p.m. on November 4 and the 6096 Tracking Number was created before that time.

17.     On or about January 10, 2023, I contacted J. Leal ("Ms. Leal"), the notary public who had notarized the November 7 Affidavit of Truth. During the conversation, Ms. Leal stated that she forgot to enter the time for the notarization of the November 7 Affidavit of Truth in her notary log on the day of the signing. She further stated that the week before I contacted her, Plaintiff called her regarding the time of the notarization, and she informed him of the omission in her log. Per Ms. Leal, upon finding the omission, she reviewed her appointment calendar for the day and found that her appointment with Plaintiff was at 09:00 a.m. on November 4, 2022. When she informed Plaintiff of this fact, Plaintiff was adamant that it could not have been that early and that it could not have been before 02:00 p.m. For reasons unknown, Ms. Leal accepted Plaintiff's representation and completed the notary log by filling in 02:00 p.m. as the time of the signing. After my phone call with Ms. Leal, she confirmed the information in the call by text, and provided me with a copy of her appointment log for the day of the signing (the "January 10 Text Messages with Leal"). A true and correct copy of the January 10 Text Message with Leal are attached hereto as **Exhibit H**.

////

////

////



MODERN LEGAL PC

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

18.     On January 12, 2023, as agreed during the December 29, 2022 meet and confer call, I served Defendant's responses to the Requests on Plaintiff by mail and email (the "Responses to Requests for Admission".) A true and correct copy of the Proof of Service for the Responses to Requests for Admission is attached hereto as **Exhibit I**.

19.     Defendant has incurred a total of $3,685.00 in attorney's fees and $77.48 in costs in opposing Plaintiff's Motion to Deem Truth of Matters Admitted and bringing this Motion for Sanctions.

20.     My hourly rate in this case is $335.00, which is commensurate with the hourly rate of other trial lawyers with my level of experience in Fresno County.

21.     Time entries are entered by attorneys and staff, contemporaneously with the completion of the work in an electronic time-keeping software. The records have been reviewed in detail to check for and correct duplicate entries and the like. In addition, I exercised billing judgment by deleting or reducing some time entries. The costs for the case are entered contemporaneously on the day they are paid by my firm. True and correct copies of worksheets showing the time entries and costs are attached hereto as **Exhibit J** and **Exhibit K**, respectively.

22.     In support of my hourly rate, I offer the following qualifications: I have been a licensed attorney for over six years, the entire duration of which has been in real estate and business litigation. Further, I have worked in real estate and business litigation for nearly nine years.

23.     My firm periodically establishes hourly rates for the billable personnel in our firm based on prevailing market rates in our area for attorneys of comparable skill, experience, and qualifications in a specialized practice area. These are the rates to be charged.

24.     The current hourly rates of the personnel who billed time in this case are well within the range of current market rates in this area for attorneys of similar age and experience.

Executed on February 21 , 2023 in Fresno, California. I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

_____
CRAIG C.O. WATERS

# EXHIBIT A

**NOTICE**
**MEET AND CONFER LETTER FOR FURTHER DISCOVERY RESPONSES**

Date: 12/09/2022

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified#70221670000200086997

**RE: PAUL SINGER vs. BRIAN WELDON**

To:
MODERN LEGAL PC
C/O CRAIG WATER ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 150
FRESNO, CALIFORNIA, 93704

Dear Brian Weldon and Counselor:

On November 8, 2022, I served upon you, on behalf of your client, BRIAN WELDON with requests for admission.

To date no responses have been received by me. I have still not received any response or received any request on your part for the extension for time which I would have considered. As you are more than 30 days late and I having personal knowledge to consider those records herein to this case history to all issues regarding meet and confer with your party, including the most recent being for mediation where the Court previously ordered you to do so, which you have yet to comply upon any of my requests since that order. I must insist that your client, BRIAN WELDON, provide me with his verified responses, without objections.

Be advised that Code of Civil Procedure § 2023.010(d) states that failing to respond to an authorized method of discovery is an abuse of the discovery process. Furthermore, your client has failed to serve any timely responses, therefore he has waived any right to objections, pursuant to Code of Civil Procedure § 2033.280 for the requests for admission.

Accordingly, I request that your client submit verified responses to my form requests for admission, without objections, within 10 days from the date of this letter.

It is my sincere intention to settle this matter amicably without the need for judicial intervention. However, as I am entitled to your client's verified discovery responses in the event, if I do not receive your client's verified responses, without objections, within 10 days from the date of this letter; I will have no choice but to file motion to deem admitted with the Court and ask for attorney's fees and sanctions for your client's failure to comply.

Very truly yours,

PAUL SINGER – PLAINTIFF– IN PRO PER



CERTIFIED MAIL

7022 1670 0002 0008 6957

US POSTAGE PAID
$8.45

Paul Singer
49 U.S. East Washington Ave.
Fresno, California 93747

RECEIVED

Brian Kelly
J&G6 Nature's
Attorney at Law
5 P. B. North Brinkley, suite 105
Fresno, California 93717

# EXHIBIT B

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:   Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500.  Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NOV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11/4/2022__                    Signed: _____
                                              PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

> A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_

20 _22_, by _Paul Singer_

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public • California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

PRESORTED FIRST-CLASS MAIL
US POSTAGE PAID
FRESNO, CA
$5.44
R2304W21760-3

RECEIVED

7022 1670 0002 0000 6096

Brian Weldon
c/o Craig Lockes (RBLLC)
Nexen Legal Dept
5113-10 Palm Ave Ste 116
Fresno, California 93704

# EXHIBIT C



# MODERN LEGAL PC

December 15, 2022

**_Sent via U.S. Mail and Electronic Mail_**
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727

      Re:    Meet and Confer
              Singer v. Weldon - FCSC # 18CECG03151

Mr. Singer:

I am in receipt of your letter dated December 9, 2022, wherein you stated you are attempting to meet and confer regarding requests for admission allegedly served on my office on November 9, 2022. In reviewing the file for this case I do not show that any requests for admission were served by you on that date or any other date. Please provide me with copies of any requests for admission you believe are outstanding.

As to the mediation of the case, my recollection is that we have attempted to resolve the case with you multiple times since our trial date last year, but have never received any response to our calls or letters. I have enclosed a copy of one of our offer letters from March of this year for your reference. If you wish to discuss settlement I am happy to discuss it with you and can be reached at the office number below.

I look forward to hearing from you.


Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC


Enclosure(s): Settlement Letter



# MODERN LEGAL PC

March 4, 2022

<u>*Sent via U.S. Mail and Electronic Mail*</u>
Paul Singer
4928 E. Washington Avenue
Fresno, California 93727
paul@calscope.com

Re: Case No. 18CECG03151 (*Singer v. Weldon, et al.*)

Mr. Singer:

Mr. Weldon is offering $3,500.00 to settle this case. Should you refuse this offer, I will have no choice, but to file a motion to dismiss the entire case on the grounds that, as you have been informed, you cannot serve as legal representation for your company, Benchmark Logic Real Estate Investing and Consulting.

Mr. Weldon is not amenable to granting a stipulation allowing you to separate yourself from the company and, consequently, the Judge is likely to dismiss your case in its entirety, leaving you with nothing for your troubles. If the Judge does not dismiss your case, Mr. Weldon will further pursue his claim against you in his Cross-Complaint and obtain the 45% of losses on the project.

The Cross-Complaint would not have been brought against you if Mr. Weldon were not certain that there were no profits, but only the financial losses on the project. Should Mr. Weldon be forced to go forward with his Cross-Complaint against you, your company will remain an included party, forcing you to retain counsel or be defaulted, securing Mr. Weldon's success. Should you hire an attorney, you will likely find yourself on the receiving end of a $25,000 to $50,000 legal bill. An offer of $3,500.00 is generous of Mr. Weldon.

Please respond to this offer no later than Friday, March 11, 2022. I look forward to hearing from you.

Kindest Regards,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

# EXHIBIT D

**Friday, December 30, 2022 at 08:24:02 Pacific Standard Time**

**Subject:** Singer v. Weldon (01033)
**Date:** Friday, December 30, 2022 at 8:06:47 AM Pacific Standard Time
**From:** Kayla L. Waters
**To:** Craig Waters, Alejandra Ramirez
**Attachments:** image001.png, image002.png, Certified mail tracked to Waters office Front Desk.pdf, Certified mail sent.pdf



**Kayla L. Waters, J.D.**

Office Manager | Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

**From:** Paul <paul@calscope.com>
**Date:** Thursday, December 29, 2022 at 8:16 PM
**To:** Kayla L. Waters <kwaters@modernlegalpc.com>
**Subject:** Re: Singer v. Weldon (01033)

Good evening, Mr. Waters,

Per our phone conversation today, as promised here is the proof of service of Judicial Counsel Form, DIS-20, Request for Admission of the Truth, SET ONE. I will get back with you January 3rd or 4th at the latest of 2023, about whether to extend the trial out to move towards settlement.

of 2023, about whether to extend the trial out to move towards settlement.

Best Regards,

Paul Singer

Good afternoon Mr. Singer,

Please see the attached correspondence from Mr. Waters; thank you.

--

**Kayla L. Waters, J.D.**

Office Manager I Modern Legal PC

5412 N. Palm Avenue, Suite 105

Fresno, California 93704

P: 559.603.8522 I www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and is legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without saving it in any manner. Thank you.

--
--



**Kayla L. Waters, J.D.**
Office Manager | Modern Legal PC
5412 N. Palm Avenue, Suite 105
Fresno, California 93704
P: 559.603.8522 | www.modernlegalpc.com

CONFIDENTIALITY NOTICE: The information contained in this email is intended only for the personal and confidential use of the recipients named above and legally privileged. If you are not the intended recipient or an agent responsible for delivering it to the intended recipient, you are hereby notified that you have received this document in error and that any review, dissemination, distribution, or copying of this message is STRICTLY PROHIBITED. If you have received this email in error, please notify us immediately by forwarding this to kwaters@modernlegalpc.com and destroy the original transmission without reading or saving it in any manner. Thank you.





**UNITED STATES POSTAL SERVICE**

EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-1398
(800)275-8777

11/04/2022                          12:43 PM

| Product | Qty | Unit Price | Price |
|---------|-----|-----------|-------|
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Visalia, CA 93291 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200008989 | | | |
| Total | | | $5.44 |

First-Class Mail®          1         $1.44
Large Envelope
    Tulare, CA 93274
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
      Mon 11/07/2022
    Certified Mail®                   $4.00
      Tracking #:
      70221670000200008996
Total                                 $5.44

First-Class Mail®          1         $1.44
Large Envelope
    Fresno, CA 93704
    Weight: 0 lb 1.10 oz
    Estimated Delivery Date
      Mon 11/07/2022
    Certified Mail®                   $4.00
      Tracking #:
      70221670000200009009
Total                                 $5.44

Grand Total:                         $16.32

Credit Card Remit                    $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX0242
    Approval #: 004050
    Transaction #: 743
    AID: A0000000031010
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811

              Preview your Mail
              Track your Packages
              Sign up for FREE @
    https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business.

          Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device

# USPS Tracking®

Tracking Number:

Remove ✕

## 70221670000200086096

Copy          Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022
in FRESNO, CA 93704.

Feedback

### Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

**Redelivery Scheduled for Next Business Day**
FRESNO, CA 93704
November 5, 2022, 9:34 am

**Out for Delivery**
FRESNO, CA 93704
November 5, 2022, 6:10 am

**Arrived at Post Office**
FRESNO, CA 93704
November 5, 2022, 5:53 am

**Departed USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**

FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**

FRESNO, CA 93727
November 4, 2022, 12:42 pm

Hide Tracking History

---

Text & Email Updates                                              ⌄

---

USPS Tracking Plus®                                               ⌄

---

Product Information                                               ⌄

See Less ⌃

Track Another Package

```
Enter tracking or barcode numbers
```

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# EXHIBIT E

‹ Back to Documents

**2022-11-04 Singer's Affidavit of Truth.pdf**

Version 1

box

Uix versiin 17/2072 11 13 AM

| | |
|---|---|
| **Matter** | Weldon_Brian-00003 |
| **Contact** | Brian Weldon |
| **Category** | |
| **Uploaded by** | Absalom Ramirez |
| **Uploaded at** | 11/07/2022 10:13 AM |

Version History     [Compare Versions]

Version 1

Lxst uplxaden 1 1/2022 11 12 AV by Absxxxx
Ramwz

## AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292: Title Order No.: 01880-266408;
Loan No.: 0507650349; Registered UCC-1 liens Document No.: 6045963002 & 6112841002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 6045963002 – PAUL SINGER
UCC-1 DOC NO.: 6112841002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON: Loan Payoff was not properly processed by both the Title Company and Escrow
Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500
and forcing litigation to seek recovery.

### For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear,
declare under penalty of perjury and state as follows:

   1. Affiant is competent to state the matters set forth herein.
   2. Affiant has knowledge of the facts stated herein.
   3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon
      as a witness, Affiant will testify to their veracity.

### Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 6045963002 at the time
of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of
real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on
08/10/2017.   Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there
is no proof to the contrary.

# EXHIBIT F



# MODERN LEGAL PC

January 3, 2023

**_Sent via U.S. Mail and Electronic Mail_**
Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
paul@calscope.com

      Re:    Singer v. Weldon – Meet and Confer
             FCSC No. 18CECG03151

Dear Mr. Singer:

This letter is in response to your email dated December 29, 2022, and is in continuance of our meet and confer regarding the requests for admission you believe were served on our office. Thank you for sending the email with the tracking number discussed over the phone.

I have reviewed the Certified Mail Receipt you provided with tracking number 7022 1670 0002 00008 6096 and compared it with our records. As I mentioned in our phone conversation, we scan all incoming mail, including the enevelopes they arrive in. We did receive an envelope with the provided tracking number, but the envelope contained an affidavit of truth, not requests for admissions as contended. In furtherance of our meet and confer, I have attached the original scan of the documents contained within the envelope as well as the envelope itself. As you will see from the scan, the tracking number on the envelope matches the one you provided.

Given the aforementioned, I am confident the judge will find that the requests were not served on our office and will deny your motion. Accordingly, and in order to avoid wasting time and resources, I request that you take your motion to deem admissions off calendar and confirm the same within the week. Otherwise, we will be forced to respond to your motion and will be seeking recovery of our fees and costs.

Sincerely,

Craig C.O. Waters, Esq.
MODERN LEGAL PC

Enclosure(s):Certified Mailing Information, Affidavit of Truth

## CERTIFIED MAIL® RECEIPT
**Domestic Mail Only**

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

| | |
|---|---|
| Certified Mail Fee | $4.00 |
| $ | 0428 |
| Extra Services & Fees (check box, add fee as appropriate) | |
| ☐ Return Receipt (hardcopy) $ $0.00 | |
| ☐ Return Receipt (electronic) $ $0.00 | |
| ☐ Certified Mail Restricted Delivery $ $0.00 | Postmark |
| ☐ Adult Signature Required $ $0.00 | Here |
| ☐ Adult Signature Restricted Delivery $ $0.00 | |
| Postage $1.44 | |
| Total Postage and Fees $5.44 | 11/04/2022 |

Sent To _Modera Legal PC~Craig Waters_
Street and Apt. No., or PO Box No. _5412 N. Palm Ave, Ste 105_
City, State, ZIP+4® _Fresno  CA  93704_

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions



### UNITED STATES
### POSTAL SERVICE®

**EAST FRESNO**
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

11/04/2022                          12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Visalia, CA 93291 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086089 | | | |
| Total | | | $5.44 |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Tulare, CA 93274 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086119 | | | |
| Total | | | $5.44 |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Fresno, CA 93704 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086096 | | | |
| Total | | | $5.44 |

Grand Total:                         $16.32

Credit Card Remit                    $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX8243
    Approval #: 004050
    Transaction #: 743
    AID: A000000031010      Chip
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
          1-800-222-1811

        Preview your Mail
        Track your Packages
        Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
       Thank you for your business

     Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device,

# USPS Tracking®

FAQs >

Tracking Number:

Remove X

## 70221670000200086096

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

Feedback

Get More Out of USPS Tracking:

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

### Redelivery Scheduled for Next Business Day
FRESNO, CA 93704
November 5, 2022, 9:34 am

### Out for Delivery
FRESNO, CA 93704
November 5, 2022, 6:10 am

### Arrived at Post Office
FRESNO, CA 93704
November 5, 2022, 5:53 am

### Departed USPS Regional Facility
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**
FRESNO CA DISTRIBUTION CENTER

November 4, 2022, 8:57 pm

**USPS in possession of item**
FRESNO, CA 93727
November 4, 2022, 12:42 pm

**Hide Tracking History**

---

**Text & Email Updates** ⌄

---

**USPS Tracking Plus®** ⌄

---

**Product Information** ⌄

See Less ⌃

Feedback

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document No.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:  Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500.  Affiant believes there is no proof to the contrary.

4. MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

5. STEWART TITLE knew of the two liens of the property, therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

7. There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

10. BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


IN WITNESS WHEREOF I hereunto set my hand and seal on this ___4___ day of __NdV__, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11 / 4 / 2022__          Signed: _____

                                         PAUL SINGER - AFFIANT

**Jurat**

This certificate is attached to a __Affidavit of Truth__

dated __11/4/22__

Document Information: _____

_____

_____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF __Fresno__

Subscribed and sworn to (or affirmed) before me on this __4th__ day of __November__

20__22__, by __Paul Stiger__

proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: __J. Leal__

My appointment expires: __10/09/2026__

J. LEAL
Notary Public - California
Fresno County
Commission # 2402265
My Comm. Expires Oct 9, 2026

U.S. POSTAGE PAID
PM FCM LG ENV
FRESNO, CA 93704
NOV 14, 23
AMOUNT
$5.44
R2305W121793-3

1000   93704

CERTIFIED MAIL

7022 1670 2000 0006 6076

RECEIVED
NOV 17 2023
By: _____

Brian Welidan
C/O Craig Waters (d/b/a)
Modern Legal PC
5412 N. Palm Ave, Ste. 106
Fresno, California 93704

# EXHIBIT G

**NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER**
**DECEMBER 29, 2022**

Date: 01/04/2023

From:
PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALIFORNIA 93727

Mailed: Certified #: 70221670000200086980

RE: RECEIVED MODERN LEGAL PC LETTER DATED DECEMBER 29, 2022 ON JANUARY 2, 2023;

SINGER v. WELDON
FCSC No.: 18CECG03151

To:
MODERN LEGAL PC
C/O CRAIG WATERS, ESQ, (d/b/a)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

CRAIG WATERS, ESQ

Thank you for taking time out after we spoke on December 29, 2022, to attempt to summarize the conversation. However, I now have to immediately address issues you're implying and perceived we discussed, and since I did record the call as I mentioned at the beginning of the phone call, too many misunderstandings of our conversation does require this Notice. I have to object to your statements and use of specific letters that if left in silence could mislead and create mistake of facts if I do not rebuttal them here and now.

As mentioned over the phone conversation on December 29, 2022, approximately around 3:25 p.m., I asserted, with full personal knowledge, regarding sending my Request for Admission occurred by certified mailing. The evidence I have that you received Form DIS-20: Request for Admission of Truth, mailing dated November 4, 2022, was for a fact received by your office on November 7, 2022.

After our phone conversation and in great detail, you explained how your internal staff in the office processes all mail by recording all documents immediately, which makes no sense to your lack of knowledge of the discovery request implies you are still looking for a way to delay even more.

PLEASE TAKE NOTICE: reference to the enclosure: Certified Mailing receipt dated November 4, 2022, and USPS Tracking # 7022167000020086096 and USPS Tracking history delivery records on November 7, 2022, that you did in fact receive the Request for Admission of Truth. The U.S. Postal Service delivered to your business entity's address: MODERN LEGAL PC. 5412 N. Palm Avenue, Suite 105, Fresno, California 93704.

## NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
### DECEMBER 29, 2022

Since we both can agree you received the certified article: Meet and Confer letter dated December 9, 2022, established a fact, that certified mail and their articles have been successfully delivered to your business address, therein was placed in your care, including my Request for Discovery Form DIS-20 on November 7, 2022.

According to your letter dated December 29, 2022, you assert you received the Meet and Confer Notice on December 13, 2022, then December 23, 2022, was your deadline. Statutory obligation to respond states by the tenth (10th) day, and since you acknowledge a date is why I will no longer entertain anymore delay or excuses since I held off from filing so to give you a grace period under a postal rule of three (3) additional days and consideration to the holiday. Therefore, you have left me no other alternative but to file my moving papers with the Courts on December 28, 2022, for abuse of discovery as the results of your lack of due diligence or negligence, it appears you only care when the Courts get involved.

Also, December 15, 2022, Letter to Singer, you also attached a letter dated March 4, 2022. Since I never received any of those two letters until as of January 2, 2023, I have no choice but to make a statement regarding the nature of those letters. I had no personal knowledge of any of those letters, and I did not address any of those issues as per our conversation over the phone December 29, 2022.  Now having been given an opportunity to review these letters, my statements are as follows:

1. Fact:  My mailing reciprocal is a locked mailbox that I get my mail every day.
2. Fact:  Your letters never were timely sent based on their dates
3. Fact:  None of those letters were ever electronic mail either, but the letter makes those claims.

**OFFER AND ACCEPTANCE CAN NOT BE REACHED AT THIS TIME.**

The March 4, 2022 letter you refer to as a Settlement Letter is not accepted as a good offer since I was never WELDON's employee but in fact a partner to an agreement. Since I have the settlement agreement signed by WELDON that I was to be paid out of escrow $38,500.00, and all the interaction between WELDON and myself regarding those terms made by WELDON are held within the Department of Real Estate records, then all my new found evidence should be presented at a trial at this point. Considering the causes of actions:  Breach of contract, breach of implied honest and fair dealing, conversion and fraud will establish my right of remedy for injury by treble damages. Your client WELDON is only damaging himself financially at his own hands just to avoid a money agreement which would have been cheaper had he just paid-up front as promised.

### Benchmark Logic Real Estate Investing and Consulting LLC

In readdressing our conversation regarding reinstatement of Benchmark Logic Real Estate Investing and Consulting LLC ("Benchmark").  It has been my goal to do so, however the settlement agreement at the time of closing escrow between Brian Weldon ("WELDON") and myself was created between individuals first and foremost. The Benchmark entity was created only because Weldon said he would only do business this way.  In addition to any reinstatement of Benchmark, it is still being addressed with the California Franchise Tax Board.  Therefore until this issue is resolved with the State, and in reference to timing for any serious attorney to want to take representation, I cannot believe at this time, it can legally be done within a short window of time to bring this entity into a qualified party as we both would like.

## NOTICE OF OBJECTION TO COUNSELOR'S SUMMARY OF OUR MEET AND CONFER
## DECEMBER 29, 2022

**MAIN STREET ESCROW**

Coming to a closing of your letter dated December 29, 2022, you bring up a topic we did not discuss over the phone however it is Exhibit "A" attached in Declaration of Paul Singer and Exhibits in Support of Motion to Deem the Truth of Matters Specified in Request From Admissions, Set No. One Admitted and Request for Order: Judicial Counselor Form DIS-20 - Request for Admission Continued: Attachment"1", page 2; #17.

**QUESTION:** Is it that you have an interest in a possible claim that I may have against MAIN STREET ESCROW? Is this correct?

From what I know of MAIN STREET ESCROW, they are the terminated dead entity after the closing of WELDON's escrow back in 2017, therefore, under the law, are no longer operating as a business here in California. Ask your client WELDON about Exhibit "A", - Request For Admission Continued: Attachment"1", page1, #5 for more information on the records held in escrow, please contact your client since WELDON did a real property transaction with them before MAIN STREET ESCROW entity closed its' doors to the public permanently.

Best Regards,

_Paul Singer_

Paul Singer, Plaintiff and in Pro Per

Enclosure:

(1) Request for Admission of Truth, mailed through U.S. Postal Service, receipt of certified mail, and tracking





PAUL SIN
4908 E. WASHINGTON AVE
FRESNO CA 93727

7022 1670 0002 0006 6980

MODERN LEGAL PC
C/O CRAIG WATERS, ESQ, CD/18/A)
5412 NORTH PALM AVENUE, SUITE 105
FRESNO, CALIFORNIA, 93704

# EXHIBIT H



To: +1 (559) 917-1315

Message
Today 11:43 AM

Today 11:40 AM

Notary on November 4th

Like I said, that's the only one I had that day

It's not official because I might've forgotten to change it if he called me back or texted me back telling me he was going to be late

Yeah I know it's a Notary Appointment because I only make $15 per signature and it's written on there

Most of the time I write Notary next to it. But as you see, I didn't write a lot of stuff that day

Write 2 PM was written in after the discussion with him, telling me that he actually came in later, and I had no way of knowing because I had not written the time in the notary journal

Fri Nov 4th

## Remember Today!

Top 3

1 Marco's B'day [9:3]

2 Get Salad items *

3

## Appointments

| Time | Where |
|------|-------|
| 9am 2pm 7 15 | |

7pm    Friend's Giving / Bible Study

## Dinner

## Daily Clean and Organize

Make Bed
Clean Dishes
Laundry
Wipe Bath Sink
Empty Trash
Pick Up Clothes

☐ Pick Up Toys ☐
☐ General Pick Up ☐
☐ One Drawer or Shelf ☐
☐
☐
☐

Water ○ ○ ○ ○ ○ ○ ○ ○

## Notes

# EXHIBIT I

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF FRESNO

    I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA 93704.

    On January 12 , 2023, I served the foregoing document(s) described as: **DEFENDANT BRIAN WELDON'S RESPONSES TO REQUESTS FOR ADMISSION SET ONE (1) BY PLAINTIFF PAUL SINGER** on the parties in this action as follows:

☒    **BY EMAIL:** I caused such document to be sent via email transmission to the offices of the addressee(s) as set forth below:

☒    **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
*paul@calscope.com*

Benchmark Logic Real Estate Investing & Consulting, LLC
c/o Paul Ventura Singer
*paul@calscope.com*

    Executed on January 12 , 2023, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Jacqueline Cardozo*

Jacqueline Cardozo



MODERN LEGAL PC

PROOF OF SERVICE

# EXHIBIT J

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|------|-----|-------------|----------|--------------|------|
| 12/09/2022 | 0.2 | Update Client File with letter from Plaintiff regarding Requests for Admissions. | $225.00 | $45.00 | KLW |
| 12/15/2022 | 0.5 | Review and analyze meet and confer letter from opposing counsel. Review case file for discovery. Draft responsive letter to opposing counsel. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.2 | Phone call to Paul Singer. | $335.00 | $67.00 | CCW |
| 12/29/2022 | 0.5 | Phone call from Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.5 | Draft letter to Paul Singer. | $335.00 | $167.50 | CCW |
| 12/29/2022 | 0.3 | Update Client Correspondence File with letter to Opposing Party regarding discovery. Email correspondence to Opposing Party. | $225.00 | $67.50 | KLW |
| 12/29/2022 | 0.4 | Review and analyze Motion to Deem Admitted filed by Plaintiff. | $335.00 | $134.00 | CCW |
| 12/29/2022 | 0.2 | Review case docket to confirm Opposing Party's motion hearing. Calculate and calendar deadlines for moving papers, opposition, and reply briefs as well as the hearing and tentative ruling. Calendar related reminders. | $225.00 | $45.00 | KLW |
| 12/30/2022 | 0.4 | Phone call with Client. | $335.00 | $134.00 | CCW |
| 12/30/2022 | 0.2 | Email from plaintiff with tracking information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Email from opposing party regarding settlement contact information. | $335.00 | $67.00 | CCW |
| 12/30/2022 | 0.2 | Update Client Correspondence File with Email from Plaintiff with tracking information. | $125.00 | $25.00 | AR |
| 01/03/2023 | 0.4 | Draft letter to opposing counsel. | $335.00 | $134.00 | CCW |
| 01/03/2023 | 0.2 | Update client correspondence file with letter to Singer regarding the Meet and Confer. Prepared and mailed to Opposing Party. | $125.00 | $25.00 | AR |
| 01/05/2023 | 0.2 | Update Client Pleadings File with Letter from Mr. Singer regarding Notice of Objection. | $110.00 | $22.00 | JC |
| 01/09/2023 | 2 | Review letters sent by opposing party. Draft responsive letter. | $335.00 | $670.00 | CCW |
| 01/10/2023 | 0.2 | Phone call to Mainstreet Escrow regarding affidavit of Truth, left voicemail. | $335.00 | $67.00 | CCW |
| 01/10/2023 | 0.2 | Phone call with Notary. Text messages with the same. | $335.00 | $67.00 | CCW |

1

| Date | Qty | Description | Rate ($) | Billable ($) | User |
|------|-----|-------------|----------|--------------|------|
| 01/24/2023 | 2.5 | Draft opposition to Motion to Deem Admitted. | $335.00 | $837.50 | CCW |
| 01/25/2023 | 1.2 | Update Client Pleadings File with Declaration of Waters, Declaration of Ramirez, and Brian Weldon's Memorandum of Points and Authorities. Prepare to mail-serve and email-serve the same to Opposing Party. | $110.00 | $132.00 | JC |
| 01/27/2023 | 0.2 | Update Client Pleadings File with conformed copies of Opposition and related papers. | $125.00 | $25.00 | AR |
| 02/06/2023 | 0.7 | Draft letter to opposing party. | $335.00 | $234.50 | CCW |
| 02/06/2023 | 0.2 | Review and analyze meet and confer letter from opposing counsel. | $335.00 | $67.00 | CCW |
| 02/06/2023 | 0.2 | Review and analyze tentative ruling. | $335.00 | $67.00 | CCW |
| 02/10/2023 | 0.2 | Phone call from Court | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted. | $110.00 | $22.00 | JC |
| 02/10/2023 | 0.4 | Calculate and Calendared dates for Client Motion for Monetary Sanctions. | $125.00 | $50.00 | AR |
| 02/13/2023 | 0.2 | Update Client Pleadings File with Motion regarding Admissions Deemed Admitted and Tentative Ruling Mailed copy. | $110.00 | $22.00 | JC |
| 02/16/2023 | 0.2 | Review Law and Motion Minute Order Served by Court. | $335.00 | $67.00 | CCW |
| 02/17/2023 | 1.2 | Draft Notice of Motion, Memorandum of Points and Authorities, Declaration of Craig Waters, Request for Judicial Notice, Proposed Order. | $335.00 | $402.00 | CCW |
| Total |  |  |  | $3,685.00 |  |

2

# EXHIBIT K

| Date | Qty | Description | Rate ($) | Billable ($) | Expense Category |
|------|-----|-------------|----------|--------------|------------------|
| 01/25/2023 | 1 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition (#11023332). | $3.60 | $3.60 | eFiling Fee |
| 01/25/2023 | 2 | Memorandum of Points and Authorities in Support of Opposition, Craig Waters Declaration, and Alejandra Ramirez Declaration in Support of Opposition. | $7.09 | $14.18 | Special Postage |
| 02/21/2023 | 1 | Motion for Monetary Sanctions - all moving papers. | $60.00 | $60.00 | eFiling Fee |
| Total | | | | $77.48 | |

# END OF EXHIBITS

**PROOF OF SERVICE**

STATE OF CALIFORNIA

COUNTY OF FRESNO

     I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA 93704.

     On February **21**, 2023, I served the foregoing document(s) described as: **DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR MONETARY SANCTIONS AGAINST PLAINTIFF PAUL SINGER** on the parties in this action as follows:

☐   **BY EMAIL:** I caused such document to be sent via email transmission to the offices of the addressee(s) as set forth below:

☐   **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☒   **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

Paul Singer
4928 E. Washington Avenue
Fresno, CA 93727
*paul@calscope.com*

Benchmark Logic Real Estate
Investing & Consulting, LLC
c/o Paul Ventura Singer
*paul@calscope.com*

     Executed on February **21**, 2023, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kayla L. Waters

DECLARATION OF CRAIG C.O. WATERS IN SUPPORT OF MOTION FOR SANCTIONS

MODERN LEGAL PC

ATTACHMENT "7"

B2803-5414  06/10/2024  12:12 PM  Received by California Secretary of State

# NOTICE
## UNDISPUTED /UNCONTROVERSAL FACTS
(Pursuant to Federal Rule 52(a) and California Code of Civil Procedure §437c)
With Estoppel

On 11/04/2022, claimant sent to respondents Affidavit of Truth ("AFFIDAVIT") by certified mail: #7022 1670 0002 0008 6096 which no rebuttal, dispute or denial was given by writing in a response from respondents to address the eleven (11) plain statements of facts asserted, to support reference hereto Exhibit 1, pages 1-2 attached and incorporated herein.

On 02/21/2023 respondent intentionally filed his declaration and sought usages of such claims while during the court processing in Superior Court of California, Fresno County, Case No.: 18CECG03151. On March 15, 2023, the records of the court show Respondent's Declaration of Craig C.O. Waters, signed under penalty of perjury submitted into evidence Claimant "AFFIDAVIT" therein acknowledging Respondent was in receipt of the Affidavit of Truth at MODERN LEGAL PC office on 11/07/2022, reference hereto Exhibit 2, page 2, paragraph 6, Exhibit "B".

Therefore, and hereto those Records of the Court of Superior Court of California, Fresno, County: Case No.: 18CECG03151, Respondent's Declaration filed on 02/21/2023, shows no statements of ever having responded to Claimant's "AFFIDAVIT" directly because Respondent was to focus on claiming it was not claimant's Request for Admission during discovery and remains to this day to have failed to do so within the 30-day deadline is now evidence of facts Claimant lien against the contract and real property was never honored.

**LET IT BE KNOWN HERE AND THEREAFTER TO THESE STATED FACTS BELOW ARE TRUE AND CORRECT** : Respondent had opportunity to dispute yet refuses to dispute to give their explanation for their activities done to Claimant and Claimant has acted in good faith and has given such grace to Respondent when Claimant has taken all the necessary efforts with respect of Respondent's right to due process to reach common ground to resolve: Case No.: 18CECG03151.

B2803-5415  06/10/2024  12:12 PM  Received by California Secretary of State

As of the result of Respondent behavior involving the history of his untruthfulness in statements made in open court, including those made on March 15, 2023, therein all records of the court, Respondent's documents, reference to Exhibit 2, Respondent's pleading was done knowingly and on his client: BRIAN WELDON's behalf which aided to delay trial, caused to make continuation of trial to excess a five (5) years to bring to trial and caused to avoid and hinder settlement and mediation procedures.

Those misconduct activities done without moral turpitude directly violates Cal. Business and Profession Code section 6106, Model Rule 4.1(a) and Model Rule 8.4(d) by such conduct "prejudicial to the administration of justice". Respondent's conduct has engaged in activities directly in violating his oath, undertaking to support to uphold the U.S. and California Constitutions, therein having committed "fraud upon the court" violates the Supreme law of the Land, and in doing so Respondent is warring against the Constitution which usurps the 14th Amendment of Due Process Clause which consequently deprives Claimant from any true hearing or trial through engaged activities corrupting those proceedings done under color of law in the court.

In Pfizer Inc. v. Lord, 456 F2d 532 (8th Cir. 1972), the Court stated that "it is important that the litigant not only actually receive justice, but that he believes that he has received justice." Claimants, who knows he did not receive justice claims on sound reasons for taking the entire case history mentioned above under further judicial review and believes will not support any defense in favor of Respondent performance in his duties of trustworthiness in his statements or conduct as officer of the court toward any decision or order awarded to his pleading valid upon any ground to sustain evidence of the court's ruling having been ever "adjudication on the merits". Whenever an officer of the court has influenced the judge and corrupted the judicial machinery itself and its function then that specific officer of the court commits fraud during a proceeding in the court, he/she is engaged in "fraud upon the court".

Respondent misconduct will fail to grant or award him any immunity, or to assert claims Claimant is barred to retire all causes of actions against BRIAN WELDON on which Claimant's

B2803-5416 06/10/2024 12:12 PM Received by California Secretary of State

case being timely filed preserved and delayed time being tolled by statute of limitations for all of his stated causes of action. Due to Respondent's fraud upon the court, the doctrine of res judicate does not apply and will not prevent Claimant to hold Respondent fully liable for all cost in all damages and are now owed to Claimant hereto this case.

FRAUDULENT CONVEYANCE OCCURRED: Based on duties and business practices to all other named parties: STEWART TITLE, MAIN STREET ESCROW,(now owned by KELLER WILLIAMS), DANA FORSYTHE or BRIAN WELDON; thereon the "AFFIDAVIT", pursuant to Cal. Evidence Code section 1272 – Business Records; any absent of evidence is not evidence of absent, to all who owed a duty on which they failed to perform therein on which those business records were not maintained in accordance of the governing laws of real estate, banking or securities while during the time and event of the said transaction can also be brought on those parties' licenses thereon, these facts now uncover fraud that had aided in the fraudulent conveyance shall be brought forth and made in attention to those enforcement agencies of State of California, Department of Financial Protection and Innovation, Department of Real Estate, and State Bar here upon this Notice.

## FACT NO. 1

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

> There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWARD TITLE, MAIN STREET ESCROW, or BRIAN WELDON on 08/10/2017. Affiant believes there is no proof to the contrary.

## FACT NO. 2

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

B2803-5417 06/10/2024 12:12 PM Received by California Secretary of State

BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 3

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to

provide evidence to give sound reason why such statement is not true: are now all claims as facts

to the following:

BRIAN WELDON mispresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 4

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to

provide evidence to give sound reason why such statement is not true: are now all claims as facts

to the following:

MAIN STREET ESCROW, Escrow Officer DANA FORSYTHE has personal knowledge of two liens on the property; Liens Documents No.: 60459630002 & 61128410002, and by her emails to PAUL SINGER knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 5

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to

provide evidence to give sound reason why such statement is not true: are now all claims as facts

to the following:

STEWART TITLE knew of the two liens of the property; therefore knew PAUL SINGER was to receive $38,500. Affiant believes there is no proof to the contrary.

## FACT NO. 6

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to

provide evidence to give sound reason why such statement is not true: are now all claims as facts

to the following:

B2803-5418 06/10/2024 12:12 PM Received by California Secretary of State

There is no evidence that a check was issued to PAUL SINGER in the sum of $38,500 from STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON. Affiant believes there is no proof to the contrary.

## FACT NO. 7

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

There is no evidence that BRIAN WELDON paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

## FACT NO. 8

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

The second lien holder MICHAEL GUERENA on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

## FACT NO. 9

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

MAIN STREET ESCROW overpaid BRIAN WELDON to include PAUL SINGER'S portion. Affiant believes there is no proof to the contrary.

## FACT NO. 10

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

BRIAN WELDON knew he was overpaid and that it included PAUL SINGER's portion. Affiant believes there is no proof to the contrary.

B2803-5419 06/10/2024 12:12 PM Received by California Secretary of State

**FACT NO. 11**

On 11/04/2022 upon Respondents failure to respond, deny, or rebuttal "AFFIDAVIT" as to provide evidence to give sound reason why such statement is not true: are now all claims as facts to the following:

> The lien, Document No.: 604563 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.

## CONCLUSION: ESTOPPEL

Since Respondent failed to communicate to rebuttal or to dispute these facts asserted therein the Claimant's Notice all referenced to Exhibit 1, establishes the true and correct facts Respondent has committed the actions to the foregoing statements and caused these stated injuries to the Claimant is now the material evidence of collateral estoppel.

Wherefore Respondent is barred from this point to dispute any to all of these Facts stated therein the foregoing statements above and Claimant shall enforce this Estoppel based thereon this equitable doctrine and case law of *Benton v. Maryland* which is binding on both federal and state governments through incorporation by way of the Due Process Clause of the Fourteenth Amendment.

Therefore, if or when Respondent attempt to exercise such right to dispute again in any legal proceeding, it shall under the law been already recognized to has been barred and shall in the civil procedure be considered res judicate principles through issue preclusion.

Dated: _MAY_____, _17_, 20_24_

Respectively Submitted,

By: _____

PAUL SINGER                    Done in good faith.

CALIFORNIA JURAT            GOVERNMENT CODE §8202

A notary public or other officer completing this certificate verifies only the identity of the individual(s) who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

STATE OF CALIFORNIA

COUNTY OF _Fresno_____

Subscribed and sworn to (or affirmed before me on this __17th__ day of __May_____, 20_24_,

by ___Paul Singer_____

proved to me on this basis of satisfactory evidence to be the person(s) who appeared before me.

(Notary Seal)



                       Signature of Notary Public

J. LEAL
Notary Public - California
Fresno County
Commission # 2420265
My Comm. Expires Oct 9, 2026

B2803-5420 06/10/2024 12:12 PM Received by California Secretary of State

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

OFFICIAL USE

Fresno CA 93701

Certified Mail Fee $4.40
$ 17.75

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy) $ $0.00
☐ Return Receipt (electronic) $ $0.00
☐ Certified Mail Restricted Delivery $ $0.00
☐ Adult Signature Required $ $0.00
☐ Adult Signature Restricted Delivery $ $0.00

Postmark
Here

0426
12

Postage $9.25

Total Postage and Fees $17.30

05/18/2024

Sent To Modern Legal PC - Craig C.O. Waters Esq

Street and Apt. No., or PO Box No. 5412 N. Palm Avenue, Suite 105

City, State, ZIP+4® Fresno, California 93704

PS Form 3800, April 2015 PSN 7530-02-000-9047 See Reverse for Instructions

7022 0410 0000 5424 9275

---

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

MODERN LEGAL PC
CRAIG C.O. WATERS ESQ (bar)
5412 N. PALM AVENUE, Suite 105
Fresno, California 93704

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
9590 9402 7020 1225 2077 56

2. Article Number (Transfer from service label)
7022 0410 0000 5424 9275

PS Form 3811, July 2020 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Kayla Waters_
☐ Agent
☐ Addressee

B. Received by (Printed Name) KAYLA WATERS
C. Date of Delivery 05/20/24

D. Is delivery address different from item 1? ☐ Yes
If YES, enter delivery address below: ☐ No

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☐ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Mail
☐ Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☐ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

Domestic Return Receipt

# EXHIBIT "F"
# Description:
State Bar of California  CLOSER LETTER
**September 19, 2024**
**\*DELIBERTE INDIFFERNCE**

The State Bar
of California

OFFICE OF CHIEF TRIAL COUNSEL

845 S. Figueroa Street, Los Angeles, CA 90017     213-765-1429     kristina.charles@calbar.ca.gov

September 19, 2024

Paul Singer
4928 E Washington Ave
Fresno CA  93727

RE:     Case Number:        24-O-20068
        Respondent:         Craig C. O. Waters

Dear Paul Singer:

The State Bar's Office of Chief Trial Counsel has reviewed your complaint against Craig C. O.
Waters to determine whether there are sufficient grounds to prosecute a possible violation of
the State Bar Act and/or Rules of Professional Conduct.

In your complaint and subsequent additional information, you stated that you represented
yourself in pro per and Mr. Waters was opposing counsel. You alleged that Mr. Waters violated
Rule 8.4, violated your due process, made false statements, and delayed litigation.

Based on our evaluation of the information provided, we are closing your complaint.

It is misconduct for a lawyer to fail to support the Constitution and laws of the United States
and this state. Here, you alleged that Mr. Waters violated your due process by delaying
litigation. In the materials you sent in, there appear to be disagreements about meets and
confer and other litigation issues, indicating that there were delays due to disputes of fact and
law between the parties on both sides, which are best handled by the court, as discussed
below. These facts, as alleged in the complaint, are insufficient to support the conclusion that
the attorney violated the Constitution or a federal or state law.

As opposing counsel, the lawyer does not owe you a duty to perform legal services on your
behalf, to communicate with you, or to cooperate with you in resolving the matter in a manner
that is favorable to you. Instead, the lawyer has a responsibility to pursue their client's best
interests and is entitled to rely on information from their client in good faith while taking the
legal actions they deem necessary to protect those interests. This is true even when to do so

Paul Singer
September 19, 2024
Page 2

might directly conflict with your interests or those of other parties involved. This conflict alone is insufficient to demonstrate misconduct. Similarly, a disagreement between opposing parties as to the merits of a particular legal action does not mean that a lawyer engaged in misconduct.

In addition, the court having jurisdiction over your case, and not the discipline system, is the appropriate venue to determine a solution to such factual disputes, and to issue any remedies. The State Bar cannot intervene on your behalf, cannot rule upon the merits of these issues, and must defer to the decisions of the courts on these points. The State Bar also cannot offer you legal advice. As a result, you may wish to consult with a lawyer to determine what options may be available to you. Our closing of your complaint is not a determination of the validity of any legal dispute, but only that the allegations you made do not support a finding that the lawyer violated the State Bar Act or the Rules of Professional Conduct. If the court were to find any impropriety by the lawyer, please forward any written findings or a transcript of any oral findings to this office for review.

For these reasons, the State Bar is closing this matter.

If you have new facts and circumstances that you believe may change our determination to close your complaint, you may submit a written statement with the new information to the Intake Unit for review. If you have any questions about this process, you may call Trial Counsel Kristina Charles at 213-765-1429. If you leave a voice message, be sure to clearly identify the lawyer complained of, the case number assigned, and your telephone number including the area code. We should return your call within two business days.

If you have presented all of the information that you wish to have considered, and you disagree with the decision to close your complaint, you may request that the State Bar's Complaint Review Unit review your complaint. The Complaint Review Unit will recommend that your complaint be reopened if it determines that further investigation is warranted. To request review by the Complaint Review Unit, you must submit your request in writing, either:

1) Via email: Within 90 days of the date of this letter, by email to: CRU@calbar.ca.gov; or

2) Via United States Mail: Post-marked within 90 days of the date of this letter, by United States Mail to:

The State Bar of California

Paul Singer
September 19, 2024
Page 3

Complaint Review Unit
Office of General Counsel
180 Howard Street
San Francisco, CA 94105-1617

If you decide to send new information or documents to this office, the 90-day period will continue to run during the time that this office considers the new material. You may wish to consult with legal counsel for advice regarding any other available remedies. You may contact your local or county bar association to obtain the names of attorneys to assist you in this matter.

We would appreciate if you would complete a short, anonymous survey about your experience with filing your complaint. While your responses to the survey will not change the outcome of the complaint you filed against the attorney, the State Bar will use your answers to help improve the services we provide to the public. The survey can be found at https://www.calbar.org/octc/intake.

Thank you for bringing your concerns to the attention of the State Bar.

Sincerely,

*Kristina Charles*

Kristina Charles
Trial Counsel

6110

THE STATE BAR OF CALIFORNIA

845 South Figueroa Street, Los Angeles, California 90017-2515

US POSTAGE $000.69¢

SAN FRANCISCO CA 940

19 SEP 2024 PM 3 L

ZIP 94105
02 4W
0001375055 SEP 19 2024

93727-305728

Paul Singer
4928 E Washington Ave
Fresno CA 93727

# EXHIBIT "G"
# Description:
Declaration of Jennifer D. Leal
**(Notarized)**

## DECLARATION OF JENNIFER D. LEAL
### Code Civ. Proc. § 2015.5

I, **Jennifer D. Leal**, declare:

### 1. IMPROPER CONTACT VIOLATIONS

Attorney Craig C.O. Waters violated:

a) **California Government Code § 8225** (Unlawful notary contact in pending litigation)

b) **California Government Code § 8206(c)** (Failure to submit written request for journal access)

c) **Business & Professions Code § 6068(d)** (Duty to employ truthful means)

d) **California Rules of Professional Conduct 3.4(a)-(f)** (Improper evidence suppression/obstruction)

e) **California Rules of Professional Conduct 5.3** (Duty to maintain respect for judicial process)

### 2. FACTUAL BASIS

a) On **November 4, 2022**, I properly notarized an **Affidavit of Truth** (Official Journal Entry Attached).

b) In **January 2023**, Attorney Waters:

　　i. Contacted me **without serving** the self-represented opposing party;

　　ii. **Demanded via text message** that I photograph and transmit private calendar records;

　　iii. **Failed to provide** any of the following required documents:

　　　　a). Subpoena (**CCP § 1985**)
　　　　b). Court order
　　　　c). Written request under **Gov. Code § 8206(c)**

### 3. INTIMIDATING CONDUCT

Attorney Waters' actions constituted improper pressure by:

a) Implying professional consequences for non-compliance

b) Bypassing proper discovery procedures under **CCP § 2017.010**

c) Attempting to manufacture evidence in violation of **Evidence Code § 115**

## 4. DECLARATION PURPOSE

This statement is made solely to document violations of law and **not** as an offer to testify.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this ___31ˢᵗ___ day of ___March___, 2025, at Fresno, California .

Jennifer D. Leal

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California
County of ___Fresno___
Subscribed and sworn to (or affirmed) before me on this ___31___ day
of ___march___, 20_25_, by ___Nayfeh Alzghoul___
___Jennifer D. Leal___, proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.
Signature _____ (Seal)



JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

PAUL V. SINGER, in individual

**DEFENDANTS**

CRAIG C.O. WATERS ESQ, in his official capacity; (see attachment #1)

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant _____
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PAUL V. SINGER, 4928 E. Washington Avenue, Fresno, California 93727

Attorneys *(If Known)*

1:25-CV-00532-KES-SAB

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | | | |
|---|---|---|---|
| ☐ 1 | U.S. Government Plaintiff | ☒ 3 | Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 | U.S. Government Defendant | ☐ 4 | Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)* and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY**   **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane   ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability   Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel &   ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander   Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability   Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine   ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle   **PERSONAL PROPERTY** | **LABOR** | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle   ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | | ☐ 485 Telephone Consumer Protection Act |
| ☐ 190 Other Contract | Product Liability   ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury   ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | ☐ 362 Personal Injury - Medical Malpractice   ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923)   ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS**   **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights   **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting   ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment   ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations   ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment   ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other   **Other:**   ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education   ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

RECEIVED

## V. ORIGIN *(Place an "X" in One Box Only)*

| | | | | | |
|---|---|---|---|---|---|
| ☒ 1 Original Proceeding | ☐ 2 Removed from State Court | ☐ 3 Remanded from Appellate Court | ☐ 4 Reinstated or Reopened | ☐ 5 Transferred from Another District *(specify)* | ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File |

MAY 06 2025
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. Section 1983 - Deprivation of constitutional rights

Brief description of cause:
Fraud/Intentional Misrepresentation; Violations of FRCP 11; and Equitable Relief

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ _____

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   05/04/2025

SIGNATURE OF ATTORNEY OF RECORD
*Paul V Singer*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

Attachment 1 to Civil Coversheet
Paul V. Singer v. Craig C.O. Waters Esq, et al.
Eastern District of California


**ADDITIONAL DEFENDANTS:**

STATE BAR OF CALIFORNIA, OFFICE OF CHIEF
TRIAL; KRISTIN CHARLES, in her official capacity;
STATE BAR OF CALIFORNIA, OFFICE OF GENERAL
COUNSEL; LOUISA AYRAPETYAN, in her official capacity;
STATE BAR OF CALIFORNIA, OFFICE OF GENERAL
COUNSEL; BRANDON N. STALLINGS, in his official capacity