1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16
17

| | |
|---|---|
| PAUL SINGER,<br><br>        Plaintiff,<br><br>    v.<br><br>CRAIG C.O. WATERS, ESQ., et al.,<br><br>        Defendants. | Case No. 1:25-cv-00532-KES-SAB<br><br>ORDER RE APPLICATION FOR EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING<br><br>ORDER DIRECTING CLERK OF COURT TO ADMINISTRATIVELY TERMINATE DEFENDANTS KRISTIN CHARLES, LOUISA AYRAPETYAN, AND BRANDON N. STALLINGS' MOTION TO DISMISS<br><br>(ECF Nos. 10, 20, 22, 23) |

18    Plaintiff, who is proceeding *pro se* and having paid the filing fee, commenced this action

19  on May 6, 2025.  (ECF No. 1.)  On June 9, 2025, Defendants Kristin Charles, Louisa Ayrapetyan,

20  and Brandon N. Stallings ("State Bar Defendants") filed a motion to dismiss.  (ECF No. 10.)  On

21  June 23, 2025, Plaintiff submitted a first amended complaint and filed an opposition to the State

22  Bar Defendants' motion to dismiss.   (ECF Nos. 14, 19.)   The Court construed the pro se

23  Plaintiff's filing of an amended complaint as exercising his right as a matter of course to file an

24  amended complaint pursuant to Rule 15(a)(1)(B).   (ECF No. 19.)   Plaintiff's first amended

25  complaint was therefore deemed filed on June 23, 2025 (ECF No. 21) and, the same day, the

26  Court directed Defendants to file a notice informing the Court why their pending motion is not

27  moot or, alternatively, file a notice to withdraw their motion within five days.

28    On June 26, 2025, the State Bar Defendants filed a notice of withdrawal of their motion to

1

1   dismiss.  (ECF No. 23.)

2       Also on June 26, 2025, the State Bar Defendants fled an *ex parte* application for an

3   extension of time to file a responsive pleading. (ECF No. 22 (citing L. R. 144(c) ("The Court

4   may, in its discretion, grant an initial extension ex parte upon the affidavit of counsel that a

5   stipulation extending time cannot reasonably be obtained, explaining the reasons why such a

6   stipulation cannot be obtained and the reasons why the extension is necessary")).)  The State Bar

7   Defendants request a 28-day extension of time to file their responsive pleading to Plaintiff's first

8   amended complaint due to the upcoming federal holiday, counsel's pre-planned vacation from

9   June 30, 2025 to July 1, 2025, and multiple other matters on calendar with impending deadlines.

10  (Declaration of Jennifer H. Sperling ("Sperling Decl."), ECF No. 22 at 4, ¶ 9-11.)   The

11  application was served on Plaintiff via mail on June 26, 2025.  (ECF No. 22 at 6.)

12      As an initial matter, the State Bar Defendants' instant "*ex parte*" application is not made

13  *ex parte*.  "The expression '*ex parte* motion' is a term of art.  In its pure form it means a request a

14  party makes to the court *without any notice to the other side*."  Mission Power Eng'g Co. v. Cont'l

15  Cas. Co., 883 F. Supp. 488, 490 (C.D. Cal. 1995) (emphasis added).  "*Ex parte* relief is generally

16  disfavored when relief may be had through a regularly noticed motion."  Hufnagle v. Rino Int'l

17  Corp., No. CV 10-08695 DDP VBKX, 2012 WL 6553743, at *1 (C.D. Cal. Dec. 14, 2012).  To

18  the extent that a motion needs to be heard on shortened time due to a pending deadline, a party

19  may submit with that motion an application for an order shortening time to hear the matter

20  pursuant to Local Rule 144(e).  Alternatively, a party may file a motion for administrative relief

21  under Local Rule 233.

22      Here, counsel for the State Bar Defendants contends that she did meet and confer with the

23  *pro se* Plaintiff regarding the 28-day extension via telephone and e-mail on June 26, 2025.

24  (Sperling Decl. at ¶ 13.)  Plaintiff informed counsel for the State Bar Defendants that he would

25  not agree to the extension.  (Id.)  Thus, this is not a situation where a stipulation could not

26  reasonably be obtained; rather, Plaintiff has notice of the State Bar Defendants' request and

27  opposes their requested extension.  While the Court appreciates the approaching July 7, 2025

28  deadline with a federal holiday and counsel's pre-planned vacation in between, filing this request

2

1  as an *ex parte* application, rather than a regularly noticed motion with a request to hear on

2  shortened time or as a motion for administrative relief, is procedurally improper.

3        The Court shall, as a one-time courtesy, construe the motion as one made on shortened

4  time.  The Court finds a reply by Plaintiff would not aid the Court in deciding the instant motion.

5  Plaintiff informed counsel that he did not agree to an extension in part because "he did not want

6  to permit any delay of proceedings." (Sperling Decl. at ¶ 13.)  This action was filed less than sixty

7  days ago.  The Court does not find a twenty-eight day extension of time will unnecessarily delay

8  this recently filed action.  This Court encourages thoughtful and well-supported motions and

9  mandates that parties thoroughly meet and confer in good faith prior to filing those motions.  The

10  Court does *not* encourage gamesmanship, nor does it appreciate any party's refusal to act in good

11  faith.  Thus, Plaintiff's additional reasoning for declining the extension of time—that "since [Ms.

12  Sperling is] an attorney, [she] should be able to respond by July 7"—is not well-taken.  In light of

13  Plaintiff's filing of the first amended complaint and for the reasons proffered by the State Bar

14  Defendants, the Court finds good cause to grant the State Bar Defendants' 28-day extension of

15  time to file a responsive pleading.

16        Accordingly, IT IS HEREBY ORDERED that:

17      1.    The Clerk of the Court is DIRECTED to administratively terminate the motion to

18          dismiss filed by the State Bar Defendants on June 9, 2025 (ECF No. 10); and

19      2.    The State Bar Defendants' request for an extension of time to file a responsive

20          pleading to Plaintiff's first amended complaint (ECF No. 22) is GRANTED; and

21      3.    The State Bar Defendants shall file their responsive pleading **no later than**

22          **August 4, 2025**.

23

24  IT IS SO ORDERED.

25  Dated:  __June 26, 2025__                                          _____

26                                             STANLEY A. BOONE

                                          United States Magistrate Judge

27

28