1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ALEX. A. GRAFT, SB# 239647
2     E-Mail: Alex.Graft@lewisbrisbois.com
   45 Fremont Street, Suite 3000
3  San Francisco, California 94105
   Telephone: 415.362.2580
4  Facsimile: 415.434.0822

5  Attorneys for Defendant
   CRAIG C.O. WATERS, ESQ.

6

7

8              UNITED STATES DISTRICT COURT

9      EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| 11 PAUL V. SINGER, in individual, | Case No. 1:25-cv-00532-KES-SAB |
| 12         Plaintiff, | **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |
| 13         vs. | |
| 14 CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40, | |
| | Filed Concurrently with Notice of Motion to Dismiss; Declaration of Alex A. Graft; Request for Judicial Notice |
| | Judge:  Hon. Kirk E. Sherriff Date:     August 4, 2025 Time:    1:30 p.m. Crtrm.:  6 |
| 21         Defendants. | District Judge:  Kirk E. Sherriff Magistrate Judge: Stanley A. Boone |
| | Trial Date:         None Set |

25      Defendant Craig C.O. Waters Esq. submits the following Memorandum of

26 Points and Authorities in support of his motion for an order dismissing the first

27 amended complaint filed by Plaintiff Paul V. Singer pursuant to Federal Rule of

28 Civil Procedure 12(b)(6).

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

## <u>TABLE OF CONTENTS</u>

**Page**

I.    INTRODUCTION ........................................................................................ 1

II.   STATEMENT OF FACTS ......................................................................... 2

    A.    Singer Files a State Court Action Against a Defendant that
           Attorney Waters Represented. ................................................................ 2

    B.    Singer Files an Unsuccessful State Bar Complaint Against
           Attorney Waters Relating to Attorney Waters' February 21, 2023
           Declaration. ............................................................................................ 3

    C.    Singer Files His Complaint Against Attorney Waters. ........................... 4

III.  LEGAL ARGUMENT .............................................................................. 5

    A.    Legal Authority Supporting the FRCP 12(b)(6) Motion. ...................... 5

    B.    The Litigation Privilege Under California Civil Code Section 47
           Serves as an Absolute Bar to Singer's State Law Claims. .................... 5

    C.    Singer Does Not State Cognizable Claims for Either Fraud or
           Intentional Misrepresentation. ............................................................... 8

    D.    The *Rooker-Feldman* Doctrine Bars Singer's Request to Reopen
           the State Court Action ........................................................................... 10

    E.    Singer's Request for This Court to Order the California
           Department of Real Estate to Open an Investigation into
           Attorney Waters and Other Entities is Barred Because Federal
           Courts Cannot Command a State Agency to Open an
           Investigation. ........................................................................................ 11

    F.    The *Noerr-Pennington* Doctrine Bars Singer's Section 1983
           Deprivation of Constitutional Rights Claim. ....................................... 12

    G.    Singers' FRCP 11 Claim Is Barred Because the Federal Rules of
           Civil Procedure Are Not Actionable and Not Applicable to State
           Court Proceedings. ............................................................................... 16

IV.   CONCLUSION ...................................................................................... 17



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Federal Cases**

*Alers v. Bank of Am., NA*,
   Case No. CV 14-611-GW(JCGx), 2014 U.S. Dist. Lexis 199727
   (C.D. Cal. Apr. 24, 2014) ........................................................................ 16

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) .................................................................................. 5

*B&G Foods N. Am., Inc. v. Embry*,
   29 F.4th 527 (9th Cir. 2022) (*B&G Foods*)........................................ 13, 14, 16

*Barron v. Reich*,
   13 F.3d 1370 (9th Cir. 1994) ................................................................... 5

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................. 5

*Cooper v. Ramos*,
   704 F.3d 772 (9th Cir. 2012) (*Cooper*) ............................................... 11

*Doe v. Regents of the Univ. of Cal.*,
   891 F.3d 1147 (9th Cir. 2018) (*Doe*).................................................... 12

*Ezra v. Leifer*,
   Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005
   (C.D. Cal. June 27, 2018) (*Ezra*)..................................................... 14, 16

*Flores v. Emerich & Fike*,
   416 F. Supp. 2d 885 (E.D. Cal. 2006) .................................................... 6

*Freeman v. Lasky, Haas & Cohler*,
   410 F.3d 1180 (9th Cir. 2005) (*Freeman*)....................................... 14, 16

*Kearney v. Foley & Lardner, LLP*,
   590 F.3d 638 (9th Cir. 2009) (*Kearney*)............................................. 13

*Kimbell v. Benner*,
   Case No. CV 17-4767 FMO (SS), 2018 U.S. Dist. Lexis 120138
   (C.D. Cal June 29, 2018) ....................................................................... 16



LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

159472949.1                                          ii                    Case No. 1:25-cv-00532-KES-SAB

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Kottle v. Northwest Kidney Ctrs.*,
   146 F.3d 1056 (9th Cir. 1998) ............................................................... 14

*Krainski v. State ex rel. Bd. of Regents*,
   616 F.3d 963 (9th Cir. 2010) (*Krainski*) ........................................... 12

*Lee v. City of Los Angeles*,
   250 F.3d 668 (9th Cir. 2001) ................................................................. 5

*Manistee Town Ctr. v. City of Glendale*,
   227 F.3d 1090 (9th Cir. 2000) ............................................................. 16

*Noel v. Hall*,
   341 F.3d 1148 (9th Cir. 2002) (*Noel*) ................................................ 11

*Papasan v. Allain*,
   478 U.S. 265 (1986) ............................................................................ 12

*Port Drum Co. v. Umphrey*,
   852 F.2d 148 (5th Cir. 1988) ............................................................... 17

*Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*,
   508 U.S. 49 (1993) .............................................................................. 14

*Romano v. Bible*,
   169 F.3d 1182 (9th Cir. 1999) ............................................................. 12

*Skinner v. Switzer*,
   562 U.S. 521 (2011) (*Skinner*) .......................................................... 11

*Sosa v. DIRECTV, Inc.*,
   437 F.3d 923 (9th Cir. 2006) (*Sosa*) ............................................ 13, 14

*Sprewell v. Golden State Warriors*,
   266 F.3d 979 (9th Cir. 2001) ................................................................. 5

*Stone v. Writer's Guild of America West, Inc.*,
   101 F.3d 1312 (9th Cir. 1996) ............................................................... 5

*Wilson v. Leigh Law Grp., P.C. (LLG)*,
   Case No. 20-cv-03045-MMC, 2020 U.S. Dist. Lexis 124830 (N.D.
   Cal. July 14, 2000) (*Wilson*) ...................................................... 14, 16



**California Cases**

*Alberston v. Raboff* (1956)
    46 Cal.2d 375.........................................................................................................7

*Cansino v. Bank of America*,
    224 Cal. App. 4th 1462 (2014) (*Cansino*)...........................................................10

*Friedman v. Knecht*,
    248 Cal. App. 2d 455 (1967) (*Friedman*) ............................................................7

*Hagberg v. California Federal Bank FSB*,
    32 Cal. 4th 39 (2004) (*Hagberg*)....................................................................6, 8

*Herterich v. Peltner*,
    20 Cal. App. 5th 1132 (2018) (*Herterich*)............................................................8

*Hills Trans. Co. v. Southwest Forest Industries, Inc.*,
    266 Cal. App. 2d 702 (1968) ...............................................................................10

*Laufman v. Hall-Mack Co.*,
    215 Cal. App. 2d 87 (1963) ..................................................................................17

*Lazar v. Superior Court*,
    12 Cal.4th 631 (1996)...........................................................................................10

*Pollock v. University of Southern California*,
    112 Cal. App. 4th 1416 (2003) (*Pollock*)..........................................................7, 8

*Port Medical Wellness, Inc. v. Connecticut General Life Ins. Co.*,
    24 Cal. App. 5th 153 (2018) (*Port*) ................................................................9, 10

*Rubin v. Green*,
    4 Cal. 4th 1187 (1993).............................................................................................7

*Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*,
    107 Cal. App. 4th 54 (2003) (*Shafer*)...............................................................7, 8

*Silberg v. Anderson*,
    50 Cal. 3d 205 (1990) (*Silberg*).......................................................................6, 7

*Smith v. Hatch*,
    271 Cal. App. 2d 39 (1969) ....................................................................................7

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*Thrifty Payless, Inc. v. The Americana at Brand, LLC*,
  218 Cal. App. 4th 1230 (2013) (*Thrifty*) ........................................................ 8, 10

**Federal Statutes**

42 U.S.C.
  § 1983 ("section 1983")...................................................................4, 12, 13, 16

**California Statutes**

California Business and Professions Code
  §§ 10140–10148 ....................................................................................... 4

California Civil Code
  § 47 .....................................................................................................5, 6, 7
  § 47(b)(2) .................................................................................................. 6

California Code of Civil Procedure
  § 425.16 ................................................................................................... 1
  § 583.10 ................................................................................................... 3
  § 583.310 ................................................................................................. 4
  § 2023.023 *et seq.* ..................................................................................... 2

**Other Authorities**

Cal. Rules of Court, Rule 2.200........................................................................ 9, 15

Federal Rules of Civil Procedure 8(a)(2) .................................................................... 5

Federal Rules of Civil Procedure 15(a)(1)(B) ........................................................ 1, 4

FRCP 11.............................................................................................1, 4, 16, 17

FRCP 12(b)(6) ...................................................................................... 2, 5, 1

Local Rule, I ..................................................................................................... 1



MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS,
ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

## I.     __INTRODUCTION__

The amended complaint filed by Plaintiff Paul Singer ("Singer") against Defendant Craig Waters ("Attorney Waters"), similar to Singer's original complaint, is completely devoid of merit.[1] The amended complaint focuses on alleged misconduct by Attorney Waters in a previous state court action in which Attorney Waters was ***opposing counsel*** to Singer. Essentially Singer alleges that Attorney Waters made misrepresentations to the state court in a substitution of attorney and a declaration that Attorney Waters filed in the state court action.

However, Singer's claims arising solely from the two documents Attorney Waters filed are not viable. Indeed, Singer has failed to plead a single claim for which relief may be granted.[2] His state law claims for fraud and equitable relief are completely barred by the litigation privilege. They are also not viable for a variety of other reasons, including that Attorney Waters did not make a misrepresentation in any document filed in the previous state court action involving Attorney Waters and Craig, and because this Court may not consider a de facto appeal from a state court judgment, nor order a state agency to open an investigation.

Singer's federal claims for deprivation of constitutional rights and violation of Federal Rule of Civil Procedure ("FRCP") 11 are similarly not sustainable. Singer's deprivation of constitutional rights claim is barred by the *Noerr-Pennington* doctrine because it arises solely from actions Attorney Waters took in the previous state court action. Additionally, Singer cannot maintain his cause of action under FRCP 11 because the Federal Rules of Civil Procedure do not provide plaintiffs with private rights of action.

---

[1] Attorney Waters filed a motion to dismiss Singer's original complaint. Singer then filed an amended complaint under Federal Rules of Civil Procedure 15(a)(1)(B). The amended complaint does not address any of the deficiencies highlighted in Attorney Waters' first motion to dismiss.

[2]  Concurrent with the filing of this Motion Attorney Waters also filed an anti-SLAPP motion as to the state law based claims pursuant to Code of Civil Procedure section 425.16.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Therefore, Attorney Waters respectfully requests that this Court grant his FRCP 12(b)(6) motion to dismiss Singer's entire first amended complaint.

## II.    STATEMENT OF FACTS

### A.    Singer Files a State Court Action Against a Defendant that Attorney Waters Represented.

On August 23, 2018, Singer in the California Superior Court, for the County of Fresno, filed a complaint against Brian Weldon ("Weldon") for breach of contract ("State Court Action"). (Declaration of Alex A. Graft ["Graft Decl."], Exh. 1, State Complaint, p. 1.) Attorney Waters represented Weldon in the State Court Action. (Graft Decl., Exh. 2, Answer, p. 1.) On January 12, 2022, Attorney Waters filed a substitution of attorney indicating that he had moved firms and now worked at Modern Legal P.C. (Graft Decl., Exh. 3, Substitution of Attorney, p. 1.)

On February 21, 2023, Attorney Waters filed a motion for sanctions against Singer for abuse of the discovery process under California Code of Civil Procedure section 2023.023 *et seq.* (Graft Decl., Exh. 4, Sanctions Motion, pp. 1–2.) In support of the motion, Attorney Waters filed a declaration outlining the facts that led to him filing the motion for sanctions. (Graft Decl., Exh. 5, 2/21/23 Waters Declaration.) The declaration stated that Singer sent him an Affidavit of Truth on November 8, 2022. (*Id.* at 2.) Attorney Waters attached the Affidavit to his declaration as Exhibit B. (*Id.* at Exh. B.) The declaration also stated that Attorney Waters drafted a meet and confer letter addressed to Singer on December 15, 2022, inquiring about outstanding requests for admission responses. (*Id.* at 2.) The letter was attached to the Waters Declaration as Exhibit C. (*Id.* at Exh. C.) Additionally, the declaration detailed a conversation Attorney Waters had with Ms. Leal, a public notary, regarding the date and time when she notarized the Affidavit Truth Singer mailed to Attorney Waters. (*Id.* at 4.)

/ / /

Singer did not oppose the motion for sanctions. (Graft Decl., Exh. 6, Notice of Non-Opposition.) The trial court granted the motion for sanctions on March 15, 2023. (Graft Decl., Exh. 7, 3/15/23 Order Granting Motion.)

On June 20, 2023, Singer requested dismissal of his complaint against Weldon. (Graft Decl., Exh. 8, Request for Dismissal, p. 1.) The court granted Singer's request on the same day. (*Id.*) Singer later moved to set aside the dismissal that he requested. (Graft Decl., Exh. 9, 10/3/2023 Motion.) However, the trial court denied Singer's motion, noting that his case appeared to face mandatory dismissal under California Code of Civil Procedure section 583.10 for failure to bring his case to trial within five years. (Graft Decl., Exh. 10, 3/19/24 Order, p. 2.)

**B.** **Singer Files an Unsuccessful State Bar Complaint Against Attorney Waters Relating to Attorney Waters' February 21, 2023 Declaration.**

After the trial court dismissed the State Court Action, Singer filed a bar complaint against Attorney Waters on July 17, 2024. (Graft Decl., Exh. 12, Amended Complaint, Exh. E, Bar Complaint, pp. 1–5 [Doc. 21, pp. 80–84 of 172].) The bar complaint alleged that Attorney Waters made misrepresentations in the February 21, 2023 declaration that caused a delay in the prosecution of Singer's State Court Action, and that Attorney Waters did not respond to Singer's Affidavit of Truth. (*Id.* at 1–5 [Doc. 21, pp. 80–84 of 172].)

The State Bar closed Singer's bar complaint on September 19, 2024. (Graft Decl., Exh. 12, Amended Complaint, Exh. F, Bar Letter, p. 1 [Doc. 21, p. 166 of 172].) The State Bar found that the materials sent in with Singer's bar complaint indicated "that there were delays due to disputes of fact and law between the parties on both sides, which are best handled by the court." The State Bar also ruled that the allegations Singer presented with his bar complaint were "insufficient to support the conclusion that [Attorney Waters] violated the Constitution or a federal or state law." (*Id.*)

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

### C.    <u>Singer Files His Complaint Against Attorney Waters.</u>

On May 6, 2025, Singer filed this action against Attorney Waters and the State Bar of California for (1) Deprivation of Constitutional Rights under 42 U.S.C. section 1983 ("section 1983"); (2) Fraud and Intentional Misrepresentation; (3) Equitable Relief to Reopen the Lower Court Case; (4) Equitable Relief to Open Investigation by the California Department of Real Estate; and (5) Violation of Federal Rule of Civil Procedure 11. (Graft Decl., Exh. 11, Complaint, p. 1.) In response, Attorney Waters filed an anti-SLAPP motion to strike Singer's state law causes of action and a motion to dismiss Singer's entire complaint. (Graft Decl., ¶ 13.)

Singer later filed an amended complaint under Federal Rules of Civil Procedure 15(a)(1)(B) that contained the same causes of action Singer alleged against Attorney Waters in his original complaint. (Graft Decl., Exh. 12, Amended Complaint, pp. 1, 4–6, 8–14.) Singer based his fraud claim on California state law and requested punitive damages. (*Id.* at 11.) He brought his two equitable relief claims under California Code of Civil Procedure section 583.310 and California Business and Professions Code sections 10140–10148 respectively. (*Id.* at 11–12.)

In his amended complaint, Singer alleged that Attorney Waters falsely represented to the court that he was a new attorney in the State Court Action "while knowingly allowing the filing to identify another attorney…as 'original counsel" when Attorney Waters filed the substitution of attorney on January 12, 2022. (Graft Decl., Exh. 12, Amended Complaint, p. 4.) Singer also alleged that Attorney Waters made misrepresentations in the declaration he filed in support of the sanctions motion on February 21, 2023. (*Id.* at 4–5.) In particular, Singer claims that the December 15, 2022 meet and confer letter attached to Attorney Waters' declaration "contradicted his role as counsel." (*Id.* at 4.) Further, Singer alleged the conversation between Attorney Waters and the notary, as highlighted in the declaration, did not occur. (*Id.* at 4–5.) Finally, Singer alleges that Attorney Waters did not respond to

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

the Affidavit Truth sent by Singer and attached to Attorney Waters' declaration. (*Id.* at 5.) There are no other allegations on which Singer bases his causes of action against Attorney Waters. (Graft Decl., Exh. 12, Amended Complaint.)

## III.    LEGAL ARGUMENT

### A.    Legal Authority Supporting the FRCP 12(b)(6) Motion.

A complaint is subject to dismissal under FRCP 12(b)(6) if the alleged facts do not entitle the plaintiff to relief. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 560-61 (2007). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. Nor is a court "required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Legal conclusions "must be supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Nor are "naked assertions' devoid of 'further factual enhancement" enough to survive dismissal. *Id.* at 678. Rather, a plaintiff is required to show, through facts alleged, an entitlement to relief. *Id.* at 679, citing F. R. Civ. P. 8(a)(2).

Additionally, a court may consider items of which it may take judicial notice. *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). In fact, a court may consider matters of public record without converting a motion to dismiss into a request for summary judgment. *See Stone v. Writer's Guild of America West, Inc.*, 101 F.3d 1312, 1314 (9th Cir. 1996); *Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001).

### B.    The Litigation Privilege Under California Civil Code Section 47 Serves as an Absolute Bar to Singer's State Law Claims.

In his amended complaint, Singer alleges state law claims for (2) Fraud and Intentional Misrepresentation; (3) Equitable Relief to Reopen the Lower Court Case; (4) Equitable Relief to Open Investigation by the California Department of Real

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

Estate. (Graft Decl., Exh. 12, Amended Complaint, pp. 1, 11–12.) His state law claims are barred by the California litigation privilege under California Civil Code section 47.

A publication or broadcast made in any judicial proceeding is absolutely privileged according to California law. Cal. Civ. Code, § 47(b)(2) ("A privileged publication or broadcast is one made: . . . .(b) In any . . . (2) [j]udicial proceeding. . . ."). This litigation privilege affords litigants and witnesses unfettered access to the court without fear of being harassed by derivative tort actions. *Silberg v. Anderson*, 50 Cal. 3d 205, 213 (1990) (*Silberg*). Although originally enacted with reference to defamation, the privilege is now held applicable to any communication, whether or not it amounts to publication, **and to all torts except malicious prosecution**:

> In furtherance of the public policy purposes it is designed to serve, the privilege **described by § 47(2) has been given broad application**. Although originally enacted with reference to defamation (citations), the privilege is now held applicable to any communication, whether or not it amounts to a publication (citations), and all torts except malicious prosecution. (Citations.)

*Silberg*, 50 Cal. 3d at 211–12, emphasis added; *see also Flores v. Emerich & Fike*, 416 F. Supp. 2d 885, 900 (E.D. Cal. 2006); *Hagberg v. California Federal Bank FSB*, 32 Cal. 4th 39, 47 (2004) (*Hagberg*).

In *Silberg*, plaintiff argued that the litigation privilege should only apply to statements made in the furtherance of justice. The California Supreme Court rejected the application of an "interest of justice" test because such a test was "***inconsistent with the absolute nature of the litigation privilege*** and its underlying policy purposes." *Silberg*, 50 Cal. 3d at 209, emphasis added. The *Silberg* decision discusses the important policy concerns furthered by the litigation privilege.

> The principle purpose of § 47(2) is to afford litigants and witnesses the utmost freedom of access to the courts without fear of being harassed subsequently by ***derivative tort actions***. (Citations.) . . . .

> Given the importance to our justice system of ***insuring free access to the courts***, promoting complete and truthful testimony, encouraging zealous advocacy, giving finality to judgments, and ***avoiding unending litigation***, it is not surprising that § 47(2), the litigation privilege, has been referred to as 'the backbone to an effective and smoothly operating judicial system.' (Citation.) .

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1

. . .

2

***To effectuate its vital purposes, the litigation privilege is held to be absolute in nature***.

3

(*Silberg*, 50 Cal. 3d at 213–15, emphasis added.)

4

Similarly, in *Friedman v. Knecht*, 248 Cal. App. 2d 455 (1967) (*Friedman*),

5

the Court of Appeal held that any doubt as to the application of the litigation

6

privilege should be resolved in favor of the defendant.

7

***At all events, it is held that doubts are to be resolved in favor of relevancy and pertinency***; that is to say, the matter to which the privilege does not

8

extend must be so palpably wanting in relation to the subject matter of the controversy that there can be no reasonable doubt of its impropriety. If the

9

privilege is worth having, its purpose would be largely defeated if it were to vanish simply because one possible meaning of a statement made during

10

judicial proceedings does not relate to them.

(*Friedman*, 248 Cal. App. 2d at 460, emphasis added.)

11

The courts have accordingly given broad application to the litigation

12

privilege. "To be privileged under subdivision 2 of §47, the matter need not be

13

relevant, pertinent or material to any issue before the court, it only need have some

14

connection or some relation to the judicial proceeding." *Smith v. Hatch*, 271 Cal.

15

App. 2d 39, 46 (1969). In *Rubin v. Green*, 4 Cal. 4th 1187, 1193–94 (1993), the

16

California Supreme Court similarly held:

17

For well over a century, communications with 'some relation' to judicial proceedings have been absolutely immune from tort liability by the privilege

18

codified as section 47 (b). At least since then-Justice Traynor's opinion in *Alberston v. Raboff* (1956) 46 Cal.2d 375, California courts have given the

19

privilege an expansive reach. . . .

20

In light of this extensive history, it is late in the day to contend that

21

communications with 'some relation' to an anticipated lawsuit are not within the privilege.

22

23

Accordingly, in *Pollock v. University of Southern California*, 112 Cal. App.

24

4th 1416, 1430 (2003) (*Pollock*), the appellate court held that a party's perjurious

25

declaration and personal e-mails were within the scope of the litigation privilege

26

because they related to potential and actual litigation, despite plaintiff's contention

27

that both communications qualified as tortious conduct. Indeed, as the Court noted

28

in *Shafer v. Berger, Kahn, Shafton, Moss, Figler, Simon & Gladstone*, 107 Cal. App.

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4th 54, 78 (2003) (*Shafer*), "[b]ecause the privilege applies without regard to malice or evil motives, it has been characterized as absolute." In *Hagberg*, 32 Cal. 4th 39, 64, the California Supreme Court held that a bank employee's statements to the police regarding a customer's possession of an alleged counterfeit check were absolutely privileged. Likewise, in *Herterich v. Peltner*, 20 Cal. App. 5th 1132, 1142 (2018) (*Herterich*), the court noted that even committing a fraud upon the court is protected by the litigation privilege: "[w]hile we by no means condone intentionally deceptive conduct before the courts, the litigation privilege is absolute."

Here, Singer contends Attorney Waters made intentional misrepresentations to the trial court in the State Court Action when he filed a substitution of attorney with the court and when he filed his February 21, 2023 declaration in support of the sanctions motion. (Graft Decl., Exh. 12, Amended Complaint, pp. 4–5.) He bases his fraud/intentional misrepresentation and his equitable relief claims on the content of the court documents. (*Id.* at 4–5, 11–12.) There are no allegations involving Attorney Waters' conduct outside of the State Court Action on which Singer bases his claims. Therefore, Singer's state law claims against Attorney Waters are absolutely barred by the litigation privilege, regardless of whether they include unsubstantiated allegations that Attorney Waters lied to the court. *Pollock*, 112 Cal. App. 4th at 1430; *Shafer*, 107 Cal. App. 4th at 78; *Herterich*, 20 Cal. App. 5th at 1142.

## C.   Singer Does Not State Cognizable Claims for Either Fraud or Intentional Misrepresentation.

The elements for a California fraud claim are "(a) misrepresentation (false representation, concealment, or nondisclosure); (b) knowledge of falsity (or "scienter"); (c) intent to defraud, i.e., to induce reliance; (d) justifiable reliance; and (e) resulting damage." *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013) (*Thrifty*). A California claim for intentional

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

misrepresentation contains the same elements as fraud. *Port Medical Wellness, Inc. v. Connecticut General Life Ins. Co.*, 24 Cal. App. 5th 153, 178 (2018) (*Port*). Both torts require evidence that the defendant knowingly made a misrepresentation. Singer cannot obtain such evidence.

First, the substitution of attorney Waters filed in the State Court Action does not contain a misrepresentation. Attorney Waters filed it to inform the parties in the State Court Action that he had changed firms. (Graft Decl., Exh. 2, Answer; Graft Decl., Exh. 3, Substitution of Attorney.) Indeed, if Attorney Waters had not filed the substitution informing all of the parties of his new address and new firm, he would have been incompliant with the California Rules of Court. *See* Cal. Rules of Court, rule 2.200 ("An attorney…whose mailing address, telephone number, fax number, or e-mail address…changes while an action is pending must serve on all parties and file a written notice of the change"). Thus, the substitution of attorney did not contain a misrepresentation, and instead provided Singer with necessary information regarding the litigation. (Graft Decl., Exh. 3, Substitution of Attorney.)

Second, as the State Bar concluded when it closed the investigation into whether Attorney Waters made misrepresentations in his February 21, 2023 declaration, the disagreement over the content of the declaration amounted to mere "disputes of fact and law between parties on both sides, which are best handled by the court." (Graft Decl., Exh. 12, Amended Complaint, Exh. F, p. 1 [Doc. 21, p. 166 of 172].) Indeed, the State Bar found that Singer's complaint could not support the conclusion that Attorney Waters had "violated the Constitution or a federal law or state law." (*Id.*) Singer had the opportunity to dispute the content of the February 21, 2023 declaration before the trial court, but he refused to file an opposition to the sanctions motion. (Graft Decl., Exh. 6, Notice of Non-Opposition.) After reviewing the motion and its supporting materials, the trial court granted the motion for sanctions. (Graft Decl., Exh. 7, 3/15/23 Order Granting Motion.) Singer did not challenge the court's order at any point during the remainder of the litigation, and

would eventually file a request to dismiss Weldon from the State Court Action. (Graft Decl., Exh. 8, Request for Dismissal.)

Thus, Attorney Waters cannot demonstrate that Singer made a misrepresentation in either the substitution of attorney or the February 21, 2023 declaration. And, even if he did, there is no evidence or even allegations that Attorney Waters suffered damages from relying on the information in either document. Therefore, Attorney Waters has not plead a cognizable claim for either fraud or misrepresentation based on California law. *Thrifty*, 218 Cal. App. 4th at 1239; *Port*, 24 Cal. App. 5th at 178.

Additionally, Singer did not plead his fraud allegations with the particularity required by California law. "Fraud allegations 'involve a serious attach on character' and therefore are pleaded with specificity." *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469 (2014) (*Cansino*), citing *Hills Trans. Co. v. Southwest Forest Industries, Inc.*, 266 Cal. App. 2d 702, 707 (1968). "The particularity requirement demands that a plaintiff plead facts 'which show how, when, where, to whom, and by what means the representations were tendered." *Cansino*, 224 Cal. App. 4th at 1469, citing *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996). Here, Singer did not plead his fraud claim with particularity because he does not explain how he relied upon Attorney Waters' alleged misrepresentation and how that alleged misrepresentation caused him damages. (Graft Decl., Exh. 12, Amended Complaint, pp. 4–6, 11.) Thus, Singer may not maintain his fraud claim against Attorney Waters.

### D.    The *Rooker-Feldman* Doctrine Bars Singer's Request to Reopen the State Court Action.

In his amended complaint, Singer requests equitable relief for this Court to reopen the State Court Action. (Graft Decl., Exh. 12, Amended Complaint, p. 12.) This Court does not have the power to reopen state court actions after the state court has dismissed a case. "The *Rooker-Feldman* doctrine instructs that federal district

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

courts are without jurisdiction to hear direct appeals from the judgments of state courts." *Cooper v. Ramos*, 704 F.3d 772, 777 (9th Cir. 2012) (*Cooper*). The *Rooker-Feldman* doctrine also bars claims that function as de facto appeals from state court orders or judgments. *Noel v. Hall*, 341 F.3d 1148, 1155 (9th Cir. 2002) (*Noel*). "It is a forbidden de facto appeal under *Rooker-Feldman* when the plaintiff in federal district court complains of a legal wrong allegedly committed by the state court, and seeks relief from the judgment of that court." *Cooper*, 704 F.3d at 778, citing *Noel*, 341 F.3d at 1163. "*Rooker-Feldman* is confined to cases of the kind from which the doctrine acquired its name: cases brought by state-court losers…inviting district court review and rejection of [the state court's] judgments." *Skinner v. Switzer*, 562 U.S. 521, 532 (2011) (*Skinner*) (internal quotations omitted).

Here, Singer's request to reopen the State Court Action runs afoul of the *Rooker-Feldman* doctrine. Indeed, his claim for equitable relief is exactly the kind of case that the Supreme Court and the Ninth Circuit wish to bar. Singer is a state court "loser" who is seeking to challenge the state court's order dismissing his action against Weldon through his federal complaint. In essence, Singer is requesting that this Court set aside the state court order dismissing the case. (Graft Decl., Exh. 12, Amended Complaint, p. 12.) This Court does not have jurisdiction to consider Singer's request. *Cooper*, 704 F.3d at 777–78; *Noel*, 341 F.3d at 1155, 1163; *Skinner*, 562 U.S. at 532

**E.** **Singer's Request for This Court to Order the California Department of Real Estate to Open an Investigation into Attorney Waters and Other Entities is Barred Because Federal Courts Cannot Command a State Agency to Open an Investigation.**

Singer's fourth cause of action requests equitable relief to command the California Department of Real Estate to open an investigation into Attorney Waters and other entities. (Graft Decl., Exh. 12, Amended Complaint, p. 12.) Singer's claim, however, cannot continue in this Court. "The Eleventh Amendment bars suits

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) (*Krainski*), citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). "The Eleventh Amendment jurisdictional bar applies regardless of the nature relief sought and extends to state instrumentalities and agencies." *Krainski*, 616 F.3d at 967, citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986). According to the Eleventh Amendment, a federal court cannot "grant injunctive relief against a state instrumentality on the basis of state law." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (*Doe*) (internal quotations omitted).

In this case, Singer requested that this Court issue an injunction ordering the California Department of Real Estate to investigate Attorney Waters along with other entities under the California Business and Professions Code. (Graft Decl., Exh. 12, Amended Complaint, p. 12.) The Eleventh Amendment prohibits this Court from issuing such an injunction. *Krainski*, 616 F.3d at 967; *Doe*, 891 F.3d at 1153. There is also no evidence that Singer sought permission from the state to file this action. Thus, Singer's claim for equitable relief is not viable.

## F.    The *Noerr-Pennington* Doctrine Bars Singer's Section 1983 Deprivation of Constitutional Rights Claim.

Singer bases his section 1983 deprivation of constitutional rights claim on the content of the substitution of attorney and the February 21, 2023 declaration filed in the State Court Action. (Graft Decl., Exh. 12, Amended Complaint, pp. 4–5, 10–11.) According to Singer, Attorney Waters made false statements in the substitution of attorney of attorney and the declaration. (*Id.*) However, because Singer has based his section 1983 claim on documents filed in the State Court Action, his section 1983 claim is barred by the *Noerr-Pennington* doctrine.

"The *Noerr-Pennington* doctrine derives from the Petition Clause of the First Amendment and provides that 'those who petition any department of the government for redress are generally immune from statutory liability for their

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

petitioning conduct." *Kearney v. Foley & Lardner, LLP*, 590 F.3d 638, 643–44 (9th Cir. 2009) (*Kearney*), citing *Sosa v. DIRECTV, Inc.*, 437 F.3d 923, 929 (9th Cir. 2006) (*Sosa*). "To determine whether a defendant's conduct, which allegedly violates a statute is immunized under *Noerr-Pennington*, [federal courts] apply a three-step analysis to determine: (1) "whether the lawsuit imposes a burden on petitioning rights; (2) whether the alleged activities constitute protected petitioning activity; and (3) whether the statute at issue may construed to avoid that burden." *B&G Foods N. Am., Inc. v. Embry*, 29 F.4th 527, 540–41 (9th Cir. 2022) (*B&G Foods*) (internal quotations omitted). The answer to all three of the questions in analysis in this case is "yes", and therefore the *Noerr-Pennington* doctrine bars Singer's section 1983 claim against Attorney Waters. *Id.*

In question one, the court analyzes whether a lawsuit imposes a burden on petitioning rights. "In conducting this inquiry, [federal courts] do not consider any alleged misconduct tied to the petitioning activities," but instead determine whether the lawsuit "places a burden on [defendant's] ability to prosecute its suit." *B&G Foods*, 29 F.4th at 535 (internal quotations omitted). The right to petition "extends to all departments of the government and includes access to courts." *Kearney*, 590 F.3d at 644, citing *Sosa*, 437 F.3d at 929. The Supreme Court has "extended the doctrine to provide immunity for the use of the channels and procedures of state and federal courts to advocate causes." *Id.* (Internal quotations omitted).

Singer's lawsuit clearly places a burden on Attorney Waters' petitioning activity. Singer has based his section 1983 claim on alleged misrepresentations Attorney Waters made in his substitution of attorney and his February 21, 2023 declaration both filed in Fresno County Superior Court. (Graft Decl., Exh. 12, Amended Complaint, pp. 4–5, 10–11.) If successful, Singer's lawsuit would completely prevent Attorney Waters from engaging in petitioning activity–filing documents in a state trial court. *Kearney*, 590 F.3d at 644, citing *Sosa*, 437 F.3d at 929. Therefore, the answer to question one of the *Noerr-Pennington* analysis is

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

"yes."

For question two of the *Noerr-Pennington* analysis, federal courts determine whether the defendant's conduct is protected petitioning activity. If the court finds that defendant's conduct is protected petitioning activity, it then decides whether the sham exception to *Noerr-Pennington* applies. *B&G Foods*, 29 F.4th at 535–36. "*Noerr-Pennington* immunity…[applies] to defensive pleadings." *Freeman v. Lasky, Haas & Cohler*, 410 F.3d 1180, 1184 (9th Cir. 2005) (*Freeman*).

In this case, Singer is attempting to hold Attorney Waters liable for two documents he filed in defense of the State Court Action–the substitution of attorney and the February 21, 2023 declaration. (Graft Decl., Exh. 12, Amended Complaint, pp. 4–5, 10–11.) Thus, Attorney Waters' conduct qualifies as petitioning activity protected by *Noerr Pennington*. *Freeman*, 410 F.3d at 1184; *B&G Foods*, 29 F.4th at 540–41.

The court next ascertains whether the sham exception to *Noerr-Pennington* applies to the case. "Sham petitioning is not protected" by the *Noerr-Pennington* doctrine. *B&G Foods*, 29 F.4th at 536. There are three circumstances where the sham exception applies in the litigation context: (1) when a lawsuit is objectively baseless; (2) when a party brings a series of meritless lawsuits; and (3) if the allegedly unlawful conduct involves making intentional misrepresentations to the court that deprived the court of its legitimacy. *Id.* at 537–38, quoting *Sosa*, 437 F.3d at 938; *Kottle v. Northwest Kidney Ctrs.*, 146 F.3d 1056, 1060 (9th Cir. 1998).

"Litigation activity is considered objectively baseless only where 'no reasonable litigant could realistically expect success on the merits." *Wilson v. Leigh Law Grp., P.C. (LLG)*, Case No. 20-cv-03045-MMC, 2020 U.S. Dist. Lexis 124830, at *11 (N.D. Cal. July 14, 2000) (*Wilson*), citing *Prof'l Real Estate Investors, Inc. v. Columbia Pictures Indus.*, 508 U.S. 49, 62 (1993). Additionally, an alleged misrepresentation does not deprive the court of its legitimacy if the plaintiff had the opportunity to respond to the alleged misrepresentation in the previous action. *Ezra*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1   *v. Leifer*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–

2   22 (C.D. Cal. June 27, 2018) (*Ezra*).

3   Here, the sham exception to *Noerr-Pennington* does not apply. First, neither

4   of the documents Attorney Waters filed in the State Court Action were objectively

5   baseless. As already stated, Attorney Waters was required by California law to file

6   the substitution of attorney once he changed firms. (*See* Cal. Rules of Court, rule

7   2.200 ("An attorney…whose mailing address, telephone number, fax number, or e-

8   mail address…changes while an action is pending must serve on all parties and file a

9   written notice of the change"). Additionally, the February 21, 2023 declaration was

10  not objectively baseless because Attorney Waters prevailed on the sanctions motion

11  that he filed against Singer. (Graft Decl., Exh. 7, 3/15/23 Order Granting Motion.)

12  Indeed, Attorney Waters prevailed in the entire action. (Graft Decl., Exh. 8, Request

13  for Dismissal, p. 1; Graft Decl., Exh. 10, 3/19/24 Order, p. 2.)

14  Second, this case does not involve a series of meritless lawsuits. This case

15  involved one lawsuit in which Attorney Waters prevailed. (Graft Decl., Exh. 8,

16  Request for Dismissal, p. 1; Graft Decl., Exh. 10, 3/19/24 Order, p. 2.) Therefore,

17  the lawsuit could not have been meritless.

18  Third, the alleged misrepresentations that Attorney Waters made in his

19  substitution of attorney and his February 21, 2023 declaration did not deprive the

20  state court of its legitimacy. Singer had notice of the alleged misrepresentations

21  Attorney Waters made in the documents because Attorney Waters served him with

22  both documents. (Graft Decl., Exh. 3, Substitution of Attorney, p. 2; Graft Decl.,

23  Exh. 5, 2/21/23 Declaration, p. 51.) However, Singer did not inform the court of any

24  alleged misrepresentations Attorney Waters made. Indeed, Singer did not oppose

25  Attorney Waters' motion for sanctions, despite having the opportunity to file an

26  opposition. (Graft Decl., Exh. 6, Notice of Non-Opposition.) Since Singer chose not

27  to inform the state court of any purported misrepresentations made by Attorney

28  Waters despite having an opportunity to do so, Attorney Waters' alleged

misrepresentations did not deprive the State Court Action of its legitimacy. *Ezra*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–22; *Alers v. Bank of Am., NA*, Case No. CV 14-611-GW(JCGx), 2014 U.S. Dist. Lexis 199727, at *5– (C.D. Cal. Apr. 24, 2014). Because none of the three sham exception circumstances apply to this case, it is evident that Attorney Waters' alleged conduct is petitioning activity protected by the *Noerr-Pennington* doctrine.

In the third *Noerr-Pennington* question, federal courts analyze whether section 1983 "can be construed to avoid burdening [d]efendants' petition clause rights." *B&G Foods*, 29 F.4th at 540. Courts have already noted that the *Noerr-Pennington* doctrine bars section 1983 claims "based on *any* protected petitioning conduct." *Id.* at 540–41, emphasis added; *Manistee Town Ctr. v. City of Glendale*, 227 F.3d 1090, 1093 (9th Cir. 2000). In this case, Attorney Waters' filing of defensive pleadings is protected petitioning conduct that did not deprive the State Court Action of legitimacy. Therefore, the answer to question 3 of the *Noerr-Pennington* doctrine is "yes."  *Freeman*, 410 F.3d at 1184; *Ezra*, Case No. CV 18-871-MWF (KS), 2018 U.S. Dist. Lexis 142005, at *21–22; *Wilson*, Case No. 20-cv-03045-MMC, 2020 U.S. Dist. Lexis 124830, at *11.

The answer to all three of the *Noerr-Pennington* analysis questions is thus "yes." Correspondingly, the *Noerr-Pennington* doctrine serves an absolute bar to Singer's section 1983 claim against Attorney Waters. *B&G Foods*, 29 F.4th at 540–41.

## G.    Singers' FRCP 11 Claim Is Barred Because the Federal Rules of Civil Procedure Are Not Actionable and Not Applicable to State Court Proceedings.

Singer alleges a claim for violation of FRCP 11 against Attorney Waters. (Graft Decl., Exh. 12, Amended Complaint, p. 13.) However, the claim is not viable for two reasons. First, the Federal Rules of Civil Procedure "do not provide a legal basis for a claim." *Kimbell v. Benner*, Case No. CV 17-4767 FMO (SS), 2018 U.S.

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

Dist. Lexis 120138, at *17 (C.D. Cal June 29, 2018), citing *Port Drum Co. v. Umphrey*, 852 F.2d 148, 149–50 (5th Cir. 1988). Second, Singer's FRCP 11 claim against Attorney Waters is based on Attorney Waters' alleged conduct in the State Court Action. (Graft Decl., Exh. 12, Amended Complaint, pp. 8–9, 13.) The Federal Rules of Civil Procedure are not applicable in state court. *Laufman v. Hall-Mack Co.*, 215 Cal. App. 2d 87, 89 (1963). Therefore, Attorney Waters cannot be held liable for violating FRCP 11. Thus, Singer's FRCP 11 claim against Attorney Waters cannot survive scrutiny.

## IV. <u>CONCLUSION</u>

For the foregoing reasons, Attorney Waters respectfully requests that this Court grant his motion to dismiss Singer's first amended complaint, along with the anti-SLAPP motion also set for hearing at the same time.


DATED:  July 7, 2025              LEWIS BRISBOIS BISGAARD & SMITH LLP




                                 By:  ___*/s/ Alex A. Graft*_____
                                      ALEX A. GRAFT
                                      Attorneys for Defendant CRAIG C.O.
                                      WATERS, ESQ.


LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

Singer v. Waters, et al.

U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 7, 2025, I served the following document(s):  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

## SEE ATTACHED SERVICE LIST

The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 7, 2025, at Los Angeles, California.

/s/ Jacqueline McGee
_____
Jacqueline McGee

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT

1

# <u>SERVICE LIST</u>

2

3

| **<u>Plaintiff Pro Per</u>**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **<u>Attorneys for Defendants</u>**<br>**<u>KRISTIN CHARLES, LOUISA</u>**<br>**<u>AYRAPETYAN,</u>**<br>**<u>BRANDON N. STALLINGS</u>**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax:   415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28