1  Paul V. Singer
2  4928 E. Washington Avenue
   Fresno, California 93727
3  Telephone: (559)871-6400
4  Attorney for Plaintiff: Pro Se



**FILED**

JUL 18 2025



CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
DEPUTY CLERK

6  # IN THE UNITED STATES DISTRICT COURT
7  # FOR THE EASTERN DISTRICT OF CALIFORNIA

8                                          Case No.: **1:25-cv-00532-KES-SAB**
9
10  PAUL SINGER,                           NOTICE OF MOTION AND MOTION
    Plaintiff, Pro Se                      TO STRIKE DECLARATIONS OF
                                           CRAIG WATERS AND ALEX GRAFT;
11  v.                                     REQUEST FOR JUDICIAL NOTICE

    CRAIG WATERS, et al.,
12  Defendants.                            *Filed Concurrently with Plaintiffs' Motion*
13                                         *in Opposition; Memorandum of Points and*
                                           *Authorities; Paul Singer's Opposition of*
14                                         *Motion to Strike; Request for Judicial*
                                           *Notice; [Proposed] Order*
15
16                                         Date: August 4, 2025
                                           Time: 1:30 p.m.
17                                         Crtrm.: 6
                                           Judge: Hon. Kirk E. Sherriff
18                                         Magistrate Judge: Stanley A. Boone
19
20  TO THE COURT, ALL PARTIES, AND THEIR COUNSEL OF RECORD:

21  PLEASE TAKE NOTICE that Plaintiff Paul Singer, appearing pro se, hereby moves this Court to

22  strike the declarations of Defendant Craig Waters (Dkt. 27-8) and Attorney Alex A. Graft (Dkt. 27-3)

23  in their entirety under Federal Rule of Civil Procedure 12(f) and this Court's inherent power to

24  prevent abuse of process.

25  This motion is made on the grounds that:

26

27  1.  Defendant Craig Waters' declaration includes false, contradictory statements regarding

28      receipt of critical discovery materials;

---

1

NOTICE OF MOTION AND MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS

2. Attorney Graft's declaration improperly asserts "personal knowledge" of facts that occurred before his representation, in violation of Federal Rule of Evidence 602;

3. Both declarations serve as a vehicle for hearsay and attorney argument disguised as testimony, in violation of Federal Rule of Evidence 802;

4. These declarations were submitted to mislead the Court and retaliate against Plaintiff, resulting in improper sanctions;

5. A Substitution of Attorney form (MC-050), filed on or about January 12, 2022, falsely identified Robert Abram as prior counsel and constitutes material evidence of fraud on the court;

6. The Court should take judicial notice of the following pursuant to Federal Rule of Evidence 201:

    a. Affidavit of Truth signed and notarized by Plaintiff on November 4, 2023;

    b. USPS mailing receipt dated November 4, 2023 at 12:43 PM, showing mailing of affidavit and RFAs to Waters;

    c. The fraudulent MC-050 Substitution of Attorney document.

This motion is supported by the accompanying **Memorandum of Points and Authorities, Declaration of Paul Singer with Exhibits, Notice of Lodging**, and **[Proposed] Order**, all filed concurrently herewith.

Dated: July **17**, 2025                          Respectfully submitted,

Paul Singer
Plaintiff, Pro Se

NOTICE OF MOTION AND MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS

statements constitute inadmissible hearsay under Rule 802 and should not be considered.

**C. Waters' Declaration Is Contradictory and Materially Misleading**

Waters acknowledges receiving the envelope containing the Affidavit but claims—without credibility—that the RFAs were missing. The Affidavit and RFAs were mailed together, as confirmed by a timestamped USPS receipt. His contradictory narrative formed the basis for improper sanctions against Plaintiff and cannot now be used to resist factual accountability.

**D. Judicial Notice Is Appropriate Under Rule 201**

The following documents are proper subjects of judicial notice: 1. Affidavit of Truth (executed and notarized on November 4, 2023); 2. USPS receipt (confirming mailing of affidavit and RFAs); 3. MC-050 Substitution of Attorney form (filed January 12, 2022);

Each of these documents is either part of the court record or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

**E. The MC-050 Filing Supports Unclean Hands and Fraud on the Court**

The January 12, 2022 MC-050 filing falsely listed Robert Abram as the original attorney of record—when in truth, Waters had always represented himself. This filing was not a change of firm but a fraudulent substitution to deflect from misconduct and evade sanctions. The Court has authority to take notice of this record and reject any argument made in furtherance of that misrepresentation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike the declarations of Craig Waters and Alex A. Graft;

2. Take judicial notice of the Affidavit of Truth, USPS mailing receipt, Answer and fraudulent MC-050;

3. Consider the doctrine of unclean hands and the evidentiary impact of these filings on the record.

Dated: July **17** ,2025                              Respectfully submitted,

Paul Singer, Plaintiff Pro Se

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL SINGER,<br><br>*Plaintiff*, Pro Se<br><br>v.<br><br>CRAIG WATERS, et al.,<br><br>*Defendants*. | Case No.: **1:25-cv-00532-KES-SAB**<br><br>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR JUDICIAL NOTICE<br><br>*Filed Concurrently with Notice and Motion in Opposition; Paul Singer's Opposition of Motion to Strike; Declaration of Paul Singer;Request for Judicial Notice; [Proposed] Order*<br><br>Date: August 4, 2025<br>Time: 1:30 p.m. |

## I. INTRODUCTION

Plaintiff Paul Singer respectfully moves this Court to strike the declarations of Defendants Craig

Waters and his counsel Alex A. Graft, pursuant to Federal Rule of Civil Procedure 12(f) and the

inherent authority of the Court to prevent abuse of process. These declarations rely on false

statements, unsupported assumptions, and misrepresentations of the record. Plaintiff further requests

judicial notice of key documents under Federal Rule of Evidence 201, including a notarized affidavit,

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR
JUDICIAL NOTICE

USPS mailing receipt, and a fraudulent Substitution of Attorney form (MC-050).

## II. FACTUAL BACKGROUND

On November 4, 2023, Plaintiff mailed a notarized Affidavit of Truth and a set of Requests for Admission (RFAs) to Defendant Waters. Defendant Waters has since acknowledged receiving the envelope containing the Affidavit but falsely claimed that the RFAs were not enclosed. Waters never rebutted the content of the Affidavit, nor did he file a timely response to the RFAs. Yet, he later submitted a declaration (Dkt. 27-8) asserting vague and contradictory claims to support sanctions against Plaintiff.

In a separate declaration (Dkt. 27-3), Attorney Graft claims "personal knowledge" of events and filings that occurred before he represented Waters. This includes material statements about who served or received what documents and whether alleged misrepresentations occurred. However, such claims are improper under the Federal Rules of Evidence and are impermissible attorney advocacy disguised as factual testimony.

Moreover, Plaintiff has produced the MC-050 Substitution of Attorney form filed by Waters on January 12, 2022, falsely listing Robert Abram as the original attorney of record. This document was strategically filed to avoid court sanctions and shield Waters from misconduct allegations. As such, the MC-050 constitutes a **fraud on the court** and provides independent grounds for the doctrine of **unclean hands** to bar Defendants from obtaining equitable relief.

## III. LEGAL ARGUMENT

### A. The Court Has Authority to Strike False or Improper Declarations

Under Rule 12(f), courts may strike "any redundant, immaterial, impertinent, or scandalous matter." Courts also have inherent authority to strike filings submitted in bad faith or to mislead. Waters'

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR JUDICIAL NOTICE

declaration contains demonstrably false claims regarding what was or was not received, and Graft's declaration improperly asserts facts outside his personal knowledge. Both should be stricken.

## B. Graft's Declaration Violates Federal Evidence Rules

Federal Rule of Evidence 602 requires that a witness have personal knowledge of the matter. Graft's declaration violates this rule by testifying to events he did not witness, such as prior service history, the authenticity of documents mailed by Plaintiff, and events involving the notary public. His statements constitute inadmissible hearsay under Rule 802 and should not be considered.

## C. Waters' Declaration Is Contradictory and Materially Misleading

Waters acknowledges receiving the envelope containing the Affidavit but claims—without credibility—that the RFAs were missing. The Affidavit and RFAs were mailed together, as confirmed by a timestamped USPS receipt. His contradictory narrative formed the basis for improper sanctions against Plaintiff and cannot now be used to resist factual accountability.

## D. Judicial Notice Is Appropriate Under Rule 201

The following documents are proper subjects of judicial notice: 1. Affidavit of Truth (executed and notarized on November 4, 2023); 2. USPS receipt (confirming mailing of affidavit and RFAs); 3. MC-050 Substitution of Attorney form (filed January 12, 2022);

Each of these documents is either part of the court record or capable of accurate and ready determination from sources whose accuracy cannot reasonably be questioned.

## E. The MC-050 Filing Supports Unclean Hands and Fraud on the Court

The January 12, 2022 MC-050 filing falsely listed Robert Abram as the original attorney of record— when in truth, Waters had always represented himself. This filing was not a change of firm but a fraudulent substitution to deflect from misconduct and evade sanctions. The Court has authority to take notice of this record and reject any argument made in furtherance of that misrepresentation.

### IV. CONCLUSION

3

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR JUDICIAL NOTICE

For the foregoing reasons, Plaintiff respectfully requests that the Court:

1. Strike the declarations of Craig Waters and Alex A. Graft;

2. Take judicial notice of the Affidavit of Truth, USPS mailing receipt, Answer and fraudulent MC-050;

3. Consider the doctrine of unclean hands and the evidentiary impact of these filings on the record.

Dated: July 17 ,2025                          Respectfully submitted,

                                              Paul Singer, Plaintiff Pro Se

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF'S MOTION
TO STRIKE DECLARATIONS OF CRAIG WATERS AND ALEX GRAFT AND REQUEST FOR
JUDICIAL NOTICE

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL SINGER,

*Plaintiff*, Pro Se

v.

CRAIG WATERS, et al.,

*Defendants.*

Case No.: :25-cv-00532-KES-SAB

**DECLARATION OF PAUL SINGER IN SUPPORT OF MOTION TO STRIKE DECLARATIONS OF WATERS AND GRAFT AND REQUEST FOR JUDICIAL NOTICE**

*Filed Concurrently with Notice and Motion in Opposition; Memorandum of Points and Authorities; Paul Singer's Opposition of Motion to Strike; Request for Judicial Notice; [Proposed] Order*

Date: August 4, 2025
Time: 1:30 p.m.
Crtrm.: 6
Judge: Hon. Kirk E. Sherriff
Magistrate Judge: Stanley A. Boone

I, Paul Singer, declare:

1. I am the Plaintiff in the above-captioned matter and appear in this action pro se. I make this declaration in support of my Motion to Strike the Declarations of Craig Waters and Alex A. Graft and for Judicial Notice.

2. On November 4, 2023, I signed and caused to be mailed a notarized "Affidavit of Truth" to Defendant Craig Waters, along with a set of Requests for Admission (RFAs).

3. A true and correct copy of the USPS receipt timestamped November 4, 2023, at 12:43 p.m., confirming the mailing of the envelope containing both documents, is attached hereto as **Exhibit A**.

4. A true and correct copy of the notarized "Affidavit of Truth" executed by me and sent to Waters is attached hereto as **Exhibit B**.

1

5. Defendant Waters acknowledged receiving the envelope and attached affidavit in his declaration filed as Dkt. 27-8, but falsely claimed the RFAs were not included.

6. At no point did Waters file a rebuttal to the Affidavit of Truth. The affidavit remains unrebutted to this day.

7. On January 12, 2022, Waters filed a fraudulent Substitution of Attorney (Form MC-050) falsely stating that Robert Abram had been the prior attorney of record in the underlying Weldon state case. Waters had been the only attorney of record prior (Answer: July 3, 2019) to that substitution is attached hereto as **Exhibit C1 and C2.**

8. The Court should strike the declarations of Waters and Graft because they are materially false and rely on misstatements of record and law. The Graft declaration (Dkt. 27-3) improperly asserts facts outside his personal knowledge.

9. The Affidavit of Truth, mailing record, and Waters' failure to rebut any portion of the affidavit form the basis for judicial notice under Federal Rule of Evidence 201.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on July **17**, 2025, at Fresno, California.

Paul Singer
Plaintiff, Pro Se

2

**DECLARATION OF PAUL SINGER IN SUPPORT OF MOTION TO STRIKE
DECLARATIONS OF WATERS AND GRAFT AND REQUEST FOR JUDICIAL NOTICE**

# **EXHIBIT A** – USPS Timestamped Mailing Receipt (November 4, 2023)





EAST FRESNO
5555 E TULARE ST
FRESNO, CA 93727-3396
(800)275-8777

11/04/2022                                    12:43 PM

| Product | Qty | Unit Price | Price |
|---|---|---|---|
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Visalia, CA 93291 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086089 | | | |
| Total | | | $5.44 |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Tulare, CA 93274 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086119 | | | |
| Total | | | $5.44 |
| First-Class Mail® | 1 | | $1.44 |
| Large Envelope | | | |
| Fresno, CA 93704 | | | |
| Weight: 0 lb 1.10 oz | | | |
| Estimated Delivery Date | | | |
| Mon 11/07/2022 | | | |
| Certified Mail® | | | $4.00 |
| Tracking #: | | | |
| 70221670000200086056 | | | |
| Total | | | $5.44 |

Grand Total:                                  $1..i2

Credit Card Remit                             $16.32
    Card Name: VISA
    Account #: XXXXXXXXXXXX8243
    Approval #: 004050
    Transaction #: 743
    AID: A0000000031010          Chip
    AL: Visa Credit
    PIN: Not Required

Text your tracking number to 28777 (2USPS)
to get the latest status. Standard Message
and Data rates may apply. You may also
visit www.usps.com USPS Tracking or call
1-800-222-1811

Preview your Mail
Track your Packages
Sign up for FREE @
https://informeddelivery.usps.com

All sales final on stamps and postage.
Refunds for guaranteed services only.
Thank you for your business

Tell us about your experience.
Go to: https://postalexperience.com/Pos
or scan this code with your mobile device.

EXHIBIT A

# USPS Tracking®

FAQs >

**Tracking Number:**

Remove ✕

## 70221670000200086096

Copy        Add to Informed Delivery
(https://informeddelivery.usps.com/)

## Latest Update

Your item was delivered to the front desk, reception area, or mail room at 10:03 am on November 7, 2022 in FRESNO, CA 93704.

**Get More Out of USPS Tracking:**

USPS Tracking Plus®

### Delivered
**Delivered, Front Desk/Reception/Mail Room**
FRESNO, CA 93704
November 7, 2022, 10:03 am

### Redelivery Scheduled for Next Business Day
FRESNO, CA 93704
November 5, 2022, 9:34 am

### Out for Delivery
FRESNO, CA 93704
November 5, 2022, 6:10 am

### Arrived at Post Office
FRESNO, CA 93704
November 5, 2022, 5:53 am

### Departed USPS Regional Facility
FRESNO CA DISTRIBUTION CENTER

EXHIBIT A

November 4, 2022, 10:39 pm

**Arrived at USPS Regional Facility**
**FRESNO CA DISTRIBUTION CENTER**

November 4, 2022, 8:57 pm

**USPS in possession of item**
**FRESNO, CA 93727**
November 4, 2022, 12:42 pm

**Hide Tracking History**

---

**Text & Email Updates**                                    ∨

**USPS Tracking Plus®**                                      ∨

**Product Information**                                      ∨

See Less ∧

Track Another Package

Enter tracking or barcode numbers

# Need More Help?

Contact USPS Tracking support for further assistance.

FAQs

EXHIBIT A

# EXHIBIT B – Notarized Affidavit of Truth (November 4, 2023)

# AFFIDAVIT OF TRUTH

In reference to 3549 E. Douglas Avenue, Visalia, California 93292; Title Order No.: 01880-268408; Loan No.: 0507650349; Registered UCC-1 liens Document Nos.: 60459630002 & 61128410002

PAUL SINGER
4928 E. Washington Avenue
Fresno, Fresno County, California

Case: PAUL SINGER vs. BRIAN WELDON, Case No.: 18CECG03151, filed 08/23/2018
Case Status: Open
UCC-1 DOC NO.: 60459630002 – PAUL SINGER
UCC-1 DOC NO.: 61128410002 – MICHAEL GUERENA
TITLE COMPANY: STEWART TITLE
ESCROW COMPANY: MAIN STREET ESCROW
ESCROW OFFICER: DANA FORSYTHE
PROPERTY SOLD: 08/10/2017
PROPERTY PRICE SOLD AT: $318,000.00
BRIAN WELDON:   Loan Payoff was not properly processed by both the Title Company and Escrow Company, therein allowing BRIAN WELDON to deny the lienholder PAUL SINGER to his payoff of $38,500 and forcing litigation to seek recovery.

## For The Record

The undersigned Affiant, PAUL SINGER, private individual, hereinafter, "Affiant", does solemnly swear, declare under penalty of perjury and state as follows:

1. Affiant is competent to state the matters set forth herein.
2. Affiant has knowledge of the facts stated herein.
3. All the facts herein are true, correct and complete, admissible as evidence, and if called upon as a witness, Affiant will testify to their veracity.

## Plain Statement of Facts

1. There is no evidence that PAUL SINGER, was paid $38,500 for the lien No.: 60459630002 at the time of sale of real property located at 3549 E. Douglas Avenue, Visalia, California 93292 through all forms of real estate transaction procedures with STEWART TITLE, MAIN STREET ESCROW or BRIAN WELDON on 08/10/2017.  Affiant believes there is no proof to the contrary.

2. BRIAN WELDON has personal knowledge PAUL SINGER was to receive $38,500.  Affiant believes there is no proof to the contrary.

3. BRIAN WELDON misrepresented facts in Case No.: 18CECG03151 to injure PAUL SINGER and to deny him of his money in the sum of $38,500. Affiant believes there is no proof to the contrary.

EXHIBIT B

4. **MAIN STREET ESCROW**, Escrow Officer **DANA FORSYTHE** has personal knowledge of two liens on the property; Liens Document No.: 60459630002 & 61128410002, and by her emails to **PAUL SINGER** knew **PAUL SINGER** was to receive $38,500. Affiant believes there is no proof to the contrary.

5. **STEWART TITLE** knew of the two liens of the property, therefore knew **PAUL SINGER** was to receive $38,500. Affiant believes there is no proof to the contrary.

6. There is no evidence that a check was issued to **PAUL SINGER** in the sum of $38,500 from **STEWART TITLE**, **MAIN STREET ESCROW** or **BRIAN WELDON**. Affiant believes there is no proof to the contrary.

7. There is no evidence that **BRIAN WELDON** paid toward any bond for $10,000 to any injunction order that states such conditions requirement to allow it to become an enforceable instrument to remove both liens Documents: 60459630002 & 61128410002. Affiant believes there is no proof to the contrary.

8. The second lienholder **MICHAEL GUERENA** on lien Document No.: 61128410002 was paid on 08/10/2017 in the sum of $5,000. Affiant believes there is no proof to the contrary.

9. **MAIN STREET ESCROW** overpaid **BRIAN WELDON** to include **PAUL SINGER's** portion. Affiant believes there is no proof to the contrary.

10. **BRIAN WELDON** knew he was overpaid and that it included **PAUL SINGER's** portion. Affiant believes there is no proof to the contrary.

11. The Lien, Document No.: 60459630002 has increased to $80,203.40 due to the five (5) years of interest of nonpayment. Affiant believes there is no proof to the contrary.


**IN WITNESS WHEREOF** I hereunto set my hand and seal on this ___4___ day of ___Nov___, 2022 and hereby certify all the statements made above are true, correct and complete.

Date: __11/4/2022__                    Signed: _____

PAUL SINGER - AFFIANT

Page 2 of 2

EXHIBIT B

**Jurat**

This certificate is attached to a _Affidavit of Truth_

dated _11/4/22_

Document Information: _____

_____

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

STATE OF CALIFORNIA

COUNTY OF _Fresno_

Subscribed and sworn to (or affirmed) before me on this _4th_ day of _November_,
20 _22_, by _Paul Singer_
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

Signature _____

Print name: _J. Leal_

My appointment expires: _10/09/2026_

J. LEAL
Notary Public - California
Fresno County
Commission # 2435945
My Comm. Expires Oct 9, 2026

Deeds.com Uniform Conveyancing Blanks

EXHIBIT B

**EXHIBITS C1** – MC-050 Substitution of Attorney with Robert Abram Esq.(January 12, 2022) and
**C2** – BRIAN WELDON'S ANSWER (filed July 3, 2019 by CRAIG WATERS)

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| ─ Craig C.O. Waters, SBN: 311109<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704<br>TELEPHONE NO. 559-603-8522    FAX NO. *(Optional)*: 559-777-6604<br>E-MAIL ADDRESS *(Optional)*: cwaters@modernlegalpc.com<br>ATTORNEY FOR *(Name)*: Weldon, Brian | E-FILED<br>1/12/2022 1:40 PM<br>Superior Court of California<br>County of Fresno<br>By: Estela Alvarado, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>18CECG03151 |
|---|---|

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name)*: Brian Weldon    makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney *(name)*: Robert C. Abrams, Esq.
2. **New legal representative** ☐ Party is representing self ☑ Attorney
   a. Name: Craig Waters
   b. State Bar No. *(if applicable)*: 311109
   c. Address *(number, street, city, ZIP, and law firm name, if applicable)*:
   5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
   Modern Legal PC
   d. Telephone No. *(include area code)*: 559-603-8522
3. The party making this substitution is a ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other *(specify)*:
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- Guardian        • Personal Representative        • Guardian ad litem
- Conservator    • Probate fiduciary               • Unincorporated
- Trustee          • Corporation                         association

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
Date: Jan 12, 2022
Brian Weldon

_____
(TYPE OR PRINT NAME)

*Brian Weldon*
Brian Weldon (Jan 12, 2022 09:43 PST)
_____
(SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
Date: 1/12/2022
Robert C. Abrams, Esq.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
Date: 1/12/2022
Craig C.O. Waters, Esq.

_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)    Page 1 of 2

Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
(Without Court Order)

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

*EXHIBIT C1*

| CASE NAME: | CASE NUMBER: |
|---|---|
| — Singer v Weldon | 18CECG03151 |

### PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An <u>unsigned</u> copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 12, 2022   (2) Place of mailing *(city and state):* Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
_____                    _____
(TYPE OR PRINT NAME)                                                         (SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   c. Name of person served:  Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*


   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*


   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*


   ☐ List of names and addresses continued in attachment.

### SUBSTITUTION OF ATTORNEY—CIVIL
### (Without Court Order)

EXHIBIT   C1

1    CRAIG C.O. WATERS, ESQ., SBN: 311109     E-FILED
    **LAW OFFICE OF ROBERT C. ABRAMS**     7/3/2019 1:02 PM
2    5412 N. Palm Avenue, Suite 101     Superior Court of California
    Fresno, California 93704     County of Fresno
3    Telephone:    (559) 431-9710     By: C. York, Deputy
    Facsimile:    (559) 431-4108
4

5    Attorneys for Defendant,
    BRIAN WELDON

6

7

8              **IN THE SUPERIOR COURT OF CALIFORNIA**

9                  **COUNTY OF FRESNO**
                      *****

10    PAUL SINGER, an individual, and     Case No. 18CECG03151
    BENCHMARK LOGIC REAL ESTATE
11    INVESTING AND COSULTING, LLC, a
    California Limited Liability Company,     **ANSWER OF BRIAN WELDON TO**
12                                **UNVERIFIED COMPLAINT FOR:**
                  Plaintiffs,     **1) BREACH OF CONTRACT**
13                                   **2) BREACH OF THE COVENANT OF**
    vs.                                  **GOOD FAITH AND FAIR**
14                                   **DEALING;**
    BRIAN WELDON, an individual;     **3) COMMON COUNTS;**
15    FREEDOM INVESTMENTS, LLC, a     **4) CONVERSION;**
    California Limited Liability Company; and     **5) INTENTIONAL**
16    DOES 1 through 50, inclusive                **MISREPRESENTATION**
                                  **6) NEGLIGENT**
17                  Defendants.     **MISREPRESENTATION**
                                  **7) UNJUST ENRICHMENT**
18                                   **8) ALTER EGO LIABILITY AND**
                                  **DAMAGES**
19

20         Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants'

21    unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

22                          **GENERAL DENIAL**

23         This answering Defendant in answer to the unverified Complaint, and pursuant to the

24    provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each

25    and every allegation contained therein and the whole thereof, including each and every

26    purported cause of action contained in said Complaint, and denies, further, that Complainants

27    have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all.

28    Defendant further denies that Complainants have sustained any injury, damage or loss by

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT C2

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1  reason of any act, omission or omission to act on the part of this answering Defendant or its

2  agents, employees or predecessors-in-interest.

3  <center>**AFFIRMATIVE DEFENSES**</center>

4  <center>**First Affirmative Defense**</center>

5  1.  As a first and separate affirmative defense, this answering Defendant alleges that

6  Complainants and Complainants' agents, employees, and representatives were negligent in and

7  about the matters alleged in the Complaint, and their negligence was the legal cause of

8  Complainants' injuries and damages, if any.

9  <center>**Second Affirmative Defense**</center>

10  2.  As a second and separate affirmative defense, this answering Defendant alleges that

11  Complainants and Complainants' damages, if any, were caused by the negligence and

12  wrongful conduct of Complainants and their agents, employees, and representatives and

13  Complainants' recovery, if any, should be reduced by an amount proportionate to the amount

14  by which the negligence and wrongful conduct of Complainants and/or Complainants' agents,

15  employees and representatives contributed to Complainants' damages if any.

16  <center>**Third Affirmative Defense**</center>

17  3.  As a third and separate affirmative defense, this answering Defendant alleges that

18  Complainants and Complainants' agents, employees and representatives failed to mitigate,

19  minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum

20  which Complainants may be awarded reduced by such sums as could have been mitigated,

21  minimized or avoided.

22  <center>**Fourth Affirmative Defense**</center>

23  4.  As a fourth and separate affirmative defense, this answering Defendant alleges that the

24  Complaint and each and every cause of action alleged in it are unenforceable in that

25  Complainants have voluntarily and knowingly waived each and all of Complainants' alleged

26  rights and causes of action against this Defendant.

27  ////

28  ////

<center>-2-</center>

<center>ANSWER TO UNVERIFIED COMPLAINT</center>

EXHIBIT C2

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

### Fifth Affirmative Defense

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

### Sixth Affirmative Defense

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

### Seventh Affirmative Defense

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

### Eighth Affirmative Defense

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

### Ninth Affirmative Defense

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

### Tenth Affirmative Defense

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT C2

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

### Eleventh Affirmative Defense

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

### Twelfth Affirmative Defense

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

### Thirteenth Affirmative Defense

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

### Fourteenth Affirmative Defense

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

### Fifteenth Affirmative Defense

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

### Sixteenth Affirmative Defense

16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the material breach of contract by Complainants discharged Defendant from any obligation to Complainants.

////

////

-4-

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT C2

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Seventeenth Affirmative Defense**

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

**Eighteenth Affirmative Defense**

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

**Nineteenth Affirmative Defense**

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

**Twentieth Affirmative Defense**

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

**Twenty-first Affirmative Defense**

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

**Twenty-Second Affirmative Defense**

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT C2

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.

DATED: July __2__, 2019.            LAW OFFICE OF ROBERT C. ABRAMS

_____
CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

-6-

ANSWER TO UNVERIFIED COMPLAINT

EXHIBIT C2

# PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF FRESNO       )

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐    **BY OVERNIGHT DELIVERY:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒    **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐    **BY FAX:** I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

**Attorneys for Paul Singer**
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

Executed on July 3, 2019, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kayla L. Waters

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

PROOF OF SERVICE

EXHIBIT C2

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| | Case No.: **1:25-cv-00532-KES-SAB** |
| | |
| | **NOTICE OF REQUEST FOR** |
| | **JUDICIAL NOTICE** |
| PAUL SINGER, | [In Support of Plaintiff's Opposition to |
| | Motion to Strike and Motion to Strike |
| *Plaintiff*, Pro Se | Declarations] |
| v. | |
| | *(Filed Concurrently with Notice and Motion* |
| CRAIG WATERS, et al., | *in Opposition; Memorandum of points and* |
| | *authorities in support of Plaintiff's Motion* |
| *Defendants.* | *to Strike Declarations of craig waters and* |
| | *Alex Craft and Request for Judicial Notice;* |
| | *Paul Singer's Opposition of Motion to* |
| | *Strike; Declaration of Paul Singer;* |
| | *[Proposed] Order)* |

---

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that, pursuant to Rule 201 of the Federal Rules of Evidence, Plaintiff **Paul**

**Singer**, appearing pro se, respectfully requests that this Court take judicial notice of the following

documents and facts in support of Plaintiff's:

///
///

*///*

- Opposition to Defendant Craig Waters' Motion to Strike;

- Motion to Strike the Declarations of Craig Waters and Alex Graft;

- Declaration of Paul Singer with Exhibits; and

- Proposed Order Denying Defendant's Motion to Strike.

## I. DOCUMENTS REQUESTED FOR JUDICIAL NOTICE

1. **Affidavit of Truth**, dated and notarized November 4, 2023, acknowledged by Defendant Waters in his own declaration and never rebutted.
   *(Attached as Exhibit B to Singer's Declaration)*

2. **USPS Certified Mailing Receipt**, dated November 4, 2023 at 12:43 PM, confirming delivery of Affidavit and Request for Admissions.
   *(Attached as Exhibit A to Singer's Declaration)*

3. **Form MC-050 (Substitution of Attorney)**, filed January 12, 2022, by Craig Waters, falsely listing Attorney Robert Abram as original counsel.
   *(Attached as Exhibit C1 to Singer's Declaration)*

4. **Answer Filed by Craig Waters**, on July 3, 2019, showing he was the sole and original attorney of record in the underlying state action.
   *(Attached as Exhibit C2 to Singer's Declaration)*

5. **Minute Order dated February 2024**, awarding sanctions to Defendant Waters based on materially false claims in his declaration regarding alleged non-receipt.
   *(Attached hereto and incorporated here as Exhibit D)*

6. **Declaration of Alex Graft**, dated June 2025, submitted in support of the Motion to Strike, purporting to have personal knowledge of case events that occurred before he was retained.
   *(Attached hereto and incorporated here as Exhibit E)*

## II. LEGAL BASIS FOR JUDICIAL NOTICE

Under Federal Rule of Evidence 201(b), a court may take judicial notice of a fact that:

- Is not subject to reasonable dispute because it is either (1) generally known within the trial

  court's jurisdiction, or (2) capable of accurate and ready determination by sources whose

  accuracy cannot reasonably be questioned.

*///*
*///*

2

**NOTICE OF REQUEST FOR JUDICIAL NOTICE**

///

Documents filed in the court record, notarized affidavits, court orders, public filings, and certified mail receipts are all proper subjects for judicial notice. See:

- ***Lee v. City of Los Angeles***, 250 F.3d 668, 688–89 (9th Cir. 2001);

- ***United States v. Wilson***, 631 F.2d 118, 119 (9th Cir. 1980);

- ***Kashanchi v. Texas Commerce Medical Bank***, 703 F.2d 936, 937 (5th Cir. 1983).

### III. CONCLUSION

Plaintiff respectfully requests that the Court take judicial notice of the above-listed documents and facts in evaluating the credibility of Defendant Waters and his counsel, the procedural history and record integrity of this matter, and Plaintiff's causes of action based on fraud on the court and related misconduct.

Dated: July **17** ,2025,

Respectfully submitted,

PAUL SINGER
Plaintiff, Pro Se

**NOTICE OF REQUEST FOR JUDICIAL NOTICE**

# EXHIBIT D – Minute Order dated February 2024

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO** Filed 04/16/25 Entered by:
**Civil Department - Non-Limited**

TITLE OF CASE:

Paul Singer vs. Brian Weidon

| **LAW AND MOTION MINUTE ORDER** | Case Number: **18CECG03151** |
|---|---|

| Hearing Date: | **March 15, 2023** | Hearing Type: | **Motion - Sanctions** |
|---|---|---|---|
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Alvarado, Estela** | Reporter: | **Not Reported** |

**Appearing Parties:**

Plaintiff:                                          Defendant:

Counsel:                                           Counsel:

[ ] Off Calendar

[ ] Continued to   [ ] Set for __ at __ Dept. __ for __

[ ] Submitted on points and authorities with/without argument.    [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.    [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

[X] No Oral Argument requested as required per Local Rule 2.2.6 & CRC 3.1308(a)(1).

[X] Defendant's Motion for Monetary Sanctions against Plaintiff is GRANTED.

[X] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary. The minute order adopting the tentative ruling serves as the order of the court.

[X] See attached copy of the Tentative Ruling.

[X] Service by the clerk will constitute notice of the order.

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
    Principal $__   Interest $__   Costs $__   Attorney fees $__   Total $__
[ ] Claim of exemption [ ] granted [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.   [ ] Writ to issue
[ ] Notice to be filed within 15 days.    [ ] Restitution of Premises
[ ] Other: __

EXHIBIT D

(27)

## <u>Tentative Ruling</u>

Re:            ***Paul Singer v. Brian Weldon***
                      Superior Court Case No. 18CECG03151

Hearing Date:       March 15, 2023 (Dept. 502)

Motion:             By Defendant Brian Weldon for Monetary Sanctions against
                      Plaintiff Paul Singer

**Tentative Ruling:**

To grant in the amount of $1,316.98, payable to Defendant Brian Weldon's counsel within thirty (30) days from this order.

**Explanation:**

Misuse of the discovery process may result in monetary sanctions (Code Civ. Proc., § 2023.030, subd. (a). Misuse includes, "[m]aking or opposing a motion to compel or limit discovery unsuccessfully and *without substantial justification.*" (Code Civ. Proc., § 2023.010, subd. (h), emphasis added.)

On December 28, 2022 plaintiff Paul Singer ("plaintiff") filed a motion to deem requests for admissions admitted. The motion was denied because there was <u>no</u> proof of service showing service of the request for admissions on November 8, 2022 or at any other time. (Code Civ. Proc., § 2033.070.) In addition, responses were served on January 12, 2023, and thus the merits of the motion were moot. (Waters, Decl., Ex. I; *Sinaiko Healthcare Consulting, Inc. v. Pacific Healthcare Consultants* (2007) 148 Cal.App.4th 390, 409; *St. Mary v. Superior Court* (2014) 223 Cal.App.4th 762, 778.)

Defendant Brian Weldon ("Weldon") has produced evidence that his counsel requested plaintiff withdraw the motion to deem the requests for admissions admitted, in light of the service defects and the production of the subject discovery, on January 3, 2023. (See Waters Decl. ¶ 15; Ex. F.) Despite the production of the subject discovery, and although he did not file a reply, plaintiff did not withdraw his motion. Weldon's evidence (to which plaintiff has not opposed) tends to show that plaintiff lacked substantial justification in filing and maintaining his motion. Furthermore, plaintiff's refusal to withdraw his motion required defendant to file an opposition and the court to issue a determination.

Defendant seeks $3,685 in attorneys' fees and $77.48 in costs incurred in opposing plaintiff's discovery motion. Support for the costs in shown in Exhibit K of moving counsel's declaration. However, the supporting fee statement (Waters, Decl. Ex. J), indicates that the opposition resulted in an expenditure of $837.50 and preparation of this motion an expenditure of $402.00. The total of these two expenditures is $1,239.50, which is more commensurate with the dereliction. Accordingly, the amount of sanctions imposed is $1,239.50 plus $77.48 for a total of $1,316.98.

6

EXHIBIT D

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____KCK_____ on _3/15/23_ .
        (Judge's initials)         (Date)

EXHIBIT D

<table>
<tr><td colspan="2">

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**
Civil Department, Central Division
1130 "O" Street
Fresno, California   93724-0002
(559) 457-2000

</td><td>

*FOR COURT USE ONLY*

</td></tr>
</table>

| | |
|---|---|
| TITLE OF CASE:<br> Paul Singer vs. Brian Weldon | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>18CECG03151 |

I certify that I am not a party to this cause and that a true copy of the:

**[Minute Order and Tentative Ruling, dated 3/15/23]**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  03/15/2023                                        Clerk, by _____, Deputy

                                                                                    Estela Alvarado

| | |
|---|---|
| Paul Singer<br>Benchmark Logic Real Estate Investing and Consulting<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704 |

☐  Clerk's Certificate of Mailing Additional Address Page Attached

*EXHIBT D*

TGN-06b R08-06                              **CLERK'S CERTIFICATE OF MAILING**

# EXHIBIT E – Declaration of Alex Graft, dated June 2025

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX. A. GRAFT, SB# 239647
2    E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
3  San Francisco, California 94105
Telephone: 415.362.2580
4  Facsimile: 415.434.0822

5  Attorneys for Defendant
CRAIG C.O. WATERS, ESQ.
6

7

8              UNITED STATES DISTRICT COURT

9        EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  PAUL V. SINGER, in individual,          Case No. 1:25-cv-00532-KES-SAB

12          Plaintiff,                       **DECLARATION OF ALEX A.
                                             GRAFT IN SUPPORT OF
                                             DEFENDANT CRAIG C.O.**
13      vs.                                  **WATERS, ESQ.'S MOTION TO
                                             DISMISS PLAINTIFF'S FIRST**
14  CRAIG C.O. WATERS, ESQ., in his          **AMENDED COMPLAINT
official capacity; STATE BAR OF              PURSUANT TO FEDERAL RULE**
15  CALIFORNIA, OFFICE OF CHIEF              **OF CIVIL PROCEDURE 12(B)(6)**
TRIAL; KRISTIN CHARLES, in her
16  official capacity; STATE BAR OF          Filed Concurrently with Notice of
CALIFORNIA, OFFICE OF                        Motion to Dismiss; Memorandum of
17  GENERAL COUNSEL; LOUISA                  Points and Authorities; Request for
AYRAPETYAN, in her official                  Judicial Notice
18  capacity; STATE BAR OF
CALIFORNIA, OFFICE OF                        Judge:  Hon. Kirk E. Sherriff
19  GENERAL COUNSEL; BRANDON                 Date:   August 4, 2025
N. STALLINGS, in his official                Time:   1:30 p.m.
20  capacity; and DOES 1-40,                 Crtrm.: 6

21          Defendants.                      District Judge:  Kirk E. Sherriff
                                             Magistrate Judge: Stanley A. Boone
22
                                             Trial Date:      None Set
23

24

25              **DECLARATION OF ALEX A. GRAFT**

26      I, Alex A. Graft, declare as follows:

27      1.      I am an attorney duly admitted to practice in all of the courts of the

28  State of California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP,

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT  E

1  attorneys of record for Defendant CRAIG C.O. WATERS, ESQ.("Attorney

2  Waters") herein. The facts set forth herein are of my own personal knowledge, and

3  if sworn I could and would competently testify thereto.

4      2.    Attached hereto as Exhibit "1" is a true and correct copy of the

5  complaint filed by plaintiff Paul V. Singer ("Singer") on August 23, 2018, in the

6  Superior Court of California, for the County of Fresno, in the case *Paul Singer vs.*

7  *Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as explained

8  in the concurrently filed request for judicial notice.

9      3.    Attached hereto as Exhibit "2" is a true and correct copy of the answer

10 filed by Attorney Waters on behalf of defendant Brian Weldon (Weldon) on July 3,

11 2019, in the Superior Court of California, for the County of Fresno, in the case *Paul*

12 *Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as

13 explained in the concurrently filed request for judicial notice.

14     4.    Attached hereto as Exhibit "3" is a true and correct copy of the

15 substitution of attorney filed by Attorney Waters on behalf of Weldon on January

16 12, 2022, in the Superior Court of California, for the County of Fresno, in the case

17 *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially

18 noticeable as explained in the concurrently filed request for judicial notice.

19     5.    Attached hereto as Exhibit "4" is a true and correct copy of the motion

20 for sanctions filed by Attorney Waters on behalf of Weldon on February 21, 2023,

21 in the Superior Court of California, for the County of Fresno, in the case *Paul*

22 *Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as

23 explained in the concurrently filed request for judicial notice.

24     6.    Attached hereto as Exhibit "5" is a true and correct copy of the

25 Declaration of Craig Waters filed by Attorney Waters on behalf of Weldon on

26 February 21, 2023, in support of the sanctions motion, in the Superior Court of

27 California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case

28 No. 18CECG03151, which is judicially noticeable as explained in the concurrently

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

159525002.1                                2                    Case No. 1:25-cv-00532-KES-SAB
DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT E

1    filed request for judicial notice.

2        7.    Attached hereto as Exhibit "6" is a true and correct copy of the notice

3    of non-opposition to the motion for sanctions filed by Attorney Waters on behalf of

4    Weldon on March 8, 2023, in the Superior Court of California, for the County of

5    Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which

6    is judicially noticeable as explained in the concurrently filed request for judicial

7    notice.

8        8.    Attached hereto as Exhibit "7" is a true and correct copy of the order

9    granting the motion for sanctions filed by the trial court on March 15, 2023, in the

10   Superior Court of California, for the County of Fresno, in the case *Paul Singer vs.*

11   *Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as explained

12   in the concurrently filed request for judicial notice.

13       9.    Attached hereto as Exhibit "8" is a true and correct copy of the request

14   for dismissal filed by Singer on June 20, 2023, in the Superior Court of California,

15   for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

16   18CECG03151, which is judicially noticeable as explained in the concurrently filed

17   request for judicial notice.

18       10.    Attached hereto as Exhibit "9" is a true and correct copy of the motion

19   to set aside the dismissal filed by Singer on October 3, 2023, in the Superior Court

20   of California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*,

21   Case No. 18CECG03151, which is judicially noticeable as explained in the

22   concurrently filed request for judicial notice.

23       11.    Attached hereto as Exhibit "10" is a true and correct copy of the order

24   denying the motion to set aside the dismissal filed by the trial court on March 19,

25   2024, in the Superior Court of California, for the County of Fresno, in the case *Paul*

26   *Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as

27   explained in the concurrently filed request for judicial notice.

28   / / /

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

EXHIBIT E

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

1    12.    Attached hereto as Exhibit "11" is a true and correct copy of the

2  complaint filed in this action by Singer on May 6, 2025.

3    13.    In response to Singer's complaint, I caused to be filed on behalf of my

4  client, Attorney Waters, an anti-SLAPP motion to strike Singer's state law causes of

5  action and a motion to dismiss Singer's entire complaint.

6    14.    Attached hereto as Exhibit "12" is a true and correct copy of the

7  amended complaint filed in this action by Singer on June 23, 2025.

8    I declare under penalty of perjury under the laws of the United States of

9  America that the foregoing is true and correct and that this declaration was executed

10  on this 7th day of July, 2025, at San Francisco, California.

11

12                                            _____/s/ Alex A. Graft_____
                                              Alex A. Graft
13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

*EXHIBIT E*

## CERTIFICATE OF SERVICE
### Singer v. Waters, et al.
U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

      At the time of service, I was over 18 years of age and not a party to the action. My business address is 633 West 5th Street, Suite 4000, Los Angeles, CA 90071. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

      On July 7, 2025, I served the following document(s): **DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)**

      I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

### SEE ATTACHED SERVICE LIST

      The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

      I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

      Executed on July 7, 2025, at Los Angeles, California.

_____
/s/ Jacqueline McGee
Jacqueline McGee

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*EXHIBIT E*

1

## SERVICE LIST

2

| | |
|---|---|
| **Plaintiff Pro Per**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **Attorneys for Defendants**<br>**KRISTIN CHARLES, LOUISA**<br>**AYRAPETYAN,**<br>**BRANDON N. STALLINGS**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax:   415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

*EXHIBIT E*

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Per

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL SINGER, *Plaintiff*, Pro Se v. CRAIG WATERS, et al., *Defendants*. | Case No.: **1:25-cv-00532-KES-SAB** |

**PLAINTIFF'S OPPOSITION TO DEFENDANT CRAIG WATERS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

*Filed Concurrently with Notice and Motion in Opposition; Memorandum of Points and Authorities; Declaration of Paul Singer; Request for Judicial Notice; [Proposed] Order*

Date: August 4, 2025
Time: 1:30 p.m.
Crtrm.: 6
Judge: Hon. Kirk E. Sherriff
Magistrate Judge: Stanley A. Boone

TO THE HONORABLE COURT AND ALL PARTIES:

Plaintiff Paul Singer, appearing pro se, hereby submits this opposition to Defendant Craig Waters' Motion to Strike the First Amended Complaint (FAC). The motion should be denied in its entirety for the following reasons:

## I. INTRODUCTION

Waters' Motion to Strike the FAC is procedurally improper, factually inaccurate, and based on a foundation of declarations that have been shown to be materially false, inadmissible, and submitted in bad faith. Waters fails to address the central factual allegations in the FAC and instead relies on

1

**PLAINTIFF'S OPPOSITION TO DEFENDANT CRAIG WATERS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

mischaracterizations and a declaration now subject to Plaintiff's concurrent Motion to Strike and Request for Judicial Notice.

Moreover, Plaintiff's First Amended Complaint (FAC) satisfies the pleading requirements under Federal Rule of Civil Procedure 8 and withstands challenge under Rule 12(b)(6). Plaintiff has pled with particularity, citing:

- **Dates:** Including but not limited to January 12, 2022 (fraudulent MC-050), and November 4, 2023 (mailing of Affidavit and RFAs);
- **Times and Locations:** Documented by USPS mailing receipts and timestamped records proving delivery of critical discovery items to Defendant Waters;
- **Material Evidence:** Including the unrebutted notarized Affidavit of Truth, the MC-050 Substitution of Attorney, and prior court records showing Waters' procedural misconduct and evasive actions.

Each cause of action is supported by factual allegations that identify who did what, when, and how those acts constitute abuse of process, fraud on the court, and denial of Plaintiff's due process rights. Plaintiff has clearly satisfied the burden to state a claim upon which relief can be granted.

Further, Plaintiff's First Amended Complaint is protected from any attempt to strike under California's anti-SLAPP statute (Cal. Civ. Proc. Code § 425.16), which does not apply in federal court to federal causes of action. Even if it were applicable, Plaintiff's claims arise from unlawful and fraudulent conduct, not protected petitioning activity, and are supported by admissible evidence and specific factual allegations. To the extent any Defendant seeks dismissal under anti-SLAPP or Rule 12(b)(6), this Opposition, together with Plaintiff's concurrently filed Motion to Strike Declarations and Request for Judicial Notice, provides factual and legal grounds to overcome such motions.

**II. THE MOTION TO STRIKE IMPERMISSIBLY TARGETS FACTUAL ALLEGATIONS**

Federal Rule of Civil Procedure 12(f) is designed to strike "redundant, immaterial, impertinent, or scandalous matter," not substantive claims or facts that go to the heart of the case. Waters' motion improperly seeks to strike Plaintiff's well-pleaded factual allegations, which are presumed true at this

**PLAINTIFF'S OPPOSITION TO DEFENDANT CRAIG WATERS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

stage. The Court must construe the complaint liberally in favor of a pro se litigant and allow the case to proceed unless it is wholly without merit — which Waters has not shown.

### III. WATERS' DECLARATION IS UNTRUSTWORTHY AND SHOULD BE STRICKEN

Waters submitted a declaration (Dkt. 27-8) riddled with contradictions: - He admits receiving a sealed envelope from Plaintiff but falsely claims the RFAs were missing. - He uses the Affidavit as a shield while failing to rebut it — despite it being notarized, mailed with a USPS receipt, and dated November 4, 2023. - He improperly attacked the notary and obscured the sequence of events.

This declaration was later used to support improper sanctions and now underpins Waters' Motion to Strike the FAC — a tactic that magnifies the prejudice to Plaintiff.

### IV. THE FRAUDULENT MC-050 SUBSTITUTION OF ATTORNEY INVALIDATES WATERS' POSTURE AND IMPLICATES ATTORNEY ABRAM

On or about January 12, 2022, Waters filed a fraudulent Substitution of Attorney (Form MC-050), falsely listing Robert Abram as original counsel. This was not a lawful change of firm, but a deliberate misrepresentation to evade judicial sanctions. The document was signed under color of official authority and has never been corrected. Under the doctrine of unclean hands and fraud on the court, Waters should not be permitted to use that fraud to now suppress Plaintiff's claims.

This fraudulent substitution also implicates attorney Robert Abram directly. By signing or allowing his name to be placed on the MC-050 without having ever appeared as counsel of record in the underlying matter, Abram participated in misleading the Fresno County Superior Court. Given Abram's experience and long-standing licensure, he should have recognized the improper nature of the substitution. This was not a standard change of law firm, but a calculated attempt to falsely portray Waters as having never been the original attorney of record. Abram's failure to clarify or correct the record after the fact further entrenches his role in the procedural fraud. Therefore, Abram may bear liability for aiding and abetting Waters' misconduct, and Plaintiff reserves all rights to pursue additional sanctions and remedies against him for violation of legal and ethical duties.

Additionally, the declaration filed by attorney Alex Graft (Dkt. 27-3) compounds this issue. Graft has

3

**PLAINTIFF'S OPPOSITION TO DEFENDANT CRAIG WATERS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

sworn under penalty of perjury to possess "personal knowledge" regarding events and court filings that predate his involvement in the matter, including the MC-050 substitution involving Robert Abram. By validating and relying on that fraudulent document, Graft improperly adopts its factual basis and misrepresents the truth to this Court. This overreach exposes him to legal vulnerability for aiding and abetting the underlying fraud and renders his declaration inadmissible under Federal Rules of Evidence 602 and 802. It must be stricken in full.

## V. PLAINTIFF HAS FILED A SEPARATE MOTION TO STRIKE DECLARATIONS AND REQUEST JUDICIAL NOTICE

Concurrently with this opposition, Plaintiff has filed a separate Motion to Strike the declarations of Waters and his attorney Alex Graft and a Request for Judicial Notice, including: - The Affidavit of Truth (Nov. 4, 2023); - USPS certified mailing receipt (Nov. 4, 2023); - The fraudulent MC-050 filed Jan. 12, 2022.

These materials are incorporated herein by reference. The Motion to Strike the FAC relies on false foundations and cannot be sustained under judicial scrutiny.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court: 1. DENY Waters' Motion to Strike the First Amended Complaint; 2. Consider all incorporated evidence submitted with Plaintiff's Motion to Strike Declarations and Request for Judicial Notice; 3. Maintain Plaintiff's right to be heard fully and fairly under the law; 4. Preserve Plaintiff's claims against all named Defendants from any further Rule 12(b)(6) or anti-SLAPP-based challenge by recognizing the legal sufficiency and factual specificity of the FAC.

Dated: July **17**, 2025

Respectfully submitted,

Paul Singer
Plaintiff, Pro Se

4

**PLAINTIFF'S OPPOSITION TO DEFENDANT CRAIG WATERS' MOTION TO STRIKE THE FIRST AMENDED COMPLAINT**

1  Paul V. Singer
2  4928 E. Washington Avenue
   Fresno, California 93727
3  Telephone: (559)871-6400
4  Attorney for Plaintiff: Pro Se

5

6            **IN THE UNITED STATES DISTRICT COURT**
             **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7

8                                    | Case No.: **1:25-cv-00532-KES-SAB**

9                                      NOTICE OF LODGING OF AFFIDAVIT
10    PAUL SINGER,                     OF TRUTH AND USPS RECEIPT;
      Plaintiff, Pro Se                CERTIFICATE OF SERVICE; AND
11 v.                                  REQUEST FOR FORMAL ENTRY AND
                                       CONSIDERATION OF MATERIAL
      CRAIG WATERS, et al.,            EVIDENCE
12    Defendants.

13                                     *Filed Concurrently with Notice and*
14                                     *Motion in Opposition; Memorandum of*
                                       *Points and Authorities; Paul Singer's*
15                                     *Opposition of Motion to Strike; Request*
                                       *for Judicial Notice; [Proposed] Order*
16

17                                     Date: August 4, 2025
                                       Time: 1:30 p.m.
18                                     Crtrm.: 6
                                       Judge: Hon. Kirk E. Sherriff
19                                     Magistrate Judge: Stanley A. Boone

20

21  **TO THE HONORABLE COURT, CLERK OF COURT, AND ALL PARTIES:**

22  PLEASE TAKE NOTICE that Plaintiff Paul Singer, appearing pro se, hereby lodges with the Court

23  the following documents for judicial review and inclusion in the official record:

24    1. **Affidavit of Truth**, executed and notarized by Paul Singer on **November 4, 2023**, affirming
         facts material to the issues presented in the Motion to Strike;

25    2. **USPS Receipt**, time-stamped **November 4, 2023 at 12:43 PM**, confirming mailing of both
26       the Affidavit and Plaintiff's Requests for Admission to Defendant Craig Waters in one sealed
         envelope.

27    3. **Answer and MC-050,** filed July 3, 2019 and January 12, 2022, in Fresno Superior Court.

28

                                        1

    NOTICE OF LODGING OF AFFIDAVIT OF TRUTH AND USPS RECEIPT; CERTIFICATE OF
    SERVICE; AND REQUEST FOR FORMAL ENTRY AND CONSIDERATION OF MATERIAL
                                      EVIDENCE

These documents have been properly referenced in Plaintiff's Declaration and Motion to Strike but are separately noticed to ensure full transparency and traceable entry.

Plaintiff respectfully requests that the Court formally **acknowledge the lodging of these items on the docket**, and that these materials be **expressly reviewed and considered** in any ruling on the pending Motion to Strike, as they are foundational to disproving material declarations submitted by Defendant Waters and Attorney Alex Graft.

## CERTIFICATE OF SERVICE

I, Paul Singer, declare:

On July _____, 2025, I served the following documents:

- Notice of Motion and Motion to Strike Declarations of Craig Waters and Alex Graft and Request for Judicial Notice,
- Memorandum of Points and Authorities in Support of Opposition
- Declaration of Paul Singer in Support with Exhibits,
- Notice of Lodging of Affidavit or Truth and USPS Receipt/Request for Formal Entry And Consideration of Material Evidence
- **[Proposed]** Order Granting Plaintiff's Motion,
- Certificate of Service
- This Notice of Lodging and Request for Entry,

on the following counsel of record:

**Alex A. Graft, Esq.**
Sutton & Murphy
26056 Acero, Suite 230
Mission Viejo, CA 92691
Email: agraft@suttonmurphy.com

**Method of Service:** ☒ U.S. Mail (postage prepaid) ☒ Electronic Mail (PDF copy)

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on July _____, 2025 at Fresno, California.

Paul Singer
Plaintiff, Pro Se

2

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: Pro Se

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

Case No.: **1:25-cv-00532-KES-SAB**

**[PROPOSED]** ORDER DENYING DEFENDANT CRAIG WATERS' MOTION TO STRIKE FIRST AMENDED COMPLAINT

PAUL SINGER,

*Plaintiff*, Pro Se

v.

CRAIG WATERS, et al.,

*Defendants.*

*Filed Concurrently with Notice and Motion in Opposition; Memorandum of points and authorities in support of Plaintiff's Motion to Strike Declarations of craig waters and Alex Craft and Request for Judicial Notice; Paul Singer's Opposition of Motion to Strike; Declaration of Paul Singer; Request for Judicial Notice*

Date: August 4, 2025

TO THE HONORABLE COURT:

Having reviewed Defendant Craig Waters' Motion to Strike the First Amended Complaint (FAC),

Plaintiff's opposition thereto, Plaintiff's concurrently filed Motion to Strike Declarations, Request for

Judicial Notice, Declaration of Paul Singer, the exhibits submitted, and for good cause appearing:

**IT IS HEREBY ORDERED that Defendant Craig Waters' Motion to Strike the FAC is**

**DENIED in its entirety.**

1

**[PROPOSED]** ORDER DENYING DEFENDANT CRAIG WATERS' MOTION TO STRIKE
FIRST AMENDED COMPLAINT

The Court further finds and orders as follows:

1.   Plaintiff Paul Singer has sufficiently pled facts with particularity in the First Amended Complaint. These include verifiable dates (e.g., Jan. 12, 2022 and Nov. 4, 2023), locations, and documented evidence such as USPS mailing receipts, Affidavit of Truth, and procedural filings that support causes of action for fraud on the court, abuse of process, and denial of due process.

2.   Defendant's motion improperly seeks to strike substantive factual allegations and legal claims, which is not a proper use of Federal Rule of Civil Procedure 12(f). The motion therefore fails procedurally and substantively.

3.   The declaration of Craig Waters (Dkt. 27-8) is contradicted by documentary evidence— including the unrebutted Affidavit of Truth signed and notarized November 4, 2023, the USPS mailing receipt from the same date, and Waters' own inconsistent admissions.

4.   The declaration of Alex Graft (Dkt. 27-3) is inadmissible under the Federal Rules of Evidence. Attorney Graft lacks personal knowledge of events occurring years before his representation and improperly vouches for facts outside his scope.

5.   The Substitution of Attorney (MC-050) filed by Waters on January 12, 2022—falsely identifying Robert Abram as original counsel—is fraudulent. Waters was the sole attorney of record, as confirmed by the July 3, 2019 Answer. This misrepresentation supports the doctrine of unclean hands.

6. Attorney Robert Abram, by signing the fraudulent MC-050, may have aided and abetted the misrepresentation. Plaintiff reserves the right to pursue further relief.

6.   California's anti-SLAPP statute does not apply to federal claims in federal court. Even if it did, Plaintiff's claims allege unlawful, unprotected conduct and are pled with sufficient clarity.

2

**[PROPOSED]** ORDER DENYING DEFENDANT CRAIG WATERS' MOTION TO STRIKE
FIRST AMENDED COMPLAINT

7.   The Court takes judicial notice of the Affidavit of Truth, USPS receipt, the July 3, 2019 Answer, and the January 12, 2022 MC-050, all of which are incorporated by reference.

8.   Plaintiff's filings preserve his rights to amend, pursue discovery, and seek sanctions under Rule 11 or CCP 128.7 as warranted.

**Remedies Granted:**

• The Motion to Strike (Dkt. 27) is DENIED.

• The declarations of Craig Waters and Alex Graft are STRICKEN from the record.

• Judicial Notice is GRANTED as to the Affidavit of Truth, USPS mailing receipt, the July 3, 2019 Answer, and the January 12, 2022 MC-050.

• Plaintiff may file a separate motion for sanctions under Rule 11 or CCP 128.7 within the appropriate time period or if further violations occur.

• The Court will not entertain further motions from Defendant Waters challenging the sufficiency of the FAC unless new material grounds arise.

IT IS SO ORDERED.

Dated: _____, 2025        _____

                                    Hon. Kirk E. Sherriff
                                    United States District Judge

3

**[PROPOSED]** ORDER DENYING DEFENDANT CRAIG WATERS' MOTION TO STRIKE
FIRST AMENDED COMPLAINT

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: Pro Se

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| PAUL SINGER,<br><br>*Plaintiff*, Pro Se<br>v.<br>CRAIG WATERS, et al.,<br><br>*Defendants*. | Case No.: **1:25-cv-00532-KES-SAB**<br><br>**CERTIFICATE OF SERVICE** |

I, Paul Singer, hereby certify that on July _____, 2025, I served a true and correct copy of the following documents by placing them in a sealed envelope with postage fully prepaid and depositing them in the United States mail addressed to:

**Documents Served:**

- Notice of Motion and Motion to Strike Declarations of Craig Waters and Alex Graft and Request for Judicial Notice,
- Memorandum of Points and Authorities in Support of Opposition
- Declaration of Paul Singer in Support with Exhibits,
- Notice of Lodging of Affidavit or Truth and USPS Receipt/Request for Formal Entry And Consideration of Material Evidence
- **[Proposed]** Order Denying Defendant Waters' Motion to Strike
- **Request for Judicial Notice**
- Notice of Lodging: Affidavit of Truth and USPS Receipt/Request for Formal Entry And Consideration of Material Evidence

- Supporting Exhibits including:

1

2        o  Affidavit of Truth (November 4, 2023)
        o  USPS Mailing Receipt

3        o  Answer filed July 3, 2019
        o  MC-050 Substitution of Attorney

4        o  Declaration of Craig Waters (Dkt. 27-8)
        o  Declaration of Alex Graft (Dkt. 27-3)

5        o  Related Minute Orders and Rebuttal Documents

6
**Served on:**

7

8  **Alex A. Graft, Esq.**
Sutton & Murphy
26056 Acero, Suite 230

9  Mission Viejo, CA 92691
Email: agraft@suttonmurphy.com

10  Attorney for Defendant Craig Waters

11  I declare under penalty of perjury under the laws of the United States that the foregoing is true and

12  correct.

13  Executed this July **17**, 2025, at Fresno, California.

14

15                         Respectfully submitted,

16

17                         **Paul Singer**
Plaintiff, Pro Se

18                         4928 E. Washington Avenue
Fresno, California 93727

19                         Telephone: (559)871-6400

20

21

22

23

24

25

26

27

28