1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ALEX. A. GRAFT, SB# 239647
2     E-Mail: Alex.Graft@lewisbrisbois.com
   45 Fremont Street, Suite 3000
3  San Francisco, California 94105
   Telephone: 415.362.2580
4  Facsimile: 415.434.0822

5  Attorneys for Defendant
   CRAIG C.O. WATERS, ESQ.
6

7

8              UNITED STATES DISTRICT COURT

9         EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

| | |
|---|---|
| PAUL V. SINGER, an individual, | Case No. 1:25-cv-00532-KES-SAB |
| Plaintiff, | **DEFENDANT CRAIG C.O. WATERS, ESQ.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6)** |
| vs. | |
| CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40, | |
| | Judge: Hon. Stanley A. Boone
Date: August 20, 2025
Time: 10:00 a.m.
Crtrm.: 9 |
| | District Judge: Kirk E. Sherriff
Magistrate Judge: Stanley A. Boone |
| Defendants. | Trial Date:   None Set |

## I. INTRODUCTION

Plaintiff Paul V. Singer ("Singer") largely ignores the bulk of the arguments made by defendant Attorney Craig Waters ("Attorney Waters") in Attorney Waters' motion to dismiss Singer's amended complaint. Singer thus concedes those arguments made in Attorney Waters' motion.

Additionally, Singer's allegation that Attorney Waters committed fraud by filing the substitution of attorney in the underlying State Court Action is not viable. It is readily apparent that Attorney Waters filed the substitution simply to inform Singer that Attorney Waters had changed firms. Indeed, the law required Attorney Waters to provide Singer with that information.

Finally, Singer argues that the California State Bar should have reviewed the documents that Singer sent them regarding Attorney Waters' alleged fraud. However, this argument is not relevant to Attorney Waters' motion to dismiss. Even if the argument were relevant, the Eleventh Amendment prevents this Court from ordering the State Bar to reopen its investigation of Attorney Waters.

Attorney Waters respectfully requests that this Court grant his motion to dismiss Singer's amended complaint without leave to further amend.

## II. LEGAL ARGUMENT

### A. Singer Concedes to Most of the Arguments in Attorney Waters' Motion to Dismiss.

Singer does not address many of the arguments that Attorney Waters included in his motion to dismiss. In his opposition, Singer does not reference Attorney Waters' litigation privilege argument, Attorney Waters' *Rooker-Feldman* doctrine argument, Attorney Waters' argument that this Court does not have the power to command the California Department of Real Estate to open an investigation, Attorney Waters' *Noerr-Pennington* argument, and Attorney Waters' argument that Singer's FRCP 11 claim is barred because the Federal Rules of Civil Procedure are not actionable.

Instead, Singer limits his focus to doubling down on his allegation that Attorney Waters committed fraud when he filed a substitution of attorney indicating that Attorney Waters changed firms in the underlying State Court Action. (Opposition, pp. 1–2.) Because Singer does not address the other salient arguments in Singer's motion to dismiss (each of which offers independent bases for granting the Motion), Singer waives his right to contest those arguments. *See Foster v. City of Fresno*, 392 F. Supp. 2d 1140, 1146 n.7 (E.D. Cal. 2005); *Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011).

## B. Attorney Waters Did Not Commit Fraud When He Filed the Substitution of Attorney in the State Court Action.

Singer insists that Attorney Waters must have committed fraud when he filed a substitution of attorney informing Singer that Attorney Waters had changed firms. (Opposition, pp. 1–2.) Singer is plainly incorrect, however, and may not maintain his fraud claim against Attorney Waters.

First, as discussed in Attorney Waters' motion to dismiss, Singer's state law cause of action for fraud is barred by the litigation privilege under Civil Code section 47. (Motion to Dismiss, pp. 5–8.) Additionally, his federal claim under 42 U.S.C. section 1983 for deprivation of constitutional rights is similarly barred by the *Noerr-Pennington* doctrine. (Motion to Dismiss, pp. 12–16.) As already discussed, Singer did not challenge either the litigation privilege or the *Noer-Pennington* doctrine in his opposition and has therefore waived his right to contest them. *Foster*, 392 F. Supp. 2d at 1147 n.7; *Stichting*, 802 F. Supp. 2d at 1132.

Further, Singer does not state a cognizable claim for fraud in his amended complaint and his opposition does not remedy that deficiency. Singer baldly contends that because Attorney Waters' former employer, Robert Abrams, did not appear in the State Court Action, Singer's substitution of attorney was fraudulent. (Opposition, p. 2.) However, it is clear that in Attorney Waters' initial appearance in

the State Court Action, that Attorney Waters worked at the Law Offices of Robert C. Abrams. (Graft Decl., Exh. 2, Answer, p. 1.) Attorney Waters filed the substitution of attorney only when he began working at Modern Legal PC, and transparently did so merely to inform Singer of his new address in compliance with the California Rules of Court. (Graft Decl., Exh. 3, Substitution of Attorney, p. 1; *see also* Cal. Rules of Court, rule 2.200 ["An attorney…whose mailing address, telephone number, fax number, or e-mail address…changes while an action is pending must serve on all parties and file a written notice of the change"].) Therefore, Attorney Waters did not make a misrepresentation in the first instance when he filed the substitution of attorney in the State Court Action.

In addition, the elements for a state law fraud claim include justifiable reliance and resulting damage, neither of which have been sufficiently pled. *Thrifty Payless, Inc. v. The Americana at Brand, LLC*, 218 Cal. App. 4th 1230, 1239 (2013). A plaintiff who pleads a fraud claim must also "plead facts 'which show how, when, where, to whom, and by what means the representations were tendered." *Cansino v. Bank of America*, 224 Cal. App. 4th 1462, 1469 (2014), citing *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996). Singer does not plead in his amended complaint (or present in his opposition) any facts explaining how he relied on Attorney Waters' alleged misrepresentation and how that reliance caused Singer to sustain damages. Thus, Singer's opposition cannot save his amended complaint.

### C. Singer's Allegations Regarding the State Bar's Refusal to Review Certain Documents Is Irrelvant to Attorney Waters' Motion to Dismiss.

Singer makes several arguments in his opposition regarding the California Bar's alleged refusal to review certain documents that he sent them. (Opposition, pp. 1, 3–4.) However, none of these arguments appear to be relevant to the claims he has alleged against Attorney Waters. Additionally, even if they were relevant, this Court respectfully does not have the power to order the State Bar to reopen its

investigation of Attorney Waters arising from the State Court Action.

"The Eleventh Amendment bars suits against the State or its agencies for all types of relief, absent unequivocal consent by the state." *Krainski v. State ex rel. Bd. of Regents*, 616 F.3d 963, 967 (9th Cir. 2010) (*Krainski*), citing *Romano v. Bible*, 169 F.3d 1182, 1185 (9th Cir. 1999). "The Eleventh Amendment jurisdictional bar applies regardless of the nature relief sought and extends to state instrumentalities and agencies." *Krainski*, 616 F.3d at 967, citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986). According to the Eleventh Amendment, a federal court cannot "grant injunctive relief against a state instrumentality on the basis of state law." *Doe v. Regents of the Univ. of Cal.*, 891 F.3d 1147, 1153 (9th Cir. 2018) (*Doe*) (internal quotations omitted).

Because this Court cannot order the State Bar to reopen its investigation of Attorney Waters, he respectfully requests that this Court dismiss any allegations involving the State Bar investigation from Singer's amended complaint.

## III. CONCLUSION

For the forgoing reasons, Attorney Waters respectfully requests that this Court grant his motion to dismiss Singer's amended complaint without leave to further amend.

DATED: July 21, 2025                    LEWIS BRISBOIS BISGAARD & SMITH LLP

By: _____*/s/ Alex A. Graft*_____
ALEX A. GRAFT
Attorneys for Defendant CRAIG C.O. WATERS, ESQ.

**CERTIFICATE OF SERVICE**
*Singers v. Waters, et al.*
U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 21, 2025, I served the following document(s): **DEFENDANT CRAIG C.O. WATERS, ESQ.'S REPLY IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 12(B)(6).**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| **Plaintiff Pro Per**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **Attorneys for Defendants**<br>**KRISTIN CHARLES, LOUISA AYRAPETYAN,**<br>**BRANDON N. STALLINGS**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax:    415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |
|---|---|

The documents were served by the following means:

☒ (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 21, 2025, at San Francisco, California.

*/s/ Nancy Lew-Pham*
Nancy Lew-Pham