

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: *Pro Se*

JUL 28 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____
DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL V. SINGER, an individual

     Plaintiff,

v.

CRAIG C.O. WATERS, et al.,

     Defendants.

Case No.: 1:25-cv-00531-KES-SAB

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S FAC**

Judge: Hon. Stanley A. Boone

Date: August 14, 2025
Time: 10:00 a.m.
Crtrom: 9

District Judge: Kirk E. Sherriff
Magistrate Judge: Stanley A. Boone

Trial Date: None Set

**TO THE HONORABLE COURT:**

Plaintiff Paul Singer respectfully submits this Notice of Objection and Sur-Reply to address

misrepresentations and unsupported legal arguments presented in Defendant Craig Waters' Reply in

support of his Motion to Dismiss the First Amended Complaint (FAC).

///
///
///

1

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

# I. INTRODUCTION

Defendant Craig Waters' Reply fails to cite any binding legal authority and relies on rhetorical generalizations and mischaracterizations of Plaintiff's FAC. Not only does Waters misapply Federal Rule of Civil Procedure 12(b)(6), but he also attempts to sidestep governing California laws and professional rules by reducing Plaintiff's claims to an improperly framed malpractice allegation. Plaintiff objects to Waters' continued reliance on a fraudulent MC-050 Substitution of Attorney form and raises serious concerns about Defendant's misuse of procedural mechanisms to mislead the Court and obscure the truth.

## II. MISCHARACTERIZATION OF PLAINTIFF'S CLAIMS UNDER RULE 12(b)(6)

The Reply filed by Defendant Waters fails as a matter of law under Rule 12(b)(6) because it is predicated on a gross mischaracterization of the allegations in Plaintiff's First Amended Complaint. Waters incorrectly recasts the nature of Plaintiff's claims as legal malpractice, when in fact, the claims are rooted in intentional acts of fraud, deceit, and abuse of process. These include:

- The deliberate falsification of an MC-050 Substitution of Attorney form to mislead the Superior Court of California;

- False representations regarding the identity and continuity of counsel in order to evade discovery sanctions;

- Misuse of judicial procedures and concealment of material facts to gain tactical advantage.

These are not mere allegations of professional negligence, but assertions of knowing misconduct that constitute intentional torts. As California courts have long held, intentional fraud and deceit by an attorney fall outside the bounds of traditional malpractice claims. (See Stoll v. Superior Court (1992) 9 Cal.App.4th 1362, 1368.)

Accordingly, Waters' attempt to invoke procedural defenses under the guise of Rule 12(b)(6) is

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

inapposite and should be summarily rejected.

## III. FAILURE TO ADDRESS GOVERNING LAW FOR SUBSTITUTION OF COUNSEL

Waters' Reply conspicuously avoids citation to controlling authorities that govern substitution of attorneys in California:

- Code of Civil Procedure § 284, requiring mutual consent or court order for substitution;

- California Rule of Court 3.1362, mandating full compliance and truthful representation on MC-050 forms;

- Federal Rule of Civil Procedure 11(b), which prohibits false or misleading representations;

- California Rules of Professional Conduct 3.3(a)(1) and 1.16, requiring candor to the tribunal and proper withdrawal procedures;

- Business and Professions Code § 6106, which defines fraud or deceit as moral turpitude.

The failure to address any of these authorities highlights a calculated attempt to divert attention from Defendant's unethical conduct.

## IV. WATERS' FRAUDULENT USE OF MC-050 TO EVADE SANCTIONS

Plaintiff has demonstrated that the MC-050 form submitted by Waters on January 12, 2022, falsely identified attorney Robert Abram as the original attorney of record—when Waters himself had been counsel of record throughout. This misrepresentation occurred immediately after Waters became subject to potential discovery sanctions, and no supporting documentation was ever filed to justify such substitution. Instead of filing a routine change of address, Waters misused the MC-050 to fabricate a record of representation designed to mislead the court.

Such deception falls squarely within the realm of fraud upon the court and warrants not only denial of the Motion to Dismiss but disciplinary referral.

3

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

# V. ATTORNEY ALEX GRAFT'S DECLARATION RAISES SERIOUS EVIDENTIARY AND ETHICAL ISSUES

Defense counsel Alex Graft, in his declaration, (DKT. 27-3), claims personal knowledge of events and filings that predate his involvement in the case. Graft attaches and authenticates documents filed by Waters, including the fraudulent MC-050, and purports to validate their context and authenticity as though he were a direct participant. This puts him in the position of a fact witness.

If Graft has personal knowledge of the circumstances surrounding filings made before his formal retention, then he may have played an advisory role prior to appearance—raising questions about his neutrality and disqualification under the advocate-witness rule. See Cal. R. Prof. Conduct 3.7.

Further, Graft never addresses Plaintiff's detailed request for judicial notice, nor the accompanying exhibits and public court records cited therein—a silence that signals concession. Graft's declaration cannot be given weight without subjecting him to cross-examination, and his failure to respond to Plaintiff's judicial notice motion undermines the credibility of the defense.

Accordingly, Plaintiff respectfully requests that the Court strike and disregard both the declaration of Craig Waters and the declaration of Alex Graft in their entirety. Neither declaration is admissible in support of a Rule 12(b)(6) motion, which must rest solely on the pleadings. Moreover, both declarations contain statements of purported fact and disputed context that require evidentiary testing and thus cannot support dismissal at this stage. Plaintiff incorporates by reference all materials submitted in support of his Request for Judicial Notice, which remain unopposed.

To the extent this Court requires formal reference, Plaintiff respectfully incorporates by reference the Declaration of Alex A. Graft attached as Dkt. 27-3 to the federal court record and submits that it be deemed subject to judicial notice pursuant to FRE 201(b) and (d).

///
///

4

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

# VI. PLAINTIFF HAS MET RULE 9(b) PLEADING STANDARDS FOR FRAUD

Waters claims Plaintiff has failed to meet the heightened pleading requirements for fraud under

FRCP 9(b), yet Plaintiff's FAC contains:

- Dates and court filings demonstrating the timing and purpose of the fraudulent MC-050;

- Names and specific roles of the individuals involved (Waters and Abram);

- Details of the judicial proceedings impacted;

- Citations to public records and filings available through judicial notice.

Waters' Reply does not even address these elements, but instead relies on conclusory denials. This is

insufficient.

# VII. DEFENDANT'S REPLY IGNORES PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE

Plaintiff's request for judicial notice includes Superior Court filings, timestamped entries, and docket

records proving the sequence of Waters' conduct. Waters and Graft have neither opposed nor

rebutted these documents, nor requested exclusion. Under FRE 201(b), such silence constitutes

acquiescence and judicial notice is proper.

The Court is urged to recognize that Plaintiff's evidentiary basis is not speculative, but supported by

primary source records of official court action.

# VIII. DEFENDANT GRAFT HAS A DUAL ROLE THAT MERITS ETHICAL REVIEW

As counsel of record, Graft has made factual representations under oath regarding events he did not

witness. His insistence on personal knowledge and authentication of prior filings forces an inference:

either he was involved prior to his appearance and must be disclosed as such, or he is improperly

testifying to secondhand events.

If Graft privately advised Waters or Abram during the events in question, the Court must ask: was he

a silent architect of the MC-050 fraud? This question is squarely raised by his declaration. His dual

5

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-
REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO
STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

role as factual declarant and counsel for a party accused of fraud places him in direct conflict with

ethical rules governing advocacy and witness status. (See Cal. R. Prof. Conduct 3.7, 1.7, and 8.4.)

### IX. PLAINTIFF RESERVES RIGHT TO SUPPLEMENT RECORD

Plaintiff retains additional evidence of Waters' filings in the underlying Superior Court case prior to

the MC-050, including documents that reinforce the pattern of deceptive representation. If Graft is

claiming personal knowledge of these actions, then by his own admission he is a witness to events

that raise material disputes of fact, thus precluding dismissal at this stage.

### X. COURT'S INDEPENDENT DUTY TO REVIEW PLAINTIFF'S FAC AND JUDICIAL NOTICE RECORDS

Plaintiff respectfully reminds the Court of its mandatory obligations under both procedural and

evidentiary rules. Federal Rule of Evidence 201(d) requires judicial notice to be granted where a

party requests it and supplies the necessary records—as Plaintiff has done with respect to prior

Superior Court filings and timestamped entries. These public records are central to Plaintiff's fraud

claims and cannot be ignored in adjudicating Defendant's Rule 12(b)(6) motion.

Furthermore, the Court's administrative role demands attention to allegations that its own public

dockets were manipulated through falsified MC-050 forms and misrepresentations of attorney status.

Where fraud upon the court is alleged, the Court must act sua sponte to preserve the integrity of its

proceedings. Plaintiff therefore submits that his judicial notice request is not only unopposed but

legally binding upon the Court's analysis at this stage.

### XI. CONCLUSION

Waters' Reply fails to present controlling law, ignores Plaintiff's evidentiary submissions, and seeks

to obscure acts of fraud through misdirection. The defense posture is built on concealment and a

misapplication of Rule 12(b)(6) standards. The ethical implications of Graft's role only further

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

1  support denial of the Motion to Strike and Motion to Dismiss.

2  Accordingly, Plaintiff respectfully requests that the Court:

3  • Strike and disregard the declarations of both Craig Waters and Alex Graft;

4  • Disregard Waters' Reply as procedurally and factually defective;

5  • Sustain Plaintiff's objections and grant judicial notice of all exhibits;

6  • Permit the case to proceed on the merits and authorize discovery;

7  • Refer the matter for appropriate ethical inquiry, if warranted.

8  Dated: ___JULY 28___,2025

9  Respectfully submitted,

10  Paul V. Singer, Plaintiff *Pro Se*

11

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**

# CERTIFICATE OF SERVICE
*Singer v. Waters, et al.*
U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB
STATE OF CALIFORNIA, COUNTY OF FRESNO

At the time of service, I was over 18 years of age and not a party to the action.
My business/resident address is: 4928 E. Washington Avenue, Fresno, California 93727

On July _28_ , 2025, I served the following document(s):

1. NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC;

2. NOTICE OF LODGMENT RE: DECLARATION OF ALEX A. GRAFT (DKT. 27-3)
via on the following parties in this action by the following means:

I served the documents on the following persons at the following addresses (including e-mail addresses):

LEWIS BRISBORIS BISGARRAD & SMITH LLP
Alex A. Graft Esq.
45 Fremont Street, Suite 3000
San Franciso, California 94105
Attorney For Defendant: Craig C.O. Waters Esq.
Email: Alex.Graft@lewisbrisboig.com
[X] By electronic mail
[X] By placing a true and correct copy in a sealed envelope and mailing it via Certified Mail, postage fully prepaid.

OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
Jennifer Sperling Esq.
845 South Figueroa Street
Los Angeles, California 90017
Email: Jennifer.sperling@calbar.ca.gov
[X] By electronic mail
[X] By placing a true and correct copy in a sealed envelope and mailing it via Certified Mail, postage fully prepaid.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on July _28_ , 2025, at Fresno, California.

DANA SINGER

8

**NOTICE OF PLAINTIFF'S OBJECTION AND PLAINTIFF'S OBJECTION BY SUR-REPLY TO DEFENDANT CRAIG WATERS' REPLY IN SUPPORT OF MOTION TO STRIKE AND MOTION TO DISMISS PLAINTIFF'S FAC**