ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321
jennifer.sperling@calbar.ca.gov

Attorneys for Defendants,
KRISTINA CHARLES, erroneously sued as "KRISTIN
CHARLES"; LOUISA AYRAPETYAN; BRANDON N.
STALLINGS

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS ESQ., et al.<br><br>　　　　　Defendants. | Case No.:  1:25-cv-00532-KES-SAB<br><br>**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE:　　　　　September 8, 2025<br>TIME:　　　　　1:30 p.m.<br>JUDGE:　　　　　Hon. Kirk E. Sherriff<br>COURTROOM:　　6, 7th Floor |

1

## <u>NOTICE OF MOTION AND MOTION TO DISMISS</u>

2

TO PLAINTIFF, IN PRO PER, AND ALL PARTIES:

3

PLEASE TAKE NOTICE THAT ON September 8, 2025, at 1:30 p.m., in the Courtroom

4

of the Honorable Kirk E. Sherriff, Courtroom 6, 7th Floor, Robert E. Coyle United States

5

Courthouse, 2500 Tulare Street, Fresno, California, counsel for Defendants Kristina Charles,

6

Louisa Ayrapetyan, and Brandon Stallings ("State Bar Defendants") will and hereby do move

7

the Court for an Order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss

8

Plaintiff's First Amended Complaint (FAC) as to Count One of the complaint, 42 U.S.C. §

9

1983, the only claim against the State Bar Defendants.[1]

10

The Motion is brought on the grounds, first, that the Plaintiff has not established that

11

subject matter jurisdiction exists against the State Bar Defendants sued in their official capacity

12

because the State Bar Defendants have Eleventh Amendment immunity to suit, therefore all

13

claims against the State Bar Defendants must be dismissed. *Pennhurst State Sch. & Hosp. v.*

14

*Halderman*, 465 U.S. 89, 100 (1984); *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th

15

Cir. 2023) (en banc). Additionally, the State Bar Defendants have absolute, quasi-judicial

16

immunity and/or qualified immunity. *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198

17

(9th Cir. 2021); *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995);

18

*Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).

19

Second, even if the State Bar Defendants did not enjoy immunity in their official

20

capacities, Plaintiff fails to state any tangible claim for relief against the State Bar Defendants

21

under 42 U.S.C. § 1983 because Plaintiff does not have any cognizable federal or constitutional

22

right to compel the government to investigate, discipline, or prosecute another. *Linda R. S. v.*

23

*Richard D.*, 410 U.S. 614, 619 (1973). Because there is no violation of rights, Plaintiff's request

24

for punitive damages based on these allegations should be dismissed. *Smith v. Wade*, 461 U.S.

25

---

26

[1] On July 10, 2025, Plaintiff filed a document captioned, "Plaintiff's Consolidated Opposition to Motion to Dismiss and Motion for Judicial Notice" which is set for hearing August 4, 2025. With respect to the State Bar Defendants, there is no pending motion for Plaintiff to oppose.

27

Plaintiff filed a FAC on June 23, 2025, and on June 26, 2025, the State Bar Defendants accordingly withdrew their pending motion to dismiss as moot. Dkt. 23. The Court granted the

28

State Bar Defendants until August 4, 2025, to file a responsive pleading to the FAC. Dkt. 24.

30, 56 (1983). Nor can Plaintiff establish entitlement to the injunctive relief he seeks, compelling government officials to investigate and discipline another. *Ex parte Young*, 209 U.S. 123, 158 (1908).

Finally, Plaintiff is not entitled to attorney's fees because he is representing himself. *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011).

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I. C, pre-filing meet and confer is required in cases in which the parties are represented by counsel. Plaintiff is unrepresented in this matter. The State Bar is not required to meet and confer with unrepresented parties and did not do so in this case.

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I.A, the State Bar wishes to submit this motion for decision without oral argument.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, and oral arguments as may be presented to the Court, if oral argument is required.

Dated: August 4, 2025                STATE BAR OF CALIFORNIA
                                     OFFICE OF THE GENERAL COUNSEL


                                  By: *JENNIFER SPERLING*
                                      JENNIFER SPERLING
                                      Assistant General Counsel
                                      Attorneys for Defendants,
                                      KRISTIN CHARLES, LOUISA AYRAPETYAN,
                                      BRANDON N. STALLINGS

**TABLE OF CONTENTS**

I.    INTRODUCTION ...........................................................................................1

II.   FACTUAL BACKGROUND ........................................................................2

    A.    The State Bar of California Is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing and Discipline and Its Office of Chief Trial Counsel Has Discretion Over When and Whether to Investigate and Prosecute a State Bar Complaint.................................................2

    B.    Plaintiff Alleges That He Was Damaged by the State Bar's Failure to Investigation and Discipline Attorney Craig Waters.........................................3

III.  LEGAL STANDARD .....................................................................................5

IV.   ARGUMENT ..................................................................................................6

    A.    The State Bar Defendants Are Entitled to Immunity .............................................6

        1.    The Eleventh Amendment to the United States Constitution Confers Immunity Upon State Bar Officials Sued in Their Official Capacity ........7

        2.    The *Ex Parte* Young Exception to Sovereign Immunity Is Inapplicable to the State Bar Defendants Because Plaintiff Is Not Seeking Prospective Relief.........................................................8

        3.    The Ex Parte Young Exception to Sovereign Immunity Is Inapplicable to the State Bar Defendants Because Plaintiff Is Improperly Seeking to Control the Discretion of Agency Officials .........9

        4.    State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial Immunity and Do Not Have a Ministerial Duty to Investigate ...............11

        5.    Defendants Charles, Ayrapetyan, and Stallings Are Entitled to Qualified Immunity ...................................................................13

    B.    The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted .............................................15

        1.    Plaintiff's First Cause of Action Under Section 1983 Should Be Dismissed Because It Fails as a Matter of Law.......................................15

        2.    Plaintiff Cannot Assert a Basis for Punitive Damages Against the State Bar Defendants in Their Individual Capacities .............................18

        3.    Plaintiff Is Not Entitled to Injunctive Relief Because It Would Require the California Supreme Court to Discipline Waters .................19

        4.    Plaintiff's Request for Attorney's Fees Under Section 1988 Fails As a Matter of Law ...................................................................20

    C.    The Complaint Should Be Dismissed Without Leave to Amend........................20

V.    CONCLUSION ................................................................................................21

# TABLE OF AUTHORITIES

**Cases**

*American Mfrs. Mut. Ins. Co. v. Sullivan*
    526 U.S. 40 (1999) ..................................................................................15

*Ascon Properties, Inc. v. Mobil Oil Co.*
    866 F.2d 1149 (9th Cir. 1989) ................................................................21

*Ashcroft v. al-Kidd*
    563 U.S. 731 (2011) ................................................................................13

*Ashcroft v. Iqbal*
    556 U.S. 662 (2009) .....................................................................6, 16, 18

*Ashelman v. Pope*
    793 F.2d 1072 (9th Cir. 1986) ...................................................11, 16, 18

*Bacon v. Woodward*
    104 F.4th 744 (9th Cir. 2024) .................................................................19

*Ballou v. McElvain*
    14 F.4th 1042 (9th Cir. 2021) .................................................................13

*Bell Atl. Corp. v. Twombly*
    550 U.S. 544 (2007) ...........................................................................6, 12

*Bennett v. People of State of Cal.*
    406 F.2d 36 (9th Cir. 1969) ....................................................................16

*Bollotin v. California State Personnel Bd.*
    131 Cal.App.2d 197 (1955) ......................................................................3

*Bonin v. Calderon*
    59 F.3d 815 (9th Cir. 1995) ....................................................................21

*Breck v. Doyle*
    796 F. App'x 333 (9th Cir. 2019) ...........................................................17

*Buckley v. Fitzsimmons*
    509 U.S. 259 (1993) ...........................................................................12, 13

*Byrd v. Maricopa Cnty. Sheriff's Dep't*
    629 F.3d 1135 (9th Cir. 2011) ..................................................................6

*Cardenas v. Anzai*
    311 F.3d 929 (9th Cir. 2002) ....................................................................8

*Chambers v. NASCO*
    501 U.S. 32 (1991) ..................................................................................10

*Clark v. Coye*
    60 F.3d 600 (9th Cir. 1995) ....................................................................20

*Clark v. Wash.*
  366 F.2d 678 (9th Cir. 1966) ..................................................................11, 12

*Clegg v. Cult Awareness Network*
  18 F.3d 752 (9th Cir. 1994) .............................................................................6

*Curry v. Yelp Inc.*
  875 F.3d 1219 (9th Cir. 2017) ........................................................................6

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*
  489 U.S. 189 (1989) ...............................................................................14, 17

*Doe v. Lawrence Livermore Nat. Lab'y*
  131 F.3d 836 (9th Cir. 1997) ...........................................................................8

*Edelman v. Jordan*
  415 U.S. 651 (1974) ........................................................................................7

*Evans v. Skolnik*
  997 F.3d 1060 (9th Cir. 2021) ......................................................................14

*Ex parte Young*
  209 U.S. 123 (1908) ...............................................................................passim

*Felarca v. Birgeneau*
  891 F.3d 809 (9th Cir. 2018) .................................................................16, 18

*Friedman v. Arizona*
  912 F.2d 328 (9th Cir. 1990) ........................................................................20

*Giannini v. Committee of Bar Examiners of the State Bar of Cal.*
  847 F.2d 1434 (9th Cir. 1988) ......................................................................16

*Gompper v. VISX, Inc.*
  298 F.3d 893 (9th Cir. 2002) ........................................................................20

*Gonzalez v. Kangas*
  814 F.2d 1411 (9th Cir. 1987) ......................................................................20

*Hilton v. City of Wheeling*
  209 F.3d 1005 (7th Cir. 2000) ......................................................................14

*Hirsh v. Justices of Supreme Ct. of State of Cal.*
  67 F.3d 708 (9th Cir. 1995) ......................................................................7, 11

*Imbler v. Pachtman*
  424 U.S. 409 (1976) ......................................................................................12

*In re Att'y Disc. Sys.*
  19 Cal. 4th 582 (1998) ........................................................................2, 3, 19

*In re Rose*
  22 Cal. 4th 430 (2000) ......................................................................2, 16, 19

*In re Walker*
  32 Cal. 2d 488 (1948) ................................................................................3, 4

*Ivey v. Bd. Of Regents of Univ. of Alaska*
    673 F.2d 266 (9th Cir. 1982) ................................................16

*J.K.J. v. City of San Diego*
    17 F.4th 1247 (9th Cir. 2021) ...............................................13

*Jeffers v. Gomez,*
    267 F.3d 895 (9th Cir. 2001) ...............................................13

*Jessop v. City of Fresno*
    936 F.3d 937 (9th Cir. 2019) ...............................................13

*Johnson v. Riverside Healthcare Sys., LP*
    534 F.3d 1116 (9th Cir. 2008) .............................................5, 7

*Kay v. Ehrler*
    499 U.S. 432 (1991) ..........................................................20

*Kleidman v. Buchanan*
    2025 WL 755945 (S.D. Cal. Mar. 10, 2025) ...............................9

*Kohn v. State Bar of California*
    87 F.4th 1023 (9th Cir. 2023) .............................................5, 7

*Kokkonen v. Guardian Life Ins. Co. of Am.*
    511 U.S. 375 (1994) ............................................................5

*L.F. v. Lake Wash. Sch. Dist. #414*
    947 F.3d 621 (9th Cir. 2020) ...............................................18

*L.W. v. Grubbs*
    974 F.2d 119 (9th Cir. 1992) ...............................................14

*Levanti v. Tippen*
    585 F. Supp. 499 (S.D. Cal. 1984) .........................................11

*Linda R. S. v. Richard D.*
    410 U.S. 614 (1973) ......................................................14, 17

*Los Angeles County Bar Association v. Eu*
    979 F.2d 697 (9th Cir. 1992) ................................................9

*Lund v. Cowan*
    5 F.4th 964 (9th Cir. 2021) ..................................................8

*Miller v. Rykoff-Sexton, Inc.*
    845 F.2d 209 (9th Cir. 1998) ...............................................21

*Mireles v. Waco*
    502 U.S. 9 (1991) .............................................................11

*Missouri v. Fiske*
    290 U.S. 18 (1933) .............................................................7

*Mitchell v. Washington,*
    818 F.3d 436 (9th Cir. 2016) .................................................8

*Monell v. Dep't of Soc. Servs.*
  436 U.S. 658 (1978) ................................................................................18

*Newland v. Dalton*
  81 F.3d 904 (9th Cir. 1996) .....................................................................21

*O'Connor v. State of Nev.*
  686 F.2d 749 (9th Cir. 1982) ...................................................................17

*Pearson v. Callahan*
  555 U.S. 223 (2009) ................................................................................13

*Pell v. Nunez*
  99 F.4th 1128 (9th Cir. 2024) ..................................................................16

*Pennhurst State Sch. & Hosp. v. Halderman*
  465 U.S. 89 (1984) ....................................................................................7

*Putman v. State Bar of Cal.*
  2010 WL 3070435 (C.D. Cal. 2010) ..........................................................7

*Rickley v. Cnty. of Los Angeles*
  654 F.3d 950 (9th Cir. 2011) ...................................................................20

*Rodriguez v. Newsom*
  974 F.3d 998 (9th Cir. 2020) .............................................................14, 17

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
  910 F.2d 561 (9th Cir. 1990) ...........................................................2, 3, 19

*Rosenthal v. Vogt*
  229 Cal.App.3d 69 (1991) .......................................................................10

*Sato v. Orange County Dep't of Educ.*
  861 F.3d 923 (9th Cir. 2017) .....................................................................6

*Savage v. Glendale Union High Sch.*
  343 F.3d 1036 (9th Cir. 2003) ...................................................................5

*Saved Mag. v. Spokane Police Dept.*
  19 F.4th 1193 (9th Cir. 2021) ..................................................................13

*Scott v. Breeland*
  792 F.2d 925 (9th Cir. 1986) .....................................................................5

*Smith v. Arkansas State Highway Emp., Loc., 1315*
  441 U.S. 463 (1979) ................................................................................17

*Smith v. Wade*
  461 U.S. 30 (1983) ..................................................................................19

*Stimac v. Haag*
  2010 WL 3340601 (N.D. Cal. Aug. 25, 2010) ...........................................11

*Sweaney v. Ada Cnty., Idaho*
  119 F.3d 1385 (9th Cir. 1997) .................................................................18

-v-

*Thompson v. City of Los Angeles*
  885 F.2d 1439 (9th Cir. 1989) ................................................................................18

*Town of Castle Rock v. Gonzales*
  545 U.S. 748 (2005) ..................................................................................15, 17

*United States v. Nogueira*
  403 F.2d 816 (9th Cir. 1968) ...........................................................................10, 19

*United States v. Sierra Pac. Indus., Inc.*
  862 F.3d 1157 (9th Cir. 2017) .............................................................................10

*Whittlestone, Inc. v. Handi-Craft Co.*
  618 F.3d 970 (9th Cir. 2010) ..............................................................................20

*Will v. Mich. Dep't. of State Police*
  491 U.S. 58 (1989) ...............................................................................5, 7, 16

*Woodbury v. Brown–Dempsey*
  108 Cal.App.4th 421 (2008) ...............................................................................11

*Ybarra v. Bastian*
  647 F.2d 891 (9th Cir. 1981) ..............................................................................18

**Statutes**

42 U.S.C. § 1983 ...............................................................................................passim

Cal. Bus. & Prof. Code § 6001 .............................................................................2

Cal. Bus. & Prof. Code § 6044 .......................................................................passim

Cal. Bus. & Prof. Code § 6070 ..........................................................................3, 19

Cal. Bus. & Prof. Code § 6079.5 ..........................................................................3

Cal. Bus. & Prof. Code § 6086.1 ..........................................................................3

Cal. Bus. & Prof. Code § 6086.5 .......................................................................2, 19

**Rules**

Fed. R. Civ. P. 12 ...........................................................................................passim

Cal. Rules of Court, rule 9.13 ............................................................................3

Rules Proc. of State Bar, rule 2101 ......................................................................3

Rules Proc. of State Bar, rule 2401 ......................................................................3

Rules Proc. of State Bar, rule 2402 .....................................................................3, 19

Rules Proc. of State Bar, rule 2601 ......................................................................3

Rules Proc. of State Bar, rule 2603 ......................................................................3

Notice of Motion and Motion to Dismiss Plaintiff's Complaint; MPA ISO          Case No. 1:25-cv-00532-KES-SAB

**Constitutional Provisions**

Cal. Const., art. VI, § 9.................................................................................................2

Notice of Motion and Motion to Dismiss Plaintiff's Complaint; MPA ISO     Case No. 1:25-cv-00532-KES-SAB

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiff Paul V. Singer's complaint stems from a breach of contract dispute involving a real estate transaction in which Craig C.O. Waters, an attorney and licensee of the State Bar of California ("State Bar"), represented the opposing party to the contract. Plaintiff alleges that Waters made false statements to him and to the court which directly caused the dismissal of Plaintiff's breach of contract suit, which damaged Plaintiff. FAC (Dkt. 21) at 6. Plaintiff filed a disciplinary complaint with the State Bar about attorney Waters on July 17, 2024. The State Bar closed the complaint. FAC at 6. Now, through this action, Plaintiff names State Bar employees and officials Kristina Charles, Louisa Ayrapetyan (now a former employee), and Brandon Stallings, (together, the "State Bar Defendants") as defendants in a single cause of action under 42 U.S.C. § 1983. (His remaining claims are brought solely against Waters.)

According to Plaintiff, the State bar Defendants are liable under Section 1983 because their failure to investigate his complaint and discipline Waters – despite allegedly "clear evidence of unethical and illegal conduct [by Waters]" – constitutes deliberate indifference to Plaintiff's constitutional rights under the Fourteenth Amendment. FAC at 6. Plaintiff asserts that the individual State Bar Defendants failed to act or acted with reckless disregard, or otherwise approved and ratified illegal conduct. FAC at 7. Alternatively, Plaintiff assert that the State Bar Defendants breached a ministerial duty under California Business and Professions Code § 6044 in failing to investigate attorney fraud. FAC at 8.

Plaintiff's sole cause of action against the State Bar Defendants under 42 U.S.C. § 1983 should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the State Bar Defendants sued in their official capacity are entitled to Eleventh Amendment sovereign immunity and the *Ex Parte Young* exception is not applicable. Additionally, the State Bar Defendants' alleged actions in closing Waters' complaint were prosecutorial and discretionary and the State Bar Defendants have quasi-judicial and/or qualified immunity for these actions.

1    Even if this Court had subject matter jurisdiction (and it does not), Plaintiff's claims

2    against the State Bar Defendants should be dismissed pursuant to Federal Rule of Civil

3    Procedure 12(b)(6) because Plaintiff was not deprived of a cognizable federal or constitutional

4    right when the State Bar exercised its discretion not to prosecute his bar complaint against

5    Waters. There is no federal right to prosecutorial action against another. Thus, Plaintiff has no

6    claim for punitive damages resulting from the government's failure to prosecute. Plaintiff's

7    request for injunctive relief should be also dismissed because injunctive relief cannot be used to

8    control a discretionary decision by State Bar officials, including the decision to investigate or

9    recommend discipline of an attorney. Plaintiff's request for attorney's fees should be dismissed

10    because there is no basis for attorney's fees for a pro se litigant.

11    The deficiencies in Plaintiff's complaint are jurisdictional and cannot be cured through

12    amendment; therefore, the section 1983 claim against the State Bar Defendants should be

13    dismissed without leave to amend and the each of the State Bar Defendants should be dismissed

14    from this action.

15    **II.    FACTUAL BACKGROUND**

16    **A.    The State Bar of California Is the Administrative Arm of the California
       Supreme Court in Matters of Attorney Licensing and Discipline and Its

17    Office of Chief Trial Counsel Has Discretion Over When and Whether to
       Investigate and Prosecute a State Bar Complaint**

18

19    The State Bar is a public corporation established by the California State Constitution; it

20    operates as the administrative arm of the California Supreme Court in attorney licensing,

21    discipline, and regulation. *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re*

22    *Rose*, 22 Cal. 4th 430, 438 (2000). While the State Bar acts as the Court's administrative arm,

23    the California Supreme Court retains inherent and plenary power to control all matters related to

24    attorney admissions and discipline. *See In re Att'y Disc. Sys.*, 19 Cal. 4th 582, 598-99 (1998);

25    *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990).

26    The State Bar's Office of Chief Trial Counsel ("OCTC") receives complaints against

27    attorneys, has discretion to initiate an investigation, and, if charges are warranted, file a notice

28    of disciplinary charges in State Bar Court. *See* Cal. Bus. & Prof. Code §§ 6044, 6086.5; *see also*

1   Rules Proc. of State Bar, rule 2402. The Chief Trial Counsel is the officer within OCTC with

2   authority over State Bar disciplinary action and reports directly to the State Bar's Board of

3   Trustees. *See* Cal. Bus. & Prof. Code § 6079.5; *see also* Rules Proc. of State Bar, rule 2101. If

4   OCTC files a notice of disciplinary charges, the State Bar Court will hear the matter and make

5   recommendations of discipline to the California Supreme Court. Bus. & Prof. Code § 6070.

6          Whether to close a complaint without filing a notice of disciplinary charges is within

7   OCTC's discretion, and OCTC's disciplinary investigations, including the complaints

8   themselves, remain confidential unless and until charges are filed. *See* Bus. & Prof. Code §

9   6086.1(b)(1); *see also* Rules Proc. of State Bar, rules 2401 *et seq.*, 2601. A complaining witness

10  who contests closure of a disciplinary complaint may request that the State Bar's Complaint

11  Review Unit reviews their complaint. *See* Rules Proc. of State Bar, rule 2603; FAC at 167 (Ex.

12  F). If the Complaint Review Unit determines that there is no basis to close the complaint, the

13  complaining witness may then file a petition (aka a "*Walker*" petition) directly with the

14  California Supreme Court. *In re Walker*, 32 Cal. 2d 488, 491 (1948); *Bollotin v. California State*

15  *Personnel Bd.,* 131 Cal.App.2d 197, 200 (1955); Cal. Rules of Court, rule 9.13(d). Whether

16  reviewing a recommendation of discipline or reviewing a petition contesting closure of a

17  complaint, the California Supreme Court retains inherent power to control all matters related to

18  attorney admissions and discipline. *See In re Att'y Disc. Sys.*, 19 Cal. 4th at 598–99; *Rosenthal*,

19  910 F.2d at 566–67.

20          **B.    Plaintiff Alleges That He Was Damaged by the State Bar's Failure to**
            **Investigation and Discipline Attorney Craig Waters**

21

22          Plaintiff's claim against the State Bar Defendants arises from Plaintiff's underlying

23  grievances against attorney Waters, who represented Plaintiff's opponent in a suit brought by

24  Plaintiff after he failed to receive payments as promised in connection with a real estate

25  transaction. Plaintiff's allegations against Waters in connection with the underlying case are set

26  forth in pages 2-6, 8-9, and 11-13 of the FAC. In sum, Plaintiff alleges that Waters engaged in a

27  pattern of unethical and fraudulent conduct, including filing frivolous motions, making false

28

statements to the court, threatening witnesses, obstructing discovery and engaging in intentional delay.

On July 17, 2024, Plaintiff filed a disciplinary complaint with the State Bar about Waters. The State Bar closed the complaint without recommending discipline on September 19, 2024. FAC at 6; *see also* FAC at 167 (Ex. F). Plaintiff asserts that the letter informing Plaintiff of the decision to close to his complaint "falsely claims there was 'no evidence' of Waters' misconduct," which makes the decision to close the complaint a "fraud on the court" that deprives the State Bar Defendants of immunity. FAC at 6 – 7. Plaintiff makes no allegations of having sought or been denied review by the State Bar's Complaint Review Unit or having sought or been denied review by the California Supreme Court of a *Walker* petition. *In re Walker*, 32 Cal. 2d 488, 491 (1948).

Plaintiff also asserts that the State Bar Defendants' actions were investigative rather than adjudicative, such that quasi-judicial immunity does not apply, and further alleges that the State Bar Defendants' failure to investigate constitutes deliberate indifference to Plaintiff's constitutional rights under the Fourteenth Amendment. FAC at 7-8. Specifically, Kristina Charles insufficiently received Plaintiff's complaint and recklessly disregarded that Waters' fraud caused dismissal of Plaintiff's case; Louis Ayrapetyan supposedly approved the dismissal of Plaintiff's complaint without legal basis;[2] and Brandon Stallings ratified the unlawful dismissal as part of a larger pattern of protecting corrupt attorneys.[3] FAC at 7. Plaintiff also

---

[2] Louisa Ayrapetyan is a former State Bar employe who was employed as an Executive Assistant with the State Bar's Office of the Executive Director; she was not with the Office of General Counsel as the FAC alleges. The FAC's allegations against Louisa Ayrapetyan point to Louisa Ayrapetyan of the Office of the Executive Director as the intended defendant, despite the titling error. This error in title does not impact the State Bar's defenses on behalf of Louisa Ayrapetyan who the State Bar represents as the intended defendant in this action.

[3] Defendant Brandon Stallings is an officer (Board Chair) of the State Bar Board of Trustees; he is not with the Office of General Counsel as the complaint alleges. The complaint's allegations against Brandon Stallings point to Brandon Stallings, Chair of the State Bar Board of Trustees, as the intended defendant, despite the titling error. The roster for the Board of Trustees is available at https://www.calbar.ca.gov/About-Us/Who-We-Are/Board-of-Trustees/Roster. This

1  argues that California Business and Professions Code § 6044 mandates investigation of attorney

2  fraud such that the State Bar Defendants' failure to investigation was a breach of ministerial

3  duty. FAC at 8.

4          These alleged actions supposedly resulted in financial losses to Plaintiff, emotional

5  distress, and deprivation of constitutional rights. FAC at 7. Plaintiff also asks that the Court to

6  impose punitive damages on the State Bar Defendants in their individual capacities. FAC at 14.

7  Further, Plaintiff seeks for this Court to compel reforms to the State Bar's complaint review

8  process and order the State Bar Defendants to investigate and discipline Waters. *Id.* The FAC

9  also seeks attorney's fees and costs, even though Plaintiff is representing himself pro se. FAC at

10  15.[4]

11  **III.    LEGAL STANDARD**

12          A motion to dismiss under Rule 12(b)(1) tests the Court's subject matter jurisdiction.

13  *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). When

14  subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction

15  bears the burden of establishing that jurisdiction exists[.]" *Scott v. Breeland*, 792 F.2d 925, 927

16  (9th Cir. 1986). Accordingly, in response to a Rule 12(b)(1) motion to dismiss, the court will

17  presume lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v.*

18  *Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

19          Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which

20  relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable

21  legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'"

22

23  _____

24  appears to be a misidentification that does not impact the State Bar's defenses on behalf of
   Brandon Stallings who the State Bar represents as the intended defendant in this action.

25  [4] Although the punctuation used in the caption appears to offset the State Bar from the
   individually named Defendants, Plaintiff did not name the State Bar as an entity in his original

26  complaint, FAC at 2, and has not amended the complaint to do so. Nor has the State Bar been
   served as a party to this litigation. *See* Dkt. 7 (Summons). In any event, the State Bar has

27  sovereign immunity and is not a person that can be sued under section 1983. *Kohn v. State Bar*
   *of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *Will v. Mich. Dep't. of State*

28  *Police*, 491 U.S. 58, 89, 93 (1989).

*Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); that is, the plaintiff must allege facts that consist of more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must also allege more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the plaintiff must allege *facts* sufficient to "raise a right to relief above the speculative level." *Id*. While a court must accept the allegations of the complaint as true and construe the pleading in the light most favorable to the plaintiff, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). That Plaintiff is appearing pro se does not lessen his need to plead facts instead of conclusions. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).

   Where, as here, leave to amend would prove futile, it is appropriate for the district court to dismiss the complaint with prejudice. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

## IV.    ARGUMENT

### A.    The State Bar Defendants Are Entitled to Immunity

   Each of Plaintiff's claims fails because the State Bar Defendants are entitled to sovereign immunity under the Eleventh Amendment and have quasi-judicial and/or qualified immunity. As such, the State Bar Defendants are entitled to dismissal of the complaint under Rule 12(b)(1) and Rule (12)(b)(6), because the Court lacks subject matter jurisdiction, and Plaintiff cannot allege sufficient facts to state a claim.[5]

---

[5] In the Ninth Circuit, sovereign and sovereign-state immunity are appropriately analyzed under either Rule 12(b)(1) or 12(b)(6). *See Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927

1

### 1. The Eleventh Amendment to the United States Constitution Confers Immunity Upon State Bar Officials Sued in Their Official Capacity

2

3      The Eleventh Amendment to the U.S. Constitution limits who may sue states in federal

4 court. U.S. Const. amend. XI. The Supreme Court has construed the Eleventh Amendment to

5 bar suits brought against a state by its own citizens without the states' consent. *Edelman v.*

6 *Jordan*, 415 U.S. 651, 662–63 (1974), *overruled on other grounds*, *Will v. Mich. Dep't. of State*

7 *Police*, 491 U.S. 58, 89, 93 (1989). Neither the state nor any of its agencies may be sued in

8 federal court unless either (1) the state consents to waive its sovereign immunity or (2) Congress

9 abrogates it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). This

10 jurisdictional bar applies regardless of the nature of the relief sought. *See Pennhurst*, 465 U.S. at

11 100–01; *Missouri v. Fiske*, 290 U.S. 18, 27 (1933).

12      Under controlling Ninth Circuit precedent, the State Bar is an arm of the state entitled to

13 Eleventh Amendment immunity. *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir.

14 2023) (en banc); *see also Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th

15 Cir. 1995) (per curiam) ("The Eleventh Amendment's grant of sovereign immunity bars

16 monetary relief from state agencies such as California's Bar Association and Bar Court."

17 (citations omitted)). The State Bar's Eleventh Amendment immunity also applies to individual

18 employees or officials of the State Bar sued in their official capacity. *See Hirsh*, 67 F.3d at 715

19 (State Bar's immunity "extends to the individual defendants acting in their official capacities");

20 *see also, e.g., Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010). "[A] suit

21 against a state official in his or her official capacity is not a suit against the official but rather is

22 a suit against the official's office. As such, it is no different from a suit against the State itself."

23 *Will*, 491 U.S. at 71.

24

25 _____

26 n. 2 (9th Cir. 2017). Indeed, because a claim against defendants who are absolutely immune from suit lacks a "cognizable legal theory," Plaintiffs' claims against the State Bar and its

27 officers and employees in their official capacities are also subject to dismissal under Rule 12(b)(6). *See Johnson*, 534 F.3d at 1121. Accordingly, the State Bar Defendants move under

28 both statutes.

Here, Plaintiff has purported to sue State Bar Defendants Charles, Ayrapetyan, and Stallings, employees and officials of the State Bar, in their official capacity. FAC at 2 ("Defendant State Bar Officials…. [are] [s]ued in both their official capacities for injunctive relief . . . and their individual capacities for monetary relief, including punitive damages…"). But such claims are barred by sovereign immunity. And to the extent that Plaintiff's FAC and Prayer for Relief are seeking monetary damages or other retrospective relief from the State Bar Defendants acting in their official capacities, suit is also barred by the Eleventh Amendment. *See Mitchell v. Washington*, 818 F.3d 436, 442 (9th Cir. 2016). As discussed in section IV.A.2, below, Plaintiff's attempts to characterize the relief sought as "prospective injunctive relief requiring Defendant State Bar Officials to investigate and discipline Defendant Attorney [Waters]," those attempts fail and the *Ex Parte Young* exception to sovereign immunity is inapplicable.

### 2. The *Ex Parte* Young Exception to Sovereign Immunity Is Inapplicable to the State Bar Defendants Because Plaintiff Is Not Seeking Prospective Relief

There is an exception to state sovereign immunity that permits an individual to file suit against a state official for prospective injunctive relief to redress an ongoing violation of federal law, even when the state itself is immune from suit under the Eleventh Amendment. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 840 (9th Cir. 1997); *see also Ex parte Young*, 209 U.S. 123, 125 (1908). However, the "*Ex parte Young*" exception, as it is known, is only applicable if the plaintiff is seeking prospective rather than retrospective relief. *See Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021) (The "Eleventh Amendment does not permit retrospective declaratory relief."). Relief that is "aimed at remedying a past violation of the law" is retrospective, whereas relief "aimed at remedying an ongoing violation of federal law" is prospective. *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).

Here, Plaintiff's claim is premised on the State Bar Defendants' failure to investigate alleged attorney fraud by Waters. This failure to investigate allegedly led to the dismissal of Plaintiff's case against Waters' client. FAC at 7-8. The relief sought to remedy this alleged "deliberate indifference to Plaintiff's constitutional rights" is for the Court to now "requir[e]

-8-

Defendant State Bar Officials to investigate and discipline Defendant Attorney [Waters]." FAC at 7, 14. However, this relief would not stop an ongoing violation of federal law or prevent future harm to the Plaintiff. Rather, Plaintiff is asking the State Bar Defendants to reopen a complaint that has been closed in order to remedy a harm (dismissal of Plaintiff's case) that has already occurred.

Notwithstanding Plaintiff's characterization of it as such, this relief is not prospective. *Kleidman v. Buchanan*, 2025 WL 755945, at *8 (S.D. Cal. Mar. 10, 2025) (finding that requests to reopen an Appeal, even for the purpose of permitting future filings, is inherently retrospective relief, "rendering these claims ineligible for the *Ex parte Young* exception to Eleventh Amendment immunity.").

Moreover, Plaintiff cannot invoke the *Ex parte Young* exception to bring claims against Defendants Stallings and Ayrapetyan, which Plaintiff mistakenly identifies as being with the Office of General Counsel (FAC at 2). Neither are alleged to be part of the State Bar's OCTC, and they are not. *See* ns. 8, 9. A tangential connection such as what Plaintiff has alleged here is insufficient. Where prospective declaratory or injunctive relief is sought, the state officer sued "must have some connection with the enforcement of" the challenged state rules or laws. *Los Angeles County Bar Association v. Eu*, 979 F.2d 697, 704 (9th Cir. 1992) (citing *Ex Parte Young*, 209 U.S. at 157). Moreover, "[t]his connection must be fairly direct; a generalized duty to enforce state law or general supervisory power over the persons responsible for enforcing the challenged provision will not subject an official to suit." *Id*. Plaintiff has failed to allege any such direct connection here.

Accordingly, the State Bar Defendants sued in their official capacity have sovereign immunity and the *Ex parte Young* exception is inapplicable.

### 3. The Ex Parte Young Exception to Sovereign Immunity Is Inapplicable to the State Bar Defendants Because Plaintiff Is Improperly Seeking to Control the Discretion of Agency Officials

Even if the relief sought by Plaintiff could be characterized as prospective (and it cannot), the *Ex parte Young* exception is inapplicable where the Plaintiff seeks to control the discretion of agency officials. For more than a century, the Supreme Court has made clear that

1    "[t]here is no doubt that the court cannot control the exercise of the discretion of an officer" and

2    that "[i]t can only direct affirmative action where the officer having some duty to perform not

3    involving discretion, but merely ministerial in its nature, refuses or neglects to take such action."

4    *Ex parte Young*, 209 U.S. 123, 158 (1908). Indeed, "[n]either an injunction nor mandamus will

5    lie against an officer . . . to control him in discharging an official duty which requires the

6    exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th

7    Cir. 1968), citation and internal quotation marks omitted.

8           Plaintiff argues that the decision to close Plaintiff's State Bar complaint was "not a

9    discretionary act but fraud on the court" which supposedly strips the State Bar Defendants of

10   immunity pursuant to *Chambers v. NASCO*, 501 U.S. 32, 44-45 (1991). This argument is

11   unavailing. *Chambers* held that federal courts have inherent judicial power to vacate their own

12   judgments upon proof that a fraud has been perpetrated upon the court. Fraud on the court "must

13   involve an unconscionable plan or scheme which is designed to improperly influence the court

14   in its decision" and goes to the central issues in the case. *United States v. Sierra Pac. Indus.,*

15   *Inc.*, 862 F.3d 1157, 1168 (9th Cir. 2017). Firstly, fraud on the court is not an exception to

16   sovereign immunity. Second, as a procedural matter, even if it were, there is no allegation here

17   that a fraud has been perpetrated *on this Court* and there is no judgment in this matter for this

18   Court to vacate. *Chambers* does not authorize a federal court to investigate alleged fraud on the

19   court in other cases or vacate the judgments of any other Court. *Id.* To the extent that Plaintiff's

20   fraud allegation as it relates to the State Bar Defendants is that the defendants allegedly

21   committed a fraud by determining that Plaintiff's disciplinary complaint should be closed for

22   lack of evidence (which is fraudulent, Plaintiff asserts, because he submitted evidence), these

23   facts do not establish a basis for applying the *Ex Parte Young* exception to sovereign immunity.

24   Indeed, these facts affirm the State Bar Defendants' claims to immunity because they describe

25   the State Bar's exercise of its agency discretion; it is well established that whether to open an

26   investigation is not—as Plaintiff asserts—a ministerial act but an "inherently discretionary" act

27   by the State Bar's OCTC. *Rosenthal v. Vogt*, 229 Cal.App.3d 69, 75 (1991) (rejecting plaintiff's

28   argument that State Bar employees was under a mandatory duty to discharge their duties); *see*

*also* Bus. & Prof. Code § 6044 ("The chief trial counsel, with or without the filing or presentation of any complaint, **may** initiate and conduct investigations of all matters affecting or relating to [t]he discipline of the licensees of the State Bar.") (emphasis added).[6] This Court is without authority to control the judgment or compel the discretionary decisions of State Bar officials, and the decision "whether and how" to investigate is undisputably discretionary. *Stimac v. Haag*, 2010 WL 3340601, at *4 (N.D. Cal. Aug. 25, 2010) (dismissing plaintiff's cause of action for mandamus relief without leave to amend where the plaintiff sought to compel the U.S. Attorney's "discretionary decision whether and how to investigate and prosecute alleged ADA violations" against the State Bar). Furthermore, as discussed in subsection IV.B.1, there is no constitutional right to compel the government prosecution of another.

Accordingly, the State Bar Defendants sued in their official capacity have sovereign immunity and the *Ex Parte Young* exception is inapplicable.

### 4. State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial Immunity and Do Not Have a Ministerial Duty to Investigate

In addition to their sovereign immunity, any claims brought against State Bar Defendants in their individual capacities who work as prosecutors in the OCTC have quasi-judicial immunity from monetary damages, which Plaintiff is seeking here as against the State Bar Defendants in their individual capacities. *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966). Agency prosecuting attorneys, such as Defendant Charles, are entitled to quasi-judicial immunity when they perform functions similar to prosecutors in a setting like that of a court. *Hirsh*, 67 F.3d at 715 ("The Bar Court judges and prosecutors have quasi-judicial immunity from monetary damages"). This immunity is absolute and cannot be overcome by allegations of bad faith, conspiracy, or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986). Here,

---

[6] Plaintiff cites section 6044 in an effort to demonstrate that investigating is ministerial (FAC at 8), but the plain terms of the statute show that whether to investigate is inherently discretionary. *Woodbury v. Brown–Dempsey*, 108 Cal.App.4th 421, 433 (2008) ("Ordinarily, the word 'may' connotes a discretionary or permissive act; the word 'shall' connotes a mandatory or directory duty.")

Defendant Charles is entitled to absolute immunity from suit for damages because the Plaintiff is suing her in relation to her work as an attorney in the OCTC. FAC at 2, 7.

Plaintiff counters that the State Bar Defendants' actions are not protected by quasi-judicial immunity because "Defendants' actions were investigative (not adjudicative)" and cites *Buckley v. Fitzsimmons*, 509 U.S. 259, 274-75 (1993) in support of this proposition. Plaintiff's reliance on *Buckley* is misplaced. *Buckley* affirmed that the duties of the prosecutor in his or her role as advocate for the State, including actions preliminary to the initiation of a prosecution, are entitled to absolute immunity. *Id*. at 273. Here, Plaintiff does not elaborate which of the State Bar Defendants' actions were allegedly investigative. Indeed, the core of Plaintiff's grievance against the State Bar Defendants is that the State Bar closed Plaintiff's complaint *without investigation*. FAC at 7 ("[T]he State Bar closed the case without state any legal basis for its decision."); *see also* FAC at 6 ("Despite clear evidence…. Defendant State Bar [Officials] failed to investigate or discipline Defendant Waters."). The determination of whether to pursue a State Bar investigation against an attorney is a discretionary prosecutorial function that is entitled to absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409, 421 (1976) ("The function of a prosecutor that most invites a common-law tort action is his decision to initiate a prosecution."); *Clark*, *supra*, 366 F.2d at 681. As such, Defendant Charles is entitled to quasi-judicial immunity and dismissal is warranted.[7]

Furthermore, even if the State Bar Defendants' decision to close Plaintiff's complaint could be construed as an administrative function (which it is not), the State Bar Defendants' action would still be entitled to qualified immunity. *Buckley*, 509 U.S. at 273 ("when a prosecutor 'functions as an administrator rather than as an officer of the court' he is entitled

---

[7] Plaintiff's claims as against State Bar Defendants Louisa Ayrapetyan and Brandon Stallings are particularly attenuated because they are not prosecutors for the State Bar; however, Plaintiff's allegations against Louisa Ayrapetyan and Brandon Stallings that they "approved" or "ratified" the dismissal of Plaintiff's bar complaint imply that these defendants had official duties relating to the prosecution of bar complaints. FAC at 7. Based on the allegations, defendants Ayrapetyan and Stallings should be subject to qualified immunity as well, as a motion to dismiss assumes "that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 at 555.

only to qualified immunity"). As discussed in the next section, qualified immunity is sufficient to protect government officials like the State Bar Defendants in the exercise of their discretionary duties. *Id.* at 278.

### 5. Defendants Charles, Ayrapetyan, and Stallings Are Entitled to Qualified Immunity

Plaintiff's federal claims against the State Bar Defendants in their individual capacities are barred by qualified immunity. Public officials are entitled to qualified immunity "unless their conduct violates 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (citation omitted); *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198 (9th Cir. 2021). A federal or state official is entitled to qualified immunity for discretionary functions unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 235 (2009). "Addressing the second prong before the first is especially appropriate where 'a court will rather quickly and easily decide that there was no violation of clearly established law.'" *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019) (citation omitted).

A right is "clearly established" for purposes of the second prong of the qualified immunity analysis if, "at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (cleaned up). "Conduct violates a 'clearly established' right if the unlawfulness of the action in question is apparent in light of some pre-existing law." *Ballou v. McElvain*, 14 F.4th 1042, 1049 (9th Cir. 2021) (cleaned up). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Jessop*, 936 F.3d at 940 (citation omitted). "[A]bsent such cases," courts look "to a consensus of persuasive authorities." *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1259 (9th Cir. 2021) (cleaned up). "This demanding standard protects all but the

-13-

1    plainly incompetent or those who knowingly violate the law." *Evans v. Skolnik*, 997 F.3d 1060,

2    1066 (9th Cir. 2021) (citation omitted).

3        The FAC contains no allegations that any action taken by the State Bar Defendants

4    violated any clearly established federal rights. Plaintiff appears to frame the State Bar

5    Defendants' supposed constitutional violation as being indifferent to Plaintiff's constitutional

6    rights by failing to investigate or prosecute attorney Waters. *See* FAC at 7-8. This claim fails

7    because "members of the public have no constitutional right to sue state employees who fail to

8    protect them against harm inflicted by third parties." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th

9    Cir. 1992); *see also*, *e.g.*, *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) (the

10   Constitution "creates areas in which the government has to let people alone; it does not entitle

11   them to demand services, such as police protection"). And not only is the determination of

12   whether to investigate or prosecute an attorney a discretionary function of the OCTC, *see*

13   Sections IV.A.3 and IV.A.4, Plaintiffs do not possess a constitutional right to demand a targeted

14   investigation or prosecution of any persons. *See e.g., Deshaney v. Winnebago Cty. Dep't of Soc.*

15   *Servs.*, 489 U.S. 189, 196 (1989) (holding that a general matter, "the Due Process Clauses

16   generally confer no affirmative right to governmental aid. . . ."); *Rodriguez v. Newsom*, 974 F.3d

17   998, 1010 (9th Cir. 2020) (cleaned up) (explaining that the right to petition the government

18   under the First Amendment does not require government officials to "respond, or even listen, to

19   citizens"). Moreover, Plaintiff lacks standing to seek an investigation of Waters in any event.

20   *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("The Court's prior decisions consistently

21   hold that a citizen lacks standing to contest the policies of the prosecuting authority when he

22   himself is neither prosecuted nor threatened with prosecution."). The State Bar Defendants are

23   unaware of any authority holding employees and officials of a regulatory agency liable for

24   constitutional violations in similar circumstances, and Plaintiff presents none.

25        Plaintiff's allegations that attorney Waters acted fraudulently and unethically and that

26   the State Bar Defendants violated Plaintiff's constitutional rights by failing to act on this

27   misconduct does not establish that any action (or inaction) by the State Bar Defendants violated

28   any clearly established federal rights. Plaintiff has no affirmative right to receive a specific

response or course of action from the State Bar, let alone the right request the prosecution of a specific individual. Nor does Plaintiff possess any cognizable interest in the prosecution of a third-party. *Town of Castle Rock*, 545 U.S. at 768. As Plaintiff has no constitutional or other right arising under federal law to compel the State Bar to investigate or prosecute attorney Waters, and in any event lacks standing, State Bar Defendants Charles, Ayrapetyan, and Stallings are each entitled to qualified immunity.

### B.    The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted

Even assuming, arguendo, that this Court has subject matter jurisdiction over the complaint, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff asserts a single claim against the State Bar Defendants under 42 U.S.C. § 1983. FAC at 10. Even if this claim could somehow survive the State Bar's sovereign immunity (which it cannot), the claim fails as a matter of law because the State Bar Defendants acting their official capacities are not "persons" subject to suit under section 1983 and Plaintiff has failed to state a claim against the State Bar Defendants in their individual capacities because there is no federal right to compel another's prosecution. Because there is no cognizable claim, there is no entitlement to punitive damages. Even if Plaintiff could somehow assert a claim under federal law, the injunctive relief he seeks is unavailable here because a party cannot seek to control the discretionary decision of a government entity through an injunction, let alone the actions of the California Supreme Court. Nor can Plaintiff state a claim for entitlement to attorney's fees as a pro se litigant.

### 1.    Plaintiff's First Cause of Action Under Section 1983 Should Be Dismissed Because It Fails as a Matter of Law

To establish a claim for relief under section 1983, Plaintiff must establish: (1) a deprivation of federal rights; (2) by a person acting under color of state law. *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the

deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

At the outset, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075, n.1 (9th Cir. 1986) ("The doctrine of respondeat superior does not apply in section 1983 civil rights cases."). Quite simply, public officials "may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). Plaintiff alleges that Defendant Charles violated a ministerial duty to investigate, while Defendant Ayrapetyan supposedly approved the closure of Plaintiff's complaint and Defendant Stallings ratified it. These allegations are vague and do not identify with specificity any individual actions taken by any State Bar Defendant that violated Plaintiff's rights. *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982) ("Vague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss.").[8]

Notwithstanding the obvious pleading defects, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Bennett v. People of State of Cal.*, 406 F.2d 36, 39 (9th Cir. 1969) (holding that state agencies "are not 'persons'

---

[8] Moreover, Plaintiff has failed to allege that he sought review of any disciplinary complaints with the California Supreme Court. The State Bar's role with respect to disciplinary matters is advisory in nature, as the California Supreme Court has inherent authority over attorney discipline. *In re Rose*, 22 Cal. 4th at 442. Because Plaintiff has failed to allege that he availed himself of the California Supreme Court's original and exclusive authority to review any advisory actions of the State Bar, there can be no deprivation of a federal right. *Pell v. Nunez*, 99 F.4th 1128, 1130 (9th Cir. 2024) ("Because the California Supreme Court has exclusive original jurisdiction over matters of [discipline], the State Bar's actions did not result in a cognizable deprivation of rights. Therefore, the federal law claims must be dismissed for failure to state a claim."); *see also Giannini v. Committee of Bar Examiners of the State Bar of Cal.*, 847 F.2d 1434, 1434-35 (9th Cir. 1988) (same).

1   within the meaning of the Civil Rights Act."). Nor does section 1983 abrogate Eleventh

2   Amendment immunity. *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); *see also*

3   *Breck v. Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019) (the Nevada State Bar is an arm of the

4   State of Nevada that is immune from section 1983 damages claims). As such, Plaintiff's claims

5   against the State Bar Defendants in their official capacities fail as a matter of law. *See also*

6   Section IV.A.1.

7          Plaintiff's claims against the State Bar Defendants in their individual capacities also fail,

8   because, as described in Section IV.A.5, Plaintiff has no constitutional right to seek a targeted

9   investigation or prosecution of a specific individual. "[A] private citizen lacks a judicially

10  cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.*, 410 U.S. at

11  619. "[T]he benefit that a third party may receive from having someone else arrested for a crime

12  generally does not trigger protections under the Due Process Clause, neither in its procedural

13  nor in its 'substantive' manifestations." *Town of Castle Rock*, 545 U.S. at 768 (2005). Indeed, as

14  a general matter, "the Due Process Clauses generally confer no affirmative right to

15  governmental aid. . . ." from which it follows that "the State cannot be held liable under the

16  Clause for injuries that could have been averted had it chosen to provide [that aid]." *Deshaney*,

17  489 U.S. 189 at 196 (cleaned up).

18         Nor does the right to petition under the First Amendment guarantee that the government

19  will act on a complaint. "The right to petition protects the right of individuals to appeal to courts

20  and other forums established by the government for resolution of legal disputes. . .. But this

21  right is uni-directional; it does not require government officials or politicians to respond, or even

22  listen, to citizens." *Rodriguez*, 974 F.3d at 1010 (cleaned up); *see also Smith v. Arkansas State*

23  *Highway Emp., Loc.*, 1315, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose

24  any affirmative obligation on the government to listen, to respond or, in this context, to

25  recognize [a complainant] and bargain with it."). "And because the government is under no

26  constitutional obligation to respond to such views, there is no violation where a government

27

28

entity . . . ignores (or threatens to ignore) communications . . . ." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020).[9]

Here, Plaintiff's section 1983 claims are primarily premised on the allegations that the State Bar Defendants "knowingly and recklessly" ignored evidence of attorney Waters' misconduct, which resulted in harm to Plaintiff, and the State Bar Defendants' failure to investigate or otherwise act on Plaintiff's complaints about Waters amounted to a "deliberate indifference to [Plaintiff's] constitutional rights." FAC at 8. However, Plaintiff does not have a due process right or other constitutional right to have the State Bar prosecute attorney Waters.

Plaintiff's secondary claims that the State Bar had a "de facto policy of ignoring fraud complaints" cannot be maintained as a section 1983 claim because he has not "plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075, n.1 (9th Cir. 1986) ("The doctrine of respondeat superior does not apply in section 1983 civil rights cases."). Quite simply, public officials "may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). Further, the case that Plaintiff relies on here, *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 660 (1978) is applicable only to municipalities (local governments), not state actors. *See, e.g., Thompson v. City of Los Angeles*, 885 F.2d 1439, 1443 (9th Cir. 1989). Plaintiff therefore cannot rely on *Monell* to bring a claim against the State Bar Defendants.

Accordingly, Plaintiff's claims under section 1983 should be dismissed.

### 2.    Plaintiff Cannot Assert a Basis for Punitive Damages Against the State Bar Defendants in Their Individual Capacities

Because Plaintiff has not stated a violation of a federal right under section 1983 for which relief may be granted, Plaintiff has not asserted a compensable injury for which punitive

---

[9] To the extent that Plaintiff's section 1983 claims are based on alleged violations of state law that are not also violations of a constitutional right, they also fail, as section 1983 "only creates a cause of action for violations of the federal 'Constitution and laws.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (citing 42 U.S.C. § 1983); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by . . . section [1983]. Violations of state law alone are insufficient.").

damages may be recovered against the State Bar Defendants. Section 1983 only permits punitive damages against state officials in their individual capacity where the plaintiff can demonstrate the individual defendant's "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Even if Plaintiff had made allegations that the State Bar Defendants acted with evil motive (which he did not), Plaintiff's claim for punitive damages would still fail due to the lack of a cognizable violation of a federally protected right. *Bacon v. Woodward,* 104 F.4th 744, 750 (9th Cir. 2024) (where firefighters had plausibly alleged callous disregard to their rights under the Free Exercise Clause). Because there is no federally protected right that the State Bar Defendant's actions could have violated, Plaintiff's request for punitive damages based on those actions should be dismissed without leave to amend.

### 3. Plaintiff Is Not Entitled to Injunctive Relief Because It Would Require the California Supreme Court to Discipline Waters

Plaintiff's request for injunctive relief fails for the additional reason that Plaintiff is improperly seeking to control "control the exercise of the discretion of an officer." *Ex parte Young*, 209 U.S. at 158. As discussed in Section IV.A.3, "[n]either an injunction nor mandamus will lie against an officer . . . to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th Cir. 1968), citation and internal quotation marks omitted. The State Bar's OCTC has prosecutorial discretion to investigate bar complaints and file charges. *See* Cal. Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. Moreover, any attorney discipline case prosecuted by OCTC is heard by the State Bar Court, which in turn, makes a recommendation of discipline to the California Supreme Court. *See* Bus. & Prof. Code § 6070; *In re Rose*, 22 Cal. 4th at 439. The California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline. *See In re Att'y Disc. Sys.*, 19 Cal. 4th at 598–99; *Rosenthal*, 910 F.2d at 566–67. In seeking an order from this Court directing the State Bar Defendants to investigate and discipline Waters, *see* Dkt. 1 at 13, Plaintiff is seeking injunctive relief that would not only control the exercise of discretion by the State Bar, but also of the California Supreme Court.

The scope of federal injunctive relief against a state agency must always be narrowly tailored to enforce federal constitutional and statutory law only. *See Clark v. Coye*, 60 F.3d 600, 603–04 (9th Cir. 1995) (holding that based on concerns of comity and federalism, "[t]he district court will be deemed to have committed an abuse of discretion . . . if its injunction requires any more of state officers than demanded by federal constitutional or statutory law."). As discussed in Section IV.B.1, above, there is no federally protected right to enforce based on Plaintiff's allegations. Thus, Plaintiff's claim for injunctive relief against the State Bar Defendants should be dismissed.

### 4.    Plaintiff's Request for Attorney's Fees Under Section 1988 Fails As a Matter of Law

Plaintiff brings this suit in his own name and is representing himself in pro per. Pro se litigants are not entitled to an award of attorney's fees under section 1988. *See Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990), *superseded by statute on other grounds; Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987). "In [*Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991)], the Supreme Court held that section 1988 does not permit awards of attorney's fees to pro se plaintiffs who, being attorneys, represent themselves in successful civil rights actions." *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011), *as amended on denial of reh'g and reh'g en banc* (Oct. 4, 2011) (explaining that the Court adopted a per se rule, categorically precluding an award of attorney's fees under section 1988 to a pro se attorney-plaintiff). On this basis, Plaintiff's request for attorneys' fees under section 1988 should be dismissed without leave to amend. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (where a plaintiff cannot recover damages as a matter of law, the proper procedural vehicle to dismiss the request is a motion under Rule 12(b)(6)).

### C.    The Complaint Should Be Dismissed Without Leave to Amend

When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim without leave to amend. *Gompper v. VISX, Inc*., 298 F.3d 893, 898 (9th Cir. 2002) (cleaned up). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co*., 866 F.2d 1149, 1160

-20-

(9th Cir. 1989). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id*. at 1160. Amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc*., 845 F.2d 209, 214 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments").

Here, for the reasons stated above, Plaintiff cannot state a claim against the State Bar Defendants (or the State Bar). Plaintiff has already attempted to amend after the State Bar Defendants moved to dismiss his initial complaint, and his amendments failed to cure the deficiencies. Because the deficiencies are fatal, the first cause of action and related request for injunctive relief and punitive damages should be dismissed without leave to amend as to the State Bar Defendants and the State Bar Defendants dismissed from this action.

## V.   CONCLUSION

For each of the foregoing reasons, the State Bar respectfully requests that the Court grant the motion to dismiss without leave to amend.


Dated: August 4, 2025                STATE BAR OF CALIFORNIA
                                     OFFICE OF THE GENERAL COUNSEL


                                     By: *JENNIFER SPERLING*
                                         JENNIFER SPERLING
                                         Assistant General Counsel
                                         Attorneys for Defendants,
                                         KRISTIN CHARLES, LOUISA AYRAPETYAN,
                                         BRANDON N. STALLINGS

## DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On August 4, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727

By the following means:

☒    (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

    ☒    depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

    ☐    placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at San Francisco, California, on August 4, 2025.

*Ryan Sullivan*
Ryan Sullivan