Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

FILED

SEP 02 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
                DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL V. SINGER**, an individual<br><br>Plaintiff,<br><br>v.<br><br>**CRAIG C.O. WATERS, et al.,**<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Time: 10:00 a.m.<br>**Date: November 5, 2025**<br>**Dept: 9**<br>**Hon: Stanley A. Boone** |

## NOTICE OF MOTION

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that Plaintiff Paul V. Singer will, and hereby does, move this Court for an order granting leave to file his Second Amended Complaint ("SAC") pursuant to Federal Rule of Civil Procedure 15(a)(2).

This motion is made on the grounds that justice so requires, as the proposed amendment (1) adds a necessary defendant, Robert Abrams, whose role was revealed through new evidence; (2) incorporates the sworn declaration of attorney Alex A. Graft, which materially impacts Plaintiff's claims; (3) integrates Fresno Superior Court records that demonstrate systemic due process violations; and (4) clarifies existing claims without prejudice or surprise to Defendants.

This motion is based on the accompanying Memorandum of Points and Authorities, the SAC attached as **Exhibit A**, the records of this Court, and all other evidence and argument the Court may consider.

1

**PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. LEGAL STANDARD

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires."

The Supreme Court has held that leave should be denied only for reasons such as undue delay, bad faith, repeated failure to cure deficiencies, undue prejudice to the opposing party, or futility of amendment. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Ninth Circuit applies this standard with "extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

## II. ARGUMENT

### A. Newly Discovered Evidence Supports Amendment

The SAC incorporates new material evidence not available at the time of the FAC, including the sworn declaration of attorney Alex A. Graft, in which he asserted the fraudulent Substitution of Attorney (MC-050) was a "mere error." This declaration directly implicates senior attorney Robert Abrams, who co-signed the document and knew, or should have known, that MC-050 misrepresented the record.

Courts routinely permit amendment when new material facts come to light. *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987).

### B. Addition of Defendant Robert Abrams Is Necessary

Unlike the FAC, which focused on Waters and State Bar officials, the SAC adds Abrams because he ratified and participated in the fraudulent MC-050. Without Abrams as a defendant, Plaintiff cannot obtain complete relief.

Rule 19(a) requires joinder of parties necessary for complete adjudication. *Desert Empire Bank v. Ins. Co. of N. Am.*, 623 F.2d 1371, 1375 (9th Cir. 1980). Abrams' addition is not optional; it is required.

///

### C. The SAC Is Not Frivolous

Defendants may argue the amendment is frivolous. It is not. The SAC is grounded in Fresno Superior Court's own records (minute orders, substitutions, withdrawals), as well as new sworn evidence. Every amendment strengthens existing claims, aligning them more closely with statutory and case law. This is precisely the type of amendment Rule 15 is meant to permit.

### D. The SAC Causes No Prejudice

The Ninth Circuit has held that "[t]he party opposing amendment bears the burden of showing prejudice." *DCD Programs*, 833 F.2d at 187. No trial date has been set, discovery is ongoing, and the case remains at the pleading stage. Defendants will have a full opportunity to respond. There is no prejudice.

### E. The SAC Does Not Shift Theories or Surprise Defendants

The SAC arises from the same nucleus of facts pled in the FAC: Fresno Superior Court's issuance of unsigned "minute orders," fraudulent use of MC-050, and the State Bar's failure to act. The SAC clarifies and reorganizes those facts into specific statutory claims — 42 U.S.C. §§ 1983, 1985, negligence per se, fraud on the court, and IIED — but does not introduce new or unexpected theories. Defendants have long been on notice of these issues.

### F. The SAC Is Not Untimely

This motion is filed promptly after discovery of new evidence, including Graft's declaration. Courts have repeatedly permitted amendments at this stage. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981). There has been no undue delay, and the amendment is timely.

### G. Justice Requires Amendment

Rule 15 embodies a strong presumption in favor of amendment to ensure resolution on the merits. Here, amendment ensures all facts and parties are properly before the Court. Denial would foreclose Plaintiff from presenting new evidence and necessary claims. Justice requires granting leave.

///
///
///
///
///

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant leave to file the Second Amended Complaint in the form attached hereto as **Exhibit A**.

**Dated: September 2, 2025**

Respectfully submitted,

Paul V. Singer
Plaintiff, Pro Se

4

PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES