LODGED

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

SEP 0 2 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
　　　　　DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **PAUL V. SINGER**, an individual<br><br>　　　Plaintiff,<br><br>v.<br><br>**CRAIG C.O. WATERS,** an individual;<br>**ROBERT ABRAMS,** an individual;<br>**KRISTINA CHARLES,** in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN,** in her official capacity as attorney, Office of General Counsel, State Bar of California;<br>**BRANDON N. STALLINGS,** in his official capacity as attorney, Office of General Counsel, State Bar of California;<br>**STATE BAR OF CALIFORNIA,** a public corporation;<br><br>**DOES 1–10,** inclusive,<br><br>　　　Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**SECOND AMENDED COMPLAINT FOR:**<br><br>1. Deprivation of Constitutional Rights (42 U.S.C. § 1983);<br><br>2. Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(2)(3));<br><br>3. Fraud on the Court;<br><br>4. Negligence Per Se;<br><br>5. Failure of Non-Delegable Duty (42 U.S.C. §1983);<br><br>6. Intentional Infliction of Emotional Distress (IIED)<br><br>**JURY TRIAL DEMANDED** |

## SECOND AMENDED COMPLAINT

### I. INTRODUCTION

1. This civil action is brought under 42 U.S.C. §§ 1983 and 1985, California statutes, and federal common law. It seeks damages, declaratory relief, and injunctive relief for systemic violations of due process, fraud on the court, conspiracy to deprive civil rights, negligence per se, and intentional infliction of emotional distress.

1

**SECOND AMENDED COMPLAINT**

2. Plaintiff Paul Singer brings this case not only on his own behalf, but as an example of what happens when mandatory legal safeguards collapse. The Fresno County Superior Court repeatedly issued unsigned "Minute Orders" marked *"No further order is necessary."* These orders, on their face, violate California Code of Civil Procedure §§ 581d and 664.5, California Rules of Court 3.1312 and 3.1590, and Federal Rule of Civil Procedure 58(a).

3. Under controlling authority — *Alan v. American Honda Motor Co.*, 40 Cal.4th 894 (2007) and *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978) — unsigned minute orders are not final judgments. Yet Fresno courts treated them as if they were, stripping Plaintiff of appellate rights.

4. Attorneys Craig C. Waters and Robert Abrams exacerbated these defects by filing a fraudulent Substitution of Attorney (MC-050) falsely naming Abrams as "former attorney of record." This constituted fraud on the court under *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), and *United States v. Estate of Stonehill*, 660 F.3d 415 (9th Cir. 2011).

5. The State Bar of California and its officials, despite receiving complaints with docket evidence, refused to perform their non-delegable duty to review the record. Their inaction ratified misconduct and denied Plaintiff — and by precedent, all litigants — the protection of law.

6. Finally, attorney Alex A. Graft declared under oath that these irregularities were "mere error." Such characterization disregarded statutory mandates and precedent. By endorsing procedural breakdowns as harmless, Graft exemplified a culture of blind reliance on defective processes.

7. This action therefore asks this Court to enforce what statutes, rules, and precedent already require: signed judgments, accurate records, attorney honesty, and State Bar accountability. The relief sought is not merely for one litigant but to reaffirm that **the law applies equally to all parties, without exception.**

## II. JURISDICTION AND VENUE

8. This Court has jurisdiction under 28 U.S.C. § 1331 (federal question) and § 1343(a)(3) (civil

rights).

9. Supplemental jurisdiction exists under 28 U.S.C. § 1367 for state law claims.

10. Venue is proper under 28 U.S.C. § 1391(b) because the events occurred in Fresno County, California, within this District.

### III. PARTIES

11. Plaintiff Paul Singer is an individual and was plaintiff in Fresno Superior Court Case No. 18CECG03151.

12. Defendant Craig C. Waters is a California-licensed attorney, admitted in 2016, sued in his individual capacity.

13. Defendant Robert Abrams is a California-licensed attorney, senior to Waters, with adjoining offices. Abrams signed the fraudulent substitution at issue.

14. Defendant Kristina Charles is sued in her official capacity as Chief Trial Counsel, State Bar of California.

15. Defendant Louisa Ayrapetyan is sued in her official capacity as attorney, Office of General Counsel, State Bar of California.

16. Defendant Brandon N. Stallings is sued in his official capacity as attorney, Office of General Counsel, State Bar of California.

17. Defendant State Bar of California is a public corporation organized under Cal. Bus. & Prof. Code § 6001.

18. DOES 1–10 are unknown actors who participated in or ratified the violations described.

### IV. FACTUAL ALLEGATIONS

19. Plaintiff incorporates by reference ¶¶ 1–18 above.

20. Fresno Superior Court Case No. 18CECG03151 was initiated by Plaintiff's Complaint on or about September 2018 (Exhibit 1). Plaintiff subsequently filed a First Amended Complaint on April 20, 2023 (Exhibit 2), and a Second Amended Complaint on August 14, 2023 (Exhibit 3). Defendants filed responsive pleadings including an Answer and a First Amended Answer

3
**SECOND AMENDED COMPLAINT**

(**Exhibits 4–5**).

21. From 2022 through 2024, the Fresno Superior Court repeatedly issued "Minute Orders" in place of judgments. These orders were unsigned, not set forth in separate documents, and often contained the phrase: *"No further order is necessary."*

22. Each such order is procedurally defective under California and federal law, as explained below. The repeated reliance on such orders deprived Plaintiff of due process and the ability to secure appellate review.

**A. August 8, 2023 Minute Order**

23. On August 8, 2023, the Fresno Superior Court (Hon. [Judge name per Exhibit 6]) issued a Minute Order adopting a tentative ruling. The order states in full:

  *"Tentative ruling adopted. No further order is necessary. The clerk is directed to give notice."* (**Exhibit 6**).

24. This order fails to meet the requirements of law:

  1. **CCP § 581d** requires dismissals and judgments to be in writing, signed by the court, and filed. This order was not signed.

  2. **CCP § 664.5** requires judgments to be entered in writing, signed by the court, and served. No such judgment was prepared or filed.

  3. **CRC Rule 3.1312** requires the prevailing party to prepare a proposed order for the judge's signature. No signed order was ever issued.

  4. **CRC Rule 3.1590** requires a written statement of decision and judgment after dispositive hearings or trials. None exists here.

  5. **FRCP 58(a)** (by analogy and persuasive authority) requires every judgment to be set out in a separate signed document. The U.S. Supreme Court has held this requirement "must be mechanically applied." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978).

25. Consequently, under *Alan v. American Honda Motor Co.*, 40 Cal.4th 894, 902 (2007), this Minute Order cannot constitute a final judgment.

26. While this defect deprived all parties of finality, Defendants Waters and Abrams raised no

4
**SECOND AMENDED COMPLAINT**

objection, sought no correction, and filed no proposed judgment. Instead, they accepted and exploited the defect, knowing that the absence of a signed judgment would foreclose Plaintiff's appellate rights.

## B. September 21, 2023 Minute Order

27. On September 21, 2023, the Fresno Superior Court (Hon. [Judge name per Exhibit 8]) issued another Minute Order. It states:

    *"No further order is necessary."* (**Exhibit 7***).*

28. Again, this order suffers the same defects: unsigned, no separate judgment, no statement of decision, and no service under CCP § 664.5.

29. *Alan v. Honda* makes clear that unsigned minute orders are not appealable judgments. *Muller v. Fresno Community Hospital & Medical Center*, 172 Cal.App.4th 887, 898 (2009), confirms that an unsigned minute order cannot confer appellate jurisdiction.

30. Waters and Abrams again made no effort to secure compliance. They had no incentive to do so: the lack of enforceable judgments ensured Plaintiff remained trapped, without a path to review.

## C. March 19, 2024 Minute Order

31. On March 19, 2024, the Fresno Superior Court  issued yet another unsigned Minute Order:

    *"No further order is necessary."* (**Exhibit 8***).*

32. This language once again violates:

    a.  **CCP § 581d** (no signed judgment),

    b.  **CCP § 664.5** (no entry/notice of judgment),

    c.  **CRC 3.1312 & 3.1590** (no proposed order or statement of decision), and

    d.  **FRCP 58(a)** (no separate document).

33. Plaintiff's appellate rights were denied, consistent with *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982), which affirms that due process is violated when the state's procedural failure forecloses a litigant's rights.

34. Waters and Abrams tolerated and navigated this defect, as before, because it placed Plaintiff at a systemic disadvantage.

**D. June 26, 2024 Minute Order**

35. On June 26, 2024, the Fresno Superior Court issued a Case Management ruling by Minute Order. The order states in relevant part:

> *"The Court adopts its tentative ruling. No further order is necessary."* **(Exhibit 9***).*

36. Once again, this order was **unsigned** and never reduced to a separate judgment.

37. The defects include:

   a. **CCP § 581d** – requires judgments and dismissals to be signed and filed.

   b. **CCP § 664.5** – requires judgments to be entered and served by the clerk.

   c. **CRC 3.1312** – requires the prevailing party to submit a proposed order for signature.

   d. **CRC 3.1590** – requires a statement of decision in contested matters.

   e. **FRCP 58(a)** – mandates a separate, signed judgment.

38. As a result, no enforceable order was created. Consistent with *Alan v. Honda*, 40 Cal.4th at 902, and *Muller v. Fresno Community Hospital*, supra, such unsigned minute orders are legally ineffective.

39. Defendants Waters and Abrams made no effort to correct or object to the defect. Their silence was strategic: while the defect harmed both sides equally in theory, Defendants capitalized on it in practice, because Plaintiff was the party pressing for relief.

**E. September 21, 2023 "Tentative Ruling Adopted" Order**

40. On September 21, 2023, the Fresno Superior Court issued another Minute Order stating:

> *"Tentative ruling adopted. No further order is necessary. No statement of decision will issue."* **(Exhibit 10).**

41. The express refusal to issue a statement of decision is a **direct violation** of **CRC 3.1590**,

42. which requires a written statement when material issues are resolved.

43. The failure to provide a signed judgment also violates **CCP § 664.5**.

44. Plaintiff was again left without an appealable order. *Muller*, supra, holds that appellate courts

**SECOND AMENDED COMPLAINT**

lack jurisdiction absent a signed judgment.

45. Waters and Abrams, aware of this systemic breakdown, nevertheless relied on the defective record. By not demanding compliance with mandatory procedures, they ensured Plaintiff's rights were undermined.

**F. March 19, 2024 "Submission" Order**

45. On March 19, 2024, the Fresno Superior Court issued a Minute Order taking the matter under

46. submission. The order states:

*"The Court takes the matter under submission. No further order is necessary."*
**(Exhibit 11).**

46. This order again lacks a signature, lacks a separate judgment, and expressly states no further order will issue.

47. **Defects:**

    a. **CCP § 581d** – no signed judgment.

    b. **CCP § 664.5** – no entry/notice.

    c. **CRC 3.1312** – no proposed order.

    d. **CRC 3.1590** – no statement of decision.

    e. **FRCP 58(a)** – no separate document.

48. By foreclosing the issuance of any further order, the Fresno court locked Plaintiff into a procedural dead end.

49. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982), makes clear that when a state procedure itself deprives a litigant of access to appellate review, due process is violated.

50. Waters and Abrams again stood silent, navigating the defect for strategic advantage.

**G. March 19, 2024 Case Management Order**

51. On the same date, a second Minute Order was issued in Case Management. It states:

*"Case management conference held. No further order is necessary."*
**(Exhibit 12***).*

52. The defects are identical: no signed judgment, no separate order, no entry under CCP § 664.5, no compliance with CRC 3.1312 or 3.1590, and no FRCP 58(a) compliance.

53. As with all prior orders, no appellate rights attached.

**SECOND AMENDED COMPLAINT**

54. Defendants Waters and Abrams accepted the defective state of the record and pressed forward. Plaintiff was denied due process not by one error, but by a **pattern of defective orders spanning multiple years.**

## H. Summary of Minute Order Failures

55. The Fresno record shows a consistent pattern: unsigned Minute Orders, often with the phrase *"No further order is necessary."*

56. These defects violate:

    a.  **CCP § 581d** – requiring signed judgments.

    b.  **CCP § 664.5** – requiring entry and notice.

    c.  **CRC 3.1312** – requiring proposed signed orders.

    d.  **CRC 3.1590** – requiring statements of decision.

    e.  **FRCP 58(a)** – requiring separate signed judgments.

57. Controlling precedent establishes that such orders are legally ineffective:

    a.  *Alan v. Honda*, 40 Cal.4th 894, 902 (2007) — unsigned minute orders not judgments.

    b.  *Muller v. Fresno Community Hospital*, 172 Cal.App.4th 887 (2009) — appellate courts lack jurisdiction absent signed judgment.

    c.  *Bankers Trust v. Mallis*, 435 U.S. 381, 386 (1978) — FRCP 58 must be mechanically applied.

58. Despite these defects, Defendants Waters and Abrams raised no objection. To the contrary, they exploited the defective record, knowing Plaintiff would be denied appellate rights.

59. The State Bar, despite having this record available, failed to intervene or require correction.

60. Attorney Alex A. Graft later submitted a declaration dismissing these defects as mere "error," thereby endorsing a system of procedural failure that no reasonable attorney, upon review of the record, could have excused.

///
///
///
///
///
///
///

## I.  Timeline of Minute Orders and Procedural Defects

| Date | Exhibit | Exact Wording (quoted) | Statutory/Rule Defects | Legal Consequence |
|---|---|---|---|---|
| 08/08/2023 | Ex. 6 | "Tentative ruling adopted. No further order is necessary. The clerk is directed to give notice." | CCP § 581d (unsigned); CCP § 664.5 (no entry/notice); CRC 3.1312 (no signed order); CRC 3.1590 (no statement of decision); FRCP 58(a) (no separate judgment) | Not a final judgment; no appellate jurisdiction (*Alan v. Honda, Muller*) |
| 09/21/2023 | Ex. 7 | "No further order is necessary." | Same as above | No enforceable judgment; appeal rights foreclosed |
| 09/21/2023 | Ex. 10 | "Tentative ruling adopted. No further order is necessary. No statement of decision will issue." | CCP § 581d; CCP § 664.5; CRC 3.1312; CRC 3.1590 (express refusal of statement of decision); FRCP 58(a) | No judgment; violation compounded by express refusal of statement of decision |
| 03/19/2024 | Ex. 8 | "No further order is necessary." | Same defects | Denial of appellate rights; due process violated (*Logan v. Zimmerman Brush Co.*) |
| 03/19/2024 | Ex. 11 | "The Court takes the matter under submission. No further order is necessary." | Same defects; CRC 3.1590 violated by refusing statement of decision | Procedural dead end; Plaintiff barred from appellate review |
| 03/19/2024 | Ex. 12 | "Case management conference held. No further order is necessary." | Same defects | No valid order; systemic denial of due process |
| 06/26/2024 | Ex. 9 | "The Court adopts its tentative ruling. No further order is necessary." | Same defects | Not a final judgment; appellate rights denied |

## J.  Analysis of the Timeline

61. This table demonstrates a **pattern spanning multiple years**: the Fresno Superior Court never entered a single valid signed judgment in Case No. 18CECG03151.

62. Each order contains the repeated phrase *"No further order is necessary,"* which is itself a

legal impossibility. Under CCP § 581d, a signed written judgment **is necessary**. Under CCP § 664.5, entry and notice **are necessary**. Under CRC 3.1312 and 3.1590, a proposed signed order and statement of decision **are necessary**. Under FRCP 58(a), a separate signed judgment **is necessary**.

63. The Fresno court's orders were therefore not simply irregularities — they were **structural violations** of mandatory law.

64. Defendants Waters and Abrams, who actively litigated in this environment, made no objection to these defects. Instead, they **accepted and exploited** them, knowing that the defective record denied Plaintiff appellate rights.

65. The State Bar of California, upon receiving complaints supported by these very public records, did not review or act. Their inaction ratified the breakdown.

66. Attorney Alex A. Graft later characterized this entire record as a "mere error," despite the statutory mandates and case law cited above. This sworn declaration demonstrates not analysis but blind faith in a judicial system that, in this case, was visibly malfunctioning.

67. Additionally, the doctrine of laches bars Defendants from asserting that Plaintiff delayed in seeking redress. Plaintiff acted promptly after each defective order and after each fraudulent filing, filing motions, complaints, and amendments in real time. The systemic denial of final judgments made meaningful appellate review impossible. Under laches, a party cannot benefit from its own procedural misconduct while blaming the injured party for delay. Any claim that Plaintiff failed to act timely is foreclosed, as the record shows his efforts were contemporaneous with the violations.

**K. Fraudulent Substitution of Attorney (MC-050)**

67. On January 12, 2022, Defendant Craig C. Waters filed Judicial Council Form MC-050, Substitution of Attorney, in Fresno Superior Court Case No. 18CECG03151. The document purported to substitute Defendant Robert Abrams as "former attorney of record" and list Plaintiff as representing himself in pro per. **(Exhibit 13).**

68. This filing was false and misleading. Prior to January 12, 2022, the Fresno Superior Court

docket reflected that Waters — and only Waters — had been attorney of record. Abrams had never appeared, never filed any pleading, and was not counsel of record.

69. By listing Abrams as "former attorney of record," the Substitution of Attorney created a false record. It misrepresented Abrams' role, misrepresented the attorney of record history, and concealed the fact that Waters was the only attorney who had ever appeared.

70. The proper procedure, had Waters changed firms or offices, would have been a **Notice of Change of Firm** under CRC 1.21. Substitution of Attorney (MC-050) is reserved for actual substitution of counsel of record.

71. By filing MC-050 instead of a Change of Firm notice, Waters knowingly misrepresented the record, and Abrams ratified this misrepresentation by signing the form.

72. This act violated **California Business & Professions Code § 6068(d)**, which requires attorneys "never to seek to mislead the judge or any judicial officer by an artifice or false statement of fact or law."

73. Fraud on the court is defined as conduct that "defiles the court itself," preventing the judicial machinery from performing its impartial task. *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944).

74. The Ninth Circuit holds that fraud on the court includes attorney misconduct that undermines the integrity of judicial proceedings. *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011).

75. The fraudulent MC-050 substitution falls squarely within this doctrine: it altered the official record, misrepresented attorney history, and deceived the court as to who had represented Plaintiff.

76. Because fraud on the court renders proceedings void, all orders following the January 12, 2022 substitution are legally invalid under *Hazel-Atlas* and *Stonehill*.

77. Waters, a junior attorney admitted only in 2016, may attempt to characterize this as a mistake. However, Abrams, a senior attorney with decades of experience, knew or should have known the difference between Substitution of Attorney and Change of Firm. Abrams' participation

removes any claim of mistake.

78. This was not harmless error. It was an intentional act that corrupted the record.

## L. Plaintiff's Counsel Withdrawal Under False Pretenses

79. In 2021, Plaintiff's retained counsel filed a Motion to Withdraw as Attorney of Record, citing the suspension of Plaintiff's entity as the reason. **(Exhibit 14)**.

80. Counsel claimed that because Plaintiff's entity was suspended, representation could not continue.

81. This rationale was false. The contract at issue in Case No. 18CECG03151 had been signed by Plaintiff **personally** in his individual capacity, not on behalf of any suspended entity. **(Exhibit 15)**.

82. Counsel therefore had no lawful basis to abandon representation on grounds of entity suspension.

83. Withdrawal at that stage left Plaintiff pro se during critical arbitration and trial preparation, depriving him of the benefit of retained counsel and forcing him to navigate the court's defective orders alone.

84. The withdrawal compounded the harm caused by defective minute orders, placing Plaintiff at a further disadvantage and denying him effective access to justice.

## M. State Bar's Failure of Duty

85. Plaintiff filed complaints with the State Bar of California regarding misconduct by Defendants Waters and Abrams. **(Exhibit 16)**.

86. The State Bar, through its officers including Defendants Kristina Charles (Chief Trial Counsel), Louisa Ayrapetyan, and Brandon Stallings (Office of General Counsel), declined to act.

87. These officials had a **non-delegable duty** to review the Fresno County court records when evaluating misconduct complaints.

88. Had they reviewed the records, they would have seen:

a. Repeated unsigned Minute Orders marked "No further order is necessary," violating CCP §§ 581d, 664.5, CRC 3.1312, CRC 3.1590, and FRCP 58(a).

b. The fraudulent MC-050 Substitution of Attorney misrepresenting Abrams as "former attorney of record."

c. Counsel's improper withdrawal under false pretenses.

89. Instead, the State Bar's officers chose not to review the records, and dismissed Plaintiff's complaints without addressing the evidence.

90. The Ninth Circuit has held that the State Bar acts under color of state law when exercising its disciplinary functions. *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995).

91. By refusing to perform a ministerial duty and thereby ratifying fraud, the State Bar and its officers deprived Plaintiff — and by precedent, all litigants — of due process guaranteed by the Fourteenth Amendment.

92. Immunity cannot extend to failures of ministerial duty. To claim immunity here would require fabrication of records, further compounding fraud.

**N. Declaration of Alex A. Graft**

93. On or about [date], attorney Alex A. Graft filed a sworn declaration in support of Defendant Waters. **(Exhibit 17).**

94. In his declaration, Graft asserted that the use of MC-050 was merely an "error" — misuse of the wrong form — rather than fraud.

95. Graft further declared that, in his personal knowledge, no fraud had been committed.

96. This declaration is irreconcilable with the Fresno records. The record shows:

a. Abrams had never appeared as attorney of record, yet was listed as "former attorney of record" in MC-050.

b. Waters was the only attorney of record before January 12, 2022.

c. CRC 1.21 requires a Change of Firm notice, not substitution, where counsel continues representation under a different firm.

d.  Misrepresentation on MC-050 violates Bus. & Prof. Code § 6068(d).

97. Fraud on the court cannot be excused as error. The Supreme Court held in *Hazel-Atlas*, 322 U.S. at 246, that fraud on the court "is a wrong against the institutions set up to protect and safeguard the public."

98. The Ninth Circuit in *Stonehill*, 660 F.3d at 443–44, held that fraud on the court is misconduct "that harms the integrity of the judicial process" and cannot be tolerated.

99. By testifying that these defects were mere "error," Graft placed his professional reputation behind a false narrative.

100. If Graft did not review the records, then his sworn statement was reckless. If he did review it, then his sworn statement was knowingly false. In either case, the declaration ratified misconduct and perpetuated systemic failures.

101. Graft's declaration exemplifies a culture of blind reliance on judicial systems that, in this case, were visibly defective. Such culture cannot excuse statutory violations or deprive litigants of constitutional rights.

**O.  Wrap-Up of Factual Allegations**

102. Taken together, the Fresno Superior Court's repeated issuance of unsigned Minute Orders, the fraudulent MC-050 substitution, Plaintiff's abandonment by counsel under false pretenses, the State Bar's refusal to review the records, and Graft's sworn declaration of "mere error" constitute a systemic collapse of due process.

103. Plaintiff was denied a final, appealable judgment; denied effective counsel; misled by fraudulent filings; and refused redress by the very regulatory body tasked with protecting the public.

104. These failures are not unique to Plaintiff. If left uncorrected, they will recur in future cases, depriving the public at large of due process.

105. Plaintiff is therefore entitled to relief under federal and state law, as alleged below.

106. The following audit summarizes each Defendant's mandatory duties under statute, rule, or

107. professional obligation, and how those duties were breached:

**SECOND AMENDED COMPLAINT**

a. Craig C.O. Waters: Duty of candor (Bus. & Prof. Code § 6068(d)); duty to file correct substitution paperwork (CRC 1.21). Breach: filed fraudulent MC-050 misrepresenting attorney history, concealing his sole role, and corrupting the docket.

b. Robert Abrams: Duty as supervising attorney and signer of MC-050. Breach: ratified false substitution, despite knowing he had never appeared as counsel of record.

c. Fresno Superior Court (through its officers): Duty to issue signed judgments (CCP §§ 581d, 664.5; CRC 3.1312, 3.1590; FRCP 58). Breach: repeatedly issued unsigned minute orders marked "No further order is necessary," foreclosing appellate review.

d. Kristina Charles, Louisa Ayrapetyan, Brandon Stallings: Duty as State Bar officials to review records when evaluating misconduct (Hirsh v. Justices, 67 F.3d 708, 715 (9th Cir. 1995)). Breach: refused to review or act on public record evidence, ratifying fraud.

e. State Bar of California: Non-delegable statutory duty to protect the public (Bus. & Prof. Code §§ 6001, 6068). Breach: dismissed Plaintiff's complaints without reviewing the Fresno court record.

f. Alex A. Graft: Duty of candor to the tribunal (CRPC 3.3). Breach: declared under oath that the MC-050 was a "mere error," minimizing fraud and providing sworn statements irreconcilable with the record.

107. This audit underscores that Plaintiff's injuries were not isolated mistakes but the result of serial breaches by attorneys, court officials, and regulatory officers — each of whom failed to perform duties that were ministerial and non-discretionary. Collectively, these failures demonstrate systemic denial of due process.

## V. QUESTIONS OF LAW

108. Whether unsigned "Minute Orders" stating *"No further order is necessary"* constitute final judgments under **CCP §§ 581d, 664.5**, **CRC 3.1312, 3.1590**, and **FRCP 58(a)**, when precedent holds that unsigned orders are legally ineffective. (*Alan v. Honda*, 40 Cal.4th 894 (2007); *Muller v. Fresno Community Hospital*, 172 Cal.App.4th 887 (2009); *Bankers Trust Co. v. Mallis*, 435 U.S. 381 (1978)).

109. Whether the filing of Judicial Council Form MC-050 by Defendants Waters and Abrams — listing Abrams as "former attorney of record" despite his never having appeared — constitutes fraud on the court under *Hazel-Atlas*, 322 U.S. at 246, and *Stonehill*, 660 F.3d at 443–44. Whether Abrams, as a senior attorney supervising Waters, knew or should have known that MC-050 was false where only CRC 1.21 Change of Firm procedures applied, and whether his signature renders the fraud deliberate.

110. Whether sworn testimony by attorney Alex A. Graft, characterizing fraud as "mere error," can excuse conduct that violates statutory mandates and binding precedent.

111. Whether the State Bar of California and its officers can claim immunity when they failed to perform a non-delegable duty to review public records in response to misconduct complaints, thereby ratifying fraud. (*Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708 (9th Cir. 1995)).

112. Whether Plaintiff, denied a final judgment, appellate review, and honest representation, was deprived of due process guaranteed by the Fourteenth Amendment. (*Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982)).

## VI. CAUSES OF ACTION

### COUNT 1 – Violation of 42 U.S.C. § 1983 (Due Process)
*(Against Waters, Abrams, State Bar Officials, and State Bar)*

**Elements:**

113. (1) Defendant acted under color of law

114. (2) Plaintiff was deprived of a right secured by the Constitution. (*West v. Atkins*, 487

U.S. 42, 48 (1988)).

**Authorities:**

115. Fourteenth Amendment guarantees due process.

116. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422 (1982) – due process violated where state procedures deprive litigant of rights.

117. *Alan v. Honda*, 40 Cal.4th 894 (2007) – unsigned minute orders not judgments.

118. *Bankers Trust v. Mallis*, 435 U.S. 381 (1978) – FRCP 58 separate-document rule must be enforced.

**Application:**

119. The Fresno Superior Court issued only unsigned Minute Orders marked "No further order is necessary" (**¶¶23–54; Exhibits 6–12**)

120. These orders deprived Plaintiff of appeal rights and a final judgment.

121. Waters and Abrams exploited these defects by failing to seek correction (**¶¶25–30, 36–40**)

122. The State Bar and its officers ratified the defects by refusing to review the record (**¶¶85–91**).

**Conclusion:**

123. Defendants, acting under color of law and through the authority of court filings and disciplinary powers, deprived Plaintiff of due process in violation of § 1983.

**COUNT 2 – Violation of 42 U.S.C. § 1985(2) and (3) (Conspiracy to Interfere with Civil Rights)**
*(Against Waters, Abrams, Graft)*

**Elements:**

124. (1) A conspiracy;

125. (2) Intent to deprive equal protection or obstruct justice;

126. (3) An overt act;

127. (4) Resulting injury. (*Griffin v. Breckenridge*, 403 U.S. 88, 102–03 (1971)).

**Authorities:**

128. *Griffin*, supra – conspiracy requires concerted action.

129. *Stonehill*, 660 F.3d at 443–44 – fraud undermining judicial process is actionable.

**Application:**

130. Waters and Abrams conspired by filing fraudulent MC-050, falsely listing Abrams as "former attorney of record" (¶¶67–74; Exhibit 13).

131. Abrams ratified the fraud by signing despite knowledge.

132. Graft furthered the conspiracy by swearing the fraud was "mere error" (¶¶93–101; Exhibit 17).

133. The overt acts were the filing of MC-050 and the declaration.

134. Plaintiff was injured by loss of appellate rights and denial of due process.

**Conclusion:**

135. Defendants engaged in a conspiracy to obstruct justice and deprive Plaintiff of rights, in violation of § 1985.

**COUNT 3 – Fraud on the Court**
*(Against Waters and Abrams)*

**Elements:**

136. (1) False statement or deception;

137. (2) Intent to deceive;

138. (3) Success in misleading the court;

139. (4) Prejudice to an opposing party.

**Authorities:**

140. *Hazel-Atlas*, 322 U.S. at 246 – fraud on the court defiles judicial machinery.

141. *Stonehill*, 660 F.3d at 443–44 – includes attorney misconduct.

**Application:**

142. Waters filed MC-050 misrepresenting Abrams as former attorney of record (¶¶67–74).

143. Abrams knowingly signed the false document.

144. The court docket was altered, misleading the court and public.

145. Plaintiff was prejudiced: his record was corrupted, undermining his claims and appeals.

**Conclusion:**

18
**SECOND AMENDED COMPLAINT**

146. Fraud on the court occurred; proceedings after January 12, 2022, are void.

## COUNT 4 – Negligence Per Se
*(Against Waters, Abrams, and State Bar Officials)*

**Elements:**

147. (1) Defendant violated a statute, ordinance, or regulation;

148. (2) The violation proximately caused injury;

149. (3) The injury was of the type the statute was designed to prevent;

150. (4) Plaintiff was within the protected class. (Evid. Code § 669).

**Authorities:**

151. CCP § 581d – requires judgments to be signed and filed.

152. CCP § 664.5 – requires judgments to be entered and served.

153. CRC 3.1312 – requires signed orders on motion rulings.

154. CRC 3.1590 – requires statements of decision.

155. FRCP 58(a) – requires separate signed judgments.

156. *Alan v. Honda*, 40 Cal.4th 894 (2007) – unsigned orders not judgments.

**Application:**

157. Waters and Abrams failed to comply with mandatory statutes when they accepted unsigned orders (¶¶23–54).

158. Abrams compounded the harm by signing a false MC-050 (¶¶67–74).

159. State Bar officials failed to enforce statutory duties by refusing to review these violations despite public record evidence (¶¶85–91).

160. Plaintiff's injury — denial of final judgment, appellate review, and due process — is exactly the type of harm these statutes are designed to prevent.

**Conclusion:**

161. Defendants' violations of mandatory statutes constitute negligence per se, directly causing Plaintiff's injury.

## COUNT 5 – Violation of 42 U.S.C. § 1983 (Failure of Non-Delegable Duty)

*(Against State Bar of California, Charles, Ayrapetyan, Stallings)*

**Elements:**

162. (1) Defendant acted under color of law;

163. (2) Defendant had a non-discretionary duty;

164. (3) Defendant failed to perform the duty;

165. (4) Plaintiff was deprived of rights.

**Authorities:**

166. *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) – State Bar acts under color of law.

167. Cal. Bus. & Prof. Code § 6068 – duties of attorneys include truthfulness and record review.

168. *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982) – failure of state procedures deprives due process.

**Application:**

169. Plaintiff's complaints placed the State Bar on notice of public record misconduct (**¶¶85–88**).

170. Bar officials Charles, Ayrapetyan, and Stallings failed to review the record.

171. By failing to act, they ratified fraud and systemic denial of due process.

172. This deprived Plaintiff of constitutional rights and shielded Waters and Abrams from accountability.

**Conclusion:**

173 State Bar officials, acting under color of state law, failed their non-delegable duty and deprived Plaintiff of due process, in violation of § 1983.

### COUNT 6 – Intentional Infliction of Emotional Distress (IIED)
*(Against Waters and Abrams)*

**Elements:**

174. (1) Extreme and outrageous conduct;

175. (2) Intent to cause, or reckless disregard of probability of causing, emotional distress;

176. (3) Severe emotional suffering;

**SECOND AMENDED COMPLAINT**

177. (4) Causation.

**Authorities:**

178. *Hughes v. Pair*, 46 Cal.4th 1035, 1050 (2009) – defines outrageous conduct.

179. *Hazel-Atlas*, 322 U.S. at 246 – fraud on the court defiles the system.

**Application:**

180. Waters filed a fraudulent MC-050, misrepresenting attorney history (**¶¶67–74**).

181. Abrams knowingly signed the false substitution.

182. Plaintiff, abandoned by counsel and trapped in a system of defective orders, endured severe

emotional distress, including anxiety, loss of confidence in legal remedies, and reputational

harm.

183. Defendants' conduct was outrageous because it undermined not only Plaintiff's case but the

very judicial process.

**Conclusion:**

184. Waters and Abrams are liable for IIED.

## VII. RESERVATION OF CLAIMS

185. Plaintiff reserves the right to pursue legal malpractice against his former retained

counsel who withdrew under false pretenses once discovery confirms all facts.

186. Plaintiff reserves the right to pursue malicious prosecution claims against Waters and

Abrams based on their misuse of MC-050 and perpetuation of defective proceedings.

## VIII. DAMAGES

187. As a direct result of Defendants' conduct, Plaintiff suffered:

    a. Loss of due process rights;

    b. Denial of appellate review;

    c. Severe emotional distress;

    d. Financial costs from prolonged litigation.

188. Plaintiff seeks compensatory and punitive damages against Waters and Abrams;

compensatory damages against the State Bar officials in their individual capacities; and declaratory and injunctive relief against the State Bar in its official capacity.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1. **Declaratory Relief** under 28 U.S.C. §§ 2201–2202: declaring that the Fresno Superior Court's unsigned Minute Orders do not constitute final judgments.

2. **Order Reopening Fresno Superior Court**: directing Fresno Superior Court to permit Plaintiff to file his Motion for Judgment on the First Amended Complaint.

3. **Injunctive Relief** under *Ex parte Young*: compelling the State Bar of California to review the Fresno records and enforce its duties.

4. **Damages**: awarding compensatory damages in an amount according to proof against Waters and Abrams.

5. **Punitive Damages**: awarding punitive damages against Waters and Abrams for fraud on the court and IIED.

6. **Attorneys' Fees**: awarding fees under 42 U.S.C. § 1988.

7. **Reservation of Rights**: preserving Plaintiff's right to sue for malpractice and malicious prosecution.

8. Such other relief as the Court deems just and proper.

## X. JURY DEMAND

189. Plaintiff demands trial by jury on all issues so triable.

## XI. EXHIBIT INDEX

190. **Exhibit 1** – Original Complaint filed in Fresno County Superior Court, Case No. 18CECG03151 (2018).

191. **Exhibit 2** – First Amended Complaint filed April 20, 2023

192. **Exhibit 3** – Second Amended Complaint filed August 14, 2023.

193. **Exhibit 4** – Defendant's Answer.

**SECOND AMENDED COMPLAINT**

194. **Exhibit 5** – First Amended Answer filed in 2023.

195. **Exhibit 6** – August 8, 2023 Fresno Superior Court Minute Order stating: *"Tentative ruling adopted. No further order is necessary. The clerk is directed to give notice."*

196. **Exhibit 7** – September 21, 2023 Fresno Superior Court Minute Order stating: *"No further order is necessary."*

197. **Exhibit 8** – March 19, 2024 Fresno Superior Court Minute Order stating: *"No further order is necessary."*

198. **Exhibit 9** – June 26, 2024 Fresno Superior Court Minute Order stating: *"Tentative ruling adopted. No further order is necessary."*

199. **Exhibit 10** – September 21, 2023 Fresno Superior Court Minute Order stating: *"Tentative ruling adopted. No further order is necessary. No statement of decision will issue."*

200. **Exhibit 11** – March 19, 2024 Fresno Superior Court Minute Order stating: *"The Court takes the matter under submission. No further order is necessary."*

201. **Exhibit 12** – March 19, 2024 Fresno Superior Court Minute Order (Case Management Conference) stating: *"Case management conference held. No further order is necessary."*

202. **Exhibit 13** – Substitution of Attorney (MC-050) filed January 12, 2022, falsely naming Robert Abrams as "former attorney of record."

203. **Exhibit 14** – Motion to Withdraw filed by Plaintiff's prior counsel in 2021, citing entity suspension.

204. **Exhibit 15** – Contract signed by Plaintiff personally, showing representation was in his individual capacity.

205. **Exhibit 16** – State Bar of California correspondence declining to act on Plaintiff's complaints.

206. **Exhibit 17** – Declaration of Alex A. Graft, characterizing the fraudulent MC-050 filing as "mere error."

**SECOND AMENDED COMPLAINT**

## XII. VERIFICATION

I, Paul Singer, am the Plaintiff in this action. I have read the foregoing Second Amended Complaint and know the contents thereof. The factual allegations contained therein are true of my own knowledge, except as to those matters stated on information and belief, and as to those matters, I believe them to be true.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on _September 2_ ,2025, at Fresno, California.

**Paul Singer, Plaintiff**
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**SECOND AMENDED COMPLAINT**

# EXHIBIT 1

# Description:

Original Complaint filed in Fresno County Superior
Court, Case No. 18CECG03151 (2018)

JIM A. TREVINO, SBN 237795
Law Office of Jim A. Trevino
700 E. Shaw Ave., Ste. 202
Fresno, California 93710
Telephone: (559) 579-1333
Facsimile: (559) 579-1343
trevinolaw@aol.com

Attorney for Plaintiffs

**E-FILED**
**8/23/2018 3:45 PM**
FRESNO COUNTY SUPERIOR COURT
By: S. Zavala, Deputy

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF FRESNO

## UNLIMITED CIVIL DIVISION

PAUL SINGER, an individual, and
BENCHMARK LOGIC REAL ESTATE
INVESTING AND COSULTING, LLC, a
California Limited Liability Company,

        Plaintiffs,

v.

BRIAN WELDON, an individual; FREEDOM
INVESTMENTS, LLC, a California Limited
Liability Company; and DOES 1 through 50,
inclusive,

        Defendants.

Case No: **18CECG03151**

**COMPLAINT FOR BREACH OF
CONTRACT; BREACH OF THE
COVANENT OF GOOD FAITH
AND FAIR DEALING; COMMON
COUNTS; CONVERSION;
INTENTIONAL
MISREPRESENTATION;
NEGLIGNENT
MISREPRESENTATION UNJUST
ENRICHMENT; ALTER EGO
LIABILITY AND DAMAGES**

        Plaintiffs, PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE

INVESTING AND COSULTING, LLC, a California Limited Liability Company allege:

### PRELIMINARY ALLEGATIONS

1.    Plaintiff, PAUL SINGER is, and at all times herein mentioned was, an individual and

resident of Fresno County, California.

2.    Plaintiff, BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING,

LLC, is a California Limited Liability Company doing business in Fresno County, California.

26

3.      Defendant, BRIAN WELDON, is, at all times herein mentioned, an individual and resident of Fresno County, California.  Plaintiff further alleges that Defendant, BRIAN WELDON, is, and at all times mentioned was, an owner, manager, and/or officer and shareholder of Defendant FREEDOM INVESTMENTS, LLC, and is the individual who personally committed the acts alleged in this action. Plaintiff further alleges that at all times herein mentioned BRIAN WELDON held himself out to be a general contractor duly licensed with the State of California, Department of Consumer Affairs, Contractors State License Board.

4.      Defendant FREEDOM INVESTMENTS, LLC, on information and belief, is a California Limited Liability Company duly formed and licensed in the State of California and authorized to conduct and is doing business in State of California.  Plaintiffs further allege that Defendant FREESOM INVESTMENTS, LLC is the alter ego of defendant BRIAN WELDON and DOES 1 through 50.

5.      Plaintiffs are unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 50, and sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474.  Plaintiff will amend this complaint to show the true names and capacities of said DOE defendants once ascertained.

6.      Plaintiffs are informed and believes, and based on that information and belief allege, that each of the defendants designated as a DOE is negligently, recklessly, wantonly, intentionally, or otherwise legally responsible for the events, happenings, and resultant harm referred to in this complaint, and negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

7.      Plaintiffs allege that at all times mentioned in this complaint, each of the defendants were the agents and employees of the other defendants, and in doing the things alleged in this complaint, and said defendants were acting within the course, scope, permission, authorization, and authority of their agency and employment, and each acted with the ratification, consent, acquiescence, and permission of the others.  Each defendant, when acting as a principal, was negligent in the hiring, and supervision of each other defendant, who was an agent or employee for the other defendants.

8.      Defendant BRIAN WELDON (hereinafter WELDON) is liable for the acts of Defendant, FREEDOM INVESTMENTS, LLC, (hereinafter FREEDOM) as alleged in this complaint is the alter ego of the individual Defendant.  Recognition of the privilege of the separate existence of

Defendant FREEDOM, would promote injustice because, among other actions, this natural Defendant have in bad faith dominated and controlled Defendant FREEDOM, in a manner which the unity of interest in ownership between Defendant WELDON and Defendant FREEDOM that creates a separateness between said defendants and defendant corporation has ceased and would promote injustice and fraud as follows, which includes but is not limited to:

    a.    Defendant WELDON is the owner, manager, and controlling officer for Defendant FREEDOM, and has disregarded the corporate status of this entity, treating the property and assets of this entity as his own personal property;

    b.    Defendant WELDON commingled funds and other assets of Defendant FREEDOM with his funds and other assets for his own convenience;

    c.    Defendant WELDON used funds and other assets of Defendant FREEDOM, to other than corporate uses;

    d.    Defendant WELDON treated the assets of the Defendant FREEDOM, as his own;

    e.    Defendant WELDON used Defendant FREEDOM, as a mere shell, instrumentality, or conduit for his own purpose.

    f.    Defendant WELDON substantially owns all of the shares of Defendant FREEDOM;

    g.    Defendant FREEDOM, is, and at all times herein mentioned was, a mere shell and sham without adequate capital, assets, stock, stockholders, and/or members, conceived, intended and used by Defendant WELDON as a mere conduit to avoid individual liability and for the purpose of substituting a financially insolvent entities in the place of his personal liability;

    h.    At no time after Defendant FREEDOM, was formed did it have any members and/or managing members;

    i.    At no time after the defendant FREEDOM, was formed did it ever legally form a legal business entity or issue any shares, membership interests or ownership interests;

    j.    Defendant WELDON has withdrawn funds from the accounts of Defendant FREEDOM and/or used real and/or personal property belonging to Defendant FREEDOM for his personal use;

k.    Defendants WELDON completely control, dominate, manage and has operated Defendant FREEDOM and intermingle the assets of the Defendant TAHOE to suit the convenience and whim of Defendant WELDON, including but not limited to transferring without adequate consideration; and

l.    Defendant FREEDOM is a mere shells, conduit and instrumentality through, which Defendant WELDON carries on business and has conducted business in the past ignoring the corporate existence and form of Defendant FREEDOM. Defendant WELDON exercised complete control and dominance of Defendant FREEDOM to such an extent that any individuality or separateness of by and between Defendant FREEDOM and Defendant WELDON does not exist.

## FACTUAL ALLEGATIONS

10.    Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations as if fully set forth herein.

11.    On or about July 18, 2015, in Fresno County, California, Plaintiff PAUL SINGER and Defendant WELDON entered into a verbal agreement to purchase and rehabilitate real property located at 3549 E. Douglas Avenue, Visalia, California and legally described as follows:

PARCEL NO. 1 OF PARCEL MAP 3432, IN THE CITY OF VISALIA, COUNTY OF TULARE, STATE OF CALIFORNIA, AS PER MAP RECOREDED IN BOOK 35, PAGE 34, OF MAPES IN THE OFFICE OF THE COUNTY RECOREDER OF SAID COUNTY

Hereinafter referred to as the Douglas Property.

12.    Pursuant to the agreement Defendants WELDON and/or FREEDOM agreed to purchase the Douglas Property and provide all necessary funds for materials, supplies, permits, and subcontractor fees and Plaintiffs SINGER and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC (hereinafter Plaintiffs) agreed to oversee the Douglas Property renovations, provide labor to perform all renovations and hire all subcontractors. The parties further agreed that upon the sale of the Douglas Property any and all profits would be disbursed as follows: forty-five percent (45%) to Plaintiffs and fifty-five percent (55%) to Defendants WELDON and/or FREEDOM. In addition, the parties agreed that Plaintiff SINGER would be compensated for his labor at the rate of $15.00 per hour.

29

13.    On or about May 7, 2016, the verbal contract terms (set forth above) were reduced to writing and signed by each party.  Although the written contract was signed on May 7, 2016 the effective date of the written contract was July 18, 2015 (a true and correct copy of the written contract is attached hereto as Exhibit "A" and incorporated herein by reference).

13.    On or about July 23, 2015 Defendants WELDON and/or FREEDOM purchased the Douglas Property and thereafter Plaintiffs began construction to rehabilitate the property. Plaintiffs concluded their labor and other services pursuant to the contract in November 2016 and expended total hours of 3,320.  At the conclusion of Plaintiffs labor and other services, the total amount due and owing to Plaintiffs was $49,800.00.

14.    During the rehabilitation of the Douglas Property, Plaintiffs, on information and belief, were aware of offers to purchase the property for the sum of $367,000.00. Plaintiffs are further informed, and thereon believe, the offers were conveyed to Defendants WELDON and/or FREEDOM.

15.    Plaintiffs are informed and thereon believe, on or after April 28, 2017, Defendants WELDON and/or FREEDOM sold the Douglas Property, for an unknown amount and refused to disclose any information regarding the sale to Plaintiffs.  In addition, Plaintiffs are informed and thereon believe that escrow for the Douglas Property has closed and the sales profit were paid to Defendant WELDON and/or FREEDOM in an unknown amount.

16.    Plaintiffs have made demand on Defendants WELDON and FREEDOM for the payment of Plaintiffs wages due for labor services and for Plaintiffs' forty-five percent (45%) of the sales profit.  As of the date of this complaint no sums have been paid to Plaintiffs.

### FIRST CAUSE OF ACTION
### (Breach of Contract as to all Defendants)

15.    Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations and paragraphs 10 through 15 of the Factual Allegations as if fully set forth herein.

16.    Pursuant to the written contract, Plaintiffs performed the work and labor for, and furnished all necessary services used or consumed in and which were actually used or consumed in the work of improvement, and performed all other conditions, covenants, and promises under the contract, on their part to be performed.

17.    Plaintiffs have performed all other conditions, covenants, and promises under the contract, on their part.

18.     Although demand has been made since the close of escrow for the Douglas Property no part of the contract price for the labor and services has been paid and the sum of $49,800.00 is still due and owing to Plaintiffs.  In addition not part of the forty-five percent (45%) of the sales profits have been paid to Plaintiffs and the sum in excess of $25,000.00 and/or an amount according to proof is still due and owing to Plaintiffs.

19.     As a direct and proximate result of the Defendants WELDON and FREEDOMS breach of contract as alleged above Plaintiffs have been damaged in an amount in excess of $74,800.00, and/or according to proof.

**SECOND CAUSE OF ACTION**
**(Breach of Covenant of Good Faith and Fair Dealing as to all Defendants)**

20.     Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; and paragraphs 16 through 19 of the First Cause of Action as if fully set forth herein.

21.     California law implies a covenant of good faith and fair dealing in all contracts between parities entered into in the State of California.

22.     As a result of the actions of Defendants WELDON and FREEDOM, as alleged above, said Defendants, and each of them, have violated the implied covenant of good fair and fair dealing contained in the written agreement as alleged above.

23.     As a direct, legal and proximate result of the breach of the implied covenant of good faith and fair dealing by Defendants WELDON and FREEDOM, Plaintiffs have been denied the benefits of the written agreements as alleged herein, all to Plaintiffs damages in excess $74,800.00 and according to proof.

**THIRD CAUSE OF ACTION**
**(Common Counts for Work, Labor or Services Preformed as to all Defendants)**

24.     Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; and paragraphs 10 through 15 of the Factual Allegations as if fully set forth herein.

25.     Plaintiffs alleges that Defendants WELDON and/or FREEDOM became indebted to Plaintiffs within the last two years for work, labor or services rendered at the special insistence and request of said Defendants and for which Defendants, and each of them, agreed to pay Plaintiffs the sum of $49,800.00 and/or according to proof.

26.     Plaintiffs allege the sum of $49,800.00 and/or according to proof, which is the reasonable value, is due and unpaid despite Plaintiffs demands.

27.     As a direct and proximate result of the Defendants WELDON and FREEDOMS failure to pay Plaintiff for their work, labor and/or services performed, as alleged above, Plaintiffs have been damaged in an amount in excess of $49,800.00, and/or according to proof.

**FOURTH CAUSE OF ACTION**
**(Conversion as to all Defendants)**

28.     Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action; and paragraphs 21 and 22 of the Second Cause of Action as if fully set forth herein.

29.     At all times herein mentioned, and in particular on or after April 18, 2017, Plaintiffs were and still is, the owner and was, and still is, entitled to the possession of funds which consisted of compensation for labor and/or service and forty-five percent (45%) of the Douglas Property sales profits.

30.     On or about April 18, 2017, and at Clovis, Fresno County, California, the property described above had a value in excess of $74,800.00 and/or according to proof.

31.     On or about April 18, 2017, Defendants WELDON and/or FREEDOM took the property described above from Plaintiff's possession and converted the same to their own use.

32.     As a proximate result of the Defendants WELDON and FREEDOM's conduct as alleged above, Plaintiffs have suffered economic damages in the amount in excess of $74,800.00 and according to proof.

33.     As an additional direct and natural result of the conduct of Defendants WELDON and FREEDOM, and each of their acts and conduct as alleged above, they have been guilty of oppression and malice as defined by section 3492 of the Civil Code, and has displayed a callous and reckless disregard to the Plaintiffs' rights, thereby entitling Plaintiffs to an award of punitive damages, to be assessed against the Defendants, and each of them, in an amount sufficient to deter such conduct and behavior in the future and according to proof.

**FIFTH CAUSE OF ACTION**
**(Intentional Misrepresentation as to all Defendants)**

34.     Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action;

7
COMPLAINT FOR BREACH OF CONTRACT, et.al.

1  and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third

2  Cause of Action; and paragraphs 29 through 33 of the Fourth Cause of Action as if fully set forth

3  herein.

4  35.     On or about July 18, 2015, Defendants WELDON and FREEDOM made the following

5  representation to the Plaintiffs: Defendants WELDON and/or FREEDOM would compensate

6  Plaintiffs at the rate of $15.00 per hour for Plaintiffs work, labor and/or services for the

   rehabilitation of the Douglas Property; upon the sale of the Douglas Property any and all profits

7  would be disbursed as follows: forty-five percent (45%) to Plaintiff BENCMARK and fifty-five

8  percent (55%) to Defendants WELDON and/or FREEDOM; and Defendants WELDON and/or

9  FREEDOM would use their best efforts to market and sell the Douglas Property in order to

10 obtain the maximum profits.

11 36.     The representations made by the Defendants WELDON and FREEDOM were in fact

12 false. The true facts were Defendants WELDON and FREEDOM did not intend to pay Plaintiffs

13 for the work labor and/or services preformed nor did said Defendants intend to pay Plaintiffs

14 their forty-five percent (45%) share of the Douglas Property sales proceeds and intended to keep

15 all the profits.

16 37.     When Defendants WELDON and FREEDOM made these representations, they knew

17 them to be false and made these representations with the intention to deceive and defraud the

   Plaintiff sand to induce the Plaintiffs to act in reliance on these representations in the manner

18 hereafter alleged, or with the expectation that the plaintiffs would so act.

19 38.     Plaintiff, at the time these representations were made by Defendants WELDON and

20 FREEDOM, and at the time the Plaintiffs took the actions herein alleged, was ignorant of the

21 falsity of the Defendants' representations and believed them to be true. In reliance on these

22 representations, Plaintiffs were induced to and did enter into the agreement to provide their work,

23 labor and service to rehabilitate and renovate the Douglas Property. Had the Plaintiffs known the

24 actual facts, they would not have taken such action. Plaintiffs' reliance on the Defendants'

25 representations was justified because the parties entered into a contractual relationship and there

26 was no reason to doubt the word of Defendants WELDON and FREEDOM.

27 39.     As a proximate result of the fraudulent conduct of Defendants WELDON and

   FREEDOM as herein alleged, Plaintiffs did provide work, labor and/or services for which they

28 have not been compensated in the amount in excess of $74,800.00 and/or according to proof,

which includes Plaintiffs forty-five percent (45%) share of the Douglas Property sales profits and thereby suffered damages in said amount.

40.    The aforementioned conduct of Defendants WELDON and FREEDOM were intentional misrepresentations, deceit, or concealment of a material fact known to said Defendants with the intention on the part of said Defendants of thereby depriving the Plaintiffs of property or legal rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiffs to a cruel and unjust hardship in conscious disregard of the Plaintiffs' rights, so as to justify an award of exemplary and punitive damages.

### SIXTH CAUSE OF ACTION
### (Negligent Misrepresentation as to all Defendants)

41.    Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action; and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third Cause of Action; paragraphs 29 through 33 of the Fourth Cause of Action; and paragraphs 35 and 36 of the Fifth Cause of Action as if fully set forth herein.

42.    When Defendants WELDON and FREEDOM made these representations, they had no reasonable ground for believing them to be true in that, said Defendants did not have the financial means to pay Plaintiffs.

43.    Defendants WELDON and FREEDOM made these representations with the intention of inducing the Plaintiffs to act in reliance on these representations in the manner as alleged in Paragraph 38, which is hereby incorporated herein by reference as fully set forth herein, or with the expectation that the Plaintiffs would so act.

44.    As a proximate result of the negligent conduct of Defendants WELDON and FREEDOM as herein alleged, Plaintiffs did provide work, labor and/or services for which they have not been compensated in the amount in excess of $74,800.00 and/or according to proof, which includes Plaintiffs forty-five percent (45%) share of the Douglas Property sales profits and thereby suffered damages in said amount.

### SEVENTH CAUSE OF ACTION
### (Unjust Enrichment Based Upon Fraud as to all Defendants)

45.    Plaintiffs realleges paragraphs 1 through 9 of the Preliminary Allegations; paragraphs 10 through 15 of the Factual Allegations; paragraphs 16 through 19 of the First Cause of Action;

34

and paragraphs 21 and 22 of the Second Cause of Action; paragraphs 25 through 27 of the Third Cause of Action; paragraphs 29 through 33 of the Fourth Cause of Action; and paragraphs 35 through 39 of the Fifth Cause of Action; and paragraphs 42 through 44 of the Sixth Cause of Action as if fully set forth herein.

33.     On or about April 15, 2016, Plaintiffs for the benefit of Defendants WELDON and FREEDOM provided work, labor and/or services related to the rehabilitation and renovation of the Douglas Property in anticipation of being compensated in the sum of in excess of $79,000.00 and/or according to proof. Defendants WELDON and FREEDOM have unjustly retained this benefit at Plaintiffs' expense.

34.     Plaintiffs' has suffered substantial harm and injury based upon Defendants WELDON and FREEDOM's acts of failing to pay Plaintiffs.

35.     As a proximate result of the conduct of Defendants WELDON and FREEDOM, as herein alleged, Plaintiffs have been deprived of the sum of in excess of $74,800 and according to proof and thereby suffered damages in said amount.

WHEREFORE, Plaintiffs pray for the following judgment:

FOR THE FIRST, SECOND, SIXTH AND SEVENTH CAUSES OF ACTION

1.     For damages in excess of $74,800.00 and/or according to proof;

FOR THE THIRD CAUSE OF ACTION

2.     For damages in excess of $49,800 and/or according to proof;

FOR THE FOURTH AND FIFTH CAUSES OF ACTION

3.     For damages in excess of $74,800.00 and/or according to proof; and

4.     For punitive damages in the sum according to proof; and

FOR ALL CAUSE OF ACTION

6.     For attorney's fees and costs incurred herein; and

7.     For that other and further relief, both legal and equitable, that this Court deems proper and just in the premises.

Dated:                                   _____
                                         JIM A. TREVINO, Attorney for Plaintiffs

This Contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC, (BLREIC,Inc.) ("First Party"), and Brian Weldon of Freedom Investments, LLC, ("Second Party"). The term of this Agreement shall begin on [July 18, 2015] and shall continue through to the sale and the distribution of the agreed upon percentage of profit.

The specific terms of this Contract are as follows:

1. Brian Weldon of Freedom Investments, LLC, shall purchase the real property located at 3549 E. Douglas Ave., Visalia, CA of Tulare County, APN: 103-306-029-000, PARCEL 1 OF PARCEL MAP 3432 PM 35-34, from here to be referred to as the "Douglas House", and provide needed funds for materials, supplies, permits and subcontractor fees.

2. Paul Singer of BLREIC,Inc., shall oversee the renovation and completion of the Douglas House and vet subcontractors for renovations needed.

3. Brian Weldon of Freedom Investment, LLC, shall pay BLREIC,Inc., $15/hour for any labor performed. Labor performed by BLREIC,Inc. shall be performed under Brian Weldon's General Contractor's license.

4. BLREIC,Inc, shall receive 45% of profit from the final sale of the Douglas House.

In consideration of the mutual promises set forth herein, the First Party covenants and agrees that it shall perform rehabilitation of real estate in the partnership.

The Second Party covenants and agrees that it shall oversee and/or perform various aspects of renovations required for this investment partnership.

This Contract may not be modified in any manner unless in writing and signed by both Parties. This document and any attachments hereto constitute the entire agreement between the Parties. This Contract shall be binding upon the Parties, their successors, heirs and assigns and shall be enforced under the laws of the State of California.

_Brian Weldon Mgr_
(Signature)

_Brian Weldon Mgr_
(Printed Name)

_5486 W. Sample_
(Address)

Date: _5-7-_ , 20 16

_Paul V. Singer_ (Signature)

_PAUL V. SINGER_
(Printed Name)

_4928 E. DOUGLAS AVE_
FRESNO (Address) 93727

Date: _5-7_ , 20 16

# EXHIBIT 2

## Description:

First Amended Complaint filed April 20, 2023

1  PAUL SINGER
   4928 E. WASHINGTON AVENUE
2  FRESNO, CALFORNIA 93
   PHONE: (559)871-6400
3
4  IN PRO PER

**F I L E D**

APR 2 0 2023

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
                    DEPUTY

5

6                SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

7                          B.F. SISK COURTHOUSE

8  PAUL SINGER , an individual        ) Case Number.: 18CECG03151
                                      )
9                                     ) **FIRST AMENDED COMPLAINT**
              Plaintiff,              )
10                                    ) 1.) BREACH OF CONTRACT;
11  v.                                ) 2.) BREACH OF GOOD FAITH AND
                                      )     FAIR DEALING;
12                                    ) 3.) COMMON COUNTS;
                                      ) 4.) CONVERSION;
13                                    ) 5.) INTENTIONAL MISREPRESENTATION;
    BRIAN WELDON, an individual;      ) 6.) NEGLIGENT MISREPRESENTATION;
14  FREEDOM INVESTMENTS, LLC, a       ) 7.) UNJUST ENRICHMENT ALTER EGO
    California Limited Liability Company; )     LIABILITY AND DAMAGES;
15  CHRISTIAN WELDON, an individual;  )
    And DOES 1 through 75, inclusive, )
16                                    )
              Defendants.             )
17  _____ )

18        Plaintiff, PAUL SINGER, an individual allege:

19                          **PRELIMINARY ALLEGATIONS**

20  1.     Plaintiff, PAUL SINGER is, and at all times herein mentioned, an individual and resident

21  of Fresno County, California.

22  2.     Defendant, BRIAN WELDON, is, and at all times herein mentioned, an individual and

23  resident of Fresno County, California.  Plaintiff further alleges that Defendant, BRIAN

24  WELDON, is, and at all times mentioned was, an owner, manager, and/or officer and

25  shareholder of Defendant FREEDOM INVESTMENTS, LLC, and is the individual who

26  personally committed the acts alleged in this action.  Plaintiff further alleges that at all times

27                                    [1]

28                          **FIRST AMENDED COMPLAINT**

38

herein mentioned BRIAN WELDON held himself out to be a general contractor duly licensed with the State of California, Department of Consumer Affairs, Contractors State License Board.

3.    Defendant FREEDOM INVESTMENTS, LLC, on information and belief, is a California Limited Liability Company duly formed and licensed in the State of California and authorized conduct and is doing business in State of California. Plaintiff further allege that Defendant FREEDOM INVESTMENTS, LLC is the alter ego of defendant BRIAN WELDON and DOES 1 through 50.

4.    Defendant CHRISTIAN WELDON, on information and belief, and is the individual and acting agent of both Defendants BRIAN WELDON and FREEDOM who knowingly facilitate and help committed the acts alleged in this action. Plaintiff further alleges that at all times herein mentioned BRIAN WELDON held himself out to be a general contractor duly licensed with the State of California, Department of Consumer Affairs, Contractors State License Board and is the authority which Defendant CHRISTIAN WELDON (hereinafter "CHRISTIAN") worked under and DOES 51 through 75.

5.    Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise, of defendants DOES 1 through 75, and sues these defendants by such fictitious names pursuant to Code of Civil Procedure section 474. Plaintiff will amend this complaint to show the true names and capacities of said DOE defendant once ascertained.

6.    Plaintiff is informed and believes, and based on that information and belief allege, that each of the defendants designated as a DOE is negligently, recklessly, wantonly, intentionally, or otherwise and negligently or otherwise unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

7.    Plaintiff alleges that at all times mentioned in this complaint, each of the defendants were the agents and employees of the other defendants, and in doing the things alleged in this complaint, and said defendants were acting within the course, scope, permission, authorization,

[2]

**FIRST AMENDED COMPLAINT**

39

1  and authority of their agency and employment, and each acted with the ratification, consent,

2  acquiescence, and permission of the others.  Each defendant, when acting as a principal, was

3  negligent in the hiring, and supervision of each other defendant, who was an agent or employee

4  for the other defendants.

5  8.    Defendants BRIAN WELDON (hereinafter WELDON)  is liable for the acts of

6  Defendant, FREEDOM INVESTMENTS, LLC, (hereinafter FREEDOM) as alleged in this

7  complaint is the alter ego of the individual Defendant WELDON.  Recognition of the privilege

8  of the separate existence of Defendant FREEDOM, would promote injustice because, among

9  other actions, this natural Defendant have in bad faith dominated and controlled Defendant

10  FREEDOM, in a manner which the unity of interest in ownership between Defendant WELDON

11  and Defendant FREEDOM that creates a separateness between said defendants and defendant

12  corporation has ceased and would promote injustice and fraud as follows, which includes but is

13  not limited to:

14
15      a.    Defendant WELDON is the owner, manager and controlling officer for

16            Defendant FREEDOM, and has disregarded the corporate status of this entity,

17            treating the property and assets of this entity as his own personal property;

18      b.    Defendants WELDON and his spouse, CHRISTIAN WELDON (hereinafter

19            CHRISTIAN) commingled funds and other assets of Defendant FREEDOM

20            therewithin their personal owned financial institution WELLS FARGO BANK,

21            N.A. account number: 121042882: 0201445657, whereas Defendant WELDON

22            acting agent for FREEDOM, and Defendant CHRISTIAN acting agent to

23            WELDON,  both used as to their own conveniences;

24      c.    Defendants WELDON and CHRISTIAN  used funds and other assets of

25            Defendant FREEDOM, to  other than corporate uses;

26      d.    Defendant WELDON  treated the assets of the Defendant FREEDOM, as his

27                                    [3]

28                          **FIRST AMENDED COMPLAINT**

1    own;

2    e.    Defendants WELDON and CHRISTIAN used Defendant FREEDOM funds

3    designated for the "Douglas Property" to fund other real properties during the

4    renovation of the "Douglas Property" and has claimed all expenses and cost to

5    those properties was under "Douglas Property" funds

6    e.    Defendant WELDON used Defendant FREEDOM, as a mere shell,

7    instrumentality, or conduit for his own purpose;

8    f.    Defendant WELDON substantially owns all of the shares of Defendant

9    FREEDOM;

10    g.    Defendant FREEDOM never used a separate business bank account to conduct

11    business,  and Defendant WELDON deposited FREEDOM funds in with

12    Defendants WELDON and CHRISTIAN private joint checking bank account.

13    h.    Defendant FREEDOM, is, and at all times herein mentioned was, a mere shell

14    and sham without adequate capital, assets, stock, stockholders, and/or members,

15    conceived, intended and used Defendant WELDON as a mere conduit to avoid

16    individual liability and for the purpose of substituting a financially insolvent

17    insolvent entities in the place of his personal liability;

18    i.    At no time after Defendant FREEDOM, was formed did it have any members

19    and/or managing members;

20    j.    At no time after the Defendant FREEDOM, was formed did it ever legally form a

21    legal business entity or issue any shares, membership interests or ownership

22    interests;

23    k.    Defendants WELDON and CHRISTIAN has withdrawn funds from the accounts

24    of Defendant FREEDOM and/or used real and/or personal property belonging to

25    Defendant FREEDOM for their personal use;

[ 4 ]

**FIRST AMENDED COMPLAINT**

l.   Defendants WELDON and CHRISTIAN used FREEDOM funds deposited in joint bank account to pay personal bills, and to make improvement and renovation purchases associated to Pocket Aces Trust located: 5486 West Sample Road, Fresno, California 93722 and those allocated funds from defendant FREEDOM for "Douglas Property" as associated cost toward real property located: 632 N. 3rd Street, Fresno, California 93702.

m.   Defendant WELDON completely control, dominate, manage and has operated Defendant FREEDOM and intermingle the assets of the Defendant FREEDOM to suit the convenience and whim of Defendant WELDON, including but not limited to transferring without adequate consideration; and

n.   Defendant FREEDOM is a mere shells, conduit and instrumentality though, which Defendant WELDON carries on business and has conducted business in the past ignoring the corporate existence and form of Defendant FREEDOM. Defendant WELDON exercised complete control and dominance of Defendant FREEDOM to such an extent that any individuality or separateness of by and Between Defendant FREEDOM and Defendant WELDOM does not exist.

## FACTUAL ALLEGATIONS

9.   Plaintiff realleges paragraphs 1 through 8 of the Preliminary Allegations as if fully set forth herein.

10.   On or about July 18, 2015, in Fresno County, California, Plaintiff PAUL SINGER and Defendant WELDON entered into a verbal agreement to purchase and rehabilitate real property located at 3549 E. Douglas Avenue, Visalia, California and legally described as follows:

PARCEL NO. 1 OF PARCEL MAP 3432, IN THE CITY OF VISALIA, COUNTY OF TULARE, STATE OF CALIFORNIA, AS PER MAPY RECORDED IN BOOK 35, PAGE 34, OF MAPES IN THE OFFICE OF THE COUNTY RECORDED OF SAID

[5]

**FIRST AMENDED COMPLAINT**

42

COUNTY

Hereinafter will be reference to as the Douglas Property.

11.     Pursuant to the agreement Defendant WELDON and/or FREEDOM agreed to purchase the Douglas Property and provide all necessary funds for material, supplies, permits and subcontractor fees and Plaintiff SINGER (hereinafter Plaintiff) agreed to oversee the Douglas Property renovations, provide labor to preform all renovations and hire all subcontractors. The parties further agreed that upon the sale of the Douglas Property any and all profits would be disbursed as follows:  forth-five percent (45%) to Plaintiff and fifty-five percent (55%) to Defendants WELDON and/or FREEDOM.  In addition, the parties agreed that Plaintiff SINGER would be compensated for his labor at the rate of $15.00 per hour.

12.     On or about May 7, 2016, the verbal contract terms (set forth above) were reduced to writing and signed by each party.  Although the written contract was signed on May 7, 2015 the effective date of the written contract was July 18, 2015 (a true and correct copy of the written contract is attached hereto as Exhibit "A" and incorporated herein by reference).

13.     On or about July 23, 2015 Defendants WELDON and/or FREEDOM purchased the Douglas Property and thereafter Plaintiff began construction to rehabilitate the property. Plaintiff concluded his labor and other services pursuant to the contract in November 2016 and expended total hours of 3,320.  At the conclusion of Plaintiff's labor and other services, the total amount due and owing to Plaintiff is $49,800.00.

14.     During the rehabilitation of the Douglas Property, Plaintiff, on information and belief, were aware of offers to purchase the property for the sum of $367,000.00.  Plaintiff is further informed, and thereon believe, the offers were conveyed to Defendants WELDON and/or FREEDOM.

15.     After serval arguments between Plaintiff  SINGER and Defendants WELDON and/or FREEDOM, Plaintiff SINGER and another investor, MICHEAL GUERENA (hereinafter

[6]

**FIRST AMENDED COMPLAINT**

43

GUERENA) both filed UCC-1 liens with the Secretary of the State of California and Tulare County Recorder as Document Number 0018028 against the property and filed suit to force sale of property Fresno County Superior Court, Case No. 17CECG01737.

16.    Defendant sough preliminary injunctive to force both Plaintiff SINGER and GUERENA's lien to be removed to allow the sale of the property during escrow.

16.    On or about August 1, 2017, during escrow, Defendant WELDON on his own accord offered Plaintiff SINGER a conditional acceptance as a means to a settlement agreement terms to end the lawsuit and to drop Defendant WELDON's counter-complaint as stated as to the following:

> PAUL SINGER'S LIEN CAN BE RELASED AT THE CLOSE OF ESCROW PROVIDED THAT ALL LAWSUITS FROM BRIAN WELDON HAVE BEEN DROPPED AND THERE IS AN AGREEMENT SIGNED BY HIM THAT NO FURTHER ACTION WILL BE TAKEN BY HIM OR HIS AFFILIATES NOW OR EVER AGAINST PAUL SINGER OR HIS AFFILIATES; $38,500 IS TO BE SENT CERFIED CHECK OR POSTAL MONEY ORDER MADE OUT TO PAUL SINGER IN MEMO: FOR COMPENSTATION FOR HIS TIME, AND GIVEN TO BRIAN WELDON'S ATTORNEY (LAW OFFICE OF ROBERT C. ABRAMS 5412 N. PALM AVE, SUITE 101 FRESNO CA 93704).

17.    On or about August 1, 2017 Defendant WELDON and Plaintiff SINGER signed the agreement. (a true and correct copy of the conditional agreement is attached hereto as Exhibit "B" and incorporated herein by reference). MAIN STREET ESCROW own escrow officer, DANA FORSYTHE assisted in facilitating the correspondence emails with the conditional acceptance agreement between both Defendant WELDON and Plaintiff SINGER till it was signed.

18.    Plaintiff SINGER believed the signed agreement would resolve the case and in good faith honor his obligations to dismiss his portion to the case, but Defendant WELDON reneged to perform his obligations once Plaintiff SINGER honor his obligations continue to seek a judgment on his counterclaim against Plaintiff SINGER.

19.    After the closing of escrow, the escrow officer DANA FORSYTHE and Defendant

[7]

**FIRST AMENDED COMPLAINT**

WELDON continued to acknowledge Plaintiff SINGER was to receive $38,500.00 but Defendant WELDON never fulling his obligation to the agreement. (a true and correct copy of email correspondences from DANA FORSYTHE and Defendant WELDON is attached hereto as Exhibit "C" and incorporated herein by reference).

20.     Plaintiff have made demand on Defendant WELDON and FREEDOM for the payment of Plaintiffs wages due for labor services and for Plaintiff's forty-five percent (45%) of the sales profits.   As of the date of this complaint Defendant WELDON has never honor any of said referred agreements stated above, no sums have been paid to Plaintiff and Defendant WELDON conduct has prejudice Plaintiff SINGER to suffer additional financial injury with those cost incurred.

**FIRST CAUSE OF ACTION**
**(Breach of Contract as to all Defendants)**

21.     Plaintiff realleges paragraphs 1 through 8 of the Preliminary Allegations and paragraphs 9 through 20 of the Factual Allegations as if fully set forth herein.

22.     Pursuant to the written contract, Plaintiff performed the work and labor for, and furnished all necessary services used or consumed in and which were actually used or consumed in the work of improvement, and performed all other conditions, covenants, and promises under the contract, on his part to be performed.

23.     Plaintiff have performed all other conditions, covenants, and promises under the contract, and to those within the conditional acceptance settlement portions, on his part.

24.     Although demand has been made since the close of escrow for the Douglas Property no part of the contract price for the labor and services has been paid and the sum of $49,800.00 is still due and owing to Plaintiff.  In addition, no part of the forty-five percent (45%) of the sales profits have been paid to Plaintiff and the sum in excess of $25,000.00 and/or an amount according to proof is still due and owing to Plaintiff.

[8]

**FIRST AMENDED COMPLAINT**

25.    As a direct and proximate result of the Defendants WELDON and FREEDOM breach of contract as alleged above Plaintiff have been damaged in an amount in excess of $74,800.00, and/or according to proof.

## SECOND CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing as to all Defendants)

26.    Plaintiff realleges paragraph 1 through 8 of the Preliminary Allegations; paragraphs 9 through 20 of the Factual Allegations; and paragraphs 22 through 25 of the First Cause of Action as if fully set forth herein.

27.    California law implies a covenant of good faith and fair dealing in all contracts between parities entered into in the State of California.

28.    As a result of the actions of Defendants WELDON and FREEDOM, as alleged above, said Defendants, and each of them, have violated the implied covenant of good faith and fair dealing contained in the written agreements as alleged above.

29.    As a direct, legal and proximate result of the breach of the implied covenant of good faith and fair dealing by Defendants WELDON and FREEDOM, Plaintiff have been denied the benefits of the written agreements as alleged herein, all to Plaintiff damages in excess $74,800.00 and according to proof.

## THIRD CAUSE OF ACTION
### (Common Counts for Work, Labor or Services Performed as to all Defendants)

30.    Plaintiff realleges paragraphs 1 through 8 of the Preliminary Allegations; paragraphs 9 through 20 of the Factual Allegations as if fully set forth herein.

31.    Plaintiff alleges that Defendants WELDON and/or FREEDOM become indebted to Plaintiff for work, labor or services rendered at the special insistence and request of said Defendants and for which Defendants, and each of them, agreed to pay Plaintiff the sum of $49,800.00 and/or according to proof.

[9]

**FIRST AMENDED COMPLAINT**

46

32.    Plaintiff alleges the sum of $49,800.00 and/or according to proof, which is the reasonable value, is due and unpaid despite Plaintiff demands.

33.    As a direct and proximate result of the Defendants WELDON and FREEDOM failure to pay Plaintiff for his work, labor and/or services performed, as alleged above, Plaintiff have been damaged in an amount in excess of $49,800.00, and/or according to proof.

## FOURTH CAUSE OF ACTION
### (Conversion as to all Defendants)

34.    Plaintiff realleges paragraph 1 through 8 of the Preliminary Allegations; paragraphs 9 through 20 of the Factual Allegations; and paragraphs 22 through 25 of the First Cause of Action; and paragraphs 26 through 29 of the Second Cause of Action as if fully set forth herein.

35.    At all times herein mentioned, and in particular on or after August 1, 2017, Plaintiff, party to the contracts stated above, was and still is, the owner to property, and still is, entitled to the possession of funds which consisted of compensation for labor and/or service and forty-five percent (45%) of the Douglas Property sales profits.

36.    On or about August 1, 2017, and at Clovis, Fresno County, California, the property described above had a value in excess of $74,800.00 and/or according to proof.

37.    On or about August 1, 2017, Defendants WELDON, CHRISTIAN and/or FREEDOM took the property described above from Plaintiff's possession and converted the same to their own use.

38.    As a proximate result of the Defendants WELDON, CHRISTIAN and FREEDOM's conduct as alleged above, Plaintiff has suffered economic damages in the amount in excess of $74,800.00 and according to proof.

39.    As an additional direct and natural result of the conduct of Defendants WELDON, CHRISTIAN and FREEDOM, and each of their acts and conduct as alleged above, they have been guilty of oppression and malice as defined by section 3492 of the Civil Code, and has

[10]

**FIRST AMENDED COMPLAINT**

47

1   displayed a callous and reckless disregard to the Plaintiff's rights, thereby entitling Plaintiff to an

2   award of punitive damages, to be assessed against the Defendants, and each of them, in an

3   amount sufficient to deter such conduct and behavior in the future and according to proof.

4
5   **FIFTH CAUSE OF ACTION**
    **(Intentional Misrepresentation as to all Defendants)**

6   40.     Plaintiff realleges paragraph 1 through 8 of the Preliminary Allegations; paragraphs 9

7   through 20 of the Factual Allegations; and paragraphs 22 through 25 of the First Cause of

8   Action; and paragraphs 26 through 29 of the Second Cause of Action; and paragraphs 30 through

9   33 of the Third Cause of Action; and paragraphs 34 through 39 of the Fourth Cause of Action as

10  if fully set forth herein.

11  41.     On or about July 18, 2015, Defendants WELDON and FREEDOM made the following

12  representation to the Plaintiff: Defendants WELDON and/or FREEDOM would compensate

13  Plaintiff at the rate of $15.00 per hour for Plaintiff's work, labor and/or services for the

14  rehabilitation of the Douglas Property; upon the sale of the Douglas Property and all profits

15  would be disbursed as follows: forty-five percent (45%) to Plaintiff and fifty-five percent (55%)

16  to Defendants WELDON and/or FREEDOM; and Defendants WELDON and/or FREEDOM

17  would use their best efforts to market and sell the Douglas Property in order to obtain the

18  maximum profits.

19  42.     The representations made by the Defendants WELDON and FREEDOM were in fact

20  false.  The true facts were Defendants WELDON and FREEDOM did not intent to pay Plaintiff

21  for the work labor and/or services preformed nor did said Defendants intend to pay Plaintiff his

22  forty-five percent (45%) share of the Douglas Property sales proceeds and intended to keep all

23  the profits.

24  43.     When Defendants WELDON and FREEDOM made these representations, they knew

25  them to be false and made these representations with the intention to deceive and defraud the

26
27
28

[11]

**FIRST AMENDED COMPLAINT**

1  Plaintiff and induce the Plaintiff to act in reliance on these representations in the manner

2  hereafter alleged, or with the expectation that the Plaintiff would so act.

3  44.    Plaintiff, at the time these representations were made by Defendants WELDON and

4  FREEDOM, and at the time the Plaintiff took the actions herein alleged, was ignorant of the

5  falsity of the Defendants' representations and believed them to be true.  In reliance on these

6  representations and pass business transaction in 2016 on real property located: 632 N. 3rd Street,

7  Fresno, California 93702 that paid him and BENCHMARK over $9,000.00 Plaintiff was induced

8  to and did enter into the agreement to provide his work, labor and service to rehabilitate and

9  renovate the Douglas Property.  Had the Plaintiff known the actual facts, he would not have

10  taken such action.  Plaintiff's reliance on the Defendants' representations were justified because

11  the parties entered into a contractual relationship and there was no reason to doubt the word of

12  Defendants WELDON and FREEDOM.

13  45.    As a proximate result of the fraudulent conduct of Defendants WELDON and FREEDOM

14  as herein alleged, Plaintiff did provide work, labor and/or services for which they have not been

15  compensated in the amount in excess of $74,800.00 and/or according to proof, which includes

16  Plaintiff's forty-five percent (45%) share of the Douglas Property sales profits and thereby

17  suffered damages in said amount.

18

19  46.    The aforementioned conduct of Defendants WELDON and FREEDOM were intentional

20  misrepresentations, deceit, or concealment of a material fact known to said Defendants with the

21  intention on the part of said Defendants of thereby depriving the Plaintiff of property or legal

22  rights or otherwise causing injury, and was despicable conduct that subjected the Plaintiff to a

23  cruel and unjust hardship in conscious disregard of the Plaintiff rights, so as to justify an award

24  of exemplary and punitive damages.

25

26  ### SIXTH CAUSE OF ACTION
   **(Negligent Misrepresentation as to all Defendants)**

27

28  [12]

**FIRST AMENDED COMPLAINT**

49

47.   Plaintiff realleges paragraphs 1 through 7 of the Preliminary Allegations; paragraphs 8 through 20 of the Factual Allegations; paragraphs 21 through 25 of the First Cause of Action; paragraphs 26 through 29 of the Second Cause of Action; paragraphs 30 through 33 of the Third Cause of Action; paragraphs 34 through 39 of the Fourth Cause of Action; and paragraphs 40 through 46 of the Fifth Cause of Action as if fully set forth herein.

48.   When Defendants WELDON and FREEDOM made these representation, they had no reasonable ground for believing them to be true in that, said Defendants did not have the financial means to pay Plaintiff.

49.   Defendants WELDON and FREEDOM made these representations with the intention of inducing the Plaintiff to act in reliance on these representations in the manner as alleged in Paragraph 44, which is hereby incorporated herein by reference as fully set forth herein, or with the expectation that the Plaintiff would so act.

50.   As a proximate result of the negligent conduct of Defendants WELDON and FREEDOM as herein alleged, Plaintiff did provide work, labor and/or services for which he has not been compensated in the amount in excess of $74,800.00 and /or according to proof, which includes Plaintiff's forty-five percent (45%) share of the Douglas Property sales profits and thereby suffered damages in said amount.

### SEVENTH CAUSE OF ACTION
**(Unjust Enrichment Based Upon Fraud as to all Defendants)**

51.   Plaintiff realleges paragraphs 1 through 7 of the Preliminary Allegations; paragraphs 8 through 20 of the Factual Allegations; paragraphs 21 through 25 of the First Cause of Action; paragraphs 26 through 29 of the Second Cause of Action; paragraphs 30 through 33 of the Third Cause of Action; paragraphs 34 through 39 of the Fourth Cause of Action; paragraphs 40 through 46 of the Fifth Cause of Action; and paragraphs 47 through 50 of the Sixth Cause of Action as if fully set forth herein.

[13]

**FIRST AMENDED COMPLAINT**

52.     On or about August 1, 2016, Plaintiff for the benefit of Defendants WELDON and FREEDOM provided work, labor and/or services related to the rehabilitation and renovation of the Douglas Property in anticipation of being compensated in the sum of in excess of $74,800.00 and/or according to proof. Defendants WELDON, FREEDOM along with the assistance of CHRISTIAN have unjustly retained this benefit at Plaintiff's expense.

53.     Plaintiff has suffered substantial harm and injury based upon Defendants WELDON, CHRISTIAN and FREEDOM's acts of knowingly failing to pay Plaintiff.

54.     Plaintiff has right to recoverable consequential out of pocket cost and reasonable expended in reliance on the fraud and compensation for loss of use and enjoyment of the property, (monies) to the extent that any such loss was proximately caused by the fraud.

55.     Under Cal. Penal Code § 496 enhanced civil remedy authorized by the statute is the that any party injured by the violation of section 496 may file an action for *"three times the amount of actual damages"* sustained, and for cost of suit and reasonable attorney fees. (§496, subd. (c) (§496(c)), italics added.) Plaintiff has right to seek treble damages to compensate the plaintiff from economic loss and pain and suffering, attempting to make him whole.

56.     As a proximate result of the conduct of Defendants WELDON, CHRISTIAN and FREEDOM, as herein alleged, Plaintiff has been deprived of the sum of in excess of $74,800 and according to proof and thereby suffered damages in said amount.

        WHEREFORE, Plaintiff prays for the following judgment:

FOR THE FIRST, SECOND, SIXTH AND SEVENTH CAUSE OF ACTION

1.     For damages in excess of $74,800.00 and/or according to proof;

FOR THE THIRD CAUSE OF ACTION

2.     For damages in excess of $49,800 and/or according to proof;

FOR THE FOURTH AND FIFTH CAUSES OF ACTION

3.     For damages in excess of $74,800.00 and/or according to proof; and

[14]

**FIRST AMENDED COMPLAINT**

5 1

4.     For punitive damages in the sum according to proof; and

FOR SEVENTH CAUSE OF ACTION

5.     For treble damages in the sum according to proof; and

FOR ALL CAUSE OF ACTION

6.     For attorney's fees and cost incurred herein; and

7.     For that other and further relief, both legal and equitable, that this Court deems proper and just in the premises.

Dated: ~~February~~ MARCH 2 ____, 2023

PAUL SINGER, In Pro Per - Plaintiff

[15]

**FIRST AMENDED COMPLAINT**

52

**EXHIBIT "A"**

This Contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC, (BLREIC,Inc.) ("First Party"), and Brian Weldon of Freedom Investments, LLC, ("Second Party"). The term of this Agreement shall begin on [*July 18, 2015*] and shall continue through to the sale and the distribution of the agreed upon percentage of profit.

The specific terms of this Contract are as follows:

1. Brian Weldon of Freedom Investments, LLC, shall purchase the real property located at 3549 E. Douglas Ave., Visalia, CA of Tulare County, APN: 103-306-029-000, PARCEL 1 OF PARCEL MAP 3432 PM 35-34, from here to be referred to as the "Douglas House", and provide needed funds for materials, supplies, permits and subcontractor fees.

2. Paul Singer of BLREIC,Inc., shall oversee the renovation and completion of the Douglas House and vet subcontractors for renovations needed.

3. Brian Weldon of Freedom Investment, LLC, shall pay BLREIC,Inc., $15/hour for any labor performed. Labor performed by BLREIC,Inc. shall be performed under Brian Weldon's General Contractor's license.

4. BLREIC,Inc, shall receive 45% of profit from the final sale of the Douglas House.

In consideration of the mutual promises set forth herein, the First Party covenants and agrees that it shall perform rehabilitation of real estate in the partnership.

The Second Party covenants and agrees that it shall oversee and/or perform various aspects of renovations required for this investment partnership.

This Contract may not be modified in any manner unless in writing and signed by both Parties. This document and any attachments hereto constitute the entire agreement between the Parties. This Contract shall be binding upon the Parties, their successors, heirs and assigns and shall be enforced under the laws of the State of California.

| | |
|---|---|
| *Brian Weldon Mgr* | *Pal V* |
| (Signature) | (Signature) |
| *Brian Weldon Mgr* | *PAUL V. SINGER* |
| (Printed Name) | (Printed Name) |
| *5486 W. Sample* | *4928 E. DOUGLAS AVE* |
| (Address) | *FRESNO 93727* |
| | (Address) |
| Date: *5-7-*, 20 *16* | Date: *5-7*, 20 *16* |

**EXHIBIT "B"**

Paul Singer's lien can be released at the close of escrow provided that all Lawsuits from Brian Weldon have been dropped and there is an agreement signed by him that no further action will be taken by him or his affiliates now or ever against Paul Singer or his affiliates; $38,500 is to be sent certified check or postal money order made out to PAUL SINGER in memo: For compensation for his time, and given to Brian Weldon's attorney (Law office of Robert C. Abrams 5412 N. Palm Ave. suite 101 Fresno CA 93704).

Paul Singer X _____ 8/1/17

Brian Weldon X _____ 8/1/17

# EXHIBIT "C"

# Fwd: Estimated Statement for Douglas

Inbox



**Brian Weldon** <chribri@yahoo.com>                    Mon, Jul 31, 2017, 3:10 PM

to me

Here is the payout of $60,991.03 and she forgot Mike G $5000 so it is $55,991
Expenses as stated:
Lowes $3,009
Bestbuy 2,000
PayPal 300
$10,000 repay Brandon replacement loan
$600. James Woolen labor
275. Isaac. Landscape labor
$800. Jesse labor
$39,016 to Gabe/ his LLc for orig loan investor + I still owe him his interest.
Add that up you see it is in line w doc I sent you in May.
There is nothing for escrow to hold.

Brian

Sent from my iPhone

Begin forwarded message:

**From:** Dana Forsythe <dana@mainstreetescrow.com>
**Date:** July 31, 2017 at 2:35:27 PM PDT
**To:** "chribri@yahoo.com" <chribri@yahoo.com>
**Subject: Estimated Statement for Douglas**

**Main Street Escrow**

A Non-independent Broker Escrow
400 E. Main Street, Suite 110 , Visalia CA 93291
Tel: (559) 429-7210 • Fax: (559) 733-4448

SELLER'S CLOSING STATEMENT
Estimated

| | |
|---|---|
| Escrow Number:    3432-DF | Title Order Number:  01880-268408 |
| Escrow Officer:    Dana Forsythe | Date:                07/31/2017 = 2:33:57PM |
| | Closing Date:        08/04/2017 |
| | Disbursement Date: |
| | Loan Number:         0507650349 |

Buyer/Borrower: Epimenio Silva and Claudia Silva

Seller:        Brian Weldon

Property:      3549 E. Douglas Ave., Visalia, CA 93292

| DESCRIPTION | DEBITS | CREDITS |
|---|---|---|
| TOTAL CONSIDERATION | | 318,000.00 |
| PRORATIONS/ADJUSTMENTS: | | |
| Property Tax @ 1,058.19 per 6 month(s) 7/01/2017 to 8/04/2017 | | 194.00 |
| COMMISSION(S): | | |
| Listing Broker: Keller Williams Realty Tulare County | 11,130.00 | |
| Selling Broker: Keller Williams Realty Tulare County | 7,950.00 | |
| Other Broker: Keller Williams Transaction Coordinator | 495.00 | |
| TITLE CHARGES | | |
| Owner's Premium for 318,000.00: Stewart Title of California | 1,140.00 | |
| Sub Escrow Fee: Stewart Title of California | 62.50 | |
| County Transfer Tax: Stewart Title of California | 349.80 | |
| ESCROW CHARGES TO: Main Street Escrow | | |
| Settlement Agent Fee | 575.00 | |
| LOAN PAYOFF: Lending Home Funding Corporation | | |
| Principal Balance                              196,921.67 | | |
| Total Loan Payoff | 196,921.67 | |
| LOAN PAYOFF: Paul Singer | | |
| Miscellaneous Charge                            38,500.00 | | |
| Total Loan Payoff | 38,500.00 | |
| ADDITIONAL DISBURSEMENTS: | | |
| Natural Hazard Report Fee: Property ID | 79.00 | |
| Net Proceeds To Be Held In Escrow: MSE To Hold Net Proceeds | 60,991.03 | |
| TOTALS | 318,194.00 | 318,194.00 |

Brian Weldon

THIS IS AN ESTIMATED CLOSING STATEMENT FIGURES ARE SUBJECT TO CHANGE

# EXHIBIT 3

## Description:

Second Amended Complaint filed 08/14/2023.

1
2
3
4

PAUL SINGER
4928 E. WASHINGTON AVENUE
FRESNO, CALFORNIA 93727
PHONE: (559)871-6400

Attorney for Plaintiff:  IN PRO PER

F I L E D

AUG 1 4 2023

SUPERIOR COURT OF CALIFORNIA
COUNTY OF FRESNO
BY_____
DEPUTY

5              SUPERIOR COURT OF CALIFORNIA, COUNTY OF FRESNO

6                          B.F. SISK COURTHOUSE

7    PAUL SINGER, an individual;               ) Case Number.: 18CECG03151
                                               )
8              Plaintiff,                       ) **SECOND AMENDED COMPLAINT**
                                               )
9    Vs.                                        ) 1.) BREACH OF CONTRACT
                                               ) 2.) BREACH OF IMPLIED COVENANT OF
10                                              ) 3.) COMMON COUNTS
     BRIAN WELDON, an individual; and           ) Original Filing date: August 23, 2018
11   DOES 1 through 75, inclusive,              ) Dept: 502
                                               )
12             Defendant.                       )
                                               )
13   _____)

14          Plaintiff, PAUL SINGER, an individual allege:

15                       **PRELIMINARY ALLEGATIONS**

16   1.      Plaintiff, PAUL SINGER, is, and at all times herein mentioned, an individual and resident of

17   Fresno County, California.

18   2.      Defendant, BRIAN WELDON is, and at all times herein mentioned, an individual and

19   resident of Fresno County, California.

20   3.      In addition, Defendant, BRIAN WELDON is, and at all times herein mentioned, a general

21   contactor duly licensed with the State of California, Department of Consumer Affairs, Contractors

22   State License Board.

23   4.      Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate,

24   or otherwise, of defendants DOES 1 through 75, and sues the defendants by such fictitious name

25   pursuant to Code of Civil Procedure section 474. Plaintiff will amend this complaint to show the true

26   names and capacities of said DOE defendant once ascertained.

27   5.      Plaintiff is informed and believes, and based on that information and belief allege, that each of

28

                              - 1 -
                    SECOND AMENDED COMPLAINT

                        SCANNED



1   defendants designed as a DOE is recklessly, wantonly, intentionally, consciously aware, or otherwise

2   unlawfully caused the injuries and damages to plaintiff alleged in this complaint.

3   6.    Plaintiff alleges that at all times mentioned in this complaint, each of the defendants were the

4   agents, and employees or the other defendants, and in doing the things alleged in this complaint, and

5   said defendants were acting within the course, scope, permission, authorization, and authority of their

6   agency and employment, and each acted with the ratification, consent, acquiescence, and permission

7   of the others. Each defendant, when acting as a principal, was negligent, reckless and wanton in the

8   hiring, and supervision of each other defendant, who was agent or employee for the other defendants.

9   7.    Plaintiff, PAUL SINGER (hereinafter SINGER) entered into an expressed contract as First

10  Party to the contract and meet all requirements of obligations in performance to the contract.

11  8.    Defendant BRIAN WELDON (hereinafter WELDON) entered into an expressed contract as

12  Second Party to the contract and is liable for breach of contract  as a result of failure to perform and

13  maintain in good faith to those terms of the written contract, and resulting from Defendant

14  WELDON withholding any payment due to SINGER while under the court order injunction, with a

15  $10.000 bond regarding two liens against the "Douglas Property", in escrow.

16  9.    Defendant WELDON decision  regarding SINGER's lien named in the court ordered

17  injunction was a decision WELDON made willfully against the injunction: breach by the non-

18  payment to the First Party to the contract and/or lien, his 45% of the profit at sale and promised

19  payment at $15.00 per hour for the entire labor and services rendered, Defendant WELDON injured

20  plaintiff SINGER to deprive SINGER of all benefits promised in sum of actual damages.

21  10.    Plaintiff's performance to all his obligations  of his labor and service, entitled him under the

22  terms of the contract, invested interest in  the 45% of the profit of at sale value during final sale, and

23  $15.00 per hour,  over 72 weeks, and approximately  3320 hours of labor  and service completed

24  prior to the sale of "Douglas Property" on August 10, 2017.

25  /

26  //

27

28

# FACTUAL ALLEGATIONS

11.     Plaintiff realleges paragraphs 1 through 9 of the Preliminary Allegations as if fully set forth herein.

12.     On or about  April  18, 2015, in Fresno County, California, Plaintiff SINGER and Defendant WELDON entered into a verbal agreement to purchase and rehabilitate real property located at 3549 East Douglas Avenue, Visalia, California and legally described as follows:

> PARCEL NO. 1 OF PARCEL MAY 3432, IN THE CITY OF VISALIA, COUNTY OF TULARE, STATE OF CALIFORNIA, AS PER MAY RECOREDED IN BOOK 35, PAGE 34, OF MAPS IN THE OFFICE OF THE COUNTY RECOREDED OF SAID COUNTY.

Hereinafter will be reference to as the "Douglas Property".

13.     On or about May 7, 2015, the verbal contract terms (set forth above) were reduced to writing and signed by Plaintiff SINGER and Defendant WELDON.  The written contract was signed on May 7, 2015 thus becoming the effective date of the written contract  (a true and correct copy of the written contract is attached herein as Exhibit "A" and incorporated herein by reference).

14.     On or about July 23, 2015, Defendant WELDON purchased the Douglas Property for $140,000 and soon thereafter Plaintiff SINGER began construction to rehabilitate the said property.

15.     Plaintiff SINGER agreed to oversee the Douglas Property renovations, providing his labor to perform all renovations.

16.     Both parties further agreed upon the sale of the Douglas Property profits from the sale value would be disbursed as follows: forth-five percent (45%) to Plaintiff SINGER and fifty-five (55%) to Defendant WELDON.

17.     In addition, both parties agreed that Plaintiff SINGER would be compensated for his labor over the full duration of the preform renovation at a rate of $15.00 per hour said after  his 45% promise of profits.

18.     Sometime after the renovation began, Plaintiff SINGER was approached by Defendant WELDON to help WELDON with getting a line a credit to  purchase more building material, and supplies, but would pay the bill,  otherwise the project was going to be put on indefinite hold

1   according to WELDON.

2   19.     Since the written agreement held Defendant WELDON liable for all material and supplies,

3   Plaintiff SINGER was put into a financial situation as well as a deep concerned for the contract being

4   a liability and unable to be fulfilled, asked his wife DANA SINGER (hereinafter DANA) to help by

5   opening an account to purchase $5,000.00 of material and supplies. Once all the material and supplies

6   were purchased, Defendant WELDON,  reneged on his promise to pay the bill for the materials and

7   supplies he had already used.

8   20.     At this point in time Plaintiff SINGER labored without  pay for his weeks, months, and hours

9   of labor and faced a financial problem from the  $5,000.00 debt resulting in helping WELDON to

10  purchase materials and supplies. Therefore, SINGER  had a mutual friend MICHEAL GUERENA

11  (hereinafter GUERENA) between SINGER and WELDON go into agreement to payoff DANA's

12  credit card debt,  and under the agreed condition that Defendant WELDON would pay back

13  GUERENA.

14
15  21.     As time passed, both SINGER and GUERENA realized WELDON was going to keep

16  reneging on all types of agreements associated to the Douglas property therefore was never going to

17  honor either contract or agreements, therefore both SINGER and GUERENA filed liens against

18  WELDON and against the Douglas Property. (a true and correct copy of the PAUL SINGER'S lien is

19  attached herein as Exhibit "B" and incorporated herein by reference), and (a true and correct copy of

20  MICHEAL GUERENA's lien is attached herein as Exhibit "C" and incorporated herein by reference

21  22.     On or about August 1, 2017, the Douglas Property was in escrow with MAIN STREET

22  ESCROW and its agent, escrow officer DANA FORSYTHE(hereinafter FORSYTHE) who was fully

23  aware of both SINGER and GUERENA liens, referring to the attached Exhibit "B" and Exhibit

24  "C".

25  23.     On or about August 10, 2017, the closing of escrow only paid GUERENA lien, and not

26  SINGER. (a true and correct copy of the MAIN STREET ESCROW FINAL SALE  is attached

27  herein as Exhibit "D" and incorporated herein by reference).

28

− 4 −

SECOND AMENDED COMPLAINT

24.     WELDON was consciously aware of SINGER's lien and acknowledged both liens before the final sale of the Douglas Property, yet WELDON still continues to refuse to pay SINGER even after the final sale that wrongfully excluded SINGER's lien from the escrow transaction. (See attached Exhibit "B").

25.     Defendant WELDON willfully and knowingly breached his obligations under contract with Plaintiff SINGER so as to deprive Plaintiff SINGER of his shares and benefits, including his labor and services.

26.     Defendant WELDON course of action is one for failure to maintain in good faith to the contract when Defendant WELDON's arbitrarily excluded himself of his duties or obligations under the contract.

27.     Defendant WELDON motivated is exposed from his course of action at the time of signing the contract being to have desire to take unfair advantage of Plaintiff SINGER all along.

28.     Defendant WELDON actions permitted himself to gain benefits of free labor and service without any legitimate sound judgement on a contractual issue, to consummate the deal or to materially change the terms is established at the end result after Defendant WELDON prevented Plaintiff SINGER to receive his benefits at the time of the Douglas property sale.

29.     Defendant WELDON having no legitimate intentions in engaging fairly with Plaintiff SINGER willfully held back from Plaintiff SINGER'S all SINGER's investment and financial interest stated upon the written contract without any valid business decision between the first and second parties to the contract.

30.     Defendant WELDON was once considered a good friend to Plaintiff SINGER and had history of working on flipping homes before which led Plaintiff SINGER to trust Defendant WELDON.

31.     Defendant WELDON entered the contract he wrote knowingly to induce Plaintiff SINGER trust in him so at the end he could breach the contract with Plaintiff SINGER after making for himself personal profit solely at Plaintiff SINGER'S expense thus is the resulting factors from Defendant WELDON's scheme in depriving Plaintiff SINGER of the fruit of its bargain.

32.    Defendant WELDON willfully and knowingly  he owed Plaintiff SINGER for all his

weeks, months and hours of labor and service. Defendant WELDON had even gone as far as to have

MAIN STREET ESCROW internal office document to convince Plaintiff SINGER he was going to

pay a lower amount of the SINGER's lien in the sum of $38,500, yet refusing to this day to honor any

terms of the written contract with Plaintiff SINGER (a true and correct copy of MAIN STREET

ESCROW's seller's closing statement dated: 07/31/2017 is attached herein as Exhibit "E" and

incorporated herein by reference).

33.    Plaintiff SINGER's lien was renewed and remains against Defendant WELDON, to include

10% interest over the last five (5) years. (a true and correct copy of the PAUL SINGER'S  renewal of

lien is attached herein as Exhibit "F" and incorporated herein by reference)

**FIRST CAUSE OF ACTION**
**(Breach of Contract as to all Defendants)**

34.    Plaintiff realleges paragraphs 1 through 10 of the Preliminary Allegations and paragraphs 11

through 33 of the Factual Allegations as if fully set forth herein.

35.    Pursuant to the written contract, Plaintiff met all of his obligations during the preform of

renovation of the Douglas Property, in that work and labor for, and furnished all necessary services

used or consumed in and which were actually used or consumed in the work of improvement, and

performed all other conditions, covenants, and promises under the contract, on his part to be

performed.

36.    Defendant WELDON failed to maintain his performance under the contract, as to purchase

those materials and supplies, therein is when WELDON breached his obligation under the contract

with SINGER.

37.    Defendant WELDON  failed to pay the forty-five (45%) investment portion with  SINGER

from the full value of the sale ($318,000) of Douglas property on August 10, 2017, therein is when

WELDON intention to breach his obligation under the contract with SINGER matured.

38.    Defendant WELDON, failed  to pay for labor and services to SINGER at the date of sale of

the Douglas property on August 10, 207, therein is when WELDON breached his obligation under

- 6 -
SECOND AMENDED COMPLAINT

the contract with SINGER.

39.    Defendant WELDON refuses to perform his part of the contract and when given the opportunity to pay willfully opted to withhold.

40.    Plaintiff SINGER brings his claim for breach of contract and damages against defendants within California Code of Civil Procedure §337 and California Civil Code §3300.

41.    Plaintiff SINGER brings his claim for breach of contract and damages against defendant WELDON under California Civil Code §3287(a): "Every person who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day, is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law, or by the act of the creditor from paying the debt..."

42.    Plaintiff SINGER brings his claim for breach of contract and damages against defendant WELDON under California Civil Code §3287(b) states:" [i]f a contract does not stipulate a legal rate of interest, the obligation shall bear interest at the rate of 10 percent per annum after breach."

43.    As a direct and proximate result of Defendant WELDON breach of contract as alleged above Plaintiff has been damaged in an amount of excess of $82,800 in labor and services render over five (5) years, and the forty-five (45%) percent from the sale value of the Douglas property sold at $318,000.00, 45% from the value of sale of the Douglas property is in the sum of $143,100.00 and interest for a total sum of $225,900 and /or according to proof.

## SECOND CAUSE OF ACTION
### (Breach of Implied Covenant of Good Faith and Fair Dealings as to All Defendants)

44.    Plaintiff realleges paragraphs 1 through 10 of the Preliminary Allegations and paragraphs 11 through 33 of the Factual Allegations; and paragraphs 34 through 43 of the First Cause of Action as if fully set forth herein.

45.    California law implies a covenant of good faith and fair dealing in all contracts between parties entered into in the State of California.

46.    Both Plaintiff SINGER and Defendant WELDON entered into a written contract as partners, each having their own obligations to meet under contract and each to receive benefits therefrom it.

- 7 -
SECOND AMENDED COMPLAINT

47.     Plaintiff SINGER meet all his obligations under the written contract with Defendant WELDON.

48.     Defendant WELDON failed to maintain his performance under the contract, as to purchase those materials and supplies, therein is when WELDON breached his obligation under the contract with SINGER.

49.     Defendant WELDON not only  failed to pay the forty-five (45%) investment portion with SINGER from the full value of the sale ($318,000) of Douglas property on August 10, 2017, therein is when WELDON breached his obligation under the contract with SINGER, Defendant WELDON also during escrow willfully deceived  Plaintiff SINGER into believing all would be corrected at the end of escrow.(See attached Exhibit "E" reference herein).

50.     Defendant WELDON, failed  to pay for labor and services to SINGER at the date of sale of the Douglas property on August 10, 2017,  is when WELDON breached his obligation under the contract with SINGER by unfairly frustrating SINGER to receive the benefits of the agreement actually made and is how WELDON finally course of action violates implied covenant of good faith and fair dealing when WELDON impair SINGER's rights.

51.     Defendant WELDON refuses to perform his part of the contract and when given the opportunity to pay willfully withheld, is when Defendant WELDON unfairly prevented the Plaintiff SINGER from receiving the benefits of its bargain, SINGER was entitled to under the contract.

52.     Plaintiff seeks damages for this breach under California Civil Code §3300.

53.     As a direct and proximate result of Defendant WELDON breach of implied covenant of good faith and fair dealing as alleged above Plaintiff has been damaged in an amount of excess of $82,800 in labor and services render over five (5) years, and the forty-five (45%) percent from the sale value of the Douglas property sold at $318,000.00 in the sum of $143,100.00 and interest for a  total sum of $225,900 and /or according to proof.

### THIRD CAUSE OF ACTION
### (Common Counts for Work, Labor or Services Performed as to All Defendants)

68

54.    Plaintiff realleges paragraphs 1 through 10 of the Preliminary Allegations and paragraphs 11 through 33 of the Factual Allegations; and paragraphs 34 through 43 of the First Cause of Action; and paragraphs 44 through 53 of the Second Cause of Action as if fully set forth herein.

55.    Plaintiff alleges that Defendant WELDON became indebted to Plaintiff for work, labor or services rendered as specified under the terms of the written contract once Plaintiff has fulfilled all of his performance and obligations for renovation of the Douglas property on August 10, 2017.

56.    Plaintiff alleges he has filed a lien against Defendant WELDON and to the Douglas property and also has renewal the lien, reference to attached Exhibit "E", now in the sum of $82,800 is reasonable value, due and remains unpaid despite Plaintiff's demands.

57.    As a direct and proximate result of Defendant WELDON failure to pay Plaintiff for his work, labor and/or services performed, as alleged above, Plaintiff have been damaged in the amount in excess of $82,800, and/or according to proof.

WHEREFORE, Plaintiff prays for the following judgment

FOR THE FIRST CAUSE OF ACTION

1.    For damages in excess of $225,900 and/or according to proof;

FOR THE SECOND CAUSE OF ACTION

2.    For damages in excess of $225,900 and/or according to proof:

FOR THE THIRD CAUSE OF ACTION

3.    For damages in excess of $82,800 and/or according to proof:

FOR ALL CAUSE OF ACTION

4.    For all attorney fees already paid, and cost incurred herein: and

5.    For that other and further relief, both legal and equitable, that this Court deems proper and just in the premises.

Dated: August 14, 2023

PAUL SINGER, In Pro Per - Plaintiff

# EXHIBIT "A"

This Contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC, (BLREIC,Inc.) ("First Party"), and Brian Weldon of Freedom Investments, LLC, ("Second Party"). The term of this Agreement shall begin on [*July 18, 2015*] and shall continue through to the sale and the distribution of the agreed upon percentage of profit.

The specific terms of this Contract are as follows:

1. Brian Weldon of Freedom Investments, LLC, shall purchase the real property located at 3549 E. Douglas Ave., Visalia, CA of Tulare County, APN: 103-306-029-000, PARCEL 1 OF PARCEL MAP 3432 PM 35-34, from here to be referred to as the "Douglas House", and provide needed funds for materials, supplies, permits and subcontractor fees.

2. Paul Singer of BLREIC,Inc., shall oversee the renovation and completion of the Douglas House and vet subcontractors for renovations needed.

3. Brian Weldon of Freedom Investment, LLC, shall pay BLREIC,Inc., $15/hour for any labor performed. Labor performed by BLREIC,Inc. shall be performed under Brian Weldon's General Contractor's license.

4. BLREIC,Inc, shall receive 45% of profit from the final sale of the Douglas House.

In consideration of the mutual promises set forth herein, the First Party covenants and agrees that it shall perform rehabilitation of real estate in the partnership.

The Second Party covenants and agrees that it shall oversee and/or perform various aspects of renovations required for this investment partnership.

This Contract may not be modified in any manner unless in writing and signed by both Parties. This document and any attachments hereto constitute the entire agreement between the Parties. This Contract shall be binding upon the Parties, their successors, heirs and assigns and shall be enforced under the laws of the State of California.

_Brian Weldon Mgr_
(Signature)

_Brian Weldon Mgr_
(Printed Name)

_5486 W. Sample_
(Address)

Date: _5-7-_ , 20 _16_

_Paul V. Singer_
(Signature)

_PAUL V. SINGER_
(Printed Name)

_4928 E. DOUGLAS AVE_
(Address)
_FRESNO 93727_

Date: _5-7_ , 20 _16_

**EXHIBIT "B"**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Paul Singer
5598242658

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Paul Ventura Singer
4928 E Washington Avenue
Fresno, Ca 93727-3057
USA

DOCUMENT NUMBER: 60459630002
FILING NUMBER: 17-7577750985
FILING DATE: 03/29/2017 12:21

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

1. **DEBTOR'S NAME:** Provide only _one_ Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Weldon | Brian | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5486 W. Sample avenue | Fresno | ca | 93722-3346 | USA |

2. **DEBTOR'S NAME:** Provide only _one_ Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| Freedom Investment limited Liability Corporation | | | |
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5486 .w. Sample avenue | Fresno | CA | 93722-3346 | USA |

3. **SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only _one_ Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| Singer | Paul | Ventura | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4928 E. Washington avenue | Fresno | CA | 93727-3057 | USA |

4. **COLLATERAL:** This financing statement covers the following collateral:
$49800.00 For unpaid labor plus 50% of any profit remaining When Parcel 1 of Parcel map 3534 103-306-029-000 [Also known as 3549 E.
Douglas Avenue Visalia California 93732-9146] is sold.

5. Check _only_ if applicable and check _only_ one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)    ☐ being administered by a Decedent's Personal Representative

| 6a. Check _only_ if applicable and check _only_ one box: | 6b. Check _only_ if applicable and check _only_ one box: |
|---|---|
| ☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☑ A Debtor is a Transmitting Utility | ☐ Agricultural Lien  ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable):  ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

73

# UCC FINANCING STATEMENT ADDENDUM

FOLLOW INSTRUCTIONS

**9. NAME OF FIRST DEBTOR:** Same as line 1a or 1b on Financing Statement; if line 1b was left blank because Individual Debtor name did not fit, check here ☐

OR

9a. ORGANIZATION'S NAME

9b. INDIVIDUAL'S SURNAME
Weldon

FIRST PERSONAL NAME
Brian

ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

**DOCUMENT NUMBER: 60459630002**

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**10. DEBTOR'S NAME:** Provide (10a or 10b) only one additional Debtor name or Debtor name that did not fit in line 1b or 2b of the Financing Statement (Form UCC1) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name) and enter the mailing address in line 10c

OR

10a. ORGANIZATION'S NAME

10b. INDIVIDUAL'S SURNAME

INDIVIDUAL'S FIRST PERSONAL NAME

INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S)                    SUFFIX

| 10c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**11.** ☑ ADDITIONAL SECURED PARTY'S NAME or ☐ ASSIGNOR SECURED PARTY'S NAME: Provide only one name (11a or 11b)

OR

11a. ORGANIZATION'S NAME
Benchmark Logic Real Estate Investment and Consulting

| 11b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| | | | |

| 11c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 4928 E. Washington Avenue | Fresno | CA | 93727-3057 | USA |

**12. ADDITIONAL SPACE FOR ITEM 4 (collateral):**

**13.** ☐ This FINANCING STATEMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS (if applicable)

**14. This FINANCING STATEMENT:**
☐ covers timber to be cut   ☐ covers as-extracted collateral   ☐ is filed as a fixture filing.

**15.** Name and address of RECORD OWNER of real estate described in item 16 (if Debtor does not have a record interest):

**16.** Description of real estate:

**17. MISCELLANEOUS:**

FILING OFFICE COPY

# UCC FINANCING STATEMENT AMENDMENT

FOLLOW INSTRUCTIONS

**A. NAME & PHONE OF CONTACT AT FILER (optional)**
Paul Singer
559-824-2658

**B. E-MAIL CONTACT AT FILER (optional)**

**C. SEND ACKNOWLEDGMENT TO: (Name and Address)**
Paul Ventura Singer
4928 E Washington Ave
Fresno, Ca 93727-3057
USA

DOCUMENT NUMBER: 61474520005
FILING NUMBER: 17-75965064
FILING DATE: 05/22/2017 08:44

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1a. INITIAL FINANCING STATEMENT FILE NUMBER**
17-7577750985

1b. ☐ This FINANCING STATEMENT AMENDMENT is to be filed [for record] (or recorded) in the REAL ESTATE RECORDS. Filer: Attach Amendment Addendum (Form UCC3Ad) and provide Debtor's name in item 13

**2.** ☐ **TERMINATION:** Effectiveness of the Financing Statement identified above is terminated with respect to the security interest(s) of Secured Party authorizing this Termination Statement

**3.** ☐ **ASSIGNMENT (full or partial):** Provide name of Assignee in item 7a or 7b, and address of Assignee in item 7c and name of Assignor in item 9
For partial assignment, complete items 7 and 9 and also indicate affected collateral in item 8

**4.** ☐ **CONTINUATION:** Effectiveness of the Financing Statement identified above with respect to the security interest(s) of Secured Party authorizing this Continuation Statement is continued for the additional period provided by applicable law

**5.** ☐ **PARTY INFORMATION CHANGE:**
Check one of these two boxes:                                    AND Check one of these three boxes to:

This Change affects ☐ Debtor or ☐ Secured Party of record    ☐ CHANGE name and/or address: Complete item 6a or 6b; and item 7a or 7b and item 7c    ☐ ADD name: Complete item 7a or 7b, and item 7c    ☐ DELETE name: Give record name to be deleted in item 6a or 6b

**6. CURRENT RECORD INFORMATION:** Complete for Party Information Change - provide only one name (6a or 6b)

| 6a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| 6b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|

**7. CHANGED OR ADDED INFORMATION:** Complete for Assignment or Party Information Change - provide only one name (7a or 7b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name)

| 7a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

| 7b. INDIVIDUAL'S SURNAME | | | |
|---|---|---|---|

OR

| INDIVIDUAL'S FIRST PERSONAL NAME | | | |

| INDIVIDUAL'S ADDITIONAL NAME(S)/INITIAL(S) | | | SUFFIX |

| 7c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|

**8.** ☑ **COLLATERAL CHANGE:** Also check one of these four boxes: ☐ ADD collateral ☐ DELETE collateral ☑ RESTATE covered collateral ☐ ASSIGN collateral
Indicate collateral:

$49800.00 For unpaid labor plus 45% of any profit remaining when Parcel 1 of Parcel map 3534 103-306-029-000 (also known as s 3549 E.

Douglas Avenue Visalia California 93732-9146) is sold.

**9. NAME OF SECURED PARTY OF RECORD AUTHORIZING THIS AMENDMENT:** Provide only one name (9a or 9b) (name of Assignor, if this is an Assignment)
If this is an Amendment authorized by a DEBTOR, check here ☐ and provide name of authorizing Debtor

| a. ORGANIZATION'S NAME | | | |
|---|---|---|---|

OR

| b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
|---|---|---|---|
| Singer | Paul | Ventura | |

**10. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY

Page 2

## UCC FINANCING STATEMENT AMENDMENT ADDENDUM
FOLLOW INSTRUCTIONS

| | |
|---|---|
| **19. INITIAL FINANCING STATEMENT FILE NUMBER:** Same as Item 1a on Amendment form | |
| 17-7577750985 | |

**20. NAME OF PARTY AUTHORIZING THIS AMENDMENT:** Same as Item 9 on Amendment form

| | | |
|---|---|---|
| | **20a. ORGANIZATION'S NAME** | |
| OR | **20b. INDIVIDUAL'S SURNAME** Singer | |
| | **FIRST PERSONAL NAME** Paul | |
| | **ADDITIONAL NAME(S)/INITIAL(S)** Ventura | **SUFFIX** |

**DOCUMENT NUMBER:** 61474520005

**IMAGE GENERATED ELECTRONICALLY FOR WEB FILING**
**THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY**

**13. Name of DEBTOR** on related financing statement (Name of a current Debtor of record required for indexing purposes only in some filing offices - see Instruction Item 13 Provide only one Debtor name (13a or 13b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); see Instructions if name does not fit

| | | | | |
|---|---|---|---|---|
| | **12a. ORGANIZATION'S NAME** | | | |
| OR | **12b. INDIVIDUAL'S SURNAME** | **FIRST PERSONAL NAME** | **ADDITIONAL NAME(S)/INITIAL(S)** | **SUFFIX** |

**14. ADDITIONAL SPACE FOR ITEM 8 (Collateral)**

Authorizing Parties (continued):

Benchmark Logic Real Estate Investment and Consulting

| | |
|---|---|
| **15. This FINANCING STATEMENT AMENDMENT:** ☐ covers timber to be cut  ☐ covers as-extracted collateral  ☐ is filed as a fixture filing | **17. Description of real estate:** |
| **16. Name and address of RECORD OWNER** of real estate described in Item 17 (if Debtor does not have a record interest): | |

**18. MISCELLANEOUS:**

FILING OFFICE COPY

**EXHIBIT "C"**

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| | |
|---|---|
| **A. NAME & PHONE OF CONTACT AT FILER (optional)**<br>Paul Singer<br>5598242858 | |
| **B. E-MAIL CONTACT AT FILER (optional)** | |
| **C. SEND ACKNOWLEDGMENT TO: (Name and Address)**<br>Paul Ventura Singer<br>4928 E Washington Ave<br>Fresno, Ca 93727<br>USA | **DOCUMENT NUMBER: 61128410002**<br>**FILING NUMBER: 17-7583415718**<br>**FILING DATE: 05/02/2017 22:52**<br>IMAGE GENERATED ELECTRONICALLY FOR WEB FILING<br>THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY |

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 1b. INDIVIDUAL'S SURNAME<br>Weldon | FIRST PERSONAL NAME<br>Brian | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 1c. MAILING ADDRESS<br>5486 W. Sample avenue | CITY<br>Fresno | STATE<br>ca | POSTAL CODE<br>93722 | COUNTRY<br>USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|
| 3b. INDIVIDUAL'S SURNAME<br>Guarena | FIRST PERSONAL NAME<br>J Micheal | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| 3c. MAILING ADDRESS<br>240 Nice Lane #202 | CITY<br>Newport Beach | STATE<br>ca | POSTAL CODE<br>92663 | COUNTRY<br>USA |

**4. COLLATERAL:** This financing statement covers the following collateral:
$5000 for Money owed Plus $100 per month penalties when not paid in full.

**5.** Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions)  ☐ being administered by a Decedent's Personal Representative

**6a.** Check only if applicable and check only one box<br>☐ Public-Finance Transaction  ☐ Manufactured-Home Transaction  ☑ A Debtor is a Transmitting Utility | **6b.** Check only if applicable and check only one box<br>☐ Agricultural Lien  ☐ Non-UCC Filing

**7. ALTERNATIVE DESIGNATION (if applicable):** ☐ Lessee/Lessor  ☐ Consignee/Consignor  ☐ Seller/Buyer  ☐ Bailee/Bailor  ☐ Licensee/Licensor

**8. OPTIONAL FILER REFERENCE DATA:**

FILING OFFICE COPY

78

# UCC FINANCING STATEMENT

FOLLOW INSTRUCTIONS

| A. NAME & PHONE OF CONTACT AT FILER (optional) |
|---|
| Paul Singer |
| 5598242658 |

| B. E-MAIL CONTACT AT FILER (optional) |
|---|

| C. SEND ACKNOWLEDGMENT TO: (Name and Address) |
|---|
| Paul Ventura Singer |
| 4928 E Washington Ave |
| Fresno, Ca 93727 |
| USA |

DOCUMENT NUMBER: 61128410002
FILING NUMBER: 17-7583415718
FILING DATE: 05/02/2017 22:52

IMAGE GENERATED ELECTRONICALLY FOR WEB FILING
THE ABOVE SPACE IS FOR CA FILING OFFICE USE ONLY

**1. DEBTOR'S NAME:** Provide only one Debtor name (1a or 1b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 1b, leave all of item 1 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| OR | 1a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 1b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | Weldon | Brian | | |

| 1c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 5486 W. Sample avenue | Fresno | ca | 93722 | USA |

**2. DEBTOR'S NAME:** Provide only one Debtor name (2a or 2b) (use exact, full name; do not omit, modify, or abbreviate any part of the Debtor's name); if any part of the Individual Debtor's name will not fit in line 2b, leave all of item 2 blank, check here ☐ and provide the Individual Debtor information in item 10 of the Financing Statement Addendum (Form UCC1Ad)

| OR | 2a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 2b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | | | | |

| 2c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| | | | | |

**3. SECURED PARTY'S NAME** (or NAME of ASSIGNEE of ASSIGNOR SECURED PARTY): Provide only one Secured Party name (3a or 3b)

| OR | 3a. ORGANIZATION'S NAME | | | |
|---|---|---|---|---|
| | 3b. INDIVIDUAL'S SURNAME | FIRST PERSONAL NAME | ADDITIONAL NAME(S)/INITIAL(S) | SUFFIX |
| | Guerena | J Micheal | | |

| 3c. MAILING ADDRESS | CITY | STATE | POSTAL CODE | COUNTRY |
|---|---|---|---|---|
| 240 Nice Lane #202 | Newport Beach | ca | 92663 | USA |

**4. COLLATERAL:** This financing statement covers the following collateral:

$5000 for Money owed Plus $100 per month penalties when not paid in full.

5. Check only if applicable and check only one box: Collateral is ☐ held in a Trust (see UCC1Ad, item 17 and Instructions) ☐ being administered by a Decedent's Personal Representative

| 6a. Check only if applicable and check only one box | | | 6b. Check only if applicable and check only one box |
|---|---|---|---|
| ☐ Public-Finance Transaction ☐ Manufactured-Home Transaction ☑ A Debtor is a Transmitting Utility | | | ☐ Agricultural Lien ☐ Non-UCC Filing |

7. ALTERNATIVE DESIGNATION (if applicable): ☐ Lessee/Lessor ☐ Consignee/Consignor ☐ Seller/Buyer ☐ Bailee/Bailor ☐ Licensee/Licensor

8. OPTIONAL FILER REFERENCE DATA:

**FILING OFFICE COPY**

# EXHIBIT "D"



**Main Street Escrow**

A Non-independent Broker Escrow
400 E. Main Street, Suite 110 , Visalia CA 93291
Tel: (559) 429-7210 – Fax: (559) 733-4448

SELLER'S CLOSING STATEMENT
Final

| | |
|---|---|
| Escrow Number: | 3482-DF |
| Escrow Officer: | Dana Forsythe |

| | |
|---|---|
| Title Order Number: | 01880-268408 |
| Date: | 08/10/2017 – 1:41:16PM |
| Closing Date: | 08/10/2017 |
| Disbursement Date: | 08/10/2017 |
| Loan Number: | 0507650349 |

Buyer/Borrower: Epimenio Silva and Claudia Silva

Seller: Brian Weldon

Property: 3549 E. Douglas Ave., Visalia, CA 93292

| DESCRIPTION | DEBITS | CREDITS |
|---|---|---|
| TOTAL CONSIDERATION | | 318,000.00 |
| **PRORATIONS/ADJUSTMENTS:** | | |
| Property Tax @ 1,058.19 per 6 month(s) 7/01/2017 to 8/10/2017 | 229.27 | |
| **COMMISSION(S):** | | |
| Listing Broker: Keller Williams Realty Tulare County | 11,130.00 | |
| Selling Broker: Keller Williams Realty Tulare County | 7,950.00 | |
| Other Broker: Keller Williams Transaction Coordinator | 495.00 | |
| **TITLE CHARGES** | | |
| Owner's Premium for 318,000.00: Stewart Title of California | 1,140.00 | |
| Sub Escrow Fee: Stewart Title of California | 62.50 | |
| County Transfer Tax: Stewart Title of California | 349.80 | |
| Miscellaneous Recording Fee: Stewart Title of California | 42.00 | |
| **ESCROW CHARGES TO: Main Street Escrow** | | |
| Settlement Agent Fee | 575.00 | |
| **LENDER CHARGES** | | |
| Rate Lock Extension: Wells Fargo Bank, N.A. | 1,431.00 | |
| **LOAN PAYOFF: Lending Home Funding Corporation** | | |
| Principal Balance 196,921.87 | | |
| Total Loan Payoff | 196,921.87 | |
| **LOAN PAYOFF: Michael Guerena** | | |
| Principal Balance 5,000.00 | | |
| Total Loan Payoff | 5,000.00 | |
| **ADDITIONAL DISBURSEMENTS:** | | |
| Natural Hazard Report Fee: Property ID | 79.00 | |
| BALANCE DUE YOU | 92,594.56 | |
| TOTALS | 318,000.00 | 318,000.00 |

81

**Main Street Escrow**
A Non Independent Broker Escrow
400 E. Main Street, Suite 110
Visalia, CA 93291
(559) 429-7210

CITIZENS
BUSINESS BANK
500 W. Main Street, Visalia CA 93291
90-3415/1222

Check No. 35697

Escrow No.: 3482-DF

Date: 8/10/2017

$ 92,594.56

Pay    NINETY TWO THOUSAND FIVE HUNDRED NINETY FOUR AND 56/100  DOLLARS

To The    Brian Weldon
Order     5486 W Sample
Of        Fresno, CA  93722

ESCROW TRUST ACCOUNT
VOID AFTER 90 DAYS

Ref:

SIGNATURE HAS A COLORED BACKGROUND - BORDER CONTAINS MICROPRINTING.

⑈35697⑈ ⑆122234149⑆ 674009380⑈

---

MAIN STREET ESCROW - A Non Independent Broker Escrow    (559) 429-7210    Check No.    35697
Date:      8/10/2017        Escrow No.: 3482-DF        (TR )   Closed:   8/10/2017    $ 92,594.56
Payee:     Brian Weldon
           5486 W Sample
           Fresno, CA  93722

Seller:    Brian Weldon
                                            Seller Proceeds
Buyer:     Epimenio Silva and Claudia Silva    Property:    3549 E. Douglas Ave., Visalia, CA
                                                            93292
Ref:
Memo 1:
Memo 2:
Detail:    Seller Proceeds              92,594.56

We Appreciate Your Business!

# EXHIBIT "E"

**Main Street Escrow**

A Non-Independent Broker Escrow
400 E. Main Street, Suite 110 , Visalia CA 93291
Tel: (559) 429-7210 • Fax: (559) 733-4448

SELLER'S CLOSING STATEMENT
Estimated

| | | | |
|---|---|---|---|
| Escrow Number: | 3482-DF | Title Order Number: | 01880-268408 |
| Escrow Officer: | Dana Forsythe | Date: | 07/31/2017 – 2:33:57PM |
| | | Closing Date: | 08/04/2017 |
| | | Disbursement Date: | |
| | | Loan Number: | 0507650349 |

Buyer/Borrower: Epimenio Silva and Claudia Silva

Seller: Brian Weldon

Property: 3549 E. Douglas Ave., Visalia, CA 93292

| DESCRIPTION | DEBITS | CREDITS |
|---|---|---|
| TOTAL CONSIDERATION | | 318,000.00 |
| PRORATIONS/ADJUSTMENTS: | | |
| Property Tax @ 1,058.19 per 6 month(s) 7/01/2017 to 8/04/2017 | | 194.00 |
| COMMISSION(S): | | |
| Listing Broker: Keller Williams Realty Tulare County | 11,130.00 | |
| Selling Broker: Keller Williams Realty Tulare County | 7,950.00 | |
| Other Broker: Keller Williams Transaction Coordinator | 495.00 | |
| TITLE CHARGES | | |
| Owner's Premium for 318,000.00: Stewart Title of California | 1,140.00 | |
| Sub Escrow Fee: Stewart Title of California | 62.50 | |
| County Transfer Tax: Stewart Title of California | 349.80 | |
| ESCROW CHARGES TO: Main Street Escrow | | |
| Settlement Agent Fee | 575.00 | |
| LOAN PAYOFF: Lending Home Funding Corporation | | |
| Principal Balance    196,921.67 | | |
| Total Loan Payoff | 196,921.67 | |
| LOAN PAYOFF: Paul Singer | | |
| Miscellaneous Charge    38,500.00 | | |
| Total Loan Payoff | 38,500.00 | |
| ADDITIONAL DISBURSEMENTS: | | |
| Natural Hazard Report Fee: Property ID | 79.00 | |
| Net Proceeds To Be Held In Escrow: MSE To Hold Net Proceeds | 60,991.03 | |
| TOTALS | 318,194.00 | 318,194.00 |

Brian Weldon

THIS IS AN ESTIMATED CLOSING STATEMENT FIGURES ARE SUBJECT TO CHANGE

**EXHIBIT "F"**



U220215926932

## STATE OF CALIFORNIA
*Office of the Secretary of State*
### UCC FINANCING STATEMENT AMENDMENT (UCC 3)

California Secretary of State
1500 11th Street
Sacramento, California 95814
(916) 653-3516

| For Office Use Only |
| :---: |
| **-FILED-** |
| File No.: U220215926932 |
| Date Filed: 8/3/2022 |

**Submitter Information:**

| | |
|---|---|
| Contact Name | Paul Singer |
| Organization Name | |
| Phone Number | (559) 824-2658 |
| Email Address | pvsingersenator@gmail.com |
| Address | 4928 E. Washington Ave<br>Fresno, CA 93727-0573 |

**Amendment Action Information:**

| | |
|---|---|
| Initial Financing Statement File Number | 177577750985 |
| Date Filed | 03/29/2017 |
| Amendment Action | Collateral Amendment |
| Collateral Change | Restate Collateral |

| | |
|---|---|
| Indicate how documentation of Collateral is provided: | Entered as Text |

**Description:**
Debtor forfeited conditional acceptance 5 years ago to fraud secured party. $49800.00 plus 10 percent over 60 month for a total of $80,203.40 plus 45 percent of profit remaining when Parcel 1 of parcel map 3534 103-306-029–000 ( also known as 3549 E. Douglas Avenue Visalia California 93732-9146) since sale occurred.

☐ Check this box to see additional UCC Collateral options.

**Name of Secured Party of Record Authorizing This Amendment:**

☐ If this Amendment is authorized by a Debtor, check this box and select the name of the Authorizing Debtor below.

| | |
|---|---|
| Authorizing Secured Party Name | PAUL VENTURA SINGER |

**Optional Filer Reference Information:**

**Miscellaneous Information:**
Benchmark Logic Real Estate Investment and Consulting and Brian Weldon

B0981-5500  08/03/2022  7:47 PM Received by California Secretary of State

1

## PROOF OF SERVICE

2

3    STATE OF CALIFORNIA,
     COUNTY OF FRESNO

4

5         I am resident in the County of Fresno, State of California. I am over the age of 18 years, and
     not a party to the within action. My local address is 4928 East Washington Avenue, Fresno, CA
6    93727.

         On August _14_, 2023 I served the within  on the interested parties in said action, by placing
7    a true copy thereof, enclosed in a sealed envelope and delivering it as follows: **SECOND
     AMENDED COMPLAINT**

8

9    ☐    (**BY FIRST CLASS MAIL**) I placed the envelope for collection and processing for
          mailing following the ordinary practice of this business with which I am readily familiar.
10        On the same day correspondence is placed for collection and mailing, it is deposited in
          the ordinary course of business with the United States Postal Service fully paid.

11

12   ☐    (**BY ELECTRONIC MAIL**) By electronically serving the documents on the person on
13        behalf of Brian Weldon to the electronic service address : cwaters@modernlegalpc.com

14

15   ☑    (**BY PERSONAL SERVICE**) By enclosing the document(s) in a sealed envelope
          addressed to the person(s) at the address(es) as set forth below and providing them to a
16        registered process server for personal service upon the addressee(s).

17

18   Brian Weldon
     C/O MODERN LEGAL PC
19   Craig C.O. Waters, Esq,
     5412 N. Palm Avenue, Suite 105
20   Fresno, California 93704-1943

21

22

         Executed on August _14_, 2023, in Fresno, California.  I declare under penalty of perjury
23   Under the laws of the State of California that the above is true and correct.

24

25

26                                              _____
                                                        Luetttis Lee
27

28

# EXHIBIT 4

## Description:

Defendant's Answer.

1  CRAIG C.O. WATERS, ESQ., SBN: 311109
   **LAW OFFICE OF ROBERT C. ABRAMS**
2  5412 N. Palm Avenue, Suite 101
   Fresno, California 93704
3  Telephone:    (559) 431-9710
   Facsimile:    (559) 431-4108
4
   Attorneys for Defendant,
5  BRIAN WELDON

E-FILED
7/3/2019 1:02 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

6

7

8                    IN THE SUPERIOR COURT OF CALIFORNIA

9                            COUNTY OF FRESNO
                                  *****

10  PAUL SINGER, an individual, and          Case No. 18CECG03151
    BENCHMARK LOGIC REAL ESTATE
11  INVESTING AND COSULTING, LLC, a
    California Limited Liability Company,
12                                            **ANSWER OF BRIAN WELDON TO**
                                              **UNVERIFIED COMPLAINT FOR:**
                            Plaintiffs,       1) **BREACH OF CONTRACT**
13                                            2) **BREACH OF THE COVENANT OF**
                                                 **GOOD FAITH AND FAIR**
14  vs.                                          **DEALING;**
                                              3) **COMMON COUNTS;**
15  BRIAN WELDON, an individual;             4) **CONVERSION;**
    FREEDOM INVESTMENTS, LLC, a             5) **INTENTIONAL**
16  California Limited Liability Company; and    **MISREPRESENTATION**
    DOES 1 through 50, inclusive             6) **NEGLIGENT**
17                                               **MISREPRESENTATION**
                            Defendants.       7) **UNJUST ENRICHMENT**
18                                            8) **ALTER EGO LIABILITY AND**
                                                 **DAMAGES**
19

20          Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants'

21  unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

22                               **GENERAL DENIAL**

23          This answering Defendant in answer to the unverified Complaint, and pursuant to the

24  provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each

25  and every allegation contained therein and the whole thereof, including each and every

26  purported cause of action contained in said Complaint, and denies, further, that Complainants

27  have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all.

28  Defendant further denies that Complainants have sustained any injury, damage or loss by

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

-1

ANSWER TO UNVERIFIED COMPLAINT

89

1 | reason of any act, omission or omission to act on the part of this answering Defendant or its

2 | agents, employees or predecessors-in-interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees, and representatives were negligent in and about the matters alleged in the Complaint, and their negligence was the legal cause of Complainants' injuries and damages, if any.

### Second Affirmative Defense

2. As a second and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' damages, if any, were caused by the negligence and wrongful conduct of Complainants and their agents, employees, and representatives and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of Complainants and/or Complainants' agents, employees and representatives contributed to Complainants' damages if any.

### Third Affirmative Defense

3. As a third and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees and representatives failed to mitigate, minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum which Complainants may be awarded reduced by such sums as could have been mitigated, minimized or avoided.

### Fourth Affirmative Defense

4. As a fourth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are unenforceable in that Complainants have voluntarily and knowingly waived each and all of Complainants' alleged rights and causes of action against this Defendant.

////

////

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

-2

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

### Fifth Affirmative Defense

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

### Sixth Affirmative Defense

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

### Seventh Affirmative Defense

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

### Eighth Affirmative Defense

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

### Ninth Affirmative Defense

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

### Tenth Affirmative Defense

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

-3

ANSWER TO UNVERIFIED COMPLAINT

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Eleventh Affirmative Defense**

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

**Twelfth Affirmative Defense**

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

**Thirteenth Affirmative Defense**

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

**Fourteenth Affirmative Defense**

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

**Fifteenth Affirmative Defense**

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

**Sixteenth Affirmative Defense**

16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the material breach of contract by Complainants discharged Defendant from any obligation to Complainants.

////

////

-4

ANSWER TO UNVERIFIED COMPLAINT

**Seventeenth Affirmative Defense**

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

**Eighteenth Affirmative Defense**

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

**Nineteenth Affirmative Defense**

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

**Twentieth Affirmative Defense**

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

**Twenty-first Affirmative Defense**

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

**Twenty-Second Affirmative Defense**

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

ANSWER TO UNVERIFIED COMPLAINT

93

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.


DATED: July __2__, 2019.          LAW OFFICE OF ROBERT C. ABRAMS


CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

-6-

ANSWER TO UNVERIFIED COMPLAINT

PROOF OF SERVICE

STATE OF CALIFORNIA    )
                       )
COUNTY OF FRESNO       )

      I am employed in the County of Fresno, State of California.  I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

      On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐    **BY OVERNIGHT DELIVERY:**  By placing true copies thereof enclosed in sealed envelopes addressed as set forth below.  I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒    **BY MAIL:**  By placing true copies thereof enclosed in sealed envelopes addressed as set forth below.  I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐    **BY PERSONAL SERVICE:**  By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below.  I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐    **BY FAX:**  I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

**Attorneys for Paul Singer**
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

      Executed on July 3, 2019, at Fresno, California.  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

*Kayla L. Watters*

Kayla L. Waters

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

PROOF OF SERVICE

95

# EXHIBIT 5

## Description:

First Amended Answer filed in 2023.

1  CRAIG C.O. WATERS, ESQ. (SBN: 311109)
   **MODERN LEGAL PC**
2  5412 N. Palm Avenue, Suite 105
   Fresno, California 93704
3  Telephone:    (559) 603-8522
   Facsimile:    (559) 777-6604
4  Email:    cwaters@modernlegalpc.com
5
6  Attorney for Defendant and Cross-Complainant
   BRIAN WELDON
7

E-FILED
1/20/2023 12:21 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

8                    **IN THE SUPERIOR COURT OF CALIFORNIA**

9                              **COUNTY OF FRESNO**

10

11  PAUL    SINGER,    an    individual,    and          Case No.  18CECG03151
    BENCHMARK    LOGIC    REAL    ESTATE
12  INVESTING AND CONSULTING, LLC, a                     **FIRST AMENDED ANSWER OF BRIAN**
    California Limited Liability Company,                **WELDON TO UNVERIFIED**
13                                                       **COMPLAINT FOR:**
                      Plaintiffs,                        1) **BREACH OF CONTRACT;**
14                                                       2) **BREACH OF THE COVENANT OF**
        v.                                                  **GOOD FAITH AND FAIR DEALING;**
15                                                       3) **COMMON COUNTS;**
    BRIAN WELDON, an individual; FREEDOM                 4) **CONVERSION;**
16  INVESTMENTS, LLC, a California Limited               5) **INTENTIONAL**
    Liability Company; and DOES 1 through 50,               **MISREPRESENTATION;**
17  inclusive                                            6) **NEGLIGENT**
                                                            **MISREPRESENTATION;**
18                    Defendants.                        7) **UNJUST ENRICHMENT;**
                                                         8) **ALTER EGO LIABILITY AND**
19                                                          **DAMAGES**

20  BRIAN WELDON, an individual;                         Assigned to Hon. Kristi Culver Kapetan, Dept.
                                                         403
21                    Cross-Complainant,                 Complaint filed: August 23, 2018
        v.                                               Cross-Complaint filed: September 21, 2020
22
    PAUL    SINGER,    an    individual;    and
23  BENCHMARK    LOGIC    REAL    ESTATE
    INVESTING AND CONSULTING, LLC, a
24  California Limited Liability Company; ROES
    1 through 20, inclusive,
25
                      Cross-Defendants.
26

27      Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants'

28  unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

---
                                              1

## GENERAL DENIAL

This answering Defendant in answer to the unverified Complaint, and pursuant to the provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each and every allegation contained therein and the whole thereof, including each and every purported cause of action contained in said Complaint, and denies, further, that Complainants have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all. Defendant further denies that Complainants have sustained any injury, damage or loss by reason of any act, omission or omission to act on the part of this answering Defendant or its agents, employees or predecessors-in-interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees, and representatives were negligent in and about the matters alleged in the Complaint, and their negligence was the legal cause of Complainants' injuries and damages, if any.

### Second Affirmative Defense

2. As a second and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' damages, if any, were caused by the negligence and wrongful conduct of Complainants and their agents, employees, and representatives and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of Complainants and/or Complainants' agents, employees and representatives contributed to Complainants' damages if any.

### Third Affirmative Defense

3. As a third and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees and representatives failed to mitigate, minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum which Complainants may be awarded reduced by such sums as could have been mitigated, minimized or avoided.


MODERN LEGAL PC

**Fourth Affirmative Defense**

4.  As a fourth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are unenforceable in that Complainants have voluntarily and knowingly waived each and all of Complainants' alleged rights and causes of action against this Defendant.

**Fifth Affirmative Defense**

5.  As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

6.  As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

**Seventh Affirmative Defense**

7.  As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

**Eighth Affirmative Defense**

8.  As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

**Ninth Affirmative Defense**

9.  As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.


MODERN LEGAL PC

FIRST AMENDED ANSWER TO UNVERIFIED COMPLAINT

### Tenth Affirmative Defense

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

### Eleventh Affirmative Defense

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

### Twelfth Affirmative Defense

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

### Thirteenth Affirmative Defense

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

### Fourteenth Affirmative Defense

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

### Fifteenth Affirmative Defense

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

////

////

////





MODERN LEGAL PC

FIRST AMENDED ANSWER TO UNVERIFIED COMPLAINT

1

### Sixteenth Affirmative Defense

2    16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the

3    material breach of contract by Complainants discharged Defendant from any obligation to

4    Complainants.

5

### Seventeenth Affirmative Defense

6    17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that

7    Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and

8    Code of Civil Procedure section 431.70.

9

### Eighteenth Affirmative Defense

10    18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the

11    Complaint and each and every cause of action alleged in it are barred because Complainants

12    consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

13

### Nineteenth Affirmative Defense

14    19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the

15    Complaint and each and every cause of action alleged in it are barred because Complainants ratified

16    whatever actions Complainants claims that Defendant took or failed to take.

17

### Twentieth Affirmative Defense

18    20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the

19    Complaint and each and every cause of action alleged in it are barred by the provisions of California

20    Code of Civil Procedure section 337.

21

### Twenty-first Affirmative Defense

22    21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the

23    Complaint and each and every cause of action alleged in it are barred by the provisions of California

24    Code of Civil Procedure section 338.

25

### Twenty-Second Affirmative Defense

26    22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that

27    the Complaint and each and every cause of action alleged in it are barred by the provisions of

28    California Business and Professions Code Section 7031.



MODERN LEGAL PC

FIRST AMENDED ANSWER TO UNVERIFIED COMPLAINT

1

### Twenty-Third Affirmative Defense

2    23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that

3  the Complaint and each and every cause of action alleged in it are barred by the provisions of

4  Contractor's State Licensing Law.

5    ### Twenty-Fourth Affirmative Defense

6    **24. As a twenty-fourth and separate affirmative defense, this answering Defendant alleges**

7  **that Plaintiff Benchmark has been suspended by the Franchise Tax Board, is disqualified from**

8  **exercising any right, power, or privilege, including prosecuting or defending an action, or**

9  **appealing a judgment, and thus lacks the capacity necessary to prosecute any claims against**

10  **this answering Defendant.**

11

12  Dated: January _19_, 2023               MODERN LEGAL PC

13

14

15                                         CRAIG C.O. WATERS, Attorney for
                                           BRIAN WELDON
16

17

18

19

20

21

22

23

24

25

26

27

28

FIRST AMENDED ANSWER TO UNVERIFIED COMPLAINT

MODERN LEGAL PC

102

1

## PROOF OF SERVICE

2  STATE OF CALIFORNIA

3  COUNTY OF FRESNO

4          I am employed in the County of Fresno, State of California. I am over the age of 18 and not
5  a party to the within action; my business address is 5412 N. Palm Avenue, Suite 105, Fresno, CA
   93704.

6
          On January  20  , 2023, I served the foregoing document(s) described as: **FIRST**
7  **AMENDED ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR 1)**
   **BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND**
8  **FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL**
   **MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST**
9  **ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action
   as follows:
10

11  ☒     **BY EMAIL:** I caused such document to be sent via email transmission to the offices of
12        the addressee(s) as set forth below:

13  ☒     **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set
14        forth below. I am readily familiar with the firm's practice of collection and processing
          correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal
15        Service on that same day with postage thereon fully prepaid at Fresno, California, in the
          ordinary course of business. I am aware that on motion of the party served, service is
16        presumed invalid if postal cancellation date or postage meter date is more than one day
          after date of deposit for mailing in affidavit.
17

18  ☐     **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed
19        envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand
          to the offices of the addressee(s).
20

21        Paul Singer                           Benchmark   Logic   Real   Estate
          4928 E. Washington Avenue             Investing & Consulting, LLC
22        Fresno, CA 93727                      c/o Paul Ventura Singer
          paul@calscope.com                     paul@calscope.com
23
          Executed on January  20  , 2023, at Fresno, California. I declare under penalty of perjury
24  under the laws of the State of California that the foregoing is true and correct.

25

26

27                                          _Jacqueline Cardozo_
                                            Jacqueline Cardozo
28

_____

                                        7
                    FIRST AMENDED ANSWER TO UNVERIFIED COMPLAINT

MODERN LEGAL PC

103

# EXHIBIT 6

## Description:

August 8, 2023 Fresno Superior Court Minute Order
stating: *"Tentative ruling adopted. No further order is
necessary. The clerk is directed to give notice."*

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | |
|---|---|
| **TITLE OF CASE:**<br><br>**Paul Singer vs. Brian Weldon** | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:<br>**18CECG03151** |

| | | | |
|---|---|---|---|
| Hearing Date: | **August 8, 2023** | Hearing Type: | **Demurrer** |
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: | **Not Reported** |

**Appearing Parties:**

Plaintiff:                                          Defendant:

Counsel:                                          Counsel:

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

[ ] Submitted on points and authorities with/without argument.    [ ] Matter is argued and submitted.

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.    [ ] Motion is denied  [ ] with/without prejudice.

[ ] Taken under advisement

**[X] No Oral Argument requested as required per Local Rule 2.2.5 & CRC 3.1308(a)(1).**

**[X] Pursuant to CRC 3.1312(a) and CCP 1019.5(a), no further order is necessary. The minute order adopting the tentative ruling serves as the order of the court. See attached copy of the Tentative Ruling.**

**[X] Any party intending to appear remotely for future hearings must submit a request to and obtain approval by the hearing judge utilizing form RA-010. Personal appearances are required for trial dates. (pursuant to CRC 3.672 & Fresno Superior Court Local Rule 1.1.19).**

**[X] Service by the clerk will constitute notice of the order.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
    Principal $__    Interest $__    Costs $__    Attorney fees $__    Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.   [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

(27)

## Tentative Ruling

Re:                          ***Paul Singer v. Brian Weldon***
                             Superior Court Case No. 18CECG03151

Hearing Date:                August 8, 2023 (Dept. 502)

Motion:                      Defendants' Demurrer to the First Amended Complaint

**If oral argument is timely requested, the matter will be heard on Thursday, August 10, 2023 at 3:30 p.m. in Dept. 502**

**Tentative Ruling:**

>      To overrule the demurrer to the first thru third causes of action.  To sustain the demurrer to the fourth thru seventh causes of action.

>      To grant leave to amend.  Should plaintiff desire to amend, the Second Amended Complaint shall be filed within ten (10) days from the date of this order.  The new amendments shall be in **bold print**.  Should plaintiff elect not to amend, demurring defendants shall file responsive pleadings within twenty (20) days from the date of this order.

**Explanation:**

>      *First thru Third Causes of Action: Breach of Contract, Implied Covenant, and Common Counts*

>      Standing can appropriately be tested by a general demurrer (*County of Fresno v. Shelton* (1998) 66 Cal.App.4th 996, 1009), and " '[a] plaintiff lacks standing to sue if, for example, it [is] not ... a real party in interest.'" (*The Rossdale Group, LLC v. Walton* (2017) 12 Cal.App.5th 936, 945.)  A real party in interest in a contract action is one who has an interest in damages incurred from its breach. (*Sobelman v. Maier* (1927) 203 Cal. 1, 7; see also *McCollum v. Steitz* (1968) 261 Cal.App.2d 76, 80 ["One may be liable under a trade name even though one's own name is not on the instrument."]; *Escondido Oil & Development Co. v. Glaser* (1904) 144 Cal. 494, 499 [Allegation that a real party in interest to a contract includes an entity or one of its principal sufficient to defeat a demurrer.].)

>      Defendants contend plaintiff Paul Singer ("Singer") lacks standing because "[t]he Contract is, on its face, clearly an agreement between Freedom and Benchmark[,]" i.e. the entities' principals were not parties to the agreement. (Points & Auth. in support of Demurrer, at p. 5:12-13.)  However, the contract attached to the First Amended Complaint ("FAC") specifies that "[t]his contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC (BLREIC, Inc.) (" 'First Party'"), and Brian Weldon of Freedom Investments, LLC, (" 'Second Party'"). (See First Amended Complaint, Ex. A.)  Unlike Brian Weldon, Paul Singer signed the document without noting his title/capacity.  (*Id*.)  Accordingly, the unambiguous terms of the contract specify that Paul Singer is a part of the "First Party," which, pursuant to the

3

unambiguous terms of the contract, would be responsible to "perform rehabilitation of real estate in the partnership." (*Id.*)

Singer was entitled to receive at least a portion of the contractual benefit and thus possesses standing to sue for damages incurred. (*Sobelman v. Maier, supra*, 203 Cal. at p. 7.) In other words, it is reasonably logical that Singer, as a signor, would be a responsible party if Weldon/Freedom Investments alleged breach. (See *Perez v. Golden Empire Transit Dist.* (2012) 209 Cal.App.4th 1228, 1238 ["This rule of liberal construction means that the reviewing court draws inferences favorable to the plaintiff, not the defendant."].)

Accordingly, the FAC is not facially defective on standing grounds. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318 ["we give the complaint a reasonable interpretation, reading it as a whole and its parts in their context."].) The FAC otherwise alleges the existence of contract (FAC Ex. A), that plaintiff performed (FAC ¶ 23), and that defendants' nonpayment caused plaintiff's damages. (FAC ¶¶ 24, 31). (*Wall Street Network, Ltd. v. New York Times Co.* (2008) 164 Cal.App.4th 1171, 1178 [elements of breach of contract]; *Farmers Ins. Exchange v. Zerin* (1997) 53 Cal.App.4th 445, 460 [elements of common counts].) Therefore, the demurrer to the first thru third causes of action is overruled.

### Fourth Cause of Action: Conversion

"A 'generalized claim for money [is] not actionable as conversion.'" (*PCO, Inc. v. Christensen, Miller, Fink, Jacobs, Weil & Shapiro, LLP* (2007) 150 Cal.App.4th 384, 395, citations omitted.) " '[M]oney cannot be the subject of a conversion action unless a specific sum capable of identification is involved.'" (*Ibid*, citations omitted.)

Here, although the FAC alleges the existence of an escrow account (FAC ¶ 24), the FAC does not specify that an identifiable sum of money allegedly remains wrongfully withheld. Rather, the FAC makes a generalized allegation that plaintiff's damages arise from a breach of contract. (FAC ¶¶ 38, 20.) Therefore, the FAC does not sufficiently state a cause of action for conversion.

### Fifth thru Seventh Causes of Action: Intentional Misrepresentation, Negligent Misrepresentation, and Unjust Enrichment based upon Fraud

"To withstand a demurrer, a complaint must allege ultimate facts, not evidentiary facts or conclusions of law." (*Logan v. Southern Cal. Rapid Transit Dist.* (1982) 136 Cal.App.3d 116, 126.) Furthermore, particularity is required when asserting statutory and fraud causes of action. (*Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 410; *Blickman Turkus, LP v. MF Downtown Sunnyvale, LLC* (2008) 162 Cal.App.4th 858, 878.)

Generally, it is well settled that absent a demonstration of harm above and beyond a broken contractual promise an aggrieved party is only allowed to recover contract, not tort, damages. (*Robinson Helicopter Co., Inc. v. Dana Corp.* (2004) 34 Cal.4th 979, 988.) In other words, "conduct amounting to a breach of contract becomes tortious only when it also violates a duty independent of the contract arising from

4

principles of tort law." (*Erlich v. Menezes* (1999) 21 Cal.4th 543, 551; *Las Palmas Associates v. Las Palmas Center Associates* (1991) 235 Cal.App.3d 1220, 1238-1239 [Sufficiently pled allegations of fraud sufficient to support tort liability and punitive damages].)

For example, knowledge of falsity (or scienter) is a necessary element of fraud. (See Opp. at p. 3:5 citing *Multifamily Captive Grp., LLC v. Assurance Risk Managers, Inc.* (2008) 578 F.Supp.2d 1242, 1250; see also *Tenzer v. Superscope, Inc.* (1985) 39 Cal.3d 18, 30 ["'something more than nonperformance is required to prove the defendant's intent not to perform his promise.'"].)  In essence, although fraud may be alleged as a conclusion (*Universal By-Products, Inc. v. City of Modesto* (1974) 43 Cal.App.3d 145, 151), there must be allegations that the promisor did not intend to perform at the time of formation. (*Tarmann v. State Farm Mut. Auto. Ins. Co.* (1991) 2 Cal.App.4th 153, 159.)  In other words, "[s]imply put, making a promise with an honest but unreasonable intent to perform is wholly different from making one with no intent to perform and, therefore, does not constitute a false promise." (*Ibid.*)

Here, the FAC concludes that the promisor knew the representation was false when it was made (¶ 42), but there are no specific facts alleged to demonstrate that knowledge, i.e. there are no facts alleged to infer that, at the time the contract was made, there was no intention to perform.  (See *Lazar v. Superior Court* (1996) 12 Cal.4th 631, 645 ["fraud must be pled specifically; general and conclusory allegations do not suffice."]; *OCM Principal Opportunities Fund, L.P. v. CIBC World Markets Corp.* (2007) 157 Cal.App.4th 835, 863 [Evidence that a bank questioned sales numbers supported jury finding of scienter even though a formal report was never reviewed]; *West v. JPMorgan Chase Bank, N.A.* (2013) 214 Cal.App.4th 780, 793 [fraud must be plead with specificity "to give notice to the defendant with sufficiently definite charges that the defendant can meet them" and "to weed out meritless fraud claims."].)

Consequently, without sufficiently alleging knowledge of falsity (or scienter), the FAC fails to adequately allege fraud. Furthermore, plaintiff has entitled the seventh cause of action "Unjust Enrichment based upon Fraud."  Considering that the FAC fails to allege sufficient facts to support the fraud causes of action, plaintiff's seventh cause of action, which is "based upon fraud," is also insufficient. Finally, "[t]he phrase 'Unjust Enrichment' does not describe a theory of recovery, but an effect: the result of a failure to make restitution under circumstances where it is equitable to do so." (*Lauriedale Associates, Ltd. v. Wilson* (1992) 7 Cal.App.4th 1439, 1448.)

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary.  The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____ KCK _____ on 8 / 8 / 23 .
                  (Judge's initials)              (Date)

5

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br> Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

[Minute Order and Tentative Ruling, dated 8/8/23]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing: Fresno, California 93724-0002

On Date:  08/08/2023                    Clerk, by _____, Deputy

E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06

CLERK'S CERTIFICATE OF MAILING

# EXHIBIT 7

## Description:

September 21, 2023 Fresno Superior Court Minute Order stating: *"No further order is necessary."*

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | | |
|---|---|---|
| TITLE OF CASE:<br>Paul Singer vs. Brian Weldon | | |
| LAW AND MOTION MINUTE ORDER | Case Number:<br>**18CECG03151** | |

| | | | |
|---|---|---|---|
| Hearing Date: | **September 21, 2023** | Hearing Type: | **Ex Parte Hearing – Set Aside Dismissal** |
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: | **Not Reported** |

**Appearing Parties:**

Plaintiff: **Paul Singer**                     Defendant:

Counsel: Pro Per                                Counsel: **Craig Waters**

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

**[X] The Court has read and considered the moving papers and opposition filed.**

**[X] Matter is argued and submitted.**

**[X] Plaintiff's Ex Parte Application for an Order to Set Aside Dismissal is DENIED; no emergency basis found under the ex parte statute.**

[ ] Taken under advisement

[ ] Demurrer   [ ] overruled [ ] sustained with __ days to [ ] answer [ ] amend

[ ] Tentative ruling becomes the order of the court.  No further order is necessary.

[ ] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

**[X] Service by the clerk will constitute notice of the order.**

[ ] See attached copy of the Tentative Ruling.

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
    Principal $__   Interest $__   Costs $__   Attorney fees $__   Total $__
[ ] Claim of exemption [ ] granted [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be  [ ] released to judgment creditor. [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.   [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18                                    **LAW AND MOTION MINUTE ORDER**
Mandatory Form

\\\

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>Paul Singer vs. Brian Weldon | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>18CECG03151 |

I certify that I am not a party to this cause and that a true copy of the:

**[Minute Order, dated 9/21/23]**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:   09/22/2023                    Clerk, by _____, Deputy

E. Gonzalez

> Paul Singer
> 4928 E. Washington Ave
> Fresno, CA 93727

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                      **CLERK'S CERTIFICATE OF MAILING**

112

# EXHIBIT 8

## Description:

March 19, 2024 Fresno Superior Court Minute Order
stating: *"No further order is necessary."*

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | |
|---|---|
| TITLE OF CASE:<br><br>  **Paul Singer vs. Brian Weldon** | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:<br><br>  **18CECG03151** |

| | | |
|---|---|---|
| Hearing Date: | **March 19, 2024** | Hearing Type: **Motion - Set Aside Dismissal** |
| Department: | **502** | Judge: **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: **Not Reported** |

| Appearing Parties: | |
|---|---|
| Plaintiff: **Paul Singer** | Defendant: |
| Counsel: **Pro Per** | Counsel: **Craig Waters** |

[ ] Off Calendar

[ ] Continued to [ ] Set for __ at __ Dept. __ for __

**[X] Plaintiff timely requested argument. [X] Matter is argued and submitted.**

[ ] Upon filing of points and authorities.

[ ] Motion is granted [ ] in part and denied in part. [ ] Motion is denied [ ] with/without prejudice.

[ ] Demurrer [ ] overruled [ ] sustained with __ days to [ ] answer [ ] amend

**[X] After further review of the arguments, facts and evidence; the Court now adopts the Tentative Ruling without modifications and becomes the order of the court. See attached copy of the Tentative Ruling.**

**[X] Pursuant to CRC 3.1312(a) and CCP 1019.5(a), no further order is necessary. The minute order adopting the tentative ruling serves as the order of the court.**

**[X]** *Any party who wishes to appear remotely for future hearings is required to submit a request to and obtain approval by the Court utilizing Judicial Council forms RA-010 & RA-020.*

**[X] Service by the clerk will constitute notice of the order.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
  Bench warrant issued in the amount of $ __

 JUDGMENT:
[ ] Money damages [ ] Default [ ] Other __ entered in the amount of:
  Principal $__ Interest $__ Costs $__ Attorney fees $__ Total $__
[ ] Claim of exemption [ ] granted [ ] denied. Court orders withholdings modified to $__ per __

 FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be [ ] released to judgment creditor. [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified. [ ] Writ to issue
[ ] Notice to be filed within 15 days. [ ] Restitution of Premises
[ ] Other: __

---

CV-14b R03-18 **LAW AND MOTION MINUTE ORDER**

(27)

## Tentative Ruling

Re:              **Paul Singer v. Brian Weldon**
                          Superior Court Case No. 18CECG03151

Hearing Date:      March 19, 2024 (Dept. 502)

Motion:            By Plaintiff to Vacate Dismissal

**Tentative Ruling:**

To deny.

**Explanation:**

Plaintiff, as "[t]he party seeking relief," "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Furthermore, "pro per litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure." (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.) In addition, "[t]o entitle [a party] to relief the acts which brought about the default [or dismissal] must have been the acts of a reasonably prudent person under the same circumstances." (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58; see also *Andrews v. Jacoby* (1919) 39 Cal.App. 382, 383 [simply claiming a client is "busy and occupied with other affairs" is insufficient].)

Plaintiff Paul Singer requests the court vacate his voluntary request for dismissal of the complaint without prejudice, reinstate the case, and enter defendant's default. He claims his confusion of the procedures and legal consequences of requesting dismissal caused him to mistakenly file the dismissal request. (See Points & Auth. at p. 6:13-19.) However, as the opposition notes, plaintiff's prosecution of this case has stalled on numerous occasions, and, even if reinstated, it appears to be facing a mandatory dismissal under Code of Civil Procedure, section 583.10. In addition, despite his self-represented status, plaintiff is not exempt to the plain and unambiguous provisions of the Code of Civil Procedure. (See *Gamet v. Blanchard, supra,* 91 Cal.App.4th at p. 1284.) Finally, plaintiff has not filed a reply, which tends to support denial. Therefore, the motion is denied.

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

Tentative Ruling
Issued By: _____**KCK**_____ on _3/19/24_.
          (Judge's initials)         (Date)

10

115

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California 93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

### [Minute Order and Tentative Ruling, dated 3/19/24]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.  I am readily familiar with this court's practice for collecting and processing correspondence for mailing.  On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California 93724-0002

On Date:  03/20/2024                    Clerk, by _____, Deputy

E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Ave, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                          CLERK'S CERTIFICATE OF MAILING

116

# EXHIBIT 9

## Description:

June 26, 2024 Fresno Superior Court Minute Order stating: *"Tentative ruling adopted. No further order is necessary."*

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | |
|---|---|
| TITLE OF CASE:<br><br>**Paul Singer vs. Brian Weldon** | |
| **LAW AND MOTION MINUTE ORDER** | Case Number:<br>**18CECG03151** |

| Hearing Date: | **March 19, 2024** | Hearing Type: | **Motion - Set Aside Dismissal** |
|---|---|---|---|
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: | **Not Reported** |

| **Appearing Parties:** | |
|---|---|
| Plaintiff: **Paul Singer** | Defendant: |
| Counsel: **Pro Per** | Counsel: **Craig Waters** |

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

**[X] Plaintiff timely requested argument.    [X] Matter is argued and submitted.**

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.   [ ] Motion is denied  [ ] with/without prejudice.

[ ] Demurrer   [ ] overruled  [ ] sustained  with  __ days to  [ ] answer [ ] amend

**[X] After further review of the arguments, facts and evidence; the Court now adopts the Tentative Ruling without modifications and becomes the order of the court. See attached copy of the Tentative Ruling.**

**[X] Pursuant to CRC 3.1312(a) and CCP 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.**

**[X] *Any party who wishes to appear remotely for future hearings is required to submit a request to and obtain approval by the Court utilizing Judicial Council forms RA-010 & RA-020.***

**[X] Service by the clerk will constitute notice of the order.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

 JUDGMENT:
[ ] Money damages    [ ] Default   [ ] Other  __ entered in the amount of:
    Principal $__    Interest $__    Costs $__    Attorney fees $__    Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

 FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be    [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.    [ ] Writ to issue
[ ] Notice to be filed within 15 days.    [ ] Restitution of Premises
[ ] Other: __

---

CV-14b R03-18                    **LAW AND MOTION MINUTE ORDER**
Mandatory Form

118

(27)

## Tentative Ruling

Re:                   ***Paul Singer v. Brian Weldon***
                      Superior Court Case No. 18CECG03151

Hearing Date:         March 19, 2024 (Dept. 502)

Motion:               By Plaintiff to Vacate Dismissal

**Tentative Ruling:**

    To deny.

**Explanation:**

    Plaintiff, as "[t]he party seeking relief," "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Furthermore, "pro per litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure." (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.) In addition, "[t]o entitle [a party] to relief the acts which brought about the default [or dismissal] must have been the acts of a reasonably prudent person under the same circumstances." (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58; see also *Andrews v. Jacoby* (1919) 39 Cal.App. 382, 383 [simply claiming a client is "busy and occupied with other affairs" is insufficient].)

    Plaintiff Paul Singer requests the court vacate his voluntary request for dismissal of the complaint without prejudice, reinstate the case, and enter defendant's default. He claims his confusion of the procedures and legal consequences of requesting dismissal caused him to mistakenly file the dismissal request. (See Points & Auth. at p. 6:13-19.) However, as the opposition notes, plaintiff's prosecution of this case has stalled on numerous occasions, and, even if reinstated, it appears to be facing a mandatory dismissal under Code of Civil Procedure, section 583.10. In addition, despite his self-represented status, plaintiff is not exempt to the plain and unambiguous provisions of the Code of Civil Procedure. (See *Gamet v. Blanchard, supra,* 91 Cal.App.4th at p. 1284.) Finally, plaintiff has not filed a reply, which tends to support denial. Therefore, the motion is denied.

    Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling**
**Issued By:** _____KCK_____ on _3/19/24_.
                  (Judge's initials)                    (Date)

10

119

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California   93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br> Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br> . 18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

[Minute Order and Tentative Ruling, dated 3/19/24]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:  03/20/2024        Clerk, by _____, Deputy

E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Ave, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐ Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    CLERK'S CERTIFICATE OF MAILING

120

# EXHIBIT 10

## Description:

September 21, 2023 Fresno Superior Court Minute Order stating: *"Tentative ruling adopted. No further order is necessary. No statement of decision will issue."*

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department - Non-Limited | | |
|---|---|---|
| TITLE OF CASE:<br><br>Paul Singer vs. Brian Weldon | | |
| LAW AND MOTION MINUTE ORDER | Case Number:<br><br>**18CECG03151** | |

| | | |
|---|---|---|
| Hearing Date: | **September 21, 2023** | Hearing Type: | **Ex Parte Hearing – Set Aside Dismissal** |
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: | **Not Reported** |

| Appearing Parties: | |
|---|---|
| Plaintiff: **Paul Singer** | Defendant: |
| Counsel: Pro Per | Counsel: **Craig Waters** |

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

**[X] The Court has read and considered the moving papers and opposition filed.**

**[X] Matter is argued and submitted.**

**[X] Plaintiff's Ex Parte Application for an Order to Set Aside Dismissal is DENIED; no emergency basis found under the ex parte statute.**

[ ] Taken under advisement

[ ] Demurrer   [ ] overruled  [ ] sustained  with  __ days to  [ ] answer  [ ] amend

[ ] Tentative ruling becomes the order of the court.  No further order is necessary.

[ ] Pursuant to CRC 3.1312(a) and CCP section 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.

**[X] Service by the clerk will constitute notice of the order.**

[ ] See attached copy of the Tentative Ruling.

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages  [ ] Default  [ ] Other __ entered in the amount of:
    Principal $__  Interest $__  Costs $__  Attorney fees $__  Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be  [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.  [ ] Writ to issue
[ ] Notice to be filed within 15 days.  [ ] Restitution of Premises
[ ] Other: __

---

**LAW AND MOTION MINUTE ORDER**

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>  Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>  18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

### [Minute Order, dated 9/21/23]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California   93724-0002

On Date:   09/22/2023                    Clerk, by _____, Deputy

                                                                    E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 |
|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                          CLERK'S CERTIFICATE OF MAILING

123

# EXHIBIT 11

## Description:

March 19, 2024 Fresno Superior Court Minute Order stating: *"The Court takes matter under submission.  No further order is necessary."*

124

**SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO**
**Civil Department - Non-Limited**

TITLE OF CASE:

**Paul Singer vs. Brian Weldon**

| LAW AND MOTION MINUTE ORDER | Case Number:<br>**18CECG03151** |
|---|---|

| | |
|---|---|
| Hearing Date: **March 19, 2024** | Hearing Type: **Motion - Set Aside Dismissal** |
| Department: **502** | Judge: **Culver Kapetan, Kristi** |
| Court Clerk: **Gonzalez, Estela** | Reporter: **Not Reported** |

**Appearing Parties:**

Plaintiff: **Paul Singer**                                      Defendant:

Counsel: **Pro Per**                              Counsel: **Craig Waters**

[ ] Off Calendar

[ ] Continued to   [ ] Set for __ at __ Dept. __ for __

**[X] Plaintiff timely requested argument.     [X] Matter is argued and submitted.**

[ ] Upon filing of points and authorities.

[ ] Motion is granted   [ ] In part and denied in part.   [ ] Motion is denied [ ] with/without prejudice.

[ ] Demurrer   [ ] overruled [ ] sustained with __ days to [ ] answer [ ] amend

**[X] After further review of the arguments, facts and evidence; the Court now adopts the Tentative Ruling without modifications and becomes the order of the court. See attached copy of the Tentative Ruling.**

**[X] Pursuant to CRC 3.1312(a) and CCP 1019.5(a), no further order is necessary. The minute order adopting the tentative ruling serves as the order of the court.**

**[X]** *Any party who wishes to appear remotely for future hearings is required to submit a request to and obtain approval by the Court utilizing Judicial Council forms RA-010 & RA-020.*

**[X] Service by the clerk will constitute notice of the order.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages   [ ] Default   [ ] Other __ entered in the amount of:
    Principal $__   Interest $__   Costs $__   Attorney fees $__   Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.    [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18                                   **LAW AND MOTION MINUTE ORDER**

(27)

## Tentative Ruling

Re:                          ***Paul Singer v. Brian Weldon***
                             Superior Court Case No. 18CECG03151

Hearing Date:                March 19, 2024 (Dept. 502)

Motion:                      By Plaintiff to Vacate Dismissal

**Tentative Ruling:**

     To deny.

**Explanation:**

     Plaintiff, as "[t]he party seeking relief," "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Furthermore, "pro per litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure." (*Garnet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.) In addition, "[t]o entitle [a party] to relief the acts which brought about the default [or dismissal] must have been the acts of a reasonably prudent person under the same circumstances." (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58; see also *Andrews v. Jacoby* (1919) 39 Cal.App. 382, 383 [simply claiming a client is "busy and occupied with other affairs" is insufficient].)

     Plaintiff Paul Singer requests the court vacate his voluntary request for dismissal of the complaint without prejudice, reinstate the case, and enter defendant's default. He claims his confusion of the procedures and legal consequences of requesting dismissal caused him to mistakenly file the dismissal request. (See Points & Auth. at p. 6:13-19.) However, as the opposition notes, plaintiff's prosecution of this case has stalled on numerous occasions, and, even if reinstated, it appears to be facing a mandatory dismissal under Code of Civil Procedure, section 583.10. In addition, despite his self-represented status, plaintiff is not exempt to the plain and unambiguous provisions of the Code of Civil Procedure. (See *Garnet v. Blanchard, supra*, 91 Cal.App.4th at p. 1284.) Finally, plaintiff has not filed a reply, which tends to support denial. Therefore, the motion is denied.

     Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

**Tentative Ruling
Issued By:** _____KCK_____ on __3/19/24__ .
        (Judge's initials)       (Date)

10

126

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | *FOR COURT USE ONLY* |
|---|---|
| TITLE OF CASE:<br>  Paul Singer vs. Brian Weldon | |
| **CLERK'S CERTIFICATE OF MAILING** | CASE NUMBER:<br>.  18CECG03151 |

I certify that I am not a party to this cause and that a true copy of the:

### [Minute Order and Tentative Ruling, dated 3/19/24]

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  03/20/2024              Clerk, by _____, Deputy

                                                         E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>·Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Ave, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                    **CLERK'S CERTIFICATE OF MAILING**

127

# EXHIBIT 12

## Description:

March 19, 2024 Fresno Superior Court Minute Order stating: *"Case management conference held.  No further order is necessary."*

SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO

Civil Department - Non-Limited

| TITLE OF CASE: | |
|---|---|
| **Paul Singer vs. Brian Weldon** | |

| | LAW AND MOTION MINUTE ORDER | Case Number:<br>**18CECG03151** |
|---|---|---|

| Hearing Date: | **March 19, 2024** | Hearing Type: | **Motion - Set Aside Dismissal** |
|---|---|---|---|
| Department: | **502** | Judge: | **Culver Kapetan, Kristi** |
| Court Clerk: | **Gonzalez, Estela** | Reporter: | **Not Reported** |

**Appearing Parties:**

Plaintiff: **Paul Singer**                                   Defendant:

Counsel: **Pro Per**                                   Counsel: **Craig Waters**

[ ] Off Calendar

[ ] Continued to  [ ] Set for __ at __ Dept. __ for __

[X] **Plaintiff timely requested argument.    [X] Matter is argued and submitted.**

[ ] Upon filing of points and authorities.

[ ] Motion is granted    [ ] in part and denied in part.    [ ] Motion is denied  [ ] with/without prejudice.

[ ] Demurrer   [ ] overruled  [ ] sustained  with  __ days to  [ ] answer [ ] amend

[X] **After further review of the arguments, facts and evidence; the Court now adopts the Tentative Ruling without modifications and becomes the order of the court. See attached copy of the Tentative Ruling.**

[X] **Pursuant to CRC 3.1312(a) and CCP 1019.5(a), no further order is necessary.  The minute order adopting the tentative ruling serves as the order of the court.**

[X] *Any party who wishes to appear remotely for future hearings is required to submit a request to and obtain approval by the Court utilizing Judicial Council forms RA-010 & RA-020.*

[X] **Service by the clerk will constitute notice of the order.**

[ ] Judgment debtor __ sworn and examined.

[ ] Judgment debtor __ failed to appear.
    Bench warrant issued in the amount of $ __

JUDGMENT:
[ ] Money damages    [ ] Default   [ ] Other __ entered in the amount of:
    Principal $__   Interest $__   Costs $__   Attorney fees $__   Total $__
[ ] Claim of exemption  [ ] granted  [ ] denied.  Court orders withholdings modified to $__ per __

FURTHER, COURT ORDERS:
[ ] Monies held by levying officer to be   [ ] released to judgment creditor.  [ ] returned to judgment debtor.
[ ] $__ to be released to judgment creditor and balance returned to judgment debtor.
[ ] Levying Officer, County of __, notified.    [ ] Writ to issue
[ ] Notice to be filed within 15 days.   [ ] Restitution of Premises
[ ] Other: __

CV-14b R03-18                                   **LAW AND MOTION MINUTE ORDER**
Mandatory Form

129

(27)

## Tentative Ruling

Re:          ***Paul Singer v. Brian Weldon***
Superior Court Case No. 18CECG03151

Hearing Date:      March 19, 2024 (Dept. 502)

Motion:          By Plaintiff to Vacate Dismissal

**Tentative Ruling:**

To deny.

**Explanation:**

Plaintiff, as "[t]he party seeking relief," "bears the burden of proof in establishing a right to relief." (*Hopkins & Carley v. Gens* (2011) 200 Cal.App.4th 1401, 1410.) Furthermore, "pro per litigants are not entitled to special exemptions from the California Rules of Court or Code of Civil Procedure." (*Gamet v. Blanchard* (2001) 91 Cal.App.4th 1276, 1284.) In addition, "[t]o entitle [a party] to relief the acts which brought about the default [or dismissal] must have been the acts of a reasonably prudent person under the same circumstances." (*Jackson v. Bank of America* (1983) 141 Cal.App.3d 55, 58; see also *Andrews v. Jacoby* (1919) 39 Cal.App. 382, 383 [simply claiming a client is "busy and occupied with other affairs" is insufficient].)

Plaintiff Paul Singer requests the court vacate his voluntary request for dismissal of the complaint without prejudice, reinstate the case, and enter defendant's default. He claims his confusion of the procedures and legal consequences of requesting dismissal caused him to mistakenly file the dismissal request. (See Points & Auth. at p. 6:13-19.) However, as the opposition notes, plaintiff's prosecution of this case has stalled on numerous occasions, and, even if reinstated, it appears to be facing a mandatory dismissal under Code of Civil Procedure, section 583.10. In addition, despite his self-represented status, plaintiff is not exempt to the plain and unambiguous provisions of the Code of Civil Procedure. (See *Gamet v. Blanchard, supra,* 91 Cal.App.4th at p. 1284.) Finally, plaintiff has not filed a reply, which tends to support denial. Therefore, the motion is denied.

Pursuant to California Rules of Court, rule 3.1312(a), and Code of Civil Procedure section 1019.5, subdivision (a), no further written order is necessary. The minute order adopting this tentative ruling will serve as the order of the court and service by the clerk will constitute notice of the order.

Tentative Ruling
Issued By: _____**KCK**_____ on __3/19/24__ .
          (Judge's initials)         (Date)

10

130

| SUPERIOR COURT OF CALIFORNIA - COUNTY OF FRESNO<br>Civil Department, Central Division<br>1130 "O" Street<br>Fresno, California  93724-0002<br>(559) 457-2000 | FOR COURT USE ONLY |
|---|---|
| TITLE OF CASE:<br>Paul Singer vs. Brian Weldon | |

| CLERK'S CERTIFICATE OF MAILING | CASE NUMBER:<br>18CECG03151 |
|---|---|

I certify that I am not a party to this cause and that a true copy of the:

**[Minute Order and Tentative Ruling, dated 3/19/24]**

was placed in a sealed envelope and placed for collection and mailing on the date and at the place shown below following our ordinary business practice.   I am readily familiar with this court's practice for collecting and processing correspondence for mailing.   On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service with postage fully prepaid.

Place of mailing:  Fresno, California  93724-0002

On Date:  03/20/2024                          Clerk, by _____, Deputy

                                                                 E. Gonzalez

| Paul Singer<br>4928 E. Washington Ave<br>Fresno, CA 93727 | Craig C.O. Waters<br>Modern Legal PC<br>5412 N. Palm Ave, Suite 105<br>Fresno, CA 93704 |
|---|---|

☐  Clerk's Certificate of Mailing Additional Address Page Attached

TGN-06b R08-06                              **CLERK'S CERTIFICATE OF MAILING**

131

# EXHIBIT 13

## Description:

Substitution of Attorney (MC-050) filed January 12, 2022, falsely naming Robert Abrams as "former attorney of record."

132

MC–050

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Craig C.O. Waters, SBN: 311109<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704<br>TELEPHONE NO.: 559-603-8522    FAX NO. *(Optional):* 559-777-6604<br>E-MAIL ADDRESS *(Optional):* cwaters@modernlegalpc.com<br>ATTORNEY FOR *(Name):* Weldon, Brian | FOR COURT USE ONLY<br><br>E-FILED<br>1/12/2022 1:40 PM<br>Superior Court of California<br>County of Fresno<br>By: Estela Alvarado, Deputy |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno
STREET ADDRESS: 1130 O Street
MAILING ADDRESS: 1130 O Street
CITY AND ZIP CODE: Fresno, 93721
BRANCH NAME: B.F. Sisk Courthouse

CASE NAME:
Singer v Weldon

| | |
|---|---|
| SUBSTITUTION OF ATTORNEY—CIVIL<br>(Without Court Order) | CASE NUMBER:<br>18CECG03151 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT *(name):* Brian Weldon    makes the following substitution:

1. **Former legal representative**    ☐ Party represented self    ☑ Attorney *(name):* Robert C. Abrams, Esq.
2. **New legal representative**    ☐ Party is representing self*    ☑ Attorney
   a. Name: Craig Waters
   b. State Bar No. *(if applicable):* 311109
   c. Address *(number, street, city, ZIP, and law firm name, if applicable):*
      5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
      Modern Legal PC
   d. Telephone No. *(include area code):* 559-603-8522
3. The party making this substitution is a    ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other *(specify):*
   Cross-Complainant

---

**\*NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

| | | |
|---|---|---|
| • Guardian | • Personal Representative | • Guardian ad litem |
| • Conservator | • Probate fiduciary | • Unincorporated |
| • Trustee | • Corporation | association |

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

---

NOTICE TO PARTIES WITHOUT ATTORNEYS
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

---

4. I consent to this substitution.
   Date: Jan 12, 2022
   Brian Weldon
   _____
   (TYPE OR PRINT NAME)

   *Brian Weldon*
   Brian Weldon (Jan 12, 2022 09:43 PST)
   _____
   (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 1/12/2022
   Robert C. Abrams, Esq.
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE OF FORMER ATTORNEY)

6. ☑ I consent to this substitution.
   Date: 1/12/2022
   Craig C.O. Waters, Esq.
   _____
   (TYPE OR PRINT NAME)

   _____
   (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)

| | | |
|---|---|---|
| Form Adopted For Mandatory Use<br>Judicial Council of California<br>MC-050 [Rev. January 1, 2009] | **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | Page 1 of 2<br>Code of Civil Procedure, §§ 284(1), 285;<br>Cal. Rules of Court, rule 3.1362<br>www.courtinfo.ca.gov |

MC–050

| CASE NAME: | CASE NUMBER: |
|---|---|
| Singer v Weldon | 18CECG03151 |

## PROOF OF SERVICE BY MAIL
### Substitution of Attorney—Civil

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An* <u>unsigned</u> *copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify):*

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 12, 2022    (2) Place of mailing *(city and state):* Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE)

### NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP):*
      4928 E. Washington Avenue
      Fresno, CA 93727

   e. Name of person served:
   f. Address *(number, street, city, and ZIP):*

   g. Name of person served:
   h. Address *(number, street, city, and ZIP):*

   i. Name of person served:
   j. Address *(number, street, city, and ZIP):*

   ☐ List of names and addresses continued in attachment.

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

134

# EXHIBIT 14

## Description:

Motion to Withdraw filed by Plaintiff's prior counsel in 2021, citing entity suspension.

MC-051

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, state bar number, and address):*
Jim A. Trevino, Esq.          SBN#237795
THE LAW OFFICE OF JIM A TREVINO
700 E. Shaw Ave., Suite 202
Fresno, CA 93710
TELEPHONE NO: (559) 579-1333    FAX NO: (559) 579-1343
ATTORNEY FOR *(Name):* Paul Singer

NAME OF COURT: Fresno County Superior Court
STREET ADDRESS: 1130 "O" Street
MAILING ADDRESS: 1130 "O" Street
CITY AND ZIP CODE: Fresno, CA 93724
BRANCH NAME: Civil Unlimited

FOR COURT USE ONLY

E-FILED
9/8/2020 8:00 AM
Superior Court of California
County of Fresno
By: Louana Peterson, Deputy

CASE NAME:
Singer vs. Weldon

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL-CIVIL**

CASE NUMBER:
18CECG03151

HEARING DATE: 9/24/2020
DEPT: 403          TIME: 3:30 pm
BEFORE HON.: Judge Kapetan
DATE ACTION FILED: 8/23/2018
TRIAL DATE: 10/13/2020

TO *(name and address of client):* Benchmark Logic Real Estate Investing & Consulting, LLC
4928 E. Washington
Fresno, California 93727

1. PLEASE TAKE NOTICE that *(name of withdrawing attorney):* Jim A. Trevino, Esq.
moves under California Code of Civil Procedure section 284(2) and California Rules of Court, rule 3.1362, for an order permitting the attorney to be relieved as attorney of record in this action or proceeding.

2. A hearing on this motion to be relieved as counsel will be held as follows:

| a. Date: 9/24/2020 | Time: 3:30 pm | Dept.: 403 | Room: |
| --- | --- | --- | --- |

b. The address of the court:    X  same as noted above    other *(specify):*

3. This motion is supported by the accompanying declaration, the papers and records filed in this action or proceeding, and the following additional documents or evidence *(specify):*
California Secretary of State, Business search - Entity Detail.

*(This motion does not need to be accompanied by a memorandum of points and authorities. Cal. Rules of Court, rule 3.1362.)*

4. The client presently represented by the attorney is
   a.   an individual.
   b.   a corporation.
   c.   a partnership.
   d.   an unincorporated association.
   e.   a guardian.
   f.   a conservator.

   g.   a trustee.
   h.   a personal representative.
   i.   a probate fiduciary.
   j.   a guardian ad litem.
   k. X  other *(specify):*
        Limited Liability Company

*(Continued on reverse)*                          Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
MC-051 [Rev. January 1, 2007]

CEB® Essential
ceb.com Forms™

**NOTICE OF MOTION AND MOTION
TO BE RELIEVED AS COUNSEL-CIVIL**

Code of Civil Procedure, § 284;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

Singer, Paul

136

MC-051

| CASE NAME: | CASE NUMBER: |
|---|---|
| Singer vs. Weldon | 18CECG03151 |

---

### NOTICE TO CLIENT

If this motion to be relieved as counsel is granted, your present attorney will no longer be representing you. You may not in most cases represent yourself if you are one of the parties on the following list:

| A guardian | A personal representative | A guardian ad litem |
|---|---|---|
| A conservator | A probate fiduciary | An unincorporated association |
| A trustee | A corporation | |

If you are one of these parties, YOU SHOULD IMMEDIATELY SEEK LEGAL ADVICE REGARDING LEGAL REPRESENTATION. Failure to retain an attorney may lead to an order striking the pleadings or to the entry of a default judgment.

---

5. If this motion is granted and a client is representing himself or herself, the client will be solely responsible for the case.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, you will not have an attorney representing you. You may wish to seek legal assistance. If you do not have a new attorney to represent you in this action or proceeding, and you are legally permitted to do so, you will be representing yourself. It will be your responsibility to comply with all court rules and applicable laws. If you fail to do so, or fail to appear at hearings, action may be taken against you. You may lose your case.

---

6. If this motion is granted, the client must keep the court informed of the client's current address.

### NOTICE TO CLIENT WHO WILL BE UNREPRESENTED

If this motion to be relieved as counsel is granted, the court needs to know how to contact you. If you do not keep the court and other parties informed of your current address and telephone number, they will not be able to send you notices of actions that may affect you, including actions that may adversely affect your interests or result in your losing the case.

---

Date: 9/4/2020

Jim A. Trevino, Esq.
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF ATTORNEY)

Attorney for (name): Benchmark Logic Real Estate
Investing & Consulting, LLC

---

CEB Essential Forms
ceb.com

137

# EXHIBIT 15

## Description:

Contract signed by Plaintiff personally, showing representation was in his individual capacity."

This Contract is entered into by and between Paul Singer of Benchmark Logic Real Estate Investing and Consulting, LLC, (BLREIC,Inc.) ("First Party"), and Brian Weldon of Freedom Investments, LLC, ("Second Party"). The term of this Agreement shall begin on [July 18, 2015] and shall continue through to the sale and the distribution of the agreed upon percentage of profit.

The specific terms of this Contract are as follows:

1. Brian Weldon of Freedom Investments, LLC, shall purchase the real property located at 3549 E. Douglas Ave., Visalia, CA of Tulare County, APN: 103-306-029-000, PARCEL 1 OF PARCEL MAP 3432 PM 35-34, from here to be referred to as the "Douglas House", and provide needed funds for materials, supplies, permits and subcontractor fees.

2. Paul Singer of BLREIC,Inc., shall oversee the renovation and completion of the Douglas House and vet subcontractors for renovations needed.

3. Brian Weldon of Freedom Investment, LLC, shall pay BLREIC,Inc., $15/hour for any labor performed. Labor performed by BLREIC,Inc. shall be performed under Brian Weldon's General Contractor's license.

4. BLREIC,Inc, shall receive 45% of profit from the final sale of the Douglas House.

In consideration of the mutual promises set forth herein, the First Party covenants and agrees that it shall perform rehabilitation of real estate in the partnership.

The Second Party covenants and agrees that it shall oversee and/or perform various aspects of renovations required for this investment partnership.

This Contract may not be modified in any manner unless in writing and signed by both Parties. This document and any attachments hereto constitute the entire agreement between the Parties. This Contract shall be binding upon the Parties, their successors, heirs and assigns and shall be enforced under the laws of the State of California.

*Brian Weldon Mgr*
(Signature)

*Brian Weldon Mgr*
(Printed Name)

*5486 W. Sample*
(Address)

Date: 5-7- , 20 16

*Pnl V*
(Signature)

*PAUL V. SINGER*
(Printed Name)

*4928 E. DOUGLAS AVE*
(Address)
*FRESNO 93727*

Date: 5-7 , 20 16

# EXHIBIT 16

## Description:

State Bar of California correspondence declining to act on Plaintiff's complaints.



**The State Bar**
*of California*

**OFFICE OF CHIEF TRIAL COUNSEL**

845 S. Figueroa Street, Los Angeles, CA 90017     213-765-1429     kristina.charles@calbar.ca.gov

September 19, 2024

Paul Singer
4928 E Washington Ave
Fresno CA 93727

RE:    Case Number:        24-O-20068
       Respondent:         Craig C. O. Waters

Dear Paul Singer:

The State Bar's Office of Chief Trial Counsel has reviewed your complaint against Craig C. O. Waters to determine whether there are sufficient grounds to prosecute a possible violation of the State Bar Act and/or Rules of Professional Conduct.

In your complaint and subsequent additional information, you stated that you represented yourself in pro per and Mr. Waters was opposing counsel. You alleged that Mr. Waters violated Rule 8.4, violated your due process, made false statements, and delayed litigation.

Based on our evaluation of the information provided, we are closing your complaint.

It is misconduct for a lawyer to fail to support the Constitution and laws of the United States and this state. Here, you alleged that Mr. Waters violated your due process by delaying litigation. In the materials you sent in, there appear to be disagreements about meets and confer and other litigation issues, indicating that there were delays due to disputes of fact and law between the parties on both sides, which are best handled by the court, as discussed below. These facts, as alleged in the complaint, are insufficient to support the conclusion that the attorney violated the Constitution or a federal or state law.

As opposing counsel, the lawyer does not owe you a duty to perform legal services on your behalf, to communicate with you, or to cooperate with you in resolving the matter in a manner that is favorable to you. Instead, the lawyer has a responsibility to pursue their client's best interests and is entitled to rely on information from their client in good faith while taking the legal actions they deem necessary to protect those interests. This is true even when to do so

San Francisco Office
180 Howard Street
San Francisco, CA 94105

www.calbar.ca.gov

Los Angeles Office
845 S. Figueroa Street
Los Angeles, CA 90017

141

Paul Singer
September 19, 2024
Page 2

might directly conflict with your interests or those of other parties involved. This conflict alone is insufficient to demonstrate misconduct. Similarly, a disagreement between opposing parties as to the merits of a particular legal action does not mean that a lawyer engaged in misconduct.

In addition, the court having jurisdiction over your case, and not the discipline system, is the appropriate venue to determine a solution to such factual disputes, and to issue any remedies. The State Bar cannot intervene on your behalf, cannot rule upon the merits of these issues, and must defer to the decisions of the courts on these points. The State Bar also cannot offer you legal advice. As a result, you may wish to consult with a lawyer to determine what options may be available to you. Our closing of your complaint is not a determination of the validity of any legal dispute, but only that the allegations you made do not support a finding that the lawyer violated the State Bar Act or the Rules of Professional Conduct. If the court were to find any impropriety by the lawyer, please forward any written findings or a transcript of any oral findings to this office for review.

For these reasons, the State Bar is closing this matter.

If you have new facts and circumstances that you believe may change our determination to close your complaint, you may submit a written statement with the new information to the Intake Unit for review. If you have any questions about this process, you may call Trial Counsel Kristina Charles at 213-765-1429. If you leave a voice message, be sure to clearly identify the lawyer complained of, the case number assigned, and your telephone number including the area code. We should return your call within two business days.

If you have presented all of the information that you wish to have considered, and you disagree with the decision to close your complaint, you may request that the State Bar's Complaint Review Unit review your complaint. The Complaint Review Unit will recommend that your complaint be reopened if it determines that further investigation is warranted. To request review by the Complaint Review Unit, you must submit your request in writing, either:

1) Via email: Within 90 days of the date of this letter, by email to: CRU@calbar.ca.gov; or

2) Via United States Mail: Post-marked within 90 days of the date of this letter, by United States Mail to:

The State Bar of California

142

Paul Singer
September 19, 2024
Page 3

Complaint Review Unit
Office of General Counsel
180 Howard Street
San Francisco, CA 94105-1617

If you decide to send new information or documents to this office, the 90-day period will continue to run during the time that this office considers the new material.  You may wish to consult with legal counsel for advice regarding any other available remedies.  You may contact your local or county bar association to obtain the names of attorneys to assist you in this matter.

We would appreciate if you would complete a short, anonymous survey about your experience with filing your complaint.  While your responses to the survey will not change the outcome of the complaint you filed against the attorney, the State Bar will use your answers to help improve the services we provide to the public.  The survey can be found at https://www.calbar.org/octc/intake.

Thank you for bringing your concerns to the attention of the State Bar.

Sincerely,

*Kristina Charles*

Kristina Charles
Trial Counsel

143

# EXHIBIT 17

## Description:

Declaration of Alex A. Graft, characterizing the fraudulent MC-050 filing as "mere error."

1  **LEWIS BRISBOIS BISGAARD & SMITH LLP**
   ALEX. A. GRAFT, SB# 239647
2   E-Mail: Alex.Graft@lewisbrisbois.com
   45 Fremont Street, Suite 3000
3  San Francisco, California 94105
   Telephone: 415.362.2580
4  Facsimile: 415.434.0822

5  Attorneys for Defendant
   CRAIG C.O. WATERS, ESQ.

6

7

8                      UNITED STATES DISTRICT COURT

9              EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

10

11  PAUL V. SINGER, in individual,          Case No. 1:25-cv-00532-KES-SAB

12            Plaintiff,                     **DECLARATION OF ALEX A. GRAFT IN**
                                             **SUPPORT OF DEFENDANT CRAIG C.O.**
13       vs.                                 **WATERS, ESQ.'S SPECIAL MOTION TO**
                                             **STRIKE THE STATE LAW CAUSES OF**
14  CRAIG C.O. WATERS, ESQ., in his official **ACTION IN PLAINTIFF'S FIRST**
    capacity; STATE BAR OF CALIFORNIA,       **AMENDED COMPLAINT PURSUANT**
15  OFFICE OF CHIEF TRIAL; KRISTIN           **TO CODE OF CIVIL PROCEDURE**
    CHARLES, in her official capacity; STATE **SECTION 425.16**
16  BAR OF CALIFORNIA, OFFICE OF
    GENERAL COUNSEL; LOUISA                  Filed Concurrently with Notice of Special
17  AYRAPETYAN, in her official capacity;    Motion to Strike; Memorandum of Points and
    STATE BAR OF CALIFORNIA, OFFICE OF       Authorities; Request for Judicial Notice
18  GENERAL COUNSEL; BRANDON N.
    STALLINGS, in his official capacity; and Judge:     Hon. Kirk E. Sherriff
19  DOES 1-40,                               Date:      August 4, 2025
                                             Time:      1:30 p.m.
20            Defendants.                     Crtrm.:    6

21                                           District Judge:   Kirk E. Sherriff
                                             Magistrate Judge: Stanley A. Boone
22

23                                           Trial Date:       None Set

24                  **DECLARATION OF ALEX A. GRAFT**

25       I, Alex A. Graft, declare as follows:

26       1.      I am an attorney duly admitted to practice in all of the courts of the State of

27  California and I am a partner with Lewis Brisbois Bisgaard & Smith LLP, attorneys of record for

28  Defendant CRAIG C.O. WATERS, ESQ. ("Attorney Waters") herein. The facts set forth herein

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

145

1    are of my own personal knowledge, and if sworn I could and would competently testify thereto.

2          2.     Attached hereto as Exhibit "1" is a true and correct copy of the complaint filed by

3    plaintiff Paul V. Singer ("Singer") on August 23, 2018, in the Superior Court of California, for the

4    County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which is

5    judicially noticeable as explained in the concurrently filed request for judicial notice.

6          3.     Attached hereto as Exhibit "2" is a true and correct copy of the answer filed by

7    Attorney Waters on behalf of defendant Brian Weldon (Weldon) on July 3, 2019, in the Superior

8    Court of California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

9    18CECG03151, which is judicially noticeable as explained in the concurrently filed request for

10    judicial notice.

11          4.     Attached hereto as Exhibit "3" is a true and correct copy of the substitution of

12    attorney filed by Attorney Waters on behalf of Weldon on January 12, 2022, in the Superior Court

13    of California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

14    18CECG03151, which is judicially noticeable as explained in the concurrently filed request for

15    judicial notice.

16          5.     Attached hereto as Exhibit "4" is a true and correct copy of the motion for

17    sanctions filed by Attorney Waters on behalf of Weldon on February 21, 2023, in the Superior

18    Court of California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

19    18CECG03151, which is judicially noticeable as explained in the concurrently filed request for

20    judicial notice.

21          6.     Attached hereto as Exhibit "5" is a true and correct copy of the Declaration of

22    Craig Waters filed by Attorney Waters on behalf of Weldon on February 21, 2023, in support of

23    the sanctions motion, in the Superior Court of California, for the County of Fresno, in the case

24    *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as

25    explained in the concurrently filed request for judicial notice.

26          7.     Attached hereto as Exhibit "6" is a true and correct copy of the notice of non-

27    opposition to the motion for sanctions filed by Attorney Waters on behalf of Weldon on March 8,

28    2023, in the Superior Court of California, for the County of Fresno, in the case *Paul Singer vs.*

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

158203872.1                                2

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
SPECIAL MOTION TO STRIKE THE STATE LAW CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

1    *Brian Weldon*, Case No. 18CECG03151, which is judicially noticeable as explained in the

2    concurrently filed request for judicial notice.

3        8.        Attached hereto as Exhibit "7" is a true and correct copy of the order granting the

4    motion for sanctions filed by the trial court on March 15, 2023, in the Superior Court of

5    California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

6    18CECG03151, which is judicially noticeable as explained in the concurrently filed request for

7    judicial notice.

8        9.        Attached hereto as Exhibit "8" is a true and correct copy of the request for

9    dismissal filed by Singer on June 20, 2023, in the Superior Court of California, for the County of

10    Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which is judicially

11    noticeable as explained in the concurrently filed request for judicial notice.

12        10.        Attached hereto as Exhibit "9" is a true and correct copy of the motion to set aside

13    the dismissal filed by Singer on October 3, 2023, in the Superior Court of California, for the

14    County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No. 18CECG03151, which is

15    judicially noticeable as explained in the concurrently filed request for judicial notice.

16        11.        Attached hereto as Exhibit "10" is a true and correct copy of the order denying the

17    motion to set aside the dismissal filed by the trial court on March 19, 2024, in the Superior Court

18    of California, for the County of Fresno, in the case *Paul Singer vs. Brian Weldon*, Case No.

19    18CECG03151, which is judicially noticeable as explained in the concurrently filed request for

20    judicial notice.

21        12.        Attached hereto as Exhibit "11" is a true and correct copy of the complaint filed in

22    this action by Singer on May 6, 2025.

23        13.        In response to Singer's complaint, I caused to be filed on behalf of my client,

24    Attorney Waters, an anti-SLAPP motion to strike Singer's state law causes of action and a motion

25    to dismiss Singer's entire complaint.

26        14.        Attached hereto as Exhibit "12" is a true and correct copy of the amended

27    complaint filed in this action by Singer on June 23, 2025.

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

158203872.1                                    3
DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
SPECIAL MOTION TO STRIKE THE STATE LAW CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

1        I declare under penalty of perjury under the laws of the United States of America that the

2    foregoing is true and correct and that this declaration was executed on this 7th day of July, 2025,

3    at San Francisco, California.

4

5                             /s/ Alex A. Graft

6                             Alex A. Graft

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

158203872.1                     4

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S
SPECIAL MOTION TO STRIKE THE STATE LAW CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED
COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

**CERTIFICATE OF SERVICE**
*Singer v. Waters, et al.*
**U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB**

STATE OF CALIFORNIA, COUNTY OF PLACER

At the time of service, I was over 18 years of age and not a party to the action.  My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105.  I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On July 7, 2025, I served the following document(s):  **DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE THE STATE LAW CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

**Plaintiff Pro Per**
Paul V. Singer
4928 E. Washington Avenue
Fresno, CA 93727
Phone: 559-871-6400

The documents were served by the following means:

☒    (BY U.S. MAIL)  I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒    (BY COURT'S CM/ECF SYSTEM)  Pursuant to Local Rule, I electronically filed the documents with the Clerk of the Court using the CM/ECF system, which sent notification of that filing to the persons listed above.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Executed on July 7, 2025, at Roseville, California.

/s/ Jennifer Marigmen
JENNIFER MARIGMEN

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

DECLARATION OF ALEX A. GRAFT IN SUPPORT OF DEFENDANT CRAIG C.O. WATERS, ESQ.'S SPECIAL MOTION TO STRIKE THE STATE LAW CAUSES OF ACTION IN PLAINTIFF'S FIRST AMENDED COMPLAINT PURSUANT TO CODE OF CIVIL PROCEDURE SECTION 425.16

# END

# OF

# EXHIBITS

150