ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321
jennifer.sperling@calbar.ca.gov

Attorneys for Defendants,
KRISTINA CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS ESQ, in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTINA CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40<br><br>　　　　Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**<br><br>DATE:　　　November 5, 2025<br>TIME:　　　10:00 a.m.<br>JUDGE:　　Hon. Stanley A. Boone |

-i-

**TABLE OF CONTENTS**

I.    INTRODUCTION ...................................................................................................1

II.   BACKGROUND ....................................................................................................1

III.  LEGAL STANDARD .............................................................................................2

IV.  ARGUMENT ..........................................................................................................2

      A.    Plaintiff's Request for Leave to File a Second Amended Complaint Should Be Denied Because Plaintiff Has Failed to Cure Deficiencies Raised in the Pending Motions to Dismiss ......................................................................................................2

      B.    Plaintiff's Request for Leave to Amend Should Be Denied Because Amendment Would Be Futile ...................................................................................4

           1.    There are No Amendments to the Complaint that Could Establish that the State Bar Defendants Are Not Immune From Suit ......................................4

           2.    Amending the Complaint to Add the State Bar as a Defendant is Futile Because the State Bar has Eleventh Amendment Immunity ......................5

           3.    Amending the Complaint to Add a State Law Negligence Claim is Futile Because Plaintiff's State Law Claims Are Barred ......................................5

      C.    Granting Plaintiff Leave to File a Second Amended Complaint Would Result in Undue Delay ..........................................................................................................6

V.   CONCLUSION .......................................................................................................7

## I. INTRODUCTION

Despite failing to timely oppose the latest motion to dismiss by Kristina Charles, Louisa Ayrapetyan, and Brandon Stallings (the "State Bar defendants"), Plaintiff Paul Singer seeks leave to file a Second Amended Complaint ("SAC"), but his proposed SAC still fails to cure fatal jurisdictional and pleading defects that the State Bar defendants have previously raised in their motions to dismiss the original and first amended complaints. Not only does Plaintiff's proposed SAC not fix the existing defects in its claims against the State Bar defendants, it seeks to add a new defendant – the State Bar itself – who is immune from Plaintiff's suit for the same reasons as its employees and officials. It also seeks to add state law negligence claims with are futile against the State Bar defendants.

Because the proposed SAC fails to cure the fatal deficiencies in Plaintiff's prior complaints, and because Plaintiff failed to oppose the State Bar defendants' prior motion to dismiss, the Court should exercise its discretion to deny Plaintiff's motion to amend his complaint and grant the State Bar defendants' unopposed motion to dismiss the first amended complaint without leave to amend, as amendment would be futile.

## II. BACKGROUND

Plaintiff filed his complaint against the State Bar defendants on May 6, 2025. ECF No. 1. The State Bar defendants moved to dismiss on June 9, 2025, raising subject matter jurisdiction defects in the complaint, including Eleventh Amendment immunity. ECF No. 10. Plaintiff opposed the State Bar defendants' motion but before it could be adjudicated, Plaintiff exercised his right to amend the complaint once without court leave. ECF Nos. 19, 21. The State Bar defendants moved to dismiss the first amended complaint on the same grounds: subject matter jurisdiction based on sovereign immunity, prosecutorial immunity, qualified immunity, failure to state a claim under section 1983, and failure to state a claim for punitive damages or injunctive relief. ECF No. 42. Plaintiff failed to timely oppose this motion. ECF No. 45. Instead, four days *after* Plaintiff's opposition was due and 6 days after the State Bar defendants informed this Court of Plaintiff's failure to timely oppose, Plaintiff filed for leave to file the SAC, accompanied by a request for judicial notice and his proposed SAC. ECF Nos. 46 – 49.

### III. LEGAL STANDARD

The Federal Rules of Civil Procedure permit a party to amend its pleading once as a matter of course within certain designated time limits. Fed. R. Civ. P. 15(a)(1). "In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* at 1160. Amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments").

Although a pro se party's pleadings should be construed liberally, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986). Additionally, "a pro se litigant is not excused from knowing the most basic pleading requirements." *American Ass'n of Naturopathic Physicians v. Hayhurst*, 227 F.3d 1104, 1107–08 (9th Cir. 2000). Appearing pro se does not lessen the need to plead facts instead of conclusions. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).

### IV. ARGUMENT

    **A. Plaintiff's Request for Leave to File a Second Amended Complaint Should Be Denied Because Plaintiff Has Failed to Cure Deficiencies Raised in the Pending Motions to Dismiss**

As discussed in the State Bar defendants' motions to dismiss, the State Bar defendants, sued in their official capacities, are entitled to Eleventh Amendment sovereign immunity, which would deprive the court of subject matter jurisdiction to hear this dispute under Federal Rule of Civil Procedure 12(b)(1). ECF No. 42 at pp. 6 – 8. Under controlling Ninth Circuit precedent,

the State Bar is an arm of the state entitled to Eleventh Amendment immunity. *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *see also Hirsh v. Justices of Supreme Ct. of State of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam). This immunity extends to employees or officials sued in their official capacity. *See Hirsh*, 67 F.3d at 715 (State Bar's immunity "extends to the individual defendants acting in their official capacities"). The *Ex parte Young* exception to immunity is inapplicable because the Plaintiff is seeking to control agency officials in investigating bar complaints, functions which are plainly discretionary, not ministerial. *Rosenthal v. Vogt*, 229 Cal.App.3d 69, 75 (1991) (rejecting plaintiff's argument that State Bar employees was under a mandatory duty to discharge their duties); *see also* Bus. & Prof. Code § 6044 ("The chief trial counsel…may initiate and conduct investigations…"). Accordingly, the State Bar defendants sued in their official capacity have sovereign immunity and the *Ex parte Young* exception is inapplicable. See ECF No. 42 at 7 – 11. In addition, the State Bar defendants have asserted qualified immunity and quasi-judicial immunity. See ECF No. 42 at 11 – 15.

The State Bar defendants also argued in their motion to dismiss that Plaintiff failed to state a 1983 claim under Fed. R. Civ. P. 12(b)(6) because the complaint seeks to compel State Bar officials to prosecute certain attorneys but there is no constitutional right to compel the government to investigate, discipline, or prosecute another. ECF No. 42 at 15 – 18.

Plaintiff's SAC does not even purport to address these deficiencies. Plaintiff continues to pursue Charles, Ayrapetyan, and Stallings in their official capacities, ECF No. 48 at p. 3, ¶¶ 14-16. Plaintiff has offered no facts that would establish that these officials are not entitled to Eleventh Amendment immunity. Plaintiff's core factual allegations against the State Bar defendants also remain the same: that the State Bar defendants failed to act on misconduct complaints, depriving Plaintiff of due process under section 1983. ECF No. 48 at pp. 12 -13, 16. Plaintiff's claim under section 1983 is not cognizable because it does not implicate a constitutional right under any set of facts. *See e.g.*, *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). Because there is no due process right to have the State Bar

prosecute the attorneys of Plaintiff's choice, there is no amendment that Plaintiff could make to cure this defect. *Johnson v. Superior Ct. of California*, 2016 WL 6471123, at *2 (E.D. Cal. Oct. 31, 2016) (in dismissing pro se complaint without leave to amend, "The problem is not that it is missing important facts; it is that the requested relief is simply unavailable through a §1983 lawsuit."). The SAC also fails to allege with specificity, as required by *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), how each of the named defendants "through the official's own individual actions, has violated the Constitution." ECF No. 48 at 15, 17.

Plaintiff also continues to make conclusory and unsupported allegations in the SAC that the State Bar defendants had a ministerial duty to act on the misconduct complaint, ECF No. 48 at 13, a position contradicted by law. *See Rosenthal*, 229 Cal.App.3d at 75 (rejecting plaintiff's argument that State Bar employees was under a mandatory duty to discharge their duties); Bus. & Prof. Code § 6044 ("The chief trial counsel…*may* initiate and conduct investigations) (emphasis added). The SAC does not allege with specificity what the State Bar defendants are alleged to have done, other than generally fail to review records and act on "public record evidence." ECF No. 48 at 15.

Because Plaintiff's proposed SAC suffers from the same incurable defects as the first amended complaint, the Court should deny Plaintiff's motion for leave to amend.

**B.      Plaintiff's Request for Leave to Amend Should Be Denied Because Amendment Would Be Futile**

    **1.      There are No Amendments to the Complaint that Could Establish that the State Bar Defendants Are Not Immune From Suit**

The party seeking to invoke the court's jurisdiction bears the burden of establishing the jurisdiction exists. *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Plaintiff's opportunity to establish jurisdiction would have been in his opposition to the State Bar defendants' motion to dismiss the FAC, but the Plaintiff has elected not to timely respond to that motion and instead seeks leave to file an SAC. However, amendment is futile because there are no amendments to the complaint that could establish that the State Bar defendants do not enjoy immunity or establish that the conduct at issue violates a constitutional right. *Mattingly v. Jurek*, 2025 WL 1771454, at *6 (N.D. Cal. June 26, 2025) ("In particular, leave to amend can properly be denied

for futility when defendants are afforded immunity."); *Portnoy v. California*, 821 F. App'x 848 (9th Cir. 2020) ("The district court properly dismissed Portnoy's action against the State of California as barred by the Eleventh Amendment."); *Scott v. Keller*, 2010 WL 1780204, at *4 (E.D. Cal. Apr. 30, 2010) ("even if a constitutional right was violated, defendants are protected by qualified immunity…Accordingly, the Court further finds that providing plaintiff leave to amend would be futile since defendants are protected by qualified immunity.").

### 2. Amending the Complaint to Add the State Bar as a Defendant is Futile Because the State Bar has Eleventh Amendment Immunity

Plaintiff's SAC seeks to add the State Bar itself as a defendant, in addition to the three individual employees or officials already named. For the reasons discussed above, the State Bar as an entity enjoys Eleventh Amendment immunity to Plaintiff's suit and Plaintiff cannot avail himself of the *Ex parte Young* exception to Eleventh Amendment immunity because the *Ex parte Young* exception does not authorize suit against state entities. *Nat'l Audubon Soc'y, Inc. v. Davis, 307 F.3d 835, 847* (9th Cir. 2002), opinion amended on denial of reh'g, 312 F.3d 416 (9th Cir. 2002) (state agency defendants were immune from suit because they are state entities, not individual state officers). Thus, permitting amendment to add the State Bar as a defendant to this action would be futile. For this reason, Plaintiff's attempt to add the State Bar as a defendant in this action should be denied without leave to amend. Courts may deny a pro se plaintiff further leave to amend where amendment would not change the defendants Eleventh Amendment immunity. *Mattingly*, 2025 WL 1771454, at *7 ("leave to amend can properly be denied for futility when defendants are afforded immunity").

### 3. Amending the Complaint to Add a State Law Negligence Claim is Futile Because Plaintiff's State Law Claims Are Barred

In his SAC, Plaintiff seeks to introduce a new cause of action against the State Bar defendants, negligence per se. The cause of action as alleged is conclusory and confusing (and may violate Federal Rule of Procedure 8 as drafted), but as best as can be discerned, the allegation is that the State Bar officials were negligent in failing to act on alleged attorney ethical violations, which Plaintiff (wrongly) asserts is a mandatory duty of State Bar officials.

As previously discussed, Plaintiff has not established the Court's subject matter jurisdiction over in the first instance, as Eleventh Amendment immunity extends to state law claims *and Ex parte Young* is inapplicable in a suit against state officials on the basis of state law. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 106, - 121 (1984) (holding that the Eleventh Amendment bars federal courts from hearing suits against state officials based on state law). Furthermore, even if the State Bar defendants were not immune (which they are) there is no supplemental jurisdiction for Plaintiff's state law claim because Plaintiff has yet to successfully allege a viable federal law claim. *See Lima v. U.S. Dept. of Educ.*, 947 F.3d 1122, 1128 (9th Cir. 2020) (affirming district court's decision not to exercise supplemental jurisdiction over state law claims after federal law claims were dismissed). Second, Plaintiff's state-law negligence claims asserted in the SAC fail because the Plaintiff has not alleged compliance with the Government Claims Claim. Cal. Gov. Code §§ 905, 945.4. This deficiency bars the Plaintiff's state-law claims. *Rubenstein v. Doe No. 1,* 3 Cal.5th 903, 906 (2017). In addition, negligence claims are barred by the numerous immunities set forth in the California Government Claims Act and the SAC does not allege a legal duty, breach, causation, or injury, or any cognizable special relationship between himself and the State Bar defendants (or the State Bar) that would give rise to any such duty. Thus, Plaintiff's negligence causes of action are meritless and amendment would be futile. *Mattingly*, 2025 WL 1771454, at *7 (declining to exercise supplemental jurisdiction over state-law claims after federal claims were dismissed for lack of subject matter jurisdiction).

**C.     Granting Plaintiff Leave to File a Second Amended Complaint Would Result in Undue Delay**

The Plaintiff has already once amended his original complaint, enabling him to escape adjudication of the State Bar defendants' motion to dismiss the first amended complaint. As raised in that motion and a subsequent motion to dismiss, and as discussed in Section IV.A, the State Bar defendants have immunity to suit. In addition, the Plaintiff's allegations fail to state a claim under section 1983 and Plaintiff is improperly seeking injunctive relief and punitive damages. ECF No. 42 at 15 – 20.

Plaintiff has had ample opportunity to draft a well-pleaded complaint and is well aware of the complaints' defects through the State Bar defendants' two motions to dismiss. In moving to amend the complaint a second time without having timely opposed the State Bar's pending motion to dismiss, Plaintiff appears to be circumventing his burden to establish jurisdiction and attempting to extend the life of his futile complaint against the State Bar defendants through serial amendment. This procedural maneuvering is causing undue delay in the resolution of this matter for the Court and for the State Bar defendants.

While pro se plaintiffs are afforded some latitude in the artfulness of their pleadings, "dismissal of a pro se complaint without leave to amend is appropriate where any opportunity to amend the complaint would be futile." *Johnson*, 2016 WL 6471123, at *2 (dismissing without leave to amend where no additional facts could cure the deficiencies in the Complaint). Here, where after two prior attempts the proposed second amended complaint "neither addresses Defendants' arguments nor pleads facts sufficient to state a claim," the Court should find that amendment would be an exercise in futility or create undue delay and deny leave to amend. *Mattingly*, 2025 WL 1771454, at *7; *see also Newland*, 81 F.3d at 907 ("district courts need not accommodate futile amendments.").

## V. CONCLUSION

For the foregoing reasons, the Court should deny the Plaintiff's motion for leave to amend the complaint and, for the reasons Stated in the State Bar defendants' pending motion to dismiss, dismiss the complaint against the State Bar defendants with prejudice.

Dated: September 16, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: /s/ JENNIFER SPERLING
JENNIFER SPERLING
Assistant General Counsel
Attorneys for Defendants,
KRISTINA CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

# DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On September 16, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
pvsinger2020@gmail.com

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

☐ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

☒ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct. Executed at San Francisco, California, on September 16, 2025.

*Ryan Sullivan*
Ryan Sullivan

-8-
State Bar Def.'s Opp. to Motion for Leave to File Second Amended Complaint   Case No. 1:25-cv-00532-KES-SAB