Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

FILED
OCT 10 2025
CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
      DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

**PAUL V. SINGER**, an individual

Plaintiff,

v.

**CRAIG C. WATERS,** an individual;
**ROBERT ABRAMS,** an individual;
**KRISTINA CHARLES,** in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN,** in her official capacity as attorney, Office of General Counsel, State Bar of California;
**BRANDON N. STALLINGS,** in his official capacity as attorney, Office of General Counsel, State Bar of California;
**STATE BAR OF CALIFORNIA,** a public corporation;

**DOES 1–10,** inclusive,

Defendants.

Case No.: 1:25-cv-00532-KES-SAB

**PLAINTIFF'S REPLY TO THE STATE BAR DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## I. INTRODUCTION

This motion rises or falls on what the Fresno docket says, not on post-hoc narratives. Rule 15 governs, and the Answer → MC-050 facial contradiction plus unsigned "No further order is necessary" minute orders carry the day.

Plaintiff's Request for Judicial Notice ("RJN") presents the state-court docket, filings, and minute orders exactly as they appear: (1) the Answer showing Craig C.O. Waters as counsel of record before

1
**PLAINTIFF'S REPLY TO THE STATE BAR DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

any substitution (**RJN, Ex. 4**); (2) the later MC-050 naming Robert Abrams as "former attorney of record" (**RJN, Ex. 13**); and (3) a string of unsigned minute orders that repeatedly state "No further order is necessary" (**RJN, Exs. 6–12**). The State Bar's opposition never squarely denies any of those face-of-record facts. That silence is outcome-determinative under Fed. R. Evid. 201.

Rule 15's liberal standard controls. See *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003) (per curiam) ("presumption under Rule 15 in favor of granting leave to amend"). The Bar's futility and immunity arguments misfire because the Second Amended Complaint ("SAC") targets ministerial verification failures (not discretionary charging decisions), and it is built entirely on undisputed public records. Those allegations state claims under *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982) (state-procedure defects that foreclose rights violate due process) and *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (State Bar acts under color of state law and is subject to constitutional constraints). The Court should grant leave and adopt Plaintiff's [Proposed] Order.

## II. THE COURT MAY—AND SHOULD—TAKE JUDICIAL NOTICE OF THE FACE OF THE RECORD

**A. What Rule 201 Permits.** Courts routinely notice "undisputed matters of public record," including filings and docket entries, for their existence and contents. Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001).

///
///
///

---

Fn __ (*Khoja/Lee* guardrails). Judicial notice permits recognizing the existence and contents of public records (e.g., who signed what, when; exact text on the face), not adopting the truth of disputed assertions within them or using extrinsic documents to contradict well-pled allegations at 12(b)(6). *Khoja*, 899 F.3d at 999–1003; *Lee*, 250 F.3d at 689–90.

**B. What the Bar Does Not Deny.** The Bar's opposition never disputes that the noticed records show, on their face:

1. Waters' Answer predates the MC-050 and lists Waters—not Abrams—as counsel of record (**RJN, Ex. 4**).
2. The later MC-050 calls Abrams the "former attorney of record" (**RJN, Ex. 13**).
3. The minute orders are unsigned and repeatedly say "No further order is necessary" (**RJN, Exs. 6–12**).

These are not "truth" fights; they are what the documents say. That is classic Rule 201 territory.

**C. Legal Consequence Is a Law Question—Not a Fact Dispute.** Whether such minute orders meet CCP §§ 581d, 664.5, CRC 3.1312/3.1590, or FRCP 58(a) is a legal issue. See *Alan v. Am. Honda Motor Co.*, 40 Cal. 4th 894, 902 (2007) (unsigned minute orders are not judgments); *Muller v. Fresno Cmty. Hosp. & Med. Ctr.*, 172 Cal. App. 4th 887, 898 (2009) (no appealable judgment absent signed order); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (separate-document rule "must be mechanically applied"). The Bar cannot rebrand a legal defect—visible on the face of the documents—as a "merits" quarrel.

### III. THE STATE BAR DID NOT OBJECT; RULE 201 PERMITS NOTICE OF THE FACE OF THE RECORD NOW

Plaintiff filed an RJN limited to public court records and the State Bar's own filings, offered not for the truth of any disputed matter but for the existence and contents of what those documents say on their face (e.g., who signed what, on what date; the exact language "No further order is necessary" in the minute orders). The State Bar's opposition does not object to Plaintiff's RJN; the Court may take judicial notice now under FRE 201(b)–(c). See *Bias*, 508 F.3d at 1225 (public records); *Lee*, 250 F.3d at 689–90 (existence/contents, not truth); **Reyn's**, 442 F.3d at 746 n.6 (other-court filings); *Porter v.*

**PLAINTIFF'S REPLY TO THE STATE BAR DEFENDANTS' OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

*Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010) (state-court docket).

**What the noticed record establishes (and the Bar does not dispute):**

(a) Waters' Answer (**RJN, Ex. 4**) identifies Craig C.O. Waters as counsel of record long before the later substitution;

(b) The later MC-050 (**RJN, Ex. 13**) identifies Robert Abrams as "former attorney of record," creating a facial contradiction with the docket; and

(c) The Fresno Superior Court's minute orders (**RJN, Exs. 6–12**) are unsigned and some state "No further order is necessary," and are facially incomplete under mandatory requirements.

Each of these facts is apparent on the face of the documents and is the proper subject of judicial notice under Rule 201 and Ninth Circuit precedent. See *Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc.*, 442 F.3d 741, 746 & n.6 (9th Cir. 2006); *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001); **Intri-Plex Techs., Inc. v. Crest Grp., Inc.,** 499 F.3d 1048, 1052 (9th Cir. 2007); *Bennett v. Medtronic, Inc.,* 285 F.3d 801, 803 n.2 (9th Cir. 2002); see also *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 999–1003 (9th Cir. 2018) (limits at 12(b)(6)).

**Why this matters to Rule 15 and immunity**. The Bar tries to reframe the issue as discretionary "enforcement judgment," when the SAC pleading does not make statements to support that discretionary narrative. The Bar's opposition is very clear: it attempts to mislead the interpretation of the SAC's causes of action so that the Court will miss the point that the Bar still owes administrative duties to review the records of the court upon claims of fraud on the court first—before it could take any discretionary action thereafter—which the Bar skipped.

Plaintiff challenges the Bar's failure (skipping) to perform the minimal, ministerial step of reviewing

the public court file—a step that would have revealed, in under five minutes of the Bar's time:

(i) the MC-050 inconsistency and (ii) the unsigned "No further order is necessary" minute orders.

(ii) Ministerial omissions do not fall within absolute or quasi-judicial immunity. See *Forrester v. White*, 484 U.S. 219, 228–30 (1988); *Hafer v. Melo*, 502 U.S. 21, 25–31 (1991); *Hirsh v. Justices of the Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995). The Bar and Bar officers do not have immunity in this case based on this fact in the records of the court and are subject under 42 U.S.C. § 1983 explicitly for lack of sound reason to omit (skip) a process designed to ensure fairness and honesty in the judicial system, which is designed to ensure judicial protocol maintained in the U.S. Constitution—Supremacy Law.

The noticed defects also go to due process under *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982).

**Futility fails; leave must be granted.**

Because the Court may take judicial notice of the exhibits now, the SAC's theory is facially plausible and not futile. Rule 15(a)(2) requires that leave to amend be "freely give[n]," and amendment here clarifies claims, relies on undisputed public records, and causes no prejudice.

Requested disposition: The Court should (i) grant Plaintiff's RJN in full, (ii) disregard the Bar's immunity framing as inapposite to a ministerial-duty failure shown on the face of the noticed record, and (iii) grant leave to file the SAC pursuant to FRCP 15(a)(2), adopting Plaintiff's [Proposed] Order.

### IV. THE SAC TARGETS A MINISTERIAL VERIFICATION FAILURE, NOT PROSECUTORIAL DISCRETION—IMMUNITY DOES NOT APPLY

**A. Verification Precedes Discretion.** Plaintiff does not challenge a discretionary charging decision; he challenges the Bar's failure to perform the antecedent, ministerial verification step—pulling the

docket and comparing the face of the Answer to the later MC-050, and noting the run of unsigned minute orders. Discretion presupposes verified facts on which it acts. Skipping verification is a procedural breakdown, actionable under *Logan*, 455 U.S. at 429. See also *Hirsh*, 67 F.3d at 715 (State Bar acts under color of state law); *Forrester*, 484 U.S. at 228–30; *Hafer*, 502 U.S. at 25–31 (no absolute immunity) for administrative/ministerial failures). On this pleading, the face of the record (RJN Exs 4,6-12, 13. [Answer; MC-050; minute orders]) does the work. Futility fails.

**B. The MC-050 (RJN, Ex. 13) contradiction is facial:** Waters' Answer (**RJN, Ex. 4**) vs. the later MC-050 naming Abrams as "former counsel" (**RJN, Ex. 13**). A competent State Bar Office would have performed a verification review of the docket and would have caught that instantly by going thirteen documents deep. So too with the run of mechanically defective entries, including unsigned minute orders that state "No further order is necessary" (**RJN, Exs. 6–12**), which cannot constitute judgments under *Alan/Muller/Mallis*. The Bar's opposition contains no representation that any Bar attorney—currently including KRISTINA CHARLES, LOUISA AYRAPETYAN, and/or BRANDON N. STALLINGS—performed this verification of the court's registered docket or confirmed that they pulled and compared those filings. That omission is telling—and fatal. See *Hafer v. Melo*, 502 U.S. 21, 25–31 (1991) (no absolute immunity for administrative/ministerial failures).

### V. RULE 15'S LIBERAL STANDARD REQUIRES GRANTING LEAVE

The Ninth Circuit applies Rule 15 with "extreme liberality." *Eminence Capital*, 316 F.3d at 1051–52. Absent undue delay, bad faith, repeated failure to cure, undue prejudice, or clear futility, leave must be granted. Foman, 371 U.S. at 182.

    a) No prejudice. The case is at the pleadings stage as to the Bar defendants. Discovery is either nascent or not yet opened against them.

    b) No bad faith or delay. Plaintiff moved promptly after consolidating the public records and

clarifying the ministerial-duty theory.

c) **No futility.** The SAC pleads violations grounded in undisputed public records. Ministerial failure and due-process deprivation under *Logan* and *Hirsh* are cognizable. The MC-050 inconsistency and the unsigned minute orders are not speculative; they are on the docket. That more than clears Rule 12(b)(6). See also *Sonoma Cnty. Ass'n of Retired Emps. v. Sonoma Cnty.*, 708 F.3d 1109, 1117 (9th Cir. 2013) (leave favored unless futility is clear).

## VI. THE BAR'S "FUTILITY" ARGUMENT MISSTATES WHAT THE SAC ALLEGES

**A. Fraud-on-the-Court / Record Integrity.** The SAC alleges fraud-on-the-court and systemic record defects supported by the noticed documents—not attorney-negligence narratives. See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246 (1944) (fraud that "defiles the court itself"); *United States v. Estate of Stonehill*, 660 F.3d 415, 443–44 (9th Cir. 2011) (attorney misconduct that harms the integrity of proceedings). The face-of-record contradiction (Answer vs. MC-050) is precisely the kind of defect that a regulator must catch at intake. The Bar's opposition does not—and cannot—deny that contradiction exists.

**B. Due Process via State-Procedure Breakdown.** The run of unsigned, non-judgment minute orders (RJN, Exs. 6–12) and the "No further order is necessary" refrain blocked appellate rights. Under *Logan*, a litigant is deprived of due process when the State's procedural machinery malfunctions. That is a constitutional injury independent of any discretionary discipline decision.

**C. Judicial Notice defeats the Bar's reframing.** The Bar cannot defeat amendment by asking the Court to ignore what Rule 201 permits it to recognize. See *Bias, Reyn's, Lee* (courts may notice contents of public records to show what was filed/said). This is not *Khoja v. Orexigen* territory; Plaintiff is not asking the Court to accept the documents' truth for disputed facts—only to acknowledge the existence, dates, signatories, and verbatim text that appear on their face.

**D. Post-Hoc Rationales Are Irrelevant to Amendment.** Defendants' suggestion that "the end result would be the same" even after later "reviews" is non-responsive to Rule 15. Leave turns on whether the proposed SAC plausibly alleges a claim on the judicially noticeable record—not on after-the-fact rationalizations. See *Eminence Capital*, 316 F.3d at 1051–52 ("extreme liberality"); *Miller v. Rykoff-Sexton,* 845 F.2d 209, 214 (9th Cir. 1988) (futility = Rule 12(b)(6) standard applied to the pleading). The law does not let a party defeat amendment by trotting out post-hoc "same outcome" claims divorced from the record the SAC actually pleads. (Administrative law's *Chenery* principle underscores the point: decisions stand or fall on the reasons actually invoked at the time, not later litigation gloss. *SEC v. Chenery Corp.*, 318 U.S. 80, 87 (1943)—persuasive here.)

## VII. ADMISSIONS BY OMISSION

Pointedly, the Bar's opposition:

    a) Does not deny that the minute orders are unsigned and say "No further order is necessary."

    b) Does not deny that Waters' Answer precedes the MC-050 and lists Waters (not Abrams) as counsel of record.

    c) Does not assert in any past or present decision that any Bar attorney actually undertook administrative verification duties, pulled the Fresno dockets named in the complaint, or compared the Answer to the MC-050 for consistency of the record facts before closing or reopening Plaintiff's complaint against Craig C.O. Waters.

Those omissions confirm Plaintiff's theory: the Bar (defendants) failed its ministerial verification duty.

///
///
///
///

## VIII. PROPOSED ORDER: SIMPLE, NON-PREJUDICIAL, AND RULE-COMPLIANT

Plaintiff's [Proposed] Order implements Rule 15(a)(2)'s liberal standard and aligns with FRCP 58/79 and CCP §§ 581d, 664.5 by ensuring a proper separate document order enters. Granting leave imposes no prejudice and promotes accurate pleadings tethered to the public record.

### 1) Preservation and Mandamus/Prohibition Contingency (All Writs Act; FRAP 21).

If the Court were to deny leave or otherwise resolve this motion by resorting to "policy" or local "custom" rather than the mechanically applied requirements of CCP §§ 581d, 664.5 and FRCP 58(a) (see *Bankers Trust v. Mallis*, 435 U.S. 381, 386 (1978); *Alan v. American Honda Motor Co.*, 40 Cal. 4th 894, 902 (2007)),

Plaintiff respectfully preserves and asserts his right to seek extraordinary relief. Under the All Writs Act, 28 U.S.C. § 1651(a), and Fed. R. App. P. 21, the Ninth Circuit may issue a writ of mandamus or prohibition where there is:

(a) no other adequate means to attain the relief;

(b) prejudice not correctable on appeal; and

(c) a clear error of law, with additional Bauman factors considered as appropriate. See *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). Substituting "custom" for the governing mechanical requirements would be a clear legal error and would perpetuate a systemic practice that cannot be cured by later appeal where non-final papers are treated as judgments. Plaintiff does not ask the Court to invite mandamus; he asks the Court to apply the controlling statutes and rules as written. But to the extent the ruling rests on "policy/custom," Plaintiff expressly preserves his right to seek mandamus/prohibition.

Relief note (immunity-safe). The proposed SAC seeks prospective declaratory/injunctive relief

targeting the verification process (ROA/Answer/MC-050 and enforceability checks), not disciplinary outcomes—further underscoring that leave is proper under Rule 15.

## IX. CONCLUSION

The Court can—and should—grant leave based on judicially noticeable, undisputed public records. The SAC's claims are grounded in a ministerial verification failure and due-process deprivations, visible on the face of the docket. The State Bar's immunity and futility arguments miss the point. Grant the motion and adopt Plaintiff's [Proposed] Order.

Dated: 10/9, 2025

Respectfully submitted,
/s/ Paul V. Singer
Paul V. Singer, Plaintiff Pro Se
4928 E. Washington Avenue
Fresno, California 93727
Tel: (559) 871-6400

# CERTIFICATE OF SERVICE

I certify that on __10 / 9__, 2025, I filed the foregoing **Plaintiff's Reply To The State Bar Defendants' Opposition to Motion for Leave to File Second Amended Complaint** and supporting papers via CM/ECF, which will serve all counsel of record, including:

For Defendant Craig C.O. Waters:
Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

For State Bar Defendants:
Jennifer Sperling, Assistant General Counsel (310551)
Office of General Counsel, The State Bar of California
845 South Figueroa Street, Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: __10 / 9__ / 2025

/s/ Paul V. Singer
Paul V. Singer, Plaintiff Pro Se
Case No.: 1:25-cv-00532-KES-SAB