1  Paul V. Singer
2  4928 E. Washington Avenue
   Fresno, California 93727
3  Telephone: (559)871-6400
   Attorney for Plaintiff: In Pro Se
4



FILED

OCT 1 0 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY CLERK

5       **IN THE UNITED STATES DISTRICT COURT**
6       **FOR THE EASTERN DISTRICT OF CALIFORNIA**
7

| | |
|---|---|
| 8  **PAUL V. SINGER**, in individual | Case No.: 1:25-cv-00532-KES-SAB |
| 9       Plaintiff, | |
| 10 v. | **PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT** |
| 11 **CRAIG C.O. WATERS**, an individual; **ROBERT ABRAMS**, an individual; | |
| 12 **KRISTINA CHARLES**, in her official capacity as Chief Trial Counsel, State Bar | |
| 13 of California; **LOUISA AYRAPETYAN**, in her official capacity as attorney, Office of | Date:   November 5, 2025 |
| 14 General Counsel, State Bar of California; | Time:   10:00 a.m. |
| 15 **BRANDON N. STALLINGS**, in his official capacity as attorney, Office of General | Crtrm: 9 |
| 16 Counsel, State Bar of California; | District Judge:    Kirk E. Sherriff |
| 17 **STATE BAR OF CALIFORNIA**, a public corporation; | Magistrate Judge:  Stanley A. Boone |
| 18 | Trial Date:    None Set |
| 19 **DOES 1–10**, inclusive, | |
| 20      Defendants. | |

## I. INTRODUCTION

This motion turns on undisputed, judicially noticeable documents—not on Defendant Waters's

narrative. Plaintiff's Request for Judicial Notice ("RJN") places before the Court: (1) Waters's

**Answer** identifying **Craig C.O. Waters** as counsel of record before any purported substitution (**RJN**

**Ex. 4**); (2) a later **MC-050** listing **Robert Abrams** as "former attorney of record" (**RJN Ex. 13**); and

(3) a series of **defective-as-a-matter-of-law** minute orders repeatedly stating **"No further order is necessary" (RJN Exs. 6–12)**. Waters's Opposition does not squarely deny any of those face-of-record facts. Under Fed. R. Evid. 201, the Court may (and should) decide this motion on the record and the law.

**Rule 15(a)(2)** is applied with "extreme liberality." Because the SAC clarifies claims grounded in undisputed public records and targets a **ministerial verification failure**—not discretionary prosecution—leave should be granted and the SAC accepted for filing.

## II. JUDICIAL NOTICE CONTROLS THE OUTCOME

**A. Waiver/Forfeiture as to RJN; Rule 201 Permits Notice of the Face of the Record Now**

Plaintiff's RJN is confined to public records and the Bar's/Waters's own filings, noticed for their existence and face-of-document contents (who signed what, when; verbatim language of the orders). **Defendants filed no objection to the RJN. For this motion, any challenge to judicial notice is forfeited**; the Court may notice **RJN Exs. 4, 6–12, 13, and 17.** See Fed. R. Evid. 201(b)–(d); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). No party disputes what these documents say on their face; the issues presented are pure questions of law appropriate for resolution under Rule 15's liberal standard.

**I. Waiver/forfeiture as to RJN: Question of Law, Not Fact, and Appropriate under Rule 15.**

Defendants filed no objection to Plaintiff's RJN. For this motion, any challenge to judicial notice is forfeited; the Court may take notice of the existence and face-of-document contents of RJN Exs. 4, 6–12, 13, and 17. See Fed. R. Evid. 201(b)–(d); *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007); *Lee v. City of Los Angeles*, 250 F.3d 668, 689–90 (9th Cir. 2001). No party disputes what these documents say on their face; the issues presented are questions of law, not fact, and are

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

appropriate for resolution under Rule 15's liberal standard.

**What the noticed record establishes (undisputed):**

• **RJN Ex. 4 (Answer):** Waters is counsel of record before any substitution.

• **RJN Ex. 13 (MC-050):** Abrams is labeled "former attorney of record"—a **facial contradiction** with the docket history.

• **RJN Exs. 6–12 (Minute Orders):** each bears **"No further order is necessary,"** and otherwise fails **mechanical requirements** necessary to be a final, enforceable judgment or order.

**Mechanical-requirements rule:** "Orders obtained by fraud or that fail the **mechanical requirements** of CCP §§ 581d, 664.5 and FRCP 58(a) are **defective as a matter of law** and **void ab initio.**" See *Hazel-Atlas*, 322 U.S. at 245–46; *Levander v. Prober*, 180 F.3d 1114, 1119–23 (9th Cir. 1999); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (separate-document rule applied "mechanically").

**Signed" tentative and minute-attached rulings remain defective as a matter of law.** Even where the Superior Court appended a signed tentative analysis, those papers still fail the independent, mechanical requirements for a final, enforceable order or judgment: a separate document labeled "Judgment/Order," signed by the judicial officer, and properly entered/served by the clerk. CCP §§ 581d, 664.5; CRC 3.1312, 3.1590; FRCP 58(a); *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (separate-document rule is applied "mechanically"); *Alan v. American Honda Motor Co.,* 40 Cal. 4th 894, 902 (2007); *Muller v. Fresno Cmty. Hosp.*, 172 Cal. App. 4th 887, 898 (2009). **Orders obtained by fraud or that fail these mechanical requirements are defective as a matter of law and void ab initio.** See *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944); *Levander v. Prober*, 180 F.3d 1114, 1119–23 (9th Cir. 1999)

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**C. The State Bar Nowhere Claims It Reviewed the Fresno Docket; Silence Confirms a Ministerial Omission Recognizable on Judicial Notice**

The Bar's closure letter and briefing never state that any Bar attorney reviewed the Fresno docket, compared **RJN Ex. 4** to **RJN Ex. 13**, or examined **RJN Exs. 6–12**. That silence is dispositive of Plaintiff's **ministerial-duty** theory and reinforces why **judicial notice** resolves this motion. See Fed. R. Evid. 201(b)–(d); *Bias*, 508 F.3d at 1225; *Lee*, 250 F.3d at 689–90; *Reyn's Pasta Bella*, 442 F.3d at 746 n.6; *Porter v. Ollison*, 620 F.3d 952, 955 n.1 (9th Cir. 2010); Cal. Evid. Code § 452(d).

**D. The "Defective-as-a-Matter-of-Law" Orders Present a Legal, Not Factual, Defect**

The repeated use of orders that are **defective as a matter of law** (e.g., labeled "no further order is necessary," not set out as separate documents, not properly signed/entered/served) violates **CCP §§ 581d, 664.5, CRC 3.1312/3.1590**, and **FRCP 58(a)**. Under *Alan v. American Honda*, 40 Cal. 4th 894, 902 (2007); *Muller v. Fresno Cmty. Hosp.*, 172 Cal. App. 4th 887, 898 (2009); and *Mallis*, 435 U.S. at 386, these defects are **legal nullities**. Treating them as judgments deprived Plaintiff of appellate rights—a **due-process** violation. See *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 429 (1982).

More critically, Defendant Waters's Opposition presented these defective orders as if they were enforceable judgments. That tactic is not a mere oversight; it is a credibility problem. California law expressly prohibits attorneys from misleading courts by artifice or mischaracterization. Bus. & Prof. Code § 6068(d); CRPC 3.3(a). Courts have imposed sanctions where attorneys distorted the record. *In re Marriage of Davenport*, 194 Cal.App.4th at 1536–41; *Kim v. Westmoore Partners, Inc.*, 201 Cal.App.4th at 281–83. Here, Waters's Opposition ignored the undisputed defects on the face of RJN Exs. 6–12, while urging this Court to accept them as valid. That is the very sort of misrepresentation that destroys credibility and risks fraud on the court. See *Levander v. Prober*, 180 F.3d at 1119–23.

### III. WATERS'S PAGE-4 "LEGAL ARGUMENT" MISCHARACTERIZES THE RECORD

Waters cites documents but avoids their **undisputed** features:

a) **Never reconciles the Answer (RJN Ex. 4) with the later MC-050 (RJN Ex. 13).**

A true substitution (MC-050) triggers "new counsel" consequences; a **same-lawyer, new-firm** situation requires only **CRC 1.21** (change of firm/address). Using MC-050 when the same lawyer continues is misleading and weaponizes tools reserved for **new counsel**. See **CRC 1.21**; Bus. & Prof. Code **§ 6068(d)** (no misleading the court); **CRPC 3.3** (candor). Courts sanction such artifice. *In re Marriage of Davenport*, 194 Cal. App. 4th 1507, 1536–41 (2011); *Kim v. Westmoore Partners*, 201 Cal. App. 4th 267, 281–83 (2011); *Levander*, 180 F.3d at 1119–23.

b) **Never refutes the defective-as-a-matter-of-law nature of the orders (RJN Exs. 6–12).**

i. *Alan, Muller,* and *Mallis* control. CCP §§ 581d, 664.5; CRC 3.1312/3.1590; FRCP 58(a).

c) **Ignores how MC-050 (vs. CRC 1.21) confers tactical advantages unavailable for "same lawyer, new firm," including:**

i. **Continuance leverage as "new counsel."** CRC 3.1332(c)(4); *Oliveros v. County of L.A.*, 120 Cal. App. 4th 1389, 1396–1400 (2004).

ii. **Five-year statute positioning** via impossibility/impracticability arguments. CCP §§ 583.310, 583.340; *Bruns*, 51 Cal. 4th 717, 724–31 (2011); *Gaines*, 62 Cal. 4th 1081, 1090–1101 (2016).

iii. **§ 473(b)** "excusable neglect" framing as transition. *Zamora*, 28 Cal. 4th 249, 256–58 (2002); *Elston*, 38 Cal. 3d 227, 233–35 (1985).

iv. **Service/e-service matrix resets** and "lack of notice" claims. CRC 2.200; 2.251–2.259; CCP § 1010.6; *J.B.B. Inv. Partners v. Fair*, 37 Cal. App. 5th 1, 9–16 (2019).

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

v.    **Meet-and-confer/sanctions deflection** ("that was prior counsel"). CCP § 128.7;

*Obregon*, 67 Cal. App. 4th 424, 431–36 (1998); *Peake v. Underwood*, 227 Cal. App.

4th 428, 440–46 (2014).

vi.    **File-turnover friction** to slow discovery. CRPC 1.16(e)(1); *Clark v. Superior*

*Court,* 196 Cal. App. 4th 37, 50–54 (2011).

These are real, recognized effects of **substitution**—not of a mere **CRC 1.21** firm-change notice.

## IV. BAD-FAITH ADVOCACY AND RISK OF FRAUD ON THE COURT (Rule 11; § 6068(d); CRPC 3.3 & 3.4)

Defendant's papers invite the Court to accept conclusions the documents do not support. That crosses

lines the rules forbid.

1.    **Rule 11(b) (warranted contentions).** Portraying **defective-as-a-matter-of-law** orders (**RJN Exs. 6–12**) as final judgments, while ignoring the **RJN Ex. 4 vs. Ex. 13** contradiction, is not "warranted by existing law" or by a fair reading of the record. Fed. R. Civ. P. 11(b)(2)–(3); *Bias*, 508 F.3d at 1225; *Lee*, 250 F.3d at 689–90.

2.    **§ 6068(d) & CRPC 3.3 (candor).** Labeling the later MC-050 as benign "substitution" while never reconciling the earlier Answer (**RJN Ex. 4**) that already lists Waters as counsel is exactly the species of artifice California courts sanction. *Davenport*, 194 Cal. App. 4th at 1536–41; *Kim*, 201 Cal. App. 4th at 281–83. The same is true for characterizing **defective-as-a-matter-of-law** orders as final, despite **CCP §§ 581d, 664.5; CRC 3.1312/3.1590; FRCP 58(a)** and *Mallis's* mechanical rule.

3.    **CRPC 3.4 & 1.2.1 (fairness; no assistance in fraud).** Re-branding a record-level contradiction (**RJN Exs. 4 & 13**) as harmless while leveraging "substitution" consequences is an unfair use of procedure premised on misdescription.

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

4. **Risk of fraud on the court.** Where advocacy "defiles the court itself" by corrupting the record, corrective relief is proper. *Hazel-Atlas*, 322 U.S. at 245–46; *Stonehill*, 660 F.3d at 443–44. Here, the **RJN Ex. 4 vs. Ex. 13** conflict and insistence that **RJN Exs. 6–12** are final invite the Court to accept a misdescribed record as true—the very risk *Hazel-Atlas* warns against.

5. **Requested motion-specific relief:** decide this motion **strictly** on the face of **RJN Exs. 4, 6–12, 13, 17**; disregard argumentative gloss that conflicts with them; and note that continued mischaracterization after this Reply may warrant corrective measures. Plaintiff seeks no sanctions now; he asks only that the Court grant leave under Rule 15 and credit what the documents actually say. **Footnote:** see **FN1** (CRPC 3.3 / Graft).

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

---

[FN1] **CRPC 3.3 (Candor) & RJN Ex. 17 (Graft Declaration).**
Counsel **Alex A. Graft** submitted a declaration attesting to and **vouching** for the same Fresno Superior Court filings the RJN puts before this Court (**RJN Ex. 17**). Under **CRPC 3.3(a)**, a lawyer must not misstate facts or law and must correct prior misstatements. Having personally relied on these documents, it would be **bad faith** to contend the Court cannot rely on them for **Rule 201** purposes. See *Lee,* 250 F.3d at 689–90 (existence/contents of public records); *Bias,* 508 F.3d at 1225. The candor rule thus reinforces judicial notice here.

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1

## V. TABLE: WATERS'S CLAIMS VS. SINGER'S REBUTTALS (WITH RJN CITES)

2

3

| Waters's Opposition Claim | Singer's Rebuttal (RJN cites & authority) |
|---|---|
| "SAC is futile because Superior Court already entered 'orders' disposing of the case." | Those "orders" are **defective as a matter of law**. The docket shows **minute orders** stating "No further order is necessary" (**RJN Exs. 6–12**). CCP §§ 581d, 664.5; CRC 3.1312/3.1590; FRCP 58(a). *Alan*, 40 Cal. 4th at 902; *Muller*, 172 Cal. App. 4th at 898; *Mallis*, 435 U.S. at 386. |
| "Plaintiff's theory is malpractice disguised as fraud; Waters never represented Singer." | **Fraud-on-the-court** does **not** require an attorney–client relationship. Waters's **Answer** lists him as counsel of record for defendant (**RJN Ex. 4**). The later **MC-050** falsely names **Abrams** "former attorney of record" (**RJN Ex. 13**). That facial contradiction is classic *Hazel-Atlas/Levander* fraud. |
| "SAC adds nothing new." | The SAC clarifies **face-of-record** defects: (i) **RJN Ex. 4** (Waters as counsel), (ii) **RJN Ex. 13** (false "former counsel"), (iii) **RJN Exs. 6–12** (defective-as-a-matter-of-law orders). These are **newly organized** judicially noticeable allegations. |
| "Unsigned minutes can still show no harm." | The issue is **legal**: such orders cannot be final or appealable, depriving Plaintiff of appellate rights (due process). *Logan*, 455 U.S. at 429; *Alan, Muller, Mallis*. |
| "Bar found no misconduct." | The closure letter said only "no duty to communicate." It **never** said the Bar reviewed the docket; never addressed **RJN Exs. 4 & 13** or Exs. 6–12. That silence confirms a **ministerial omission**. *Hirsh*, 67 F.3d at 715. |
| "Amendment prejudices Waters." | Rule 15 favors leave. No discovery has occurred; the amendment streamlines issues; the only prejudice is exposure of **MC-050 misuse**. *Foman*, 371 U.S. at 182; *Eminence Capital*, 316 F.3d at 1051–52. |
| *(Added)* Waters nowhere disputes Abrams's "former counsel" signature. | **RJN Ex. 13** shows **Abrams signed** as "former attorney of record." Waters offers no reconciliation with **RJN Ex. 4**. Silence on this **facial inconsistency** is telling and supports fraud-on-the-court and ministerial-duty failure. See also **RJN Ex. 17 (Graft Decl.)**. |

## VI. THE MC-050 MISUSE SUPPORTS FRAUD-ON-THE-COURT

The **MC-050** lists **Abrams** as "former attorney of record" (**RJN Ex. 13**) although **Waters** was counsel of record (**RJN Ex. 4**). The contradiction is facial and judicially noticeable. It corrupted the record and qualifies as **fraud on the court**. *Hazel-Atlas*, 322 U.S. at 245–46; *Levander*, 180 F.3d at 1119–23; *Stonehill*, 660 F.3d at 443–44.

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

## VII. DUE-PROCESS INJURY FROM DEFECTIVE-AS-A-MATTER-OF-LAW ORDERS

Orders that fail the **mechanical requirements of CCP §§ 581d, 664.5** and **FRCP 58(a)** are **defective as a matter of law** and **void ab initio**. *Hazel-Atlas; Levander; Mallis*. Treating such orders as final deprived Plaintiff of appellate rights—**a constitutional injury**. *Logan*, 455 U.S. at 429.

### 1) Law v. Custom

What has crept in as an *unspoken custom* — treating unsigned or incomplete minute orders as judgments — is not a lawful standard. The governing statutes, rules, and cases are mechanical, not aspirational. Orders that fail those requirements are *defective as a matter of law* and void ab initio. When the State, through its courts and Bar, disregards those requirements, it does more than err: it denies due process by foreclosing Plaintiff's rights through non-existent judgments. See *Hazel-Atlas*, 322 U.S. at 245–46; *Bankers Trust*, 435 U.S. at 386; *Alan*, 40 Cal.4th at 902; *Logan*, 455 U.S. at 429."

### 2) Appeal time does not run without a valid, entered judgment.

In California, the clock to appeal starts only when there is (1) a judge-signed judgment or appealable order, (2) properly **entered** by the clerk, and (3) either a **notice of entry** or a **file-stamped copy** is served; absent those mechanical steps, there is nothing to appeal and no deadline accrues. See **CRC 8.104(a)(1)(A)–(C), (c)(1)–(2)**; **CCP §§ 581d, 664.5**; *Van Beurden Ins. Services, Inc. v. Customized Worldwide Weather Ins. Agency*, **15 Cal.4th 51, 56** (1997) (entry/notice triggers time); *Alan v. American Honda Motor Co.*, **40 Cal.4th 894, 902** (2007) (minute orders are not final judgments); *Brown v. Superior Court*, **202 Cal.App.4th 1551, 1557–58** (2012) (unsigned minute orders are nonappealable); *In re Marriage of Trobough*, **65 Cal.App.4th 930, 932–33** (1998) (minute order is not the appealable judgment until reduced to a signed, entered order). Where an "order" is procured by fraud or fails these mechanical requirements; it is **defective as a matter of**

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

1    **law** and **void ab initio**—and a void judgment "may be set aside at any time*." Hazel-Atlas Glass Co.*

2    *v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944); *Levander v. Prober*, 180 F.3d 1114, 1119–

3    23 (9th Cir. 1999); *People v. American Contractors Indemnity Co.*, 33 Cal.4th 653, 660–61

4    (2004) (void judgment may be vacated at any time); *County of San Diego v. Gorham*, 186 ere

5    Cal.App.4th 1215, 1228–29 (2010). *Cf. Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978) (the

6

7    separate-document rule is applied "mechanically").

8         Non- existent orders/judgments created by the *unspoken custom* equals procedural-defect

9    therein, exposing those elements to when and how a document was filed, recorded thereon

10   records of the court become constitutional interference with the case internal judicial integrity, with

11

12   disregard of mechanical process, thus violates due process of law.

13         In Plaintiff's RJN (**RJN Exhibits 6-12**) the Records of the Fresno Superior Court's is

14   evidence of *unspoken custom*; behavior as *not just defective but unconstitutional policy drift* — it's

15   about systemic denial of due process. Therefore, it is these mechanical requirements of the law that

16   Plaintiff's Request for RJN and [Proposed] Order is reasonable for the Court to grant.

17

18         Defendant's remaining gambits do not move the needle: he may try to recast the defects as

19   "harmless error" by arguing that attaching tentative rulings to minute entries "substantially complied"

20   with the rules, but the Supreme Court requires the separate-document rule to be **applied**

21   **mechanically**, not approximately (*Bankers Trust Co. v. Mallis*, 435 U.S. 381, 386 (1978)), and

22   California's highest court is equally clear that unsigned minute orders are **not** final, appealable

23

24   judgments (*Alan v. American Honda Motor Co.*, 40 Cal. 4th 894, 902 (2007)); he may shift to **res**

25   **judicata**, asserting that even defective orders bar re-litigation, yet judgments procured by fraud or

26   lacking jurisdictional formalities are **void ab initio** and cannot support claim or issue preclusion

27   (*Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 245–46 (1944); *Levander v. Prober*,

28

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

180 F.3d 1114, 1119–23 (9th Cir. 1999)); he may press **futility**, but the RJN record (Exs. 6–12) shows non-final, defective-as-a-matter-of-law papers rather than judgments, so Rule 15's liberal standard is satisfied; and he may try to discredit Plaintiff's **due-process** narrative as mere relitigation, which fails because the SAC targets a **systemic** denial of due process visible on the face of the public record (RJN Exs. 4, 6–12, 13, 17). The only arguable soft spot would be if the Court were inclined to accept "substantial compliance"; that is precisely why *Mallis* (mechanical application) and *Alan* (unsigned minutes are not final) must be front and center—on this record, the mechanical requirements were not met, so none of Defendant's reframing can save the defects or defeat leave to amend.

### 3) Preservation and Mandamus/Prohibition Contingency (All Writs Act; FRAP 21)

If the Court were to deny leave or otherwise resolve this motion by resorting to "policy" or local "custom" rather than the mechanically applied requirements of CCP §§ 581d, 664.5 and FRCP 58(a) (see *Bankers Trust v. Mallis*, 435 U.S. 381, 386 (1978); *Alan v. American Honda Motor Co.*, 40 Cal. 4th 894, 902 (2007)), Plaintiff respectfully preserves and asserts his right to seek extraordinary relief.

Under the All Writs Act, 28 U.S.C. § 1651(a), and Fed. R. App. P. 21, the Ninth Circuit may issue a writ of mandamus or prohibition where there is (1) no other adequate means to attain the relief; (2) prejudice not correctable on appeal; and (3) a clear error of law, with additional Bauman factors considered as appropriate. See *Cheney v. U.S. Dist. Court*, 542 U.S. 367, 380–81 (2004); *Bauman v. U.S. Dist. Court*, 557 F.2d 650, 654–55 (9th Cir. 1977). Substituting "custom" for the governing mechanical requirements would be a clear legal error and would perpetuate a systemic practice that cannot be cured by later appeal where non-final papers are treated as judgments. Plaintiff does not ask the Court to invite mandamus; he asks the Court to apply the controlling statutes and rules as written. But to the extent the ruling rests on "policy/custom," Plaintiff expressly

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

preserves his right to seek mandamus/prohibition.

## VIII. THE FIVE MANDATORY ELEMENTS OF A TRUE FINALIZED ORDER (CHECKLIST THE RJN PROVES ARE MISSING)

### 1) Proper Caption & Case Number

What it must have: full caption; court/division; correct case number. Authority: CRC 2.111(a)(1)–(3); CCP § 664.6; *People v. $20,000 U.S. Currency*, 235 Cal. App. 3d 682 (1991).

### 2) Clear, Operative Ruling

What it must have: a definite ruling (not "tentative" or "no further order"); specified relief. Authority: CCP §§ 577, 664; Cal. Const. art. VI, § 1; *In re Marriage of Drake*, 53 Cal. App. 4th 1139, 1170 (1997); *Levy v. Superior Court*, 10 Cal. 4th 578 (1995).

### 3) Judge's Signature & Identification

What it must have: judge's signature and printed name/title; not clerk/counsel alone. Authority: Cal. Const. art. VI, § 22; CCP § 664.5(b); Gov. Code § 69844; *Brown v. Superior Court*, 202 Cal. App. 4th 1551; *Alan*, 40 Cal. 4th 894.

### 4) File-Stamp / Entry by Clerk

What it must have: clerk file-stamp and docket entry; "entry" triggers deadlines. Authority: CCP §§ 668.5, 664.5(d); CRC 8.104(c)(2*); In re Marriage of Trobough*, 65 Cal. App. 4th 930 (1998); *Van Beurden*, 15 Cal. 4th 51, 56 (1997).

### 5) Separate, Standalone Form (Rule 58 Compliance)

What it must have: a **separate document** stating "Judgment" or "Order." Authority: **FRCP 58(a); CCP § 581d**; *Mallis*, 435 U.S. at 386; *Sullivan v. Delta Air Lines*, 15 Cal. 4th 288 (1997); *Alan*, 40 Cal. 4th 894.

**Against Craig C.O. Water's Opposition of Plaintiff's SAC (via RJN):** Each missing element is a **ministerial failure** confirmed by **RJN Exs. 6–12**; failure of any single element renders

the "order" **defective as a matter of law** and non-final. Defendants cannot avoid the checklist; it's

statute + rule + case law.

### IX. RULE 15 FACTORS FAVOR LEAVE

As explained supra, the validity of the Fresno "orders" is a mechanical, legal question already

established by judicial notice (see **RJN Exs. 4, 6–12, 13, 17**). Defendants waived objection; the

defects are judicially established for purposes of this motion.

The SAC clarifies claims anchored in judicially noticeable defects, adds no prejudice, and

promotes adjudication on the merits. *Foman,* 371 U.S. at 182; *Eminence Capital*, 316 F.3d at 1051–

52. The Court should freely grant leave and accept the SAC for filing.

### X. CONCLUSION

The Court need not referee narratives. It can decide this motion on **judicial notice and law**: the

**mechanical requirements were not met; the MC-050 conflicts with the docket;** and **no party**

**disputes** what the noticed documents show on their face. **Grant leave** under Rule 15(a)(2), and

**credit what the record says**.

**Requested Disposition:**

1. **Grant** Plaintiff's Motion for Leave to File the SAC;

2. **Grant** Plaintiff's RJN in full as to the **existence and face-of-document contents of RJN**
   **Exs. 4, 6–12, 13, and 17;**

3. **Adopt** Plaintiff's [Proposed] Order.

Dated: **10 / 19** , 2025

Respectfully submitted,

/s/ Paul V. Singer

**Paul V. Singer**, Plaintiff Pro Se

13

**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO
MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

**CERTIFICATE OF SERVICE**

I certify that on ___10__ / __9__, 2025, I filed the foregoing **Plaintiff's Reply to Defendant Craig C.O. Waters's Opposition to Motion for Leave to File Second Amended Complaint** and supporting papers via CM/ECF, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**

Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

**For State Bar Defendants:**

Jennifer Sperling, Assistant General Counsel (310551)
Office of General Counsel, The State Bar of California
845 South Figueroa Street, Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: __10__ / __9__, 2025

/s/ Paul V. Singer
**Paul V. Singer**, Plaintiff Pro Se

14
**PLAINTIFF'S REPLY TO DEFENDANT CRAIG C.O. WATERS'S OPPOSITION TO MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**