Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**FILED**

DEC 04 2025

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY_____
    DEPUTY CLERK

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, an individual<br><br>        Plaintiff,<br><br>v.<br><br>CRAIG C. WATERS, et al.<br><br>        Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**NOTICE OF MOTION AND MOTION TO CLARIFY THE COURT'S RULING AS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: _____<br><br>Time: _____<br><br>Crtrm.: _____<br><br>Hon. Stanley A. Boone |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that at the above date, time, and courtroom, Plaintiff Paul V. Singer ("Plaintiff"), in pro se, will and hereby does move the Court for a limited order clarifying how the Court addressed Plaintiff's Request for Judicial Notice ("RJN") submitted in support of Plaintiff's Motion for Leave to File Second Amended Complaint ("SAC"). This motion is made pursuant to the Court's inherent authority to clarify its orders and under Fed. R. Civ. P. 54(b) and 60(a), on the grounds that clarification will ensure a clear record as to which exhibits were judicially noticed (and for what purpose), and whether the Court relied upon those exhibits in resolving the motion for leave.

1

NOTICE OF MOTION AND MOTION TO CLARIFY THE COURT'S RULING AS TO
PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND
AUTHORITIES

This motion is tied to the same docket as Plaintiff's Motion for Leave to File SAC, and is supported by this Memorandum of Points and Authorities, the Court's record, matters suitable for judicial notice, and any argument heard at the time of hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff filed an RJN comprised of public-court records central to the issues raised by the motion for leave, including: (i) Waters's Answer reflecting him as counsel of record (RJN Ex. 4); (ii) a later MC-050 listing Robert Abrams as "former attorney of record" (RJN Ex. 13); (iii) a series of Fresno Superior Court minute papers bearing "No further order is necessary" language and other defects as a matter of law (RJN Exs. 6–12); and (iv) Alex A. Graft's declaration attaching and vouching for those same records (RJN Ex. 17). No party interposed a specific objection to the RJN for purposes of the motion for leave. The resulting order, however, does not expressly state whether the RJN was granted (in whole or in part), and for what limited purpose (existence and face-of-document contents). Clarification will avoid confusion in the record and guide the parties' next steps.

### II. BACKGROUND

Plaintiff's RJN relied on black-letter principles: courts may take notice of state-court dockets and filings for their existence and face-of-document contents. See Fed. R. Evid. 201(b)–(d); Bias v. Moynihan, 508 F.3d 1212, 1225 (9th Cir. 2007); Lee v. City of Los Angeles, 250 F.3d 668, 689–90 (9th Cir. 2001); Reyn's Pasta Bella, LLC v. Visa U.S.A., Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006); Porter v. Ollison, 620 F.3d 952, 955 n.1 (9th Cir. 2010). The Court's ruling on the motion for leave did not expressly resolve the RJN, creating ambiguity as to whether the Court: (1) granted notice of Exhibits 4, 6–12, 13, and 17; (2) relied on those exhibits; and (3) treated the legal effect of those exhibits as a question of law governed by the mechanical requirements of CCP §§ 581d, 664.5 and

FRCP 58(a).

## III. LEGAL STANDARD

District courts retain inherent authority to clarify their orders and to revise any interlocutory order at any time before entry of judgment. See City of Los Angeles v. Santa Monica Baykeeper, 254 F.3d 882, 887 (9th Cir. 2001) (court may reconsider or clarify interlocutory orders); Fed. R. Civ. P. 54(b). Clerical errors or omissions can be corrected under Rule 60(a). See Tattersalls, Ltd. v. DeHaven, 745 F.3d 1294, 1297 (9th Cir. 2014). Clarification is appropriate where an order is "susceptible to more than one reasonable interpretation" or leaves uncertainty about what the court decided. See United States v. Martin, 226 F.3d 1042, 1048–49 (9th Cir. 2000).

## IV. ARGUMENT

### A. Clarification Will Prevent Prejudice and Streamline the Case

The parties' next steps depend on a clear understanding of the Court's treatment of the RJN. Because the RJN bears on Rule 15's futility analysis (where the legal effect of noticed documents matters), an express statement regarding which exhibits were noticed—and for what purpose—will avoid satellite disputes and promote efficient resolution on the merits.

### B. The RJN Was Proper, Unopposed, and Squarely Within Rule 201

Plaintiff requested notice of public records for the limited purpose of existence and face-of-document contents—precisely what the Ninth Circuit permits. Bias, 508 F.3d at 1225; Lee, 250 F.3d at 689–90; Reyn's Pasta Bella, 442 F.3d at 746 n.6; Porter, 620 F.3d at 955 n.1. No party timely objected. For clarity of the record, the order should reflect that the Court granted judicial notice of RJN Exs. 4, 6–12, 13, and 17, and that the Court considered them only for their existence and face-of-document contents.

### C. Clarification Should Confirm the Governing Mechanical Rules

To the extent the Court relied on the noticed exhibits, the order should also confirm that the legal effect of the Fresno papers is judged by the mechanical requirements of FRCP 58(a) and the California parallels, not by policy or "substantial compliance." See Bankers Trust Co. v. Mallis, 435 U.S. 381, 386 (1978) (separate-document rule is applied mechanically); Alan v. American Honda Motor Co., 40 Cal. 4th 894, 902 (2007) (minute orders are not final judgments); Muller v. Fresno Cmty. Hosp. & Med. Ctr., 172 Cal. App. 4th 887, 898 (2009).

### D. Requested Clarifications

Plaintiff respectfully requests that the Court enter an order clarifying that: (1) the Court GRANTS Plaintiff's RJN as to RJN Exs. 4, 6–12, 13, and 17 for the limited purpose of their existence and face-of-document contents; (2) the Court considered those exhibits in ruling on the motion for leave; and (3) the legal effect of those exhibits is governed by the mechanical requirements of FRCP 58(a) and CCP §§ 581d, 664.5 (with CRC 3.1312/3.1590), rather than by policy/custom or substantial-compliance notions.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court clarify its ruling as to Plaintiff's RJN, as set out above, and grant such further relief as the Court deems just and proper.

Dated: December 04, 2025

Respectfully submitted,
/s/ Paul V. Singer_____
Paul V. Singer, Plaintiff Pro Se
4928 E. Washington Avenue
Fresno, California 93727
Tel: (559) 871-6400

# CERTIFICATE OF SERVICE

I certify that on December 04, 2025, I filed the foregoing NOTICE OF MOTION AND MOTION TO CLARIFY THE COURT'S RULING AS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE; MEMORANDUM OF POINTS AND AUTHORITIES and supporting papers via United States Postal Service, First Class Mail and, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**
Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

**For State Bar Defendants:**
Jennifer Sperling, Assistant General Counsel (310551)
Office of General Counsel, The State Bar of California
845 South Figueroa Street, Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 12/04/ 2025

Dana W. Singer, On Behalf Of:
Paul V. Singer, Plaintiff Pro Se
Case No.: 1:25-cv-00532-KES-SAB

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, an individual<br><br>    Plaintiff,<br>v.<br><br>CRAIG C. WATERS, et al,<br><br><br>    Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>[PROPOSED] ORDER CLARIFYING THE COURT'S RULING AS TO PLAINTIFF'S REQUEST FOR JUDICIAL NOTICE<br><br>Date: _____<br><br>Time: _____<br><br>Crtrm.: _____<br><br>Hon.   Stanley A. Boone |

Having considered Plaintiff's Motion to Clarify the Court's Ruling as to Plaintiff's Request for Judicial Notice ("RJN"), the papers filed in connection therewith, and the record, and good cause appearing, IT IS HEREBY ORDERED:

1. Plaintiff's Motion to Clarify is GRANTED.

2. The Court GRANTS judicial notice of RJN Exhibits 4, 6–12, 13, and 17 for the limited purpose of recognizing their existence and the contents apparent on their face (e.g., who signed, what was filed, the text displayed), but not for the truth of any disputed matters asserted therein.

3. The Court clarifies that it considered the above-noticed exhibits in resolving Plaintiff's Motion for Leave to File Second Amended Complaint.

1
[PROPOSED] ORDER CLARIFYING THE COURT'S RULING AS TO PLAINTIFF'S
REQUEST FOR JUDICIAL NOTICE

4. The Court further clarifies that the legal effect of the Fresno Superior Court papers at issue is determined by the mechanical requirements of FRCP 58(a) and the California parallels (CCP §§ 581d, 664.5; CRC 3.1312/3.1590).

5. Nothing in this Order precludes any party from raising appropriate merits arguments at the proper stage, consistent with this clarification.

IT IS SO ORDERED.

Dated: _____, 2025

_____
Hon. _____
United States District Judge

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, an individual<br><br>Plaintiff,<br>v.<br><br>CRAIG C. WATERS, et al<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**CERTIFICATE OF SERVICE**<br><br>Date: _____<br><br>Time: _____<br><br>Crtrm.: _____<br><br>Hon. Stanley A. Boone |

I am over the age of 18 and not a party to this action. My business address is 4928 E. Washington Avenue, Fresno, California 93727.

On December 04, 2025, I caused the following documents to be filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record:

• Motion to Clarify the Court's Ruling as to Plaintiff's Request for Judicial Notice;

• [Proposed] Order Clarifying the Court's Ruling as to Plaintiff's Request for Judicial Notice.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: December 04, 2025

_____
Dana W. Singer On Behalf Of:
Paul V. Singer, Plaintiff In Pro Se

1
**CERTIFICATE OF SERVICE**