# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL SINGER, | Case No. 1:25-cv-00532-KES-SAB |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS RECOMMENDING GRANTING DEFENDANTS' MOTIONS TO DISMISS AND MOTION TO STRIKE AND DENYING PLAINTIFF'S MOTION TO STRIKE AND MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT |
| v. | |
| CRAIG C.O. WATERS ESQ, et al., | |
| Defendants. | |
| | (ECF Nos. 27, 28, 36, 42, 47, 60) |
| | **OBJECTIONS DUE WITHIN FOURTEEN DAYS** |

Plaintiff Paul Singer ("Plaintiff"), who is proceeding *pro se*, brings this civil rights and fraud action against Craig C.O. Waters, Esq. ("Waters"); Kristin Charles, Louisa Ayrapetyan, and Brandon N. Stallings ("State Bar Defendants"). (ECF No. 21.) Pending before the Court is a motion to strike certain causes of action and a motion to dismiss filed by Defendant Waters (ECF Nos. 27, 28); a motion to dismiss filed by the State Bar Defendants (ECF No. 42); and a motion to strike Waters' declarations, a motion for leave to amend, and a motion for clarification filed by Plaintiff. (ECF Nos. 36, 47, 60.) The assigned district judge referred all motions to the undersigned for the preparation of findings and recommendations. (ECF Nos. 32, 43, 54.) Pursuant to Local Rule 230(g), the Court took the motions under submission without a hearing. Upon review of the papers and the Court's file, the Court will recommend granting Defendants' motions and denying Plaintiff's motion, as described below.

/ / /

## I.

## BACKGROUND

Plaintiff is Paul Singer, an individual who resides in Fresno, California.  (ECF No. 21, ¶ 1.)  Defendant Waters is an attorney licensed to practice law in California and was opposing counsel to Plaintiff in an underlying contract case litigated in California Superior Court, Fresno County (the "underlying litigation").  (Id. at ¶ 2.)  Defendant lists Kristina Charles, Louisa Ayrapetyan, and Brandon N. Stallings as "Defendant State Bar Officials," with Charles labeled as "Chief Trial Counsel" and Ayrapetyan and Stallings labeled as "Office of General Counsel."  (Id. at ¶ 3.)  Essentially, Plaintiff alleges that certain actions taken by Waters during the underlying litigation and later inaction by the State Bar Defendants following Plaintiff's complaint filed against Waters to the California State Bar resulted in the deprivation of constitutional rights as well as fraud.  All Plaintiff's causes of action arise from these essential allegations.

Specifically, Plaintiff alleges that he filed a lawsuit in California Superior Court, Fresno County, on August 23, 2019, Case No. 19CECG03151.  (Id. at ¶ 3.)[1]  According to Plaintiff, the facts in the underlying litigation involved a "one-page contract between Plaintiff and Defendant [Waters'] client regarding the improvement of real property to increase its value and generate profit."  (Id.)  Plaintiff then lays out the specifics of what occurred following the entering into the contract.  (Id. at ¶ 4.)  Plaintiff alleged that the party[2] who he entered into the contract with breached the terms of the contract by taking out additional loans against the property; by using funds from the property to improve the party's own personal residence and other properties; and by failing to provide Plaintiff with financial records for 4.5 years.  (Id.)

Plaintiff alleged that the property was sold for a profit on August 10, 2017, but the party he entered into the contract with "falsely claimed that the costs exceeded any profits for Plaintiff to receive, even though Plaintiff . . . had performed his obligation under the terms of the contract . . . ."  (Id.)  In all, Plaintiff asserted that the party retained $92,000.00 from the sale.  (Id.)

---

[1] Plaintiff has included two paragraphs with the label ¶ 3, both of which are on page 2 of the first amended complaint.  (ECF No. 21, p. 2.)  This citation is to the second ¶ 3.

[2] Plaintiff identifies this party in this section only as "Defendant's client"; later Plaintiff ostensibly indicates that this party is a "Brian Weldon."  (See ECF No. 21, ¶ 7.)

Plaintiff then alleged that he had a valid lien on the property, though Plaintiff's own allegations appear to be less than clear on this point.[3] (Id. at ¶ 5.) In any event, Plaintiff asserted that Main Street Escrow failed to share the proceeds of the sale, a sum of $41,400.00, and somehow the "title company got clearance from the escrow company [that] all liens had been honored." (Id.) Thus, Plaintiff alleged he had been "deprived of the use of $41,400 for over 6 years, entitling him to prejudgment interest at the statutory rate of 10% per annum under California Civil Code § 3287(a)." (Id. at ¶ 6.)

Relevant to the claims brought in this lawsuit, during the litigation of the underlying action, Plaintiff alleges that on July 3, 2019, Defendant Waters filed an answer on behalf of his client, Brian Weldon. (Id. at ¶ 7.) Plaintiff then states that Defendant Waters "knowingly made false statements to the court and Plaintiff with the intent to deceive and obstruct justice. These misrepresentations were designed to delay the case, shield his client from liability, and prevent Plaintiff from recovering his rightful share of the sale of proceeds." (Id. at ¶ 8.)

For example, Plaintiff raises that on January 12, 2022, Defendant Waters filed a substitution form indicating that he was a 'new attorney' despite being 'original counsel.' (Id. at ¶ 9.) Additionally, on February 21, 2023, Platiniff alleges that Defendant Waters filed a declaration in support of a motion for sanctions against Plaintiff. (Id. at ¶ 10.) Plaintiff asserts that Waters falsely claimed that he had drafted a meet-and-confer letter to Plaintiff; Plaintiff asserts that the prior substitution of counsel contradicted Defendant Waters' role as counsel. (Id. at ¶ 10(a).) Furthermore, Plaintiff alleges that the declaration included a paragraph that stated that Plaintiff and a notary public had a specific conversation on January 10, 2023, which never occurred. (Id. at ¶ 11.) Then, Defendant Waters purportedly "falsely referenced a United States Postal Service receipt dated November 4, 2023, as the 'Exhibit D' therein Craig C.O. Water's [sic] Declaration (**Exhibit C**), further demonstrating his intent to deceive." (Id. at ¶ 11.)

At some point, Plaintiff filed an "Affidavit of Truth" in the underlying litigation (or on Defendant Waters) that he asserts Defendant Waters' never rebutted. (Id. at ¶ 12.)[4] Plaintiff

---

[3] Notwithstanding, this inconsistency is not material to the claims raised herein.

[4] The Court declines to recite the details of that affidavit, as those specifics are not material to the claims brought herein. (See ECF No. 21, ¶ 12(1)-(11).)

3

alleges that "Defendant Waters' fraudulent conduct directly caused the dismissal of Plaintiff's case and warrants punitive damages under California Code § 3294." (Id. at ¶ 13.)

Following the dismissal of the underlying litigation, "Plaintiff filed a complaint with Defendant State Bar of California on July 17, 2024, providing evidence of Defendant Waters' misconduct, including court filings, witness statements, and notary public records. Despite clear evidence of unethical and illegal conduct, [the State Bar Defendants] failed to investigate or discipline Defendant Waters . . . ." (Id. at ¶ 14.) Ultimately, Plaintiff's complaint against Defendant Waters was dismissed. (See id. at ¶ 14(a).) In the letter of dismissal, Plaintiff asserts that the letter "falsely claimed there was 'no evidence' of Waters' misconduct, despite Plaintiff submitting [evidence]." (Id.)

Plaintiff claims that the inaction by the State Bar Defendants "was not a discretionary act but fraud on the court, stripping immunity[,] . . . [and] Defendants' actions were investigated (not adjudicated), so quasi-judicial immunity does not apply." (Id. at ¶ 14(b)-(c).) On September 19, 2024, the State Bar closed the case without stating any legal basis for its decision. (Id. at ¶ 15.) According to Plaintiff, the State Bar Defendants' failure to investigate constituted deliberate indifference to Plaintiff's constitutional rights and undermines the integrity of the legal profession. (Id. at ¶ 16.)

Plaintiff then outlines the individual State Bar Defendants' actions and inactions. For Defendant Charles, Plaintiff alleges she received Plaintiff's complaint but "admitted in writing" she did not review Plaintiff's exhibit demonstrating Waters' perjury. (Id. at ¶ 17(a).) Plaintiff claims that this violated Charles' "ministerial duty to investigate under § 6044." (Id.) Plaintiff continues, asserting that Charles knowingly or recklessly disregarded Plaintiff's claim of fraud against Waters, meaning Plaintiff is entitled to punitive damages. (Id.)

As to Defendant Ayrapetyan, Plaintiff alleges that she "[a]pproved the dismissal of Plaintiff's complaint without legal basis," despite Plaintiff's offered evidence. (Id. at ¶17(b).) Finally, regarding Defendant Stallings, Plaintiff alleges that he "Ratified the unlawful dismissal as part of a broader pattern to protecting corrupt attorneys, as shown by [specific prior incidents]." (Id. at ¶ 17(c) (brackets in original).)

With regard to all State Bar Defendants, Plaintiff alleges that their "systemic failure to investigate attorney fraud constitutes an unwritten policy of deliberate indifference to constitutional rights . . . ." (Id. at ¶ 18.)  In support, Plaintiff further alleges that the State Bar Defendants' refusal to act on Plaintiff's complaint is part of a longstanding practice of ignoring misconduct by attorneys "with political connections," which violates Plaintiff's Fourteenth Amendment due process rights. (Id. at ¶ 18(a).)  Additionally, Plaintiff asserts that the State Bar Defendants were required to investigate allegations of attorney fraud. (Id. at ¶ 18(b).)

Following both Waters' and the State Bar Defendants' actions and inactions, Plaintiff alleges that he suffered significant harm, including the dismissal of his case; financial losses of approximately $92,000.00, which includes Plaintiff's rightful share of the sale proceeds of $41,400.00 with prejudgment interest; emotional distress and reputational harm; and the deprivation of Plaintiff's due process and equal protection rights. (Id. at ¶ 19.)

Separately, Plaintiff has a section in his complaint that concerns allegations that Defendant Waters' conduct in the underlying litigation violated Federal Rule of Civil Procedure 11. (Id. at ¶ 20.)  According to Plaintiff, Defendant Waters filed frivolous motions and made false statements to the state court with the intent of delaying the case and obstructing justice. (Id.)  Specifically, Plaintiff again references the substitution of attorney form filed on January 12, 2022, and Waters' declaration filed concurrently with the motion for sanctions. (Id. at ¶ 21.)  Plaintiff alleges financial harm, emotional distress, and the deprivation of constitutional rights, including due process and equal protection. (Id. at ¶¶ 22-24.)

On May 6, 2025, Plaintiff commenced this action. (ECF No. 1.)  Following the filing of a motion to strike and a motion to dismiss by Defendant Waters, Plaintiff filed a first amended complaint on June 23, 2025, which is the operative complaint. (ECF No. 21.)  Therein, Plaintiff brings five causes of action: (1) deprivation of due process and equal protection, brought through 42 U.S.C. § 1983; (2) fraud and intentional misrepresentation; (3) equitable relief to reopen the lower court case; (4) equitable relief to open an investigation by the California Department of Real Estate; and (5) violations of Federal Rules of Civil Procedure, Rule 11. (Id.)  Thereafter, Defendant Waters again brought a motion to strike and a motion to dismiss, which Plaintiff

opposed.  (ECF Nos. 27, 28, 33.)  Following, State Bar Defendants filed a motion to dismiss, which Plaintiff did not oppose, but he later filed a motion for leave to file a second amended complaint. (ECF Nos. 42, 47.)  All Defendants then opposed the motion for leave to amend.  (ECF Nos. 52, 53.)  The docket is otherwise peppered with filings from Plaintiff, including notices and a motion to clarify.  (See ECF Nos. 39, 59, 60.)  The district judge referred all motions, and any derivative motions, to the undersigned for the preparation of findings and recommendations.  (ECF Nos. 32, 43, 54.)  Pursuant to Local Rule 230(g), the Court took the motions under submission without a hearing.

## II.

## LEGAL STANDARDS

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief."  A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6).   To overcome a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Plausibility requires pleading facts, as opposed to conclusory allegations or the formulaic recitation of the elements of a cause of action, and must rise above the mere conceivability or possibility of unlawful conduct that entitles the pleader to relief." Somers v. Apple, Inc., 729 F.3d 953, 959-60 (9th Cir. 2013) (cleaned up).  "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555.

In ruling on a Rule 12(b)(6) motion, the court "accept[s] all factual allegations in the complaint as true and construe[s] the pleadings in the light most favorable to the nonmoving party." Rowe v. Educ. Credit Mgmt. Corp., 559 F.3d 1028, 1029-30 (9th Cir. 2009) (citation omitted).   But "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences" need not be accepted. In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1055

(9th Cir. 2008) (citation omitted).   "Dismissal is appropriate when the complaint lacks a cognizable legal theory or sufficient factual allegations to support a cognizable legal theory." Saloojas, Inc. v. Aetna Health of Cal., Inc., 80 F.4th 1011, 1014 (9th Cir. 2023) (cleaned up).

In alleging a claim grounded in fraud, "a party must state with particularity the circumstances constituting fraud . . . ." Fed. R. Civ. P. 9(b).   A court may dismiss a claim for failing to satisfy the heightened pleading requirements of Rule 9(b).   Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1107 (9th Cir. 2003).   Under this heightened pleading standard, a party must "identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it is false."   Moore v. Mars Petcare US, Inc., 966 F.3d 1007, 1019 (9th Cir. 2020), quoting Davidson v. Kimberly-Clark, 889 F.3d 956, 964 (9th Cir. 2018).   "[C]laims based on an omission can succeed without the same level of specificity required by a normal fraud claim."   Miller v. Ford Motor Co., No. 2:20-cv-01796-TLN-CKD, 620 F. Supp. 3d 1045, 1068 (E.D. Cal. Aug. 10, 2022) (citation and quotations omitted).

## III.

## DISCUSSION

The parties have provided a multitude of arguments.   However, the Court finds the best course of action is to proceed with separate analyses of the claims as brought against Defendant Waters and then the claims as brought against State Bar Defendants.   Within these sections, the Court will discuss only the relevant arguments related to the essential inquires of whether Plaintiff's complaint survives.   However, the Court first begins with a clarification of the claims brought in the first amended complaint.

### A.    Summary of Claims

The Court begins with a clarification of claims raised in the first amended complaint.   First, Plaintiff brings a claim of violations of due process and equal protection, brought through 42 U.S.C. § 1983.    Second, Plaintiff brings a state-law claim of fraud and intentional misrepresentation.

However, Plaintiff's third and fourth causes of action are for equitable relief, which is a

remedy and not a cause of action.  See Ruiz v. Bradford Exchange, Ltd., 153 F.4th 907, 910 (9th Cir. 2025) (discussing history and contours of equitable relief).  In other words, in order to obtain equitable relief, a plaintiff must first be successful on a *claim* that would entitle the plaintiff to such equitable *relief*.  Furthermore, equitable relief is available only if there is not a sufficient legal remedy available.  Id.  Notwithstanding, the Court will evaluate these remedies, as appropriate, in relation to the claims Plaintiff does raise.

Last, the Court notes that a cause of action does not lie for a violation of Federal Rule of Civil Procedure 11.  Rather, Rule 11 provides two affirmative requirements of litigants in a lawsuit—as Rule 11 applies equally to attorneys and parties proceeding *pro se*.  Under Rule 11(a), every pleading, written motion, and other paper must be signed by at least one attorney of record for a party or by the party personally if proceeding *pro se*.  Fed. R. Civ. P. 11(a).  Federal district courts must strike an unsigned paper unless it is corrected promptly after being brought to the attorney's or party's attention.

Under Rule 11(b), by filing or submitting to the court any pleading, written motion, or other paper (whether signed or not), an attorney or the party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:

> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b).  The consequence of violating Rule 11(b) may result in sanctions, which Rule 11(c) outlines the proper procedures for bringing such a motion.

Therefore, from the outset Plaintiff's Rule 11 cause of action fails for a few reasons.  To begin with, Plaintiff's Rule 11 cause of action fails because the Federal Rules of Civil Procedure

apply only in the federal courts, not the state courts. Thus, while Plaintiff and Defendant Waters were litigating in state court, Rule 11 was not applicable. Further, Plaintiff's Rule 11 cause of action again fails because Rule 11 applies only to the litigation in the instant lawsuit. Plaintiff bases his Rule 11 cause of action on the events that occurred in the underlying litigation, a separate lawsuit. In other words, Rule 11(c) applies only to violation of Rule 11(b) in the lawsuit before the Court.[5] Plaintiff has not alleged that any defendant has violated Rule 11(b) in this proceeding. Accordingly, this is not a cognizable claim.

In sum, regardless of how Plaintiff has pleaded, the only causes of action brought in the first amended complaint are for a violation of due process and equal protection, and a violation of state-law fraud and misrepresentation.

### B.   Defendant Craig C.O. Waters

#### 1.   Standing

Though not brought up by Defendant Waters, the Court is compelled to first address the issue of standing *sua sponte*. Fed. R. Civ. P. 12(h)(3); Augustine v. United States, 704 F.2d 1074, 1077 (9th Cir. 1983).

A complaint must be dismissed if a plaintiff lacks Article III standing to bring suit. Maya v. Centex Corp., 658 F.3d 1060, 1067 (9th Cir. 2011). The standing doctrine is derived from limitation of Article III on the judicial power of federal courts to hear only "actual cases or controversies." Spokeo, Inc. v. Robins, 578 U.S. 330, 337 (2016) (internal quotation marks omitted). "The doctrine limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong." Id. at 338. Standing "is not dispensed in gross; rather, plaintiffs must demonstrate standing for each claim that they press and for each form of relief that they seek." TransUnion LLC v. Ramirez, 594 U.S. 413, 431 (2021). "The irreducible constitutional minimum of standing consists of three elements. The plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." Spokeo, 578 U.S. at 338

---

[5] Or course, events that occur in related or other cases may bear on the determination of whether a violation of Rule 11(b) occurs before a court. However, this in not applicable here.

9

(cleaned up), quoting <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 560-61 (1992).  A plaintiff must show that the injury was "an invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent, not conjectural or hypothetical."  <u>Lujan</u>, 504 U.S. at 560 (internal quotation marks omitted).

The party invoking federal jurisdiction bears the burden of demonstrating standing. <u>TransUnion</u>, 594 U.S. at 430-31.  A jurisdictional challenge under Rule 12(b)(1) may be facial or factual.  <u>Safe Air for Everyone v. Meyer</u>, 373 F.3d 1035, 1039 (9th Cir. 2004).  A facial challenge "asserts that the allegations contained in a complaint are insufficient on their face to invoke federal jurisdiction."  <u>Id.</u>  The "'general rule' for Rule 12(b)(1) motions challenging subject-matter jurisdiction is to take allegations 'as true unless denied or controverted by the movant.'"  <u>Federal Bureau of Investigation v. Fikre</u>, 601 U.S. 234, 237 n.1 (2024), quoting 5C C. Wright & A. Miller, Federal Practice and Procedure § 1363, p. 107 (3d ed. 2004).  A factual challenge "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction."  <u>Safe Air for Everyone</u>, 373 F.3d at 1039.  Generally, in resolving a factual attack, "the district court may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" and "need not presume the truthfulness of the plaintiff's allegations."  <u>Id.</u> (citations omitted).  However, the Ninth Circuit recently clarified that "when jurisdictional issues are 'intertwined with an element of the merits of the plaintiff's claim,' the court must treat the motion like a motion for summary judgment and 'leave the resolution of material factual disputes to the trier of fact.'"  <u>Bowen v. Energizer Holdings, Inc.</u>, 118 F.4th 1134, 1143 (9th Cir. 2024), quoting <u>Leite v. Crane Co.</u>, 749 F.3d 1117, 1122 (9th Cir. 2014).

Of particular importance, a plaintiff "cannot manufacture standing merely by inflicting harm on themselves based on their fears of hypothetical future harm that is not certainly impending."  <u>Clapper v. Amnesty Int'l USA</u>, 568 U.S. 398, 416 (2013).  Stated another way, "[n]o [plaintiff] can be heard to complain about damage inflicted by [his] own hand."  <u>Pennsylvania v. New Jersey</u>, 426 U.S. 660, 664 (1976) (per curiam); <u>see also</u> <u>Nat'l Family Plan. & Reprod. Health Ass'n v. Gonzales</u>, 468 F.3d 826, 831 (D.C. Cir. 2006)("We have consistently held that self-inflicted harm doesn't satisfy the basic requirements for standing.  Such harm does not amount to

an 'injury' cognizable under Article III."); Iten v. Los Angeles, 81 F.4th 979, 990 n.1 (9th Cir. 2023).

Here, Plaintiff has alleged that Defendant Waters' "fraudulent conduct directly caused the dismissal of Plaintiff's case . . . ." (ECF No. 21, ¶ 13.)  But that isn't the whole story.  Defendant Waters has included with his motion to strike 10 exhibits which are true and correct copies of pleadings, motions, and orders from the underlying litigation in Superior Court.  The Court takes these exhibits in this section as evidence beyond the complaint that it may review with regard to whether Plaintiff factually has standing.  See Safe Air for Everyone, 373 F.3d at 1039.

As relevant here, on March 15, 2023, California Superior Court, Fresno County, granted Defendant Waters' motion for sanctions for Plaintiff's unsupported motion to deem requests for admission admitted.  (ECF No. 27-10.)  Superior Court found that Defendant Waters had properly responded and that Defendant Waters had asked Plaintiff to withdraw his motion, which was not done.  (Id.)  Superior Court noted that Plaintiff's failure to withdraw the motion resulted in Defendant Waters being required to file an opposition and the court making a determination.  (Id.)  The court imposed a monetary sanction of $1,316.98.  (Id.)

Thereafter, on September 14, 2023, Plaintiff filed a "Request for Dismissal," requesting dismissal of the complaint without prejudice.  See Singer v. Weldon, No. 18CEG03151, Request for Dismissal (Cal. Super. Ct. Sept. 14, 2023).[6]  The Clerk of the Court entered the dismissal on that same date.  Id.  On September 19, 2023, Plaintiff moved to set aside his voluntary dismissal, and again moved on October 3, 2023.  (See ECF No. 30-9.)  Following briefing and a hearing, on March 19, 2024, Superior Court found that over the course of the litigation—which began in August 2018—

> plaintiff's prosecution of this case has stalled on numerous occasions, and, even if reinstated, it appears to be facing a mandatory dismissal under [California] Code of Civil Procedure, section 583.10.  In addition, despite his self-represented status, plaintiff is not exempt from the plain and unambiguous provision of the Code of Civil Procedure.  Finally, plaintiff has not filed a reply, which tends to support denial.  Therefore, the motion [to set

---

[6] Defendant Waters' exhibits provide only the request for voluntary dismissal made by Defendant Waters, on behalf of his client, regarding the cross-complaint against Plaintiff.  Therefore, the Court cites to Superior Court's docket.

aside voluntary dismissal] is denied.

(ECF No. 27-13 (internal citation omitted).)

In light of the uncontroverted fact that Plaintiff voluntarily dismissed his own case, the Court is hard-pressed to find that Plaintiff has established an injury-in-fact that is fairly traceable to Defendant Waters.  Stated differently, Plaintiff's injury, in his own words, is that "Defendant Waters' fraudulent conduct directly caused the dismissal of Plaintiff's case . . . ."  (ECF No. 21, ¶ 13.)  But Plaintiff *voluntarily* dismissed his case and the purported fraudulent allegations taken by Defendant Waters, even taken in the light most favorable to Plaintiff, bear no connection (*i.e.*, traceability) to Plaintiff's decision to voluntarily dismiss.  Plaintiff's injury is his own doing. Though Plaintiff sought to set aside his voluntary dismissal, Superior Court denied the motion in part because Plaintiff's case was time-barred by California Code of Civil Procedure § 583.10. Plaintiff's remedy at that point was to seek review by the California Court of Appeal.

Accordingly, the Court finds that Plaintiff does not have standing to bring either his due process and equal protection claim or his fraud and intentional misrepresentation claim against Defendant Waters.  Because nothing could change this fact, the Court will recommend dismissing the complaint as to Defendant Waters for lack of standing, without leave to amend.

### 2. In the Alternative: Failure to State a Claim and Motion to Strike

In the alternative the Court will recommend that Plaintiff's claim of due process and equal protection be dismissed[7] and claim of fraud and misrepresentation be struck.

/ / /

/ / /

---

[7] Though the Court was able to look at the exhibits given for judicial notice filed by Defendant Waters as evidence outside the record with regard to standing under Rule 12(b)(1), the Court in this section, on a 12(b)(6) review, grants the requests for judicial notice (ECF Nos. 27-2, 31).  Fed. R. Evid. 201(b); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001); Harris v. Cnty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012).  The Court observes that Defendant Waters has included a request for judicial notice for both his motion to strike and his motion to dismiss, which essentially contain the same materials.  (Compare ECF No. 27-2 with ECF No. 30.)  Plaintiff's motion to strike the declarations of Declarations of Alex A. Graft is patently without merit.  (ECF No. 36.)  In any event, it appears that Plaintiff, in his motion to strike, has included for judicial notice his own copies from the underlying litigation.  (See id.)

### a. Due Process and Equal Protection[8]

Section 1983 is a legal mechanism through which a plaintiff may bring a cause of action for the violation of a constitutional or other federal rights caused by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, a plaintiff is required to allege that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the federal constitution or federal law. Benavidez v. Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021), citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988). Generally, each defendant must have personally participated in the deprivation of the plaintiff's rights. Jones, 297 F.3d at 934; see also Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

"With a few exceptions . . . constitutional guarantees of individual liberty and equal protection do not apply to the actions of private entities." Edmonson v. Leesville Concrete Co., Inc, 500 U.S. 614, 619 (1991). "This fundamental limitation on the scope of constitutional guarantees 'preserves an area of individual freedom by limiting the reach of federal law' and 'avoids imposing on the State, its agencies or officials, responsibility for conduct for which they cannot fairly be blamed.'" Id., quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 936-37 (1982).

Before reaching the specific legal standards of due process and equal protection, the Court finds that Plaintiff's first amended complaint contains a fatal flaw that cannot be corrected. While Plaintiff alleges that Defendant Waters, a private attorney, "act[ed] under color of state law as an officer of the court," under federal law Defendant Waters is not a state actor. In Edmonson, the Supreme Court discussed the two-part test in analyzing if a private party may nonetheless be held to be a state actor. 500 U.S. at 619-20. First, courts inquire "whether the claimed constitutional deprivation resulted from the exercise of a right or privilege having its source in state authority."

---

[8] Though Plaintiff labels his due process and equal protection claim as applying to "All State Bar Officials," Plaintiff clearly implicates Defendant Waters within this claim as well. (ECF No. 21, ¶ 29.) Defendant Waters did not brief this claim, but in an effort of judicial efficiency the Court nonetheless reaches this issue because the claim fails, as discussed herein, as a matter of law and leave to amend would be futile. Any due process concerns regarding notice and hearing will be dispelled by the objection-response period offered by the findings and recommendations.

Id. at 620.  Second, courts ask "whether the private party charged with the deprivation could be described in all fairness as a state actor."  Id.

Starting with the first inquiry, Plaintiff states in his complaint, in somewhat conclusory fashion, that Defendant Waters filed frivolous motions, made false statements to the court, and threatened witnesses, all with the aim of obstructing justice.  Unlike in Edmonson, where the Supreme Court concluded that private attorneys exercising peremptory challenges had their source in state authority, Plaintiff's identified deprivations, if any, deal with only an alleged "fraudulent substitution of attorney" form and an alleged declaration in support of the motion for sanctions that "contain[ed] false statements."  (ECF No. 21, ¶¶ 21, 22.)[9]  Neither of these actions, even viewed in the light most favorable to Plaintiff, appear to have any source in state authority.  Rather, one is purely administrative, and the other was providing a legal basis to support a motion for sanctions—a motion that Plaintiff did not oppose.  On this point alone, the Court finds that Defendant Waters was not a state actor when litigating in the underlying litigation.

Furthermore, Plaintiff has offered no basis, beyond noting that Defendant Waters is an officer of the court (which applies to all lawyers), that would allow the Court, as a matter of law, to find that Defendant Waters was in all fairness as a state actor in the underlying litigation.

Therefore, Defendant Waters is not a state actor.  Simmons v. Sacramento County Superior Court, 318 F.3d 1156 (9th Cir. 2003) (holding that a plaintiff could not bring a Section 1983 claim against a lawyer in private practice because such a person "was not acting under color of state law"); see Price v. Hawaii, 939 F.2d 702, 708 (9th Cir.1991) (requiring more than "conclusionary allegations" to consider a private party a state actor for the purposes of § 1983).

Accordingly, this claim should be dismissed.  The Court finds that further amendment would be futile regarding this fatal flaw and will recommend in the alternative that this claim be dismissed without leave to amend.

### b.  Fraud and Intentional Misrepresentation

Defendant Waters moves to strike the fraud and intentional misrepresentation claim

---

[9] Plaintiff has not offered factual allegations to support his assertion that Defendant Waters intimidated witnesses.

14

pursuant to California's anti-SLAPP (Strategic Lawsuit Against Public Participation) statute, Cal. Civ. Code § 425.16.  Indeed, the Ninth Circuit has recognized that "[m]otions to strike a state law claim under California's anti-SLAPP statute may be brought in federal court." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1109 (9th Cir. 2003).  Plaintiff's opposition did not address this issue (though he has included a response in his motion to strike).  (See ECF Nos. 33, 36.)  In any event, the Court agrees with Defendant Waters.

California's anti-SLAPP statute was "enacted to allow early dismissal of meritless first amendment cases aimed at chilling expression through costly, time-consuming litigation." Metabolife Intern., Inc. v. Wornick, 264 F.3d 832, 839 (9th Cir. 2001).  "Specifically, California's anti-SLAPP statute allows a defendant to move to strike a plaintiff's complaint if it "aris[es] from any act of that person in furtherance of the person's right of petition or free speech under the United States or California Constitution in connection with a public issue." Vess, 317 F.3d at 1109, quoting Cal. Civ. Proc. Code § 425.16(b)(1).  The California legislature has instructed that the statute should be "construed broadly." Id., quoting Cal. Civ. Proc. Code § 425.16(b)(1).

"A court considering a motion to strike under the anti-SLAPP statute must engage in a two-part inquiry." Id. at 1110.  First, a defendant "must make an initial prima facie showing that the plaintiff's suit arises from an act in furtherance of the defendant's rights of petition or free speech." Id. (internal quotation omitted), citing Wilcox v. Superior Court, 27 Cal. App. 4th 809, 819-20, 33 Cal. Rptr. 2d 446 (Cal. Ct. App. 1994).  "The defendant need not show that the plaintiff's suit was brought with the intention to chill the defendant's speech; the plaintiff's 'intentions are ultimately beside the point.'" Id., quoting Equilon Enters., LLC v. Consumer Cause, Inc., 29 Cal. 4th 53, 67, 52 P.3d 685 (Cal. 2002).  Relatedly, "the defendant bringing a motion to strike need not show that any speech was actually chilled." Id., citing City of Cotati v. Cashman, 29 Cal. 4th 69, 75-76, 52 P.3d 695 (Cal. 2002).

"Second, once the defendant has made a prima facie showing, 'the burden shifts to the plaintiff to demonstrate a probability of prevailing on the challenged claims.'" Id., quoting Globetrotter Software, Inc. v. Elan Computer Group, Inc., 63 F. Supp. 2d 1127, 1129 (N.D. Cal. 1999).  If "the court determines that the plaintiff has established that there is a probability that the

plaintiff will prevail on the claim," the motion to strike must be denied.  Cal Civ. Proc. Code § 425.16(b)(1).

Protected activities under the statute include: "(1) any written or oral statement or writing made before a legislative, executive, or judicial proceeding, or any other official proceeding authorized by law, (2) any written or oral statement or writing made in connection with an issue under consideration or review by a legislative, executive, or judicial body, or any other official proceeding authorized by law, . . . or (4) any other conduct in furtherance of the exercise of the constitutional right of petition or the constitutional right of free speech in connection with a public issue or an issue of public interest."  Cal. Civ. Proc. Code § 425.16(e).

The Court finds that Defendant Waters has met his initial burden.  Plaintiff's lawsuit here specifically takes issue with Defendant Waters' substitution of counsel form and the declaration in connection with the motion for sanctions, both of which are patently a "writing before a . . . judicial proceeding," as well as a "writing made in connection with an issue under consideration or review by a . . . judicial body."  (See ECF Nos. 27-3, 27-8.).

Turning to step two, the Court finds that Plaintiff has not demonstrated a probability of prevailing on a claim of fraud.  Under California law, the elements of fraud are (1) misrepresentation (false representation, concealment or nondisclosure); (2) knowledge of the falsity (or "scienter"); (3) intent to defraud, i.e., to induce reliance; (4) justifiable reliance; and (5) resulting damage.  Lazar v. Superior Court, 12 Cal. 4th 631, 638, 909 P.2d 981 (1996); see Robinson Helicopter Co., Inc. v. Dana Corp., 34 Cal. 4th 979, 991, 102 P.3d 268 (Cal. 2004) (analyzing fraud and intentional misrepresentation together).  "[T]o establish a cause of action for fraud a plaintiff must plead and prove in full, factually and specifically, all of the elements of the cause of action."  Conrad v. Bank of America, 45 Cal. App .4th 133, 156, 53 Cal. Rptr. 2d 336 (1996).  There must be a showing "that the defendant thereby intended to induce the plaintiff to act to his detriment in reliance upon the false representation" and "that the plaintiff actually and justifiably relied upon the defendant's misrepresentation in acting to his detriment." Id. at 157. "The absence of any one of these required elements will preclude recovery."  Wilhelm v. Pray, Price, Williams & Russell, 186 Cal. App. 3d 1324, 1332, 231 Cal. Rptr. 355 (1986).

16

Even assuming Plaintiff could establish that Defendant Waters' filings contained misrepresentations, Plaintiff has not provided allegations that would plausibly allow for an inference that Defendant Waters had knowledge (or scienter) and intent to defraud either Plaintiff or Superior Court.   Furthermore, Plaintiff has not alleged justifiable reliance on any such misrepresentations or that there was resulting damage thereof—again, Plaintiff voluntarily dismissed his own case.

In light of the foregoing, the Court will recommend in the alternative that Plaintiff's claim for fraud and intentional misrepresentation be struck.  As with his claim of due process and equal protection, the Court finds that further amendment would be futile, given that it does not appear Plaintiff could ever cure the damage prong by further amendment.

### C.   State Bar Defendants

The primary argument State Bar Defendants bring forth is Eleventh Amendment immunity. (ECF No. 42.)  Plaintiff did not file an opposition to the motion to dismiss filed by State Bar Defendants.  (See ECF No. 45.)  Notwithstanding, the Court agrees with the State Bar Defendants that they are entitled to immunity under the Eleventh Amendment.

In Kohn v. State Bar of California, the Ninth Circuit reaffirmed its holding that the California State Bar is entitled to Eleventh Amendment immunity: "We see no reason to disturb our nearly forty-year-old determination that the California State Bar is an arm of the state and entitled to immunity in federal court."  87 F.4th 1021, 1037 (9th Cir. 2023); see Galette v. New Jersy Transit Corporation, 607 U.S. ___, 2026 WL 598450 (2026) (analyzing similar issue with same test utilized in Kohn).  "This immunity extends to the individual defendants acting in their official capacities."  Hirsh v. Justices of Supreme Court of State Cal., 67 F.3d 708, 715 (9th Cir. 1995), citing Pena v. Gardner, 976 F.2d 469, 472 (9th Cir. 1992).

Plaintiff has brought his claims against the State Bar Defendants all in their official capacity.  (ECF No. 21.)  Though Plaintiff lists later in one paragraph that he sues these defendants in their individual capacities (for monetary relief, including punitive damages), all of Plaintiff's allegations regarding the State Bar Defendants are related to their official duties.  For example, Plaintiff takes issue with the decision to dismiss Plaintiff's complaint against Defendant Waters.

(Id. at ¶ 14.)  Thus, Plaintiff alleges that the State Bar Defendants must have failed to investigate his claims.  (Id. at ¶ 16.)  Under a section labeled, "Individual Capacity Liability," Plaintiff gives further details as to each State Bar Defendant but again discusses only actions related to their official duties.  (Id. at ¶ 17(a)-(c).)  Accordingly, the Court finds that Plaintiff's complaint brings allegations against State Bar Defendants only in their official capacity.  Thus, State Bar Defendants are entitled to immunity pursuant to the Eleventh Amendment.

Furthermore, the Court agrees with State Bar Defendants that the sovereign immunity exception elucidated in Ex parte Young, 209 U.S. 123 (1908), is inapplicable here because Plaintiff seeks retrospective relief as well as attempting to seek control over the discretion of agency officials.  See Lund v. Cowan, 5 F4th 964, 969-70 (9th Cir. 2021); United States v. Nogueira, 403 F.2d 816, 821-22 (9th Cir. 1968).  Plaintiff's reliance on Chambers v. NASCO in his first amended complaint is misplaced.  501 U.S. 32, 44-45 (1991) (discussing that federal courts have inherent judicial power to vacate their own judgments upon proof that a fraud has been perpetrated upon the court).

Because no amount of amending could change the immunity analysis, the Court will recommend that Plaintiff's first amended complaint be dismissed as to the State Bar Defendants without leave to amend.[10]

**D.    Motion for Leave to Amend**

As a final recourse, Plaintiff filed a motion for leave to file a second amended complaint and has included the proposed pleading.  (ECF Nos. 47, 48.)

Courts freely grant leave to amend a complaint which has been dismissed.  See Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave when justice so requires."); Schreiber Distrib. Co. v. Serv-Well Furniture Co., 806 F.2d 1393, 1401 (9th Cir. 1986) ("If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."); Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (same).

---

[10] The Ninth Circuit has recognized that immunity under the Eleventh Amendment may be properly analyzed under either Rule 12(b)(1) or 12(b)(6).  See Sato v. Orange County Department of Education, 861 F.3d 923, 927 n.2 (9th Cir. 2017).

Leave to amend generally shall be denied only if amendment would unduly prejudice the opposing party, cause undue delay, be futile, or if the moving party has acted in bad faith. Leadsinger, Inc. v. BMG Music Publishing, 512 F.3d 522, 532 (9th Cir. 2008).

From the outset, the Court notes that Plaintiff has already amended his complaint, pursuant to Fed. R. Civ. P. 15(a)(1)(B), following Defendant Waters' initial motions to strike and dismiss. (See ECF No. 20.) Thus, Plaintiff had an opportunity to view the weaknesses of his complaint, as pointed out by Defendant Waters, and amend them accordingly. Moreover, the Court observes that Plaintiff waited to file his motion for leave to amend two months following Defendant Waters' instant motions to strike and dismiss. Strikingly, Plaintiff did not even respond to the State Bar Defendants' motion to dismiss. Therefore, the Court finds that at least some weight should be given to the factors of undue delay and acting in bad faith.

That said, upon review of the proposed second amended complaint, the Court finds that it would also be futile to allow this amendment. Though Plaintiff has dropped his 'claims' for equitable relief, Plaintiff's 'new' claims are no better given the analysis above. In particular, there remains no standing for Plaintiff to pursue claims against Defendant Waters, the anti-SLAPP statute still applies, and State Bar Defendants are still entitled to Eleventh Amendment immunity.[11]

Additionally, it appears that Plaintiff would take this opportunity to expand the first amended complaint to include conclusory allegations that the state court practice of issuing minute orders, as well as tentative orders that are later endorsed as true orders, somehow has deprived Plaintiff of his constitutional rights. Plaintiff has offered no basis for such an expansion, and the Court finds this new set of allegations to be frivolous.

Last, the Court observes that both Defendant Waters and the State Bar Defendants will experience some amount of prejudice should this litigation continue, forcing them to both expend time and money on again moving to dismiss and strike Plaintiff's complaint.

Therefore, the Court finds that Plaintiff's motion for leave to file a second amended

---

[11] In any event, Plaintiff's new causes of action—conspiracy, fraud on the court, "negligence per se," and intentional infliction of emotional distress—likewise fail to state a claim in large part because the factual allegations supporting them are conclusory. (ECF No. 48, pp. 17-21.)

complaint should be denied. Relatedly, Plaintiff's motion for clarification regarding judicial notice connected with his second amended complaint should be denied as moot.

\* \* \*

In sum, the Court will recommend that Defendant Waters' motion to dismiss be granted for lack of Article III standing without leave to amend. In the alternative, the Court will recommend that Defendant Waters' motion to strike be granted and the motion to dismiss be granted for failure to state a claim, without leave to amend. The Court will recommend that the State Bar Defendants' motion to dismiss be granted without leave to amend. Furthermore, the Court will recommend that Plaintiff's motion to strike be denied as baseless. (See ECF No. 36.) Finally, the Court will recommend that Plaintiff's motion for leave to file a second amended complaint be denied, and the accompanying motion for clarification be denied as moot.

In coming to these conclusions, the Court has relied on only in what in its view were the essential arguments. Though the Court has considered the parties' remaining arguments, it has found them unnecessary for its recommendation.

## IV.

## ORDER AND RECOMMENDATION

For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

1.  Defendant Craig C.O. Waters Esq's motion to dismiss (ECF No. 28) on the basis that Plaintiff lacks Article III standing be GRANTED without leave to amend;

2.  In the alternative, Defendant Craig C.O. Waters' motion to strike (ECF No. 27) and motion to dismiss (ECF No. 28) on the basis of failure to state a claim be GRANTED without leave to amend;

3.  Plaintiff's motion strike (ECF No. 36) be DENIED;

4.  The motion to dismiss filed by Defendants Kristin Charles, Louisa Ayrapetyan, and Brandon N. Stallings be GRANTED without leave to amend;

5.  Plaintiff's motion for leave to file second amended complaint (ECF No. 47) be DENIED; and

6.  Plaintiff's motion for clarification be DENIED (ECF No. 60) as MOOT.

These findings and recommendations are submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within **fourteen (14) days** of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:    **March 26, 2026**

STANLEY A. BOONE
United States Magistrate Judge

21