Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

FILED

APR 08 2026

CLERK U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA
BY ____________ DEPUTY CLERK

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**PAUL V. SINGER**, an individual

Plaintiff,

v.

**CRAIG C. WATERS,** an individual; **ROBERT ABRAMS,** an individual; **KRISTINA CHARLES,** in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN,** in her official capacity as attorney, Office of General Counsel, State Bar of California; **BRANDON N. STALLINGS,** in his official capacity as attorney, Office of General Counsel, State Bar of California; **STATE BAR OF CALIFORNIA,** a public corporation;

**DOES 1–10,** inclusive,

Defendants.

Case No.: 1:25-cv-00532-KES-SAB

**PLAINTIFF'S OBJECTIONS TO AND MOTION FOR CLARIFICATION OF THE MARCH 26, 2026 FINDINGS AND RECOMMENDATIONS, SUPPORTED BY MEMORANDUM OF POINTS AND AUTHORITIES, DECLARATION OF PAUL V. SINGER, AND REQUEST FOR JUDICIAL NOTICE OF THE COURT'S OWN DOCKET AND VACATING ORDERS**

TO THE HONORABLE DISTRICT JUDGE:

This Motion is brought pursuant to 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), Federal Rule of Evidence 201, and the Court's inherent authority to clarify its own orders and docket sequence. Under § 636 and Rule 72, the District Judge is required to make a de novo determination of the specific portions of the Findings and Recommendations to which objection is made, while retaining discretionary authority to receive further evidence, modify the recommended disposition, recommit the matter with instructions, or clarify the procedural effect of the Court's prior vacating

orders. Plaintiff Paul V. Singer respectfully submits these Objections to, and moves for clarification of, the Findings and Recommendations entered March 26, 2026. These objections are expressly supported by the accompanying Motion for Clarification, Memorandum of Points and Authorities, Declaration, and Request for Judicial Notice directed to the Court's own docket entries and vacating orders establishing the procedural ambiguity at issue. These objections are directed to the legal and procedural conclusions reached from an incomplete review of the docket history, unresolved judicial-notice submissions, the repeated vacating of motions without corresponding procedural restoration, and the resulting deprivation of Plaintiff's right to be heard, amend intelligently, and proceed into discovery.

These objections are supported by the full Record of Action ("ROA"), Plaintiff's prior motions, the unresolved judicial notice filings, the docket sequence showing repeated motions vacated off calendar, and the accompanying declaration.

Dated: 4/8/ ______________, 2026

Respectively submitted,

Paul V. Singer
Plaintiff- Pro Se

**Important Scope of Review:** Plaintiff expressly challenges **each independent ground, rationale, theory, and procedural conclusion stated in ECF No. 61, Findings and Recommendations.** No point, sub-point, waiver theory, futility rationale, judicial-notice omission, discovery restriction, or discretionary conclusion should be treated as conceded by omission. This Motion and Memorandum are intended to require true de novo review of **every point actually relied upon in the Findings and Recommendations**, measured against the due-process sequence that should have been afforded to Plaintiff under the Court's own ROA history.

TABLE OF CONTENTS

Important Scope of Review ........ iii

TABLE OF AUTHORITIES ........ iv

I. INTRODUCTION ........ 1

II. CLARIFICATION ISSUE NO. 1 — THE FINDINGS MISSTATE THE ACTUAL INJURY AND TRACEABILITY ........ 3

III. CLARIFICATION ISSUE NO. 2 — THE FINDINGS DO NOT ADEQUATELY ADDRESS THE FULL ROA HISTORY ........ 4

IV. CLARIFICATION ISSUE NO. 3 — FAILURE TO ADDRESS PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE ........ 5

V. CLARIFICATION ISSUE NO. 4 — DENIAL OF LEAVE TO AMEND IS PREMATURE WHILE DISCOVERY REMAINS FROZEN ........ 7

VI. CLARIFICATION ISSUE NO. 5 — STATE BAR IMMUNITY DOES NOT REACH ANTECEDENT MINISTERIAL RECORD VERIFICATION FAILURES ........ 8

VII. DECLARATION OF PAUL V. SINGER ........ 9

VIII. SUPPLEMENTAL CLARIFICATION POINTS DIRECTLY BEARING ON DE NOVO REVIEW ........ 13

A. Administrative Burden Does Not Excuse Mandatory Judicial or Litigation Duties ........ 13

B. Lack of Service and Vacated-Hearing Non-Response Directive Further Undermine Any Waiver Theory ........ 13

C. The SAC's Core Record-Verification Allegations Were Never Expressly Found Legally Insufficient ........ 14

D. The Findings Exceed the Proper Threshold of the Pleading Stage ........ 14

IX. REQUEST FOR JUDICIAL NOTICE OF THE COURT'S OWN DOCKET AND VACATING ORDERS ........ 15

A. The SAC Must Remain Operative at the Pleading Stage Absent a True Legal Defect ........ 16

X. PRAYER FOR RELIEF ........ 1

TABLE OF AUTHORITIES

UNITED STATES SUPREME COURT

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) .......... 15

*Bankers Trust Co. v. Mallis*,
435 U.S. 381 (1978) .......... 8

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) .......... 15

*Dietz v. Bouldin*,
579 U.S. 40 (2016) .......... 13

*Foman v. Davis*,
371 U.S. 178 (1962) .......... 5, 8

*Mullane v. Central Hanover Bank & Trust Co.*,
339 U.S. 306 (1950) .......... 3, 12

*Thomas v. Arn*,
474 U.S. 140 (1985) .......... 1, 3

*United States v. Raddatz*,
447 U.S. 667 (1980) .......... 1, 8

NINTH CIRCUIT

*City of Los Angeles v. Santa Monica BayKeeper*,
254 F.3d 882 (9th Cir. 2001) .......... 13

*Eminence Capital, LLC v. Aspeon, Inc.*,
316 F.3d 1048 (9th Cir. 2003) .......... 5

*Lee v. City of Los Angeles*,
250 F.3d 668 (9th Cir. 2001) .......... 13, 15

*Lopez v. Smith*,
203 F.3d 1122 (9th Cir. 2000) .......... 5, 8

*Reyn's Pasta Bella, LLC v. Visa USA, Inc.*,
442 F.3d 741 (9th Cir. 2006) .......... 13

STATUTES, RULES, AND CONSTITUTIONAL AUTHORITIES

28 U.S.C. § 636(b)(1)(C) .......... 1

Fed. R. Civ. P. 15(a)(2) ........ 5
Fed. R. Civ. P. 72(b) ........ 1
Fed. R. Evid. 201 ........ 13
California Constitution, article I, sections 7 and 10 ........ 1

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR CLARIFICATION

## I. INTRODUCTION

Plaintiff further clarifies that this Memorandum is intentionally structured to address each point made in the Findings and Recommendations, whether express or implied, so that no procedural theory later relied upon by the Court may escape de novo determination. Each waiver finding, futility conclusion, judicial-notice omission, discovery limitation, leave-to-amend restriction, and submission-order consequence must be reviewed against the true due-process sequence reflected by the Court's own docket and the rights-preserving procedure that should have been afforded to Plaintiff before any adverse dispositive recommendation could lawfully issue.

This Memorandum of Points and Authorities is intentionally presented as the primary sword of this filing so that the Court first confronts the administrative duties owed to constitutional process, docket clarity, and mandatory review sequencing before any discretionary adoption of the Findings and Recommendations. Under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(b), the District Court has a mandatory, non-optional, and non-excusable duty to make a de novo determination of every specific portion challenged herein. This de novo determination is not rejectable, deferrable, or avoidable by silence, omission, or mere adoption language; it is the statutory prerequisite to any later discretionary decision whether to accept, reject, modify, receive further evidence, or recommit the matter with instructions.

**Question of Law Requiring De Novo Determination**

As part of this mandatory de novo determination, the Court must resolve the following controlling question of law:

Whether the Court may lawfully impose waiver, non-opposition, futility, or dismissal consequences without first determining the legal effect of its own conflicting vacating and submission orders,

including ECF Nos. 13, 32, 43, 41, 51, and 55, where those entries alternately preserved Local Rule 230 briefing, prohibited further filings absent authorization, or deemed the matters submitted without clarifying whether prior response duties survived.

This controlling legal question is inseparable from the Court's de novo duty because the answer directly governs whether the waiver, futility, and non-opposition reasoning later reflected in **ECF No. 61, Findings and Recommendations**, may lawfully stand.

A parallel de novo question also requires resolution: whether ECF No. 61 lawfully relied upon legal conclusions touching the MC-050 contradiction, Fresno Superior Court minute-order defects, and record-integrity issues without first establishing on the ROA whether Plaintiff's prior Requests for Judicial Notice (including ECF Nos. 3, 17, 18, 36, 49, and 60) were granted, denied, limited, deferred, or otherwise incorporated into the Court's decisional framework.

A further controlling question of law requires de novo determination: whether the Court relied, expressly or implicitly, on the declaration testimony submitted in support of the anti-SLAPP proceedings by Alex Graph asserting personal knowledge of Fresno Superior Court records and their creation, while the ROA still fails to establish the treatment of Plaintiff's own Requests for Judicial Notice directed to the same court records. If so, the Court must clarify the evidentiary and legal pathway by which opposing declaration testimony concerning state-court record creation was considered while Plaintiff's Rule 201 requests concerning those same public records remained unresolved on the ROA.** *United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *Thomas v. Arn*, 474 U.S. 140, 154 (1985).

The Court must therefore first determine the procedural meaning and administrative effect of its own vacating and submission orders before any waiver, futility, or non-opposition consequence may constitutionally attach.

The Findings and Recommendations should not be adopted because they rest on legal conclusions that do not fully reconcile the actual docket history.

This case remained trapped in the pleading stage not because Plaintiff failed to prosecute, but because the Court repeatedly vacated noticed motions submitted by all parties, including dispositive motions, amendment motions, clarification motions, and procedural requests. The repeated vacating of motions left unresolved requests affecting:

1. Plaintiff's right to challenge service defects;
2. Plaintiff's right to oral argument on disputed service and notice;
3. Plaintiff's right to obtain rulings on requests for judicial notice;
4. Plaintiff's right to proceed into discovery previously served on all defendants;
5. Plaintiff's ability to amend with the benefit of timestamped verification records and public-record comparisons.

The Findings collapse these continuing due-process injuries into a single standing analysis tied to the underlying Fresno dismissal history, but the federal injury pled here is broader: corruption of record integrity, unresolved docket contradictions, and the inability to obtain adjudication of unresolved motions because the case remained procedurally frozen.

## II. CLARIFICATION ISSUE NO. 1 — THE FINDINGS MISSTATE THE ACTUAL INJURY AND TRACEABILITY

The recommendation concludes Plaintiff lacks standing because the underlying state action was voluntarily dismissed.

This framing is too narrow.

Plaintiff's federal injury is not limited to the voluntary dismissal event. The continuing injury includes:

1. reliance on contradictory MC-050 substitution records;

2. use of a substitution narrative involving an attorney who never separately appeared;
3. downstream judicial reliance on facially inconsistent records;
4. State Bar refusal to verify those public court records before maintaining dismissal of Plaintiff's complaint;
5. deprivation of discovery necessary to confirm timestamp metadata and record-verification chronology;
6. repeated federal vacating of motions that prevented correction of these defects.

These injuries are fairly traceable to the challenged conduct and remain live irrespective of the underlying voluntary dismissal.

## III. CLARIFICATION ISSUE NO. 2 — THE FINDINGS DO NOT ADEQUATELY ADDRESS THE FULL ROA HISTORY

The district court's review must include the full federal docket chronology.

The ROA reflects a repeated pattern in which motions were **vacated, not heard, and not procedurally restored with clear deadlines**. That distinction matters.

Vacating a motion off calendar without clarifying whether: - briefing deadlines remain active, - oral argument rights remain preserved, - service objections may still be raised, - discovery remains stayed, - or amendment rights are tolled, creates procedural ambiguity that directly impacts due process.

The Findings do not fully reconcile how Plaintiff could be faulted for non-opposition, delayed amendment, or alleged futility where the docket itself shows repeated vacating of all parties' motions.

Plaintiff specifically objects to any conclusion that treats the procedural stagnation as Plaintiff-caused when the ROA shows the Court's own repeated vacating orders materially contributed to the case remaining at the pleading stage.

///
///
///

## IV. CLARIFICATION ISSUE NO. 3 — FAILURE TO ADDRESS PLAINTIFF'S REQUESTS FOR JUDICIAL NOTICE

Plaintiff specifically filed Requests for Judicial Notice already reflected on this docket, including **ECF No. 49, Plaintiff Paul V. Singer's Request for Judicial Notice in Support of Motion for Leave to File Second Amended Complaint (filed by Plaintiff on September 2, 2025)**, as well as the judicial-notice issues expressly raised in **ECF No. 60, Plaintiff's Motion for Clarification (filed by Plaintiff on December 4, 2025)**. Those filings directed the Court to the Fresno Superior Court answer, the MC-050 contradiction, and the defective minute-order sequence. Plaintiff repeatedly filed Requests for Judicial Notice directed to:

1. the Fresno Superior Court answer;
2. the later MC-050 contradiction;
3. defective minute-order sequence;
4. the "no further order is necessary" language; and
5. the public-record face contradictions.

The prior motion for clarification specifically requested a ruling clarifying whether the Court granted judicial notice and for what limited purpose.

The Findings deny clarification as moot without resolving whether those judicially noticeable public records were considered.

That omission prejudices appellate clarity and prevents meaningful review. It is especially material because Plaintiff's judicial-notice requests were directed not merely to this Court's own docket, but also to specifically identified Fresno Superior Court records already lodged through ECF No. 49, Plaintiff Paul V. Singer's Request for Judicial Notice in Support of Motion for Leave to File Second Amended Complaint, and reiterated in ECF No. 60, Plaintiff's Motion for Clarification. The Court neither expressly granted nor denied those requests as to the state-court records, leaving unresolved whether the Court considered the face, existence, and legal effect of those judicially noticeable state-

court instruments.

Plaintiff therefore objects and requests express district-court clarification as to:

1. which RJN exhibits were considered;
2. whether the face-of-document contradictions were accepted as undisputed public-record facts;
3. whether the Court considered the legal effect of the MC-050 inconsistency.

## V. CLARIFICATION ISSUE NO. 4

Denial of further amendment while discovery remained procedurally frozen is contrary to **Federal Rule of Civil Procedure 15(a)(2)** and the Supreme Court's directive that leave should be freely given when justice so requires. *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Ninth Circuit likewise holds that leave should be granted with extreme liberality, especially where additional facts may be obtained through discovery. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc); *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051–52 (9th Cir. 2003). — DENIAL OF LEAVE TO AMEND IS PREMATURE WHILE DISCOVERY REMAINS FROZEN

The recommendation denies further amendment as futile. This conclusion is premature.

Plaintiff served discovery on all named defendants seeking timestamped records, verification chronology, investigative intake review materials, and internal records showing whether the State Bar verified the court-filed MC-050 and related Fresno filings before adopting its investigative position.

Defendants have maintained that discovery cannot proceed until Court approval.

Where the case remained in pleading posture due to repeated vacating of motions, Plaintiff has been denied the factual record necessary to plead the full ministerial-failure theory with precision.

A third amendment should not be denied while the discovery necessary to confirm the factual predicate remains procedurally withheld.

## VI. CLARIFICATION ISSUE NO. 5 — STATE BAR IMMUNITY DOES NOT REACH ANTECEDENT MINISTERIAL RECORD VERIFICATION FAILURES

Plaintiff's theory is not merely disagreement with discretionary complaint dismissal.

The issue is whether State Bar officials failed to perform the antecedent ministerial act of verifying facially contradictory public court records before closing the complaint.

A failure to compare: - Waters' original answer appearance, - later MC-050 contradiction, - absence of separate appearance by purported substitute counsel, - the docket sequence,

is a record-verification failure that precedes discretionary immunity analysis.

The Findings merge the ministerial verification stage into the ultimate complaint disposition stage. Plaintiff objects because the distinction is material.

## VII. DECLARATION OF PAUL V. SINGER

I, Paul V. Singer, declare:

1. I am the Plaintiff in this action and submit this declaration in support of my objections and motion for clarification.
2. I personally reviewed the federal docket and observed that multiple motions by all parties were repeatedly vacated off calendar.
3. Those vacating orders did not clearly restore oral argument rights, resolve service disputes, or authorize discovery to proceed.
4. I previously filed requests for judicial notice concerning the Fresno court records, including the MC-050 inconsistency and defective order sequence.
5. I also served discovery requests directed to timestamped verification materials and record-review chronology.
6. To date, those discovery requests have not been substantively answered.
7. Defendants expressly communicated to me by email that discovery responses would not proceed unless I first requested or obtained Court approval.
8. Attached hereto as **Exhibit A** are true and correct copies of those communications reflecting defendants' expressed position that discovery required prior Court authorization.
9. Attached hereto as **Exhibit B** are true and correct copies of the written discovery requests previously served on **all defendants**, including the requests specifically seeking timestamped verification records, intake chronology, internal review logs, and documents sufficient to show whether the State Bar verified the MC-050 substitution filing and related Fresno Superior Court records before agreeing to open and maintain the investigation.

10. Attached hereto as **Exhibit C** is a true and correct copy of the State Bar Defendants' immunity-based motion to dismiss, demonstrating why the requested discovery is directed to the threshold ministerial predicate necessary before any immunity claim may be evaluated.

11. Attached hereto as **Exhibit D** are true and correct copies of the Craig Waters original answer and the later MC-050 substitution filing, which together demonstrate the record-integrity contradiction that Plaintiff contends the State Bar was required to verify before adopting its investigative position.

12. Plaintiff's discovery conduct was not speculative. The served requests were narrowly directed to the threshold ministerial duty that necessarily precedes any assertion of investigative, quasi-judicial, or discretionary immunity by the State Bar Defendants.

13. Had discovery proceeded, Plaintiff would have been able to plead additional facts supporting a further amended complaint, including the timestamped verification chronology, internal review records, and investigative intake materials expressly identified in the served discovery requests and referenced in the parties' email communications.

14. The unresolved ROA history, together with the discovery-withholding emails and the previously served discovery requests, directly affects the fairness of adopting the Findings and Recommendations.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

## **Chronological ROA and Authority Comparison Table**

| Date / ECF | Court or Party Event | Court-Stated Procedural Effect | Resulting Limbo / Misapplication Issue | Controlling Authority Supporting Plaintiff |
|---|---|---|---|---|
| 06/11/2025 — ECF 13 | Court vacated hearings on initial motions | "Local Rule 230 will govern the filing of oppositions and replies." | Briefing preserved at this stage | 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b) |
| 07/29/2025 — ECF 41 | Court vacated hearing and restricted further filings | "No new filings shall be considered without prior authorization from the Court." | Created reasonable belief court permission was required before additional filing | Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306 (1950); Fed. R. Evid. 201 |
| 09/02/2025 — ECF 51 | State Bar hearing vacated; parties need not appear | No clarification whether prior LR 230 duties survived | Ambiguity later used against Plaintiff as non-opposition | Thomas v. Arn, 474 U.S. 140 (1985); Fed. R. Civ. P. 72(b)(3) |
| 10/03/2025 — ECF 55 | SAC hearing deemed submitted | "Deemed submitted" without restoring briefing or discovery path | Procedural limbo continued while futility later imposed | Foman v. Davis, 371 U.S. 178 (1962); Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000) |
| 03/26/2026 — ECF 61 | Findings and Recommendation s | Waiver, futility, and non-opposition conclusions | Legal effect of prior conflicting orders not expressly analyzed | United States v. Raddatz, 447 U.S. 667 (1980); Bankers Trust Co. v. Mallis, 435 U.S. 381 (1978) |

15. The above chronology is offered to demonstrate, from the Court's own ROA, the timing sequence, the procedural effect expressed at each stage, the resulting limbo created by conflicting orders, and the controlling authorities Plaintiff contends were either overlooked or misapplied in the Findings and Recommendations.

16. I further reviewed the ROA and observed that multiple Requests for Judicial Notice filed by me, including ECF Nos. 3, 17, 18, 36, 49, and 60, were never expressly reflected as granted or denied before issuance of ECF No. 61.

17. I also observed that, during the anti-SLAPP proceedings, Alex Graph submitted declaration testimony asserting personal knowledge of Fresno Superior Court records and the circumstances of their creation at the time of filing. To the extent the Court relied upon that

declaration testimony regarding the same Fresno records while the status of my own Requests for Judicial Notice remained undefined, clarification is necessary to establish the evidentiary path reflected on the ROA. This omission strengthens the need for clarification because the Findings and Recommendations later addressed legal issues directly tied to the very state-court and federal records presented through those Requests for Judicial Notice.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 4/8, 2026

Paul V. Singer, Plaintiff Pro Se

## VIII. SUPPLEMENTAL CLARIFICATION POINTS DIRECTLY BEARING ON DE NOVO REVIEW

### *A. Administrative Burden Does Not Excuse Mandatory Judicial or Litigation Duties*

Plaintiff respectfully acknowledges that courts and counsel often manage substantial dockets and significant professional workloads. However, institutional burden, caseload volume, or litigation workload cannot lawfully diminish the mandatory duties imposed by 28 U.S.C. § 636(b)(1)(C), Federal Rule of Civil Procedure 72(b), Federal Rule of Evidence 201, due-process notice principles, or counsel's obligations under Rule 11 and the professional standards governing federal litigation. Once a matter is placed before the Court, neither docket pressure nor counsel workload alters the Court's non-optional duty to perform true de novo review of each challenged point in the Findings and Recommendations, nor does it excuse opposing counsel from timely responding to discovery, addressing the specific merits predicate requests served by Plaintiff, or relying upon immunity theories without first establishing the threshold ministerial verification duties placed at issue. Accordingly, the present issues arise not from institutional burden, but from whether mandatory legal duties were fully performed before adverse procedural and merits consequences were imposed against Plaintiff.

### *B. Lack of Service and Vacated-Hearing Non-Response Directive Further Undermine Any Waiver Theory*

Plaintiff further objects that the waiver and non-opposition logic surrounding the State Bar Defendants' motion to dismiss is independently defective because Plaintiff did not receive the State Bar motion to dismiss, while the Court's vacated-hearing order simultaneously reflected that Plaintiff was not required to respond while the hearing remained vacated and off calendar. This creates an additional due-process defect: any later reliance on non-opposition, waiver, or failure-to-respond theories must first reconcile both the service impairment and the Court's own directive that no response was required during the vacated-hearing posture.

The Court must therefore clarify whether ECF No. 61 relied upon any failure to oppose the State Bar motion to dismiss and, if so, how that reliance survives where Plaintiff both lacked actual receipt and was operating under the Court-created understanding that no response was required

pending further calendaring or authorization.

### *C. The SAC's Core Record-Verification Allegations Were Never Expressly Found Legally Insufficient*

Even assuming the Court fully considered the Second Amended Complaint, ECF No. 61 does not expressly establish why the pleaded record-verification failure allegations were legally insufficient, especially where the same Fresno Superior Court records remained the subject of unresolved Requests for Judicial Notice and blocked, already-served discovery. The SAC already pleads that the State Bar Defendants failed to verify the Fresno Superior Court MC-050, attorney-of-record chronology, and related minute-order inconsistencies before adopting and closing the investigation. The Findings and Recommendations must therefore clarify whether those allegations were accepted as true for pleading purposes, rejected as conclusory, deemed legally irrelevant, or simply bypassed without express analysis.

This omission materially affects leave-to-amend analysis. The SAC should remain the operative pleading unless the Court can specifically identify a legal insufficiency that cannot be cured. At minimum, any further refinement should be permitted only to sharpen liability allegations against all defendants in conformity with the unresolved RJN status, the ROA chronology, and the discovery already served months before ECF No. 61.

### *D. The Findings Exceed the Proper Threshold of the Pleading Stage*

The Court's ruling must remain confined to the pleading-stage standard. At this stage, the Court may test the legal sufficiency of the allegations, but it may not convert unresolved factual gaps—especially gaps tied to already-served and frozen discovery—into affirmative findings that Plaintiff is incapable of proving the claims. The issue is not what the Court believes Plaintiff may later prove; the issue is whether the pleadings, viewed together with the procedural history the Court itself created, plausibly state claims that remain capable of factual development.

The ROA further reflects that multiple motions across multiple defendants were repeatedly vacated off calendar and later drawn into a single Findings and Recommendations sequence.

Before using that consolidated procedural posture to impose waiver, futility, or no-further-leave

consequences, the Court must first address whether its own vacating and submission orders interfered with the ordinary sequence of briefing, oral argument, amendment, and discovery development. Without that threshold clarification, a single omnibus ruling risks exceeding the proper limits of pleading-stage review by resolving practical fact-development deficiencies that arose from the Court-created docket sequence rather than from the legal insufficiency of the claims themselves.

## IX. REQUEST FOR JUDICIAL NOTICE OF THE COURT'S OWN DOCKET AND VACATING ORDERS

Judicial notice is independently supported by Federal Rule of Evidence 201 and Ninth Circuit authority authorizing notice of court dockets, orders, and other proceedings whose existence and legal effect are not reasonably subject to dispute. *Lee v. City of Los Angeles*, 250 F.3d 668, 688–89 (9th Cir. 2001); *Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 746 n.6 (9th Cir. 2006).

The Court also retains inherent authority to clarify the administrative effect of its own orders, especially where repeated vacating orders may have suspended response duties and oral-argument rights. *Dietz v. Bouldin*, 579 U.S. 40, 45–48 (2016); *City of Los Angeles v. Santa Monica BayKeeper*, 254 F.3d 882, 885–86 (9th Cir. 2001).

The Court's own docket history reflects inconsistent procedural directives that must be expressly addressed. ECF No. 13 (Minute Order, filed June 11, 2025) states after vacating the hearings that "Local Rule 230 will govern the filing of oppositions and replies." The Court repeated the same directive in ECF No. 32 (Minute Order, filed July 8, 2025) and ECF No. 43 (Minute Order, filed August 5, 2025), thereby expressly preserving briefing duties.

The later orders materially changed course. ECF No. 41 (Order Regarding Plaintiff's Surreply Objections, filed July 29, 2025) states that "no new filings shall be considered without prior authorization from the Court." ECF No. 51 (Order filed September 2, 2025) vacated the hearing and states only that the parties "need not appear," without clarifying whether Local Rule 230 duties remained operative. ECF No. 55 (Order filed October 3, 2025) similarly states that the motion was "deemed submitted" and that the parties "need not appear," again without clarifying whether prior briefing, oral-argument, or discovery sequencing obligations survived.

This direct conflict within the Court's own ROA history is the precise docket limbo requiring

clarification before any waiver, futility, or non-opposition consequence may lawfully be imposed. Plaintiff respectfully requests judicial notice of the Court's own docket and vacating orders Plaintiff respectfully requests judicial notice under Federal Rule of Evidence 201 of a limited set of the Court's own docket entries already before the Court sufficient to establish the procedural ambiguity requiring clarification, and additionally requests judicial notice of all prior Requests for Judicial Notice filed by Plaintiff Paul V. Singer that were never expressly addressed as granted or denied, including ECF Nos. 3, 17, 18, 36, 49, and 60, so the Court may clarify whether those judicial-notice requests were granted, denied, limited, deferred, or silently incorporated into the decisional framework later reflected in ECF No. 61., including but not limited to ECF No. 49, Plaintiff's Request for Judicial Notice in Support of Motion for Leave to File Second Amended Complaint, and ECF No. 60, Plaintiff's prior Motion for Clarification raising unresolved judicial-notice issues, specifically the Court-filed vacating and submission orders, including ECF No. 41, Order Regarding Surreply Objections (filed by the Court on July 29, 2025, vacating the August 20 hearing and taking the motions under submission), ECF No. 51, Order Vacating September 8, 2025 Hearing and Taking Matter Under Submission (filed by the Court on September 2, 2025), ECF No. 55, Order Vacating November 5, 2025 Hearing and Taking Multiple Motions Under Submission (filed by the Court on October 3, 2025), and ECF No. 61, Findings and Recommendations (filed by the Court on March 26, 2026), specifically:

1. the Court's orders repeatedly vacating motions off calendar;
2. the order or orders reflecting that Plaintiff need not respond to the State Bar Defendants' motion to dismiss while the matter remained vacated or under submission;
3. the docket entries showing hearings removed without restored response deadlines;
4. the docket history demonstrating that oral argument and discovery sequencing were never reset after vacatur.

Only a narrow set of the Court's own orders is necessary because the Court's own docket independently establishes that motions were repeatedly vacated without restoring deadlines, oral argument, or discovery sequencing.

This clarification is necessary so the record accurately reflects whether Plaintiff's non-opposition to the State Bar motion resulted from Court-directed procedural suspension rather than waiver.

### *A. <u>The SAC Must Remain Operative at the Pleading Stage Absent a True Legal Defect</u>*

At the pleading stage, the operative question is **legal sufficiency and plausibility, not evidentiary proof.** *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The Court must accept well-pleaded factual allegations as true and construe them in Plaintiff's favor. *Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001).

Accordingly, the State Bar Defendants' motion to dismiss cannot be transformed into an evidentiary sufficiency ruling based on the absence of discovery-developed proof, particularly where discovery on those exact factual issues had already been served months earlier and remained frozen under the Court-created ROA sequence. The SAC should therefore remain the operative pleading unless the Court identifies a **true legal defect in the allegations themselves**, as opposed to a temporary absence of evidence that belongs to the fact-development stage. If any such defect is identified, Plaintiff requests limited leave to refine only those legally specific deficiencies while preserving the SAC's existing claims, all rights against all defendants, and the right to obtain full responses to the already-served written discovery.

## X. PRAYER FOR RELIEF

Plaintiff respectfully requests that the District Judge:

1. Clarify whether the Court's own vacating orders suspended Plaintiff's obligation to respond to the State Bar Defendants' motion to dismiss;
2. Take judicial notice of the Court's own limited docket entries and vacating orders sufficient to resolve that question;
3. Clarify which order stated, in substance, that Plaintiff need not respond while the motion remained vacated, under submission, or otherwise removed from active hearing sequence;
4. Clarify that repeated vacating orders did not lawfully extinguish oral argument, discovery sequencing, or Plaintiff's amendment rights by implication alone;

5. Order all defendants to serve full responses to the already-served Requests for Admission and Requests for Production previously propounded by Plaintiff;
6. Reopen and expressly authorize discovery to proceed on the already-served written discovery sets;
7. Restore oral argument rights on disputed service and notice issues where motions were vacated;
8. Maintain the Second Amended Complaint as the operative pleading unless the Court identifies a specific legal pleading defect that truly requires amendment;
9. In the alternative, grant limited leave to further amend only those specifically identified legal deficiencies that survive pleading-stage review after the Court clarifies the ROA conflict, unresolved RJNs, and frozen discovery chronology;
10. Preserve Plaintiff's right to pursue all existing SAC claims against all defendants and to obtain the full discovery responses necessary to refine liability allegations if amendment is later deemed necessary; and
11. Grant such further relief as justice requires.

Dated: 4/8 2026

**Respectfully submitted,**

[signature]

Paul V. Singer, Plaintiff Pro Se

# EXHIBIT A

Description: Copies of all Communication between defendants

EX A-1

Gmail

Paul Singer <pvsinger2020@gmail.com>

## Singer v. Waters, Case No. 1:25-cv-00532-KES-SAB
1 message

**Sperling, Jennifer** <Jennifer.Sperling@calbar.ca.gov> — Mon, Mar 9, 2026 at 5:48 PM
To: "pvsinger2020@gmail.com" <pvsinger2020@gmail.com>

EX A-2

Dear Mr. Singer:

On March 3, 2026, we received by mail Plaintiff Paul V. Singer's First Set of Requests for Production of Documents and First Set of Request for Admission to Defendant State Bar of California in the above-captioned matter. Discovery at this stage of the case, when the Rule 26(f) conference has not yet occurred, is premature and improper. Fed. R. Civ. P. 26(d)(1) ("A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)."); *see also Duran v. City of Porterville*, No. 1: 12-cv[1]1239, 2013 WL 1243003, at *1 (E.D. Cal. Jan. 17, 2013) ("'[D]iscovery is not permitted without a court order prior to a conference between the parties as required by FRCP 26(f).'") (quoting *AF Holdings LLC v. DOES 1-96*, 2011 WL 4502413 (N.D. Cal. 2011)).

Because clear legal authority forbids discovery requests before the Rule 26(f) conference, the State Bar Defendants will deem your requests served as of the date of such conference in the event one occurs, will respond to them thirty days thereafter, and reserves the right to make any available objections to them at the time of that response.

Thank you,

Jennifer

Jennifer H. Sperling (she/her/hers)

Assistant General Counsel, Office of General Counsel

The State Bar of California | 845 S Figueroa Street | Los Angeles, CA 90017

213-765-1094 | jennifer.sperling@calbar.ca.gov

**OUR VALUES** | Clarity • Investing in Our People • Excellence • Respect • Growth Mindset

---

**Working to protect the public in support of the mission of the State Bar of California.**

Please consider the environment before printing this email.

LinkedIn | Twitter | Facebook | Instagram | YouTube

*This message may contain confidential information that may also be privileged. Unless you are the intended recipient or are authorized to receive information for the intended recipient, you may not use, copy, or disclose the message in whole or in part. If you have received this message in error, please advise the sender by reply e-mail and delete all copies of the message. Thank you.*

EXA 3

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
CRAIG C.O. WATERS, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40,<br><br>Defendants. | Case No. 1:25-cv-00532-KES-SAB<br><br>**DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S FIRST SET (ONE) OF REQUESTS FOR ADMISSION**<br><br>District Judge: Kirk E. Sherriff<br>Magistrate Judge: Stanley A. Boone<br><br>Trial Date: None Set |

**PROPOUNDING PARTY:** Paul V. Singer

**RESPONDING PARTY:** Craig C.O. Waters

**SET NO:** One (1)

Pursuant to Rule 36 of the Federal Rules of Civil Procedure and the Local Rules of the above-captioned Court, Defendant Craig C.O. Waters, Esq. ("defendant" or "Attorney Waters") hereby responds and answers the first set of requests for admission propounded by plaintiff Paul V. Singer ("plaintiff").



EX A-4

## SPECIFIC OBJECTIONS AND RESPONSES

**A. Admissions Regarding the Court Records**

**REQUEST NO. 1**

Admit that you filed an Answer in Fresno County Superior Cout indentifying yourself as attorney of record for Defendant Brian Weldon.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 2**

Admit that at the time the MC-050 was filed, you had not been substituted out as attorney of record by any prior order of the Fresno County Superior Court.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 3**

Admit that the MC-050 lists Robert Abrams as "former attorney of record."

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and



EXA5

requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 4**

Admit that Robert Abrams had never appeared as attorney of record for Defendant Brian Weldon prior to the filing of the MC-050.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 5**

Admit that the MC-050 was not filed solely to reflect a change of law firm address under California Rule of Court 1.21.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**B. Admissions Regarding Legal Effect and Procedure**

**REQUEST NO. 6**

Admit that a Substitution of Attorney (MC-050) is intended to reflect a change of counsel, not merely a change of law firm.

///



EX A-6

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 7**

Admit that filing an MC-050 can confer procedural consequences not available through a notice of change of address or firm affiliation.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 8**

Admit that no court order authorized listing Robert Abrams as "former attorney of record."

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

///

///



EX A-7

C. **Admissions Regarding Orders and Judgments**

**<u>REQUEST NO. 9</u>**

Admit that the Fresno County Superior Court docket contains minute entries stating "No further order is necessary."

**<u>RESPONSE TO REQUEST NO. 9:</u>**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**<u>REQUEST NO. 10</u>**

Admit that no separate, standalone judgment signed by a judge and entered by the clerk exists for the rulings identified in Plaintiff s Request for Judicial Notice.

**<u>RESPONSE TO REQUEST NO. 10:</u>**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**<u>REQUEST NO. 11</u>**

Admit that unsigned or non-final minute entries do not satisfy the mechanical requirements of a final judgment under CCP §§ 581d and 664.5.

**<u>RESPONSE TO REQUEST NO. 11:</u>**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and

requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**D. Admissions Regarding Knowledge and Candor**

**REQUEST NO. 12**

Admit that you were aware of the contents of the Fresno County Superior Court docket at the time you filed the MC-050.

**RESPONSE TO REQUEST NO. 12:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 13**

Admit that the MC-050 did not accurately reflect the procedural history of counsel of record as shown on the docket.

**RESPONSE TO REQUEST NO. 13:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 14**

Admit that misidentifying prior counsel on a substitution form can mislead the court regarding representation history.

///

**RESPONSE TO REQUEST NO. 16:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

DATED: February 25, 2026

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: [signature]

ALEX A. GRAFT
Attorneys for Defendant CRAIG C.O. WATERS, ESQ.



EX A-10

# CERTIFICATE OF SERVICE

***Singer v. Waters, et al.***

U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 25, 2026, I served the following document(s): **DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S FIRST SET (ONE) OF REQUESTS FOR ADMISSION.**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| **Plaintiff Pro Se**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **Attorneys for Defendants KRISTINA CHARLES (erroneously sued as KRISTIN CHARLES), LOUISA AYRAPETYAN, BRANDON N. STALLINGS**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax: 415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on February 25, 2026, at San Francisco, California.

[signature]

Nancy Lew-Pham

LEWIS BRISBOIS BISGAARD & SMITH LLP
ATTORNEYS AT LAW



EXA-11

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
CRAIG C.O. WATERS, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40,<br><br>Defendants. | Case No. 1:25-cv-00532-KES-SAB<br><br>**DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET)**<br><br>District Judge: Kirk E. Sherriff<br>Magistrate Judge: Stanley A. Boone<br><br>Trial Date: None Set |

**PROPOUNDING PARTY:** Paul V. Singer

**RESPONDING PARTY:** Craig C.O. Waters

**SET NO:** Two (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the above-captioned Court, Defendant Craig C.O. Waters, Esq. ("defendant" or "Attorney Waters") hereby responds and answers the second set of requests for production of documents propounded by plaintiff Paul V. Singer ("plaintiff").

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**

Produce all documents identifying each attorney of record for Defendant Brian Weldon in the Fresno County Superior Coun action, including appearance forms, substitutions, notices of change of address or firm, and related filings.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 2**

Produce the complete MC-050 filed in the Fresno County Superior Court action, including all signature pages, attachments, and exhibits.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 3**

Produce all documents reflecting authorization or consent by Defendant Brian Weldon to file the MC-050, including but not limited to written consents, emails, acknowledgments, or agreements.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to

dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 4**

Produce all communications between Craig C.O. Waters and Robert Abrams concerning:

a) the MC-050,

b) attorney-of-record status,

c) substitution versus change of law firm,

d) or representations made to the court regarding counsel of record.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 5**

Produce all communications between Craig C.O. Waters and Defendant Brian Weldon concerning:

a) substitution of counsel,

b) designation of "former attorney of record,"

c) or the filing of the MC-050.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and



EX A-1(

requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 6**

Produce all documents relied upon in support of any assertion that the MC-050 was filed as a clerical error, harmless error, or innocent mistake.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 7**

Produce all documents showing when the MC-050 was prepared, by whom, and under whose direction.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 8**

Produce all internal firm documents, notes, or communications relating to:

a) substitution of counsel procedures.

b) attorney-of-record designation,

c) or compliance with California Rules of Court 1.21 and Judicial Council Form

MC-050 requirements.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 9**

Produce all documents reflecting any benefit, procedural advantage, or strategic effect obtained as a result of filing the MC-050, including continuances, briefing extensions, service changes, or relief sought under CCP § 473.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 10**

Produce all documents that Defendant contends support the position that the Fresno County Superior Court filings identified in Plaintiff's Request for Judicial Notice were valid, final orders or judgments.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med.*



EX A-1

# CERTIFICATE OF SERVICE

*Singer v. Waters, et al.*
U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 25, 2026, I served the following document(s): **DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET).**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| **Plaintiff Pro Se**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **Attorneys for Defendants KRISTINA CHARLES (erroneously sued as KRISTIN CHARLES), LOUISA AYRAPETYAN, BRANDON N. STALLINGS**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax: 415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on February 25, 2026, at San Francisco, California.

Nancy Lew-Pham

Nancy Lew-Pham

**LEWIS BRISBOIS BISGAARD & SMITH LLP**
ALEX A. GRAFT, SB# 239647
E-Mail: Alex.Graft@lewisbrisbois.com
45 Fremont Street, Suite 3000
San Francisco, California 94105
Telephone: 415.362.2580
Facsimile: 415.434.0882

Attorneys for Defendant
CRAIG C.O. WATERS, ESQ.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS, ESQ., in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40,<br><br>Defendants. | Case No. 1:25-cv-00532-KES-SAB<br><br>**DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET)**<br><br>District Judge: Kirk E. Sherriff<br>Magistrate Judge: Stanley A. Boone<br><br>Trial Date: None Set |

**PROPOUNDING PARTY:** Paul V. Singer

**RESPONDING PARTY:** Craig C.O. Waters

**SET NO:** Two (2)

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure and the Local Rules of the above-captioned Court, Defendant Craig C.O. Waters, Esq. ("defendant" or "Attorney Waters") hereby responds and answers the second set of requests for production of documents propounded by plaintiff Paul V. Singer ("plaintiff").



EX A-18

## SPECIFIC OBJECTIONS AND RESPONSES

**REQUEST NO. 1**

Produce all documents identifying each attorney of record for Defendant Brian Weldon in the Fresno County Superior Coun action, including appearance forms, substitutions, notices of change of address or firm, and related filings.

**RESPONSE TO REQUEST NO. 1:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 2**

Produce the complete MC-050 filed in the Fresno County Superior Court action, including all signature pages, attachments, and exhibits.

**RESPONSE TO REQUEST NO. 2:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 3**

Produce all documents reflecting authorization or consent by Defendant Brian Weldon to file the MC-050, including but not limited to written consents, emails, acknowledgments, or agreements.

**RESPONSE TO REQUEST NO. 3:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to



EX A-19

dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 4**

Produce all communications between Craig C.O. Waters and Robert Abrams concerning:

a) the MC-050,

b) attorney-of-record status,

c) substitution versus change of law firm,

d) or representations made to the court regarding counsel of record.

**RESPONSE TO REQUEST NO. 4:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 5**

Produce all communications between Craig C.O. Waters and Defendant Brian Weldon concerning:

a) substitution of counsel,

b) designation of "former attorney of record,"

c) or the filing of the MC-050.

**RESPONSE TO REQUEST NO. 5:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW

requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 6**

Produce all documents relied upon in support of any assertion that the MC-050 was filed as a clerical error, harmless error, or innocent mistake.

**RESPONSE TO REQUEST NO. 6:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 7**

Produce all documents showing when the MC-050 was prepared, by whom, and under whose direction.

**RESPONSE TO REQUEST NO. 7:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 8**

Produce all internal firm documents, notes, or communications relating to:

a) substitution of counsel procedures.

b) attorney-of-record designation,

c) or compliance with California Rules of Court 1.21 and Judicial Council Form



EX A-2

MC-050 requirements.

**RESPONSE TO REQUEST NO. 8:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 9**

Produce all documents reflecting any benefit, procedural advantage, or strategic effect obtained as a result of filing the MC-050, including continuances, briefing extensions, service changes, or relief sought under CCP § 473.

**RESPONSE TO REQUEST NO. 9:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med. Progress*, 890 F.3d 828, 833-34 (9th Cir. 2018).

Defendant reserves all rights and additional objections which may be further appropriate.

**REQUEST NO. 10**

Produce all documents that Defendant contends support the position that the Fresno County Superior Court filings identified in Plaintiff's Request for Judicial Notice were valid, final orders or judgments.

**RESPONSE TO REQUEST NO. 10:**

Defendant objects to this request based on defendant's pending anti-SLAPP motion to dismiss plaintiff's case, which contains purely legal arguments. Discovery is stayed when a defendant files an anti-SLAPP motion in federal court that is based on purely legal arguments and requires no evidentiary showing to oppose. *Planned Parenthood Fed'n of Am. v. Ctr. for Med.*



EX A-2

## CERTIFICATE OF SERVICE

*Singer v. Waters, et al.*

U.S.D.C., Eastern District, Fresno Division, Case No. 1:25-cv-00532-KES-SAB

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

At the time of service, I was over 18 years of age and not a party to the action. My business address is 45 Fremont Street, Suite 3000, San Francisco, CA 94105. I am employed in the office of a member of the bar of this Court at whose direction the service was made.

On February 25, 2026, I served the following document(s): **DEFENDANT CRAIG C.O. WATERS' RESPONSES TO PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET).**

I served the documents on the following persons at the following addresses (including fax numbers and e-mail addresses, if applicable):

| | |
|---|---|
| **Plaintiff Pro Se**<br>Paul V. Singer<br>4928 E. Washington Avenue<br>Fresno, CA 93727<br>Phone: 559-871-6400<br>*Via U.S. Mail* | **Attorneys for Defendants**<br>**KRISTINA CHARLES (erroneously sued as KRISTIN CHARLES), LOUISA AYRAPETYAN, BRANDON N. STALLINGS**<br>ELLIN DAVTYAN<br>General Counsel<br>KIRSTEN GALLER<br>Deputy General Counsel<br>JENNIFER SPERLING<br>Assistant General Counsel<br>OFFICE OF GENERAL COUNSEL<br>THE STATE BAR OF CALIFORNIA<br>845 South Figueroa Street<br>Los Angeles, CA 90017<br>Phone: 213-765-1000<br>Fax: 415-538-2321<br>Email: jennifer.sperling@calbar.ca.gov |

The documents were served by the following means:

☒ (BY U.S. MAIL) I enclosed the documents in a sealed envelope or package addressed to the persons at the addresses listed above and I deposited the sealed envelope or package with the U.S. Postal Service, with the postage fully prepaid.

☒ (BY E-MAIL OR ELECTRONIC TRANSMISSION) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses listed above. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct. Executed on February 25, 2026, at San Francisco, California.

Nancy Lew-Pham

LEWIS BRISBOIS BISGAARD & SMITH LLP ATTORNEYS AT LAW



EXA-23

# EXHIBIT B

Description: Copies of written discovery request previously served on all defendants

Ex B-1

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAUL V. SINGER**, an individual<br><br>Plaintiff,<br>v.<br><br>**CRAIG C. WATERS**, an individual; **ROBERT ABRAMS**, an individual; **KRISTINA CHARLES**, in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN**, in her official capacity as attorney, Office of General Counsel, State Bar of California; **BRANDON N. STALLINGS**, in his official capacity as attorney, Office of General Counsel, State Bar of California; **STATE BAR OF CALIFORNIA**, a public corporation;<br><br>**DOES 1–10**, inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET) TO DEFENDANT CRAIG C.O. WATERS** |

PROPOUNDING PARTY:
Plaintiff Paul V. Singer, appearing pro se.

RESPONDING PARTY:
Defendant Craig C.O. Waters.

## I. DEFINITIONS & INSTRUCTIONS

A. "Document" is defined broadly under Fed. R. Civ. P. 34(a) and includes writings, electronically stored information ("ESI"), emails, PDFs, DocuSign records, metadata, drafts, and communications.

B. "MC-050" means the Judicial Council form titled *Substitution of Attorney–Civil*, filed in Fresno County Superior Court in the underlying action referenced in Plaintiff's Request for Judicial Notice.

C. "You," "Your," or "Defendant" means Craig C.O. Waters and any person acting on his behalf, including law firms, agents, staff, or counsel.

D. If you contend a requested document does not exist, identify:

1. whether it ever existed,
2. who created it,
3. when it was created, and
4. who currently has custody or control.
*(Fed. R. Civ. P. 34(a)(1); 34(b)(2)(C))*

## II. REQUESTS FOR PRODUCTION

**RFP No. 1**
Produce all documents identifying each attorney of record for Defendant Brian Weldon in the Fresno County Superior Court action, including appearance forms, substitutions, notices of change of address or firm, and related filings.

**RFP No. 2**
Produce the complete MC-050 filed in the Fresno County Superior Court action, including all signature pages, attachments, and exhibits.



EXB-3

**RFP No. 3**
Produce all documents reflecting authorization or consent by Defendant Brian Weldon to file the MC-050, including but not limited to written consents, emails, acknowledgments, or agreements.

**RFP No. 4**
Produce all communications between Craig C.O. Waters and Robert Abrams concerning:

a) the MC-050,
b) attorney-of-record status,
c) substitution versus change of law firm,
d) or representations made to the court regarding counsel of record.

**RFP No. 5**
Produce all communications between Craig C.O. Waters and Defendant Brian Weldon concerning:

a) substitution of counsel,
b) designation of "former attorney of record,"
c) or the filing of the MC-050.

**RFP No. 6**
Produce all documents relied upon in support of any assertion that the MC-050 was filed as a clerical error, harmless error, or innocent mistake.

**RFP No. 7**
Produce all documents showing when the MC-050 was prepared, by whom, and under whose direction.

**RFP No. 8**
Produce all internal firm documents, notes, or communications relating to:

a) substitution of counsel procedures,
b) attorney-of-record designation,
c) or compliance with California Rules of Court 1.21 and Judicial Council Form MC-050 requirements.

**RFP No. 9**
Produce all documents reflecting any benefit, procedural advantage, or strategic effect obtained as a result of filing the MC-050, including continuances, briefing extensions, service changes, or relief sought under CCP § 473.



Ex B-4

**RFP No. 10**

Produce all documents that Defendant contends support the position that the Fresno County Superior Court filings identified in Plaintiff's Request for Judicial Notice were valid, final orders or judgments.

## III. CONTINUING DUTY

These requests are continuing. If additional responsive documents are discovered, they must be produced promptly.

## IV. RESERVATION OF RIGHTS

Plaintiff reserves the right to serve additional requests, including requests for electronically stored information and metadata, based on Defendant's responses to this First Set.

## V. RULE 37 NOTICE

Failure to produce responsive documents, improper objections, or evasive responses may result in a motion to compel and sanctions under Fed. R. Civ. P. 37.

Dated: 01/22, 2026

[signature]

**Paul V. Singer, Plaintiff Pro Se**
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400



EX B-5

## CERTIFICATE OF SERVICE

I certify that on 01 / 22 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET) TO DEFENDANT CRAIG C.O. WATERS**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**

Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 01 / 22, 2026

Dana W. Singer



EX B-6

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAUL V. SINGER**, an individual<br><br>Plaintiff,<br>v.<br><br>**CRAIG C. WATERS**, an individual; **ROBERT ABRAMS**, an individual; **KRISTINA CHARLES**, in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN**, in her official capacity as attorney, Office of General Counsel, State Bar of California; **BRANDON N. STALLINGS**, in his official capacity as attorney, Office of General Counsel, State Bar of California; **STATE BAR OF CALIFORNIA**, a public corporation;<br><br>**DOES 1–10**, inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**PLAINTIFF PAUL V. SINGER'S FIRST SET (ONE) OF REQUESTS FOR ADMISSION TO DEFENDANT CRAIG C.O. WATERS** |

PROPOUNDING PARTY:
Plaintiff Paul V. Singer, appearing pro se.

RESPONDING PARTY:
Defendant Craig C.O. Waters.



EX B-7

## INSTRUCTIONS & DEFINITIONS

1. These Requests are made pursuant to **Fed. R. Civ. P. 36.**
2. Each matter must be **admitted or denied** in good faith. Any denial must fairly respond to the substance of the matter.
3. If you lack knowledge, you must state that **after reasonable inquiry** the information is insufficient to admit or deny.
4. An evasive or unqualified response may be treated as a failure to admit.

**"MC-050"** means the Substitution of Attorney filed in Fresno County Superior Court listing Robert Abrams as "former attorney of record."

**"Record"** means the Fresno County Superior Court docket and filings identified in Plaintiff's Request for Judicial Notice.

## REQUESTS FOR ADMISSION

### A. Admissions Regarding the Court Record

**RFA No. 1**
Admit that you filed an Answer in Fresno County Superior Court identifying yourself as attorney of record for Defendant Brian Weldon.

**RFA No. 2**
Admit that at the time the MC-050 was filed, you had not been substituted out as attorney of record by any prior order of the Fresno County Superior Court.

**RFA No. 3**
Admit that the MC-050 lists Robert Abrams as "former attorney of record."

**RFA No. 4**
Admit that Robert Abrams had never appeared as attorney of record for Defendant Brian Weldon prior to the filing of the MC-050.

**RFA No. 5**
Admit that the MC-050 was not filed solely to reflect a change of law firm address under California Rule of Court 1.21.

///

///

///



EX B-8

### B. Admissions Regarding Legal Effect and Procedure

**RFA No. 6**
Admit that a Substitution of Attorney (MC-050) is intended to reflect a change of counsel, not merely a change of law firm.

**RFA No. 7**
Admit that filing an MC-050 can confer procedural consequences not available through a notice of change of address or firm affiliation.

**RFA No. 8**
Admit that no court order authorized listing Robert Abrams as "former attorney of record."

### C. Admissions Regarding Orders and Judgments

**RFA No. 9**
Admit that the Fresno County Superior Court docket contains minute entries stating "No further order is necessary."

**RFA No. 10**
Admit that no separate, standalone judgment signed by a judge and entered by the clerk exists for the rulings identified in Plaintiff's Request for Judicial Notice.

**RFA No. 11**
Admit that unsigned or non-final minute entries do not satisfy the mechanical requirements of a final judgment under CCP §§ 581d and 664.5.

### D. Admissions Regarding Knowledge and Candor

**RFA No. 12**
Admit that you were aware of the contents of the Fresno County Superior Court docket at the time you filed the MC-050.

**RFA No. 13**
Admit that the MC-050 did not accurately reflect the procedural history of counsel of record as shown on the docket.

**RFA No. 14**
Admit that misidentifying prior counsel on a substitution form can mislead the court regarding representation history.

///
///



Ex B-C

**E. Lock-In Admissions**

**RFA No. 15**
Admit that if the MC-050 inaccurately described the identity of former counsel, then the filing was defective as a matter of law.

**RFA No. 16**
Admit that a court ruling procured through a defective or misleading filing may be subject to correction for fraud on the court.

Dated: January 22, 2026

Paul V. Singer, Plaintiff Pro Se



EX B-1(

## CERTIFICATE OF SERVICE

I certify that on 01 / 22, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S FIRST SET (ONE) OF REQUESTS FOR ADMISSION TO DEFENDANT CRAIG C.O. WATERS**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**

Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 01 / 22, 2026

Dana W. Singer
Dana W. Singer



EX B-11

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

**PAUL V. SINGER**, an individual

Plaintiff,

v.

**CRAIG C. WATERS,** an individual; **ROBERT ABRAMS,** an individual; **KRISTINA CHARLES,** in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN,** in her official capacity as attorney, Office of General Counsel, State Bar of California; **BRANDON N. STALLINGS,** in his official capacity as attorney, Office of General Counsel, State Bar of California; **STATE BAR OF CALIFORNIA,** a public corporation;

**DOES 1–10,** inclusive,

Defendants.

Case No.: 1:25-cv-00532-KES-SAB

**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET – AUTHORIZATION & METADATA RE: MC-050) TO DEFENDANT CRAIG C.O. WATERS**



EX B-12

PROPOUNDING PARTY:
Plaintiff Paul V. Singer, appearing pro se.

RESPONDING PARTY:
Defendant Craig C.O. Waters.

## I. DEFINITIONS & INSTRUCTIONS

### A. "DOCUMENT"

"Document" has the meaning set forth in **Fed. R. Civ. P. 34(a)(1)(A)** and includes all electronically stored information ("ESI"), metadata, audit logs, certificates, and system records, whether stored locally, with counsel, or with third-party vendors (including DocuSign or similar services).

### B. "MC-050"

"MC-050" means the **Substitution of Attorney** filed in the Fresno County Superior Court that lists Robert Abrams as "former attorney of record" and purports to bear the consent of Defendant Brian Weldon.

### C. "DOCUSIGN RECORDS"

"DocuSign Records" includes, without limitation:

1) audit trail
2) envelope ID
3) certificate of completion
4) timestamps
5) IP addresses
6) signer authentication method
7) signer email address
8) hash / integrity verification
9) document history
10) any system-generated metadata showing execution or authorization

### D. POSSESSION, CUSTODY, OR CONTROL

Documents are within your possession, custody, or control if you **have the legal right or practical ability to obtain them**, including from vendors, agents, co-counsel, or former counsel. *Fed. R. Civ. P. 34(a)(1).*

///
///

## II. REQUESTS FOR PRODUCTION

**REQUEST NO. 1**
Produce the **complete DocuSign audit trail** for the MC-050, including all metadata reflecting:

a) date and time of execution
b) identity of each signer
c) method of authentication
d) IP address used by each signer

*No redactions.*

**REQUEST NO. 2**
Produce the **DocuSign envelope ID** associated with the MC-050, together with any system records identifying the envelope history, routing, and completion status.

**REQUEST NO. 3**
Produce the **DocuSign Certificate of Completion** (or equivalent) for the MC-050, showing:

a) signer name(s)
b) signer email address(es)
c) execution timestamps
d) completion confirmation

**REQUEST NO. 4**
Produce all documents sufficient to show **how Defendant Brian Weldon's identity was authenticated** before execution of the MC-050, including but not limited to:
a) email verification
b) access code
c) SMS verification
d) IP-based validation

**REQUEST NO. 5**
Produce all documents reflecting the **IP address(es)** from which the MC-050 was accessed or signed by any purported signer.



EX B-14

**REQUEST NO. 6**

Produce all documents reflecting the **hash value, checksum, or integrity verification** for the MC-050 as executed, sufficient to confirm the document has not been altered post-execution.

**REQUEST NO. 7**

Produce all communications (emails, messages, system notices) between:

a) Craig C.O. Waters
b) Robert Abrams
c) Alex A. Graft
d) Lewis Brisbois Bisgaard & Smith LLP

and Defendant Brian Weldon **concerning authorization, consent, or execution of the MC-050**.

**REQUEST NO. 8**

Produce all documents reflecting **who initiated** the MC-050 DocuSign transaction, including:

a) user account name
b) firm affiliation
c) date/time initiated

**REQUEST NO. 9**

If you contend that Defendant Brian Weldon **authorized** the MC-050 outside of DocuSign, produce **all documents evidencing such authorization**, including written consent, correspondence, or recorded confirmation.

**REQUEST NO. 10**

If you contend that any requested DocuSign metadata is **not in your possession**, identify:

1. each document or data element not produced,
2. the specific reason it cannot be produced,
3. the name and contact information of the person or entity who controls it, and
4. the steps taken to obtain it.

*(Fed. R. Civ. P. 34(a)(1); 34(b)(2)(C)).*

## III. NO "VENDOR CONTROL" ESCAPE CLAUSE

If you claim the documents are held by DocuSign or another vendor, you must still:

1) identify what exists, and
2) identify who controls it.

Failure to do so will be treated as **non-production** under **Rule 37**.

## IV. RULE 37 NOTICE

Plaintiff expressly reserves all rights under **Fed. R. Civ. P. 37**, including motions to compel, adverse inferences, issue sanctions, and cost-shifting, in the event of incomplete, evasive, or false responses.

Dated: 01/22, 2026

**Paul V. Singer, Plaintiff Pro Se**
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400



EX B-16

## CERTIFICATE OF SERVICE

I certify that on 01 / 22, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET – AUTHORIZATION & METADATA RE: MC-050) TO DEFENDANT CRAIG C.O. WATERS**

via.: Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**

Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 01 / 22, 2026

Dana W Singer
Dana W. Singer



EX B-17

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **PAUL V. SINGER**, an individual<br><br>Plaintiff,<br>v.<br><br>**CRAIG C. WATERS,** an individual; **ROBERT ABRAMS,** an individual; **KRISTINA CHARLES,** in her official capacity as Chief Trial Counsel, State Bar of California; **LOUISA AYRAPETYAN,** in her official capacity as attorney, Office of General Counsel, State Bar of California; **BRANDON N. STALLINGS,** in his official capacity as attorney, Office of General Counsel, State Bar of California; **STATE BAR OF CALIFORNIA,** a public corporation;<br><br>**DOES 1–10,** inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET – AUTHORIZATION & METADATA RE: MC-050) TO DEFENDANT CRAIG C.O. WATERS** |



EXB-18

PROPOUNDING PARTY:
Plaintiff Paul V. Singer, appearing pro se.

RESPONDING PARTY:
Defendant Craig C.O. Waters.

## I. DEFINITIONS & INSTRUCTIONS

### A. "DOCUMENT"

"Document" has the meaning set forth in **Fed. R. Civ. P. 34(a)(1)(A)** and includes all electronically stored information ("ESI"), metadata, audit logs, certificates, and system records, whether stored locally, with counsel, or with third-party vendors (including DocuSign or similar services).

### B. "MC-050"

"MC-050" means the **Substitution of Attorney** filed in the Fresno County Superior Court that lists Robert Abrams as "former attorney of record" and purports to bear the consent of Defendant Brian Weldon.

### C. "DOCUSIGN RECORDS"

"DocuSign Records" includes, without limitation:

1) audit trail
2) envelope ID
3) certificate of completion
4) timestamps
5) IP addresses
6) signer authentication method
7) signer email address
8) hash / integrity verification
9) document history
10) any system-generated metadata showing execution or authorization

### D. POSSESSION, CUSTODY, OR CONTROL

Documents are within your possession, custody, or control if you **have the legal right or practical ability to obtain them**, including from vendors, agents, co-counsel, or former counsel. *Fed. R. Civ. P. 34(a)(1).*

///
///

## II. REQUESTS FOR PRODUCTION

**REQUEST NO. 1**

Produce the **complete DocuSign audit trail** for the MC-050, including all metadata reflecting:

a) date and time of execution
b) identity of each signer
c) method of authentication
d) IP address used by each signer

*No redactions.*

**REQUEST NO. 2**

Produce the **DocuSign envelope ID** associated with the MC-050, together with any system records identifying the envelope history, routing, and completion status.

**REQUEST NO. 3**

Produce the **DocuSign Certificate of Completion** (or equivalent) for the MC-050, showing:

a) signer name(s)
b) signer email address(es)
c) execution timestamps
d) completion confirmation

**REQUEST NO. 4**

Produce all documents sufficient to show **how Defendant Brian Weldon's identity was authenticated** before execution of the MC-050, including but not limited to:

a) email verification
b) access code
c) SMS verification
d) IP-based validation

**REQUEST NO. 5**

Produce all documents reflecting the **IP address(es)** from which the MC-050 was accessed or signed by any purported signer.



EX B-20

**REQUEST NO. 6**

Produce all documents reflecting the **hash value, checksum, or integrity verification** for the MC-050 as executed, sufficient to confirm the document has not been altered post-execution.

**REQUEST NO. 7**

Produce all communications (emails, messages, system notices) between:

a) Craig C.O. Waters
b) Robert Abrams
c) Alex A. Graft
d) Lewis Brisbois Bisgaard & Smith LLP

and Defendant Brian Weldon **concerning authorization, consent, or execution of the MC-050.**

**REQUEST NO. 8**

Produce all documents reflecting **who initiated** the MC-050 DocuSign transaction, including:

a) user account name
b) firm affiliation
c) date/time initiated

**REQUEST NO. 9**

If you contend that Defendant Brian Weldon **authorized** the MC-050 outside of DocuSign, produce **all documents evidencing such authorization**, including written consent, correspondence, or recorded confirmation.

**REQUEST NO. 10**

If you contend that any requested DocuSign metadata is **not in your possession,** identify:

1. each document or data element not produced,
2. the specific reason it cannot be produced,
3. the name and contact information of the person or entity who controls it, and
4. the steps taken to obtain it.

*(Fed. R. Civ. P. 34(a)(1); 34(b)(2)(C)).*

## III. NO "VENDOR CONTROL" ESCAPE CLAUSE

If you claim the documents are held by DocuSign or another vendor, you must still:

1) identify what exists, and
2) identify who controls it.



EX B-21

Failure to do so will be treated as **non-production** under **Rule 37**.

## IV. RULE 37 NOTICE

Plaintiff expressly reserves all rights under **Fed. R. Civ. P. 37**, including motions to compel, adverse inferences, issue sanctions, and cost-shifting, in the event of incomplete, evasive, or false responses.

Dated: 01/22, 2026

**Paul V. Singer, Plaintiff Pro Se**
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400

## CERTIFICATE OF SERVICE

I certify that on 01 / 22, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S REQUEST FOR PRODUCTION OF DOCUMENTS (SECOND SET – AUTHORIZATION & METADATA RE: MC-050) TO DEFENDANT CRAIG C.O. WATERS**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendant Craig C.O. Waters:**

Alex A. Graft, LEWIS BRISBOIS BISGAARD & SMITH LLP
45 Fremont Street, Suite 3000, San Francisco, CA 94105
Email: Alex.Graft@lewisbrisbois.com

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 01 / 22, 2026

Dana W. Singer



EX B-23

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, an individual<br><br>Plaintiff,<br>v.<br><br>CRAIG C. WATERS, an individual; ROBERT ABRAMS, an individual; KRISTINA CHARLES, in her official capacity as Chief Trial Counsel, State Bar of California; LOUISA AYRAPETYAN, in her official capacity as attorney, Office of General Counsel, State Bar of California; BRANDON N. STALLINGS, in his official capacity as attorney, Office of General Counsel, State Bar of California; STATE BAR OF CALIFORNIA, a public corporation;<br><br>DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>PLAINTIFF PAUL V. SINGER'S FIRST SET OF REQUESTS FOR ADMISSION TO STATE BAR OF CALIFORNIA<br><br>SET ONE (1) |

**PROPOUNDING PARTY:**
Plaintiff Paul V. Singer, appearing pro se.

**RESPONDING PARTY:**
Defendants. State Bar of California

**SET ONE (1)**

## I. PARTIES TO WHOM THESE REQUESTS ARE DIRECTED

These Requests for Admission ("RFAs") are directed to:

1. **STATE BAR OF CALIFORNIA**
2. **KRISTINA CHARLES**, in her official capacity as Chief Trial Counsel
3. **LOUISA AYRAPETYAN**, in her official capacity as attorney, Office of General Counsel
4. **BRANDON N. STALLINGS**, in his official capacity as attorney, Office of General Counsel

Each Defendant shall respond separately and fully.

## II. DEFINITIONS

1. **"Plaintiff"** means Paul V. Singer.
2. **"Complaint"** means the attorney misconduct complaint submitted by Plaintiff to the State Bar concerning Craig C.O. Waters, including all exhibits and attachments.
3. **"Court Records"** means Fresno County Superior Court pleadings, docket entries, minute orders, judgments, and the MC-050 identified in Plaintiff's Request for Judicial Notice.
4. **"MC-050"** means the Substitution of Attorney filed in the Fresno County Superior Court identifying Robert Abrams as "former attorney of record."
5. **"RJN"** means Plaintiff's Request for Judicial Notice filed in this action.
6. **"Verify" or "Verification"** means confirming accuracy by reviewing the actual court file or docket.



EX B-25

7. **"Ministerial Acts"** means non-discretionary administrative duties required by statute, rule, or policy.

8. **"You"** or **"Your"** refers to each responding State Bar Defendant.

## III. INSTRUCTIONS

A. These RFAs concern **objective facts** and **ministerial acts**, not prosecutorial discretion.

B. If you deny any Request, state the specific facts supporting the denial.

C. An inability to admit or deny shall comply with Fed. R. Civ. P. 36(a)(4).

## IV. REQUESTS FOR ADMISSION

**REQUEST NO. 1**

Admit that Plaintiff submitted Fresno County Superior Court records with his Complaint.

**REQUEST NO. 2**

Admit that Plaintiff's Complaint included the MC-050 identifying Robert Abrams as "former attorney of record."

**REQUEST NO. 3**

Admit that prior pleadings in the Fresno County Superior Court listed Craig C.O. Waters as counsel of record.

**REQUEST NO. 4**

Admit that the MC-050 conflicted on its face with earlier pleadings identifying Craig C.O. Waters as counsel of record.

///
///
///
///
///



EX B-24

**REQUEST NO. 5**

Admit that the State Bar did **not** verify the Fresno County Superior Court docket before closing Plaintiff's Complaint.

**REQUEST NO. 6**

Admit that no State Bar employee reviewed the Fresno County Superior Court docket entries identified in Plaintiff's Complaint prior to closure.

**REQUEST NO. 7**

Admit that no State Bar employee compared the MC-050 to earlier Fresno County Superior Court pleadings listing Craig C.O. Waters as counsel of record.

**REQUEST NO. 8**

Admit that the State Bar did **not** verify whether the Fresno County Superior Court minute orders identified by Plaintiff were final, signed, and entered judgments.

**REQUEST NO. 9**

Admit that the State Bar closed Plaintiff's Complaint without confirming whether enforceable judgments existed in the Fresno County Superior Court matter.

**REQUEST NO. 10**

Admit that the closure of Plaintiff's Complaint occurred without confirming compliance with CCP §§ 581d and 664.5.

**REQUEST NO. 11**

Admit that the State Bar's closure letter to Plaintiff did not state that the Fresno County Superior Court records had been reviewed.

**REQUEST NO. 12**

Admit that the State Bar's closure letter relied on the assertion that Craig C.O. Waters owed Plaintiff "no duty to communicate or cooperate."



EX B-27

**REQUEST NO. 13**

Admit that the State Bar did not determine whether the MC-050 was accurate before closing Plaintiff's Complaint.

**REQUEST NO. 14**

Admit that verifying court records submitted with an attorney misconduct complaint is a **ministerial act.**

**REQUEST NO. 15**

Admit that the State Bar has written policies or procedures governing intake and verification of court records submitted with complaints.

**REQUEST NO. 16**

Admit that those policies require confirmation of objective court records when alleged misconduct appears on the face of filings.

**REQUEST NO. 17**

Admit that no written record exists showing verification of the Fresno County Superior Court docket prior to closing Plaintiff's Complaint.

**REQUEST NO. 18**

Admit that no metadata, timestamps, or audit logs exist showing review of the Fresno County Superior Court records submitted by Plaintiff.

**REQUEST NO. 19**

Admit that the State Bar's decision to close Plaintiff's Complaint preceded any verification of the Fresno County Superior Court docket.

///
///
///

**REQUEST NO. 20**

Admit that failure to verify court records prior to closing a complaint is not a discretionary prosecutorial act.

**REQUEST NO. 21**

Admit that the State Bar acts under color of state law when processing and closing attorney misconduct complaints.

**REQUEST NO. 22**

Admit that closing Plaintiff's Complaint without verification foreclosed further review of alleged misconduct.

**REQUEST NO. 23**

Admit that Plaintiff was deprived of any corrective process based on the unverified closure of his Complaint.

**REQUEST NO. 24**

Admit that the State Bar cannot identify any document showing the Fresno County Superior Court records were verified before Plaintiff's Complaint was closed.

**REQUEST NO. 25**

Admit that immunity claimed by the State Bar depends on performance of required ministerial duties.

**REQUEST NO. 26**

Admit that if ministerial verification duties were not performed, immunity does not attach.

///
///
///
///
///



EX B-29

**REQUEST NO. 27**

Admit that the State Bar has no evidence contradicting the face-of-record defects identified in Plaintiff's Request for Judicial Notice.

**REQUEST NO. 28**

Admit that the State Bar did not dispute Plaintiff's Request for Judicial Notice in this action.

**REQUEST NO. 29**

Admit that the facts contained in the Fresno County Superior Court records identified in the RJN are not disputed on their face.

**REQUEST NO. 30**

Admit that Plaintiff's allegations concern failure to perform ministerial verification, not discretionary charging decisions.

## V. CONTINUING DUTY

These Requests are continuing in nature. Any later-discovered information requiring amendment shall be promptly provided.

Dated: 2/26, 2026

Respectfully submitted,

[signature]

Paul V. Singer, Plaintiff Pro Se



EX B-30

**CERTIFICATE OF SERVICE**

I certify that on 2 / 26, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S FIRST SET OF REQUESTS FOR ADMISSION TO STATE BAR OF CALIFORNIA**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendants:** STATE BAR OF CALIFORNIA,
KRISTIN CHARLES,
LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

STATE BAR OF CALIFORNIA OFFICE OF THE GENERAL COUNSEL
ELLIN DAVTYAN, General Counsel
KIRSTEN GALLER, Deputy General Counsel
JENNIFER SPERLING, Assistant General Counsel
845 South Figueroa Street Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 2 / 26 /2026

Paul V. Singer – Plaintiff – Pro Se

## CERTIFICATE OF SERVICE

I certify that on 2 / 26, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S FIRST SET OF REQUESTS FOR ADMISSION TO STATE BAR OF CALIFORNIA**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendants:** STATE BAR OF CALIFORNIA,
KRISTIN CHARLES,
LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

STATE BAR OF CALIFORNIA OFFICE OF THE GENERAL COUNSEL
ELLIN DAVTYAN, General Counsel
KIRSTEN GALLER, Deputy General Counsel
JENNIFER SPERLING, Assistant General Counsel
845 South Figueroa Street Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 2 / 26, 2026

[signature]
Paul V. Singer – Plaintiff – Pro Se



EX B-32

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727
Telephone: (559)871-6400
Attorney for Plaintiff: In Pro Se

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, an individual<br><br>Plaintiff,<br>v.<br><br>CRAIG C. WATERS, an individual; ROBERT ABRAMS, an individual; KRISTINA CHARLES, in her official capacity as Chief Trial Counsel, State Bar of California; LOUISA AYRAPETYAN, in her official capacity as attorney, Office of General Counsel, State Bar of California; BRANDON N. STALLINGS, in his official capacity as attorney, Office of General Counsel, State Bar of California; STATE BAR OF CALIFORNIA, a public corporation;<br><br>DOES 1–10, inclusive,<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>PLAINTIFF PAUL V. SINGER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE BAR OF CALIFORNIA<br><br>SET ONE (1) |

**PROPOUNDING PARTY:**
Plaintiff Paul V. Singer, appearing pro se.

**RESPONDING PARTY:**
Defendants. State Bar of California

**SET ONE (1)**

## I. INTRODUCTION AND SCOPE

These Requests for Production are narrowly tailored to documents relating to the State Bar Defendants' intake, investigation, verification, and closure of Plaintiff Paul V. Singer's complaint against Craig C.O. Waters.

These Requests seek objective proof of ministerial verification, including timestamps, metadata, logs, audit trails, and internal records demonstrating whether the State Bar confirmed the existence, accuracy, and legal operability of court records provided with Plaintiff's complaint before closing the matter and asserting immunity.

## II. DEFINITIONS

1. **"Document"**

Has the broadest meaning under Fed. R. Civ. P. 34 and includes all writings, electronically stored information ("ESI"), emails, memoranda, notes, logs, databases, audit trails, metadata, and electronically generated records.

2. **"Complaint"**

Means the complaint submitted by Plaintiff Paul V. Singer to the State Bar of California concerning Craig C.O. Waters.

3. **"Verification"**

Means a mandatory, ministerial act confirming the existence, authenticity, accuracy, and legal status of a court record or filing, as distinguished from discretionary "review."

4. **"Court Records"**

Means the Fresno County Superior Court docket, pleadings, minute orders, MC-050,

and related filings identified and supplied by Plaintiff, including those later identified in Plaintiff's Request for Judicial Notice.

5. **"You," "Your," or "Defendants"**

Refers collectively to the State Bar of California and individual State Bar Defendants, KRISTINA CHARLES, LOUISA AYRAPETYAN, and BRANDON N. STALLINGS; including their employees, agents, attorneys, investigators, and contractors.

## III. INSTRUCTIONS

1. These Requests seek proof, not opinion.
2. If a requested document does not exist, state:
    a. that it does not exist,
    b. why it does not exist,
    c. and whether it ever existed.
3. If any document is withheld, provide a Rule 26(b)(5) privilege log.
4. ESI must be produced in native format with metadata intact.
5. These Requests are continuing under Rule 26(e).

## IV. REQUESTS FOR PRODUCTION

**Request No. 1**

Produce all documents showing any verification performed by the State Bar to confirm the existence and accuracy of the Fresno County Superior Court docket referenced in Plaintiff's complaint.

**Request No. 2**

Produce all documents showing any verification of the MC-050, including confirmation of:

a. filing date
b. authenticity
c. signatories
d. legal effect
e. and consistency with the docket

**Request No. 3**

Produce all documents showing any comparison or cross-check between:

a. Craig C.O. Waters's Answer listing himself as counsel of record, and
b. the MC-050 identifying Robert Abrams as "former attorney of record."

**Request No. 4**

Produce all documents reflecting any verification of whether Robert Abrams ever appeared, was substituted, or was counsel of record in the Fresno County Superior Court case.

**Request No. 5**

Produce all intake checklists, protocols, manuals, or policies in effect at the time of Plaintiff's complaint that govern:

a. intake review,
b. verification of court records,
c. and closure of complaints.

**Request No. 6**

Produce all internal communications (emails, memoranda, notes, messages) discussing Plaintiff's complaint, including any discussion of:

a. whether court records were verified,



EX B-36

b. whether verification was required,

c. or whether verification was bypassed.

**Request No. 7**

Produce all documents reflecting any decision to close Plaintiff's complaint, including documents identifying:

a. the basis for closure,

b. who made the decision,

c. and what records were relied upon.

**Request No. 8**

Produce all documents reflecting any assertion or analysis of immunity relating to Plaintiff's complaint, including whether immunity was asserted before or after any verification of court records.

**Request No. 9**

Produce all documents showing any reliance on representations by Craig C.O. Waters or his counsel in lieu of independent verification of court records.

**Request No. 10**

Produce all documents reflecting any training, guidance, or instruction provided to State Bar staff regarding:

a. ministerial duties,

b. verification of court records,

c. or due process obligations in complaint intake.

///
///
///
///



EX B-37

## V. CONTINUING DUTY

Defendants must supplement their production promptly upon discovery of additional responsive documents pursuant to Fed. R. Civ. P. 26(e).

Dated: 2 / 26 /2026

Respectfully submitted,

Paul V. Singer
Plaintiff, Pro Se



EX B-38

# CERTIFICATE OF SERVICE

I certify that on 2 / 26, 2026, I filed the foregoing:

**PLAINTIFF PAUL V. SINGER'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT STATE BAR OF CALIFORNIA SET ONE (1)**

via : Certified Mail – Return Receipt Requested, which will serve all counsel of record, including:

**For Defendants:** STATE BAR OF CALIFORNIA,
KRISTIN CHARLES,
LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

**STATE BAR OF CALIFORNIA OFFICE OF THE GENERAL COUNSEL**
**ELLIN DAVTYAN**, General Counsel
**KIRSTEN GALLER**, Deputy General Counsel
**JENNIFER SPERLING**, Assistant General Counsel
845 South Figueroa Street Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: 2 / 26, 2026

Paul V. Singer – Plaintiff – Pro Se



EX B-39

# EXHIBIT C

Description: Copies of State Bar Defendants immunity-based "ministerial"

EX C-1

ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321
jennifer.sperling@calbar.ca.gov

Attorneys for Defendants,
KRISTINA CHARLES, erroneously sued as "KRISTIN CHARLES"; LOUISA AYRAPETYAN; BRANDON N. STALLINGS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS ESQ, et al.<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>DATE: August 4, 2025<br>TIME: 1:30 p.m.<br>JUDGE: Hon. Kirk E. Sherriff<br>COURTROOM: 6, 7th Floor |



EX C-2

## NOTICE OF MOTION AND MOTION TO DISMISS

TO PLAINTIFF, IN PRO PER, AND ALL PARTIES:

PLEASE TAKE NOTICE THAT ON August 4, 2025, at 1:30 p.m., in the Courtroom of the Honorable Kirk E. Sherriff, Courtroom 6, 7th Floor, Robert E. Coyle United States Courthouse, 2500 Tulare Street, Fresno, California, counsel for Defendants Kristina Charles, Louisa Ayrapetyan, and Brandon Stallings ("State Bar Defendants") will and hereby do move the Court for an Order under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff's Complaint as to Count One of the complaint, 42 U.S.C. § 1983, the only claim against the State Bar Defendants.

The Motion is brought on the grounds, first, that the Plaintiff has not established that subject matter jurisdiction exists against the State Bar Defendants sued in their official capacity because the State Bar Defendants have Eleventh Amendment immunity to suit, therefore all claims against the State Bar Defendants must be dismissed. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984); *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc). Additionally, the State Bar Defendants have absolute, quasi-judicial immunity and/or qualified immunity. *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198 (9th Cir. 2021); *Hirsh v. Justices of Supreme Court of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966).

Second, even if the State Bar Defendants did not enjoy Eleventh Amendment immunity in their official capacities, Plaintiff fails to state any tangible claim for relief against the State Bar Defendants under 42 U.S.C. § 1983 because the State Bar Defendants' failure to investigate or discipline another does not deprive the Plaintiff of any cognizable federal or constitutional right. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973). Because there is no violation of rights, Plaintiff's request for punitive damages based on these allegations should be dismissed. *Smith v. Wade*, 461 U.S. 30, 56 (1983). Nor can Plaintiff establish entitlement to the injunctive relief he seeks, compelling government officials to investigate and discipline another. *Ex parte Young*, 209 U.S. 123, 158 (1908).

Finally, Plaintiff is not entitled to attorney's fees because he is representing himself. *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011).

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I. C., pre-filing meet and confer is required in cases in which the parties are represented by counsel. Plaintiff is unrepresented in this matter. The State Bar is not required to meet and confer with unrepresented parties and did not do so in this case.

Pursuant to Judge Sherriff's Standing Order in Civil Cases, Section I.A, the State Bar wishes to submit this motion for decision without oral argument.

This motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and records incorporated therein, all pleadings and papers on file in this action and any related actions, and oral arguments as may be presented to the Court, if oral argument is required.

Dated: June 9, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: *JENNIFER SPERLING*
JENNIFER SPERLING
Assistant General Counsel
Attorneys for Defendants,
KRISTIN CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS



EX C-4

## TABLE OF CONTENTS


I. INTRODUCTION ........ 1

II. FACTUAL BACKGROUND ........ 2

A. The State Bar of California Is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing and Discipline ........ 2

B. Singer Alleges That He Was Damaged by the State Bar's Failure to Prosecute Attorney Craig Waters ........ 3

C. Singer Misnames the State Bar Defendants in the Complaint ........ 3

III. LEGAL STANDARD ........ 5

IV. ARGUMENT ........ 6

A. The State Bar Defendants Are Entitled to Immunity ........ 6

1. The Eleventh Amendment to the United States Constitution Confers Immunity Upon State Bar Officials Sued in Their Official Capacity, and the Ex Parte Young Exception Is Inapplicable ........ 6

2. State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial Immunity ........ 8

3. Defendants Charles, Ayrapetyan, and Stallings Are Entitled to Qualified Immunity ........ 9

B. The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted ........ 11

1. Singer's First Cause of Action Under Section 1983 Should Be Dismissed Because It Fails as a Matter of Law ........ 12

2. Singer Cannot Assert a Basis for Punitive Damages Against the State Bar Defendants in Their Individual Capacities ........ 14

3. Plaintiff Is Not Entitled to Injunctive Relief Because It Would Require the California Supreme Court to Discipline Waters ........ 15

4. Singer's Request for Attorney's Fees Fails As a Matter of Law ........ 15

C. The Complaint Should Be Dismissed Without Leave to Amend ........ 16

V. CONCLUSION ........ 17




EX C-5

# TABLE OF AUTHORITIES

## Cases

*American Mfrs. Mut. Ins. Co. v. Sullivan*
526 U.S. 40 (1999) .......... 12

*Ascon Properties, Inc. v. Mobil Oil Co.*
866 F.2d 1149 (9th Cir. 1989) .......... 16

*Ashcroft v. al-Kidd*
563 U.S. 731 (2011) .......... 9, 10

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 5, 12

*Ashelman v. Pope*
793 F.2d 1072 (9th Cir. 1986) .......... 9, 12

*Bacon v. Woodward*
104 F.4th 744 (9th Cir. 2024) .......... 14

*Ballou v. McElvain*
14 F.4th 1042 (9th Cir. 2021) .......... 10

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 5, 9

*Bennett v. People of State of Cal.*
406 F.2d 36 (9th Cir. 1969) .......... 13

*Bonin v. Calderon*
59 F.3d 815 (9th Cir. 1995) .......... 16

*Breck v. Doyle*
796 F. App'x 333 (9th Cir. 2019) .......... 13

*Byrd v. Maricopa Cnty. Sheriff's Dep't*
629 F.3d 1135 (9th Cir. 2011) .......... 5

*Cardenas v. Anzai*
311 F.3d 929 (9th Cir. 2002) .......... 7

*Clark v. Coye*
60 F.3d 600 (9th Cir. 1995) .......... 15

*Clark v. Wash.*
366 F.2d 678 (9th Cir. 1966) .......... 8

*Clegg v. Cult Awareness Network*
18 F.3d 752 (9th Cir. 1994) .......... 5

*Curry v. Yelp Inc.*
875 F.3d 1219 (9th Cir. 2017) .......... 6



EXC-6

*Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*
489 U.S. 189 (1989) .......... 11, 13

*Doe v. Lawrence Livermore Nat. Lab'y*
131 F.3d 836 (9th Cir. 1997) .......... 7

*Edelman v. Jordan*
415 U.S. 651 (1974) .......... 6

*Evans v. Skolnik*
997 F.3d 1060 (9th Cir. 2021) .......... 10

*Ex parte Young*
209 U.S. 123 (1908) .......... 8, 15

*Felarca v. Birgeneau*
891 F.3d 809 (9th Cir. 2018) .......... 12

*Friedman v. Arizona*
912 F.2d 328 (9th Cir. 1990) .......... 16

*Gompper v. VISX, Inc.*
298 F.3d 893 (9th Cir. 2002) .......... 16

*Gonzalez v. Kangas*
814 F.2d 1411 (9th Cir. 1987) .......... 16

*Hilton v. City of Wheeling*
209 F.3d 1005 (7th Cir. 2000) .......... 10

*Hirsh v. Justices of Supreme Ct. of State of Cal.*
67 F.3d 708 (9th Cir. 1995) .......... 7, 8

*In re Att'y Disc. Sys.*
19 Cal. 4th 582 (1998) .......... 2, 15

*In re Rose*
22 Cal. 4th 430 (2000) .......... 2, 15

*Ivey v. Bd. Of Regents of Univ. of Alaska*
673 F.2d 266 (9th Cir. 1982) .......... 12

*J.K.J. v. City of San Diego*
17 F.4th 1247 (9th Cir. 2021) .......... 10

*Jeffers v. Gomez*
267 F.3d 895 (9th Cir. 2001) .......... 9

*Jessop v. City of Fresno*
936 F.3d 937 (9th Cir. 2019) .......... 10

*Johnson v. Riverside Healthcare Sys., LP*
534 F.3d 1116 (9th Cir. 2008) .......... 5, 6

*Kay v. Ehrler*
499 U.S. 432 (1991) .......... 16



EXC-7

*Kohn v. State Bar of California*
87 F.4th 1023 (9th Cir. 2023)....3, 6

*Kokkonen v. Guardian Life Ins. Co. of Am.*
511 U.S. 375 (1994)....5

*L.F. v. Lake Wash. Sch. Dist. #414*
947 F.3d 621 (9th Cir. 2020)....14

*L.W. v. Grubbs*
974 F.2d 119 (9th Cir. 1992)....10

*Levanti v. Tippen*
585 F. Supp. 499 (S.D. Cal. 1984)....8

*Linda R. S. v. Richard D.*
410 U.S. 614 (1973)....10, 13

*Lund v. Cowan*
5 F.4th 964 (9th Cir. 2021)....7

*Miller v. Rykoff-Sexton, Inc.*
845 F.2d 209 (9th Cir. 1998)....16

*Mireles v. Waco*
502 U.S. 9 (1991)....9

*Missouri v. Fiske*
290 U.S. 18 (1933)....6

*Newland v. Dalton*
81 F.3d 904 (9th Cir. 1996)....16

*O'Connor v. State of Nev.*
686 F.2d 749 (9th Cir. 1982)....13

*Pearson v. Callahan*
555 U.S. 223 (2009)....9

*Pennhurst State Sch. & Hosp. v. Halderman*
465 U.S. 89 (1984)....6

*Putman v. State Bar of Cal.*
2010 WL 3070435 (C.D. Cal. 2010)....7

*Rickley v. Cnty. of Los Angeles*
654 F.3d 950 (9th Cir. 2011)....16

*Rodriguez v. Newsom*
974 F.3d 998 (9th Cir. 2020)....11, 13

*Rosenthal v. Justices of the Sup. Ct. of Cal.*
910 F.2d 561 (9th Cir. 1990)....2, 15

*Sato v. Orange County Dep't of Educ.*
861 F.3d 923 (9th Cir. 2017)....6



EX C-8

*Savage v. Glendale Union High Sch.*
343 F.3d 1036 (9th Cir. 2003)....5

*Saved Mag. v. Spokane Police Dept.*
19 F.4th 1193 (9th Cir. 2021)....9

*Scott v. Breeland*
792 F.2d 925 (9th Cir. 1986)....5

*Smith v. Arkansas State Highway Emp., Loc.,* 1315
441 U.S. 463 (1979)....13

*Smith v. Wade*
461 U.S. 30 (1983)....14

*Sweaney v. Ada Cnty., Idaho*
119 F.3d 1385 (9th Cir. 1997)....14

*Town of Castle Rock v. Gonzales*
545 U.S. 748 (2005)....11, 13

*United States v. Nogueira*
403 F.2d 816 (9th Cir. 1968)....8, 15

*Whittlestone, Inc. v. Handi-Craft Co.*
618 F.3d 970 (9th Cir. 2010)....16

*Will v. Mich. Dep't. of State Police*
491 U.S. 58 (1989)....3, 6, 7, 12

*Ybarra v. Bastian*
647 F.2d 891 (9th Cir. 1981)....14

**Statutes**

42 U.S.C. § 1983....passim

42 U.S.C. § 1988....3, 15, 16

Cal. Bus. & Prof. Code § 6001....2

Cal. Bus. & Prof. Code § 6044....2, 8, 15

Cal. Bus. & Prof. Code § 6070....2, 15

Cal. Bus. & Prof. Code § 6079.5....2

Cal. Bus. & Prof. Code § 6086.1....2

Cal. Bus. & Prof. Code § 6086.5....2, 8, 15

Fed. R. Civ. P. 12....1, 5, 6, 16

Fed. R. Civ. P. 60....4



Ex C-9

**Rules**

Rules Proc. of State Bar, rule 2101 ....................2
Rules Proc. of State Bar, rule 2401 ....................2
Rules Proc. of State Bar, rule 2402 ....................2, 8, 15
Rules Proc. of State Bar, rule 2601 ....................2

**California Constitutional Provisions**

Cal. Const., art. VI, § 9 ....................2



EX C-10

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

This action arises out of grievances that Plaintiff Paul V. Singer ("Singer") has against defendant Craig C.O. Waters, an attorney who is alleged to have made false statements to the court and to Singer in connection with a breach of contract dispute in which Waters represented the other party to the contract. Based on Waters' conduct, Singer filed a complaint with the State Bar of California ("State Bar"). The State Bar closed the complaint without recommending discipline.

Following closure of the complaint, Singer filed this lawsuit naming three State Bar officials and employees, Kristina Charles, Louisa Ayrapetyan, and Brandon Stallings, (together, the "State Bar Defendants") in a single cause of action under 42 U.S.C. § 1983. Plaintiff also asks that the Court to impose punitive damages on the State Bar Defendants because the State Bar previously failed to discipline Waters based on Singer's complaint and is seeking for this Court to order them to investigate and prosecute Waters now. The complaint also seeks attorney's fees and costs.

Singer's sole cause of action against the State Bar Defendants should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because the State Bar Defendants are entitled to Eleventh Amendment sovereign immunity or, at the very minimum, have quasi-judicial and/or qualified immunity.

Even if this Court had subject matter jurisdiction (and it does not), Singer's claim under 42 U.S.C. § 1983 should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because Singer was not deprived of a cognizable federal or constitutional right when the State Bar exercised its discretion not to prosecute his bar complaint against Waters. Because there is no federal right to prosecutorial action against another, Singer has no claim for punitive damages resulting from the government's failure to so act. Singer's request for injunctive relief should be also dismissed because injunctive relief cannot be used to control a discretionary decision by State Bar officials, including the decision to investigate or recommend discipline of



EX C-11

an attorney. Singer's request for attorney's fees should be dismissed because there is no basis for attorney's fees for a pro se litigant.

The deficiencies in Plaintiff's complaint are jurisdictional and cannot be cured through amendment; therefore, the section 1983 claim against the State Bar Defendants should be dismissed without leave to amend and the each of the State Bar Defendants should be dismissed from this action.

## II. FACTUAL BACKGROUND

### A. The State Bar of California Is the Administrative Arm of the California Supreme Court in Matters of Attorney Licensing and Discipline

The State Bar is a public corporation established by the California State Constitution; it operates as the administrative arm of the California Supreme Court in attorney licensing, discipline, and regulation. *See* Cal. Const., art. VI, § 9; Cal. Bus. & Prof. Code § 6001; *In re Rose*, 22 Cal. 4th 430, 438 (2000). The State Bar's Office of Chief Trial Counsel ("OCTC") receives complaints against attorneys, has discretion to initiate an investigation, and, if charges are warranted, file a notice of disciplinary charges in State Bar Court. *See* Cal. Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. The Chief Trial Counsel is the officer within OCTC with authority over State Bar disciplinary action and reports directly to the State Bar's Board of Trustees. *See* Cal. Bus. & Prof. Code § 6079.5; *see also* Rules Proc. of State Bar, rule 2101.

Whether to close a complaint without filing a notice of disciplinary charges is solely within OCTC's discretion, and OCTC's disciplinary investigations, including the complaints themselves, remain confidential unless and until charges are filed. *See* Bus. & Prof. Code § 6086.1(b)(1); *see also* Rules Proc. of State Bar, rules 2401 *et seq*., 2601. If liability is pursued, the State Bar Court hears attorney discipline cases and makes recommendations of discipline to the California Supreme Court, which retains inherent power to control all matters related to attorney admissions and discipline. Bus. & Prof. Code § 6070; *see also See In re Att'y Disc. Sys.*, 19 Cal. 4th 582, 598-99 (1998); *Rosenthal v. Justices of the Sup. Ct. of Cal.*, 910 F.2d 561, 566-67 (9th Cir. 1990).

### B. Singer Alleges That He Was Damaged by the State Bar's Failure to Prosecute Attorney Craig Waters

Singer's complaint against the State Bar Defendants arises from Singer's underlying grievances against attorney Waters, who represented Singer's opponent in a suit brought by Singer after he failed to receive payments as promised in connection with a real estate transaction. Singer's allegations against Waters are set forth on pages 2 – 6 of the complaint. In sum, Singer alleges that Waters engaged in a pattern of unethical and fraudulent conduct, including filing frivolous motions, making false statements to the court, threatening witnesses, obstructing discovery and engaging in intentional delay. Dkt. 1, pp. 9-12. Based on these events, Singer filed a disciplinary complaint against attorney Waters with the State Bar on July 17, 2024. The State Bar closed the complaint without recommending discipline on September 19, 2024.

Singer alleges in Count I that the State Bar Defendants failed to investigate or discipline attorney Waters and this failure "constituted deliberate indifference to Singer's constitutional rights" under 42 U.S.C. § 1983. (Dkt. 1, Complaint, 9:16:19)..[1] Based on their alleged "conscious disregard for Plaintiff's rights," Singer seeks punitive damages against the State Bar Defendants. Dkt. 1, pp. 7, 13. Singer also seeks prospective injunctive relief requiring the State Bar officials to investigate and discipline Waters. Dkt. 1, pp. 13-14. Finally, Singer seeks attorney's fees and costs under 42 U.S.C. § 1988. Dkt. 1, p. 14.

### C. Singer Misnames the State Bar Defendants in the Complaint

The State Bar Defendants named in the complaint are Kristin Charles, Office of Chief Trial; Louisa Ayrapetyan, Office of General Counsel; and Brandon Stallings, Office of General Counsel.[2] These Defendants are misnamed or misidentified.

---

[1] Singer's second through fifth causes of action are alleged against defendant Waters only.

[2] Although the punctuation used in the caption appears to offset the State Bar from the individually named Defendants, Singer does not name the State Bar as an entity as a defendant, Dkt. 1, p. 2, and the State Bar was not served as a party to this litigation. *See* Dkt. 7 (Summons). In any event, the State Bar has sovereign immunity and is not a person that can be sued under section 1983. *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989).



EX C-13

Kristin Charles does not match the name of any attorney in the State Bar Office of Chief Trial Counsel. However, Kristina Charles is an attorney in the State Bar Office of Chief Trial Counsel. The complaint's allegations against "Kristin Charles" point to Kristina Charles as the intended defendant, despite the naming error. This appears to be a misnomer that does not impact the State Bar's defenses on behalf of Kristina Charles who the State Bar represents as the assumed defendant in this action..[3] If Singer does not indicate in reply that he has in fact intended to sue another State Bar employee purportedly having the name Kristin Charles, the State Bar respectfully requests that the Court correct this spelling error on its own motion, without need for need for expending the parties' resources on filing and responding to an amended complaint. *See* Fed. R. Civ. P. 60(a).

Louisa Ayrapetyan is a State Bar employe who is employed as an Executive Assistant with the State Bar's Office of the Executive Director; she is not with the Office of General Counsel as the complaint alleges. The complaint's allegations against Louisa Ayrapetyan point to Louisa Ayrapetyan of the Office of the Executive Director as the intended defendant, despite the titling error. This error in title does not impact the State Bar's defenses on behalf of Louisa Ayrapetyan who the State Bar represents as the intended defendant in this action.

Defendant Brandon Stallings is an officer (Board Chair) of the State Bar Board of Trustees; he is not with the Office of General Counsel as the complaint alleges. The complaint's allegations against Brandon Stallings point to Brandon Stallings, Chair of the State Bar Board of Trustees, as the intended defendant, despite the titling error..[4] This appears to be a misidentification that does not impact the State Bar's defenses on behalf of Brandon Stallings who the State Bar represents as the intended defendant in this action.

---

[3] The State Bar invites Singer to clarify if he intended to name Kristina Charles. If so, the State Bar respectfully requests that the Court correct this spelling error on its own motion, as the misnomer does not affect the State Bar's representation of this defendant. *See* Fed. R. Civ. P. 60(a).

[4] The roster for the Board of Trustees is available at https://www.calbar.ca.gov/About-Us/Who-We-Are/Board-of-Trustees/Roster.



EX C-14

## III. LEGAL STANDARD

A motion to dismiss under Rule 12(b)(1) tests the Court's subject matter jurisdiction. *See, e.g., Savage v. Glendale Union High Sch.*, 343 F.3d 1036, 1039–40 (9th Cir. 2003). When subject matter jurisdiction is challenged, "the party seeking to invoke the court's jurisdiction bears the burden of establishing that jurisdiction exists[.]" *Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Accordingly, in response to a Rule 12(b)(1) motion to dismiss, the court will presume lack of subject matter jurisdiction until the plaintiff proves otherwise. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 376–78 (1994).

Rule 12(b)(6) authorizes dismissal of a pleading for "failure to state a claim upon which relief can be granted." "A Rule 12(b)(6) dismissal may be based on either a 'lack of cognizable legal theory' or 'the absence of sufficient facts alleged under a cognizable legal theory.'" *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1121 (9th Cir. 2008) (citation omitted). To survive a motion to dismiss for failure to state a claim under Rule 12(b)(6), a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); that is, the plaintiff must allege facts that consist of more than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must also allege more than "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Instead, the plaintiff must allege *facts* sufficient to "raise a right to relief above the speculative level." *Id.* While a court must accept the allegations of the complaint as true and construe the pleading in the light most favorable to the plaintiff, the "court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754–55 (9th Cir. 1994). That Plaintiff is appearing pro se does not lessen his need to plead facts instead of conclusions. *See Byrd v. Maricopa Cnty. Sheriff's Dep't*, 629 F.3d 1135, 1140 (9th Cir. 2011) (en banc).

//

//

Where, as here, leave to amend would prove futile, it is appropriate for the district court to dismiss the complaint with prejudice. *See, e.g., Curry v. Yelp Inc.*, 875 F.3d 1219, 1228 (9th Cir. 2017).

## IV. ARGUMENT

### A. The State Bar Defendants Are Entitled to Immunity

Each of Singer's claims fails because the State Bar Defendants are entitled to sovereign immunity under the Eleventh Amendment and have quasi-judicial and/or qualified immunity. As such, the State Bar Defendants are entitled to dismissal of the complaint under Rule 12(b)(1) and Rule (12)(b)(6), because the Court lacks subject matter jurisdiction, and Plaintiff cannot allege sufficient facts to state a claim..[5]

#### 1. The Eleventh Amendment to the United States Constitution Confers Immunity Upon State Bar Officials Sued in Their Official Capacity, and the Ex Parte Young Exception Is Inapplicable

The Supreme Court has construed the Eleventh Amendment to extend to suits brought against a state by its own citizens. *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974), *overruled on other grounds*, *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 89, 93 (1989). This jurisdictional bar applies regardless of the nature of the relief sought. *See Pennhurst*, 465 U.S. at 100–01; *Missouri v. Fiske*, 290 U.S. 18, 27 (1933). It is axiomatic, therefore, that neither the state nor any of its agencies may be sued in federal court unless either the state consents to waive its sovereign immunity or Congress abrogates it. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). Under controlling Ninth Circuit precedent, the State Bar is an arm of the state entitled to Eleventh Amendment immunity. *Kohn v. State Bar of California*, 87 F.4th 1023, 1032 (9th Cir. 2023) (en banc); *see also Hirsh v. Justices of Supreme Ct. of State*

---

[5] In the Ninth Circuit, sovereign and sovereign-state immunity are appropriately analyzed under either Rule 12(b)(1) or 12(b)(6). *See Sato v. Orange County Dep't of Educ.*, 861 F.3d 923, 927 n. 2 (9th Cir. 2017). Indeed, because a claim against defendants who are absolutely immune from suit lacks a "cognizable legal theory," Plaintiffs' claims against the State Bar and its officers and employees in their official capacities are also subject to dismissal under Rule 12(b)(6). *See Johnson*, 534 F.3d at 1121. Accordingly, the State Bar Defendants move under both statutes.



EXC-16

*of Cal.*, 67 F.3d 708, 715 (9th Cir. 1995) (per curiam) ("The Eleventh Amendment's grant of sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court." (citations omitted)).

The State Bar's Eleventh Amendment immunity also applies to individuals sued in their official capacity. *See Hirsh*, 67 F.3d at 715 (State Bar's immunity "extends to the individual defendants acting in their official capacities"); *see also, e.g., Putman v. State Bar of Cal.*, 2010 WL 3070435 at *6 (C.D. Cal. 2010). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Will*, 491 U.S. at 71. However, under the *Ex Parte Young* exception, an individual may file suit against a state official for prospective relief to redress an ongoing violation of federal law. *Doe v. Lawrence Livermore Nat. Lab'y*, 131 F.3d 836, 840 (9th Cir. 1997). But such an exception is only applicable if the plaintiff is seeking prospective rather than retrospective relief. *See Lund v. Cowan*, 5 F.4th 964, 969-70 (9th Cir. 2021) (The "Eleventh Amendment does not permit retrospective declaratory relief."). Relief that is "aimed at remedying a past violation of the law" is retrospective, whereas relief "aimed at remedying an ongoing violation of federal law" is prospective. *Cardenas v. Anzai*, 311 F.3d 929, 935 (9th Cir. 2002).

Here, Singer has purported to sue State Bar Defendants Charles, Ayrapetyan, and Stallings, employees and officials of the State Bar, in their official capacity for injunctive relief. Dkt. 1, p.2 ("Sued in both their official capacities for injunctive relief . . . and their individual capacities for monetary relief, including punitive damages…"). But the relief he seeks is plainly retrospective, as he is seeking an order requiring "Defendant State Bar Officials to investigate and discipline Defendant Attorney [Waters]" based on the same conduct that resulted in the State Bar closing Singer's first complaint. Dkt. 1 at p. 13 Through this relief, Singer is seeking to remedy a past injury—the State Bar Defendants' prior failure to investigate and discipline Waters for alleged attorney misconduct. As such, the *Ex Parte Young* exception is inapplicable.

//



EXC-17

But even if the relief could be characterized as prospective (and it is not), the *Ex Parte Young* exception is inapplicable where Plaintiff seeks to control the discretion of agency officials. For more than a century, the Supreme Court has made clear that "[t]here is no doubt that the court cannot control the exercise of the discretion of an officer" and that "[i]t can only direct affirmative action where the officer having some duty to perform not involving discretion, but merely ministerial in its nature, refuses or neglects to take such action." *Ex parte Young*, 209 U.S. 123, 158 (1908). Indeed, "[n]either an injunction nor mandamus will lie against an officer . . . to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th Cir. 1968), citation and internal quotation marks omitted.

Here, Plaintiff's constitutional claim is premised on the State Bar Defendants' closure of his disciplinary complaint. But whether to open an investigation is purely a discretionary act by the State Bar's OCTC. *See* Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. Plaintiff cannot seek an injunction to control the discretionary decision of a State Bar official. *See Ex parte Young*, 209 U.S. at 158; *Nogueira*, 403 F.2d at 821–22. And, as discussed in subsections IV.A.3 and IV.B.1, there is no constitutional right to compel the government prosecution of another.

Accordingly, the State Bar Defendants sued in their official capacity have sovereign immunity and the *Ex Parte Young* exception is inapplicable here.

### 2. State Bar Prosecutors Are Entitled to Absolute, Quasi-Judicial Immunity

In addition to their Eleventh Amendment immunity, any claims brought against State Bar Defendants who work as prosecutors in the OCTC have quasi-judicial immunity from monetary damages, which Plaintiff is seeking here as against the State Bar Defendants in their individual capacities. *Levanti v. Tippen*, 585 F. Supp. 499, 504 (S.D. Cal. 1984); *Clark v. Wash.*, 366 F.2d 678, 681 (9th Cir. 1966). Agency prosecuting attorneys, such as Defendant Charles, are entitled to quasi-judicial immunity so long as they perform functions like prosecutors in a setting like that of a court. *Hirsh*, 67 F.3d at 715 ("The Bar Court judges and prosecutors have



EX C-18

quasi-judicial immunity from monetary damages"). This immunity is absolute and cannot be overcome by allegations of bad faith, conspiracy, or malice. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Ashelman v. Pope*, 793 F.2d 1072, 1078 (9th Cir. 1986).

Here, Defendant Charles is entitled to absolute immunity from suit for damages. Though Plaintiff's factual allegations regarding Defendant Charles are spare (and lumped in with allegations against all the State Bar Defendants), it is clear that Singer is suing her in relation to her work as an attorney in the OCTC. As such, Defendant Charles is entitled to quasi-judicial immunity and dismissal is warranted..[6]

**3. Defendants Charles, Ayrapetyan, and Stallings Are Entitled to Qualified Immunity**

Singer's federal claims against the State Bar Defendants in their individual capacities are barred by qualified immunity. The doctrine of qualified immunity "shields government officials performing discretionary functions from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Saved Mag. v. Spokane Police Dept.*, 19 F.4th 1193, 1198 (9th Cir. 2021); *Jeffers v. Gomez*, 267 F.3d 895, 910 (9th Cir. 2001) (citation omitted). A federal or state official is entitled to qualified immunity unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). Courts are "permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should be addressed first in light of the circumstances in the particular case at hand." *Pearson v. Callahan*, 555 U.S. 223, 235 (2009). "Addressing the second prong before the first is especially appropriate where 'a court will rather quickly and

[6] Singer's claims as against State Bar Defendants Louisa Ayrapetyan and Brandon Stallings are particularly attenuated because they are not prosecutors for the State Bar, However, Singer's allegations against Louisa Ayrapetyan and Brandon Stallings that they "ignored evidence" and failed to investigate or discipline Waters are prosecutorial in nature. Dkt. 1 pp. 7, 9. Based on the allegations, defendants Ayrapetyan and Stallings should be subject to qualified immunity as well, as a motion to dismiss assumes "that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 at 555.



EX C-19

easily decide that there was no violation of clearly established law.'" *Jessop v. City of Fresno*, 936 F.3d 937, 940 (9th Cir. 2019) (citation omitted).

A right is "clearly established" for purposes of the second prong of the qualified immunity analysis if, "at the time of the challenged conduct, the contours of [the] right are sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *al-Kidd*, 563 U.S. at 741 (cleaned up). "Conduct violates a 'clearly established' right if the unlawfulness of the action in question is apparent in light of some pre-existing law." *Ballou v. McElvain*, 14 F.4th 1042, 1049 (9th Cir. 2021) (cleaned up). Courts "do not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *Jessop*, 936 F.3d at 940 (citation omitted). "[A]bsent such cases," courts look "to a consensus of persuasive authorities." *J.K.J. v. City of San Diego*, 17 F.4th 1247, 1259 (9th Cir. 2021) (cleaned up). "This demanding standard protects all but the plainly incompetent or those who knowingly violate the law." *Evans v. Skolnik*, 997 F.3d 1060, 1066 (9th Cir. 2021) (citation omitted).

The complaint contains no allegations that any action taken by the State Bar Defendants violated any clearly established federal rights. Rather, Singer appears to frame the State Bar Defendants' supposed violations as being indifferent to Singer's constitutional rights by failing to investigate or prosecute attorney Waters. *See* Dkt. 1 at 9. This claim fails because "members of the public have no constitutional right to sue state employees who fail to protect them against harm inflicted by third parties." *L.W. v. Grubbs*, 974 F.2d 119, 121 (9th Cir. 1992); *see also, e.g.*, *Hilton v. City of Wheeling*, 209 F.3d 1005, 1007 (7th Cir. 2000) (the Constitution "creates areas in which the government has to let people alone; it does not entitle them to demand services, such as police protection"). Moreover, Singer lacks standing to seek an investigation in any event. *Linda R. S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("The Court's prior decisions consistently hold that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). The State Bar Defendants are unaware of any authority holding employees and officials of a regulatory agency liable for constitutional violations in similar circumstances. Indeed, the law is clear that the



EX C-20

exact opposite proposition is true. Plaintiffs do not possess a constitutional right to demand a targeted investigation or prosecution of any persons. *See e.g., Deshaney v. Winnebago Cty. Dep't of Soc. Servs.*, 489 U.S. 189, 196 (1989) (holding that a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ."); *Rodriguez v. Newsom*, 974 F.3d 998, 1010 (9th Cir. 2020) (cleaned up) (explaining that the right to petition the government under the First Amendment does not require government officials to "respond, or even listen, to citizens").

Here Singer alleges that attorney Waters has acted unethically and that the State Bar Defendants violated his constitutional rights by failing to act upon Singer's misconduct complaint. These allegations do not establish that any action taken by the State Bar Defendants violated any clearly established federal rights, much less that he has standing to bring any such constitutional claims. Singer has no affirmative right to receive a specific response or course of action from the State Bar, let alone the right request the prosecution of a specific individual. Nor does Plaintiff possess any cognizable interest in the prosecution of a third-party. *Town of Castle Rock*, 545 U.S. at 768. As Singer has no constitutional or other right arising under federal law to compel the State Bar to investigate or prosecute attorney Waters, State Bar Defendants Charles, Ayrapetyan, and Stallings are each entitled to qualified immunity and their dismissal is warranted.

**B. The Complaint Should be Dismissed Under Rule 12(b)(6) Because It Fails to State a Claim Upon Which Relief Can Be Granted**

Even assuming, arguendo, that this Court has subject matter jurisdiction over the complaint, Singer fails to state a claim upon which relief can be granted. Singer asserts a single claim against the State Bar Defendants under 42 U.S.C. § 1983. *See* Dkt. 1, p.9. Even if the claim could somehow survive the State Bar's sovereign immunity (which it cannot), the claim fails as a matter of law because the State Bar Defendants acting their official capacities are not "persons" subject to suit under section 1983 and Singer has failed to state a claim against the State Bar Defendants in their individual capacities because there is no federal right to compel prosecution. Because there is no cognizable claim, there is no entitlement to punitive damages.



EX C-21

Even if Singer could somehow assert a claim under federal law, the injunctive relief he seeks is unavailable here because a party cannot seek to control the discretionary decision of a government entity through an injunction, let alone the actions of the California Supreme Court. Nor can Plaintiff state a claim for entitlement to attorney's fees as a pro se litigant.

### 1. Singer's First Cause of Action Under Section 1983 Should Be Dismissed Because It Fails as a Matter of Law

To establish a claim for relief under section 1983, Plaintiff must establish: (1) a deprivation of federal rights; (2) by a person acting under color of state law. *See* 42 U.S.C. § 1983; *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Section 1983 imposes liability on "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983.

At the outset, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient to withstand a motion to dismiss." *Ivey v. Bd. Of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). "Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676 (emphasis added); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075, n.1 (9th Cir. 1986) ("The doctrine of respondeat superior does not apply in section 1983 civil rights cases."). Quite simply, public officials "may not be held liable merely for being present at the scene of a constitutional violation or for being a member of the same operational unit as a wrongdoer." *Felarca v. Birgeneau*, 891 F.3d 809, 820 (9th Cir. 2018). Singer's allegations do not distinguish between the State Bar Defendants and do not identify any individual actions taken by any State Bar Defendant that violated Singer's rights.

Notwithstanding the obvious pleading defects, "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." *Will*, 491 U.S. at 71; *Bennett v. People of*



EX C-22

*State of Cal.*, 406 F.2d 36, 39 (9th Cir. 1969) (holding that state agencies "are not 'persons' within the meaning of the Civil Rights Act."). Nor does section 1983 abrogate Eleventh Amendment immunity. *O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982); *see also Breck v. Doyle*, 796 F. App'x 333, 336 (9th Cir. 2019) (the Nevada State Bar is an arm of the State of Nevada that is immune from section 1983 damages claims). As such, Singer's claims against the State Bar Defendants in their official capacities fail as a matter of law. *See also* Section IV.A.1.

Singer's claims against the State Bar Defendants in their individual capacities also fail, because, as described in Section IV.A.3, Singer has no constitutional right to seek a targeted investigation or prosecution of a specific individual. "[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R. S.*, 410 U.S. at 619. "[T]he benefit that a third party may receive from having someone else arrested for a crime generally does not trigger protections under the Due Process Clause, neither in its procedural nor in its 'substantive' manifestations." *Town of Castle Rock*, 545 U.S. at 768 (2005). Indeed, as a general matter, "the Due Process Clauses generally confer no affirmative right to governmental aid. . . ." from which it follows that "the State cannot be held liable under the Clause for injuries that could have been averted had it chosen to provide [that aid]." *Deshaney*, 489 U.S. 189 at 196 (cleaned up).

Nor does the right to petition under the First Amendment guarantee that the government will act on a complaint. "The right to petition protects the right of individuals to appeal to courts and other forums established by the government for resolution of legal disputes. . .. But this right is uni-directional; it does not require government officials or politicians to respond, or even listen, to citizens." *Rodriguez*, 974 F.3d at 1010 (cleaned up); *see also Smith v. Arkansas State Highway Emp., Loc.,* 1315, 441 U.S. 463, 465 (1979) ("[T]he First Amendment does not impose any affirmative obligation on the government to listen, to respond or, in this context, to recognize [a complainant] and bargain with it."). "And because the government is under no constitutional obligation to respond to such views, there is no violation where a government



EX C-23

entity . . . ignores (or threatens to ignore) communications . . .." *L.F. v. Lake Wash. Sch. Dist. #414*, 947 F.3d 621, 626 (9th Cir. 2020)..[7]

Here, Singer's section 1983 claims are entirely premised on the allegations that the State Bar Defendants "knowingly and recklessly" ignored evidence of attorney Waters' misconduct, which resulted in harm to Singer, and the State Bar Defendants' failure to investigate or otherwise act on Singer's complaints about Waters amounted to a "conscious disregard for Plaintiff's … due process rights." Dkt. 1, pp. 7, 9. However, Singer does not have a due process right or other constitutional right to have the State Bar prosecute attorney Waters. Accordingly, Singer's claims under section 1983 should be dismissed.

### 2. Singer Cannot Assert a Basis for Punitive Damages Against the State Bar Defendants in Their Individual Capacities

Because Singer has not stated a violation of a federal right under section 1983 for which relief may be granted, Singer has not asserted a compensable injury for which punitive damages may be recovered against the State Bar Defendants. Section 1983 only permits punitive damages against state officials in their individual capacity where the plaintiff can demonstrate the individual defendant's "evil motive or intent" or "reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56 (1983). Even if Singer had made allegations that the State Bar Defendants acted with evil motive (which he did not), Singer's claim for punitive damages would still fail due to the lack of a cognizable violation of a federally protected right. *Bacon v. Woodward,* 104 F.4th 744, 750 (9th Cir. 2024) (where firefighters had plausibly alleged callous disregard to their rights under the Free Exercise Clause). Because there is no federally protected right that the State Bar Defendant's actions could have violated, Singer's request for punitive damages based on those actions should be dismissed without leave to amend.

---

[7] To the extent that Singer's section 1983 claims are based on alleged violations of state law that are not also violations of a constitutional right, they also fail, as section 1983 "only creates a cause of action for violations of the federal 'Constitution and laws.'" *Sweaney v. Ada Cnty., Idaho*, 119 F.3d 1385, 1391 (9th Cir. 1997) (citing 42 U.S.C. § 1983); *Ybarra v. Bastian*, 647 F.2d 891, 892 (9th Cir. 1981) ("Only federal rights, privileges, or immunities are protected by . . . section [1983]. Violations of state law alone are insufficient.").

**3. Plaintiff Is Not Entitled to Injunctive Relief Because It Would Require the California Supreme Court to Discipline Waters**

Singer's request for injunctive relief fails for the additional reason that Singer is improperly seeking to control "control the exercise of the discretion of an officer," *Ex parte Young*, 209 U.S. at 158. As discussed in Section IV.A.1, "[n]either an injunction nor mandamus will lie against an officer . . . to control him in discharging an official duty which requires the exercise of his judgment and discretion." *United States v. Nogueira*, 403 F.2d 816, 821–22 (9th Cir. 1968), citation and internal quotation marks omitted. The State Bar's OCTC has prosecutorial discretion to investigate bar complaints and file charges. *See* Cal. Bus. & Prof. Code §§ 6044, 6086.5; *see also* Rules Proc. of State Bar, rule 2402. Moreover, any attorney discipline case prosecuted by OCTC is heard by the State Bar Court, which in turn, makes a recommendation of discipline to the California Supreme Court. *See* Bus. & Prof. Code § 6070; *In re Rose*, 22 Cal. 4th at 439. The California Supreme Court retains inherent power to control all matters related to attorney admissions and discipline. *See In re Att'y Disc. Sys.*, 19 Cal. 4th at 598–99; *Rosenthal*, 910 F.2d at 566–67. In seeking an order from this Court directing the State Bar Defendants to investigate and discipline Waters, *see* Dkt. 1, p.13, Singer is seeking injunctive relief that would not only control the exercise of discretion by the State Bar, but also of the California Supreme Court.

The scope of federal injunctive relief against a state agency must always be narrowly tailored to enforce federal constitutional and statutory law only. *See Clark v. Coye*, 60 F.3d 600, 603–04 (9th Cir. 1995) (holding that based on concerns of comity and federalism, "[t]he district court will be deemed to have committed an abuse of discretion . . . if its injunction requires any more of state officers than demanded by federal constitutional or statutory law."). As discussed in Section IV.B.1., above, there is no federally protected right to enforce based on Singer's allegations. Thus, Singer's claim for injunctive relief against the State Bar Defendants should be dismissed.

**4. Singer's Request for Attorney's Fees Fails As a Matter of Law**

Singer brings this suit in his own name and is representing himself in pro per. Dkt. 1, p. 1. Pro se litigants are not entitled to an award of attorney's fees under section 1988. See



EX C-25

*Friedman v. Arizona*, 912 F.2d 328, 333 n.2 (9th Cir. 1990), superseded by statute on other grounds; *Gonzalez v. Kangas*, 814 F.2d 1411, 1412 (9th Cir. 1987). "In [*Kay v. Ehrler*, 499 U.S. 432, 437–38 (1991)], the Supreme Court held that section 1988 does not permit awards of attorney's fees to pro se plaintiffs who, being attorneys, represent themselves in successful civil rights actions." *Rickley v. Cnty. of Los Angeles*, 654 F.3d 950, 953 (9th Cir. 2011), as amended on denial of reh'g and reh'g en banc (Oct. 4, 2011) (explaining that the Court adopted a per se rule, categorically precluding an award of attorney's fees under section 1988 to a pro se attorney-plaintiff). On this basis, Singer's request for attorneys' fees under section 1988 should be dismissed without leave to amend. *See Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974–75 (9th Cir. 2010) (where a plaintiff cannot recover damages as a matter of law, the proper procedural vehicle to dismiss the request is a motion under Rule 12(b)(6)).

**C. The Complaint Should Be Dismissed Without Leave to Amend**

When it is clear that "the complaint could not be saved by any amendment," a court may dismiss a claim with prejudice. *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (cleaned up). "Leave need not be granted where the amendment of the complaint would cause the opposing party undue prejudice, is sought in bad faith, constitutes an exercise in futility, or creates undue delay." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). "The district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint." *Id.* at 1160. Amendment is futile if no set of facts can be proven under the amendment that could constitute a valid claim or defense. *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1998). "Futility of amendment can, by itself, justify the denial of a motion for leave to amend." *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995); *see also Newland v. Dalton*, 81 F.3d 904, 907 (9th Cir. 1996) (holding that "district courts need not accommodate futile amendments").

Here, for the reasons stated above, Singer cannot state a claim against the State Bar Defendants (or the State Bar). Because the deficiencies in the complaint cannot be cured through amendment, the first cause of action and related request for injunctive relief and



EX C-24

punitive damages should be dismissed without leave to amend as to the State Bar Defendants and the State Bar Defendants dismissed from this action.

## V. CONCLUSION

For each of the foregoing reasons, the State Bar respectfully requests that the Court grant the motion to dismiss without leave to amend.

Dated: June 9, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: *JENNIFER SPERLING*
JENNIFER SPERLING
Assistant General Counsel
Attorneys for Defendants,
KRISTIN CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS



EX C-27

## DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 9, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**DEFENDANTS KRISTINA CHARLES, LOUISA AYRAPETYAN, BRANDON N. STALLINGS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727

By the following means:

☒ ***(By U.S. Mail)*** By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

- ☒ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or
- ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at San Francisco, California, on June 9, 2025.

*Ryan Sullivan*
Ryan Sullivan



EX C-28

ELLIN DAVTYAN (238608)
General Counsel
KIRSTEN GALLER (227171)
Deputy General Counsel
JENNIFER SPERLING (310551)
Assistant General Counsel
OFFICE OF GENERAL COUNSEL
THE STATE BAR OF CALIFORNIA
845 South Figueroa Street
Los Angeles, CA 90017
Tel.: (213) 765-1000
Fax: (415) 538-2321
jennifer.sperling@calbar.ca.gov

Attorneys for Defendants,
KRISTIN CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL V. SINGER, in individual,<br><br>Plaintiff,<br><br>vs.<br><br>CRAIG C.O. WATERS ESQ, in his official capacity; STATE BAR OF CALIFORNIA, OFFICE OF CHIEF TRIAL; KRISTIN CHARLES, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; LOUISA AYRAPETYAN, in her official capacity; STATE BAR OF CALIFORNIA, OFFICE OF GENERAL COUNSEL; BRANDON N. STALLINGS, in his official capacity; and DOES 1-40<br><br>Defendants. | Case No.: 1:25-cv-00532-KES-SAB<br><br>**NOTICE OF WITHDRAWAL OF DEFENDANTS KRISTIN CHARLES, LOUISA AYRAPETYAN, AND BRANDON N. STALLINGS' MOTION TO DISMISS COMPLAINT**<br><br>JUDGE: Hon. Kirk E. Sherriff<br>COURTROOM: 6, 7th Floor |



EXC-29

To the Court and all Parties, PLEASE TAKE NOTICE that Defendants Kristin Charles, Louisa Ayrapetyan, And Brandon N. Stallings (together, the "State Bar Defendants") hereby withdraw their motion to dismiss Plaintiff's complaint (Dkt. 10), filed June 9, 2025, as it has been mooted by Plaintiff's First Amended Complaint, lodged June 23, 2025 (Dkt. 21). The State Bar Defendants reserve their right to file a responsive pleading to the First Amended Complaint. Accordingly, and concurrently with this withdrawal, Defendants are filing an application under Local Rule 144(c) for Extension of Time of File a Responsive Pleading.

Dated: June 26, 2025

STATE BAR OF CALIFORNIA
OFFICE OF THE GENERAL COUNSEL

By: *JENNIFER SPERLING*
JENNIFER SPERLING
Assistant General Counsel
Attorneys for Defendants,
KRISTIN CHARLES, LOUISA AYRAPETYAN,
BRANDON N. STALLINGS



EX C-30

## DECLARATION OF SERVICE

I, Ryan Sullivan, hereby declare: that I am over the age of eighteen years and am not a party to the within above-entitled action, that I am employed in the City and County of San Francisco, that my business address is The State Bar of California, 180 Howard Street, San Francisco, CA 94105.

On June 26, 2025, following ordinary business practice, I filed via the United States District Court, Eastern District of California electronic case filing system, the following:

**NOTICE OF WITHDRAWAL OF DEFENDANTS KRISTIN CHARLES, LOUISA AYRAPETYAN, AND BRANDON N. STALLINGS' MOTION TO DISMISS COMPLAINT**

Participants in the case who are registered CM/ECF users will be served.

*See the CM/ECF service list.*

I also served a copy on the following parties:

Paul V. Singer
4928 E. Washington Avenue
Fresno, California 93727

By the following means:

☒ (***By U.S. Mail***) By enclosing the foregoing documents in a sealed envelope or package addressed to the persons at the addresses above and either:

☐ depositing the sealed envelope with the United States Postal Service, with the postage fully prepaid; or

☒ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the State Bar's business practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury that the foregoing is true and correct.
Executed at San Francisco, California, on June 26, 2025.

Ryan Sullivan

Ryan Sullivan



EX C-31

# EXHIBIT D

Description: Copies of Defendant; Craig C.O. Waters Esq., original answer and the later MC-050 substitution filing.

EX D-1

CRAIG C.O. WATERS, ESQ., SBN: 311109
**LAW OFFICE OF ROBERT C. ABRAMS**
5412 N. Palm Avenue, Suite 101
Fresno, California 93704
Telephone: (559) 431-9710
Facsimile: (559) 431-4108

Attorneys for Defendant,
BRIAN WELDON

E-FILED
7/3/2019 1:02 PM
Superior Court of California
County of Fresno
By: C. York, Deputy

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**IN THE SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF FRESNO**

*****

| | |
|---|---|
| PAUL SINGER, an individual, and BENCHMARK LOGIC REAL ESTATE INVESTING AND COSULTING, LLC, a California Limited Liability Company,<br><br>Plaintiffs,<br><br>vs.<br><br>BRIAN WELDON, an individual; FREEDOM INVESTMENTS, LLC, a California Limited Liability Company; and DOES 1 through 50, inclusive<br><br>Defendants. | Case No. 18CECG03151<br><br>**ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR:**<br>**1) BREACH OF CONTRACT**<br>**2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>**3) COMMON COUNTS;**<br>**4) CONVERSION;**<br>**5) INTENTIONAL MISREPRESENTATION**<br>**6) NEGLIGENT MISREPRESENTATION**<br>**7) UNJUST ENRICHMENT**<br>**8) ALTER EGO LIABILITY AND DAMAGES** |

Defendant BRIAN WELDON (hereinafter "Defendant"), in answer to Complainants' unverified Complaint (the "Complaint"), hereby admits, denies, and alleges as follows:

**GENERAL DENIAL**

This answering Defendant in answer to the unverified Complaint, and pursuant to the provisions of California Code of Civil Procedure section 431.30(d), denies, generally, each and every allegation contained therein and the whole thereof, including each and every purported cause of action contained in said Complaint, and denies, further, that Complainants have sustained or will sustain damages in the sum or sums alleged, or any other sums, or at all. Defendant further denies that Complainants have sustained any injury, damage or loss by



EX D-2

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

reason of any act, omission or omission to act on the part of this answering Defendant or its agents, employees or predecessors-in-interest.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

1. As a first and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees, and representatives were negligent in and about the matters alleged in the Complaint, and their negligence was the legal cause of Complainants' injuries and damages, if any.

### Second Affirmative Defense

2. As a second and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' damages, if any, were caused by the negligence and wrongful conduct of Complainants and their agents, employees, and representatives and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of Complainants and/or Complainants' agents, employees and representatives contributed to Complainants' damages if any.

### Third Affirmative Defense

3. As a third and separate affirmative defense, this answering Defendant alleges that Complainants and Complainants' agents, employees and representatives failed to mitigate, minimize or avoid the damages alleged, and Defendant is therefore entitled to have any sum which Complainants may be awarded reduced by such sums as could have been mitigated, minimized or avoided.

### Fourth Affirmative Defense

4. As a fourth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are unenforceable in that Complainants have voluntarily and knowingly waived each and all of Complainants' alleged rights and causes of action against this Defendant.

////

////



EX D-3

**Fifth Affirmative Defense**

5. As a fifth and separate affirmative defense, this answering Defendant alleges that, in and about the matters alleged in the Complaint and in Complainants' dealings with Defendant, Complainants were guilty of tortious conduct, and are guilty of unclean hands in their conduct, acts and omissions to act, relating to the matters alleged in the Complaint.

**Sixth Affirmative Defense**

6. As a sixth and separate affirmative defense, this answering Defendant alleges that Complainants, by their conduct, acts and omissions to act, and their agents' conduct, acts and omissions to act, are estopped from asserting the claims alleged in the Complaint.

**Seventh Affirmative Defense**

7. As a seventh and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every purported cause of action alleged fail to state facts sufficient to constitute a cause of action against this Defendant, or at all.

**Eighth Affirmative Defense**

8. As an eighth and separate affirmative defense, this answering Defendant alleges that Complainants knew, or should have known, of the purported facts supporting each alleged cause of action for an unreasonably long period of time prior to the commencement of this action, and did not give notice thereof to this Defendant, all to the prejudice of this Defendant, and as a result this action is barred by laches and other similar provisions of statutory and common law.

**Ninth Affirmative Defense**

9. As a ninth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Civil Code section 1623.

**Tenth Affirmative Defense**

10. As a tenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred, in whole or in part, by California Code of Civil Procedure section 1856.

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704



EX D-4

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Eleventh Affirmative Defense**

11. As an eleventh and separate affirmative defense, this answering Defendant alleges that Complainants, by their affirmative conduct and omissions to act, have released any claim against this Defendant.

**Twelfth Affirmative Defense**

12. As a twelfth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the applicable principles of acceptance and ratification.

**Thirteenth Affirmative Defense**

13. As a thirteenth and separate affirmative defense, this answering Defendant alleges that Complainants' injuries and damages, if any, were caused by the negligence and wrongful conduct of third parties not associated with or under the control of this Defendant, and Complainants' recovery, if any, should be reduced by an amount proportionate to the amount by which the negligence and wrongful conduct of such third parties contributed to the alleged damages.

**Fourteenth Affirmative Defense**

14. As a fourteenth and separate affirmative defense, this answering Defendant alleges that Complainants do not have standing to assert the claims alleged in the Complaint.

**Fifteenth Affirmative Defense**

15. As a fifteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by California Civil Code section 1624(a).

**Sixteenth Affirmative Defense**

16. As a sixteenth and separate affirmative defense, this answering Defendant alleges that the material breach of contract by Complainants discharged Defendant from any obligation to Complainants.

////

////



EX D-5

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704

**Seventeenth Affirmative Defense**

17. As a seventeenth and separate affirmative defense, this answering Defendant alleges that Complainants' damages, if any, are set off or extinguished under the equitable doctrine of setoff and Code of Civil Procedure section 431.70.

**Eighteenth Affirmative Defense**

18. As an eighteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants consented to whatever actions, if any, were taken by Defendant as alleged in the Complaint.

**Nineteenth Affirmative Defense**

19. As a nineteenth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred because Complainants ratified whatever actions Complainants claims that Defendant took or failed to take.

**Twentieth Affirmative Defense**

20. As a twentieth and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 337.

**Twenty-first Affirmative Defense**

21. As a twenty-first and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Code of Civil Procedure section 338.

**Twenty-Second Affirmative Defense**

22. As a twenty-second and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of California Business and Professions Code Section 7031.

////

////

////



EX D-6

**Twenty-Third Affirmative Defense**

23. As a twenty-third and separate affirmative defense, this answering Defendant alleges that the Complaint and each and every cause of action alleged in it are barred by the provisions of Contractors' State License Law.

DATED: July 2, 2019.

LAW OFFICE OF ROBERT C. ABRAMS

CRAIG C.O. WATERS
Attorneys for Defendant BRIAN WELDON

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704



EX D-7

PROOF OF SERVICE

STATE OF CALIFORNIA )
)
COUNTY OF FRESNO )

I am employed in the County of Fresno, State of California. I am over the age of 18 and not a party to the within action; my business address is 5412 N. Palm Avenue, Suite 101, Fresno, California 93704.

On July 3, 2019, I served the foregoing document described as **ANSWER OF BRIAN WELDON TO UNVERIFIED COMPLAINT FOR: 1) BREACH OF CONTRACT; 2) BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING; 3) COMMON COUNTS; 4) CONVERSION; 5) INTENTIONAL MISREPRESENTATION; 6) NEGLIGENT MISREPRESENTATION; 7) UNJUST ENRICHMENT; 8) ALTER EGO LIABILITY AND DAMAGES** on the parties in this action as follows:

☐ **BY OVERNIGHT DELIVERY:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I caused such envelope(s) with overnight delivery fees paid to be picked up by an overnight delivery carrier at Fresno, California.

☒ **BY MAIL:** By placing true copies thereof enclosed in sealed envelopes addressed as set forth below. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Fresno, California, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐ **BY PERSONAL SERVICE:** By placing true copies thereof enclosed in sealed envelope(s) addressed as set forth below. I caused such envelope(s) to be delivered by hand to the offices of the addressee(s).

☐ **BY FAX:** I caused such document to be sent via facsimile transmission to the offices of the addressee(s) as set forth below:

**Attorneys for Paul Singer**
Jim A. Trevino
Law Office of Jim A. Trevino
700 E. Shaw Avenue, Suite 202
Fresno, California 93710

Executed on July 3, 2019, at Fresno, California. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Kayla L. Waters

Kayla L. Waters

LAW OFFICE OF ROBERT C. ABRAMS
5412 N. Palm Avenue, Suite 101
Fresno, California 93704



EX D-8

MC-050

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Craig C.O. Waters, SBN: 311109<br>Modern Legal PC<br>5412 N. Palm Avenue, Suite 105<br>Fresno, CA 93704<br>TELEPHONE NO.: 559-603-8522 FAX NO. (Optional): 559-777-6604<br>E-MAIL ADDRESS (Optional): cwaters@modernlegalpc.com<br>ATTORNEY FOR (Name): Weldon, Brian | E-FILED<br>1/12/2022 1:40 PM<br>Superior Court of California<br>County of Fresno<br>By: Estela Alvarado, Deputy |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Fresno<br>STREET ADDRESS: 1130 O Street<br>MAILING ADDRESS: 1130 O Street<br>CITY AND ZIP CODE: Fresno, 93721<br>BRANCH NAME: B.F. Sisk Courthouse | |
| CASE NAME:<br>Singer v Weldon | |
| **SUBSTITUTION OF ATTORNEY—CIVIL**<br>**(Without Court Order)** | CASE NUMBER:<br>18CECG03151 |

THE COURT AND ALL PARTIES ARE NOTIFIED THAT (name): Brian Weldon makes the following substitution:

1. **Former legal representative** ☐ Party represented self ☑ Attorney (name): Robert C. Abrams, Esq.
2. **New legal representative** ☐ Party is representing self* ☑ Attorney
   a. Name: Craig Waters b. State Bar No. (if applicable): 311109
   c. Address (number, street, city, ZIP, and law firm name, if applicable):
   5412 N. Palm Avenue, Suite 105 in Fresno, CA 93704
   Modern Legal PC
   d. Telephone No. (include area code): 559-603-8522
3. The party making this substitution is a ☐ plaintiff ☑ defendant ☐ petitioner ☐ respondent ☒ other (specify): Cross-Complainant

***NOTICE TO PARTIES APPLYING TO REPRESENT THEMSELVES**

- **Guardian**
- **Conservator**
- **Trustee**
- **Personal Representative**
- **Probate fiduciary**
- **Corporation**
- **Guardian ad litem**
- **Unincorporated association**

**If you are applying as one of the parties on this list, you may NOT act as your own attorney in most cases. Use this form to substitute one attorney for another attorney. SEEK LEGAL ADVICE BEFORE APPLYING TO REPRESENT YOURSELF.**

**NOTICE TO PARTIES WITHOUT ATTORNEYS**
**A party representing himself or herself may wish to seek legal assistance. Failure to take timely and appropriate action in this case may result in serious legal consequences.**

4. I consent to this substitution.
   Date: Jan 12, 2022
   Brian Weldon ▶ Brian Weldon
   Brian Weldon (Jan 12, 2022 09:43 PST)
   (TYPE OR PRINT NAME) (SIGNATURE OF PARTY)

5. ☑ I consent to this substitution.
   Date: 1/12/2022
   Robert C. Abrams, Esq. ▶ [signature]
   (TYPE OR PRINT NAME) (SIGNATURE OF FORMER ATTORNEY)

6. ☒ I consent to this substitution.
   Date: 1/12/2022
   Craig C.O. Waters, Esq. ▶ [signature]
   (TYPE OR PRINT NAME) (SIGNATURE OF NEW ATTORNEY)

(See reverse for proof of service by mail)



Form Adopted For Mandatory Use
Judicial Council of California
MC-050 [Rev. January 1, 2009]

**SUBSTITUTION OF ATTORNEY—CIVIL**
**(Without Court Order)**

Code of Civil Procedure, §§ 284(1), 285;
Cal. Rules of Court, rule 3.1362
www.courtinfo.ca.gov

EX D-9

| CASE NAME: | CASE NUMBER: |
|---|---|
| — Singer v Weldon | 18CECG03151 |

**PROOF OF SERVICE BY MAIL**
**Substitution of Attorney—Civil**

**Instructions:** *After having all parties served by mail with the Substitution of Attorney—Civil, have the person who mailed the document complete this Proof of Service by Mail. An unsigned copy of the Proof of Service by Mail should be completed and served with the document. Give the Substitution of Attorney—Civil and the completed Proof of Service by Mail to the clerk for filing. If you are representing yourself, someone else must mail these papers and sign the Proof of Service by Mail.*

1. I am over the age of 18 and **not a party to this cause.** I am a resident of or employed in the county where the mailing occurred. My residence or business address is *(specify)*:

2. I served the Substitution of Attorney—Civil by enclosing a true copy in a sealed envelope addressed to each person whose name and address is shown below and depositing the envelope in the United States mail with the postage fully prepaid.

   (1) Date of mailing: January 12, 2022 (2) Place of mailing *(city and state)*: Fresno, CA

3. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 1-12-22

Crystal Cervantes
(TYPE OR PRINT NAME)

(SIGNATURE)

**NAME AND ADDRESS OF EACH PERSON TO WHOM NOTICE WAS MAILED**

4. a. Name of person served: Paul Singer
   b. Address *(number, street, city, and ZIP)*:
   4928 E. Washington Avenue
   Fresno, CA 93727
   c. Name of person served: Benchmark Logic Real Estate Investing and Consulting LLC
   d. Address *(number, street, city, and ZIP)*:
   4928 E. Washington Avenue
   Fresno, CA 93727
   e. Name of person served:
   f. Address *(number, street, city, and ZIP)*:
   g. Name of person served:
   h. Address *(number, street, city, and ZIP)*:
   i. Name of person served:
   j. Address *(number, street, city, and ZIP)*:

☐ List of names and addresses continued in attachment.



EX D-1C

## CERTIFICATE OF SERVICE

I am over the age of 18 years and not a party to this action. I am employed in Fresno County, California.

On 04/08, 2026, I served a true and correct copy of the foregoing integrated filing packet titled **"Plaintiff's Objections to and Motion for Clarification of the March 26, 2026 Findings and Recommendations, supported by Memorandum of Points and Authorities, Declaration, Request for Judicial Notice, and all incorporated exhibits"** on all counsel of record in this action by the following method:

**For Defendant: CRAIG C.O. WATERS, ESQ**
**ALEX A. GRAFT – ATTORNEY FOR DEFENDANT:**
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
45 Fremont Street, Suite 3000
San Franciso, California 94105

**For Defendants:**
**STATE BAR OF CALIFORNIA,**
**KRISTIN CHARLES,**
**LOUISA AYRAPETYAN,**
**BRANDON N. STALLINGS**
**STATE BAR OF CALIFORNIA OFFICE OF THE GENERAL COUNSEL**
**ELLIN DAVTYAN**, General Counsel
**KIRSTEN GALLER**, Deputy General Counsel
**JENNIFER SPERLING**, Assistant General Counsel
845 South Figueroa Street
Los Angeles, CA 90017
Email: jennifer.sperling@calbar.ca.gov

☐ **By CM/ECF filing:** by causing the integrated filing packet to be electronically filed with the United States District Court, Eastern District of California, which automatically serves all registered CM/ECF participants pursuant to Federal Rule of Civil Procedure 5(b)(2)(E);

☐ **By electronic mail:** by transmitting the same integrated filing packet to the electronic service addresses previously used and accepted in this action;

☒ **By United States Mail:** by placing a true copy of the same integrated filing packet in a sealed envelope, postage fully prepaid, addressed to the parties or counsel at their last known service addresses, and depositing the envelope for collection and mailing in the ordinary course of business.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Executed on 04/08, 2026, at Fresno, California.

Sandra E. Alvarez